## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| PIERRE BRAZEAU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, ERIC J. SCHOEN, JAMES W. KUPIEC, NADAV FRIEDMANN and MICHAEL MARSMAN,<br><br>Defendants. | **Civil Action No.:** 1:21-cv-00751-RP<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DR. JOHN BARSA FOR CONSOLIDATION OF PSLRA CASES, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |
| WANDA NEWELL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and ERIC J. SCHOEN,<br><br>Defendants. | **Civil Action No.:** 1:21-cv-00760-RP |
| KATLYN K. REIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, ERIC J. SCHOEN, JAMES W. KUPIEC, NADAV FRIEDMANN and MICHAEL MARSMAN,<br><br>Defendants. | **Civil Action No.:** 1:21-cv-00856-RP |

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

FACTUAL BACKGROUND .......................................................................................................2

ARGUMENT ...............................................................................................................................4

   I.     THE PSLRA CASES SHOULD BE CONSOLIDATED ...................................................4

   II.    DR. BARSA SHOULD BE APPOINTED LEAD PLAINTIFF .........................................5

      A.   The Procedure Required by the PSLRA ...........................................................................5

      B.    Dr. Barsa Has Timely Moved for Lead Plaintiff Appointment...................................6

      C.    Dr. Barsa Has the Largest Financial Interest in the Action .......................................6

      D.    Dr. Barsa Otherwise Satisfies Rule 23 .......................................................................7

   III.     DR. BARSA'S SELECTION OF COUNSEL SHOULD BE APPROVED ..................8

CONCLUSION ............................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Giovagnoli v. GlobalSCAPE, Inc.*,
No. 5:17-cv-00753-XR, 2017 WL 11220692 (W.D. Tex. Nov. 6, 2017) .......................................7

*In re BP, PLC Sec. Litig.*,
758 F. Supp. 2d 428 (S.D. Tex. 2010)...........................................................................................4

*In re Enron Corp. Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002) ...................................................................................................4

*Thieffry v. Synchronoss Tech., Inc.*
No. 3:17-cv-07173-FLW-LHG (D.N.J.) ........................................................................................9

*Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*,
No. 3:15-cv-3415-D, 2016 WL 1625774 (N.D. Tex. Apr. 25, 2016) .............................................4

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(ii)................................................................................................passim

15 U.S.C. §§ 78(j)(b) .......................................................................................................................1

**Rules**

17 C.F.R. § 240.10b-5 ......................................................................................................................1

Fed. R. Civ. P. 23(a)(3) ...................................................................................................................7

Fed. R. Civ. P. 42(a) ........................................................................................................................4

## INTRODUCTION

Before this Court are three related securities class actions brought on behalf of purchasers of Cassava Sciences, Inc. ("Casava" or the "Company") securities between September 14, 2020 and August 27, 2021 inclusive (the "Class Period"), which allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Dr. John Barsa respectfully submits this memorandum of law in support of his motion for an Order: (1) consolidating the three above-captioned securities fraud class actions against Cassava filed in this district under the lowest numbered *Brazeau* docket; (2) appointing Dr. Barsa as Lead Plaintiff; and (3) approving his selection of Block & Leviton LLP as Lead Counsel for the Class and Federman & Sherwood as Liaison Counsel for the Class.

This motion is made on the grounds that Dr. Barsa is the most adequate plaintiff as defined by the PSLRA because he believes he possesses the largest financial interest in the relief sought by the Class, having lost approximately $524,391.26 on his purchases of Cassava securities. Dr. Barsa's claims are also typical of the claims of the putative Class, and he will fairly and adequately represent the interests of the Class. Dr. Barsa is, therefore, the presumptive Lead Plaintiff.

Accordingly, the Court should consolidate the three related lawsuits, appoint Dr. Barsa as Lead Plaintiff, and approve his selection of Block & Leviton as Lead Counsel and Federman & Sherwood as Liaison Counsel.

## FACTUAL BACKGROUND[1]

Cassava is an Austin-based clinical stage biotechnology company that engages in the development of drugs for neurodegenerative diseases. Cassava trades on the NASDAQ under the symbol "SAVA". ¶¶ 2, 20.

On September 14, 2020, the start of the Class Period, Cassava issued a press release announcing the final results from its Phase 2b clinical study of simufilam, its lead drug candidate for the treatment of Alzheimer's disease, stating in relevant part, "simufilam significantly improved an entire panel of validated biomarkers of disease in patients with Alzheimer's disease." ¶ 30.

On February 2, 2021, before the market opened, the Company announced results of an interim analysis from an open-label study of simufilam, in which patients' cognition and behavior scores both improved following six months of simufilam treatment, with no safety issues. ¶ 3. On this news, the market price of Cassava common stock spiked, nearly quadrupling from its prior close of $22.99 per share on February 1, 2021 and trading as high as $90 per share in intraday trading by February 3, 2021 on unusually heavy volume. ¶ 4.

