## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| PIERRE BRAZEAU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., et al.<br><br>Defendants. | Civil Action No. 1:21-cv-00751-RP<br><br>**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MANOHAR K. RAO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL** |
| WANDA NEWELL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., et al.,<br><br>Defendants. | Civil Action No. 1:21-cv-00760-RP |
| KATLYN K. REIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., et al.<br><br>Defendants. | Civil Action No. 1:21-cv-00856-RP |
| MANOHAR K. RAO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., et al.<br><br>Defendants. | Civil Action No. 1:21-cv-00971 |

## MOTION

**TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Manohar K. Rao ("Rao") respectfully moves this Court for an order: (1) consolidating the above-captioned related actions; (2) appointing Rao as Lead Plaintiff pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) approving Rao's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C. ("AZA Law") as Liaison Counsel for the class; and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

This Motion is supported by the following Memorandum of Law, the Declaration of Sammy Ford IV and the exhibits attached thereto, a Proposed Order, and all of the prior pleadings and proceedings in this matter, and such other written and/or oral argument as may be permitted by the Court.

Rule CV-7(G) requires a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, counsel for Rao will not know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Rao respectfully requests that the conferral requirement of Rule CV-7(G) be waived.

## MEMORANDUM OF LAW

### I.   PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that purchased or otherwise acquired Cassava Sciences, Inc. ("Cassava" or the "Company") securities, and/or sold (wrote) Cassava put options, between September 14, 2020, and August 27, 2021, inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Rao is the "most adequate plaintiff" as defined by the PSLRA.

Rao believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Rao satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Rao respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Rao's selection of GPM as lead counsel and AZA Law as liaison counsel for the class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    STATEMENT OF FACTS

Cassava is a clinical stage biotechnology company. Its lead therapeutic product candidate is called simufilam (formerly PTI-125) developed as a treatment for Alzheimer's disease ("AD"). Simufilam purportedly targets an altered form of a protein called filamin A ("FLNA") in the Alzheimer's brain and reverts it to its native, healthy conformation, thereby countering the downstream toxic effects of altered FLNA.

On August 24, 2021, after the market closed, reports emerged about a citizen petition submitted to the U.S. Food and Drug Administration ("FDA") concerning the accuracy and integrity of clinical data for simufilam, and alleging the existence of data manipulation.

On August 25, 2021, before the market opened, Cassava issued a response to the petition, claiming that the allegations regarding scientific integrity are false and misleading. Among other things, the Company claimed that the clinical data, which the citizen petition stated had been reanalyzed to show simufilam was effective, had been generated by Quanterix Corp. ("Quanterix"), an independent company, suggesting that the reanalysis was valid.

On this news, the Company's share price fell $36.97, or 32%, to close at $80.86 per share on August 25, 2021, on unusually heavy trading volume.

Then, on August 27, 2021, before the market opened, Quanterix issued a statement denying the Company's claims, stating that it "did not interpret the test results or prepare the data" touted by Cassava. The same day, Cassava responded to Quanterix's statement, stating that "Quanterix'[s] sole responsibility with regard to this clinical study was to perform sample testing, specifically, to measure levels of p-tau in plasma samples collected from study subjects." On this news, the Company's share price fell $12.51, or 17.6%, to close at $58.34 per share on August 27, 2021, on unusually heavy trading volume.

The complaint filed in this action alleges that the defendants made materially false and/or misleading statements throughout the Class Period, and failed to disclose material adverse facts about the Company's business, operations, and prospects, including: (1) that data underlying the foundational research for Cassava's product candidates had been manipulated; (2) that experiments using post-mortem human brain tissue frozen for nearly 10 years was contrary to a basic understanding of neurobiology; (3) that biomarker analysis for patients treated with simufilam had been manipulated to conclude that simufilam was effective; (4) that Quanterix, an independent company, had not interpreted the test results or prepared the data charts for the biomarker analysis for patients treated with simufilam; (5) that, as a result of the foregoing, there was a reasonable likelihood that Cassava would face regulatory scrutiny in connection with the development of simufilam; and (6) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of the defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs and members of the class have suffered significant losses and damages.

## III. PROCEDURAL BACKGROUND

On August 27, 2021, Plaintiff Pierre Brazeau commenced the first securities fraud class action against Cassava and certain of its officers in this District, captioned *Brazeau v. Cassava Sciences, Inc., et al.*, Case No. 1:21-cv-00751-RP (the "*Brazeau* Action"). It is brought on behalf of persons that purchased Cassava common stock between February 2, 2021 and August 24, 2021.

On August 30, 2021, Plaintiff Wanda Newell commenced a substantially similar class action in this District, captioned *Newell v. Cassava Sciences, Inc., et al.*, Case No. 1:21-cv-00760-RP (the "*Newell* Action"). The *Newell* Action expanded the class period to begin on September

14, 2020, and end on August 27, 2021. It is brought on behalf of persons and entities that purchased or otherwise acquired Cassava securities during the Class Period.

