# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| PIERRE BRAZEAU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, ERIC J. SCHOEN, JAMES W. KUPIEC, NADAV FRIEDMANN, and MICHAEL MARSMAN,<br><br>Defendants. | Civil Action No. 1:21-cv-00751-RP<br><br><br>CLASS ACTION |
| WANDA NEWELL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and ERIC J. SCHOEN,<br><br>Defendants. | Civil Action No. 1:21-cv-000760-RP<br><br><br>CLASS ACTION |

*(caption continues on following page)*

## MOTION OF REZA BLOURCHIAN FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF HIS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS

KATLYN K. REIN, Individually and on Behalf of All Others Similarly Situated,

          Plaintiff,

   v.

CASSAVA SCIENCES, INC., REMI BARBIER, ERIC J. SCHOEN, JAMES W. KUPIEC, NADAV FRIEDMANN, and MICHAEL MARSMAN,

          Defendants.

Civil Action No. 1:21-cv-000856-RP

CLASS ACTION

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ........................................................................1

FACTUAL BACKGROUND.............................................................................3

ARGUMENT ......................................................................................................5

    A.  Blourchian Is the Most Adequate Plaintiff .......................................6

      1.      Blourchian Believes He Has the Largest Financial Interest in the Relief Sought By the Class ......................................................6

      2.      Blourchian Otherwise Satisfies The Requirements of Rule 23 ...............8

    B.  Blourchian Selected Well-Qualified Counsel To Represent The Class..........9

    C.  Consolidation Of All Related Actions Is Warranted ....................................11

CONCLUSION ..................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bremer v. Solarwinds Corp.*,
  1:21-cv-2-RP, 2021 WL 2668827 (W.D. Tex. Mar. 11, 2021) ............................................... 11

*City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*,
  20-cv-9132 (AJN), 2021 WL 396343 (S.D.N.Y. Feb. 4, 2021) ........................................... 6, 7

*Dura Pharmaceuticals, Inc. v. Broudo*,
  544 U.S. 336 (2005) ........................................................................................................... 6

*Giovagnoli v. Globalscape, Inc.*,
  No. SA-17-CV-753-XR, 2017 WL 11220692 (W.D. Tex. Nov. 6, 2017) ...................... 8, 9, 10

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) .............................................................................................. 10

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ......................................................................................... 11

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................................................. 7

*Plymouth County Ret. Sys. v. Apache Corp.*,
  NO. 4:21-cv-00575, 2021 WL 4726510 (S.D. Tex. Oct. 6, 2021) ...................................... 7, 8

*Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*,
  No. 3:15-CV-3415-D, 2016 WL 1625774, at *2 (N.D. Tex. Apr. 25, 2016) .......................... 2

**Statutes**

15 U.S.C. § 78 ......................................................................................................... passim

17 C.F.R. § 240.10b-5 .................................................................................................... 2

**Rules**

Civil Local Rule CV-7.G ................................................................................................ 1

Fed. R. Civ. P. 23 .................................................................................................... 1, 2, 8

Fed. R. Civ. P. 42 ........................................................................................................ 11

Reza Blourchian ("Blourchian") by and through his undersigned counsel, respectfully moves this Court for an entry of an order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) appointing Blourchian as Lead Plaintiff in the above-captioned securities class actions; (2) approving his selection of Bleichmar Fonti & Auld LLP ("BFA") as Lead Counsel for the Class; (3) consolidating all related securities class actions; and (4) for any such further relief as the Court may deem just and proper.[1]

This Motion is made on the grounds that Blourchian believes that he is the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff. Specifically, Blourchian believes that he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because his claims are typical of other Class members' claims and because he will fairly and adequately represent the interests of the Class.

This Motion is further based upon the accompanying Declaration of John A. Yanchunis filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

## PRELIMINARY STATEMENT

There are at least three related securities class actions pending against Cassava and certain of its senior officers and directors (collectively, "Defendants"). The actions allege that Defendants defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§

---

[1] Blourchian respectfully requests relief from the requirement under Civil Local Rule CV-7.G. that the parties confer in a good-faith attempt to resolve the matter before filing this motion. Due to the statutory nature of the PSLRA's Lead Plaintiff application process and deadline, it was not possible for counsel for Blourchian to confer with counsel for opposing movants prior to filing the instant motion because the identity of any such parties was not known prior to the time of filing.

