# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| PIERRE BRAZEAU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, ERIC J. SCHOEN, JAMES W. KUPIEC, NADAV FRIEDMANN and MICHAEL MARSMAN,<br><br>Defendants. | Case No. 1:21-cv-00751-RP |
| WANDA NEWELL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and ERIC J. SCHOEN,<br><br>Defendants. | Case No. 1:21-cv-00760-RP |
| KATLYN K. REIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, ERIC J. SCHOEN, JAMES W. KUPIEC, NADAV FRIEDMANN and MICHAEL MARSMAN,<br><br>Defendants. | Case No. 1:21-cv-00856-RP |

**THI HUYEN VU, QING YANG, RONALD L. SELMAN, AND VINOD K. THUKRAL'S MOTION AND MEMORANDUM OF LAW FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFFS, AND <u>APPROVAL OF COUNSEL</u>**

Thi Huyen Vu, Qing Yang, Ronald L. Selman, and Vinod K. Thukral ("Movants") will and hereby do move this Court for entry of an order: (1) consolidating the above-captioned actions (the "Actions"); (2) appointing Movants as lead plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4; (3) approving Movants' selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as lead counsel for the Class and Steckler Wayne Cochran Cherry PLLC ("Steckler Law") as liaison counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Movants make the following arguments in the below Memorandum of Law,[1] and submit the Declaration of Stuart L. Cochran in support thereof, and a Proposed Order Appointing Movants as Lead Plaintiffs.[2]

---

[1] Pursuant to the Court's Procedures and Practices, Movants have not filed a separate memorandum of law and instead include their argument *infra*.

[2] Local Rule 7(i) requires a conference of counsel prior to filing motions. Pursuant to the PSLRA, however, any class member, regardless of whether that class member filed a complaint, may file a motion for appointment as lead plaintiff. Thus, there is no way for Movants to know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movants respectfully request that the conferral requirement of LR7(i) be waived.

# **TABLE OF CONTENTS**

SUMMARY ............................................................................................................................. 1

PROCEDURAL BACKGROUND ........................................................................................ 2

FACTUAL BACKGROUND ................................................................................................. 2

ARGUMENT .......................................................................................................................... 5

    I.    Consolidation of the Actions is Appropriate ............................................... 5

    II.    Movants Should Be Appointed Lead Plaintiffs .......................................... 6

        A.    Movants Filed a Timely Motion in Response to a PSLRA Notice ......................... 7

        B.    Movants Have the Largest Financial Interest ........................................................ 7

        C.    Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure ................................................................................................................. 8

            1.    Movants' Claims Are Typical With the Claims of the Class ........................... 9

            2.    Movants Are Adequate Representatives ............................................................ 9

    III.    The Court Should Approve Movants' Choice of Counsel ....................... 11

CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Abouzied v. Applied Optoelectronics, Inc.*,
 2018 U.S. Dist. LEXIS 16801 (S.D. Tex. Jan. 22, 2018) ...................................................... 2

*Ferrari v. Impath, Inc.*,
 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ........................................................ 5

*Gluck v. CellStar Corp.*,
 976 F. Supp. 542 (N.D. Tex. 1997) ........................................................................................ 9

*Hohenstein v. Behringer Harvard REIT I, Inc.*,
 No. 12-cv-3772, 2012 WL 6625382 (N.D. Tex. Dec. 20, 2012) .......................................... 11

*Johnson v. Celotex Corp.*,
 899 F.2d 1281 (2d Cir. 1990) ............................................................................................. 5, 6

*Makhlouf v. Tailored Brands, Inc.*,
 2017 U.S. Dist. LEXIS 41872 (S.D. Tex. Mar. 23, 2017) ..................................................... 7

*Martingano v. Am. Int'l Grp., Inc.*,
 Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006) ............ 5

*Parker v. Hyperdynamics Corp.*,
 No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767 (S.D. Tex. Feb. 19, 2013) ...................... 10

*In re Plains All Am. Pipeline, L.P. Sec. Litig.*,
 2015 U.S. Dist. LEXIS 163811 (S.D. Tex. Dec. 7, 2015) ..................................................... 8

*Stirman v. Exxon Corp.*,
 280 F.3d 554 (5th Cir. 2002) ................................................................................................. 9

*In re Waste Mgmt. Sec. Litig.*,
 128 F. Supp. 2d 401 (S.D. Tex. 2000) ................................................................................... 9

*Weltz v. Lee*,
 199 F.R.D. 129 (S.D.N.Y. 2001) ........................................................................................... 5

**Statutes**

15 U.S.C. § 77z-1(3)(B)(iii)(I) ................................................................................................... 11

15 U.S.C. § 77z-1(a)(3)(A) .......................................................................................................... 7

