BURNS CHAREST, LLP
Warren T. Burns
900 Jackson Street, Suite 500
Dallas, Texas 75202
Tel: (469) 904-4550
Email: wburns@burnscharest.com

BERGER MONTAGUE PC
Sherrie R. Savett
Michael Dell'Angelo
Barbara Podell
Andrew Abramowitz
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: ssavett@bm.net
       mdellangelo@bm.net
       bpodell@bm.net
       aabramowitz@bm.net

*Attorneys for Proposed Lead Plaintiff*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| PIERRE BRAZEAU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, ERIC J. SCHOEN, JAMES W. KUPIEC, NADAV FRIEDMANN and MICHAEL MARSMAN,<br><br>Defendants. | Case No. 1:21-cv-00751-RP |

| | |
|---|---|
| WANDA NEWELL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and ERIC J. SCHOEN,<br><br>Defendants. | Case No. 1:21-cv-00760-RP |
| KATLYN K. REIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, ERIC J. SCHOEN, JAMES W. KUPIEC, NADAV FRIEDMANN and MICHAEL MARSMAN,<br><br>Defendants. | Case No. 1:21-cv-00856 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOVANT THE CASSAVA SECURITIES GROUP'S
MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
<u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

ii

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ...................................................................................................... 2

ARGUMENT ................................................................................................................................ 5

I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....................................... 5

II. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF .......................................... 5

    A. The PSLRA Standard for Appointing Lead Plaintiff .............................................. 6

    B. Movant Is The "Most Adequate Plaintiff" .............................................................. 7

        1. Movant's Motion Is Timely ........................................................................ 7

        2. Movant Has A Substantial Financial Interest ............................................. 7

        3. Movant Satisfies Rule 23's Typicality and Adequacy Requirements ......... 8

            a. Movant's Claims Are Typical of Those of the Class ...................... 8

            b. Movant Satisfies the Adequacy Requirement of Rule 23 ............... 9

III. MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL ..................... 10

CONCLUSION ........................................................................................................................... 12

# **TABLE OF AUTHORITIES**

Case                                                                                                                                Page(s)

*Bremer v. Solarwinds Corp.*,
  No. 1:21-CV-138-RP, 2021 WL 2668827 (W.D. Tex. Mar. 11, 2021) ............................ passim

*Feder v. Elec. Data Sys. Corp.*,
  429 F.3d 125 (5th Cir. 2005) ..................................................................................................... 9

*Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*,
  No. 4:20-CV-0576, 2020 WL 2475656 (S.D. Tex. May 13, 2020) ........................................ 6, 9

*Giovagnoli v. GlobalSCAPE, Inc.*,
  2017 WL 11220692 (W.D. Tex. Nov. 6, 2017) ...................................................................... 7, 8

*Haghebaert v. Tandy Leather Factory, Inc.*,
  No. 4:19-CV-1000-A, 2020 WL 4680193 (N.D. Tex. Apr. 8, 2020) ......................................... 7

*In re BP, PLC Sec. Litig.*,
  758 F. Supp. 2d 428 (S.D. Tex. 2010) ....................................................................................... 5

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ..................................................................................................... 10

*In re Deepwater Horizon*,
  785 F.3d 1003 (5th Cir. 2015) .................................................................................................... 9

*Kux-Kardos v. VimpelCom, Ltd.*,
  151 F. Supp. 3d 471 (S.D.N.Y. 2016) ........................................................................................ 8

*Plymouth Cty. Ret. Sys. v. Apache Corp.*,
  No. 4:21-CV-00575, 2021 WL 4726510 (S.D. Tex. Oct. 6, 2021) ............................................ 8

*Schulze v. Hallmark Fin. Servs., Inc.*,
  No. 3:20-CV-01130-X, 2020 WL 4201640 (N.D. Tex. July 21, 2020) ............................. 7, 8, 9

