**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| PIERRE BRAZEAU, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:21-cv-00751-RP |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| CASSAVA SCIENCES, INC., REMI BARBIER, ERIC J. SCHOEN, JAMES W. KUPIEC, NADAV FRIEDMANN, and MICHAEL MARSMAN, | |
| Defendants. | |
| WANDA NEWELL, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:21-cv-00760-RP |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| CASSAVA SCIENCES, INC., REMI BARBIER, and ERIC J. SCHOEN, | |
| Defendants. | |
| KATLYN K. REIN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:21-cv-00856-RP |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| CASSAVA SCIENCES, INC., REMI BARBIER, ERIC J. SCHOEN, JAMES W. KUPIEC, NADAV FRIEDMANN, and MICHAEL MARSMAN, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THIBAULT MAGNIN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF COUNSEL**

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

I.      PRELIMINARY STATEMENT ..................................................................... 1

II.     STATEMENT OF FACTS ........................................................................... 3

III.    ARGUMENT ............................................................................................... 5

      A.      The Related Actions Should Be Consolidated .......................................... 5

      B.      Magnin Is The "Most Adequate Plaintiff" And Should Be Appointed To Serve As Lead Plaintiff .......................................................................... 6

            1.      Magnin Has Met The Procedural Requirements Of The PSLRA ............... 7

            2.      Magnin Has The Largest Financial Interest .................................... 7

            3.      Magnin Satisfies The Requirements Of Federal Rule 23 ..................... 8

                  a.      Magnin's Claims Are Typical Of Those Of The Class ................. 8

                  b.      Magnin will Fairly and Adequately Protect the Interests of the Class ................................................................................. 9

      C.      Magnin's Selection Of Counsel Should Be Appointed As Lead Counsel And Liaison Counsel ......................................................................... 10

IV.     CONCLUSION ....................................................................................... 11

**TABLE OF AUTHORITIES**

**PAGE(S)**

**Cases**

*Atwood v. Intercept Pharms., Inc.*,
   299 F.R.D. 414 (S.D.N.Y. 2014) ........................................................................... 5

*Giovagnoli v. Globalscape, Inc.*,
   No. SA-17-CV-753-XR, 2017 WL 11220692 (W.D. Tex. Nov. 6, 2017) ..................... 7, 8, 9

*Glauser v. EVCI Career Colls. Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ........................................................................... 5

*Gronich v. Omega Healthcare Investors, Inc.*,
   Nos. 17 Civ. 8983 and 9024 (NRB), 2018 WL 1626078 (S.D.N.Y. Mar. 27, 2018) ..... passim

*In re Barrick Gold Corp. Sec. Litig.*,
   Nos. 17 Civ. 3507 and 3815 (NRB), 2017 WL 4862779 (S.D.N.Y. Oct. 4, 2017) ............. 5, 9

*In re BP, PLC Sec. Litig.*,
   758 F. Supp. 2d 428 (S.D. Tex. 2010) ...................................................................... 1, 5, 6

*In re Enron Corp. Sec. Litig.*,
   206 F.R.D. 427 (S.D. Tex. 2002) ............................................................................ 6

*In re Forcefield Energy Inc. Sec. Litig.*,
   Nos. 15 Civ. 3020, 3141 and 3279 (NRB), 2015 WL 4476345 (S.D.N.Y. July 22,
   2015) .................................................................................................................. 8

*Kux-Kardos v. VimpelCom, Ltd.*,
   151 F. Supp. 3d 471 (S.D.N.Y. 2016) .................................................................... 6

*Lipetz v. Wachovia Corp.*,
   No. 08 Civ 6171 (RJS), 2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) ............................... 10

*Local 731 I.B. of T. Excavators & Pavers Pension Trust Fund v. Diodes, Inc.*,
   No. 6:13-cv-247, 2013 WL 12334835 (E.D. Tex. June 14, 2013) .................................... 9, 10

*Mills v. Beech Aircraft Corp.*,
   886 F.2d 758 (5th Cir. 1989) .................................................................................. 6

