UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| PIERRE BRAZEAU, Individually and on Behalf of All Others Similarly Situated, | § § § | Civil Action No. 1:21-cv-00751-RP |
| | § | CLASS ACTION |
| Plaintiff, | § | |
| | § | |
| vs. | § § | |
| CASSAVA SCIENCES, INC., et al. | § § | |
| | § | |
| Defendants. | § § | |
| | § | |
| WANDA NEWELL, Individually and on Behalf of All Others Similarly Situated, | § § | Civil Action No. 1:21-cv-00760-RP |
| | § | CLASS ACTION |
| Plaintiff, | § § | |
| | § | |
| vs. | § § | |
| CASSAVA SCIENCES, INC., et al. | § § | |
| | § | |
| Defendants. | § § | |
| | § | |
| KATLYN K. REIN, Individually and on Behalf of All Others Similarly Situated, | § § | Civil Action No. 1:21-cv-00856-RP |
| | § | CLASS ACTION |
| Plaintiff, | § § | |
| | § | |
| vs. | § § | |
| CASSAVA SCIENCES, INC., et al. | § § | |
| | § | |
| Defendants. | § § | |

**MOHAMMAD BOZORGI'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................1

II.     CONFERENCE OF COUNSEL ..........................................................................2

III.    FACTUAL BACKGROUND ...............................................................................2

IV.     ARGUMENT .......................................................................................................3

      A.      This Court Should Consolidate the Related Actions ...............................3

      B.      Mr. Bozorgi Should Be Appointed Lead Plaintiff...................................4

            1.      This Motion Is Timely ..................................................................4

            2.      Mr. Bozorgi Has the Largest Financial Interest in the Relief Sought by the Class.....................................................................5

            3.      Mr. Bozorgi Otherwise Satisfies Rule 23's Typicality and Adequacy Requirements ...............................................................5

      C.      The Court Should Approve Mr. Bozorgi's Selection of Counsel...........7

V.      CONCLUSION.....................................................................................................9

4893-8154-8544.v1

**TABLE OF AUTHORITIES**

Page

**CASES**

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
 No. 8:15-cv-00865-AG (C.D. Cal.) ...................................................................8

*In re Am. Realty Capital Props., Inc. Litig.*,
 No. 1:15-mc-00040-AKH (S.D.N.Y.) .................................................................8

*In re BP, PLC Sec. Litig.*,
 758 F. Supp. 2d 428 (S.D. Tex. 2010) ...............................................................5

*In re Cardinal Health, Inc. Sec. Litig.*,
 No. 2:04-cv-00575-ALM (S.D. Ohio) .................................................................8

*In re Dynegy Inc. Sec. Litig.*,
 No. H-02-1571 (S.D. Tex.) ..............................................................................7, 8

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
 586 F. Supp. 2d 732 (S.D. Tex. 2008) ...............................................................7

*In re Enron Corp., Sec. Litig.*,
 206 F.R.D. 427 (S.D. Tex. 2002) .............................................................4, 5, 6, 8

*In re Enron Corp. Sec. Litig.*,
 No. 4:01-cv-03624 (S.D. Tex.) ...........................................................................7

*In re HealthSouth Corp. Sec. Litig.*,
 No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) .......................................................8

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
 No. 1:01-cv-01451-REB-KLM (D. Colo.) .........................................................8

*In re UnitedHealth Group Inc. Sec. Litig.*,
 No. 0:06-cv-01691-JMR-FLN (D. Minn.) .........................................................8

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
 No. 3:15-cv-07658-MAS-LHG (D.N.J.) .............................................................8

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
 No. 1:02-cv-05893 (N.D. Ill.) ............................................................................8

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
 256 F.R.D. 620 (E.D. Wis. 2009) .......................................................................5

*Schwartz v. TXU Corp.*,
 2005 WL 3148350 (N.D. Tex. Nov. 8, 2005) (Kinkeade, J.) ...........................7, 8

**Page**

*Smilovits v. First Solar, Inc.*,
   No. 2:12-cv-00555-DGC (D. Ariz.)................................................................................8

