UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PIERRE BRAZEAU, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, ERIC J. SCHOEN, JAMES W. KUPIEC, NADAV FRIEDMANN and MICHAEL MARSMAN,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-751-RP<br><br>CLASS ACTION |
| WANDA NEWELL, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and ERIC J. SCHOEN,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-760-RP |
| KATLYN K. REIN, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, ERIC J. SCHOEN, JAMES W. KUPIEC, NADAV FRIEDMANN, and MICHAEL MARSMAN,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-856-RP |

**MEMORANDUM OF LAW IN SUPPORT OF
STEPHEN BRANCH'S MOTION FOR CONSOLIDATION OF RELATED
ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

SUMMARY OF ALLEGATIONS ............................................................................................. 2

ARGUMENT ................................................................................................................................ 3

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ......................................... 3

II.     THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF .......................... 3

        A.     The Procedure Required by the PSLRA .................................................................. 4

        B.     Movant is the Most Adequate Plaintiff ................................................................... 5

              1.     Movant's Motion is Timely ......................................................................... 5

              2.     Movant Believes that He Has the Largest Financial Interest in the Relief Sought by the Class ...................................................................................... 6

              3.     Movant Meets the Requirements of Fed. R. Civ. P. 23 ............................... 6

III.    THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL ................... 8

CONCLUSION ........................................................................................................................... 10

Stephen Branch ("Movant") respectfully submits this memorandum of law in support of his motion for:

(a) consolidating the above-captioned related securities class actions (the "Actions")

(b) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

(c) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and The Bilek Law Firm, L.L.P. ("Bilek Law") as Liaison Counsel for the proposed Class.

## PRELIMINARY STATEMENT

Presently pending in this District are the Actions which allege violations of the Exchange Act against Defendants. These Actions are brought on behalf of all persons or entities (the "Class") that purchased the securities of Cassava Sciences, Inc. ("Cassava" or the "Company") between September 14, 2020, and August 27, 2021 (the "Class Period"). The Actions are putative class actions alleging violations of the federal securities laws by the same Defendants and arising from the same alleged fraudulent misconduct. As such, the Actions involve common questions of both law and fact, and their consolidation pursuant to Rule 42(a) is appropriate and warranted.

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action ("Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Movant satisfies these requirements and should be appointed as Lead Plaintiff.  Movant is a retired high school math teacher residing in New Jersey who has over 15 years of investing experience.  Movant lost $29,240 on his transactions in Cassava securities.  Movant believes that his loss constitutes the largest financial interest in the Actions and that his substantial financial interest will ensure his vigorous prosecution of the Class's claims.  Movant also satisfies Federal Rules 23(a)(3) and (a)(4), as his claims are typical of the claims of the Class, he has no interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class.  Additionally, Movant has selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, for the reasons discussed below, Movant respectfully requests that the Court grant his motion to consolidate the Actions, be appointed as Lead Plaintiff, and approve his selection of Bernstein Liebhard as Lead Counsel and Bilek Law as Liaison Counsel.

## SUMMARY OF ALLEGATIONS

Cassava is a clinical stage biotechnology company engaged in the development of drugs for neurodegenerative diseases.  During the Class Period, its lead therapeutic product candidate was simufilam, a small molecule drug designed to treat Alzheimer's disease.  Its lead investigational diagnostic product candidate was SavaDx, a blood-base biomarker and diagnostic to detect Alzheimer's disease.

On February 2, 2021, Cassava announced results from its interim analysts of an open-label study of simufilam, which purportedly demonstrated that patients' cognition and behavior scores both improved following six months of simufilam treatment, with no safety issues.  After this news reached the market, the market price of Cassava common stock increased significantly, nearly quadrupling from its February 1, 2021 close of $22.99 to trade as high as $90 per share in intraday trading on February 3, 2021.  Cassava immediately issued and sold four million more

shares of common stock at $49 per share through an underwritten follow-on public stock offering, obtaining over $200 million in gross proceeds.

On July 29, 2021, Cassava presented preliminary results from its Phase 2b clinical trial of simufilam at the Alzheimer's Association International Conference, again purportedly demonstrating that the drug led to an improvement in cognition for Alzheimer's patients with no adverse side effects.

After the close of trading on August 24, 2021, it was revealed that the U.S. Food and Drug Administration ("FDA") had received a Citizen Petition commencing an administrative action to "halt two ongoing trials of the drug, Simufilam … pending a thorough audit by the FDA." The Citizen Petition stated that "[i]nformation available to the petitioner … raises grave concerns about the quality and integrity of the laboratory-based studies surrounding this drug candidate and supporting the claims for its efficacy."

On this news, Cassava shares fell approximately $37 per share, or 32%, to close at $80.86 on August 25, 2021, thereby damaging investors.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the related actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed."

3

15 U.S.C. §78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Actions alleges substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors.  Accordingly, the Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.     THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A.     The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i).  Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B).  Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

      i)       has either filed the complaint or made a motion in response to an Early Notice;

      ii)      in the determination of the court, has the largest financial interest in the relief sought by the class; and

      iii)     otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth herein, Movant meets the foregoing criteria and, therefore, is entitled to the presumption of being the "most adequate plaintiff" of the Class.

