**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DIVISION OF AUSTIN**

| | |
|---|---|
| PIERRE BRAZEAU, Individually and on Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, ERIC J. SCHOEN, JAMES W. KUPIEC, NADAV FRIEDMANN and MICHAEL MARSMAN,<br><br>Defendants. | Case No. 1:21-cv-00751-RP<br><br>**CLASS ACTION**<br><br>**STEVE BURMEISTER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT HIM AS LEAD PLAINTIFF AND APPROVE HIS SELECTION OF LEAD COUNSEL** |
| WANDA NEWELL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, and ERIC J. SCHOEN,<br><br>Defendants. | Case No. 1:21-cv-00760-RP |
| KATLYN K. REIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, ERIC J. SCHOEN, JAMES W. KUPIEC, NADAV FRIEDMANN, and MICHAEL MARSMAN,<br><br>Defendants. | Case No. 1:21-cv-00856-RP |

## I. INTRODUCTION

Steve Burmeister respectfully submits this memorandum of law in support of his Motion to: (i) consolidate the above-captioned related actions; (ii) appoint him as lead plaintiff pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), as amended by the PSLRA, 15 U.S.C. § 78u-4, and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; and (iii) approve his selection of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel and The Fears Nachawati Law Firm ("Fears | Nachawati") as Liaison Counsel for the Class.

The three related lawsuits pending in this District should be consolidated under FED. R. CIV. P. 42(A) ("RULE 42") because each involves common questions of law and fact, warranting consolidation. *See* § IV.A, *infra*. Further, as set forth in the Certification and Loss Chart attached to the Declaration of Matthew R. McCarley in Support of Mr. Burmeister's Motion to Consolidate Related Actions, Appoint Lead Plaintiff, and Approve his Selection of Lead Counsel ("McCarley Decl.") (Exhibits A & B), Mr. Burmeister suffered losses of $303,982.54 from his purchases of Cassava Sciences, Inc. ("Cassava" or the "Company") securities between September 14, 2020 through August 27, 2021, inclusive ("Class Period").

To the best of his knowledge, his loss represents the largest financial interest of any investor seeking to be appointed lead plaintiff. In addition, Mr. Burmeister's Certification and Declaration demonstrate his awareness of the fiduciary duties associated with serving as a lead plaintiff. *See* McCarley Decl., Ex's. A & C. Mr. Burmeister therefore also satisfies the applicable typicality and adequacy requirements of Rule 23. Accordingly, Mr. Burmeister seeks an order: (i) consolidating the three above-captioned related securities actions; (ii) appointing him as Lead Plaintiff; and (iii) approving his selection of KSF as Lead Counsel and Fears | Nachawati as Liaison Counsel.

## II. PROCEDURAL BACKGROUND

Three related securities lawsuits are pending in this District: (i) *Brazeau v. Cassava Sciences, Inc., et al.*, No. 1:21-cv-00751 (W.D. Tex. Aug. 27, 2021); (ii) *Newell v. Cassava Sciences, Inc., et al.*, No. 1:21-cv-00760 (W.D. Tex. Aug. 30, 2021); and (iii) *Rein v. Cassava Sciences, Inc., et al.*, No. 1:21-cv-00856 (W.D. Tex. Sept. 24, 2021).[1] Each alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder. *See Brazeau* Compl., ¶¶ 10, 60-66; *see also Newell* Compl., ¶¶ 11, 58-72; *and Rein* Compl., ¶¶ 15, 77-91.

Common named defendants exist in all three Actions. Defendants Cassava, Barbier, and Schoen are named in all three Actions, and all the remaining Defendants are named in both the *Brazeau* and *Rein* Actions.[2] Each lawsuit makes similar allegations against Defendants, bringing claims under the Securities Exchange Act of 1934. The *Brazeau* Action asserts claims "on behalf of all purchasers of the common stock of Cassava between February 2, 2021 and August 24, 2021, inclusive[.]" *Brazeau* Compl., ¶ 1.[3] The *Newell* and *Rein* Actions allege a longer Class Period and assert claims "on behalf of persons and entities that purchased or otherwise acquired Cassava securities between September 14, 2020 and August 27, 2021, inclusive[.]" *Newell* Compl., ¶ 1; *see Rein* Compl., ¶ 1 (same).

