UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| PIERRE BRAZEAU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CASSAVA SCIENCES, INC., et al.<br><br>Defendants. | § § § § § § § § § § § § | Civil Action No. 1:21-cv-00751-RP<br><br>CLASS ACTION |
| WANDA NEWELL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CASSAVA SCIENCES, INC., et al.<br><br>Defendants. | § § § § § § § § § § § § | Civil Action No. 1:21-cv-00760-RP<br><br>CLASS ACTION |
| KATLYN K. REIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CASSAVA SCIENCES, INC., et al.<br><br>Defendants. | § § § § § § § § § § § § | Civil Action No. 1:21-cv-00856-RP<br><br>CLASS ACTION |

[Caption continued on following page.]

**MOHAMMAD BOZORGI'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**

| | | |
|---|---|---|
| MANOHAR K. RAO, Individually and on Behalf of All Others Similarly Situated, | § § § § | Civil Action No. 1:21-cv-00971-RP |
| Plaintiff, | § § § | |
| vs. | § § | |
| CASSAVA SCIENCES, INC., et al., | § § | |
| Defendants. | § § | |

- i -

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT ........................................................................................................................4

    A. Mr. Bozorgi Possesses the Largest Financial Interest in the Relief Sought by the Class ...............................................................................................................4

    B. Mr. Bozorgi Satisfies the Rule 23 Requirements and Is Entitled to the Most Adequate Plaintiff Presumption ....................................................................6

III. CONCLUSION .....................................................................................................................9

4889-8911-0018.v1

## TABLE OF AUTHORITIES

Page

**CASES**

*Bremer v. Solarwinds Corp.*,
    2021 WL 2668827 (W.D. Tex. Mar. 11, 2021) ................................................................2, 4, 7

*Buettgen v. Harless*,
    263 F.R.D. 378 (N.D. Tex. 2009) ..............................................................................................5, 7

*Constance Sczesny Tr. v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) ..............................................................................................8

*Giovagnoli v. GlobalSCAPE, Inc.*,
    2017 WL 11220692 (W.D. Tex. Nov. 6, 2017) ................................................................4, 5, 7

*In re Bally Total Fitness Sec. Litig.*,
    2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ..............................................................................5

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ..............................................................................................6, 8

*In re Enron Corp., Sec. Litig.*,
    206 F.R.D. 427 (S.D. Tex. 2002) ..............................................................................................7

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..............................................................................................5

*In re Plains All Am. Pipeline, L.P. Sec. Litig.*,
    2015 WL 8207331 (S.D. Tex. Dec. 7, 2015) ..............................................................................8

*In re Waste Mgmt., Inc. Sec. Litig.*,
    128 F. Supp. 2d 401 (S.D. Tex. 2000) ..............................................................................4

*Lax v. First Merchs. Acceptance Corp.*,
    1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ..............................................................................5

*Makhlouf v. Tailored Brands, Inc.*,
    2017 WL 1092311 (S.D. Tex. Mar. 23, 2017) ..............................................................................8

*Mullins v. AZZ, Inc.*,
    2018 WL 7504312 (N.D. Tex. Aug. 9, 2018) ..............................................................................6

*Murphy v. JBS S.A.*,
    2017 WL 4480751 (E.D.N.Y. Oct. 6, 2017) ..............................................................................8

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
    63 F. Supp. 3d 394 (D. Del. 2014) ..............................................................................................8

4889-8911-0018.v1

**Page**

*Richman v. Goldman Sachs Grp., Inc.*,
    274 F.R.D. 473 (S.D.N.Y. 2011) ..................................................................................5

*St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*,
    2019 WL 494129 (M.D. Tenn. Jan. 9, 2019) ................................................................6

*Strong v. AthroCare Corp.*,
    2008 WL 11334942 (W.D. Tex. Dec. 10, 2008) .......................................................4, 5

*Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*,
    2016 WL 1625774 (N.D. Tex. Apr. 25, 2016) .............................................................1

