UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| IN RE CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § § § § § § § | No.  1:21-CV-751-DAE |

ORDER APPOINTING LEAD PLAINTIFF
AND APPROVING SELECTION OF COUNSEL

The issue before the Court is to appoint a lead plaintiff and approve the selection of counsel for this consolidated action.  Ten parties filed motions for appointment as lead plaintiff, which are detailed below.  Based on the filings, the Court determines that Mohammad Bozorgi's Motion for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel should be **GRANTED**. (Dkt. # 25.)  Therefore, Mohammad Bozorgi is lead plaintiff, and his selection of counsel is **APPROVED**.  The Court **DENIES** the remaining motions for appointment as lead plaintiff and approval of counsel.  (Dkts. ## 14, 17, 18, 20, 21, 24, 31, 33, 38.)

BACKGROUND

This consolidated case arises from four related securities class action lawsuits brought under § 10(b) and § 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") on behalf of purchasers of Defendants Cassava Sciences, Inc.'s ("Defendants" or "Cassava") securities.  The actions in this case arise from alleged misrepresentations regarding Defendants' Simufilam, a small molecule drug designed for the treatment of Alzheimer's disease and alleged to be Defendants' flagship therapeutic product.  The actions are subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which provides specific case management mandates for the initial stages of a securities fraud case, including consolidating, appointing a lead plaintiff, and approving lead counsel.  See 15 U.S.C. § 78u-4.

The parties filed an agreed motion to consolidate the actions, which the Court granted.  (Dkt. # 58.)  Now the issue before the Court is selecting a lead plaintiff and approving selection of counsel.  Ten parties filed motions for appointment as lead plaintiff and for approval of lead counsel in this consolidated action against Defendants: (1) John Barsa (Dkt. # 14), (2) Manohar Rao (Dkt. # 17), (3) Reza Blourchian (Dkt. # 18), (4) Warren Choi, Kevin Otto, and Ken Van Ho (Dkt. # 20), (5) Thi Huyen Vu, Qing Yang, Ronald L. Selman, and Vinod K. Thukral (Dkt. # 21), (6) Thibult Magnin (Dkt. # 24), (7) Mohammad

Bozorgi (Dkt. # 25), (8) Stephen Branch (Dkt. # 31), (9) Steve Burmeister (Dkt. # 33), and (10) Shamsher Ahluwalia (Dkt. # 38).

Subsequently, a number of the movants filed notices with the Court either to no longer oppose Bozorgi's Motion for Appointment as Lead Plaintiff or in recognition that they did not hold the largest financial interest in the litigation: (1) Manohar Rao submitted a Notice of Non-Opposition to Bozorgi's Motion to the Court based on not holding the largest financial interest (Dkt. # 52), (2) Reza Blourchian submitted a Notice of Non-Opposition to Competing Plaintiff's Motions based on not holding the largest financial interest (Dkt. # 49), (3) Warren Choi, Kevin Otto, and Ken Van Ho submitted a Non-Opposition to Competing Plaintiff's Motions and voiced support for Bozorgi to be appointed as lead plaintiff because he holds the largest financial interest (Dkt. # 48), (4) Thi Huyen Vu, Qing Yang, Ronald L. Selman, and Vinod K. Thukral submitted a Notice of Non-Opposition to Competing Plaintiff's Motions based on not holding the largest financial interest (Dkt. # 45), (5) Thibult Magnin submitted a Notice of Non-Opposition to Competing Plaintiff's Motions based on not holding the largest financial interest (Dkt. # 47), (6) Stephen Branch submitted a Notice of Non-Opposition to Competing Plaintiff's Motions based on not holding the largest financial interest (Dkt. # 40), (7) Steve Burmeister submitted a Non-Opposition to Competing Plaintiff's Motions and voiced support for Bozorgi to be appointed as

3

lead plaintiff because he holds the largest financial interest (Dkt. # 43), and

(8) Shamsher Ahluwalia submitted a Notice of Non-Opposition to Competing

Plaintiff's Motions based on not holding the largest financial interest (Dkt. # 50).

Therefore, the remaining movants are Mr. Barsa and Mr. Bozorgi.  Mr.

Barsa submitted additional briefing in support of his appointment as lead plaintiff

and in opposition to the appointment of Mr. Bozorgi as lead plaintiff.  (Dkts. ## 51,

54.)  Mr. Bozorgi also submitted additional briefing in support of his appointment

as lead plaintiff.  (Dkts. ## 53, 55.)

