N THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES INC. SECURITIES LITIGATION | § § § § § § § § § | Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |
| This Document Relates to:<br><br>ALL ACTIONS | | |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF THEIR MOTION TO DISMISS THE CONSOLIDATED COMPLAINT**

In support of the concurrently submitted motion to dismiss the Consolidated Complaint ("CC"), dated October 24, 2022, Defendants Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, Nadav Friedmann, and Eric J. Schoen (collectively, "Defendants") respectfully request that the Court take notice of each of the following documents, which are attached to the Declaration of Alexander Talarides ("Talarides Decl."), attached as Exhibit A to Defendants' Motion to Dismiss Consolidated Complaint, pursuant to Federal Rules of Evidence 201 and/or under the incorporation by reference doctrine and other applicable law:

1. A true and correct copy of the initial Citizen Petition and the accompanying Statement of Concern filed with the Federal Drug Administration ("FDA") and available on the public FDA nonruling docket, dated August 18, 2021. This document is referenced at paragraphs 105 and 117 of the Consolidated Complaint. Talarides Decl., Exhibit 1.

2. A true and correct copy of a press release disclosing the short positions in Cassava held by the authors of the Citizen Petition, dated August 25, 2021, a fact referenced in paragraph 112 of the Consolidated Complaint. Talarides Decl., Exhibit 2.

3. An excerpt of Cassava Sciences, Inc.'s Stock Price chart from August 18, 2021, to August 26, 2021. Talarides Decl., Exhibit 3.

4. A true and correct copy of the FDA Response Letter denying the Citizen Petition, dated February 10, 2022. This document was filed publicly by the FDA and is referenced in paragraph 411 of the Consolidated Complaint. Talarides Decl., Exhibit 4.

5. A true and correct copy of the 2021 *Molecular Neurodegeneration* Retraction Note, dated February 4, 2022. This document is referenced in paragraph 37 of the Consolidated Complaint. Talarides Decl., Exhibit 5.

6. A true and correct copy of the *Neurobiology of Aging* Expression of Concern, available online March 22, 2022. This document is referenced in paragraph 38 of the Consolidated Complaint. Talarides Decl., Exhibit 6.

7. An excerpted copy of Cassava's 2021 quarterly report for Q3 on Form 10-Q, containing Cassava's disclosure that certain government agencies had requested information and documents from Cassava, dated November 15, 2021. This document was filed publicly with the SEC is referenced in paragraphs 26 and 363-66 of the Consolidated Complaint. Talarides Decl., Exhibit 7.

8. A true and correct copy of a transcript of the Q&A B. Riley Securities' 2022 Virtual Neurology & Ophthalmology Conference Transcript, containing Remi Barbier's statements regarding the FDA's denial of the Citizen Petition, dated April 27, 2022. This Q&A session is referenced in paragraphs 413-14 of the Consolidated Complaint. Talarides Decl., Exhibit 8.

9. An excerpted copy of Cassava's 2021 proxy statement disclosing Defendants' stock ownership, dated March 31, 2021. This document was filed publicly with the SEC. Talarides Decl., Exhibit 9.

**DISCUSSION**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may consider not only Plaintiffs' pleadings but also: (1) documents incorporated into the complaint by reference, *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008); (2) documents that are referred to in the plaintiff's complaint and are "central to" the plaintiff's claim, *Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003); (3) matters of public record, *Cinel v. Connick,* 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); and (4) information subject to judicial notice, *Dorsey*, 540 F.3d at 338. Judicial notice is appropriate for those facts "not subject to reasonable dispute" that are either "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court may appropriately consider the entirety of Exhibits 1 and 4–8 because they are cited and/or quoted numerous times in the Consolidated Complaint, and are therefore incorporated by reference. *See* CC ¶¶ 26, 37-38, 105, 117, 363-66, 411, 413-14. The Court is not bound by plaintiffs' selective references to or quotation from documents cited in the Consolidated Complaint. *See, e.g.*, *Stone*, 26 F. Supp. 3d at 603 n.13 (The Court may [] consider . . . the full text of documents that are partially quoted or referred to in the complaint.").[1]

---

[1] The court may also independently take judicial notice of Exhibits 1, 4, and 7, as they are matters of public record. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018, n.1 (5th Cir. 1996) (explaining that, in securities cases, courts may take judicial notice of "the contents of public disclosure documents" that the law "require[s] to be filed with the SEC"); *see also Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand."). Likewise, the Court may independently take judicial notice of Exhibit 8 given that Plaintiffs referenced Mr. Barbier's statements (albeit incorrectly) in the Consolidated Complaint relied upon them as "central to" their allegation that Mr. Barbier misrepresented the FDA denial of the Citizen Petition. *Scanlan,* 343 F.3d at 536.

For similar reasons stated above, the Court should take judicial notice of Exhibit 9, as Cassava's proxy statement is a matter of public record. *See Fin. Acquisition Partners LP*, 440 F.3d at 286 ("[I]n securities actions, the court may . . . rely on public disclosure documents required by law to be, and that have been, filed with the SEC.") (internal quotation marks omitted). The Court may also take judicial notice of Exhibit 2, the press release disclosing the petitioners' short positions. *See Fener v. Belo Corp.*, 513 F. Supp. 2d 733, 737 (N.D. Tex. 2007) (taking judicial notice for "transcripts of press releases"); *Lipow v. Net1 UEPS Techs., Inc.*, 131 F. Supp. 3d 144, 158 (S.D.N.Y. 2015) (taking judicial notice of press release that was "not referenced" in complaint). Further, the fact that the Citizen Petition authors had a short interest in Cassava's stock, as explicitly stated in the Consolidated Complaint at paragraph 112 and revealed in the press release, is a fact "not subject to reasonable dispute." Fed. R. Evid. 201(b).

Finally, the Court should take judicial notice of Exhibit 3, the chart of Cassava's stock price. *See, e.g.*, *Fener*, 513 F. Supp. 2d at 737 n.2 ("[D]efendants . . . have also filed a motion requesting the court to take judicial notice of various documents, including . . . a stock price chart. The court grants the motion."); *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001) (courts may take judicial notice of stock prices). Moreover, the Consolidated Complaint refers to the stock price throughout the Consolidated Complaint—it is "central to" the plaintiff's claim." *Scanlan*, 343 F.3d at 536.

Dated:  October 24, 2022   Respectfully submitted,

/s/ *James N. Kramer*
James N. Kramer (admitted *pro hac vice*)
Alexander K. Talarides (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
405 Howard Street
San Francisco, CA 94105
Telephone: 415.773.5700
Facsimile:  415.773.5759
jkramer@orrick.com
atalarides@orrick.com

Claudia Wilson Frost
State Bar No. 21671300
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main, 40th Floor
Houston, TX 77002
Telephone: 713.658.6400
Facsimile:  713.658.6401
cfrost@orrick.com

William J. Foley (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019
Telephone: 212.506.5000
Facsimile:  212.506.5151
wfoley@orrick.com

*Attorneys for Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, Nadav Friedmann, and Eric J. Schoen*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 24, 2022, a true and correct copy of this request was served upon each attorney of record through the Court's CM/ECF system.

>	*/s/ James N. Kramer*
>	James N. Kramer