IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE CASSAVA SCIENCES, INC. §
SECURITIES LITIGATION §
§ Master File No. 1:21-cv-00751-DAE
§
§ CLASS ACTION
This Document Relates To: §
§
ALL ACTIONS. §
§
§
§

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL RELIEF FROM THE PSLRA DISCOVERY STAY**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. RELEVANT BACKGROUND ................................................................................... 1

III. STANDARDS GOVERNING THE MANDATORY PSLRA DISCOVERY
 STAY ............................................................................................................................ 2

IV. ARGUMENT ................................................................................................................ 3

    A. The Motion Does Not Demonstrate Plaintiffs Will Suffer Undue Prejudice ........ 4

    B. Plaintiffs' Other Arguments To Lift the Stay Are Unavailing ............................... 8

    C. Plaintiffs' Requests Are Not Particularized ............................................................ 9

    D. Lifting the Stay Would Contrave The PSLRA's Purpose .................................... 10

V. CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                   **Page(s)**

*380544 Can., Inc. v. Aspen Tech., Inc.*,
   2007 WL 2049738 (S.D.N.Y. July 18, 2007) ................................................................ 9

*In re Am. Funds Sec. Litig. Sec. Litig.*,
   493 F. Supp. 2d 1103 (C.D. Cal. 2007) ................................................................... 5, 9

*In re AOL Time Warner Sec. & ERISA Litig.*,
   2003 WL 21729842 (S.D.N.Y. July 21, 2003) ........................................................ 6, 10

*In re Asyst Techs., Inc. Deriv. Litig.*,
   2008 WL 916883 (N.D. Cal. Apr. 3, 2008) ................................................................ 6

*In re Bank of Am. Corp. Sec., Deriv., & ERISA Litig.*,
   2009 WL 4796169 (S.D.N.Y. Nov. 16, 2009) ............................................................ 7

*Barrett v. Wilson*,
   2011 WL 13134638 (S.D. Tex. Aug. 15, 2011) .......................................................... 3

*Borteanu v. Nikola Corp.*,
   2022 WL 1188081 (D. Ariz. Apr. 21, 2022) ...................................................... 4, 5, 6, 8

*Brown v. Ambow Educ. Holding Ltd.*,
   2014 WL 12487666 (C.D. Cal. Feb. 6, 2014) ............................................................ 9

*In re Countrywide Fin. Corp. Deriv. Litig.*,
   542 F. Supp. 2d 1160 (C.D. Cal. 2008) .................................................................. 4, 10

*Davis v. Dunan Energy Partners L.P.*,
   801 F. Supp. 2d 589 (S.D. Tex. 2011) ....................................................................... 9

*Desmarais v. First Niagra Fin. Grp., Inc.*,
   2016 WL 768257 (D. Del. Feb. 26, 2016) ................................................................. 8

*Dipple v. Odell*,
   870 F. Supp. 2d 386 (E.D. Penn. 2012) ..................................................................... 6

*Edwards v. McDermott Int'l, Inc.*,
   2021 WL 5121853 (S.D. Tex. Nov. 4, 2021) ........................................................... 3, 7

*In re Enron Corp. Sec., Deriv. & "ERISA" Litig.*,
   2002 WL 31845114 (S.D. Tex. Aug. 16, 2002) ....................................................... 7, 8

*In re Fannie Mae Sec. Litig.*,
   362 F. Supp. 2d 37 (D.D.C. 2005) ................................................................... 3, 4, 6, 10

*In re FirstEnergy Corp. Sec. Litig.*,
   2021 WL 2414763 (S.D. Ohio June 14, 2021) ..........................................................7, 10

*In re FirstEnergy Corp. Sec. Litig.*
   229 F.R.D. 541 (N.D. Ohio 2004) ..................................................................................7

*In re HealthSouth Sec. Litig.*,
   2003 WL 27383777 (D. Ala. Dec. 8, 2003)....................................................................8

*Herrley v. Frozen Food Exp. Indus., Inc.*,
   2013 WL 4417699 (N.D. Tex. Aug. 19, 2013).................................................................3

*In re Massey Energy Co. Sec. Litig.*,
   2011 WL 4528509 (S.D. W. Va. Sept. 28, 2011) ............................................................5

*N.Y. State Teacher's Ret. Sys. v. Fremont Gen. Corp.*,
   2009 WL 10675265 (C.D. Cal. Nov. 5, 2009)...............................................................10

