UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC.<br>SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | § § § § § § § § § § § § | Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |

**REPLY IN FURTHER SUPPORT OF OPPOSED MOTION FOR PARTIAL RELIEF FROM THE PSLRA DISCOVERY STAY**

Plaintiffs submit this reply brief in further support of their Opposed Motion for Partial Relief from the PSLRA Discovery Stay (ECF 72) ("Motion" or "Mot.").[1]

## I. PRELIMINARY STATEMENT

Plaintiffs meet both requirements for partially lifting the PSLRA discovery stay. The request seeks a particularized and easily re-produced set of documents, and Plaintiffs are unduly prejudiced if the stay is not partially lifted. Specifically, three interrelated factors support modifying the stay: (i) Plaintiffs are placed at an unfair disadvantage in developing litigation strategies in a rapidly changing landscape where multiple other litigants have access to discovery in ongoing criminal and civil investigations not subject to the stay; (ii) Plaintiffs (who have no discovery) and the other litigants (who do) are all vying for a piece of a limited pie; Cassava has no products or revenue and is quickly burning through its remaining cash; and (iii) without the limited discovery sought, Plaintiffs risk falling behind these ongoing matters that are proceeding apace. Mot. at 5-7. Importantly, Defendants do **not** dispute the factual basis of any of Plaintiffs' contentions, and, under established case law, any one of these factors independently supports modifying the stay. Mot. at 8-10. In combination, the factors conclusively establish that Plaintiffs will be unduly prejudiced without the requested modification.

By contrast, Defendants ***do not cite a single case*** where these three factors were present and the court refused to modify the stay. Defendants instead construct a strawman argument that the Motion requests a "categorical" exception to the stay "simply because" Cassava produced documents to the government. ECF 82 ("Opp.") at 1, 3-4. Not so. Plaintiffs' Motion is based on ***all three factors*** set forth above. Defendants fail to address the combined effect of these interrelated factors and do not contest their factual basis. As such, the Court should exercise its discretion to modify the PSLRA stay and allow Plaintiffs to receive a copy of the Government Productions and Demand Documents.

---

[1] All capitalized terms herein have the same meaning as set forth in the Motion. Additionally, unless otherwise noted, all emphasis is added and citations are omitted.

## II.     ARGUMENT

### A.     The Request Is Particularized

Plaintiffs' request for the Government Productions and Demand Documents is particularized. Mot. at 7-8. Defendants, however, incorrectly claim that Plaintiffs have not "'identified specific categories or types of documents sought or how the documents sought will be relevant to the claims.'" Opp. at 10. But "[c]ourts have regularly held that requests seeking documents produced to regulatory agencies or produced in other proceedings were particularized." *Courter v. CytoDyn, Inc.*, 2022 WL 621535, at *2 (W.D. Wash. Mar. 3, 2022) (rejecting the same argument that Defendants make here). Defendants' own cases, in fact, support Plaintiffs' position. *See In re Spectranetics Corp. Sec. Litig.*, 2009 WL 3346611, at *3 (D. Colo. Oct. 14, 2009) ("A discovery request targeting the same list of documents that has already been produced to governmental authorities is more likely to be found 'particularized.'").[2]

Moreover, Defendants do not dispute that the Government Investigations and Derivative Action pertain to the very same alleged conduct underlying this case. *See* Mot. at 1, 5-6. Rather, they ignore this fact altogether. But, like here, all three Government Investigations concern the same allegations raised by the Citizen Petition that Cassava manipulated its research results. Mot. at 1-3, 5. And, like here, the Derivative Action concerns the propriety of Cassava's cash-bonus plan entered into just before the Company released the results of its controversial Phase 2b "re-analysis," which Plaintiffs allege motivated Defendants to inflate Cassava's stock price. *Id.* at 2, 6.

