UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § § § § § § |
| This Document Relates to: ALL ACTIONS. | Master File No. 1:21-cv-00751-DAE CLASS ACTION |

## ORDER

Now before the Court are Plaintiff's Opposed Motion for Partial Relief From the PSLRA Discovery Stay, filed September 30, 2022 (Dkt. 72); Defendants' Opposition to Plaintiffs' Motion for Partial Relief From the PSLRA Discovery Stay, filed October 25, 2022 (Dkt. 82); and Plaintiff's Reply in Further Support of Plaintiff's Opposed Motion for Partial Relief From the PSLRA Discovery Stay, filed November 4, 2022 (Dkt. 83).[1]

### I. Background

Named Plaintiffs Mohammad Bozorgi, Ken Calderone, and Manohar K. Rao bring this securities fraud class action lawsuit, on behalf of themselves and all others similarly situated, against Cassava Sciences, Inc., and Cassava executives Remi Barbier, Eric Schoen, Lindsay Burns, and Nadav Friedmann (collectively, "Defendants"). Cassava is a biotechnology company based in Austin, Texas, that is developing an investigational drug, simufilam, to treat Alzheimer's disease. Plaintiffs' Consolidated Complaint (Dkt. 68) ¶¶ 1, 56, 73. On August 18, 2021, a "Citizen Petition" was filed with the Food and Drug Administration accusing Cassava of research misconduct related

---

[1] By Text Order entered October 4, 2022, the District Court referred the motion to this Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

to simufilam. *Id.* ¶¶ 105, 117. The U.S. Securities and Exchange Commission and U.S. Department of Justice began investigating and requested certain documents from Cassava in the fall of 2021. *Id.* ¶ 5. Defendants deny any wrongdoing.

Plaintiffs allege that they purchased Cassava securities between September 14, 2020 and July 26, 2022 (the "Class Period") and suffered damages as a result of Defendants' federal securities law violations, false and misleading statements, and material omissions. Plaintiffs allege that "Defendants engaged in a fraudulent scheme to materially mislead investors regarding the prospects for Cassava's primary product candidate, a purported treatment for Alzheimer's disease, simufilam." *Id.* ¶ 80. Plaintiffs assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Rule 10b-5, 17 C.F.R. §240.10b-5.

On June 30, 2022, the District Court consolidated three other related shareholder actions[2] against Cassava and its executives with and into this action. Dkt. 58. Plaintiffs filed their Consolidated Complaint on August 18, 2022. Dkt. 68. On October 25, 2022, Defendants filed a Motion to Dismiss Plaintiffs' lawsuit under Federal Rule of Civil Procedure 12(b)(6), which is pending. Dkt. 81. Section 78u-4(b)(3)(B) of the PSLRA mandates an automatic stay of "all discovery" during the pendency of a motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B). Accordingly, discovery in this case is stayed pending resolution of Defendants' Motion to Dismiss.

Plaintiffs now move the Court to lift the discovery stay for the limited purpose of allowing them to obtain (1) documents Cassava produced in a separate non-PSLRA stockholder derivative action pending in the Delaware Court of Chancery accusing Casava and its executives of breach of fiduciary duty and unjust enrichment,[3] and (2) "documents, interviews, and information"

---

[2] 1:21-cv-760-DAE, 1:21-cv-856-DAE, and 1:21-cv-971-DAE.
[3] *Calamore v. Barbier*, No. 2022-0737-MTZ (Del. Ch. Aug. 24, 2022) (Dkt. 73-2).

Cassava provided to the SEC, DOJ, and National Institutes of Health during those agencies' investigations. Dkt. 72 at 5. Defendants oppose the motion.

## II. Legal Standards

Congress passed the PSLRA in 1997 "in response to an increase in securities fraud lawsuits perceived as frivolous, including shareholder strike suits and other meritless lawsuits." *Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003). The statute provides for an automatic stay of discovery in Section 78u-4(b)(3)(B):

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

Congress enacted this provision "to prevent costly 'extensive discovery and disruption of normal business activities' until a court could determine whether a filed suit had merit, by ruling on the defendant's motion to dismiss." *Newby*, 338 F.3d at 471 (citation omitted). The automatic discovery stay also protects "defendants from plaintiffs who would use discovery to substantiate an initially frivolous complaint." *Id.*; *see also SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 189 F.3d 909, 912-13 (9th Cir. 1999) ("The 'Stay of Discovery] provision of the Act clearly contemplates that 'discovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint.*'"). The movant bears the burden to show the stay should be lifted. *Davis v. Duncan Energy Partners L.P.*, 801 F. Supp. 2d 589, 592 (S.D. Tex. 2011). "The burden of establishing the need for a partial lifting of the discovery stay, not surprisingly, is a heavy one." *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005).

## III. Analysis

To meet their burden to lift the automatic discovery stay under the PSLRA, Plaintiffs must prove either that the requested discovery is needed to (1) preserve evidence or (2) prevent undue

3

prejudice. 15 U.S.C. § 78u-4(b)(3)(B). Plaintiffs rely only on the latter exception, arguing that the Court should lift the stay to prevent undue prejudice.

