UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § Master File No. 1:21-cv-00751-DAE § § CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS | § § § § § § |

**PLAINTIFFS' NOTICE OF RECENT AUTHORITY AND DEVELOPMENTS**

Lead Plaintiff Mohammad Bozorgi and additional plaintiffs Ken Calderon and Manohar Rao (together, "Plaintiffs"), respectfully notify the Court of the decision by the U.S. Court of Appeals for the Fifth Circuit in *Okla. Firefighters Pension Fund & Ret. Sys. v. Six Flags Ent. Corp.*, 2023 WL 228268 (5th Cir. Jan. 18, 2023) ("*Six Flags*"), attached hereto as Exhibit A, which was issued on January 18, 2023, and is relevant to the Court's consideration of Plaintiffs' Opposition to Defendants' Motion to Dismiss the Consolidated Complaint (ECF 86) (the "Opposition" or "Opp.").[1]

*Six Flags*, which was issued after Plaintiffs filed their Opposition, reversed and remanded the dismissal of a class action complaint alleging violations of §10(b) of the Securities Exchange Act of 1934 for alleged material misrepresentations and omissions and is relevant to numerous issues in Plaintiffs' Opposition. First, the Fifth Circuit held that performance-based compensation ***does*** support a strong inference of scienter where, like here, corporate executives are motivated to conceal bad news to achieve large bonuses. *Six Flags*, 2023 WL 228268 at *10. Defendants were similarly motivated to hide the truth regarding Simufilam's research in order to qualify, along with other Cassava executives, for **nearly two hundred million dollars** in bonus payments during the Class Period under Cassava's unusual compensation plan based on short-term increases in the Company's stock price. Opp. at 29-31.

*Six Flags* thus directly contradicts Defendants' argument in their Motion to Dismiss Plaintiffs' Consolidated Complaint that "under controlling authority" an "executive bonus plan" is "'insufficient to [even] support an inference of scienter'—as a matter of law." ECF 81 ( the

---

[1] "Defendants" refers to Cassava Sciences, Inc. ("Cassava" or the "Company"), Remi Barbier ("Barbier"), Lindsay Burns ("Burns"), Nadav Friedmann ("Friedmann"), and Eric Schoen ("Schoen").

"Motion to Dismiss" or "Mot.") at 25-26.[2] Despite this, Defendants' Reply in Support of Motion to Dismiss Plaintiffs' Consolidated Complaint , which was filed after *Six Flags* was issued, fails to cite this binding precedent and instead cites to the reversed lower court decision, *Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. Six Flags Ent., Corp.*, 524 F. Supp. 3d 501 (N.D. Tex. 2021). ECF 90 (the "Reply") at 9.

Second, in their Reply, Defendants argue that the special circumstances doctrine supporting a strong inference of Defendants' scienter is "disfavored" in the Firth Circuit. Reply at 11. *Six Flags*, however, held that four non-exclusive "'special circumstances'" ***can*** each support a strong inference of scienter. 2023 WL 228268 at *13-*14. As stated in Plaintiffs' Opposition, these factors independently and collectively evidence Defendants' scienter: (i) Cassava had only a handful of employees; (ii) Simufilam, Cassava's primary product candidate, is "critical" to the Company; (iii) Defendants oversaw and authored the pre-clinical research and clinical trial results at issue, "implying they knew the details"; (iv) Defendants' statements regarding its Phase 2b Spatial Working Memory test, submission of "original" data to scientific journals, and that an independent lab (Quanterix) prepared the allegedly false and misleading data charts in Cassava's AAIC presentation were inconsistent with Cassava's internal statements and data; and (v) the Company's failure to disclose highly anomalous Phase 2b re-analysis results and Dr. Wang's involvement was inconsistent with their prior disclosure practices. *Compare id.*, *with* Opp. at 4-5, 9-11, 23-25.

Third, *Six Flags* rejected the defendants' mischaracterization of the plaintiffs' allegations as purported "'conclusory opinions,'" where the allegations pertained to "factual merits" inappropriate for determination on a motion to dismiss. 2023 WL 228268, at *9. Here, Defendants

---

[2] Emphasis is added and citations are omitted unless otherwise noted.

similarly mischaracterized as conclusory "opinions" Plaintiffs' detailed factual allegations that certain of Cassava's foundational scientific papers and clinical trial disclosures contained specific errors and anomalies, including duplications and splicing, evidencing intentional data manipulation, that Cassava does ***not*** dispute, but offers only alternate explanations. Opp. at 5-6, 8, 18-19.

