IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § § § § § § |  Master File No. 1:21-cv-00751-DAE  <br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE
OF RECENT AUTHORITY AND DEVELOPMENTS**

Claudia Wilson Frost
State Bar No. 21671300
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main Street, 40th Floor
Houston, Texas 77002-3106
Telephone: (713) 658-6460
Facsimile: 713.658.6401
cfrost@orrick.com

James N. Kramer (admitted *pro hac vice*)
Alexander Talarides (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, California 94105-2669
Telephone: (415) 773-5700
Facsimile: 415.773.5759
jkramer@orrick.com
atalarides@orrick.com

William J. Foley (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
Facsimile: 212.506.5151
wfoley@orrick.com

*Attorneys for Defendants*

On January 31, 2023, Plaintiffs filed a purported Notice of Recent Authority and Developments in support of Plaintiffs' Opposition (the "Opposition") to Defendants' Motion to Dismiss the Consolidated Complaint (the "Motion"). Dkt. No. 92 at 1 (the "Supplemental Brief" or "SB").[1] Plaintiffs' Supplemental Brief violates the Western District of Texas' local rules, which state that after a reply brief is filed in support of a motion, "**no further submissions on the motion are allowed**" absent leave of the Court, which Plaintiffs here did not seek. *See* L.R. 7(e)(1) (emphasis added).[2] Moreover, although it is styled as a "Notice of Recent Authority," the Supplemental Brief is full of argument that renders it effectively a sur-reply. Sur-replies, like "any other filing that serves the purpose or has the effect of a sur-reply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on the matter." *Horton v. Med-Sense Guaranteed Ass'n*, 2021 WL 3832830, at *3 (N.D. Tex. Apr. 6, 2021) (citation omitted). Accordingly, the Court should strike Plaintiffs' improperly filed Supplemental Brief.

In any event, the Supplemental Brief's arguments do not rebut the grounds for dismissal set forth in Defendants' Motion and Reply. *See* Dkt. Nos. 81, 90. The Supplemental Brief cites a recent Fifth Circuit decision, *Okla. Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*, 2023 WL 228268 (5th Cir. 2023) ("*Six Flags*"), for the proposition that executive bonus plans can raise an inference of scienter where the bonuses were "extremely high" and not "well out of reach." *Id.* at *10 (citing *Mun. Emps.' Ret. Sys. of Mich. v. Pier 1 Imports, Inc.*, 935 F.3d 424, 431 (5th Cir. 2019); *see* SB at 1-2. But this is not new law and, as the Reply previously discussed (and Plaintiffs cannot dispute), the bonuses at issue here were demonstrably **very unlikely** to be paid at the time

---

[1] Plaintiffs are Mohammad Bozorgi, Ken Calderon, and Manohar Rao, and Defendants are Cassava Sciences, Inc. ("Cassava"), Remi Barbier, Lindsay Burns, Nadav Friedmann, and Eric Schoen.

[2] Defendants filed their Reply in Support of Motion to Dismiss Plaintiffs' Consolidated Complaint (the "Reply") on January 23, 2023, Dkt. No. 88, which the Court docketed on January 24, 2023, Dkt. No. 90.

that the bonus plan was approved, and indeed, bonuses have never and may never be paid. *See* Reply at 9 (citing *Pier 1*, 935 F.3d at 431). In *Six Flags*, the court found that the defendants' bonuses were not "well out of reach" because there were specific allegations to show the bonuses **would have been paid** but for the purported revelation of the truth, *see* 2023 WL 228268, at *10, whereas here, there are no allegations to show Defendants would have received the bonuses if the Citizen Petitions had not been published. And while the large, nearly-paid executive bonuses in *Six Flags* gave rise to **some** inference of scienter, the Fifth Circuit held that the Private Securities Litigation Reform Act's ("PSLRA") heightened requirement to plead a strong inference of scienter was satisfied only through the "collective weight" of factual allegations made by a confidential witness, *id.* at *11. As the Motion and Reply establish, Plaintiffs here cannot buttress their motive-based allegations with any specific factual allegations, which are instead admittedly founded on the opinions and beliefs of third parties who stand to benefit from Cassava's demise. S*ee* Mot. at 13-19; Reply at 3-6. Under binding Fifth Circuit law, beliefs and "opinions cannot substitute for facts under the PSLRA." *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006).

