UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC.<br>SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | § § § § § § § § § § § § Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |

**REVISED SCHEDULING RECOMMENDATIONS**

4883-0794-9153.v3

Pursuant to the Court's March 3, 2023 order requesting scheduling recommendations (ECF 94) and the April 26, 2023 hearing on Defendants' motion to dismiss, during which the Court noted that scheduling recommendations with specific dates would be needed, the Parties[1] submit the following revised statement in response to the Court's request for scheduling recommendations, which revises the Parties' prior scheduling recommendations (ECF 96) to include more specific dates and deadlines.

As a preliminary matter, the Parties disagree on the deadline for amending the pleadings or joining additional parties and whether merits-related expert reply reports are appropriate. The parties' respective views on those two topics are set forth in Paragraph 13, below.

To the extent the Court proceeds to enter a schedule for further proceedings in this action at this time,[2] the parties recommend that the below deadlines be entered in the scheduling order to control the course of this putative securities class action. This schedule will be effective only if Defendants' pending motion to dismiss is denied, in whole or in part. The Court indicated at the April 26, 2023 hearing that it anticipates ruling on the Defendants' motion to dismiss by May 17, 2023. All of the dates set forth herein are premised on the Court ruling on Defendants' motion to dismiss on or before May 17, 2023. To the extent that the Court issues its ruling at a later date, the dates set forth herein will be adjusted accordingly.

---

[1]  The "Parties" refers to Lead Plaintiff Mohammad Bozorgi and additional plaintiffs Ken Calderone and Manohar Rao ("Plaintiffs") and Defendants Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, Eric J. Schoen, and Nadav Friedmann ("Defendants"). On January 27, 2023, Defendants filed a Suggestion of Death of Nadav Friedmann. ECF 91.

[2]  The Private Securities Litigation Reform Act provides for a for a mandatory and automatic stay of "all discovery and other proceedings" during the pendency of any motion to dismiss in a case, such as this one, brought under the Securities Exchange Act of 1934. *See* 15 U.S.C. §78u-4(b)(3)(B). Accordingly, as stated in the Parties' prior scheduling recommendations (ECF 96), Defendants maintain that it remains premature to set discovery deadlines at this time. However, in light of the Court's statements at the April 26, 2023 hearing, Defendants have worked cooperatively with Plaintiffs to develop the proposed schedule herein.

- 1 -

1.The Parties must mediate this case by June 17, 2024 and file a report in accordance with Local Civil Rule CV-88 after the mediation is completed.

2.The Parties asserting claims for relief shall submit a written offer of settlement to opposing parties by May 27, 2024, prior to the mediation described in Paragraph 1, and each opposing party shall respond, in writing, by June 10, 2024.

3.The Parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by June 7, 2023.

4.The Parties' document productions shall be substantially complete by December 15, 2023.  The Parties will produce documents on a rolling basis.

5.The Parties shall complete all fact discovery by May 17, 2024.

6.The Parties shall serve all opening expert reports and the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), for matters on which the party is offering affirmative expert opinions, by July 1, 2024.  The Parties shall serve any rebuttal expert reports and the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, by August 15, 2024.  Rebuttal reports must be "intended solely to contradict or rebut evidence on the same subject matter identified" by the opposing party's expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(ii).

7.The Parties shall complete all expert discovery within 30 days after the final expert reports are served.  *See* the Parties' dispute in Paragraph 13 below regarding reply expert reports, which affects the deadlines for expert discovery, motions under Federal Rule of Evidence 702, referenced in Paragraph 8 below, and briefing on summary judgment, referenced in Paragraph 10 below.

8.An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and

identifying the objectionable testimony, within 30 days following the close of expert discovery referenced in Paragraph 7 above.

9. Class Certification briefing shall be completed consistent with the following schedule:

- Plaintiffs to move for class certification and serve any expert report in support by November 13, 2023.

- Defendants to file any opposition to Plaintiffs' motion for class certification and serve any expert report in support therefore by December 28, 2023.

- Plaintiffs to file any reply in further support of motion for class certification and serve any expert report in support of their motion by February 12, 2024.

10. All dispositive motions shall be filed no later than 45 days after the close of expert discovery. Responses shall be filed within 45 days after dispositive motions are filed. Replies shall be filed within 30 days after responses are filed. Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to twenty (20) pages in length. Replies, if any, shall be limited to ten (10) pages in length in accordance with Local Rule CV-7(e). The parties may seek leave to modify these page limits, if appropriate. ***If the parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline in order to set a trial date***.

11. If required, a hearing on dispositive motion will be set by the Court after all responses and replies have been filed.

12. The Court will set the case for trial by separate order. The order will establish trial-type deadlines to include pretrial matters pursuant to Local Rule CV-16(e)-(g).

13. All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on March 24 and May 8, 2023, and the parties have *agreed* as to the deadlines set forth above, but *disagree* as to the two matters set forth below. The following

positions and reasons are given by the parties for the disagreement as to the contents of the proposed scheduling order:

**Deadline for Motions for Leave to Amend or Supplement Pleadings or to Join Additional Parties**:

**Plaintiffs' Position**:

Plaintiffs contend that the deadline for the Parties to file amended pleadings or join additional parties should be June 17, 2024, 30 days after the close of fact discovery, in order to account for new information learned during discovery. Defendants' concern that the case could "change dramatically" or require a "do-over" of discovery are unfounded, as any amendment will be based on the discovery already taken.

