UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES, INC.<br>SECURITIES LITIGATION | § <br> § <br> § <br> § | Master File No. 1:21-cv-00751-DAE <br><br> CLASS ACTION |
| This Document Relates To: <br><br> ALL ACTIONS | § <br> § <br> § <br> § <br> § <br> § | |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

Before the Court is the joint motion of the Parties for the entry of a confidentiality and protective order ("Protective Order").[1]  (Dkt. # 115.)  Disclosure and discovery activity in this action may involve production of confidential, proprietary, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, a protective order for such information is justified in this matter:

- to expedite the flow of information;

- to facilitate the prompt resolution of disputes over confidentiality of discovery materials;

- to adequately protect information the parties are entitled to keep confidential;

- to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial;

- to address the handling of confidential materials at the end of the litigation; and

- to serve the ends of justice.

This Protective Order does not confer blanket protections on all disclosures or responses to discovery; and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential.  By seeking entry of this Protective Order, none of the parties concede that any document produced in this litigation qualifies as Confidential Information.

After careful consideration, it is ORDERED that the motion is granted, and the Court ORDERS the following:

---

[1]     The "Parties" refers to Lead Plaintiff Mohammad Bozorgi and additional plaintiffs Ken Calderone and Manohar Rao and Defendants Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, and Eric J. Schoen.

## 1.     Confidential Information

"Confidential Information" or "Highly Confidential Information" means any information of any type, kind, or character that is designated as "Confidential" or "Highly Confidential," whether it be a document, information contained in a document, information revealed during discovery, or otherwise.

The protections conferred by this Order cover not only Confidential Information or Highly Confidential Information (as defined above), but also: (1) any information copied or extracted from Confidential Information or Highly Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information or Highly Confidential Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Confidential Information or Highly Confidential Information.

Any use or restrictions on the use of Confidential Material or Highly Confidential Information at trial shall be governed by a separate agreement or order.

## 2.     Qualified Persons

a.     *Qualified Persons.*  "Qualified Persons" means:

    i.     retained counsel for the Parties in this litigation and their respective staff;

    ii.     actual or potential independent experts, consultants, or investigators (and their administrative or clerical staff) engaged in connection with this litigation;[2]

---

[2]     Designation of an expert or consultant under this provision is not a waiver of such person's status as a consulting only expert or of any other protection against discovery of such person's work or opinions.

iii.  this Court and its staff and any other tribunal, special master, or dispute resolution officer duly appointed or assigned in connection with this litigation;

iv.  litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel;

v.  the party, if a natural person;

vi.  if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case;

vii.  jury and trial consultants and their staff and mock jurors;

viii.  any person who was an author, addressee, or intended or authorized recipient of the Confidential Information or Highly Confidential Information;

ix.  mediators and their staff;

x.  insurance carriers providing coverage in this matter;

xi.  witnesses or potential witnesses in the action, in preparation for deposition or trial testimony, to whom disclosure is reasonably necessary;

xii.  witnesses in the action, during deposition testimony, to whom disclosure is reasonably necessary; and

xiii.  such other person as this Court may designate after notice and an opportunity to be heard.

b.  *Acknowledgements*.  For purposes of subparagraphs (ii), (vii), and (xi) above, Confidential Information may be provided to such persons only after he or she has signed an Acknowledgement agreeing to be bound by the terms of this Protective Order in the form attached hereto as Exhibit A.

c.      *Enhanced Acknowledgements*.  The parties may agree on a list of persons to whom Confidential Information may be provided under Paragraph 2(a) (ii), (vii), or (xi) only after such person has signed an Acknowledgement agreeing to be bound by the terms of this Protective Order in the form attached hereto as Exhibit B.  Highly Confidential Information may not be provided to such persons under Paragraph 2(a) (ii), (vii), (xi), or (xii) absent agreement of the parties or order of the Court for good cause.  If Highly Confidential Information is provided to such persons under the terms of this paragraph, counsel providing such information will take reasonable steps to ensure that the person receiving it retains it only for as long as necessary for the purpose for which it was provided.

d.      *Retention of Acknowledgements*.  Counsel who provides Confidential Information or Highly Confidential Information to any person required to sign an Acknowledgement must retain copies of such Acknowledgements until the conclusion of the litigation as that term is defined in Paragraph 15 hereof.