Cassava capitalized on the recent price appreciation and on February 12, 2021, after the market closed, the Company announced the closing of a direct common share stock offering, issuing and selling more than four million shares of common stock at $49 per share, with gross proceeds of over $200 million. ¶ 4.

On July 29, 2021, Cassava presented preliminary results from its Phase 2b clinical trial of simufilam at the Alzheimer's Association International Conference, maintaining that the drug led

---

[1] The facts are taken from the Complaint for Violations of the Federal Securities Laws that was filed in the *Rein* action, No. 1:21-cv-00856-RP (ECF No. 1). References to "¶_" refer to paragraphs of that Complaint.

to cognition improvement for Alzheimer's patients with no adverse side effects. ¶ 6. Although the press release touted supposedly positive cognition data, analysts and industry observers noted that the data had not demonstrated the simufilam was more effective at improving cognition than Biogen Inc.'s ("Biogen") drug Aduhelm. *Id*. On this news, Cassava's share price fell approximately 48%, over two trading days, to close at $69.53 per share on July 30, 2021. ¶ 7.

After the market closed on August 24, 2021, a Citizen Petition received by the U.S. Food and Drug Administration ("FDA") became publicly known in which the petitioner requested for an administrative action to "halt two ongoing trials of the drug Simufilam…pending a thorough audit by the FDA." ¶ 8. The Citizen Petition cited concerns pertaining to the quality and integrity of the laboratory-based studies of simufilam and related efficacy claims. *Id*. On August 25, 2021, before the market opened, Cassava issued a response to the petition, claiming that the allegations regarding scientific integrity were false and misleading. ¶ 9. Among other things, the Company claimed that the clinical data, which the citizen petition stated had been reanalyzed to show simufilam was effective, had been generated by Quanterix, an independent company, suggesting that the reanalysis was valid. *Id*. Following this news, the market price of Cassava common stock shares plunged approximately 32%. ¶ 10.

On August 27, 2021, before the market opened, Quanterix issued a statement denying the Company's claims, stating that it "did not interpret the test results or prepare the data" touted by Cassava." ¶ 11. On this news, the Company's share price plummeted an additional 17% to close at $58.34 per share on August 27, 2021. ¶ 12.

These lawsuits allege that Defendants' statements concerning simufilam were materially misleading and/or lacked a reasonable basis.

## ARGUMENT

## I.     THE PSLRA CASES SHOULD BE CONSOLIDATED

The three related securities class actions pending before this Court are *Brazeau v. Cassava Sciences, Inc.,* No. 1:21-cv-00751-RP (W.D. Tex. filed Aug. 27, 2021) ("*Brazeau*"); *Newell v. Cassava Sciences, Inc.,* No. 1:21-cv-00760-RP (W.D. Tex. filed August 30, 2021) ("*Newell*"); and *Rain v. Cassava Sciences, Inc.,* No. 1:21-cv-00856 (W.D. Tex. filed September 24, 2021) ("*Rain*").

Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [regarding the appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Here, the PSLRA Cases have nearly identical defendants, allege the same legal claims arising under the same set of facts, and allege substantially similar class periods. The *Brazeau* and *Rain* actions name the same defendants, while the *Newell* action names a subset of those defendants. Additionally, the *Rain* and *Newell* actions allege an identical class period of September 14, 2020 through August 27, 2021, while the *Brazeau* action alleges a class period of February 2, 2021 through August 24, 2021.[2] These minor differences do not render consolidation inappropriate, however, because "there are also substantial commonalities, and [the Actions] involve 'overlapping [d]efendants and a common core of facts and legal issues.'" *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 432-33 (S.D. Tex. 2010) (quoting *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002)). As such, the PSLRA Cases qualify for consolidation under Fed. R. Civ. P. 42(a). *Id.* Accordingly, the PSLRA Cases should be consolidated into the first-filed *Brazeau* action, 1:21-cv-00751-RP. Upon selection as lead plaintiff, Dr. Barsa proposes to file a

---

[2] For purposes of determining which movant has the largest financial interest at the lead plaintiff selection stage, courts generally use the longest class period on file. *See, e.g.*, *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.,* No. 3:15-cv-3415-D, 2016 WL 1625774, at *2 (N.D. Tex. Apr. 25, 2016) (noting that the general practice in conducting lead plaintiff motion practice is to use the "longest, most inclusive" class period available on the theory that it "encompasses more potential class members and damages.").

single consolidated class action complaint under the caption *In re Cassava Sciences, Inc., Securities Litigation*.