On September 24, 2021, Plaintiff Katlyn K. Rein commenced a substantially similar class action in this District, captioned *Rein v. Cassava Sciences, Inc., et al.*, Case No. 1:21-cv-00856-RP (the "*Rein* Action"). It is also brought on behalf of persons and entities that purchased or otherwise acquired Cassava securities during the Class Period.

On October 26, 2021 Rao filed a substantially similar action, captioned *Rao v. Cassava Sciences, Inc., et al.*, Case No. 1:21-cv-00971 (the "*Rao* Action," and together with the *Brazeau* Action, the *Newell* Action, and the *Rein* Action the "Related Actions"). The *Rao* Action is brought on behalf of persons and entities that purchased or otherwise acquired Cassava securities during the Class Period, and explicitly includes persons that sold Cassava put options during the Class Period.

## IV.   ARGUMENT

### A.   The Related Actions Should be Consolidated for All Purposes

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact.

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Securities Exchange Act of 1934, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 432-33 (S.D. Tex. 2010) (consolidating actions when there were "substantial commonalities," "overlapping [d]efendants," and "a common core of facts and legal issues").

**B.      Rao Should Be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Rao satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Rao has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Rao is not aware of any unique defenses the defendants could

raise against him that would render him inadequate to represent the class. Accordingly, Rao respectfully submits that he should be appointed lead plaintiff.

### 1.    Rao Filed a Complaint and a Timely Motion

Rao filed the *Rao* Action and has made a timely motion in response to a PSLRA early notice. On August 27, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Sammy Ford IV ("Ford Decl.") Ex. A. Therefore, Rao had sixty days (*i.e.*, until October 26, 2021) to file a complaint or motion to be appointed as lead plaintiff. As a purchaser of Cassava securities during the Class Period, and a seller of Cassava put options, Rao is a member of the proposed class and has timely filed a complaint motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Rao attests that he has reviewed the complaint, and is willing to serve as a representative of the class. *See* Ford Decl., Ex. B. Accordingly, Rao satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Rao Has the "Largest Financial Interest"

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Rao believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Rao purchased Cassava securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Ford Decl., Ex. C. To the best of his knowledge, Rao is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such,

Rao believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Rao Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). At this stage of the proceedings, Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *see also Hohenstein v. Behringer Harvard REIT I, Inc.*, 2012 WL 6625382, at *4 (N.D. Tex. 2012). Moreover, at the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997). As detailed below, Rao satisfies the typicality and adequacy requirements.

### a) Rao's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same events or course of conduct that give rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Waste Mgmt. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

Rao's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Rao alleges that the defendants' material misstatements and omissions concerning Cassava's business, operations, and financial prospects violated the federal securities laws. Rao, like all members of the class, purchased Cassava securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Rao's interests and claims are "typical" of the interests and claims of the class.

### b) Rao Is an Adequate Representative

The adequacy requirement of Rule 23(a)(4) entails considerations of whether a proposed representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy requirement mandates an inquiry into (1) the zeal and competence of the representatives' counsel and (2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Strong v. AthroCare Corp.*, 2008 WL 11334942, at *8 (W.D. Tex. Dec. 10, 2008) (citing *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479 (5th Cir. 2001)).

Here, Rao easily satisfies the adequacy requirements. Rao's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and Rao is not aware of any conflict between his claims and those asserted on behalf of the class. Rao has also submitted a declaration herewith, attesting to his adequacy to represent the class. *See* Ford Decl., Ex. D. Moreover, Rao has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Ford Decl., Exs. E and F. Consequently, Rao has demonstrated that he meets all the PSLRA's requirements for a lead plaintiff, and his request for appointment as lead plaintiff should therefore be granted.

### C.      Lead Plaintiff's Selection of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Rao has selected GPM as lead counsel for the class and AZA Law as liaison counsel. The firms have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Ford Decl., Exs. E and F, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Rao's selection of counsel.

## V.      CONCLUSION

For the foregoing reasons, Manohar K. Rao respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Rao as Lead Plaintiff for the class; (3) approving GPM as Lead Counsel and AZA Law as Liaison Counsel for the class; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: October 26, 2021                      Respectfully submitted,

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI
& MENSING P.C.**

*/s/* Sammy Ford IV
Sammy Ford IV
State Bar No. 24061331
Jordan Warshauer
State Bar No. 24086613
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062
Email: sford@azalaw.com
              jwarshauer@azalaw.com

*Liaison Counsel for Lead Plaintiff Movant Manohar
K. Rao and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Manohar K. Rao
and Proposed Lead Counsel for the Class*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, October 26, 2021, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Sammy Ford IV
Sammy Ford IV