78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Specifically, the actions allege that from September 14, 2020 to August 27, 2021 (the "Class Period"), Defendants misrepresented the clinical results for Cassava's key Alzheimer's disease treatment and the likelihood that the FDA would approve the drug, concealing the manipulation of the data underlying Cassava's foundational research and the data purporting to show the drug's efficacy.[2]

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Blourchian is the "most adequate plaintiff" by virtue of, among other things, the $345,208.33 in losses he incurred on his investments in Cassava securities during the Class Period. Blourchian also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure because his claims are typical of all members of the Class and he will fairly and adequately represent the Class. Indeed, Blourchian fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to oversee the vigorous and efficient prosecution of this action. *See* Declaration of John A. Yanchunis ("Yanchunis Decl."), Ex. A, ¶7.

---

[2] While the actions assert different class periods, courts "favor[] using the longest-noticed class period for purposes of selecting a lead plaintiff." *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, No. 3:15-CV-3415-D, 2016 WL 1625774, at *2 (N.D. Tex. Apr. 25, 2016) (collecting cases).

Further, Blourchian has selected BFA, a law firm with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel for the Class. Accordingly, Blourchian respectfully requests that the Court appoint him Lead Plaintiff and otherwise grant his motion.

## FACTUAL BACKGROUND

Cassava is a clinical stage biotechnology company focused on the development of treatments for neurodegenerative diseases. ¶20.[3] The Company's lead product candidate is simufilam, a treatment for Alzheimer's disease. *Id.*

Throughout the Class Period, Defendants made numerous materially false and misleading statements about the efficacy of simufilam and the underlying scientific data purportedly supporting its efficacy, as well as the prospects that the FDA would approve simufilam. For instance, on September 14, 2020, Cassava announced the final results from its Phase 2b clinical study of simufilam in a press release, stating, "simufilam significantly improved an entire panel of validated biomarkers of disease in patients with Alzheimer's disease." ¶21. Defendants further represented that "Alzheimer's patients treated with simufilam showed directional improvements in validated tests of episodic memory and spatial working memory, versus patients on placebo" (*id*), "[a]n improvement in cognition and behavior tells us this drug candidate has potential to provide lasting treatment effects for people living with Alzheimer's disease" (¶22), and the "FDA has agreed that the completed Phase 2 program, together with an upcoming and well-defined Phase 3 clinical program, are sufficient to show evidence of clinical efficacy for simufilam in Alzheimer's disease." ¶23.

---

[3] All citations to ¶__ refer to the *Newell* Complaint (ECF No. 1) unless otherwise noted.

These statements were materially false and misleading.  In truth, Defendants knew that: (1) data underlying Cassava's foundational research purportedly demonstrating the efficacy of simufilam as an Alzheimer's disease treatment had been manipulated; (2) experiments using human brain tissue were not scientifically sound and the results were manipulated; and (3) recent biomarker analysis for patients treated with simufilam had been manipulated to conclude that simufilam was effective.  ¶¶31-32.

On July 29, 2021, Cassava issued a press release titled "Cassava Sciences Announces Positive Cognition Data With Simufilam in Alzheimer's Disease."  *Reid*, ECF No. 1, ¶45. Although the press release touted positive results, some analysts and industry observers noted that the data did not demonstrate the simufilam was more effective than a competitor's Alzheimer treatment.  *Id*.  This news caused the price of Cassava stock to decline $65.77 per share, or nearly 49%, over two trading days, from $135.30 per share on July 28, 2021 to $69.53 per share on July 30, 2021.  *Id*. at ¶46.