15 U.S.C. § 77z-1(a)(3)(B) .......................................................................................................... 6

15 U.S.C. § 77z-1(a)(3)(B)(iii) .................................................................................................... 8

15 U.S.C. § 77z-1(a)(3)(b)(iii)(II) ................................................................................................ 7

15 U.S.C. § 77z-1(a)(3)(B)(v) .................................................................................................. 10, 11

15 U.S.C. § 78u-4(3)(B)(iii)(I) ....................................................................................................... 11

15 U.S.C. § 78u-4(a)(3)(A) .............................................................................................................. 7

15 U.S.C. § 78u-4(a)(3)(B) .............................................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................................. 6, 10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ........................................................................................... 10

15 U.S.C. § 78u-4(a)(3)(B)(v) .................................................................................................. 10, 11

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................. *passim*

Fed. R. Civ. P. 42(a) .................................................................................................................. 5, 6

## SUMMARY

Movants respectfully submit the following argument in support of their Motion, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, for: (1) consolidation of the Actions; (2) appointment as Lead Plaintiffs; and (3) approval of their selection of counsel on behalf of a putative Class of shareholders who acquired Cassava Sciences, Inc. ("Cassava" or the "Company") securities between September 14, 2020 and August 27, 2021, inclusive (the "Class Period")[3] and were damaged thereby. Movants seek to recover damages under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), promulgated thereunder by the SEC against Defendants.

Pursuant to the PSLRA, the class member who possesses the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members. The most adequate plaintiff shall be appointed as lead plaintiff to lead the litigation. Movants believe that they are the "most adequate plaintiffs" as defined by the PSLRA and should be appointed Lead Plaintiffs based on the financial losses suffered as a result of Defendants' wrongful conduct. Moreover, Movants satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), as their claims are typical

---

[3] The action entitled *Brazeau v. Cassava Sciences, Inc., et al.*, No. 1:21-cv-00751-RP (W.D. Tex.) (the "*Brazeau* Action") defines the Class Period as February 2, 2021 through August 24, 2021, inclusive. The actions entitled *Newell v. Cassava Sciences, Inc., et al.*, No. 1:21-cv-00760-RP (W.D. Tex.) (the "*Newell* Action") and *Rein v. Cassava Sciences, Inc., et al.*, No. 1:21-cv-00856-RP (W.D. Tex.) (the "*Rein* Action") define the Class Period as September 14, 2020 through August 27, 2021, inclusive. Movants adopt the most-inclusive Class Period defined in the *Newell* and *Rein* Actions, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

of other Class members' claims, and they will fairly and adequately represent the interests of the Class. *See generally Abouzied v. Applied Optoelectronics, Inc.*, 2018 U.S. Dist. LEXIS 16801, at *5-7 (S.D. Tex. Jan. 22, 2018). In addition, Movants' selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as lead counsel and Steckler Wayne Cochran Cherry PLLC ("Steckler Law") as liaison counsel and should be approved, as these firms have substantial expertise and experience in securities and class action litigation.

## PROCEDURAL BACKGROUND

Plaintiff Pierre Brazeau ("Brazeau") commenced the first above-captioned action against Cassava in this Court on August 27, 2021 (the "*Brazeau* Action"). On the same day, counsel for Brazeau published a notice on *PRNewswire* (the "Notice"), announcing that a securities class action had been initiated against Defendants, herein, and advising investors in Cassava that they had 60 days to seek appointment as lead plaintiff. *See* Declaration of Stuart L. Cochran in Support of Movants' Motion for Consolidation of the Actions, Appointment as Lead Plaintiffs, and Approval of Counsel (the "Cochran Decl.") at Exhibit ("Ex.") C.

On August 30, 2021, a substantially similar action was filed against Cassava in this district, the *Newell* Action, expanding the Class Period to include all shareholders who purchased Cassava securities between September 14, 2020 and August 27, 2021, inclusive. Lastly, a third action was filed against Cassava on September 24, 2021 in this district, the *Rein* Action. Movants have requested consolidation of the *Brazeau, Newell,* and *Rein* Actions.

## FACTUAL BACKGROUND[4]

Cassava is a clinical stage biotechnology company based in Austin engaged in the development of drugs for neurodegenerative diseases. ¶ 2. During the Class Period, its lead

---

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Brazeau* Complaint")

therapeutic product candidate was simufilam, a small molecule drug designed to treat Alzheimer's disease, and its lead investigational diagnostic product candidate was SavaDx, a blood-based biomarker/diagnostic to detect Alzheimer's disease. *Id*. The Company's financial viability is largely dependent upon the clinical success of simufilam as Cassava currently has no sources of revenues. *Id*.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. *Newell* ¶ 2. Specifically, Defendants failed to disclose to investors: (1) that data underlying the foundational research for Cassava's product candidates had been manipulated; (2) that experiments using post-mortem human brain tissue frozen for nearly 10 years was contrary to a basic understanding of neurobiology; (3) that biomarker analysis for patients treated with simufilam had been manipulated to conclude that simufilam was effective; (4) that Quanterix, an independent company, had not interpreted the test results or prepared the data charts for the biomarker analysis for patients treated with simufilam; (5) that, as a result of the foregoing, there was a reasonable likelihood that Cassava would face regulatory scrutiny in connection with the development of simufilam; and (6) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id*.