Statutes

15 U.S.C. § 78u-4(a)(1) ..................................................................................................................... 6
15 U.S.C. § 78u-4(a)(3)(A)(i) ........................................................................................................ 6, 7
15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................................ 1, 6
15 U.S.C. § 78u-4(a)(3)(B)(i) ........................................................................................................ 1, 6
15 U.S.C. § 78u-4(a)(3)(B)(ii) ........................................................................................................... 5
15 U.S.C. § 78u-4(a)(3)(B)(iii) ...................................................................................................... 7, 8
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...................................................................................................... 6
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................................................... 6, 10
15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................................................... 2, 10

15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I) ................................................................................................. 2
15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v) ............................................................................... 10

Rules

Federal Rules of Civil Procedure
   Rule 42(a) ................................................................................................................................. 5

Other Authorities

H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 ........................... 11

Proposed Lead Plaintiff, Warren Choi, Kevin Otto, and Ken Van Ho, investors in Cassava securities including common stock and options, (collectively the "Cassava Securities Group" or "Movant") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of Movant's Motion for the entry of an Order of the following: (i) consolidating the above-captioned actions; (ii) appointing Movant as Lead Plaintiff on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired the securities of Cassava Sciences, Inc. ("Cassava" or the "Company") between September 14, 2020 and August 27, 2021, both dates inclusive (the "Class Period"); (iii) approving Movant's selection of Berger Montague PC as Lead Counsel and Burns Charest LLP as Local Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Movant respectfully submits that it should be appointed Lead Plaintiff on behalf of all investors who acquired Cassava securities during the Class Period (the "Class") and who were damaged as a result of Defendants' alleged fraud.[1] The above-captioned actions (the "Actions") allege violations of Sections 10(b) and 20(a) of the Exchange Act against Cassava, Remi Barbier, Eric J. Schoen, James W. Kupiec, Nadav Friedmann, and Michael Marsman (collectively, the "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class and whether such movant has

---

[1] A copy of Movant's Certifications pursuant to the PSLRA are attached as Exhibit A to the Declaration of Warren T. Burns ("Burns Decl."), submitted concurrently herewith.

1

made a *prima facie* showing that the movant is a typical and adequate Class representative under Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I).

For the reasons stated herein, Movant respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. On its Class Period transactions in Cassava securities, Movant incurred collective losses of $435,416 on both a first-in-first-out ("FIFO") and last-in-first-out ("LIFO") basis. Movant has the largest known loss of any other movant and a substantial financial interest in recovering losses attributable to Defendants' violations of federal securities laws.

Further, Movant satisfies the typicality and adequacy requirements of Rule 23 in that (i) Movant's claims arise from the same course of events as those of the other Class members, (ii) Movant relies on similar legal theories to prove Defendants' liability, and (iii) Movant has retained experienced counsel and is committed to vigorously prosecuting the claims.

Finally, pursuant to the PSLRA, Movant respectfully requests that the Court approve its selection of Berger Montague PC as Lead Counsel for the Class and Burns Charest LLP as Local Counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Berger Montague PC is a nationally recognized leader in the representation of investors in shareholder litigation and securities class actions for more than fifty years and has the expertise and resources necessary to prosecute this complex litigation.

Accordingly, Movant respectfully requests that the Court appoint it as Lead Plaintiff for the Class and approve its selection of Lead Counsel and Local Counsel.

## FACTUAL BACKGROUND

Cassava, based in Austin, Texas, is a clinical stage biotechnology company engaged in the

development of drugs for neurodegenerative diseases. Its lead therapeutic product candidate, called simufilam (formerly PTI-125), is being developed as a treatment for Alzheimer's disease ("AD"), The Company's financial viability is largely dependent upon the clinical success of simufilam, as the Company currently has no sources of revenues.

On February 2, 2021, Cassava announced results from its interim analysis of an open-label study of simufilam, which purportedly demonstrated that patients' cognition and behavior scores improved following six months of treatment with simufilam, with no safety issues. In response to this encouraging news, the price of Cassava common stock increased dramatically, nearly quadrupling from a close of $22.99 per share on February 1, 2021 to as high as $90 per share in intraday trading by February 3, 2021. Cassava immediately cashed in on the stock price inflation, issuing and selling more than four million shares of its common stock at $49 per share on February 12, 2021.