*Porzio v. Overseas Shipholding Grp.*,
   Nos. 12 Civ 7948, 8547 and 9363 (SAS), 2013 WL 407678 (S.D.N.Y. Feb. 1, 2013) .......... 5

*Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*,
No. 3:15-CV-3415-D, 2016 WL 1625774 (N.D. Tex. Apr. 25, 2016)................................... 1

**Statutes**

15 U.S.C. § 78u-4(a)(3) ....................................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(A)(i) .............................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii) ..................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(ii) ............................................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ............................................................................................ 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ..................................................................................... 2, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) .................................................................................. 8

15 U.S.C. § 78u-4(a)(3)(B)(v) ........................................................................................... 10

**Other Authorities**

H.R. Rep. No. 104-369 (1995) (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 730 ............... 10

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................. 2, 8

Fed. R. Civ. P. 42 ................................................................................................................. 2

Fed. R. Civ. P. 42(a) ........................................................................................................ 1, 5

Thibault Magnin ("Magnin"), respectfully submits this memorandum of law in support of his motion, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (1) consolidating the above-captioned actions into one action for all purposes (the "Action"); (2) appointing Magnin to serve as Lead Plaintiff in the Action; and (3) approving Magnin's selection of Berman Tabacco as Lead Counsel for the class and George Brothers Kincaid & Horton, L.L.P. ("GBKH") as Liaison Counsel for the class.

## I.     PRELIMINARY STATEMENT

Pending before the Court are three related securities class actions[1] brought on behalf of purchasers of Cassava Sciences, Inc. ("Cassava" or the "Company") common stock during the Class Period (defined below) against the Company and certain of its executive officers (collectively, "Defendants"). Consolidation of the actions is appropriate because the three cases raise substantially identical issues of law and fact. The actions allege that Defendants violated Sections 10(b) and 20(a) of the Exchange Act by issuing false and misleading statements between September 14, 2020 and August 27, 2021, inclusive (the "Class Period")[2], and, as a result, class

---

[1] Following the filing of the first-filed action in this Court, captioned *Brazeau v. Cassava Sciences, Inc., et al.*, No. 1:21-cv-00751-RP (W.D. Tex. Aug. 27, 2021) ("*Brazeau*"), two similar complaints, based on the same core operative facts and claims, were filed in this Court, captioned *Newell v. Cassava Sciences, Inc., et al.*, No. 1:21-cv-00760-RP (W.D. Tex. Aug. 30, 2021) ("*Newell*"), and *Rein v. Cassava Sciences, Inc., et al.*, No. 1:21-cv-00856-RP (W.D. Tex. Sept. 24, 2021) ("*Rein*").

[2] Magnin has used the longest class period alleged in the three filed cases. *See Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, No. 3:15-CV-3415-D, 2016 WL 1625774, at *2 (N.D. Tex. Apr. 25, 2016) ("'[N]umerous courts have favored using the longest-noticed class period' for purposes of selecting a lead plaintiff." (citing *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 433-34 (S.D. Tex. 2010))) (alteration in original).

members suffered significant losses from the same wrongdoing.[3]   Moreover, consolidation will promote judicial efficiency and conserve the resources of the Court and the parties.   *See* Fed. R. Civ. P. 42.

Pursuant to the PSLRA, the Lead Plaintiff should be the movant who possesses the largest financial interest in the outcome of the Action and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").   *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   Magnin believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this Action.   As set forth in more detail below, Magnin has a significant financial interest in the relief sought in the Action, having purchased 13,815 shares of Cassava common stock during the Class Period, for total expenditures of $1,681,458 and sustained losses of approximately $486,612.[4]

In addition to asserting the largest financial interest in this litigation, Magnin readily satisfies the relevant requirements of Rule 23 because his claims are typical of all other members of the Class, and because Magnin will fairly and adequately represent the Class.   Moreover, Magnin has further demonstrated his adequacy through his selection and retention of Berman Tabacco, a law firm that has recovered billions of dollars through its prosecution of securities fraud

---

[3] The currently filed complaints allege Class Periods of differing lengths.   The Court-appointed Lead Plaintiff will ultimately determine the operative Class Period to allege in this litigation, subject to certification by the Court.   However, the losses described herein correspond to the Class Period alleged in the *Newell* and *Rein* actions (September 14, 2020 to August 27, 2021), which is the longer Class Period alleged in the related Cassava securities class actions.