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §78j(b)..............................................................................................................................1
   §78t(a)..............................................................................................................................1
   §78u-4(a)(1)......................................................................................................................4
   §78u-4(a)(3)(A)(i).............................................................................................................4
   §78u-4(a)(3)(B)(i)..........................................................................................................1, 2
   §78u-4(a)(3)(B)(ii).........................................................................................................1, 3
   §78u-4(a)(3)(B)(iii)...........................................................................................................1
   §78u-4(a)(3)(B)(iii)(I)......................................................................................................4
   §78u-4(a)(3)(B)(iii)(I)(cc)................................................................................................5
   §78u-4(a)(3)(B)(iii)(II)(aa)...............................................................................................7
   §78u-4(a)(3)(B)(v)............................................................................................................7

Federal Rules of Civil Procedure ..........................................................................................4, 5
   Rule 23 ..........................................................................................................................4, 5
   Rule 42(a).......................................................................................................................1, 3

4893-8154-8544.v1

## I.      INTRODUCTION

Presently pending before this Court are three related securities class action lawsuits brought pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") on behalf of purchasers of Cassava Sciences, Inc. ("Cassava" or the "Company") securities: *Brazeau v. Cassava Sciences, Inc.*, No. 1:21-cv-00751-RP, *Newell v. Cassava Sciences, Inc.*, No. 1:21-cv-00760-RP, and *Rein v. Cassava Sciences, Inc.*, No. 1:21-cv-00856-RP (the "Related Actions").   In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates that the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  An agreed motion regarding consolidation of the Related Actions was filed on October 25, 2021.  *See* ECF No. 12.  As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar legal and factual issues.

Additionally, the PSLRA states that, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).  Mohammad Bozorgi should be appointed as lead plaintiff because he: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Bozorgi's selection of Robbins Geller to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.     CONFERENCE OF COUNSEL

Counsel for Mr. Bozorgi is aware of Local Court Rule CV-7.G's conferral requirement before filing any motion.  However, because of the PSLRA's procedure whereby any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as lead plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), counsel for Mr. Bozorgi will not know which other class members, if any, will seek appointment as lead plaintiff until after motions are filed on October 26, 2021.  Consequently, counsel for Mr. Bozorgi respectfully requests that the conferral requirement be waived in this narrow instance.

## III.    FACTUAL BACKGROUND[1]

Cassava is a clinical stage biotechnology company whose lead therapeutic product candidate was simufilam, a small molecule drug designed to treat Alzheimer's disease.

On February 2, 2021, Cassava announced results from its interim analysis of an open-label study of simufilam, which purportedly demonstrated that patients' cognition and behavior scores both improved following six months of simufilam treatment, with no safety issues. As the market digested this ostensibly great news, the market price of Cassava common stock increased and Cassava immediately cashed in on the stock price inflation, issuing and selling more than 4 million shares of its common stock at $49 per share on February 12, 2021 through an underwritten follow-on public stock offering and reaping more than $200 million in gross proceeds.

The complaints allege that defendants made false and misleading statements and failed to disclose that: (i) the quality and integrity of the scientific data supporting Cassava's claims for simufilam's efficacy had been overstated; (ii) the scientific data supporting Cassava's claims for

---

[1]   The factual background set forth in this section is based upon the allegations in the *Brazeau* complaint.

simufilam's efficacy were biased; and (iii) as a result, defendants' positive statements about Cassava's business metrics and financial prospects and the likelihood of U.S. Food Drug Administration ("FDA") approval were false and misleading and/or lacked a reasonable basis.