    **B.**     **Movant is the Most Adequate Plaintiff**

Movant respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to the Early Notice, believes that he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

        **1.**     **Movant's Motion is Timely**

On August 28, 2021, Robbins Geller Rudman & Dowd published the Early Notice via *Business Wire*. *See* Declaration of Thomas E. Bilek (the "Bilek Decl."), Ex. A. Accordingly, putative class members had until October 26, 2021, to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

Movant has timely filed his motion in response to the Early Notice. Additionally, he has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of one of the complaints in the Actions and his willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Bilek Decl., Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. Movant Believes that He Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See also Bremer v. Solarwinds Corporation*, 2021 WL 26688272, at *1 (W.D. Tex. Mar. 11, 2021); *Giovagnoli v. GlobalSCAPE, Inc.*, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017).

Movant lost $29,240 in connection with his transactions in Cassava securities. *See* Bilek Decl., Ex. C. Movant is not aware of any other movant that has a greater financial interest than him in this litigation. Accordingly, Movant believes that he has the largest financial interest in this litigation.

### 3. Movant Meets the Requirements of Fed. R. Civ. P. 23

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (emphasis in original). Movant satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id*.

### i. Movant's Claims Are Typical of Those of the Class

A lead plaintiff movant is typical of other proposed class members under Rule 23 where all members of the class purchased securities at issue during the relevant period and alleged they were subjected to the same false and misleading statements. *Hohenstein v. Behringer Harvard REIT 1, Inc.,* No. 3:12-CV-3772-G, 2012 WL 6625382, at *4 (N.D. Tex. Dec. 20, 2012). Movant's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *See Bremer,* 2021 WL 266882272, at *2 ("adequacy and typicality requirements of Rule 23" satisfied where proposed lead plaintiff's "claims and those of all other class members [arose] from the same course of events, and their legal arguments to prove Defendants' liability are virtually identical").

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and
- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Movant as to all members of the Class. Since Movant's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### ii. Movant Will Fairly and Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case

7

to ensure vigorous advocacy." *Brody v. Zix Corp.,* No. 3:04-CV-1931-K, 2005 WL 8158375, at *8 (N.D. Tex. July 11, 2005). *See also Bremer,* 2021 WL 266882272, at *2.

Movant is an adequate Lead Plaintiff. Movant and the other members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Movant's substantial financial stake in the litigation, Class members can be assured that Movant has the incentive to vigorously prosecute the claims.

Movant has further demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel and Bilek Law as Liaison Counsel for the proposed Class. *See In re Dynegy, Inc. Securities Litig.,* 226 F.R.D. 263, 269 (S.D. Tex. 2004) ("The adequacy requirement [also] mandates an inquiry into [] the zeal and competence of the representative's counsel…"). As discussed more fully below, these firms are highly qualified and experienced in the areas of securities class action litigation and have repeatedly demonstrated their ability to prosecute complex securities class action lawsuits.

### III.   THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Bilek Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042-LDH-AYS (E.D.N.Y.); *Vitiello et al. v. Bed Bath*

8

*& Beyond, Inc. et al.*, No. 2:20-cv-04240-MCA-MAH (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770-ERK-VMS (E.D.N.Y.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes as Lead Counsel and Co-Lead Counsel include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);
- *City of Austin Police Retirement System v. Kinross Gold Corporation*, No. 1:12-cv-01203-VEC (S.D.N.Y. 2016) ($33 million settlement);
- *In re Tower Group International, Ltd. Sec. Litig.*, No. 1:13-cv-05852-AT (S.D.N.Y. 2015) ($20.5 million settlement)
- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);
- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);
- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and
- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

9

Proposed Liaison Counsel, Bilek Law, also has extensive class action experience and has successfully prosecuted numerous securities fraud class actions. *See* Bilek Decl., Ex. E (Firm Résumé of Bilek Law).

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint him as Lead Plaintiff; and (3) approve his selection of Bernstein Liebhard as Lead Counsel and Bilek Law as Liaison Counsel for the proposed Class.

DATED: October 21,2021.

Respectfully submitted,

/s/ Thomas E. Bilek
Thomas E. Bilek
TX Bar No. 02313525
**THE BILEK LAW FIRM, L.L.P.**
700 Louisiana, Suite 3950
Houston, TX  77002
Tel:   (713) 227-7720

*Liaison Counsel for Movant and Proposed Liaison Counsel for the Proposed Class*

Laurence J. Hasson
Joseph R. Seidman, Jr.
**BERNSTEIN LIEBHARD LLP**
10 East 40th Street
New York, NY  10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  lhasson@bernlieb.com
            seidman@bernlieb.com

*Counsel for Movant and Proposed Lead Counsel for the Proposed Class*

CERTIFICATE OF SERVICE

    I hereby certify that on October 26, 2021, a true and correct copy of the foregoing was filed by CM/ECF, which will automatically serve all counsel of record.

                                            */s/ Thomas E. Bilek*
                                            Thomas E. Bilek