On August 27, 2021, notice of the *Brazeau* Action was published over *PR Newswire*, advising potential class members of the October 26, 2021 deadline to seek appointment as lead plaintiff. *See* McCarley Decl., Ex. D. Then, on August 30, 2021, notice of the *Newell* Action was

---

1 Collectively, they are referred to as the "Related Actions."

2 The presence or absence of additional Defendants in some of the lawsuits is not an obstacle to consolidation. *See* § IV.A, *infra*.

3 All emphasis added and internal citations omitted unless otherwise noted.

published over *BusinessWire*, reiterating that, despite the extended putative class period, the October 26, 2021 filing deadline remained in place.[4] *Id*.

## III. STATEMENT OF FACTS

Cassava is an Austin-based clinical stage biotechnology company which develops drugs for neurodegenerative disease and treatment. *Rein* Compl., ¶ 2. The Company currently has no revenue, and its financial viability is tied to two product candidates: (i) simufilam, which is being developed for the treatment of Alzheimer's disease; and (ii) SavaDx, a blood-based diagnostic meant to detect Alzheimer's disease. *Id*. Throughout the Class Period, the Defendants allegedly issued multiple misleading misstatements and material omissions which overstated the quality and integrity of the scientific data supporting their claims for simufilam's efficacy and improved cognitive abilities in Alzheimer's patients following administration of the drug. *See, generally, Brazeau* Compl., ¶¶ 28-37; *Newell* Compl., ¶¶ 21-31; *and Rein* Compl., ¶¶ 30-43.

On July 29, 2021, the Company published supposedly positive cognition data in a press release titled "Cassava Sciences Announces Positive Cognition Data With Simufilam in Alzheimer's Disease." *Rein* Compl., ¶ 45. However, despite the Company's rosy presentation, analysts noted the simufilam data did not appear any more effective than a competitor's similar product, consequently depressing the overinflated values of Cassava stock. *Id.* at ¶¶ 45-47. Then, on August 24, 2021, public reports emerged that a citizen petition had been submitted to the FDA assailing the accuracy and integrity of simufilam's clinical data and requesting that the FDA halt Cassava's clinical trials pending an audit. *Id.* at ¶¶ 5, 50-52. And while the Company

[4] Multiple publications are not uncommon where, as here, multiple actions are filed. Class members are given sufficient notice when the first lawsuit is announced in *PR Newswire*, followed by a similarly published notice of a second lawsuit "reiterating the . . . deadline for seeking appointment as lead plaintiff." *Cambria Cty. Emps. Ret. Sys. v. Venator Materials PLC*, 2019 U.S. Dist. LEXIS 181461, at *3-4 (S.D. Tex. 2019).

issued a rebuttal statement the following morning, purportedly supported by an independent analytics company called Quanterix, the price of Cassava common stock nevertheless fell 31.38%, to close at $80.86 on August 25, 2021, on unusually heavy volume. *Rein* Compl., ¶¶ 8-10, 53-54.

The first-filed *Brazeau* Action followed on August 27, 2021. That same day, Quanterix issued a statement denying that it had interpreted the test results or prepared the data Cassava had touted in its August 25, 2021 rebuttal statement, prompting even further damage control by Cassava. *Rein* Compl. at ¶¶ 11-12, 56-58. The Company's share price fell yet again in response to the news, dropping nearly 18% in a single trading day. *Id.* at ¶¶ 13, 58. The *Newell* and *Rein* Actions commenced thereafter.