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78u-4 ............................................................................................................................1
    §78u-4(a)(3)(B)(i) .........................................................................................................4
    §78u-4(a)(3)(B)(ii) ........................................................................................................1
    §78u-4(a)(3)(B)(iii)(I) ...........................................................................................2, 3, 4
    §78u-4(a)(3)(B)(iii)(I)(bb) ............................................................................................4
    §78u-4(a)(3)(B)(iii)(II) ..............................................................................................4, 8

Federal Rules of Civil Procedure
    Rule 23 ................................................................................................................. *passim*
    Rule 42(a) .....................................................................................................................1

**SECONDARY AUTHORITIES**

Manual for Complex Litigation §31.31 (4th ed.) ................................................................7

I.      **INTRODUCTION**

Presently pending before this Court are four related securities class action lawsuits brought pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") on behalf of purchasers of Cassava Sciences, Inc. securities: *Brazeau v. Cassava Sciences, Inc.*, No. 1:21-cv-00751-RP, *Newell v. Cassava Sciences, Inc.*, No. 1:21-cv-00760-RP, *Rein v. Cassava Sciences, Inc.*, No. 1:21-cv-00856-RP, and *Rao v. Cassava Sciences, Inc.*, No. 1:21-cv-00971-RP (the "Related Actions"). The Related Actions arise from defendants' misrepresentations concerning Cassava's flagship therapeutic product, simufilam, a small molecule drug designed to treat Alzheimer's disease.

The Related Actions are subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified in relevant part at §21D(a) of the Exchange Act, 15 U.S.C. §78u-4, which provides for, among other things, a specific case management process during the initial stages of securities fraud cases. The PSLRA advises district courts that they must decide consolidation ***before*** selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, an agreed motion regarding consolidation of the Related Actions was filed on October 25, 2021 (*see* ECF No. 12 at 12) and all lead plaintiff movants agree that consolidation of the Related Actions is warranted pursuant to Rule 42(a) as all four cases involve similar legal and factual issues.[1]

---

[1]     The first-filed *Brazeau* Action alleges a class period of February 2, 2021 through August 24, 2021, while the *Newell*, *Rein*, and *Rao* Actions allege a class period from September 14, 2020 through August 27, 2021. The differences in the class periods and class definitions set forth in the Related Actions will be easily reconciled by the eventual lead plaintiff through the filing of a consolidated class action complaint.

The Court also need not determine which class period to adopt for lead plaintiff purposes as Mohammad Bozorgi is the presumptive lead plaintiff under all of the class definitions proposed by the Related Actions. Here, for the purpose of comparing financial interests and assessing typicality and adequacy, Mr. Bozorgi does not object to the use of the longer class period. *See generally Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, 2016 WL 1625774, at *2 (N.D. Tex. Apr. 25,

The appointment of lead plaintiff in a securities class action is also governed by the PSLRA. The statutory framework provides a strong presumption that the "most adequate plaintiff" in a securities class action is the movant with the largest financial interest in the relief sought by the class that also meets the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Here, 10 movants filed timely motions seeking consolidation of the Related Actions and appointment as lead plaintiff pursuant to the PSLRA.[2] Based on each of the movants' representations regarding the loss they suffered, Mr. Bozorgi has the largest financial interest in this action:

| MOVANT | APPROXIMATE LOSS 9/14/20 – 8/27/21 CLASS PERIOD |
|---|---|
| ***Mr. Bozorgi*** | ***$1,539,508*** |
| The Vu Group | $1,017,230 |
| Manohar K. Rao | $602,392 |
| Dr. John Barsa | $524,391 |
| Shamsher Ahluwalia | $456,376 |
| Steve Burmeister | $303,982 |
| Thibault Magnin | $486,612 |
| The Choi Group | $435,416 |
| Reza Blourchian | $345,208 |
| Stephen Branch | $29,240 |

*See* ECF Nos. 26-3, 21-3, 17-4, 16-4, 38, 33-5, 24-2, 23-3, 18-6, 34-3.

*See, e.g.*, *Bremer v. Solarwinds Corp.*, 2021 WL 2668827, at *2 (W.D. Tex. Mar. 11, 2021) ("Because [movant A] has sustained a loss that is 'multiples larger than the loss incurred by [competing movants B and C],' [movant A] has sufficiently demonstrated that it 'has the greatest

---

2016) (courts generally adopt the most inclusive class period for purposes of assessing financial interest and appointing a lead plaintiff).