## LEGAL STANDARD

The PSLRA provides a strong but rebuttable presumption that the

most adequate plaintiff in a securities class action is the movant with "the largest

financial interest in the relief sought by the class" and who also meets the

requirements of Federal Rule of Civil Procedure 23.  See 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I).  This inquiry proceeds in three steps: (1) ensuring that the parties

have satisfied the first step of providing notice of the pendency of the action, the

claims made in the action, and the class period, (2) determining who "has the

largest financial interest in the relief sought by the class," and (3) giving "other

plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it

satisfies Rule 23's typicality and adequacy requirements."  In re Cavanaugh, 306

F.3d 726, 730 (9th Cir. 2002).

4

Rule 23 generally requires typicality and adequacy for class actions. See Fed. R. Civ. P. 23(a).  "Although the inquiry at this stage of the litigation in selecting the Lead Plaintiff is not as searching as the one triggered by a subsequent motion for class certification, the proposed Lead Plaintiff must make at least a preliminary showing that it has claims that are typical of those of the putative class and has the capacity to provide adequate representation for those class members." In re Enron Corp. Sec. Litig., 206 F.R.D. 427, 441 (S.D. Tex. 2002).  However, "potential lead plaintiffs need not submit evidentiary proof of typicality or adequacy" to make a preliminary showing.  In re BP, PLC Sec. Litig., 758 F. Supp. 2d 428, 435 (S.D. Tex. 2010) (citing Gluck v. CellStar Corp., 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Id.  Where the class representative's claims share the same essential characteristics of the putative class, they are typical.  James v. City of Dallas, 254 F.3d 551, 571 (5th Cir. 2001). Moreover, "[i]f the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." Id.  Adequacy requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  "Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives

5

only if those differences create conflicts between the named plaintiffs' interests and the class members' interests." Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 626 (5th Cir. 1999).

DISCUSSION

The Court, finding that the parties have satisfied the first step, will proceed to the second step of the analysis—determining who has the largest financial interest in the litigation.  In re Cavanaugh, 306 F.3d at 730.  All movants have acknowledged that Mr. Bozorgi has the largest financial interest in this action, and the Court finds that Mr. Bozorgi does in fact have the largest financial interest. (See Dkts. ## 25, 40, 43, 45, 47, 48, 49, 50, 51, 52.)  The following table illustrates the Court's findings as to each Movant's loss:

| Movant | Approximate Loss During Longest Alleged Class Period[1] |
|---|---|
| Mohammad Bozorgi | **$1,539,508** (Dkt. # 26-3) |
| The Vu Group | $1,017,230 (Dkt. # 21-3) |
| Manohar K. Rao | $602,392 (Dkt. # 17-4) |
| Dr. John Barsa | $524,391 (Dkt. # 16-4) |
| Shamsher Ahluwalia | $456,376 (Dkt. # 38) |

---

[1] This chart utilizes the longest alleged class period to determine the movant with the greatest financial stake in the litigation.  See Town of Davie Police Pension Plan v. Pier 1 Imports, Inc., 2016 WL 1625774, at *2 (N.D. Tex. Apr. 25, 2016).

| Steve Burmeister | $303,982 (Dkt. # 33-5) |
|---|---|
| Thibault Magnin | $486,612 (Dkt. # 24-2) |
| The Choi Group | $435,416 (Dkt. # 23-3) |
| Reza Blourchian | $345,208 (Dkt. # 18-6) |
| Stephen Branch | $29,240 (Dkt. # 34-3) |

Because Mr. Bozorgi has the largest financial interest in the outcome of the litigation, if he satisfies the typicality and adequacy requirements of Rule 23, he will be the presumptive most adequate plaintiff.  In re Cavanaugh, 306. F.3d at 730.

At this stage, Mr. Bozorgi only has to make a prima facie case for typicality and adequacy.  See id.  Bozorgi asserts that he satisfies both the typicality and adequacy requirements.  (Dkt. # 53.)  By purchasing Defendants' stock during both time periods alleged by the class and by showing that his shares lost significant value as a result of Defendants' alleged actions and statements, Bozorgi asserts that his claims arise from the same course of events and involve virtually identical legal arguments to show liability.  (Id.)  Bozorgi further states that there are no conflicts between him and any other class member.  (Id.)  The Court finds Mr. Bozorgi has established a prima facie case for typicality and adequacy under Rule 23 and is the presumptive most adequate lead plaintiff.  As a result, the Court will move to the third step of the process—giving "other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies

7

Rule 23's typicality and adequacy requirements." <u>In re Cavanaugh</u>, 306 F.3d at

730 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

   Mr. Barsa argues that Mr. Bozorgi should not be appointed as lead

plaintiff because he fails to meet the adequacy and typicality requirements of Rule

23.  (Dkt. # 51.)  Mr. Barsa asserts that Mr. Bozorgi is subject to unique defenses

because he made a number of trades in a short period of time such that he may be

considered an "in-and-out" trader or day trader of Defendants' securities.  (<u>Id.</u>)  Mr.