*N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*,
   2015 WL 1565462 (E.D. Mich. Apr. 8, 2015).................................................................5

*Newby v. Enron Corp.*,
   2002 WL 32151683 (S.D. Tex. Sept. 17, 2002) ..............................................................7

*Newby v. Enron Corp.*,
   188 F. Supp. 2d 684 (S.D. Tex. 2002) ............................................................................2

*Newby v. Enron Corp.*,
   338 F.3d 467 (5th Cir. 2003) ...................................................................................2, 3, 8

*In re Odyssey Healthcare, Inc. Sec. Litig.*,
   2005 WL 1539229 (N.D. Tex. Jun. 10, 2005) ....................................................1, 3, 4, 6

*Osher v. JNI Corp.*,
   2003 WL 25797624 (C.D. Cal. May 21, 2003) ...........................................................7, 8

*Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*,
   943 F. Supp. 2d 913 (E.D. Wis. 2013).............................................................................5

*Rampersad v. Deutsche Bank Sec., Inc.*,
   381 F. Supp. 2d 131 (S.D.N.Y. 2003)..............................................................................4

*Ross v. Abercrombie & Fitch Co.*,
   2006 WL 2869588 (S.D. Ohio Oct. 5, 2006)................................................................3, 5

*In re Royal Dutch/Shell Transp. Sec. Litig.*,
   2005 WL 8179784 (D.N.J. Feb. 15, 2005) ......................................................................7

*In re Schering–Plough Corp./Enhance Sec. Litig.*,
 2009 WL 1470453 (D.N.J. May 22, 2009) ...................................................................6

*Seippel v. Sidley, Austin, Brown & Wood, LLP*,
 2005 WL 388561 (S.D.N.Y. Feb. 17, 2005) ..................................................................7

*Singer v. Nicor, Inc.*,
 2003 WL 22013905 (N.D. Ill. Apr. 23, 2003) ................................................................7

*In re Spectranetics Corp. Sec. Litig.*,
 2009 WL 3346611 (D. Col. Oct. 14, 2009) ............................................................6, 7, 8

*In re Sunrise Senior Living, Inc. Deriv. Litig.*,
 584 F. Supp. 2d 14 (D.D.C. 2008) ..................................................................................5

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
 2003 WL 23830479 (D.N.H. Jan. 29, 2003) ..................................................................5

*In re Vivendi Universal, S.A. Sec. Litig.*,
 2003 WL 21035383 (S.D.N.Y. May 6, 2003) ..............................................................10

*Waldman v. Wachovia Corp.*,
 2009 WL 86763 (S.D.N.Y. Jan. 12, 2009) .....................................................................5

**Statutes**

8 Del. C. § 220 ........................................................................................................................2

15 U.S.C. § 78u–4(b)(3)(B) ............................................................................................ *passim*

## I. INTRODUCTION

Plaintiffs' motion for relief from the Private Securities Litigation Reform Act's ("PSLRA") discovery stay ("Motion" or "Mot.") should be denied because they have failed to meet their heavy burden of showing that they will suffer "undue prejudice." *See* 15 U.S.C. § 78u–4(b)(3)(B).

Plaintiffs argue that the Court should lift the stay simply because Defendant Cassava Sciences ("Cassava" or the "Company") produced certain documents to the government in response to agency investigations, and to another private litigant in a non-securities derivative action that is not subject to the PSLRA. *See* Mot. at 7. But as courts have recognized, that "argument cannot prevail in light of the text of § 78u–4(b)(3)(B)," because securities actions are *routinely* accompanied by government investigations and derivative suits, and it would "effectively result in a structural, or at least categorical, exception to the discovery stay that is neither apparent nor discernible from § 78u–4(b)(3)(B)." *In re Odyssey Healthcare, Inc. Sec. Litig.*, 2005 WL 1539229, *2 (N.D. Tex. Jun. 10, 2005). Rather, Plaintiffs' burden was to "explain why, given the particular factual circumstances of the instant case, [their] litigation position would be materially harmed if discovery were delayed until after [they] had withstood a motion to dismiss." *Id.* Plaintiffs do not even attempt to satisfy that heavy burden, and for the reasons detailed below, their Motion should be denied.