---

[2]     Defendants' authority is inapposite. For example, in *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 39 (D.D.C. 2005), unlike here, "plaintiffs' counsel **conceded** that not all of the documents produced to the various agencies would be relevant to this litigation," and in *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1180-81 (C.D. Cal. 2008), plaintiffs requested new documents **outside of** those previously produced to other litigants. *See also Davis v. Duncan Energy Partners L.P.*, 801 F. Supp. 2d 589 (S.D. Tex. 2011) (same). In *N.Y. State Tchrs'. Ret. Sys. v. Fremont Gen. Corp.*, 2009 WL 10675265, at *2 (C.D. Cal. Nov. 5, 2009), plaintiffs failed to indicate "how any of the documents [were] relevant to its claims."

### B. Plaintiffs Demonstrate Undue Prejudice

Plaintiffs identify three interrelated reasons why they will suffer undue prejudice without the Government Productions and Demand Documents: (i) Plaintiffs are placed at an unfair disadvantage in developing litigation and resolution strategies in a rapidly changing landscape; (ii) Cassava has limited and fast dwindling resources to resolve these matters; and (iii) Plaintiffs risk falling further behind other matters that remain ongoing. *See* Mot. at 5-10. Together, they undisputedly create undue prejudice. *Id*.

Defendants do not dispute that they have produced documents in the Derivative Action and to the SEC, DOJ and NIH in ongoing civil and criminal investigations. Nor do they dispute that these documents concern the same allegations of data manipulation and improper cash bonus practices at issue in this case. Further, Defendants do not deny that Cassava has no revenue or marketable products or that the Company is quickly burning through its remaining cash, all of which has already been earmarked for ongoing and planned clinical trials. Mot. at 5-7. Defendants also do not cite ***a single*** case where a plaintiff has presented the multiple factors at issue here – inability to develop litigation strategies, limited and quickly dwindling resources to resolve ongoing litigation, concurrent government investigations and private litigation proceeding apace – and the court refused to modify the PSLRA stay.[3]

Instead, Defendants incorrectly claim that Plaintiffs ask the Court to lift the stay "simply because" Cassava produced documents in other litigations. Opp. at 1, 3-4, 6. Defendants are wrong. As noted above, Plaintiffs present ***multiple*** interrelated unique circumstances that courts regularly find constitute undue prejudice. Mot. at 5-10. In fact, Defendants' own cases acknowledge that circumstances like those here warrant modifying the stay, including where (like here) there are multiple parties vying over a "limited

---

[3]     Defendants claim that Plaintiffs' authority was "incorrectly" decided. Opp. at 7-8. But each case indisputably relies on the correct legal standard (undue prejudice), which is simply "'improper or unfair treatment amounting to something less than irreparable harm.'" Mot. at 8.

pool of assets."[4] So, even though Cassava "has not filed for bankruptcy nor stated that it is insolvent, there is no denying that its solvency is rapidly changing," and "[u]ndue prejudice can exist where the plaintiffs are 'prejudiced by [their] inability to make informed decisions about [their] litigation strategy in a rapidly shifting landscape.'" *Courter*, 2022 WL 621535, at *3. Accordingly, "Plaintiffs face 'the very real risk that [they] will be left to pursue [their] action against defendants who no longer have anything or at least as much to offer.'"[5] *Id*. *See Turocy v. El Pollo Loco*, 2017 WL 2495172, at *2 (C.D. Cal. May 10, 2017) (modifying stay where other litigation could outpace plaintiffs' litigation "potentially diminish[ing] El Pollo Loco's resources and . . . ability to settle").[6]

### C. Plaintiffs' Request Is Consistent with the PSLRA's Policies

Defendants do not contend that the Motion offends either of the dual "rationales" that "underly[] the discovery stay": (i) "'prevent[ing] "costly extensive discovery"'" or (ii) "'substantiat[ing] an initially frivolous complaint.'" Opp. at 2-3. Nor could they. "Maintaining the discovery stay as to materials already provided to other entities and plaintiffs," like those sought here, "does not further the policies behind the PSLRA." *Turocy*, 2017 WL 2495172, at *2; Mot. at 10. *See Courter*, 2022 WL 621535, at *3