While the PSLRA does not define "undue prejudice," district courts in this Circuit have construed the "undue prejudice" standard as "improper or unfair treatment amounting to something less than irreparable harm." *Texas Pac. Land Tr. v. Oliver*, No. 3:19-CV-1224-B, 2019 WL 3387767, at *4 (N.D. Tex. July 26, 2019); *Alaska Laborers Emps. Ret. Fund v. Mays Clear Channel Commc'ns, Inc.*, No. SA-07-CA-0042-RF, 2007 WL 9710527, at *4 (W.D. Tex. Feb. 14, 2007) (same). "Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair." *Barrett v. Wilson*, No. 4:11-CV-02852, 2011 WL 13134638, at *3 (S.D. Tex. Aug. 15, 2011) (quoting *In re CFS*, 179 F. Supp. 2d 1260, 1265 (N. D. Okla. 2001)). "Instead, exceptional circumstances are required to lift the stay." *Alaska Laborers*, 2007 WL 9710527, at *4. Courts have partially lifted the discovery stay in cases involving "unique circumstances, such as ongoing settlement discussions or corporate bankruptcies, that would have led to the plaintiffs being unduly prejudiced if the PSLRA discovery stay had not been lifted." *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1106 (C.D. Cal. 2007).[4]

Plaintiffs argue that they would be "unduly prejudiced" without the requested discovery because they would be "the only major party in any of the several proceedings involving the same core events that have not been provided the sets of documents in question," and the resolution of

---

[4] *See also Oliver*, 2019 WL 3387767, at *4 ("Courts 'have partially lifted the discovery stay on the ground of 'undue prejudice' when defendants would be unfairly shielded from liability through pursuit of their pending action or when plaintiffs would be placed at an unfair advantage to make informed decisions about litigation and settlement strategy without access to documents that form the core of the proceeding.'" (quoting *Mori v. Saito*, 802 F. Supp. 2d 520, 524 (S.D.N.Y. 2011)); *In re Fannie Mae*, 362 F. Supp. 2d at 39 ("To demonstrate unfair prejudice, the plaintiff must show that either the defendant will be unfairly shielded from liability without the requested discovery, or the plaintiffs would be at an informational disadvantage during settlement negotiations.").

the government investigations "could potentially reduce Cassava's limited (and fast shrinking) resources to settle this action." Dkt. 72 at 13. Plaintiffs emphasize that courts have "routinely" granted stays "in cases involving 'concurrent investigations by governmental agencies when doing so would not frustrate Congress' purposes in enacting the PSLRA." Dkt. 72 at 11 (quoting *Seippel v. Sidley, Austin, Brown & Wood LLP*, No. 03-CIV-6942(SAS), 2005 WL 388561, at *1 (S.D.N.Y. Feb. 17, 2005)).

In such cases, courts have granted stays "on the ground that the cost of such discovery to defendants is minimal, as the documents have already been compiled for production, while plaintiffs would suffer *severe prejudice* if discovery in their case is delayed while government investigations and other lawsuits proceed ahead of them." *Seippel*, 2005 WL 388561, at *1 (emphasis added). Thus, while Plaintiffs are correct that courts have granted stays in cases involving concurrent investigations, the plaintiffs in those cases also met their burden to show undue prejudice without the requested discovery. As the district court stated in *Borteanu v. Nikola Corp.*, No. CV-20-01797-PHX-SPL, 2022 WL 1188081, at *4 (D. Ariz. Apr. 21, 2022), "the consensus view is that a plaintiff is *not* unduly prejudiced just because the discovery sought has already been produced in parallel investigations or litigations." Rather, a plaintiff must "meaningfully explain *how* it will be unduly prejudiced, *why* it has a particular need for early discovery of this material, or *how* the specific documents and deposition testimony it seeks will actually prevent undue prejudice." *Id.* at 5. The court in *Borteanu* denied plaintiffs' request to lift the discovery stay where plaintiffs made only conclusory arguments that they would be unduly prejudiced because the documents were produced in a related action, reasoning as follows:

> Lead Plaintiff merely points out that Defendants have already disclosed discovery in the Related Actions, and that Lead Plaintiff's ability to make litigation and settlement decisions is therefore limited because it does not have access to the same discovery. Lead

> Plaintiff spends too much time quoting from favorable authority—for example, asserting that this case will be "further outpaced" by the Related Actions and that its decision-making abilities will be limited "in a rapidly shifting landscape"—and not enough time actually describing the undue prejudice that Lead Plaintiff faces because of the discovery stay.
>
> ***
>
> While Lead Plaintiff notes that one of the Related Actions—the SEC civil action—is "in the midst of settling," Lead Plaintiff makes *no mention* of having to defer decisions *in this case* related to "seeking early settlement" or "formulating an appropriate settlement demand" in the event the discovery stay is not lifted. In fact, as Defendants point out, "there have been no settlement discussions or requests to discuss settlement" in this case at all. Therefore, it is unclear how the discovery stay will unduly prejudice Lead Plaintiff's ability to make settlement decisions.