Last, *Six Flags* reaffirmed that the purpose of the PSLRA was not to "'raise the pleading burdens . . . to such a level that facially valid claims . . . must be routinely dismissed,'" and rejected the argument that a plaintiff must take on a "excessively difficult" pleading burden that "would likely require investigation into those 'industry-specific and inherently fact-bound proposition[s]' that are inappropriate at the pleading stage." 2023 WL 228268, at *9 (ellipsis and alteration in original). Plaintiffs likewise need not definitively prove, at the pleading stage and without discovery of Cassava's original data, that the Company manipulated its pre-clinical and clinical research to sufficiently plead falsity with respect to their data manipulation claims at this stage of the litigation. Opp. at 14-16.

In addition, Cassava has announced a recent development regarding Simufilam. Defendants previously claimed that Cassava's so-called "final" and purportedly "promising" Phase 2b results were supported by interim results from an open label extension study. Mot. at 5. Plaintiffs' Opposition noted that such "open label" studies, especially interim results, are not reliable due to the placebo effect. *See* Opp. at 18, n.10. On January 24, 2023, Cassava announced its updated results from the open label study, which, according to journalists at STAT news, showed that Simufilam "doesn't look any more effective than a placebo" in treating the cognitive status of patients. Adam Feurstein, *STAT* "New results show Cassava's Alzheimer's drug has placebo-like efficacy," January 24, 2023, attached hereto as Exhibit B. In response to Cassava's update, the Company's stock price fell 18%, "erasing $270 million in market value." *Id.*

| | |
|---|---|
| DATED: January 31, 2023 | ROBBINS GELLER RUDMAN <br>   & DOWD LLP <br> DANIEL S. DROSMAN (admitted *pro hac vice*) <br> KEVIN A. LAVELLE (admitted *pro hac vice*) <br> MEGAN A. ROSSI (admitted *pro hac vice*) |

s/ KEVIN A. LAVELLE
KEVIN A. LAVELLE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao

- 4 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 31, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ KEVIN A. LAVELLE
KEVIN A. LAVELLE

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  klavelle@rgrdlaw.com

# Mailing Information for a Case 1:21-cv-00751-DAE In Re Cassava Sciences, Inc. Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzia@csgrr.com

- **Michael Albert**
  malbert@rgrdlaw.com

- **Thomas E. Bilek**
  tbilek@bileklaw.com,lmank@bileklaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey C. Block**
  jeff@blockesq.com

- **Willie C. Briscoe**
  wbriscoe@thebriscoelawfirm.com,tsims@thebriscoelawfirm.com

- **Warren T. Burns**
  wburns@burnscharest.com,mkweik@burnscharest.com,jgravois@burnscharest.com,mvaleriano@burnscharest.com,twhiteside@burnscharest.com

- **Stuart L. Cochran**
  stuart@scochranlaw.com,lisa@scochranlaw.com

- **Michael Dell'Angelo**
  mdellangelo@bm.net,csimon@bm.net,jgionnette@bm.net

- **Daniel S. Drosman**
  dand@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Bryan Fears**
  fears@fnlawfirm.com,pcox@fnlawfirm.com,nprola@maceybankruptcylaw.com

- **William B. Federman**
  wbf@federmanlaw.com,ngb@federmanlaw.com,law@federmanlaw.com

- **Michael I. Fistel , Jr**
  michaelf@johnsonfistel.com,paralegal@johnsonfistel.com

- **William J. Foley**
  wfoley@orrick.com,lpatts@orrick.com

- **Sammy Ford , IV**
  sford@azalaw.com,rperez@azalaw.com,tzamora@azalaw.com,jwarshauer@azalaw.com

- **Claudia Wilson Frost**
  cfrost@orrick.com,PATeam5@orrick.com,phowell@orrick.com,dcmanagingattorneysoffice@ecf.courtdrive.com,srenfro@orrick.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **B. Russell Horton**
  rhorton@gbkh.com,kseabolt@gbkh.com,tmanassian@gbkh.com

- **Lewis S. Kahn**
  lewis.kahn@ksfcounsel.com,ecf.filings@ksfcounsel.com

- **Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com

- **James N. Kramer**
  jkramer@orrick.com

- **Natalie F. Lakosil**
  nlakosil@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Kevin A. Lavelle**
  klavelle@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com

- **Charles H. Linehan**
  CLinehan@glancylaw.com,info@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Matthew Ryan McCarley**
  mccarley@fnlawfirm.com,mccmat2000@yahoo.com,desireet@fnlawfirm.com

- **Megan A. Rossi**
  mrossi@rgrdlaw.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com

- **Jordan Lyn Warshauer**
  jwarshauer@azalaw.com,mrivers@azalaw.com,akeniston@azalaw.com

- **Braden Michael Wayne**
  braden@swclaw.com,lisa@swclaw.com,jamie@swclaw.com

- **John A. Yanchunis**
  jyanchunis@forthepeople.com,jcabezas@forthepeople.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`