Plaintiffs also use the Supplemental Brief to rehash their "core operations" theory, arguing that *Six Flags* "held that four non-exclusive 'special circumstances' can **each** support of strong inference of scienter." SB at 2 (emphasis changed). In reality, *Six Flags* found that the "special circumstances" allegations in that case were "**not adequate on their own**," and that the plaintiff met its pleading burden for scienter only through the specific facts alleged by the confidential

witness, and only because falsity was "**readily apparent**," 2023 WL 228268, at *13-14 (emphases added)—in sharp contrast to the circumstances here, *see* Reply at 12-13.[3]

Finally, the Supplemental Brief cites and attaches an article published by STAT news that opines on the efficacy of simufilam based on additional trial data that Cassava announced on January 24, 2023. SB at 3 (citing Exhibit B). This article is **irrelevant** to Defendants' Motion, as it merely provides the author's opinion that simufilam might not be effective and says **nothing** about the allegations that form the basis of this lawsuit, *i.e.*, whether Cassava's scientific data has been manipulated. *See* Dkt. No. 92-2 (stating that "the cognitive status of patients" in a recent study report "doesn't look any more effective than a placebo" and that it's "more likely that the 2.5-point loss of cognition . . . approximates a true result").[4] And even if this article were relevant to the Motion (and it is not), on a motion to dismiss "court[s] review[] only the well-pleaded facts in the complaint [and] may not consider new factual allegations made outside the complaint." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

---

[3] Plaintiffs also cite *Six Flags* to argue that confidential witness allegations can be accepted as true when they are specific and not factually impossible, *see* SB at 2-3 (citing *Six Flags*, 2023 WL 228268, at *9), but there are no confidential witness or other first-hand allegations in this case, **at all**. Plaintiffs' claims are admittedly founded exclusively on the **opinions** of third parties, *see*, *e.g.*, Reply at 1.

[4] It is also worth noting that the author bases his assertions on a comparison to unspecified and apparently non-existent Alzheimer's disease studies. *See id.* ("Unfortunately for Cassava, that puts the efficacy of simufilam on par with the performance of placebo in a number of previously conducted, randomized Alzheimer's studies."). However, as Cassava disclosed in the January 24, 2023 press release that is the subject of the STAT article, an outside biostatistical consulting firm determined that the "improvement in ADAS-Cog over 1 year in mild patients taking simufilam is well outside the expected range of historic placebo decline rates from numerous other studies." *See* Cassava Sciences Announces Positive Top-Line Clinical Results in Phase 2 Study Evaluating Simufilam in Alzheimer's Disease, Jan. 24, 2023 (available at: https://www.cassavasciences.com/news-releases/news-release-details/cassava-sciences-announces-positive-top-line-clinical-results).

Dated: February 3, 2023

Respectfully submitted,

*/s/ James N. Kramer*
James N. Kramer (admitted *pro hac vice*)
Alexander K. Talarides (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
405 Howard Street
San Francisco, CA 94105
Telephone: 415.773.5700
Facsimile: 415.773.5759
jkramer@orrick.com
atalarides@orrick.com

Claudia Wilson Frost
State Bar No. 21671300
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main, 40th Floor
Houston, TX 77002
Telephone: 713.658.6400
Facsimile: 713.658.6401
cfrost@orrick.com

William J. Foley (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019
Telephone: 212.506.5000
Facsimile: 212.506.5151
wfoley@orrick.com

*Attorneys for Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, Nadav Friedmann, and Eric J. Schoen*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 3, 2023, a true and correct copy of this reply motion was served upon each attorney of record through the Court's CM/ECF system.

*/s/ James N. Kramer*
James N. Kramer