**Defendants' Position**:

Defendants contend that the Parties should file all motions for leave to amend or supplement pleadings or to join additional parties by November 17, 2023, approximately six months after the anticipated ruling on Defendants' motion to dismiss but while discovery remains open. Plaintiffs' proposal, which would allow these motions to be filed even after the close of fact discovery, raises the prospect that the case could change dramatically at the eleventh hour and require a do-over of discovery.

**Appropriateness of Merits Reply Expert Reports**:

**Plaintiffs' Position**:

Plaintiffs contend that, following the exchange of opening and rebuttal expert reports, the parties should be permitted to serve reply expert reports by September 16, 2024, within 30 days after rebuttal reports are served, in the event a rebuttal report is provided by an expert whose expertise is on a different subject matter than the opposing Party's opening expert report. Under

those circumstances, the opposing party would have no expert on the same subject matter to meet the rebuttal expert at trial.

**Defendants' Position**:

Defendants contend that there has been no showing that reply expert reports – which are not expressly permitted by Federal Rule 26 – will be necessary or appropriate in this matter. To the extent the parties believe that reply expert reports are warranted following an exchange of opening and rebuttal reports, the parties can seek to modify the scheduling order at that time.

DATED: May 9, 2023

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
MEGAN A. ROSSI (admitted *pro hac vice*)

s/ KEVIN A. LAVELLE
KEVIN A. LAVELLE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao


                s/ JAMES N. KRAMER
                JAMES N. KRAMER

James N. Kramer (admitted *pro hac vice*)
Alexander K. Talarides (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
405 Howard Street
San Francisco, CA 94105
Telephone: 415/773-5700
415/773-5759 (fax)
jkramer@orrick.com
atalarides@orrick.com

Claudia Wilson Frost
State Bar No. 21671300
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main, 40th Floor
Houston, TX 77002
Telephone: 713.658.6400
Facsimile: 713.658.6401
cfrost@orrick.com

William J. Foley (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019
Telephone: 212.506.5000
Facsimile: 212.506.5151
wfoley@orrick.com

*Attorneys for Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, Nadav Friedmann, and Eric J. Schoen*

- 6 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on May 9, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                         s/ Kevin A. Lavelle
                         KEVIN A. LAVELLE

                         ROBBINS GELLER RUDMAN
                             & DOWD LLP
                         655 West Broadway, Suite 1900
                         San Diego, CA  92101-8498
                         Telephone:  619/231-1058
                         619/231-7423 (fax)

                         Email:  klavelle@rgrdlaw.com

# Mailing Information for a Case 1:21-cv-00751-DAE In Re Cassava Sciences, Inc. Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzia@csgrr.com

- **Michael Albert**
  malbert@rgrdlaw.com

- **Thomas E. Bilek**
  tbilek@bileklaw.com,lmank@bileklaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey C. Block**
  jeff@blockesq.com

- **Willie C. Briscoe**
  wbriscoe@thebriscoelawfirm.com,tsims@thebriscoelawfirm.com

- **Warren T. Burns**
  wburns@burnscharest.com,mkweik@burnscharest.com,jgravois@burnscharest.com,mvaleriano@burnscharest.com,twhiteside@burnscharest.com

- **Stuart L. Cochran**
  stuart@scochranlaw.com,lisa@scochranlaw.com

- **Michael Dell'Angelo**
  mdellangelo@bm.net,csimon@bm.net,jgionnette@bm.net

- **Daniel S. Drosman**
  dand@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Bryan Fears**
  fears@fnlawfirm.com,pcox@fnlawfirm.com,nprola@maceybankruptcylaw.com

- **William B. Federman**
  wbf@federmanlaw.com,ngb@federmanlaw.com,law@federmanlaw.com

- **Michael I. Fistel , Jr**
  michaelf@johnsonfistel.com,paralegal@johnsonfistel.com

- **William J. Foley**
  wfoley@orrick.com,lpatts@orrick.com

- **Sammy Ford , IV**
  sford@azalaw.com,rperez@azalaw.com,tzamora@azalaw.com,jwarshauer@azalaw.com

- **Claudia Wilson Frost**
  cfrost@orrick.com,PATeam5@orrick.com,phowell@orrick.com,dcmanagingattorneysoffice@ecf.courtdrive.com,srenfro@orrick.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **B. Russell Horton**
  rhorton@gbkh.com,kseabolt@gbkh.com,tmanassian@gbkh.com

- **Lewis S. Kahn**
  lewis.kahn@ksfcounsel.com,ecf.filings@ksfcounsel.com

- **Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com

- **James N. Kramer**
  jkramer@orrick.com

- **Natalie F. Lakosil**
  nlakosil@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Kevin A. Lavelle**
  klavelle@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com

- **Charles H. Linehan**
  CLinehan@glancylaw.com,info@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Matthew Ryan McCarley**
  mccarley@fnlawfirm.com,mccmat2000@yahoo.com,desireet@fnlawfirm.com

- **Megan A. Rossi**
  mrossi@rgrdlaw.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Alexander K. Talarides**
  atalarides@orrick.com,lpatts@orrick.com

- **Jordan Lyn Warshauer**
  jwarshauer@azalaw.com,mrivers@azalaw.com,akeniston@azalaw.com

- **Braden Michael Wayne**
  braden@swclaw.com,lisa@swclaw.com,jamie@swclaw.com

- **John A. Yanchunis**
  jyanchunis@forthepeople.com,jcabezas@forthepeople.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`