**3.      Designation Criteria**

a.      *Confidential Information*.  A party shall designate as Confidential Information only such information that the party in good faith believes in fact is Confidential under the terms of this Protective Order.  Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential Information. Information and documents that may be designated as Confidential Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, such as medical, health care or patient information, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

b.      *Highly Confidential Information*.   A party shall designate as Highly Confidential Information only such information that the party believes, after reviewing the information, in fact is extremely sensitive information, the disclosure of which would create a substantial risk of competitive or business injury, and which does not bear directly on the issues in dispute in this case.   In general, the parties expect that only information created after January 1, 2022 will be designated as Highly Confidential Information.

c.      *Non-confidential Information*.   Confidential Information or Highly Confidential Information shall not include information that either:

      i.      is in the public domain at the time of disclosure, as evidenced by a written document;

      ii.     becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

      iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

      iv.     lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

## 4.      Non-Party Designations

Any non-party who produces information in discovery in this litigation may designate such information as Confidential Information or Highly Confidential Information in accordance with the terms of this Order.   By doing so, the non-party agrees to be bound by the terms of the Order and submits to the jurisdiction of the Court for all purposes relating to the Order.

5.      **Use of Confidential Information or Highly Confidential Information**

All Confidential Information or Highly Confidential Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of this litigation (including, but not limited to, trial and appeal) and for no other purpose and shall not be disclosed except in accordance with the terms of this Order.

6.      **Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Confidential Information Highly Confidential Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Highly Confidential."  The designation should be made in a fashion or form that is conspicuous yet allows the Confidential Information or Highly Confidential Information to remain legible.  In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided.  Originals shall be preserved for inspection.  For documents produced in native format, the marking shall be affixed to the placeholder bates numbered TIFF image that accompanies the native file.

7.      **Disclosure at Depositions**

Any party may designate information disclosed at a deposition as Confidential Information or Highly Confidential Information by notifying all Parties in writing not later than 30 days of receipt of the final transcript of the specific pages and lines of the transcript that should be treated as Confidential Information or Highly Confidential Information thereafter.  Each party shall attach a copy of each such written notice to the face of the transcript and each copy of the transcript in that party's possession, custody, or control.  All deposition transcripts shall be treated as Highly Confidential Information for a period of seven days after initial receipt of the final transcript, and then shall be treated as Confidential Information until 30 days after receipt of the final transcript.

### 8.      Disclosure to Qualified Persons

Confidential Information or Highly Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction.  But if a disclosure is compelled by law, subpoena or court order, the receiving party will notify the producing party as promptly as practicable (if at all possible, before making such disclosure).  The producing party shall seek a protective order or confidential treatment of such information and the receiving party will cooperate with the producing party to protect the information.  The producing party shall bear the burden of seeking protection of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging the receiving party to disobey a lawful directive from another court.

### 9.      Unintentional Disclosures

Documents unintentionally produced without designation as Confidential Information or Highly Confidential Information may be designated and shall be treated as Confidential Information or Highly Confidential Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential Information or Highly Confidential Information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### 10.      Consent to Disclosure

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Confidential Information or Highly Confidential Information

- 7 -

consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure.

## 11.     Challenging the Designation

A party shall not be obligated to challenge the propriety of a designation of Confidential Information or Highly Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information or Highly Confidential Information, the Parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies.  If the dispute cannot be resolved informally within ten (10) business days, the objecting party must object in writing to the party who designated the document or information as Confidential Information or Highly Confidential Information.  The designating party shall then have fifteen (15) business days to move the Court for an order preserving the designated status of the disputed information.  The disputed information shall remain as designated unless the Court orders otherwise.  Failure to move for an order within the specified time period shall constitute a termination of the status of such item as Confidential Information or Highly Confidential Information unless the Parties agree to modify the time period or the Court so orders.

## 12.     Manner of Use in Proceedings

In the event a party wishes to use any Confidential Information or Highly Confidential Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (*e.g.*, in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.

Nothing in this Order shall limit the Parties' rights or ability to offer evidence or other information (including Confidential Information or Highly Confidential Information) at a hearing or trial.  The manner of using any Confidential Information or Highly Confidential Information at a hearing or trial and the status of Confidential Information or Highly Confidential Information resulting from any such use will be determined by the Court.

13.   **Filing Under Seal**

The clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Confidential Information or Highly Confidential Information by any party to this litigation consistent with the sealing requirements of the Court.

A party that seeks to file under seal any Confidential Information or Highly Confidential Information shall comply with Local Civil Rule CV-5.2 for the Western District of Texas.  In instances where materials submitted to the Court by one party were designated as Confidential Information by another party, the filing party shall comply with Local Civil Rule CV-5.2 for the Western District of Texas, but indicate in its motion for permission to file under seal that the confidentiality designation was made by another party or non-party.  The burden of demonstrating that any materials designated Confidential Information or Highly Confidential Information submitted to the Court are entitled to be filed under seal shall remain with the designating party.

14.   **Return of Documents**

Subject to Paragraph 2(c), Confidential Information or Highly Confidential Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed no later than 120 days after the conclusion of

the litigation (as that term is defined in Paragraph 15), except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing.  Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product.  Any such work product retained by counsel remains subject to the terms of this Order.

### 15.    Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that: (1) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal; and (2) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

For purposes of this Paragraph, the term "conclusion of this litigation" means the later of: (1) final dismissal of all claims and defenses in this action and any appeal related to it; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 16.    Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order, unless the designating party can show that it took reasonable steps to ensure that such person observed the terms of the Protective Order.

### 17.    Waiver

Pursuant to Federal Rule of Evidence 502(d), inadvertent production or disclosure of any information in this action by a producing party that a producing party later claims should have been withheld on grounds of the attorney-client privilege, the work product doctrine, or the marital communications privilege will not be deemed to waive the privilege or protection in these proceedings or in any other   federal or state proceeding.   Instead, the producing party shall be entitled to assert such privilege or protection, and the information and its subject matter shall be treated as if there has been no such disclosure.

Upon notification from the producing party in writing (or orally during deposition) that privileged or protected information has been inadvertently disclosed (the "Recall Notice"), the receiving and producing parties will follow Federal Rule of Civil Procedure 26(b)(5)(B).   Within five (5) business days of the Recall Notice, the producing party shall provide a privilege log with respect to the information designated as privileged or protected.   If the parties thereafter cannot resolve any disagreement regarding the designation of the material as privileged or protected, the dispute may be presented to the Court for a determination on the claim of privilege.

### 18.    Modification and Exceptions

The Parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

### 19.    Immediate and Containing Effect

This Protective Order shall become effective among the Parties immediately upon its agreement, even if not yet entered by the Court.

It is SO ORDERED this _____14_____ day of _August_ , 2023

_____
THE HONORABLE DAVID ALAN EZRA
SENIOR UNITED STATES DISTRICT JUDGE

EXHIBIT A

**EXHIBIT A**

**<u>CONFIDENTIALITY AGREEMENT</u>**

I, _____, do hereby acknowledge and agree, under penalty of perjury, as follows:

I have read the Confidentiality and Protective Order ("the Protective Order") entered in *In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION*, Case No. 1:21-cv-00751-DAE prior to receiving any Confidential Information as defined therein.

I understand the terms and effect of the Protective Order and agree to be bound by its terms. I further agree to submit to the jurisdiction of the United States District Court for the Western District of Texas for purposes of enforcing compliance with this Order.

I further understand and agree that I must treat any "Confidential Information" in accordance with the terms and conditions of the Protective Order.


DATED: _____, 20___        Signature: _____

EXHIBIT B

**EXHIBIT B**

**CONFIDENTIALITY AGREEMENT**

I, _____, do hereby acknowledge and agree, under penalty of perjury, as follows:

I have read the Confidentiality and Protective Order ("the Protective Order") entered in *In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION*, Case No. 1:21-cv-00751-DAE on _____, 2023, and I fully understand its contents.

I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit and subject myself to the personal jurisdiction of the United States District Court for the Western District of Texas so that the said court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for violating the Protective Order, including punishment for contempt of court for a knowing violation of the Protective Order.

I understand that by signing this instrument, I will be eligible to receive "Confidential Information" or "Highly Confidential Information" under the terms and conditions of the Protective Order. I further understand and agree that I must treat any "Confidential Information" or "Highly Confidential Information" in accordance with the terms and conditions of the Protective Order, and that, if I should knowingly make a disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a court order, will be in contempt of court, and will be subject to punishment by the court for such conduct.

DATED: _____, 20__          Signature: _____

- 13 -