## II.     DR. BARSA SHOULD BE APPOINTED LEAD PLAINTIFF

### A.     The Procedure Required by the PSLRA

The PSLRA sets forth procedures for the selection of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15. U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, October 26, 2021), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Dr. Barsa satisfies all of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

### B.    Dr. Barsa Has Timely Moved for Lead Plaintiff Appointment

On August 27, 2021, the first of the PSLRA cases was filed. *See Brazeau*, ECF No. 1. On August 28, 2021, the law firm of Robbins Geller Rudman & Dowd LLP published a notice, Brazeau's counsel published a notice alerting investors to the pendency of the action, which triggered the October 26, 2021 deadline to seek Lead Plaintiff appointment. *See* Declaration of Jeffrey C. Block ("Block Decl."), Ex. A. On August 30, 2021, the *Newell* action was filed – extending the Class Period to September 20, 2020 through August 27, 2021. *See Newell*, ECF No. 1. That same day, the law firm of Glancy Prongay & Murray LLP published a notice alerting investors of the extended Class Period. *See* Block Decl., Ex. B. Pursuant to the provisions of the PSLRA and within the required time frame after publication, Dr. Barsa timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the Class. Dr. Barsa has signed a certification pursuant to the PSLRA attesting to his willingness to serve as representative of the class and to provide testimony at deposition and trial, if necessary. See Block Decl., Ex. C. He has selected and retained qualified counsel to represent him and the proposed class. *See* Block Decl., Exs. F, G.

### C.    Dr. Barsa Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts in this District have held that the approximate loss suffered is the most important factor in determining which plaintiff has the

largest financial interest. *See, e.g., Giovagnoli v. GlobalSCAPE, Inc.*, No. 5:17-cv-00753-XR, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017). During the Class Period, as evidenced by, among other things, Dr. Barsa's accompanying signed certification and loss chart, Dr. Barsa incurred a substantial loss of approximately $524,391.26 on his Class Period transactions in Cassava securities. *See* Block Decl., Exs. C, D. At the time of this filing. Dr. Barsa believes that he possesses the largest financial interest of any movant seeking lead plaintiff status.

### D.       Dr. Barsa Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At the lead plaintiff stage, a movant need only make "a preliminary showing" that he or she satisfies the adequacy and typicality requirements of Rule 23. *See GlobalSCAPE*, 2017 WL 11220692, at *3. Typicality exists where there are "no differences among the class members that would substantially alter the proof required for one member's claims versus another's." *Id*.; *see also* Fed. R. Civ. P. 23(a)(3). The adequacy inquiry examines the "zeal and competence of the representative's counsel, and [the] willingness and ability of the representative to take an active role in and control the litigation to protect the interests of absentees." *GlobalSCAPE,* 2017 WL 11220692, at 4; *see also* Fed. R. Civ. P. 23(a)(4).

Here, Dr. Barsa's claims are typical because, like all members of the Class, he purchased or otherwise acquired Cassava securities during the Class Period at prices artificially inflated by Defendants' wrongful conduct and suffered damages as a result thereof. Dr. Barsa's claims therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments to prove Defendants' liability.

Dr. Barsa is also an adequate representative for the proposed Class. His substantial financial interest in the outcome of the action demonstrates that his interests are aligned with those of the Class. Dr. Barsa has submitted a sworn declaration detailing his education, employment, and investment experience, and attesting to his understanding and willingness to fulfill the obligations of a lead plaintiff. *See* Block Decl., Ex. E. Furthermore, Dr. Barsa has selected highly experienced counsel committed to zealously and efficiently prosecuting these actions to a successful conclusion. *See* Block Decl., Exs. F, G. Thus, Dr. Barsa satisfies the adequacy requirements of Rule 23(a)(4).

Because Dr. Barsa is the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, the Court should appoint him Lead Plaintiff.

## III.    DR. BARSA'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Dr. Barsa has selected Block & Leviton LLP as Lead Counsel, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. *See* Block Decl., Ex. F. As recently noted by on district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation,* (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.*, (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.* No. 3:17-cv-07173-FLW-LHG (D.N.J.) (ECF No. 21). Likewise, Dr. Barsa has selected highly experienced liaison counsel in Federman & Sherwood *See* Block Decl., Ex. G.

Accordingly, the Court should approve Dr. Barsa's selection of Block & Leviton as Lead Counsel and Federman & Sherwood as Liaison Counsel.

## CONCLUSION

For the foregoing reasons, Dr. Barsa respectfully requests that the Court issue an Order (1) consolidating the related PSLRA Cases; (2) appointing Dr. Barsa as Lead Plaintiff; (3) approving Dr. Barsa's selection of Block & Leviton LLP as Lead Counsel and Federman & Sherwood as Liaison Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: October 26, 2021

**FEDERMAN & SHERWOOD**
William B. Federman

Texas Bar No. 00794935
212 W. Spring Valley Road
Richardson, Texas 75081
Telephone: (405) 235-1560
Fax: (405) 239-2112
Email: wbf@federmanlaw.com

*Liaison Counsel for Movant Dr. John Barsa*

AND

**BLOCK & LEVITON LLP**
Jeffrey C. Block, Esq. (*pro hac vice to be filed*)
Jacob Walker, Esq. (*pro hac vice to be filed*)
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600
Fax: (617) 507-6020
Email: jeff@blockleviton.com
Email: jake@blockleviton.com

*Counsel for Movant Dr. John Barsa and*
*Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on this on the 26th day of October, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *William B. Federman*
William B. Federman