On August 24, 2021, after markets closed, reports emerged regarding a citizen petition received by the FDA concerning the accuracy and integrity of simufilam clinical data.  ¶32.  The petition stated, among other things, that the foundational data Cassava relied on to support the connection between simufilam and Alzheimer's disease "shows a series of anomalies that are suggestive of systematic data manipulation and misrepresentation."  *Id.*  The citizen petition also stated that the methodology for studies "about Simufilam's effects in experiments conducted on postmortem brain tissue … defies logic, and the data presented again have hallmarks of manipulation."  *Id*.  Further, the citizen petition stated that "clinical biomarker data from the Phase 2b trials raises questions about the validity of the data" and "a presentation poster that [Cassava] published on July 26, 2021, … shows signs of data anomalies or manipulation."  *Id*.  Before

markets opened on August 25, 2021, Cassava issued a response to the citizen petition, claiming that its allegations were false and misleading, and specifically stating that data from Alzheimer's patients published on July 26, 2021, "was generated by Quanterix Corp., an independent company." ¶¶4, 34. This news caused the price of Cassava stock to decline $36.97 per share, or 32%, from $117.83 per share on August 24, 2021 to $80.86 per share on August 25, 2021. ¶35.

Then, on August 27, 2021, before markets opened, Quanterix issued a statement denying Cassava's claim that Quanterix had interpreted the clinical data for simufilam. ¶37. Specifically, Quanterix stated, "Quanterix or its employees did not interpret the test results or prepare the data charts presented by Cassava … in July 2021 or otherwise." ¶¶5, 37. On this news, Cassava's stock price declined by $12.51 per share, or 17.6%, from $70.85 per share on August 26, 2021 to $58.34 per share on August 27, 2021. ¶39.

## ARGUMENT

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On August 27, 2021, Plaintiff Pierre Brazeau ("Brazeau") filed the first of the related actions alleging that Defendants defrauded investors during the period of February 2, 2021 to August 24, 2021. *Brazeau*, ECF No. 1 at ¶1. On August 28, 2021, counsel for Brazeau published a notice on *Business Wire*, which alerted investors to the pendency of the action and set the deadline to seek Lead Plaintiff status by October 26, 2021. *See* Yanchunis Decl. Ex. B.

On August 30, 2021, Plaintiff Wanda Newell ("Newell") filed a substantially similar action against Cassava in this District which expanded the beginning of the Class Period from February 2, 2021 to September 14, 2020. *Newell v. Cassava Sciences, Inc.*, No. 21-cv-00760 (W.D. Tex.)

("*Newell*"), ECF No. 1 at ¶1.  Also on August 30, 2021, counsel for Newell published a notice on *Business Wire* alerting investors to the expanded Class Period, and reminding them of the deadline on October 26, 2021 to seek to serve as Lead Plaintiff.  *See* Yanchunis Decl. Ex. C.[4]  Accordingly, Blourchian satisfies the PSLRA 60-day requirement through the filing of this motion.

## A.     Blourchian Is the Most Adequate Plaintiff

Blourchian respectfully submits that he is entitled to be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 1.     Blourchian Believes He Has the Largest Financial Interest in the Relief Sought By the Class

Blourchian should be appointed Lead Plaintiff because he believes that he has the largest financial interest in the relief sought by the Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Blourchian incurred a recoverable loss of $345,208.33 from his investments in Cassava securities during the Class Period as assessed under the Supreme Court's ruling in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) ("*Dura* loss").  "Though *Dura* concerned a motion to dismiss a securities class action, courts nonetheless apply *Dura* when considering the financial interest for the purposes of appointing a lead plaintiff."  *City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, 20-cv-9132 (AJN), 2021 WL 396343, at *3 (S.D.N.Y. Feb. 4, 2021) (collecting

[4] Additionally, on September 24, 2021, Plaintiff Katlyn K. Rein ("Rein") filed a substantially similar action against Cassava in this District with the same Class Period asserted in *Newell*.  *Rein v. Cassava Sciences, Inc.*, No. 21-cv-00856 (W.D. Tex.) ("*Rein*"), ECF No. 1 at ¶1.

cases).  This is because "courts should consider only those losses that will actually be recoverable in the class action . . . and make determinations of largest financial interest only based on the facts alleged in the complaint."  *Id.* (quotations omitted).

Courts also often rely on the "last in, first out" or "LIFO" method to determine the movant with the largest financial interest, while a minority consider the "first in, first out" or "FIFO" method.  *See Plymouth County Ret. Sys. v. Apache Corp.*, NO. 4:21-cv-00575, 2021 WL 4726510, at *3 (S.D. Tex. Oct. 6, 2021).  Under both the LIFO and FIFO methodologies Blourchian also incurred a $345,208.33 loss on his investments in Cassava securities.

In addition to losses, courts often consider various other metrics, typically referred to as "*Lax* factors," to further analyze a movant's financial interest when warranted.  *See Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) (identifying (1) total number of shares purchased; (2) number of net shares purchased; (3) total net funds expended; and (4) approximate losses suffered, as four factors for courts to consider when determining the largest financial interest).  Blourchian's financial interest under the four *Lax* factors is indicated in the chart below.

| Shares Purchased | Net Shares Purchased | Net Funds Expended | Loss |
|---|---|---|---|
| 12,500 | 12,500 | 1,000,000.00 | $345,208.33 |

To the best of Blourchian's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation.[5]  Accordingly, Blourchian believes

---

[5] Blourchian's PSLRA-required Certification is attached as Exhibit D to the Yanchunis Decl. submitted herewith.  A chart setting forth calculations of Blourchian's financial interest is attached as Exhibit E to the Yanchunis Decl.  Blourchian's PSLRA certification and loss calculation provide all the trading information necessary to calculate his financial interest under all possible metrics and does not presuppose that there is only one valid methodology.

he has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 2.     Blourchian Otherwise Satisfies The Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Blourchian otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, the movant need only make a "preliminary showing that two of Rule 23's requirements—typicality and adequacy— are satisfied."  *Plymouth* County, 2021 WL 4726510, at *3.  Here, Blourchian clearly satisfies both requirements.

Blourchian's claims are typical of the claims of other purchasers of Cassava securities.  "A proposed lead plaintiff's claims are typical of the class if there are no differences among the class members that would substantially alter the proof required for one member's claims versus another's."  *Giovagnoli v. Globalscape, Inc.*, No. SA-17-CV-753-XR, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017).  Blourchian satisfies this requirement because, like all other Class members, he seeks recovery for losses incurred as a result of Defendants' misrepresentations and omissions that resulted in subsequent declines in the price of Cassava securities.  *See id*. at *3 (typicality met when movant "purchased shares during the Class Period at allegedly artificially inflated prices and was allegedly harmed when the share prices fell following Defendants' actions, as is allegedly true of all members of the putative class").  As such, Blourchian is a typical Class representative.

Blourchian likewise satisfies the adequacy requirement of Rule 23.  Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, a representative party must "fairly and adequately protect the interests of the Class."  Fed. R. Civ. P. 23(a)(4).  "A proposed lead plaintiff is an adequate

representative by showing zeal and competence of the representative's counsel, and a willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees." *Giovagnoli*, 2017 WL 11220692, at *4. Blourchian satisfies these elements because his substantial financial stake in the litigation provides the ability and incentive to vigorously represent the Class' claims. Blourchian's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Blourchian and other Class members.

Indeed, Blourchian is well-aware of the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel and submitted a sworn declaration as to his willingness and ability to fulfill those duties. *See* Yanchunis Decl., Ex. A. What's more, Blourchian's declaration provides the Court with additional information supporting his bona fides, including explaining who he is, and given his substantial financial interest in the litigation, that he intends to continue to actively oversee counsel, confer with counsel regarding strategy, attend important court proceedings, hearings and depositions, and review and authorize the filing of important litigation documents. *See Id.* ¶¶2-4, 6-8, 10.

Further, Blourchian has demonstrated his adequacy through his selection of BFA as Lead Counsel to represent the Class in this action. As discussed more fully below, BFA is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

**B.    Blourchian Selected Well-Qualified Counsel To Represent The Class**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v);

*Giovagnoli*, 2017 WL 11220692, at *4 ("The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval."). "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's [counsel] choices." *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001).

BFA is among the foremost securities class action law firms in the country. BFA's partners have served as Lead and Co-Lead Counsel on behalf of dozens of institutional investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades. *See* Yanchunis Decl. Ex. F, (BFA Firm Resume). BFA achieved a $234 million resolution for the benefit of the class in *In re MF Global Holdings Sec. Litig.*, 11-cv-07866 (S.D.N.Y. July 15, 2016), a $120 million recovery in *Freedman v. Weatherford Int'l, Ltd.*, 12-cv-02121 (S.D.N.Y. Nov. 4, 2015), and secured a $219 million resolution in *In re Genworth Fin. Inc. Sec. Litig.*, 14-cv-00682 (E.D. Va. Sept. 26, 2016), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia. Most recently, BFA achieved a $129 million resolution on behalf of investors in the securities class action concerning Granite Construction Inc., and final approval of that settlement is pending. *See The Police Retirement System of St. Louis v. Granite Construction Inc.*, 3:19-cv-04744-WHA (N.D. Cal.).

Currently, BFA is serving as Lead Counsel in the securities class action concerning Teva Pharmaceutical Industries Ltd., which the court sustained over defendants' motions to dismiss and recently certified as a class action. *See Ontario Teachers' Pension Plan Board v. Teva Pharms. Indus. Ltd.*, 3:17-cv-00558-SRU (D. Conn.). Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

**C.      Consolidation Of All Related Actions Is Warranted**

There are three related actions pending in this District against Defendants:

| Case | Civil No. | Date Filed |
|------|-----------|------------|
| *Brazeau v. Cassava Sciences, Inc.* | 1:21-cv-00751 | August 27, 2021 |
| *Newell v. Cassava Sciences, Inc.* | 1:21-cv-00760 | August 30, 2021 |
| *Rein v. Cassava Sciences, Inc.* | 1:21-cv-00856 | September 24, 2021 |

These actions present substantially similar factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act, against similar defendants, relating to substantially similar periods of time, and are premised on similar types of misstatements regarding the clinical trial results for simufilam.  Rule 42(a) permits a district court to consolidate actions before the court involve[ing] a common question of law or fact" and district courts "have broad discretion in determining whether to consolidate cases." *Bremer v. Solarwinds Corp.*, 1:21-cv-2-RP, 2021 WL 2668827, at \*1 (W.D. Tex. Mar. 11, 2021).  "Consolidation is proper when it will avoid unnecessary costs or delay without prejudicing the rights of the parties." *Id.*  While *Brazeau* starts the class period on a different day than *Newell* and *Rein,* and *Brazeau* and *Rein* name more defendants than *Newell*, these differences do not render consolidation inappropriate because such "differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

**CONCLUSION**

For the foregoing reasons, Blourchian respectfully requests that the Court: (1) appoint him to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B); (2) approve his selection of BFA as Lead Counsel for the Class; (3) consolidate all related actions pursuant to Rule 42(a); and (4) grant such other relief as the Court may deem just and proper.

DATED: October 26, 2021                    Respectfully Submitted,

                                           MORGAN & MORGAN
                                           COMPLEX LITIGATION GROUP


                                           */s/ John A. Yanchunis*
                                           John A. Yanchunis (Texas Bar No. 22121300)
                                           201 N. Franklin St., 7th Floor
                                           Tampa, FL 33602
                                           Telephone: (813) 223-5505
                                           Facsimile: (813) 222-4702
                                           jyanchunis@forthepeople.com

                                           *Local Counsel for Proposed Lead Plaintiff Reza*
                                           *Blourchian*

                                           **BLEICHMAR FONTI & AULD LLP**
                                           Javier Bleichmar (*pro hac vice* forthcoming)
                                           7 Times Square, 27th Floor
                                           New York, New York 10036
                                           Telephone: (212) 789-1340
                                           Facsimile:  (212) 205-3960
                                           jbleichmar@bfalaw.com

                                           *Counsel for Proposed Lead Plaintiff Reza*
                                           *Blourchian and Proposed Lead Counsel for the*
                                           *Class*

                                           **THE SCHALL LAW FIRM**
                                           Brian Schall (*pro hac vice* forthcoming)
                                           2049 Century Park East, Suite 2460
                                           Los Angeles, California 90067
                                           Telephone: (424) 303-1964
                                           Facsimile: (877) 590-0482
                                           brian@schallfirm.com

                                           *Additional Counsel for Reza Blourchian*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 26, 2021, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ John A. Yanchunis*
John A. Yanchunis