On August 24, 2021 after the close of trading, it was disclosed that the U.S. Food and Drug Administration ("FDA") had received a so-called Citizen Petition commencing an administrative

---

filed in the *Brazeau* Action. Citations to "*Newell* ¶ __" are to paragraphs of the Class Action Complaint (the "*Newell* Complaint") filed in the *Newell* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Brazeau* and *Newell* Complaints. The facts set forth in the *Brazeau* and *Newell* Complaints are incorporated herein by reference.

action to "halt two ongoing trials of the drug Simufilam . . . pending a thorough audit by the FDA." ¶ 7. As detailed in the Citizen Petition, "[i]nformation available to the petitioner . . . raises grave concerns about the quality and integrity of the laboratory-based studies surrounding this drug candidate and supporting the claims for its efficacy." *Id*. After summarizing its findings, the Citizen Petition went on to conclude that "the extensive evidence set forth in the enclosed report, which presents grave concerns about the quality and integrity of the scientific data supporting Cassava's claims for Simufilam's efficacy, provides compelling grounds for pausing the ongoing clinical trials until the FDA can conduct and complete a rigorous audit of Cassava's research." *Id*.

On August 25, 2021, before the market opened, Cassava issued a response to the petition, claiming that the allegations regarding scientific integrity are false and misleading. *Newell* ¶ 4. The Company, among other things, claimed that the clinical data, which the Citizen Petition stated had been reanalyzed to show simufilam was effective, had been generated by Quanterix Corp. ("Quanterix"), an independent company, suggesting that the reanalysis was valid. *Id*.

The Cassava common stock market price declined on this news, dropping approximately 32%, or $37 per share, on unusually high trading volume of approximately 29 million shares trading, or more than 7x the average daily trading over the preceding ten trading days. ¶ 8.

Before the market opened on August 27, 2021, Quanterix issued a statement denying the Company's claims, stating that it "did not interpret the test results or prepare the data" touted by Cassava. *Newell* ¶ 6. Cassava responded the same day to Quanterix's statement, stating that "Quanterix'[s] sole responsibility with regard to this clinical study was to perform sample testing, specifically, to measure levels of p-tau in plasma samples collected from study subjects." *Newell* ¶ 7.

In response to this news, the Company's share price plummeted 17.6%, or $12.51, to close on August 27, 2021 at $58.34 per share, on unusually heavy trading volume. *Newell* ¶ 8.

## ARGUMENT

### I. Consolidation of the Actions is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject

5

matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

## II. Movants Should Be Appointed Lead Plaintiffs

The PSLRA provides the procedure for appointing a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action (i) by not later than 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—i.e., the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

    (aa) has either filed the complaint or made a motion in response to a notice . . .;

    (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof by a "purported member of the plaintiff class" that the presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interests of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately

6

representing the class.15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Movants satisfy all of the foregoing criteria. Movants have filed a Motion to be appointed as Lead Plaintiffs and have, to the best of their knowledge, the largest financial interest sought by any class member in this litigation. In addition, Movants meet the relevant requirements of Federal Rule of Civil Procedure 23(a) and are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed lead plaintiffs. *See Makhlouf v. Tailored Brands, Inc.,* 2017 U.S. Dist. LEXIS 41872, at *29 (S.D. Tex. Mar. 23, 2017).

### A. Movants Filed a Timely Motion in Response to a PSLRA Notice

On August 27, 2021, pursuant to 15 U.S.C. § 78u-4(a)(3)(A), the Notice of the pendency of the *Brazeau* Action was published on *PRNewswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against Defendants, herein, and advising purchasers of Cassava securities that they had until October 26, 2021 to file a motion to be appointed as lead plaintiff.

Movants file this motion pursuant to the Notice and within the 60-day period following publication. Movants have also submitted sworn certifications attesting to their purchases of Cassava securities and stating that they are willing to serve as Class representatives and to provide testimony at deposition and trial, if necessary. *See* Cochran Decl., Ex. A. By making a timely motion in response to a published PSLRA notice, Movants satisfy the first PSLRA requirement to be lead plaintiff.

### B. Movants Have the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate

plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Movants believe they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiffs."

During the Class Period, Movants collectively purchased a total of 89,015 shares, at a net cost of $1,712,029.36, and suffered approximately $1,017,230.79 using a last-in-first-out ("LIFO") analysis. *See* Cochran Decl., Ex. B. To the best of their knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23. Movants, thus, satisfy the second PSLRA requirement—the largest financial interest in the relief sought by the Class.

    **C.    Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Plains All Am. Pipeline, L.P. Sec. Litig.*, 2015 U.S. Dist. LEXIS 163811, at *10-12 (S.D. Tex. Dec. 7, 2015). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

    (1) the class is so numerous that joinder of all members is impracticable,
    (2) there are questions of law or fact common to the class,
    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
    (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the

requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

### 1. Movants' Claims Are Typical With the Claims of the Class

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movants plainly meet the typicality requirement of Rule 23 because they suffered the same injuries as the absent Class members, they suffered as a result of the same course of conduct by Defendants, and their claims are based on the same legal issues. *See In re Waste Mgmt. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Importantly, the typicality requirement of Rule 23 does not require the lead plaintiff to be identically situated with all class members in order to satisfy typicality. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

Movants' claims are typical with the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants violated the federal securities laws by disseminating materially misleading statements concerning the operations and financial performance of Cassava. Movants, like all of the members of the Class, purchased Cassava shares at prices artificially inflated by Defendants' alleged misstatements and omissions and were damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the claims of the Class, satisfy the typicality requirement of Rule 23(a)(3).

### 2. Movants Are Adequate Representatives

Movants are adequate representatives for the Class. Under Rule 23(a)(4), the representative

party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movants are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants' interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movants' interests and those of the Class, but Movants have a significant and compelling interest in prosecuting the Actions based on the large financial losses they have suffered as a result of the wrongful conduct alleged. This motivation, combined with Movants' identical interest with the members of the Class, demonstrates that they will vigorously pursue the interests of the Class. *See Parker v. Hyperdynamics Corp.*, No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767, at *9 (S.D. Tex. Feb. 19, 2013) (losses suffered ensure lead plaintiff will adequately represent absentee class members). Finally, Movants retained counsel highly experienced in prosecuting securities class actions, and will submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). *See id.* (selection of "law firms that are competent at and experienced in prosecuting securities class actions" evidence of adequacy). Therefore, Movants will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movants have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movants have sustained the largest amount of losses from the Defendants' alleged wrongdoing, they are, therefore, the presumptive Lead Plaintiffs in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

Moreover, Movants have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as a lead plaintiff, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation. *See* Joint Declaration, Ex. D to Cochran Decl.

Accordingly, Movants meets the adequacy requirement of Rule 23.

### III. The Court Should Approve Movants' Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the court's approval. See 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should interfere with the lead plaintiff's selection "only when necessary 'to protect the interests of the class.'" *Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 12-cv-3772, 2012 WL 6625382, at *3 (N.D. Tex. Dec. 20, 2012). Movants have retained Levi & Korsinsky to serve as lead counsel and Steckler Law to serve as liaison counsel on behalf of the Class. As reflected in the accompanying firm résumés, Levi & Korsinsky and Steckler Law possesses extensive experience and expertise in securities litigation and have the necessary resources to efficiently and effectively prosecute this Action. *See* Cochran Decl., Ex. E. Furthermore, these firms have continually invested time and resources in carefully investigating and prosecuting this case. The Court may be assured that the proposed lead and liaison counsel will provide the highest caliber of legal representation.

### CONCLUSION

For the foregoing reasons, Movants respectfully requests that the Court grant their motion and enter an Order: (1) consolidating the Actions; (2) appointing Movants as Lead Plaintiffs; (3) approving Movants' selection of Levi & Korsinsky as lead counsel and Steckler Law as liaison counsel for the Class; and (4) granting such other and further relief as the Court may deem just

and proper.

Dated: October 26, 2021

Respectfully submitted,

**STECKLER WAYNE COCHRAN CHERRY PLLC**

 /s/ Stuart L. Cochran
Stuart L. Cochran
Texas Bar No.: 24027936
Braden M. Wayne
Texas Bar No.: 24075247
12720 Hillcrest Rd., Suite 1045
Dallas, Texas 75230
T: 972-387-4040
F: 972-387-4041
stuart@swclaw.com
braden@swclaw.com

*Liaison Counsel for Movant and Proposed Liaison Counsel the Class*

**LEVI & KORSINSKY, LLP**

Shannon L. Hopkins (*pro hac vice* forthcoming)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel.: (203) 992-4523
Fax: (212) 363-7171
shopkins@zlk.com

*Counsel for Movants and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, October 26, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

 /s/ Stuart L. Cochran
Stuart L. Cochran