On August 24, 2021, reports emerged about a citizen petition submitted to the FDA concerning the accuracy and integrity of clinical data for simufilam. The petition requested that the FDA halt Cassava's clinical trials pending a thorough audit of the data relied upon by the Company. Among other things, the petition stated that the "[d]etailed analysis of the western blots [relied on by Cassava to support the connection between simufilam and Alzheimer's] shows a series of anomalies that are suggestive of systematic data manipulation and misrepresentation." It also stated that the methodology for studies "about Simufilam's effects in experiments conducted on postmortem human brain tissue . . . defies logic, and the data presented again have hallmarks of manipulation." The petition further stated that, after initial analyses of Phase 2b trials found that Simufilam was ineffective in improving the primary biomarkers endpoint, "Cassava had these samples analyzed again and this time reported that Simufilam rapidly and robustly improved a

wide array of biomarkers" and the reanalysis "shows signs of data anomalies or manipulation." On this news, shares fell from a closing price of $117.83 per share on August 24, 2021 to a close of $80.86 on August 25.

On August 25, 2021, Cassava issued a response to the petition, claiming that the allegations regarding scientific integrity are false and misleading. Among other things, the Company claimed that the clinical data – which the citizen petition stated had been reanalyzed to show simufilam was effective – had been generated by Quanterix Corp. ("Quanterix"), an independent company, thus suggesting that the reanalysis was valid. On this news, the Company's share price fell $36.97 – or 31.38% – to close at $80.86 per share on August 25, 2021.

On August 27, 2021, Quanterix issued a statement denying the Company's claims and stating that it "did not interpret the test results or prepare the data" touted by Cassava. The same day, Cassava responded to Quanterix's statement, stating that "Quanterix'[s] sole responsibility with regard to this clinical study was to perform sample testing, specifically, to measure levels of p-tau in plasma samples collected from study subjects." On this news, the Company's share price fell $12.51, or 17.66%, to close at $58.34 per share on August 27, 2021.

According to the Actions, throughout the Class Period, Defendants failed to disclose to investors that, among other things: (1) the quality and integrity of the scientific data supporting Cassava's claims for simufilam's efficacy had been overstated; (2) data underlying the foundational research for Cassava's product candidates had been manipulated; (3) experiments using post-mortem human brain tissue frozen for nearly ten years was contrary to a basic understanding of neurobiology; (4) biomarker analysis for patients treated with simufilam had been manipulated to conclude that simufilam was effective; and (5) Quanterix had not interpreted the test results or prepared the data charts for the biomarker analysis for patients treated with

simufilam. As a result of all the foregoing, Defendants' positive statements during the Class Period about the Company's business metrics and financial prospects and the likelihood of FDA approval were false and misleading and/or lacked a reasonable basis.

## **ARGUMENT**

**I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court should not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "Federal Rule of Civil Procedure 42(a) permits a district court to consolidate 'actions before the court involv[ing] a common question of law or fact.'" *Bremer v. Solarwinds Corp.*, No. 1:21-CV-138-RP, 2021 WL 2668827, at *1 (W.D. Tex. Mar. 11, 2021) (Pitman, J.).

Consolidation is appropriate because the Actions rely on the same underlying facts and assert similar false and misleading statements and omissions. Moreover, the Actions all bring claims under the federal securities laws against substantially overlapping defendants. Consolidation would preserve judicial resources and promote efficient prosecution of the litigation. Accordingly, the Court should consolidate the Actions. *See In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 432-33 (S.D. Tex. 2010).

**II.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

Movant respectfully submits that it should be appointed Lead Plaintiff because it filed the instant Motion in a timely manner, has a substantial – if not the largest – financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

### A. The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> > (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
> >
> > (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court should adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Georgia Firefighters' Pension Fund v. Anadarko Petroleum*

*Corp.*, No. 4:20-CV-0576, 2020 WL 2475656, at *2 (S.D. Tex. May 13, 2020); *Haghebaert v. Tandy Leather Factory, Inc.*, No. 4:19-CV-1000-A, 2020 WL 4680193, at *1 (N.D. Tex. Apr. 8, 2020). Under the criteria established by the PSLRA, Movant is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B.  Movant Is The "Most Adequate Plaintiff"

#### 1.  Movant's Motion Is Timely

Movant has timely filed this Motion to serve as Lead Plaintiff. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the above-captioned action caused notice regarding the pending nature of this case to be published on *Business Wire,* a widely circulated, business-oriented news wire service, on August 28, 2021. *See* Notice, Burns Decl., Ex. B. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before October 26, 2021. Movant filed this Motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

#### 2.  Movant Has A Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Bremer*, 2021 WL 2668827, at *1; *Giovagnoli v. GlobalSCAPE, Inc.*, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017).

Movant has incurred substantial losses of $435,416 on both a FIFO and LIFO basis on its Class Period transactions in Cassava *securities*, which include common stock and options. *See* Loss Analysis, Burns Decl., Ex. C; *see also Bremer*, 2021 WL 2668827, at *2 (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff"); *Schulze v.*

7

*Hallmark Fin. Servs., Inc.*, No. 3:20-CV-01130-X, 2020 WL 4201640, at *2 (N.D. Tex. July 21, 2020) (same).

Accordingly, Movant has a substantial financial interest in the outcome of the litigation and is presumptively the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3. Movant Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Federal Rule of Civil Procedure 23." *See Plymouth Cty. Ret. Sys. v. Apache Corp.*, No. 4:21-CV-00575, 2021 WL 4726510, at *2 (S.D. Tex. Oct. 6, 2021). At the lead plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See GlobalSCAPE*, 2017 WL 11220692, at *3; *see also Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016). Here, Movant satisfies both requirements.

#### a. Movant's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Bremer*, 2021 WL 2668827, at *2. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See Schulze*, 2020 WL 4201640, at *1.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that, in violation of the federal securities laws, Defendants misrepresented and/or concealed from investors that the quality and integrity of the scientific data supporting Cassava's claims for simufilam's efficacy had been overstated, and that data underlying the foundational research for Cassava's product candidates had been manipulated. Like all the

8

Class members, Movant purchased Cassava securities in reliance on Defendants' public statements, including their alleged misrepresentations and omissions, and was damaged thereby. Because Movant's claims arise from the same course of events as the claims of all other Class members, the typicality requirement is satisfied. *See Bremer*, 2021 WL 2668827, at *2; *Schulze*, 2020 WL 4201640, at *1.

### b.   Movant Satisfies the Adequacy Requirement of Rule 23

In addition, Movant satisfies the adequacy requirement of Rule 23. The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."

"Determining the adequacy of a presumptive lead plaintiff requires 'an inquiry into 1) the zeal and competence of the representatives' counsel and 2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees.'" *Anadarko Petroleum Corp.*, 2020 WL 2475656, at *4 (quoting *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005)). The adequacy requirement also "serves to uncover conflicts of interest between named parties and the class they seek to represent." *In re Deepwater Horizon*, 785 F.3d 1003, 1015 (5th Cir. 2015) (quotation marks omitted). Additionally, the PSLRA "requires that securities class actions be managed by active, able class representatives who are informed and can demonstrate they are directing the litigation." *Id.* (quotation marks omitted).

Here, Movant will fairly and adequately represent the interests of the proposed Class. Movant has the resources and economic motivation sufficient to pursue the above-captioned action to a successful conclusion and is committed to pursuing the best recovery possible for itself and all other Class members. As set forth in the Joint Declaration submitted in support of this Motion, each member of the Cassava Securities Group, Warren Choi, Kevin Otto, and Ken Van Ho, is

committed to prosecuting these claims as a cohesive unit and have jointly implemented procedures by which they will efficiently communicate with each other and with counsel for the benefit of the Class. *See* Burns Decl., Ex. D.  Importantly, Movant also has selected and retained experienced counsel, Berger Montague PC, with a more than a fifty-year record of prosecuting securities class actions vigorously and efficiently. *See infra* Section III. Movant has timely submitted its choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v).

Furthermore, no antagonism exists between Movant's interests and those of the absent Class members. Rather, they are aligned. Like all other Class members, Movant suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient and identical interest in the outcome of this case to ensure vigorous prosecution of the litigation for the benefit of all Class members.

Finally, there is no evidence to suggest that Movant is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such evidence exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Movant satisfies the adequacy requirement.

Thus, Movant clearly satisfies the requirements of the PSLRA for lead plaintiff appointment and should be appointed Lead Plaintiff on behalf of the putative Class of damaged Cassava investors here.

### III. MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel

retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel, unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734. *See also Bremer*, 2021 WL 2668827, at *2.

Here, Movant has selected the law firm of Berger Montague PC to represent the Class. Berger Montague has a long record of success in securities litigation and has achieved many of the largest securities recoveries since Congress enacted the PSLRA. The firm advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally. Berger Montague PC has served as lead or co-lead counsel in numerous other major securities class action cases, both within this District and beyond, where substantial settlements were achieved on behalf of investors, including the following, without limitation: *In re Merrill Lynch Securities Litigation* (S.D.N.Y.) (recovery of $475 million); *In re Sotheby's Holding, Inc. Securities Litigation* (S.D.N.Y.) (a $70 million settlement, of which $30 million was contributed, personally, by an individual defendant); *In re KLA Tencor Securities Litigation* (N.D. Cal.) (settlement of $65 million); *In re CIGNA Corp. Securities Litigation* (E.D. Pa.) (settlement of $93 million); and *In re Rite Aid Corp. Securities Litigation* (E.D. Pa.) (settlements totaling $334 million).

In addition, Movant has selected the law firm of Burns Charest LLP to serve as Local Counsel. Now at over 25 lawyers strong in Dallas, New Orleans, and a newly opened office in Washington D.C., Burns Charest has been appointed to leadership positions in numerous class actions since its founding in 2015, including: *In re German Automotive Manufacturers Antitrust Litigation*, No. 17-MD-2796 (N.D. Cal.) (lead counsel); *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation*, No. 17-MD-2785 (D. Kan.) (co-lead

counsel); *In re: Upstream Addicks and Barker (Texas) Flood-Control Reservoirs*, Sub-Master Docket 17-9001L (Fed. Cl.) (co-lead counsel); *In re Domestic Airlines Antitrust Litigation*, No. 15-MC-01404 (D.D.C.) (executive committee member); *In re Johnson & Johnson Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, No. 16-MD-2738 (D.N.J.) (executive committee member); *In re Anadarko Oil and Gas Lease Antitrust Litigation*, No. CIV-16-0209-HE (W.D. Okla.) (co-lead counsel); *Kjessler v. Zaappaaz, Inc., et al.*, No. 18-CV-00430 (S.D. Tex.) (lead counsel); and *In re Vehicle Carriers Antitrust Litigation*, No. 13-CV-3306 (D.N.J.) (co-lead counsel).[2]

In light of the foregoing, by approving Movant's selection of Berger Montague PC as Lead Counsel and Burns Charest LLP as Local Counsel for the Class, the Court can be assured that the Class will receive the highest quality representation. Thus, the Court should approve this selection.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant its Motion and enter an Order of the following: (i) appointing the Movant, the Cassava Securities Group, as Lead Plaintiff; (iii) approving Movant's selection of Berger Montague PC as Lead Counsel and Burns Charest LLP as Local Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: October 26, 2021                    Respectfully submitted,

/s/ *Warren T. Burns*
BURNS CHAREST, LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Tel: (469) 904-4550
Email: wburns@burnscharest.com

Sherrie R. Savett
Michael Dell'Angelo

---

[2] The firm biographies of Berger Montague PC and Burns Charest are available upon request.

        Barbara Podell
        Andrew Abramowitz
        BERGER MONTAGUE PC
        1818 Market Street, Suite 3600
        Philadelphia, PA 19103
        Tel: (215) 875-3000
        Email: ssavett@bm.net
              mdellangelo@bm.net
              bpodell@bm.net
              aabramowitz@bm.net

***Attorneys for Lead Plaintiff Movant and Proposed Lead Counsel for the Class***

13

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Warren T. Burns*
Warren T. Burns