[4] A copy of Magnin's PSLRA certification is attached as **Exhibit B** to the Declaration of B. Russell Horton in Support of the Motion of Thibault Magnin for Consolidation, Appointment as Lead Plaintiff, and Approval of his Choice of Lead Counsel (the "Horton Declaration" or "Horton Decl."), filed herewith.   The certification sets forth Magnin's transactions in Cassava securities during the Class Period.   In addition, charts reflecting calculations of the financial losses Magnin suffered from his trading in Cassava securities are attached as **Exhibit C** to the Horton Declaration.

class actions and has the expertise and resources necessary to handle litigation of this complexity
and scale as Lead Counsel for the class.

Accordingly, Magnin respectfully requests that the Court consolidate the related actions,
appoint Magnin to serve as Lead Plaintiff, and approve his choice of Berman Tabacco as Lead
Counsel and GBKH as Liaison Counsel.

## II.     STATEMENT OF FACTS

Cassava is a clinical-stage biotechnology company engaged in the development of drugs
for neurodegenerative diseases.  The Company's lead therapeutic product candidate during the
Class Period was simufilam, a small-molecule drug designed to treat Alzheimer's disease, and its
lead   investigational   diagnostic   product   candidate   was   SavaDx,   a   blood-based
biomarker/diagnostic to detect and monitor the progression of Alzheimer's disease.  Cassava is
headquartered in Austin, Texas, and its stock trades on the Nasdaq Global Market ("NASDAQ")
under the ticker symbol "SAVA."

The *Brazeau, Newell*, and *Rein* complaints allege that, during the Class Period, Defendants
misled investors and thereby artificially inflated the price of Cassava's securities by publicly
issuing false and/or misleading statements and/or omitting to disclose material facts necessary to
make Defendants' statements not misleading.  Specifically, the complaints allege that, throughout
the Class Period, Defendants failed to disclose to investors that: (1) the quality and integrity of the
scientific data supporting Cassava's claims for simufilam's efficacy had been overstated; (2) data
underlying the foundational research for Cassava's product candidates has been manipulated;
(3) experiments using post-mortem human brain tissue frozen for nearly 10 years was contrary to
a basic understanding of neurobiology; (4) biomarker analysis for patients treated with simufilam
had been manipulated to conclude that simufilam was effective; (5) an independent company,

Quanterix Corp. ("Quanterix"), had not interpreted the test results or prepared data charts for the biomarker analysis for patients treated with simufilam; (6) as a result of the foregoing issues, there was a reasonable likelihood that Cassava would face regulatory scrutiny in connection with the development of simufilam; and (7) as a result of the foregoing issues, Defendants' positive statements during the Class Period regarding the Company's business metrics and financial prospects, and the likelihood of U.S. Food and Drug Administration ("FDA") approvals were materially false and misleading and/or lacked a reasonable basis. *See*, *e.g.*, Complaint for Violations of the Federal Securities Laws ("Complaint" or "Complaints") at *Brazeau* ¶ 40; *Newell* ¶ 9; *Rein* ¶¶ 5, 44, 49, 55. The Complaints further allege that, because of Defendants' false statements and omissions, Cassava's stock traded at artificially inflated prices during the Class Period. *Brazeau* ¶¶ 48-49; *Newell* ¶¶ 47-48; *Rein* ¶¶ 65-67.

The Complaints further allege that news about this fraud was revealed through a series of disclosures. On August 24, 2021, after the market closed, reports emerged about a "citizen petition" submitted to the FDA that reported "grave concerns" about the accuracy and integrity of the clinical data concerning simufilam and requested that the FDA halt the Company's clinical trials pending a thorough audit. *See Brazeau* ¶¶ 41-42; *Newell* ¶¶ 32-33, *Rein* ¶¶ 50-52. On this news, the price of the Company's stock fell $36.97 per share to close at $80.86 per share, a drop of more than 31%, on unusually heavy trading volume. *See Brazeau* ¶ 43; *Newell* ¶ 35; *Rein* ¶ 54. On August 27, 2021, before the market opened, Quanterix issued a statement denying Cassava's claims that Quanterix had interpreted the Company's clinical data and stating that Quanterix did not prepare data charts presented by Cassava at the July 2021 Alzheimer's Association International Conference. *See Newell* ¶ 37; *Rein* ¶ 57. On this news, the price of the Company's

stock fell $12.51 per share to close at $58.34 per share, a drop of nearly 18%, on unusually heavy trading volume.  *See Newell* ¶ 39; *Rein* ¶ 58.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  *Id.*

Courts have broad discretion under Rule 42(a) of the Federal Rules of Civil Procedure to consolidate actions, and courts repeatedly consolidate securities cases where the matters contain the same factual and legal issues.  *See, e.g.*, *BP*, 758 F. Supp. 2d at 432-33; *Atwood v. Intercept Pharms., Inc.*, 299 F.R.D. 414, 415 (S.D.N.Y. 2014); *In re Barrick Gold Corp. Sec. Litig.*, No. 17 Civ. 3507 (NRB), 2017 WL 4862779, at *1 (S.D.N.Y. Oct. 4, 2017); *Gronich v. Omega Healthcare Investors, Inc.*, No. 17 Civ. 8983 (NRB), 2018 WL 1626078, at *1 (S.D.N.Y. Mar. 27, 2018).  "Consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports."  *Porzio v. Overseas Shipholding Grp.*, No. 12 Civ. 7948 (SAS), 2013 WL 407678, at *3 n.30 (S.D.N.Y. Feb. 1, 2013) (quoting *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006)).  Consolidation of *Brazeau*, *Newell*, and *Rein*, the three related actions pending in this Court, is appropriate as the Complaints in all three actions are premised upon the same core alleged misrepresentations and omissions and claims that those misrepresentations and omissions caused the price of Cassava's stock to be artificially inflated during the Class Period.  *See* Section II,

*supra*.  Minor differences between the Complaints – for example, the shorter class period alleged in *Brazeau*, or the fewer named defendants in *Newell* – do not render consolidation inappropriate because the "substantial commonalities" and "common core of facts and legal issues" warrant consolidation.  *BP*, 758 F. Supp. 2d at 432-33 (citing *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002)).

Courts may also consider judicial economy when deciding whether cases should be consolidated.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989) (noting that consolidation is proper when two or more cases involve "common questions of law and fact" and when "consolidation would avoid unnecessary costs or delay"); *Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 475 (S.D.N.Y. 2016).  Here, judicial economy favors consolidation given the substantial overlap of common questions of law and fact between all three cases.  As such, the Court should consolidate the *Brazeau, Newell*, and *Rein* actions and any other matters filed subsequent to this motion that assert claims against Defendants arising from substantially similar facts and alleging similar violations of law.

## B.    Magnin Is The "Most Adequate Plaintiff" And Should Be Appointed To Serve As Lead Plaintiff

The PSLRA sets forth procedures for the selection of the lead plaintiff in class actions brought under the Exchange Act and directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action either (1) 60 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate, whichever date is later.  15 U.S.C. § 78u-4(a)(3)(A)(i), (B)(i) & (B)(ii).  The court appoints the presumptively most adequate plaintiff to serve as lead plaintiff and presumes that the lead plaintiff is the person, entity or group that: "(aa) has either filed the complaint or made a motion in response to a notice . . .; (bb)  in  the  determination  of  the  court,  has  the  largest

financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Magnin satisfies all three of these criteria and is entitled to the presumption that he is the most adequate plaintiff to represent the class and should therefore be appointed Lead Plaintiff.

### 1.    Magnin Has Met The Procedural Requirements Of The PSLRA

On August 27, 2021, counsel in the *Brazeau* action published a notice over *Business Wire* (the "Notice") pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants and advised investors in Cassava securities that they had 60 days (until October 26, 2021) to file a motion to be appointed as Lead Plaintiff.  *See* Horton Decl. **Ex. A**.

Magnin filed the instant motion within the 60-day deadline pursuant to the Notice and has attached a certification attesting that he is willing to serve as a class representative for the class and provide testimony at depositions and trial, if necessary.  *See* Horton Decl. **Ex. B**.  Accordingly, Magnin has satisfied the first, procedural, requirement to serve as Lead Plaintiff for the class.

### 2.    Magnin Has The Largest Financial Interest

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii).  Although the PSLRA does not define the term "largest financial interest," courts often place the greatest emphasis on the approximate loss suffered by the movant.  *See*, *e.g.*, *Gronich*, 2018 WL 1626078, at *2; *Giovagnoli v. Globalscape, Inc.*, No. SA-17-CV-753-XR, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017) (concluding that the appropriate test for determining the largest financial interest is to "concentrate

on the approximate losses claimed by each movant to determine which plaintiff has the largest financial interest").

At the time of this filing, Magnin believes that he has the largest financial interest in the relief sought by the proposed class and is the presumptive Lead Plaintiff.  During the Class Period, Magnin purchased 13,815 shares of Cassava common stock during the class period, for total expenditures of $1,681,458, and incurred losses of $486,612.  *See* Horton Decl. **Ex. C**.  Magnin is unaware of any other investor who intends to file a motion for appointment as Lead Plaintiff in this Action that has suffered larger losses than him.

### 3.     Magnin Satisfies The Requirements Of Federal Rule 23

The PSLRA requires that the movant with the largest financial interest must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  In an action under the PSLRA, a movant seeking appointment as Lead Plaintiff need only make a preliminary showing that he, she, or it will satisfy the typicality and adequacy requirements of Rule 23.  *Globalscape*, 2017 WL 11220692, at *3; *In re Forcefield Energy Inc. Sec. Litig.*, No. 15 Civ. 3020 (NRB), 2015 WL 4476345, at *2 (S.D.N.Y. July 22, 2015).

### a.     Magnin's Claims Are Typical Of Those Of The Class

The typicality requirement is satisfied "where the presumptive lead plaintiff's claims arise from the same conduct from which the other class members' claims and injuries arise." *Gronich*, 2018 WL 1626078, at *3; *see also Globalscape*, 2017 WL 11220692, at *3.  Magnin's claims are typical of those of the Class, because like all other Class members, Magnin: (1) purchased or otherwise acquired Cassava securities during the Class Period; (2) at artificially inflated prices caused by Defendants' materially false and misleading statements and/or omissions; and

(3) suffered damages as facts about Defendants' alleged misconduct were revealed.  *See Gronich*, 2018 WL 1626078, at *3; *Globalscape*, 2017 WL 11220692 at *3; *Barrick Gold Corp.*, 2017 WL 4862779, at *2.  Accordingly, Magnin is a typical class representative.

> ### b.    Magnin will Fairly and Adequately Protect the Interests of the Class

The adequacy of representation requirement is satisfied where (1) there is no conflict between the proposed lead plaintiff and the members of the class, (2) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy, and (3) class counsel is qualified, experienced and generally able to conduct the litigation.  *Barrick Gold Corp.*, 2017 WL 4862779, at *2; *see also Local 731 I.B. of T. Excavators & Pavers Pension Trust Fund v. Diodes, Inc.*, No. 6:13-cv-247, 2013 WL 12334835, at *2-3 (E.D. Tex. June 14, 2013).  Magnin's interests are perfectly aligned with the other members of the class and are not antagonistic in any way.  There are no facts indicating that there are any conflicts of interest between Magnin and other class members.  Indeed, Magnin has the same interest as all members of the class: to maximize the recovery from Defendants.

Magnin has submitted a PLSRA Certification affirming his willingness to serve as, and to assume the responsibilities of, class representative.  *See* Horton Decl. **Ex. B**.  There are no facts indicating that there are any conflicts of interest between Magnin and other Class members.

Moreover, because of Magnin's substantial financial stake in the litigation, class members can be assured that he has the incentive to vigorously represent their interests.  *See Lipetz v. Wachovia Corp.*, No. 08 Civ. 6171 (RJS), 2008 WL 4615895, at *3 (S.D.N.Y. Oct. 10, 2008) (noting investor's "substantial financial stake in the litigation" suggests that it would vigorously prosecute claims on behalf of the class).

Additionally, as explained below, Magnin's proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in an efficient and professional manner. Therefore, Magnin meets the adequacy requirement of Rule 23.

Taken together, Magnin meets the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

### C.   Magnin's Selection Of Counsel Should Be Appointed As Lead Counsel And Liaison Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v); *Gronich*, 2018 WL 1626078, at *4 ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'") (citation omitted); *Diodes*, 2013 WL 12334835, at *2 ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.") (Quoting PSLRA).   Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel, unless it is "necessary to protect the interests of the plaintiff class."  *See* H.R. Rep. No. 104-369, at 35 (1995) (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Magnin has selected Berman Tabacco as Lead Counsel.  Berman Tabacco is highly experienced in the area of securities litigation and class actions and has successfully  prosecuted numerous  matters  on behalf of investors, throughout the United States, including cases in this District as detailed in the firm's resume.  *See* Horton Decl. **Ex. D**.  Berman Tabacco is one of the country's premier class action law firms with nearly 40 years of experience prosecuting securities litigation cases.  *Id.*  The firm has been ranked as a "Top Ten Plaintiffs' Firm" by *Benchmark Litigation* for the past six consecutive years.  *Id.*  Since the passage of the PSLRA, Berman Tabacco recovered billions of dollars on behalf of defrauded investors, including: *In re BP PLC Sec. Litig.*,

No. 10-md-2185 (S.D. Tex.) (as co-lead counsel for the Ohio Public Employees Retirement System, the firm reached a $175 million settlement); *In re IndyMac Mortgage-Backed Sec. Litig.*, No. 09-cv-04583-LAK (S.D.N.Y.) (representing the Wyoming State Treasurer and the Wyoming Retirement System and reaching settlements worth $346 million); *In re 2008 Fannie Mae Sec. Litig.*, No. 08-civ-07831-PAC (S.D.N.Y) (representing the Massachusetts Pension Reserves Investment Management Board and achieving a $170 million settlement). *Id.* Berman Tabacco has the skill and knowledge necessary to enable them to prosecute this Action effectively and expeditiously.

Additionally, GBKH has substantial experience litigating complex actions, has offices in this District and is well qualified to represent the Class as Liaison Counsel. *See* Horton Decl. **Ex. E**.

Thus, the Court can be assured that, by approving Magnin's selection of Lead Counsel, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Magnin's selection of Berman Tabacco as Lead Counsel for the class and GBKH as Liaison Counsel for the class.

## IV.     CONCLUSION

For the foregoing reasons, Magnin respectfully requests that the Court: (1) consolidate all related Actions; (2) appoint Magnin to serve as Lead Plaintiff in this Action; and (3) approve Magnin's selection of Berman Tabacco as Lead Counsel for the class and GBKH as Liaison Counsel for the class.

Dated:  October 26, 2021

Respectfully submitted,

**GEORGE BROTHERS KINCAID & HORTON, L.L.P.**

By:      /s/ B. Russell Horton
           B. Russell Horton
           State Bar No. 10014450

1100 Norwood Tower
114 West 7th St
Austin, TX 78701
Telephone: (512) 495-1400
Email: rhorton@gbkh.com

*Liaison Counsel for Proposed Lead Plaintiff Thibault Magnin*

Leslie R. Stern (*pro hac vice* forthcoming)
Steven J. Buttacavoli (*pro hac vice* forthcoming)
**BERMAN TABACCO**
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: lstern@bermantabacco.com
        sbuttacavoli@bermantabacco.com

*Counsel for Proposed Lead Plaintiff Thibault Magnin and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I certify that on October 26, 2021, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ B. Russell Horton
B. Russell Horton