On August 24, 2021, it was disclosed that the FDA had received a so-called Citizen Petition commencing an administrative action to "halt two ongoing trials of the drug [s]imufilam . . pending a thorough audit by the FDA." ECF No. 1 at ¶41. As detailed in the Citizen Petition, "[i]nformation available to the petitioner . .. raises grave concerns about the quality and integrity of the laboratory-based studies surrounding this drug candidate and supporting the claims for its efficacy." *Id.* After summarizing its findings, the Citizen Petition went on to conclude that "the extensive evidence set forth in the enclosed report, which presents grave concerns about the quality and integrity of the scientific data supporting Cassava's claims for [simufilam]'s efficacy, provides compelling grounds for pausing the ongoing clinical trials until the FDA can conduct and complete a rigorous audit of Cassava's research." *Id.* at ¶42. On this news, the price of Cassava's common stock suffered a decline of over 30%, damaging investors.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Mr. Bozorgi and other class members have suffered significant losses and damages.

## IV.    ARGUMENT

### A.    This Court Should Consolidate the Related Actions

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a).

The Related Actions present virtually identical factual and legal issues, alleging the same violations of the Exchange Act against the same defendants during overlapping class periods.

Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both cases.  Thus, consolidation is appropriate here.

### B.      Mr. Bozorgi Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Enron Corp., Sec. Litig*., 206 F.R.D. 427, 457 (S.D. Tex. 2002).  Mr. Bozorgi meets each of these requirements and should therefore be appointed as Lead Plaintiff.

### 1.      This Motion Is Timely

On August 27, 2021, Robbins Geller published notice of the first-filed *Brazeau* action on *PRNewswire*, advising potential class members of the pendency of the Action, the claims asserted, and the right to seek appointment as lead plaintiff no later than 60 days following the date of the notice, or by October 26, 2021.  *See* Affidavit of Joe Kendall in Support of Mohammad Bozorgi's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Kendall Aff."), Ex. A, Appendix Tab 1.  Mr. Bozorgi's Motion is therefore timely and he is entitled to be considered for appointment as lead plaintiff.

- 4 -

> **2.    Mr. Bozorgi Has the Largest Financial Interest in the Relief**
> **Sought by the Class**

The initial complaint in this case encompasses a seven-month class period from February

2, 2021 through August 24, 2021.  The *Newell* and *Rein* complaints were then filed on behalf of

Cassava investors over an extended eleven-month class period (from September 14, 2020 through

August 27, 2021).[2]  Mr. Bozorgi did not have any additional trades in the expanded portion of the

class period, meaning his financial interest remains the same in both periods: Mr. Bozorgi

purchased 176,400 shares of Cassava stock and suffered approximately $1.5 million in losses, all

of which is recoverable.  *See* Kendall Aff., Exs. B-C.  To the best of his counsel's knowledge,

there are no other plaintiffs with a larger financial interest in either class period.  Therefore, Mr.

Bozorgi satisfies the PSLRA's prerequisite of having the largest financial interest.

> **3.    Mr. Bozorgi Otherwise Satisfies Rule 23's Typicality and**
> **Adequacy Requirements**

In addition to possessing the largest financial interest in the outcome of the litigation, the

lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of

Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "Although the inquiry at this stage of the

litigation in selecting the Lead Plaintiff is not as searching as the one triggered by a subsequent

motion for class certification, the proposed Lead Plaintiff must make at least a preliminary showing

---

[2]    While Mr. Bozorgi agrees that consolidation of the Related Actions is appropriate, he takes no position on the plausibility or appropriateness of the class period alleged in the *Newell* or *Rein* complaints at this time.  *See generally In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010) (recognizing that "[t]here is a risk . . . to blindly accepting the longest class period without further inquiry, as potential lead plaintiffs would be encouraged to manipulate the class period so they had the largest financial interest"); *see also Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009) (recognizing that "simply adopting the most inclusive class period might encourage unscrupulous movants to allege longer class periods in an effort to manipulate the lead plaintiff determination").

4893-8154-8544.v1

that it has claims that are typical of those of the putative class and has the capacity to provide adequate representation for those class members." *Enron*, 206 F.R.D. at 441.

"Typicality is achieved where the named plaintiffs' claims arise 'from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory.'" *Id.* (citation omitted). "The adequacy review '"serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent."'" *Id.* (citation omitted).

Here, if successful in proving his injury and losses resulting from defendants' allegedly false and misleading statements and omissions scheme, Mr. Bozorgi will necessarily prove the conduct underlying all class members' claims, just as he will establish the elements of those claims. Indeed, like all other members of the class in either relevant period, Mr. Bozorgi: (1) purchased Cassava securities; (2) was adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby. Mr. Bozorgi's Certification sets forth his transactions in Cassava securities during both relevant class periods, and consistent with the PSLRA, Mr. Bozorgi has not conflated his own financial interest with the Cassava transactions of any third-party entities in which Mr. Bozorgi may have invested. As such, Mr. Bozorgi has a significant direct interest in the outcome of the Related Actions, ensuring he will vigorously represent the class.

Mr. Bozorgi is also a sophisticated investor who has submitted a declaration confirming his willingness and ability to serve as lead plaintiff. *See* Kendall Aff., Ex. D. Mr. Bozorgi is a Virginia-based retiree with over two decades of investing experience. *See id.* at ¶1. And, as further detailed below and in his Declaration, Mr. Bozorgi retained qualified and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class. *See id.* at ¶6.

Because Mr. Bozorgi filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

**C.    The Court Should Approve Mr. Bozorgi's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Mr. Bozorgi has selected Robbins Geller as lead counsel in this case.

Robbins Geller, a 200-attorney nationwide law firm, regularly practices complex securities litigation in federal courts across the country and has obtained the two largest PSLRA class action recoveries ever in Texas courts in *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion) and *In re Dynegy Inc. Sec. Litig.*, No. H-02-1571 (S.D. Tex.) ($474 million). The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[3] Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g., In re Enron Corp. Sec.*, *Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation" of the attorneys with Robbins Geller "is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); *Schwartz v. TXU Corp.*, 2005 WL 3148350, at *14 (N.D. Tex. Nov. 8, 2005) (Kinkeade,

---

[3]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A paper copy of the Firm's resume is available upon the Court's request, if preferred.

J.) ("Lead Counsel have amply demonstrated their competence through their representation of Lead Plaintiffs in this action to date, including their successful negotiation of a $149.75 million settlement of the claims made by Lead Plaintiffs. This is the largest cash settlement in a securities class action ever in this District. It is also one of the largest securities class action recoveries ever obtained in the United States in a case not involving a restart of never reported earnings."). Texas attorney and former United States District Judge Joe Kendall was co-lead counsel in *Schwartz*.

Notably, in 2020, Robbins Geller recovered more than $1.4 billion on behalf of investors as sole lead counsel in securities class action cases, including $1.02 billion in *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). And, in 2021, Robbins Geller as sole lead counsel has secured final approval of a $1.21 billion recovery in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.). Mr. Bozorgi selected lead counsel that, in addition to obtaining the largest securities fraud class action recoveries in the nation and in this Circuit, is responsible for obtaining the largest PSLRA recoveries in the Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[4]

---

[4]   *See Enron* ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit*); Dynegy* ($474 million recovery is second-largest in this District); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit);

As such, Mr. Bozorgi's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## V.      CONCLUSION

The Related Actions involve common issues of law and fact, and should be consolidated. Mr. Bozorgi has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Mr. Bozorgi respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Robbins Geller as Lead Counsel.

DATED:  October 26, 2021                    Respectfully submitted,

                                                        KENDALL LAW GROUP, PLLC
                                                        JOE KENDALL (Texas Bar No. 11260700)


                                                              *s/ Joe Kendall*
                                                        JOE KENDALL

                                                        3811 Turtle Creek Blvd., Suite 1450
                                                        Dallas, TX  75219
                                                        Telephone:  214/744-3000
                                                        214/744-3015 (fax)
                                                        jkendall@kendalllawgroup.com

                                                        Local Counsel for [Proposed] Lead Plaintiff

---

*In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4893-8154-8544.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 10 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed the foregoing document and attached exhibits through the

Court's CM/ECF system on October 26, 2021, which will serve all counsel of record.

*/s/ Joe Kendall*

JOE KENDALL