## IV. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation of securities class actions is appropriate where, as here, the actions involve common questions of law and fact. *See Bremer v. Solarwinds Corp.*, 2021 U.S. Dist. LEXIS 124780, at *3-4 (W.D. Tex. 2021) (Pittman, J.). Courts recognize that securities class actions are ideally suited to consolidation. *See Edwards v. McDermott Int'l, Inc.*, 2021 U.S. Dist. LEXIS 71755, at *7 (S.D. Tex. 2021) (noting that courts routinely consolidate securities class actions). The Related Actions are ideally suited for consolidation.[5]

As noted above, they bring near-identical claims against common Defendants for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. The only material distinctions between the Related Actions are: (i) the

---

[5] On October 25, 2021, Defendants Cassava, Barbier, Schoen, Kupiec, Freidman, and Marsman and Plaintiffs Brazeau, Newell, and Rein filed an agreed motion regarding, *inter alia*, consolidation of the Related Actions. There, they jointly represented that the Related Actions should be consolidated, as they all arise from the same alleged transactions and occurrences. *See* ECF No. 12 at ¶ 5.

presence of additional Defendants in the *Brazeau* and *Rein* Actions; and (ii) the extended putative Class Period in the *Newell* and *Rein* Actions, versus the shorter putative Class Period in the *Brazeau* Action. None present an obstacle to consolidation.

Further, in securities actions such as this, where common questions of law and fact are present, consolidation is appropriate even where the named defendants are not identical in each case. *See Bremer*, 2021 U.S. Dist. LEXIS 124780, at *3-4; *see also Edwards*, 2021 U.S. Dist. LEXIS 71755, at *6. Additionally, where, as here, different class periods have been alleged, courts generally favor adopting the longest-noticed class period. *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 433-34 (S.D. Tex. 2010) (collecting cases). Absent proof that the additional allegations were frivolously added for the sole purpose of manipulating the class period, the actions may still be consolidated, with the longer class period being used to determine which applicant has the largest financial interest. *Id*. at 434-35. Here, there is no indication that the allegations supporting the extended putative class period of the *Newell* and *Rein* Actions were frivolously made. Accordingly, the Related Actions should be consolidated.

**B. Mr. Burmeister Should Be Appointed as Lead Plaintiff**

The PSLRA establishes the procedure to appoint a lead plaintiff in a securities fraud class action. 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i). First, the plaintiff who files the initial action must publish a notice within 20 days of filing the action advising the class of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, notice of the first-filed lawsuit was published on August 27, 2021 *via PR Newswire*. *See* McCarley Decl., Ex. D.

Next, within 60 days of publication, members of the proposed class are entitled to seek appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)-(B). The Court then appoints as lead plaintiff the member of the class that is determined to be "most capable" of adequately representing the interest of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most

adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). Once the presumption attaches, it can only be overcome upon a showing of proof that the presumptive lead plaintiff will not fairly and adequately represent the class or is subject to unique defenses that will render the presumptive lead plaintiff incapable of doing so. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

#### 1. Notice is Sufficient and Mr. Burmeister's Motion is Timely

The first-filed plaintiff published notice pursuant to the PSLRA on August 27, 2021 over *PR Newswire*. *See* McCarley Decl., Ex. D. Federal district courts in Texas often find that publication through *PR Newswire*, which is "a national business-oriented wire service," satisfies the PSLRA's statutory notice requirements. *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002) (sufficiency of *PR Newswire* notice not questioned by the Court); *Ga. Firefighters' Pension Fund v. Anadarko Petro. Corp.*, 2020 U.S. Dist. LEXIS 84167, at *3-4 (S.D. Tex. 2020) (same); Cambria Cnty. Emps. Ret. Sys., 2019 U.S. Dist. LEXIS 181461, at *3-4. Here, Mr. Burmeister's motion has been filed within 60 days of the notice and is therefore timely.

#### 2. Mr. Burmeister Possesses the Largest Financial Interest in the Relief Sought by the Class

To the best of his knowledge, Mr. Burmeister has the largest financial interest in the

relief sought by the putative class. Mr. Burmeister purchased 22,000 gross shares during the Class Period and retained 10,000 of those shares on August 27, 2021. He sustained a loss of $303,982.54 in connection with his purchase of Cassava securities during the Class Period. *See* McCarley Decl., Ex. B; *see also Mullins v. AZZ, Inc.*, 2018 U.S. Dist. LEXIS 222090, at *3 (N.D. Tex. 2018). Again, courts adopt the longest-noticed class period in assessing financial interest. *See BP*, 758 F. Supp. 2d at 433-34.

### 3. Mr. Burmeister Meets the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of lead plaintiffs, Rule 23(a) generally requires that their claims be typical of the claims of the class and that the representatives will fairly and adequately protect the interest of the class. *See* FED. R. CIV. P. 23. As detailed below, Mr. Burmeister satisfies the typicality and adequacy requirements of Rule 23(a).

Rule 23(a)(3)'s typicality requirement is satisfied "where [a representative plaintiff's] claims and those of all other class members 'arise from the same course of events, and their legal arguments to prove Defendants' liability are virtually identical.'" *Bremer*, 2021 U.S. Dist. LEXIS 124780, at *5; *see Strong v. Athrocare Corp.*, 2008 U.S. Dist. LEXIS 145799, at *25 (W.D. Tex. 2008). Here, Mr. Burmeister's claims are typical of those of other putative class members. *See In re Universal Access, Inc.*, 209 F.R.D. 379, 385-86 (E.D. Tex. 2002). Like absent class members, he: (i) purchased or otherwise acquired Cassava securities during the Class Period; (ii) did so in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (iii) suffered damages from purchasing artificially inflated securities and then suffered harm when the truth was revealed. *See* McCarley Decl., Ex's. A, B, & C.

A representative party must "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4); *see In re Universal Access, Inc.*, 209 F.R.D. at 386. Here, Mr. Burmeister's interests are clearly aligned with other members of the class, and there is no antagonism between his interests and theirs. Mr. Burmeister is an attorney based in Independence, Missouri with years of litigation experience involving, *inter alia*, investment fraud. *See* McCarley Decl., Ex. C (Burmeister Declaration at ¶ 3). He has amply demonstrated his adequacy as a class representative by signing a sworn certification and declaration affirming his willingness to serve as, and assume the fiduciary responsibilities of, serving as lead plaintiff. McCarley Decl., Ex. A (certification); Ex. C (Burmeister Declaration at ¶¶ 1-2, 4-8). In addition, Mr. Burmeister has selected counsel highly experienced in prosecuting securities class actions as proposed lead counsel. McCarley Decl., Ex. E.

### C. This Court Should Approve Mr. Burmeister's Choice of Lead and Liaison Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Bremer*, 2021 U.S. Dist. LEXIS 124780, at *6. Here, Mr. Burmeister has selected KSF as Lead Counsel for the class following his own independent assessment of the firm's qualifications. *See* McCarley Decl., Ex. C at ¶¶ 7-8. KSF is a national law firm with presences in Louisiana, California, New York, and New Jersey and courts have repeatedly found KSF well-qualified to serve as Lead Counsel in securities class actions such as this. *See* McCarley Decl., Ex. E; *Bangzheng Chen v. CytRx Corp.*, 2014 U.S. Dist. LEXIS 194696, at *9 (C.D. Cal. 2014) ("Based on the firm's résumé and experience with class action securities litigation, the Court is satisfied that Kahn, Swick & Foti, LLC is qualified to serve as lead counsel in this case."); *Dougherty v. Esperion Therapeutics*, 2020 U.S. Dist. LEXIS 216515, at *22-23 (E.D. Mich. 2020) (approving KSF as co-lead and co-

class counsel); *Kasper v. AAC Holdings, Inc.*, 2017 U.S. Dist. LEXIS 109608, at *42-43 (M.D. Tenn. 2017) (same); *In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, 2020 U.S. Dist. LEXIS 49786, at *29 (S.D.N.Y. 2020) (approving KSF as lead counsel).

KSF also recently prevailed on behalf of the court-appointed lead plaintiff in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019), which significantly altered the federal securities pleading requirements and civil pleading practice generally in the Ninth Circuit. *See* McCarley Decl., Ex. E. KSF also served as counsel to the lead plaintiff in the *Halliburton* securities litigation matter in this Circuit, where lead plaintiff twice prevailed before the United States Supreme Court and ultimately obtained a $100 million recovery for the class. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 134 S. Ct. 2398 (2014); *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 131 S. Ct. 2179 (2011). Thus, the Court may be assured that in the event this Motion is granted, class members will receive the highest caliber legal representation available from KSF. *See* McCarley Decl., Ex. E.

The Court should also approve Mr. Burmeister's selection of Fears | Nachawati as Liaison Counsel, given the firm's experience and expertise in federal litigation, including but not limited to business law and complex multidistrict litigation. *See* McCarley Decl., Ex. F.

## V. CONCLUSION

For the foregoing reasons, Mr. Burmeister respectfully requests that the Court: (i) consolidate the Related Actions; (ii) appoint him as Lead Plaintiff; and (iii) approve his selection of KSF as Lead Counsel and Fears | Nachawati as Liaison Counsel for the Class.

Respectfully submitted,

Dated: October 26, 2021

By: */s/ Matthew R. McCarley*

**Matthew R. McCarley**
Texas Bar No. 24041426
mccarley@fnlawfirm.com
**C. Bryan Fears**
Texas Bar No. 24040886
fears@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Rd.
Dallas, Texas 75231
Tel. (214) 890-0711
Fax (214) 890-0712

**FEARS NACHAWATI, PLLC**
401 Congress Avenue
Suite 1540
Austin, TX 78701
Tel. (512) 535-2206

*Proposed Liaison Counsel*

-and-

Ramzi Abadou (SBN 222567)
(*pro hac vice to be submitted*)
ramzi.abadou@ksfcounsel.com
**KAHN SWICK & FOTI, LLP**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498

-and-

Lewis S. Kahn
(*pro hac vice to be submitted*)
Alexander L. Burns
(*pro hac vice to be submitted)*
Morgan M. Embleton
(*pro hac vice to be submitted)*
**KAHN SWICK & FOTI, LLC**
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com

morgan.embleton@ksfcounsel.com

*Counsel for Movant Mr. Burmeister, and Proposed Lead Counsel for the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **Michael I. Fistel Jr.**<br>Johnson Fistel, LLP<br>40 Powder Springs Rd.<br>Marietta, GA 30064<br>(470) 632-6000<br>(770) 200-3101 (fax)<br>michaelf@johnsonfistel.com | **William J. Foley**<br>Orrick, Herrington & Sutcliffe LLP,<br>51 West 52nd St.<br>New York, NY 10019<br>(212) 506-5000<br>(212) 506-5151 (fax)<br>wfoley@orrick.com |
| **Joe Kendall**<br>Kendall Law Group, PLLC<br>3811 Turtle Creek Blvd., Suite 1450<br>Dallas, TX 75219<br>(214) 744-3000<br>(214) 744-3015 (fax)<br>jkendall@kendalllawgroup.com | **Claudia Wilson Frost**<br>Orrick, Herrington & Sutcliffe LLP<br>609 Main, 40th Floor<br>Houston, TX 77002<br>713-658-6460<br>713-658-6401 (fax)<br>cfrost@orrick.com |
| **Mary K. Blasy**<br>**Samuel H. Rudman**<br>Robbins Geller Rudman & Dowd LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>(631) 367-7100<br>(631) 367-1173 (fax)<br>mblasy@rgrdlaw.com<br>srudman@rgrdlaw.com | **James N. Kramer**<br>**Alexander K. Talarides**<br>Orrick, Herrington & Sutcliffe LLP,<br>405 Howard St.<br>San Francisco, CA 94105<br>(415) 773-5700<br>(415) 773-5759 (fax)<br>jkramer@orrick.com<br>atalarides@orrick.com |

| *Counsel for Plaintiff, Pierre Brazeau* | *Counsel for Defendants Cassava Sciences, Inc., Remi Barbier, Nadav Friedmann, James W. Kupiec, Michael Marsman, and Eric J. Schoen* |
|---|---|
| **William B. Federman**<br>Federman & Sherwood<br>212 W. Spring Valley Road<br>Richardson, Texas 75081<br>(405) 235-1560<br>(405) 239-2112 (fax)<br>wbf@federmanlaw.com<br><br>**Jeffrey C. Block, Esq.**<br>**Jacob Walker, Esq.**<br>Block & Leviton LLP<br>260 Franklin Street, Suite 1860<br>Boston, MA 02110<br>(617) 398-5600<br>(617) 507-6020 (fax)<br>jeff@blockleviton.com<br>jake@blockleviton.com<br><br>*Counsel for Movant, Dr. John Barsa* | |

*/s/ Matthew R. McCarley*
MATTHEW R. McCARLEY