[2]  The movants are: (1) Mr. Bozorgi; (2) Thi Huyen Vu, Qing Yang, Ronald L. Selman, and Vinod K. Thukral (the "Vu Group"); (3) Manohar K. Rao; (4) Dr. John Barsa; (5) Shamsher Ahluwalia; (6) Steve Burmeister; (7) Thibault Magnin; (8) Warren Choi, Kevin Otto, and Ken Van Ho (the "Choi Group"); (9) Reza Blourchian; and (10) Stephen Branch. *See* ECF Nos. 25, 21, 17, 14, 38, 31, 24, 20, 18, 31. Unless otherwise noted herein, all emphasis is added and all citations are omitted..

financial interest in the litigation.'"). Mr. Bozorgi also unquestionably satisfies Rule 23's requirements. *See* ECF No. 25 at 5-8. Bozorgi is typical and adequate of the putative class and is otherwise perfectly situated to represent all class members. In addition, Bozorgi has chosen counsel with decades of experience litigating securities class actions and has submitted a Declaration attesting to his commitment to vigorously prosecute this litigation on behalf of all class members. *See id.*; ECF No. 26-5. Thus, under the PSLRA, there is a strong presumption that Bozorgi is the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

In recognition that Mr. Bozorgi has the largest financial interest and is otherwise adequate to represent the class, the Vu Group – the movant with the ***second-largest*** financial interest – does not oppose the relief requested by Bozorgi (*see* ECF No. 45). Likewise, Mr. Burmeister and the Choi Group have also acknowledged that Bozorgi is the presumptive lead plaintiff under the PSLRA. *See* ECF No. 43 (Burmeister observing that "Mohammad Bozorgi possesses the 'largest financial interest in the relief sought by the class' pursuant to the PSLRA. . . . Mr. Bozorgi also appears to satisfy Rule 23's adequacy and typicality requirements."); ECF No. 48 (The Choi Group recognizing that "movant Mohammad Bozorgi, claiming losses of in excess of $1.5 million, has 'the largest financial interest in the relief sought by the Class' and should be appointed Lead Plaintiff.").[3] Because Bozorgi has the largest financial interest of any movant and satisfies the Rule 23 requirements, Bozorgi respectfully requests that the Court grant his lead plaintiff motion and deny the competing class members' motions.

---

[3]  In addition to the Vu Group, Mr. Burmeister, and the Choi Group, movants Stephan Branch, Thibault Magnin, Reza Blourchian, and Shamsher Ahluwalia have also filed notices of non-opposition, each acknowledging that they do not possess the largest financial interest. *See* ECF Nos. 40, 47, 48, 50.

## II. ARGUMENT

Pursuant to the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff is "the person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Indeed, "[o]ne of the main goals of the PSLRA is 'to have the plaintiff class, represented by a member with a substantial financial interest in the recovery as incentive, monitor the litigation to prevent its being lawyer-driven.'" *Strong v. AthroCare Corp.*, 2008 WL 11334942, at *3 (W.D. Tex. Dec. 10, 2008) (quoting *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 411-12 (S.D. Tex. 2000)).

Accordingly, while the PSLRA's "most adequate plaintiff" presumption is rebuttable, it can be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

### A. Mr. Bozorgi Possesses the Largest Financial Interest in the Relief Sought by the Class

While the PSLRA does not define the "largest financial interest," nor does it dictate the relevant metrics used to make that determination, Mr. Bozorgi has the largest financial interest in the relief sought by the class under any relevant metric commonly adopted by courts in this District and Circuit. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

Courts within this District – including this Court – have relied on the movants' approximate losses during the longest alleged class period to ascertain which movant possesses the largest financial interest. *See, e.g.*, *Bremer*, 2021 WL 2668827, at *2; *Giovagnoli v. GlobalSCAPE, Inc.*,

- 4 -

2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017). Mr. Bozorgi suffered a loss of over $1.5 million in both relevant class periods – which loss is over $500,000 greater than the next closest group movant and roughly $1 million greater than the next closest individual movant.

In some instances, courts also look to the so-called *Olsten-Lax* factors to determine the largest financial interest: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Buettgen v. Harless*, 263 F.R.D. 378, 380 (N.D. Tex. 2009); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997. Courts consider the *Olsten-Lax* factors to be properly ordered "so that the number of shares purchased (Factor 1) is the least important and the loss suffered (Factor 4) is the most important." *See Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475-76 (S.D.N.Y. 2011). Therefore, even under an *Olsten-Lax* analysis, losses suffered (the fourth factor) is considered the critical ingredient of assessing financial interest. *See, e.g.*, *Giovagnoli*, 2017 WL 11220692, at *3 ("Courts consistently consider the fourth factor – the approximate losses suffered – as most determinative to identify the plaintiff with the largest financial loss. . . . Accordingly, the Court will concentrate on the approximate losses claimed by each movant to determine which plaintiff has the largest financial interest.") (collecting cases); *Strong*, 2008 WL 11334942, at *5 (same).[4] To that end, when selecting the movant with the largest financial interest, courts find that even marginally greater losses outweigh meaningful advantages in any other (or all three) *Olsten-Lax* factors. *See, e.g.*, *St.*

---

[4]   *In re Bally Total Fitness Sec. Litig.*, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005) ("Not surprisingly, some of the lead plaintiff candidates who are in the middle of the pack in terms of losses . . . contend that we should also examine factors such as the number of shares purchased, the number of net shares purchased, and the total net funds expended by the plaintiff during the class period, citing *Lax* . . . . It is not self-evident, though, what weight these factors should be given in relation to the amount of loss, or even why we should consider them at all . . . . We believe that the best yardstick by which to judge 'largest financial interest' is the amount of loss, period.").

*Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*, 2019 WL 494129, at *3 (M.D. Tenn. Jan. 9, 2019) (appointing movant with the largest loss, despite a competing movant's larger shares purchased (both total and net) and greater net expenditure).

An *Olsten-Lax* analysis among the top five movants in this case likewise confirms that Mr. Bozorgi – who purchased the most shares, expended the most funds, and suffered the greatest losses – possesses the largest financial interest in the relief sought by the class:

| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended | Losses Suffered[5] |
|---|---|---|---|---|
| ***Mr. Bozorgi*** | 176,400 | 27,775 | $2,983,747 | $1,539,508 |
| The Vu Group | 89,015 | 13,159 | $1,712,029 | $1,017,230 |
| Manohar K. Rao | 6,700 | 0 | -$291,813 | $602,392 |
| Dr. John Barsa | 7,500 | 0 | $524,391 | $524,391 |
| Shamsher Ahluwalia | 75,400 | 42,200 | $2,749,250 | $456,376 |

Accordingly, Mr. Bozorgi is undeniably the lead plaintiff movant with the largest financial interest.

### B. Mr. Bozorgi Satisfies the Rule 23 Requirements and Is Entitled to the Most Adequate Plaintiff Presumption

"Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *see also Mullins v. AZZ, Inc.*, 2018 WL 7504312, at *1 (N.D. Tex. Aug. 9, 2018) ("'So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . .'") (quoting *Cavanaugh*, 306 F.3d 726 at 732). Importantly, the "inquiry at this stage is not as searching as would follow a motion for class certification, yet the plaintiff or group of plaintiffs must make some showing that its claims

---

[5] The movants' losses are the same regardless of whether they are calculated pursuant to the first-in, first-out or last-in, first-out accounting methodology.

- 6 -
4889-8911-0018.v1

are typical of the putative class and that it has the capacity to adequately represent the class." *Buettgen*, 263 F.R.D. at 381; *see also Giovagnoli*, 2017 WL 11220692, at *3 (a lead plaintiff movant needs to only make "a preliminary showing" that he satisfies Rule 23's typicality and adequacy requirements); Manual For Complex Litigation §31.31 (4th ed.) ("The showing under Rule 23 is considered a preliminary inquiry into whether the plaintiff has made a prima facie showing that the adequacy and typicality requirements have been met.").

"Typicality is achieved where the named plaintiffs' claims arise 'from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory.'" *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 441 (S.D. Tex. 2002). "The adequacy review '"serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent."'" *Id.* Here, it is readily evident that Mr. Bozorgi satisfies the adequacy and typicality requirements. *See* ECF No. 25 at 5-7. Bozorgi has demonstrated that he purchased Cassava stock during both relevant class periods, and that his shares subsequently lost significant value as a result of defendants' alleged actions and false statements. *See id.* Indeed, Bozorgi's "claims and those of all other class members 'arise from the same course of events, and their legal arguments to prove Defendants' liability are virtually identical.'" *Bremer*, 2021 WL 2668827, at *2. Bozorgi's interests are perfectly aligned to the interests of other class members and there is no evidence of any conflicts between Bozorgi and the other class members. Bozorgi's adequacy is further bolstered by his selection of Robbins Geller as lead counsel. *See* ECF No. 25 at 7-8 (describing Robbins Geller's qualifications which include obtaining the top two PSLRA recoveries in Texas and Fifth Circuit history).

Importantly, "'[t]hat the district court believes another plaintiff may be "more typical" or "more adequate" is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is

- 7 -

4889-8911-0018.v1

convinced that some other plaintiff would do a better job.'" *In re Plains All Am. Pipeline, L.P. Sec. Litig.*, 2015 WL 8207331, at *5 (S.D. Tex. Dec. 7, 2015) (quoting *Cavanaugh*, 306 F.3d at 732).

"Once the court identifies the presumptive lead plaintiff . . . , that presumption may be rebutted by opposing parties 'only upon proof' that the presumptive lead plaintiff 'will not fairly and adequately protect the interests of the class,' or that the presumptive lead plaintiff is 'subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Makhlouf v. Tailored Brands, Inc.*, 2017 WL 1092311, at *9 (S.D. Tex. Mar. 23, 2017) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)). Importantly, "'exacting proof' is needed to rebut the presumption." *Murphy v. JBS S.A.*, 2017 WL 4480751, at *5 (E.D.N.Y. Oct. 6, 2017). "Conclusory assertions and mere speculation will not suffice." *Id.*; *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 403 (D. Del. 2014) ("The [competing movant] must produce more than speculation to rebut the presumption. . . . Mere speculation about a unique defense does not meet this standard."); *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are . . . insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the presumptively most adequate plaintiff] would be uniquely subject."). Here, no such proof exists.

Consequently, because Mr. Bozorgi is the presumptive lead plaintiff, the Court should deny the competing lead plaintiff motions.

### III.    CONCLUSION

It is axiomatic that the investor with the largest financial interest that satisfies the Rule 23 requirements is entitled to the PSLRA's most adequate plaintiff presumption. The competing movants cannot rebut that presumption with exacting proof. As such, Mr. Bozorgi's motion should be granted.

DATED:  November 9, 2021                    Respectfully submitted,

                KENDALL LAW GROUP, PLLC
                JOE KENDALL (Texas Bar No. 11260700)

                *s/ Joe Kendall*
                JOE KENDALL

                3811 Turtle Creek Blvd., Suite 1450
                Dallas, TX  75219
                Telephone:  214/744-3000
                214/744-3015 (fax)
                jkendall@kendalllawgroup.com

                Local Counsel for [Proposed] Lead Plaintiff

                ROBBINS GELLER RUDMAN
                  & DOWD LLP
                DANIELLE S. MYERS
                JENNIFER N. CARINGAL
                MICHAEL ALBERT
                JUAN CARLOS SANCHEZ
                655 West Broadway, Suite 1900
                San Diego, CA  92101
                Telephone:  619/231-1058
                619/231-7423 (fax)
                dmyers@rgrdlaw.com
                jcaringal@rgrdlaw.com
                malbert@rgrdlaw.com
                jsanchez@rgrdlaw.com

                [Proposed] Lead Counsel for [Proposed] Lead Plaintiffs

- 1 -

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document and attached exhibits through the Court's CM/ECF system on November 9, 2021, which will serve all counsel of record.

*/s/ Joe Kendall*
JOE KENDALL