Barsa asserts that Mr. Bozorgi bought thousands of shares of Defendants' stock and

then sold the same number of shares all on the same day or shortly thereafter at

least ten times, which Mr. Barsa alleges accounts for the vast majority of Mr.

Bozorgi's trading activity.  (<u>Id.</u>)  Because of this supposed in-and-out trading and

day trading, Mr. Barsa alleges that Bozorgi is subject to a defense unique to him—

that of "trading in response to information other than the alleged misstatements and

omissions of Defendants"—which makes his case not typical of the class.  (<u>Id.</u>

(citing <u>Plymouth Cnty. Ret. Sys. v. Apache Corp.</u>, 566 F. Supp. 3d 712, 716 (S.D.

Tex. 2021)).

   Mr. Bozorgi argues that he is neither an in-and-out trader nor day

trader because he never liquidated his entire shares of Defendants' stock.

(Dkt. # 55.)  Further, he continuously held between 25,000 and 27,775 shares

through the entire class period, which includes all three corrective disclosures

alleged in the case.  (Id.)  "In-and-out traders are those who both purchase and sell all of their shares prior to a corrective disclosure; if the purchaser sells shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss."  Sklar v. Amarin Corp. PLC, No. 13-CV-06663 F, 2014 WL 3748248, at *9 n.8 (D.N.J. July 29, 2014) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 342–43 (2005)).  Mr. Barsa's main supportive case, Apache, dealt with a party who "purchased and completely liquidated his Apache stock holdings a dozen times."  Apache, 2021 WL 4726510, at *4.  In contrast, Mr. Bozorgi never completely liquidated his stock in Cassava.  (Dkt. # 55.)  Therefore, the Court finds Mr. Bozorgi did not engage in in-and-out trading.

Further, Mr. Barsa's argument that Mr. Bozorgi is a day trader or that Defendants will cast him as a day trader is unconvincing.  Mr. Bozorgi made a total of twenty-seven trades, including fourteen purchases and thirteen sales shortly after the purchase, over a 347-day class period and never made more than two transactions in a single trading session.  (Dkt. # 55.)  Mr. Barsa contends that Defendants will attempt to argue that Mr. Bozorgi was purchasing stock for reasons outside of the integrity of the market price.  Defendants would do this because it might help them rebut the presumption that a company's stock price reflects all publicly available information about the shares.  However, Mr. Bozorgi's twenty-seven trades do not show that he purchased stock for reasons other than the

integrity of the market price of the shares.  Mr. Bozorgi is clearly not a day trader under any caselaw cited by either party.  See Shaffer v. Digital Generation, Inc., 2013 WL 12430537, at *3 (N.D. Tex. Sept. 19, 2013) (holding that transaction history of over 800 trades during a less than 300-day class period with more than fifty-five transactions in a single day disqualified movant as lead plaintiff); Eichenholtz v. Verifone Holdings, Inc., 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) (holding that an applicant who had over 5,000 trades during a nine-month period indicated that it may be a day-trader, which would subject it to a unique defense); Applestein v. Medivation Inc., 2010 WL 3749406 (N.D. Cal. Sept. 20, 2010) (holding that movant with 407 trades over a 644-day class period with as many as 44 trades in one day was enough to indicate that he would not be typical of other class members due to unique defenses).

The Court agrees that Mr. Barsa has failed to rebut Mr. Bozorgi's fitness under Rule 23 to serve as lead plaintiff in this case.  Mr. Barsa fails to show that Mr. Bozorgi's twenty-seven trades during a 347-day class period constitutes in-and-out trading or makes him a day trader such that he lacks typicality or adequacy.  Therefore, Mr. Bozorgi is the most appropriate lead plaintiff.  According to the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u–4(a)(3)(B)(v).  Mr. Bozorgi selected Robbins Geller as lead counsel in this case,

and the Court is convinced the firm is fully capable of litigating this case skillfully and zealously.  Therefore, the Court approves Robbins Geller to serve as counsel in this case.

CONCLUSION

For the reasons stated, the Court **GRANTS** Mr. Bozorgi's Motion for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel. (Dkt. # 25.)  Mr. Bozorgi is appointed as lead plaintiff and Robbins Geller is approved to serve as counsel in the consolidated action.  Accordingly, the Court **DENIES** the remaining motions for appointment as lead plaintiff and approval of counsel.  (Dkts. ## 14, 17, 18, 20, 21, 24, 31, 33, 38.)

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, June 30, 2022.

David Alan Ezra
Senior United States District Judge