## II. RELEVANT BACKGROUND

Cassava is developing an investigational drug, simufilam, to treat people with Alzheimer's disease. ECF 68 ("Complaint" or "Compl."), ¶¶ 56, 80, 302 n.8. On August 18, 2021, a "Citizen Petition" was filed with the Food and Drug Administration ("FDA") accusing Cassava of research misconduct related to simufilam. *Id.* ¶¶ 105, 117.

On August 27, 2021, Plaintiffs initiated this putative class action alleging that Cassava and its executives committed securities fraud by making misleading public statements about

simufilam.  In the Fall of 2021, the U.S. Securities and Exchange Commission ("SEC") and U.S. Department of Justice ("DOJ") initiated investigations and requested certain documents from the Company.  *Id.* ¶ 5.  To date, Cassava has not been charged with any wrongdoing.

On August 19, 2022, a shareholder derivative lawsuit was filed (purportedly in Cassava's name) in the Delaware Court of Chancery, alleging breaches of fiduciary duties against Cassava's directors for alleged self-dealing in connection with Cassava's cash bonus plan.  *See* Mot. Ex. A (the "Delaware Compensation Case").  The Delaware Compensation Case does not arise out of or relate to the allegedly false public disclosures at issue in this action.  *See generally id*.  Rather, the Delaware Compensation Case alleges that Cassava's directors breached their fiduciary duties by approving excessive cash compensation for themselves using an unfair process.  *Id*.  As the Motion notes, the complaint in the Delaware Compensation Case cites certain compensation-related documents that were produced by Cassava pursuant to an inspection demand under Delaware state law—specifically, under 8 Del. C. § 220 (the "Delaware Inspection Demand Documents").

### III.   STANDARDS GOVERNING THE MANDATORY PSLRA DISCOVERY STAY

The PSLRA "was enacted in response to an increase in securities fraud lawsuits perceived as frivolous, including shareholder strike suits and other meritless lawsuits."  *Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003).  Among other things, the PSLRA requires that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss."  15 U.S.C. § 78u–4(b)(3)(B).  Specifically, in a federal securities lawsuit like this one, "discovery is stayed from the filing of the complaint until the court has determined the sufficiency of the plaintiff's pleading, unless the plaintiff can establish one of the exceptions."  *Newby v. Enron Corp.*, 188 F. Supp. 2d 684, 709 (S.D. Tex. 2002) (citation omitted).  The rationale underlying the discovery stay is two-fold.  First, it "prevent[s] 'costly extensive discovery and disruption of normal business activities until a court [can] determine whether a filed suit ha[s] merit, by ruling

2

on the defendant's motion to dismiss.'" *Newby*, 338 F.3d at 471. Second, it "protect[s] defendants from plaintiffs who would use discovery to substantiate an initially frivolous complaint." *Id*.

There are two limited exceptions to the PSLRA discovery stay. Particularized discovery may be allowed *only* where it is required to (i) preserve evidence or (ii) prevent "undue prejudice" to the plaintiff. 15 U.S.C. § 78u-4(b)(3)(B). In both cases, the "[p]laintiff, as the party seeking [] discovery, bears the burden of demonstrating that the mandatory stay should be lifted." *Herrley v. Frozen Food Exp. Indus., Inc.*, 2013 WL 4417699, *1 (N.D. Tex. Aug. 19, 2013). "The burden of establishing the need for a partial lifting of the discovery stay, not surprisingly, is a heavy one." *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005).

To constitute undue prejudice the "harm cannot consist of [a] disadvantage that is inherent in the stay itself, such as the possibility of dismissal when an amended complaint based on newly discovered facts might have survived." *Odyssey*, 2005 WL 1539229 *2; *see also Barrett v. Wilson*, 2011 WL 13134638 (S.D. Tex. Aug. 15, 2011). Rather, there must be something "unique about th[e] case that [demonstrates] lifting the PSLRA discovery stay is appropriate," *Edwards v. McDermott Int'l, Inc.*, 2021 WL 5121853, *2 (S.D. Tex. Nov. 4, 2021), like where "the defendant will be unfairly shielded from liability without the requested discovery, or the plaintiffs would be at an informational disadvantage *during settlement negotiations,*" *Fannie Mae*, 362 F. Supp. 2d at 39 (emphasis added). "[A] 'garden variety' case where the only thing which has happened, apart from ordinary litigation activities, is that the SEC has opened a formal investigation and requested that documents be produced . . . is simply not the type of circumstance leading to undue prejudice." *Ross v. Abercrombie & Fitch Co.*, 2006 WL 2869588, *3 (S.D. Ohio Oct. 5, 2006).

IV. <u>ARGUMENT</u>

Plaintiffs argue that the Court should lift the PSLRA discovery stay simply because Cassava provided documents to government investigations and provided the Delaware Inspection

3

Demand Documents to the plaintiff in the Delaware Compensation Case. *See* Mot. at 7.[1] But as detailed below, that "argument cannot prevail in light of the text of § 78u–4(b)(3)(B)," because it "would effectively result in a structural, or at least categorical, exception to the discovery stay that is neither apparent nor discernible from § 78u–4(b)(3)(B)." *Odyssey*, 2005 WL 1539229 at *2. As courts have repeatedly held, there is no "'categorical exception' to the PSLRA discovery stay for documents that have already been provided to a governmental agency or other private parties." *In re Countrywide Fin. Corp. Deriv. Litig.*, 542 F. Supp. 2d 1160, 1180 n.29 (C.D. Cal. 2008); *see also Rampersad v. Deutsche Bank Sec., Inc.*, 381 F. Supp. 2d 131, 133 (S.D.N.Y. 2003). "Rather, it is the burden of any plaintiff seeking an exception to the stay to explain why, given the *particular factual circumstances* of the instant case, its litigation position would be materially harmed if discovery were delayed until after it had withstood a motion to dismiss." *Odyssey*, 2005 WL 1539229 at *2 (emphasis added). Plaintiffs have not come close to meeting that burden.

### A. The Motion Does Not Demonstrate Plaintiffs Will Suffer Undue Prejudice

Plaintiffs argue that unless the discovery stay is lifted, they will suffer undue prejudice because they lack "access to documents produced in [] other proceedings" and investigations, and thus are "at an informational disadvantage" and "less able to make informed decisions about litigation strategy." Mot. at 8-9. But "the fact a defendant has produced documents to a governmental agency or other private parties in related lawsuits is, by itself, insufficient to constitute undue prejudice." *Borteanu*, 2022 WL 1188081, at *4; *see also Fannie Mae*, 362 F. Supp. 2d at 39. Indeed, if producing documents to a government agency or in another lawsuit

---

[1] Plaintiffs also argue that a lift of the stay will "not burden Defendants" or "frustrate the PSLRA's purposes." *See* Mot. at 7, 10. But "[e]ven if both assertions are true … th[e] Court's analysis does not change because, 'based on the express statutory language of the PSLRA, the only relevant inquiry . . . is whether Plaintiffs will be unduly prejudiced by the discovery stay.'" *Borteanu v. Nikola Corp.*, 2022 WL 1188081, at *2 (D. Ariz. Apr. 21, 2022); *see also* discussion below.

4

were enough to lift the PSLRA discovery stay, the stay would be lifted in most every securities fraud case, because concomitant regulatory investigations and derivative suits are routine. *See, e.g., In re Sunrise Senior Living, Inc. Deriv. Litig.*, 584 F. Supp. 2d 14, 18-19 (D.D.C. 2008) (SEC investigations are "routine" and do not implicate the PSLRA's stay exceptions); *Ross*, 2006 WL 2869588, at *3 ("[B]ecause of the common nature of these types of government investigations, the exception espoused by plaintiffs could simply swallow up the stay provision found in the statute.").

Rather, to establish undue prejudice, Plaintiffs must demonstrate that there are "unique circumstances, such as ongoing settlement discussions or corporate bankruptcies, that would" cause them to be "unduly prejudiced if the PSLRA discovery stay [were not] lifted." *In re Am. Funds Sec. Litig. Sec. Litig.*, 493 F. Supp. 2d 1103, 1106 (C.D. Cal. 2007). The cases relied on by Plaintiffs are largely distinguishable on that basis. *See* Mot. at 8-9. Those cases involve inapposite situations where (i) the plaintiff requires discovery to fairly participate in settlement discussions, *see Waldman v. Wachovia Corp.*, 2009 WL 86763, at *2 (S.D.N.Y. Jan. 12, 2009), *N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, 2015 WL 1565462, at *4 (E.D. Mich. Apr. 8, 2015); or (ii) the defendant is "in the midst of reorganizing, merging, or being acquired," *see Pension Tr. Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 916 (E.D. Wis. 2013), *In re Massey Energy Co. Sec. Litig.*, 2011 WL 4528509, at *6 (S.D. W. Va. Sept. 28, 2011); or (iii) the defendant faces overlapping and related non-securities claims in a consolidated action that present issues and claims very different from those here, *see In re Tyco Int'l, Ltd. Multidistrict Litig.*, 2003 WL 23830479, at *4 (D.N.H. Jan. 29, 2003).

Plaintiffs do not suggest that any of those unique circumstances are present here, and do not even *attempt* to "meaningfully explain *how* [they] will be unduly prejudiced, *why* [they have] a particular need for early discovery of this material, or *how* the specific documents . . . [they] seek[] will actually prevent undue prejudice." *Borteanu*, 2022 WL 1188081 at *5. Instead,

5

Plaintiffs "merely point[] out that Defendants have already disclosed discovery in [certain actions or government investigations], and that [Plaintiffs'] ability to make litigation . . . decisions is therefore limited because [they do] not have access to the same discovery." *Id.*; *see* Mot. 8-9. But as noted above, "a 'garden variety' case where the only thing which has happened, apart from ordinary litigation activities, is that the SEC [or DOJ] has opened a formal investigation and requested that documents be produced . . . is simply not the type of circumstance leading to undue prejudice." *Ross*, 2006 WL 2869588, *3.

Simply put, "[n]either the plain terms of the statute nor the purpose of the discovery stay lends itself to so facile a showing of undue prejudice." *Odyssey*, 2005 WL 1539229 at *2.[2] To lift the stay, Plaintiffs were required to describe, with particularity, how the other parties' possession of certain documents "puts them in a worse situation than . . . if there were no government investigation and they merely faced the disadvantages inherent in the stay." *Id.* Because they fail to do so, Plaintiffs are merely "complain[ing] of a procedural disadvantage that is simply the natural effect of the PSLRA discovery stay," which does not constitute undue prejudice. *In re Spectranetics Corp. Sec. Litig.*, 2009 WL 3346611, at *4 (D. Col. Oct. 14, 2009).

Plaintiffs' conclusory assertion that they are being prejudiced by an "informational disadvantage" to the plaintiff in the Delaware Compensation Case is also without merit. *See* Mot. at 9. The plaintiff in the Delaware Compensation Case is pursuing state law breach of fiduciary duty claims *on behalf of Cassava* against its directors based on their allegedly excessive cash compensation, whereas Plaintiffs here are pursuing federal securities fraud claims on behalf of investors *against Cassava* based on allegedly false public disclosures. The Motion does not even

---

[2] *See also In re Asyst Techs., Inc. Deriv. Litig.*, 2008 WL 916883, at *2 (N.D. Cal. Apr. 3, 2008); *In re Schering–Plough Corp./Enhance Sec. Litig*, 2009 WL 1470453, at *1–2, (D.N.J. May 22, 2009); *Fannie Mae*, 362 F. Supp. 2d at 39; *In re AOL Time Warner Sec. & ERISA Litig.*, 2003 WL 21729842, at *1–2, (S.D.N.Y. July 21, 2003).

attempt to explain how Plaintiffs here are prejudiced by the plaintiff in the Delaware Compensation Case having compensation-related information that Plaintiffs here do not. *See Dipple v. Odell*, 870 F. Supp. 2d 386, 394 (E.D. Penn. 2012) ("whether PSLRA plaintiffs should be subjected to a discovery stay while other parties, who are bringing claims under other causes of action, are not subjected to a stay is a question for Congress, and one that Congress has answered.").

The Motion also argues that Plaintiffs face undue prejudice because the "resolution of any of the Government Investigations . . . could potentially reduce Cassava's limited (and fast shrinking) resources to settle this action," which means that Plaintiffs purportedly "face the risk that they will be left to pursue their action against defendants who no longer have as much to offer." *See* Mot. at 9-10. But Plaintiffs' "speculation that [defendants] might [dissipate] assets in which the putative class members may be able to demonstrate they have an interest" is not sufficient to establish undue hardship. *Newby v. Enron Corp.*, 2002 WL 32151683, *3 (S.D. Tex. Sept. 17, 2002). And while "Plaintiffs claim that the proposed class faces 'real prejudice' as a result of wasting [assets] if this action is 'even partly stalled,' that argument can be made in every pending securities fraud case." *Edwards*, 2021 WL 5121853, * 2.

At bottom, the Motion relies on a minority line of cases that incorrectly "reject" the unique circumstances requirement, *see In re Bank of Am. Corp. Sec., Deriv., & ERISA Litig.*, 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009), or erroneously do not apply an undue prejudice analysis at all, *see In re Enron Corp. Sec., Deriv. & "ERISA" Litig.*, 2002 WL 31845114 (S.D. Tex. Aug. 16, 2002), and lift the stay simply upon a showing of "concurrent investigations by governmental agencies," *see Seippel v. Sidley, Austin, Brown & Wood, LLP*, 2005 WL 388561, at *1 (S.D.N.Y.

7

Feb. 17, 2005).[3] These non-controlling cases have been repeatedly criticized for not properly applying the statute. *See, e.g., Spectranetics*, 2009 WL 3346611, at *6 (cases like *Seippel* and *In re FirstEnergy Corp. Sec. Litig.* 229 F.R.D. 541 (N.D. Ohio 2004) "fail to account for the special circumstances" required to establish undue prejudice); *Osher v. JNI Corp.*, 2003 WL 25797624, at *3 (C.D. Cal. May 21, 2003) (rejecting *Enron* because it "did not make any findings that lifting the discovery stay was necessary to preserve evidence or prevent undue prejudice, as is required under § 15 U.S.C. § 78u–4(b)(3)(B)").[4] Indeed, today "the consensus view is that a plaintiff is not unduly prejudiced just because the discovery sought has already been produced in parallel investigations or litigations." *Borteanu*, 2022 WL 1188081, at *4 (collecting cases).

Here, Plaintiffs have "failed to show [they] will be unduly prejudiced by having to wait just a few more months to obtain the discovery at issue. After all, it is not as though [they] will be obstructed from obtaining the discovery forever," because the "stay is temporary and lasts only [unless and] until [] Plaintiff's . . . [c]omplaint survives the motion to dismiss stage," when they "will have access to all the discovery material" they seek. *Id*. at *5.

B. **Plaintiffs' Other Arguments To Lift the Stay Are Unavailing**

Plaintiffs offer two other reasons for why the Court should lift the PSLRA stay, both of which are derived from the discredited cases referenced above and should be rejected under the plain language of the statute. *See Newby,* 338 F.3d at 473. First, Plaintiffs argue "Defendants have already produced the Demand Documents . . . and the Government Productions" so "there is

---

[3] *See also In re FirstEnergy Corp. Sec. Litig.*, 2021 WL 2414763, at *6 (S.D. Ohio June 14, 2021); *Singer v. Nicor, Inc.*, 2003 WL 22013905, *2 (N.D. Ill. Apr. 23, 2003); *In re Royal Dutch/Shell Transp. Sec. Litig.*, 2005 WL 8179784, at *3 (D.N.J. Feb. 15, 2005).

[4] *See also Desmarais v. First Niagra Fin. Grp., Inc.*, 2016 WL 768257, at *3 n.3 (D. Del. Feb. 26, 2016) ("the Court does not find *In re Enron* . . . persuasive" because it made no "finding of undue prejudice"); *In re HealthSouth Sec. Litig.*, 2003 WL 27383777, *4 & n.4 (D. Ala. Dec. 8, 2003) (rejecting Plaintiffs' cases because they "did not engage in the type of analysis required . . . before endorsing a construction of a statute that is inconsistent with its plain and unambiguous meaning").

no burden in re-producing the same documents again here." Mot. at 8. But in passing the PSLRA,

> Congress did not decree that discovery would be permitted ... if certain circumstances arose which would make the discovery either less burdensome to the defendants than ordinary discovery or, perhaps, not burdensome at all. Rather, the focus of the statutory language is on the need either to preserve evidence ... or to prevent undue prejudice.

*Spectranetics*, 2009 WL 3346611 at *8; *see also Osher*, 2003 WL 25797624, at *3 (same).

Second, Plaintiffs argue that lifting the stay is "consistent" with the "goal of the PSLRA's discovery stay," which is "to prevent the unnecessary imposition of discovery costs in both money and time on defendants in securities fraud cases." Mot. at 10. But "[t]o the extent Plaintiffs argue that lifting the discovery stay in this case 'will not frustrate the policies of the PSLRA and will not burden Defendants,' this contention is neither here nor there." *Brown v. Ambow Educ. Holding Ltd.*, 2014 WL 12487666, at *2 (C.D. Cal. Feb. 6, 2014). Put simply, "even where the goals of the PSLRA are not frustrated and a plaintiff's discovery request is limited to documents already produced to government regulators, courts have refused to lift the discovery stay if the narrow statutory exceptions of evidence preservation or undue prejudice have not been met." *380544 Can., Inc. v. Aspen Tech., Inc.*, 2007 WL 2049738, at *2 (S.D.N.Y. July 18, 2007).

### C. Plaintiffs' Requests Are Not Particularized

Even if Plaintiffs could establish undue prejudice—and they cannot—their Motion would still have to be denied because the discovery they seek is not "particularized." 15 U.S.C. § 78u–4(b)(3)(B). "'Particularized discovery' has been interpreted as requiring parties to identify with specificity the documents requested." *American Funds*, 493 F. Supp. 2d at 1107.

Here, by sharp contrast, Plaintiffs broadly demand *all* of the "documents . . . produced to the plaintiffs in a [purportedly] related shareholder derivative action" and *all* of the "documents, interviews, and information Cassava provided to" government agencies. Mot. at 1. Plaintiffs do not even "attempt to show their requests are particularized," *Davis v. Dunan Energy Partners L.P.*,

9

801 F. Supp. 2d 589, 592-93 (S.D. Tex. 2011), and pointedly have "not identified specific categories or types of documents sought or how the documents sought will be relevant to the claims Plaintiffs intend to assert in this case," *American Funds*, 493 F. Supp. 2d at 1107. Further, many of the documents produced to other parties are likely to be "irrelevant to the claims . . . raised in the [] Complaint," which shows "a lack of particularity inconsistent with satisfying the burden required to justify a lift of the stay on discovery." *Fannie Mae*, 362 F. Supp. 2d at 39.

In short, although Plaintiffs' requests are limited to the closed universe of materials that Cassava has already produced, *see FirstEnergy Corp.*, 2021 WL 2414763, at *6, that "universe may be extremely large and is entirely undifferentiated," and Plaintiffs have "failed to indicate what is contained on the documents or how any of the documents are relevant to its claims," *N.Y. State Teacher's Ret. Sys. v. Fremont Gen. Corp.*, 2009 WL 10675265, *2 (C.D. Cal. Nov. 5, 2009).[5]

### D. Lifting the Stay Would Contravene the PSLRA's Purpose

"Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." *SG Cowen Sec. Corp.*, 189 F.3d 909, 912 (9th Cir. 1999). If Plaintiffs are allowed to take discovery now, Plaintiffs will be able to use that information in an attempt to survive a motion to dismiss in contravention of one of the purposes of the PSLRA. *See, e.g., AOL Time Warner*, 2003 WL 21729842, *1 (refusing to lift stay on this additional ground).

## V. CONCLUSION

Plaintiffs have not established undue prejudice, so the Motion should be denied.

---

[5] *See also Countrywide*, 542 F. Supp. 2d at 1181 (finding the "lack of particularity in Plaintiffs' discovery requests precludes exception from the PSLRA" because the requests were "broad" and "may or may not overlap with the discovery requested in [other actions], and [thus] simply cannot be viewed as particularized."); *AOL Time Warner*, 2003 WL 21729842 at *1 (declining to lift discovery stay although documents had already been given to government entities); *In re Vivendi Universal, S.A. Sec. Litig.*, 2003 WL 21035383 at *1–2 (S.D.N.Y. May 6, 2003) (same).

October 25, 2022                    Respectfully submitted,

*/s/ James N. Kramer*
James N. Kramer (admitted pro hac vice)
Alexander K. Talarides (admitted pro hac vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard St.
San Francisco, CA 94105
Telephone: 415.773.5700
Facsimile: 415.773.5759
jkramer@orrick.com
atalarides@orrick.com

Claudia Wilson Frost
State Bar No. 21671300
ORRICK, HERRINGTON & SUTCLIFFE LLP
609 Main, 40th Floor
Houston, TX 77002
Telephone: 713.658.6400
Facsimile: 713.658.6401
cfrost@orrick.com

William J. Foley (admitted pro hac vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd St.
New York, NY 10019
Telephone: 212.506.5000
Facsimile: 212.506.5151
wfoley@orrick.com

*Attorneys For Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, Nadav Friedmann, And Eric J. Schoen*

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 25, 2022, a true and correct copy of this Opposition was served upon each attorney of record through the Court's CM/ECF system.

*/s/ James N. Kramer*
James N. Kramer