---

[4] *See In re Sunrise Senior Living, Inc.*, 584 F. Supp. 2d 14, 18 (D.D.C. 2008) (noting that courts have found undue prejudice when the defendant "is a simultaneous target of numerous civil and criminal actions that are not subject to the stay" and where "multiple parties were vying for a piece of a limited pie"); *Spectranetics*, 2009 WL 3346611, at *5 ("Courts agree that undue prejudice occurs when 'multiple parties [are] vying for a piece of a limited pie.'"); *In re Odyssey Healthcare, Inc. Sec. Litig.*, 2005 WL 1539229, at *1-*2 (N.D. Tex. June 10, 2005) (noting there would be undue prejudice if various parties were "competing for a limited pool of assets").

[5] Defendants' other cases are inapt. *Newby v. Enron Corp.*, 2002 WL 32151683, at *3 (S.D. Tex. Sept. 17, 2002), concerned a request for "extraordinarily broad and intrusive" discovery seeking personal financial information and other documents not previously produced in other litigations based on "speculation" that defendants "might try to conceal assets." In *Edwards v. McDermott Int'l, Inc.*, 2021 WL 5121853, at *2 (S.D. Tex. Nov. 4, 2021), plaintiffs claimed that "wasting insurance," an "argument that can be made in every case," caused undue prejudice. But that is not an argument made here, and this Motion is based on facts unique to this case regarding Cassava.

[6] While settlements or settlement negotiations are not necessary to establish undue prejudice (*see Turocy*, 2017 WL 2495172, at *2 (finding undue prejudice without "evidence of impending settlement of the derivative litigation"), Defendants, notably, do ***not*** assert that there are no settlement discussions with the government or other litigants.

(where documents produced to the government, "courts have found undue prejudice because 'maintaining the discovery stay as to materials already provided to government entities does not further the policies behind the PSLRA'"). And Defendants do not dispute that there is "no burden in re-producing" the requested documents. Mot. at 8. Nor do they claim that Plaintiffs' lawsuit is frivolous.

Defendants instead erroneously suggest that *any* discovery taken prior to a motion to dismiss "contravenes" the purposes of the PSLRA because it might be used to sustain a later complaint. Opp. at 10. But as Defendants' own case explains, "Congress enacted the mandatory stay of discovery, in part, to prevent plaintiffs from filing frivolous lawsuits and using it as a vehicle 'in order to conduct discovery in the hopes of finding a sustainable claim *not alleged* in the complaint.'" *In re AOL Time Warner, Inc. Sec.*, 2003 WL 21729842, at *1 (S.D.N.Y. July 25, 2003) (quoting S. Rep. No. 104-98, at 14 (1995)).[7]

Plaintiffs, however, have neither filed a frivolous lawsuit nor embarked on a fishing expedition to find a claim not already alleged in the complaint. Defendants' purported policy-based concerns are therefore unfounded. *See In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, 2002 WL 31845114, at *1 (S.D. Tex. Aug. 16, 2002) ("[T]he PSLRA's discovery stay 'was designed to prevent fishing expeditions in frivolous securities lawsuits' and 'was not designed to keep secret from counsel in securities cases documents that have already become available for review *by means other* than discovery in the securities case.'").

### III.  CONCLUSION

For the reasons set forth above, the Motion should be granted.

---

[7]  *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of CA*, is also inapposite. That case, unlike here, involved plaintiffs seeking to propound interrogatories and multiple subpoenas on non-parties after the defendants' motion to dismiss had been granted. 189 F.3d 909, 912 (9th Cir. 1999).

| | |
|---|---|
| DATED:  November 4, 2022 | Respectfully submitted,<br><br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>DANIEL S. DROSMAN (admitted *pro hac vice*)<br>KEVIN A. LAVELLE (admitted *pro hac vice*)<br>MEGAN A. ROSSI (admitted *pro hac vice*)<br><br>             s/ Kevin A. Lavelle            <br>         KEVIN A. LAVELLE<br><br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax)<br>ddrosman@rgrdlaw.com<br>klavelle@rgrdlaw.com<br>mrossi@rgrdlaw.com<br><br>Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone<br><br>KENDALL LAW GROUP, PLLC<br>JOE KENDALL (Texas Bar No. 11260700)<br>3811 Turtle Creek Blvd., Suite 1450<br>Dallas, TX  75219<br>Telephone:  214/744-3000<br>214/744-3015 (fax)<br>jkendall@kendalllawgroup.com<br><br>Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone<br><br>GLANCY PRONGAY & MURRAY LLP<br>CHARLES H. LINEHAN (admitted *pro hac vice*)<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA  90067<br>Telephone:  310/201-9150<br>310/201-9160 (fax)<br>clinehan@glancylaw.com<br><br>Counsel for Plaintiff Manohar K. Rao |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on November 4, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Kevin A. Lavelle
KEVIN A. LAVELLE

ROBBINS GELLER RUDMAN
       & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  klavelle@rgrdlaw.com

4875-2278-3037.v1

# Mailing Information for a Case 1:21-cv-00751-DAE In Re Cassava Sciences, Inc. Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzia@csgrr.com

- **Michael Albert**
  malbert@rgrdlaw.com

- **Thomas E. Bilek**
  tbilek@bileklaw.com,lmank@bileklaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey C. Block**
  jeff@blockesq.com

- **Willie C. Briscoe**
  wbriscoe@thebriscoelawfirm.com,tsims@thebriscoelawfirm.com

- **Warren T. Burns**
  wburns@burnscharest.com,mkweik@burnscharest.com,jgravois@burnscharest.com,mvaleriano@burnscharest.com,twhiteside@burnscharest.com

- **Stuart L. Cochran**
  stuart@scochranlaw.com,lisa@scochranlaw.com

- **Michael Dell'Angelo**
  mdellangelo@bm.net,csimon@bm.net,jgionnette@bm.net

- **Daniel S. Drosman**
  dand@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Bryan Fears**
  fears@fnlawfirm.com,pcox@fnlawfirm.com,nprola@maceybankruptcylaw.com

- **William B. Federman**
  wbf@federmanlaw.com,ngb@federmanlaw.com,law@federmanlaw.com

- **Michael I. Fistel , Jr**
  michaelf@johnsonfistel.com,paralegal@johnsonfistel.com

- **William J. Foley**
  wfoley@orrick.com,lpatts@orrick.com

- **Sammy Ford , IV**
  sford@azalaw.com,rperez@azalaw.com,tzamora@azalaw.com,jwarshauer@azalaw.com

- **Claudia Wilson Frost**
  cfrost@orrick.com,PATeam5@orrick.com,phowell@orrick.com,dcmanagingattorneysoffice@ecf.courtdrive.com,srenfro@orrick.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **B. Russell Horton**
  rhorton@gbkh.com,kseabolt@gbkh.com,tmanassian@gbkh.com

- **Lewis S. Kahn**
  lewis.kahn@ksfcounsel.com,ecf.filings@ksfcounsel.com

- **Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com

- **James N. Kramer**
  jkramer@orrick.com

- **Natalie F. Lakosil**
  nlakosil@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Kevin A. Lavelle**
  klavelle@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com

- **Charles H. Linehan**
  CLinehan@glancylaw.com,info@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Matthew Ryan McCarley**
  mccarley@fnlawfirm.com,mccmat2000@yahoo.com,desireet@fnlawfirm.com

- **Megan A. Rossi**
  mrossi@rgrdlaw.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com

- **Jordan Lyn Warshauer**
  jwarshauer@azalaw.com,mrivers@azalaw.com,akeniston@azalaw.com

- **Braden Michael Wayne**
  braden@swclaw.com,lisa@swclaw.com,jamie@swclaw.com

- **John A. Yanchunis**
  jyanchunis@forthepeople.com,jcabezas@forthepeople.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`