*Id.*

Similarly, in *In re Odyssey Healthcare, Inc.*, No. CIV-A-3:04-CV-0844-N, 2005 WL 1539229, at *1 (N.D. Tex. June 10, 2005), the district court rejected the plaintiffs' argument that they would be unduly prejudiced if they could not discover documents produced to the DOJ during a related investigation where they did not show that any settlement negotiations were taking place or otherwise establish undue prejudice. The court noted that plaintiffs "appear to assert that *any* private securities plaintiff is unduly prejudiced when the PSLRA stay prevents discovery of related governmental investigations, because that plaintiff is not privy to information available to other litigants in crafting litigation strategy. This argument cannot prevail in light of the text of § 78u-4(b)(3)(B)." *Id.* at 1-2. The court explained that

> Plaintiffs' rationale, if accepted, would effectively result in a structural, or at least categorical, exception to the discovery stay that is neither apparent nor discernible from § 78u-4(b)(3)(B). It would be possible to find "undue prejudice" based on the amorphous notion that a plaintiff who sought discovery—even one who had not yet met the PSLRA's heightened pleading standard—is entitled to the same discovery as are other interested parties—including, presumably, those who had met the standard—provided the Plaintiffs would be prejudiced by a perceived inability to make

6

> informed decisions about litigation strategy. Neither the plain terms of the statute nor the purpose of the discovery stay lends itself to so facile a showing of undue prejudice.
>
> ***
>
> Rather, it is the burden of any plaintiff seeking an exception to the stay to explain why, given the particular factual circumstances of the instant case, its litigation position would be materially harmed if discovery were delayed until after it had withstood a motion to dismiss. Because the exception only covers "undue" prejudice, this harm cannot consist of disadvantage that is inherent in the stay itself, such as the possibility of dismissal when an amended complaint based on newly discovered facts might have survived.

*Id.* at 2 (citation omitted); *see also Ross v. Abercrombie & Fitch Co.*, No. 2:05CV0819, 2006 WL 2869588, at *2 (S.D. Ohio Oct. 5, 2006) (stating that "the modifier 'undue' was inserted before the word 'prejudice' in order to stress that lifting a stay of discovery must be premised upon some showing of prejudice which is above and beyond the prejudice which a party suffers simply from being denied access to discovery materials early in a case").

Plaintiffs similarly fail to show that they will be unduly prejudiced without the discovery requested. Plaintiffs argue that: "Absent access to the Demand Documents and Government Productions, Plaintiffs will be forced to pursue this litigation at an unfair informational disadvantage, making the risk of undue prejudice and inconsistent rulings particularly severe." Dkt. 72 at 13. But they do not meaningfully explain why they have "a particular need for early discovery of this material, or *how* the specific documents and deposition testimony [they] seek[ ] will actually prevent undue prejudice." *Borteanu*, 2022 WL 1188081, at *4. In addition, although Plaintiffs argue that Cassava has limited assets and that Plaintiffs and other litigants "are all vying for a piece of a limited pie," Cassava has not filed for bankruptcy and Plaintiffs do not allege that bankruptcy is imminent. *See In re Am. Funds*, 493 F. Supp. 2d at 1106 (denying motion to lift stay where plaintiffs failed to show unique circumstances such as ongoing settlement negotiations or that defendant filed for bankruptcy). Nor do Plaintiffs allege that any parties are in settlement

negotiations. *See id.*; *Borteanu*, 2022 WL 1188081, at *4 (denying motion to lift stay where there were no settlement discussions or requests to discuss settlement). It is thus unclear how the discovery stay will unduly prejudice Plaintiffs. Rather, this appears to be a "garden variety" case in which the only thing which has happened, apart from ordinary litigation activities, is that Defendants have produced documents to government agencies and to non-parties in other litigation. *Ross*, 2006 WL 2869588, at *3. Again, prejudice caused by the delay of the PSLRA's discovery stay cannot constitute "undue prejudice." *Barrett*, 2011 WL 13134638, at *3; *see also In re Odyssey Healthcare*, 2005 WL 1539229, at *2 (denying motion to stay). If Plaintiffs are allowed to take discovery before the District Court has sustained the legal sufficiency of the Consolidated Complaint, moreover, "Plaintiffs might attempt to use the information in addressing a motion to dismiss or amending their claims in direct contravention of one of the purposes of the PSLRA." *In re Am. Funds*, 493 F. Supp. 2d at 1106-07.

### IV. Conclusion

Because Plaintiffs have not established that they will suffer undue prejudice, as required to lift the PSLRA's mandatory discovery stay, the Court **DENIES** Plaintiffs' Opposed Motion for Partial Relief From the PSLRA Discovery Stay (Dkt. 72).

It is further **ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable David Alan Ezra.

**SIGNED** on January 2, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE