IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES INC. | § | |
| SECURITIES LITIGATION | § | Master File No. 1:21-cv-00751-DAE |
| | § | |
| | § | CLASS ACTION |
| This Document Relates to: | § | |
| | § | |
| ALL ACTIONS | § | |
| | § | |

## DEFENDANTS' AMENDED ANSWER TO THE SUPPLEMENTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Defendants Cassava Sciences, Inc. ("Cassava"), Remi Barbier, Eric Schoen, and Lindsay Burns (together, "Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the Supplemented Consolidated Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") filed by Lead Plaintiff Mohammad Bozorgi and additional plaintiffs Ken Calderone and Manohar Rao ("Plaintiffs").

## RESPONSES TO NUMBERED PARAGRAPHS

Numbered paragraphs below correspond to the like-numbered paragraphs in the Amended Complaint. Defendants generally deny any allegations in the Amended Complaint that assert or suggest that Defendants made any untrue statement of material fact or omitted to state a material fact necessary to make the statements made not misleading.  Except as specifically admitted, Defendants deny the allegations in the Amended Complaint, including without limitation the Table of Contents, headings, subheadings, and footnotes contained within the Amended Complaint.[1]

---

[1] Plaintiff's Amended Complaint contains 19 footnotes. Any allegations contained therein do not comply with Federal Rule of Civil Procedure 10(b), providing that allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); *see, e.g., Bernath v. YouTube LLC*, 2017 WL 1050070, at *2 (M.D. Fla. Mar. 20, 2017) ("Plaintiff also alleges facts in various and lengthy footnotes that will not be considered as they are not properly stated in numbered paragraphs pursuant to Fed. R. Civ. P. 10(b)."); *Holmes v. Gates*, 2010 WL 956412, at *1 n.1 (M.D. Pa. Mar. 11, 2010)

1.      Defendants admit that Dr. Hoau-Yan Wang served as a scientific advisor to Cassava, and further admit that Dr. Lindsay Burns is Cassava's Senior Vice President of Neuroscience and the wife of Cassava's founder and CEO, Remi Barbier.  Except as expressly admitted, Defendants deny the allegations in Paragraph 1.

2.      Defendants deny the allegations in Paragraph 2.

3.      Defendants deny the allegations in Paragraph 3.

4.      Defendants deny the allegations in Paragraph 4.

5.      Defendants admit that in 2021, certain government agencies, including the SEC and DOJ, asked Cassava to provide them with corporate information and documents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 5.

6.      Defendants deny the allegations in Paragraph 6.

7.      Defendants admit that Cassava had been named Pain Therapeutics, Inc. until 2019. Defendants further admit that the company failed to gain FDA approval for its drug candidate, Remoxy, in 2018, and that the company's stock price subsequently declined.  Except as expressly admitted, Defendants deny the allegations in Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8.

9.      Defendants deny the allegations in Paragraph 9.

10.     Defendants deny the allegations in Paragraph 10.

11.     Defendants admit that on February 10, 2021, Cassava made a direct stock offering of 4,081,633 shares of its common stock at a purchase price per share of $49, resulting in gross

---

("[T]he use of . . . footnotes run counter to the pleading requirements set forth by Federal Rule of Civil Procedure 10(b)."). No response is therefore required to the Amended Complaint's footnotes. In any event, except as expressly admitted, Defendants deny any and all allegations contained in the footnotes.

proceeds of approximately $200 million.  Except as expressly admitted, Defendants deny the allegations in Paragraph 11.

12.     Defendants admit that reports relating to the referenced Citizen Petition were posted after the close of trading on August 24, 2021.  Additionally, Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 12.

13.     Defendants admit that Dr. Wang is a professor at the City University of New York ("CUNY") Medical School.  Defendants further admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 13.

14.     Defendants admit that Plaintiffs reference and selectively quote from an August 25, 2021 Cassava press release, which speaks for itself.  Defendants refer to said press release for a full and accurate statement of its contents.  Defendants deny any characterizations of statements in the August 25, 2021 press release that are inconsistent with the press release's contents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 14.

15.     Defendants admit that on August 25, 2021, Cassava's share price closed at $80.86, representing a $36.97 per share, or 31.38%, decrease from the previous day.  Defendants further admit that on August 26, 2021, Cassava's share price closed at $70.85 per share, a $10.01 decrease from the previous day.  Except as expressly admitted, Defendants deny the allegations in Paragraph 15.

16.     Defendants admit that Plaintiffs reference and selectively quote from an August 27, 2021 Quanterix press release and an August 27, 2021 Cassava press release, both of which speaks for themselves.  Defendants deny any characterizations of the press releases that are inconsistent

3

with the press releases' contents, and further deny any allegations in Paragraph 16 to the extent not expressly admitted.

17.     Defendants admit that on August 27, 2021, Cassava's share price closed at $58.34, representing a decrease of $12.51 per share, or 17.66%, from the previous day.  Except as expressly admitted, Defendants deny the allegations in Paragraph 17.

18.     Defendants admit that Plaintiffs reference and selectively quote from an August 30, 2021 supplement to the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the supplement that are inconsistent with the supplement's contents, and further deny any allegations in Paragraph 18 to the extent not expressly admitted.

19.     Defendants admit that on August 30, 2021, Cassava's share price closed at $53.26 per share, representing a decrease of $5.08 per share, or 8.7% from the closing price on August 27, 2021.  Except as expressly admitted, Defendants deny the allegations in Paragraph 19.

20.     Defendants admit that Plaintiffs reference and selectively quote from a September 3, 2021 Cassava press release, which speaks for itself.  Defendants refer to said press release for a full and accurate statement of its contents.  Defendants deny any characterizations of statements in the September 3, 2021 press release that are inconsistent with the press release's contents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 20.

21.     Defendants admit that on September 3, 2021, Cassava's share price closed at $50.20 per share, representing a decrease of $4.15 per share, or 7.6% from the closing price on the previous day.  Except as expressly admitted, Defendants deny the allegations in Paragraph 21.

22.     Defendants admit that Plaintiffs reference and selectively quote from a November 4, 2021 Cassava press release, which speaks for itself.  Defendants refer to said press release for a full and accurate statement of its contents.  Defendants deny any characterizations of statements

in the November 4, 2021 press release that are inconsistent with the press release's contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 22.

23.     Defendants admit that on November 4, 2021, Cassava's share price closed at $84.40, representing an increase of approximately 49%, from the closing price on November 3, 2021.  Except as expressly admitted, Defendants deny the allegations in Paragraph 23.

24.     Defendants admit that Plaintiffs reference and selectively quote from November 2021 posts authored by Dr. Bik on Twitter and PubPeer.  Defendants deny any characterizations of the posts that are inconsistent with the posts' contents, and further deny any allegations in Paragraph 24 to the extent not expressly admitted.

25.     Defendants admit that on November 10, 2021, Cassava's share price closed at $69.40 per share, representing a decrease of $9.01 per share, or 11.5%, from the previous day. Except as expressly admitted, Defendants deny the allegations in Paragraph 25.

26.     Defendants admit that Cassava filed its Form 10-Q with the SEC on November 15, 2021, which speaks for itself.  Defendants refer to said Form 10-Q for a full and accurate statement of its contents.  Defendants deny any characterizations of statements in the Form 10-Q that are inconsistent with its contents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 26.

27.     Defendants admit that on November 15, 2021, Cassava's share price closed at $60.51 per share, representing a decrease of $8.29 per share, or 12% from the share price on November 12, 2021.  Except as expressly admitted, Defendants deny the allegations in Paragraph 27.

28.     Defendants admit that Plaintiffs reference and selectively quote from a November 17, 2021 *Wall Street Journal* article, which speaks for itself.  Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 28 regarding the alleged "August 2021 meeting between the SEC and the authors of the Citizen Petition." Except as expressly admitted, Defendants deny the allegations in Paragraph 28.

29.    Defendants admit that Plaintiffs reference and selectively quote from a November 17, 2021 supplement to the Citizen Petition, which speaks for itself. Defendants deny any characterizations of the supplement that are inconsistent with the supplement's contents, and further deny any allegations in Paragraph 29 to the extent not expressly admitted.

30.    Defendants admit that on November 17, 2021, Cassava's share price closed at $47.07 per share, representing a decrease of $14.62 per share, or 23.7%, from the share price on the previous day. Except as expressly admitted, Defendants deny the allegations in Paragraph 30.

31.    Defendants admit that Plaintiffs reference and selectively quote from a December 9, 2021 supplement to the Citizen Petition, which speaks for itself. Defendants deny any characterizations of the supplement that are inconsistent with the supplement's contents, and further deny any allegations in Paragraph 31 to the extent not expressly admitted.

32.    Defendants admit that on December 9, 2021, Cassava's share price closed at $45.86 per share, representing a decrease of $4.12 per share, or 8.2%, from the share price on the previous day. Except as expressly admitted, Defendants deny the allegations in Paragraph 32.

33.    Defendants admit that Plaintiffs reference and selectively quote from a December 17, 2021 *Journal of Neuroscience* editorial note, which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 33.

34.    Defendants admit that on December 20, 2021, Cassava's share price closed at $36.77 per share, representing a decrease of $6.82 per share, or 15.6%, from December 17. Except as expressly admitted, Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants admit that Plaintiffs reference and selectively quote from a December 20, 2021 *Neuroscience* editorial note, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 36.

37.     Defendants admit that Plaintiffs reference a January 3, 2022 retraction note published by the journal *Molecular Neurodegeneration* in regard to a 2021 paper authored by, among other individuals, Dr. Wang, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 37.

38.     Defendants admit that Plaintiffs reference a March 22, 2022 editorial note published by the journal *Neurobiology of Aging* in regard to a 2017 paper authored by Dr. Burns and Dr. Wang, which speaks for itself.  Defendants otherwise deny the allegations in Paragraph 38.

39.     Defendants admit that on March 30, 2022, the journal *PLOS One* retracted five papers authored by Dr. Wang, two of which Dr. Burns had co-authored.  Defendants further admit that Plaintiffs reference and selectively quote from a retraction notice posted by *PLOS One*, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 39.

40.     Defendants admit that Plaintiffs reference and selectively quote from an April 18, 2022 *New York Times* article about Cassava, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 40.

41.     Defendants admit that on April 19, 2022, Cassava's share price closed at $22.46 per share.  Defendants further admit that on April 20, 2022, Cassava's share price closed at $20.39 per share, representing a decrease of 9.2% from the previous day.  Except as expressly admitted, Defendants deny the allegations in Paragraph 41.

7

42.     Defendants admit that Plaintiffs reference and selectively quote a June 1, 2022 retraction note published by the journal *Alzheimer's Research & Therapy* in regard to a 2017 paper published by, among other individuals, Dr. Wang, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 42.

43.     Defendants admit that on June 1, 2022, Cassava's share price closed at $26.82 per share, representing a decrease of $3.78 per share, or 12.4%, from the previous day.  Except as expressly admitted, Defendants deny the allegations in Paragraph 43.

44.     Defendants admit that Plaintiffs reference and selectively quote from a July 27, 2022 *Reuters* article about Cassava, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 44.

45.     Defendants admit that on July 27, 2022, Cassava's share price closed at $18.69 per share, representing a decrease of $3.03 per share, or 14%, from the previous day.  Except as expressly admitted, Defendants deny the allegations in Paragraph 45.

46.     To the extent the allegations in Paragraph 46 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants admit that Plaintiffs purport to assert claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).  Except as expressly admitted, Defendants deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     To the extent the allegations in Paragraph 48 are legal conclusions and characterizations, no responsive pleading is required.

49.     To the extent the allegations in Paragraph 49 are legal conclusions and characterizations, no responsive pleading is required.

50.     To the extent the allegations in Paragraph 50 are legal conclusions and characterizations, no responsive pleading is required.

51.     To the extent the allegations in Paragraph 51 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and on that basis, deny them.

52.     To the extent the allegations in Paragraph 52 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and on that basis, deny them.

53.     To the extent the allegations in Paragraph 53 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and on that basis, deny them.

54.     To the extent the allegations in Paragraph 54 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and on that basis, deny them.

55.     Defendants admit that Cassava was incorporated in 1998 as Pain Therapeutics, Inc. and changed its name to Cassava Sciences, Inc. in March 2019.  Additionally, Defendants admit that Cassava is headquartered in Austin, Texas.  Defendants further admit that Cassava's common

stock has traded on the NASDAQ under the ticker symbol SAVA and that as of August 2, 2021, there were more than 40 million shares of Cassava common stock issued and outstanding.  To the extent the remaining allegations in Paragraph 55 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 55.

56.     Defendants admit that between 2012 and 2019, Cassava employed between eight to nine individuals, not including consultants, and further admit that by year-end 2020, Cassava had eleven full-time employees.  Except as expressly admitted, Defendants deny the allegations in Paragraph 56.

57.     Defendants admit that Hoau-Yan Wang, Ph.D, is an Associate Medical Professor at CUNY Medical School and has served as both a consultant to Cassava and a member of its scientific advisory board.  Defendants further admit that Dr. Wang has, at times, been described as the "co-lead scientist on discovery & development of PTI-125" and the Company's "principal scientific collaborator."  Additionally, Defendants admit that Dr. Wang has been listed as a co-author of Cassava presentations and a scientific advisor in filings with the SEC.  Except as expressly admitted, Defendants deny the allegations in Paragraph 57.

58.     Defendants admit that Plaintiffs reference and selectively quote from a November 17, 2021 *Wall Street Journal* article, which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 insofar as they relate to documents obtained through a FOIL request, and on that basis, deny them.

59.     Defendants admit that Remi Barbier has served as the Chairman, President, and CEO of Cassava, and its predecessor, Pain Therapeutics.  Additionally, Defendants admit that as CEO, Barbier has responsibility over the general direction of Cassava.  Defendants further admit that

Plaintiffs reference and selectively quote from a June 8, 2021 *Fortune* article, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 regarding the unspecified documents submitted to the NIH.  Except as expressly admitted, Defendants deny the allegations in Paragraph 59.

60.    Defendants admit that during the Class Period, Barbier, at times, spoke in press releases, conference calls, and SEC filings and is listed as a co-author on certain Company research related to simufilam.  Additionally, Defendants admit that Barbier participated in Cassava's 2020 Cash Incentive Bonus Plan (the "Bonus Plan") and reviewed and approved certain of Cassava's public statements during the Class Period.  Except as expressly admitted, Defendants deny the allegations in Paragraph 60.

61.    Defendants admit that Dr. Lindsay Burns has worked at Cassava, formerly Pain Therapeutics, since 2002, and currently serves as its Senior Vice President of Neuroscience. Defendants further admit that Dr. Burns is married to Barbier.  Except as expressly admitted, Defendants deny the allegations in Paragraph 61.

62.    Defendants admit that Dr. Burns published at least nine papers with Dr. Wang between 2005 and 2020.  As to the remaining allegations in Paragraph 62, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations because the source of the quotations is not specified and, on that basis, deny them.

63.    Defendants admit that during the Class Period, at times, Dr. Burns spoke during conference calls, was involved in the Company's Alzheimer's program, and was listed as a co-author on presentations filed with the SEC.  Except as expressly admitted, Defendants deny the allegations in Paragraph 63.

64.     Defendants state that Dr. Friedmann is now deceased.  Defendants admit that, during the Class Period, Dr. Friedmann served as the Chief Operating Officer and Chief Medical Officer of Pain Therapeutics and then Cassava, that he was a member of Cassava's Board of Directors, and that, at times, he spoke in press releases, conference calls, and SEC filings.  Except as expressly admitted, Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants admit that, during the Class Period, Dr. Friedmann also participated in the Bonus Plan.  Except as expressly admitted, Defendants deny the allegations in Paragraph 66.

67.     Defendants admit that Eric J. Schoen has served as Cassava's Chief Financial Officer ("CFO") since October 31, 2018.  Additionally, Defendants admit that during the Class Period, Schoen, at times, spoke on Cassava's behalf during conference calls and signed Company press releases and SEC filings.  Except as expressly admitted, Defendants deny the allegations in Paragraph 67.

68.     Defendants admit that, during the Class Period, Schoen participated in Cassava's Bonus Plan.  Except as expressly admitted, Defendants deny the allegations in Paragraph 68.

69.     Defendants admit that throughout the Amended Complaint, Plaintiffs sometimes refer to Barbier, Burns, Friedmann, and Schoen as the "Individual Defendants."  To the extent the remaining allegations in Paragraph 69 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 69.

70.     Paragraph 70 contains no material allegations against Defendants and therefore, no responsive pleading is required.   Insofar as a response is required, Defendants admit that

throughout the Amended Complaint, Plaintiffs sometimes refer to Cassava and the Individual Defendants as "Defendants."

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants admit that Cassava is based in Austin, Texas and that it is a clinical stage biotechnology company currently engaged in the development of drugs for the treatment of neurodegenerative diseases, including Alzheimer's.  Except as expressly admitted, Defendants deny the allegations in Paragraph 73.

74.     Defendants admit that Cassava began operations in 1998 as Pain Therapeutics, Inc. Defendants further admit that Pain Therapeutics, Inc. sought FDA approval of its drug candidate, Remoxy.  Additionally, Defendants admit that Plaintiffs reference and selectively quote from a November 5, 2003 *New York Times* article and an August 6, 2018 Pain Therapeutics press release, both of which speak for themselves.  Defendants deny any characterizations of the article or press release that are inconsistent with their contents, and further deny any allegations in Paragraph 74 to the extent not expressly admitted.

75.     Defendants admit that Plaintiffs reference and selectively quote from an August 6, 2018 Pain Therapeutics press release, which speaks for itself.  Defendants deny any characterizations of the press release that are inconsistent with the press release's contents. Defendants further admit that on March 27, 2019, Pain Therapeutics announced that as of March 28, 2019, the Company would be known as Cassava Sciences, Inc.  Except as expressly admitted, Defendants deny the allegations in Paragraph 75.

76.     Defendants admit that Plaintiffs reference and selectively quote from an October 2, 2020 *STAT* article, which speaks for itself.  Defendants lack knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 76 insofar as they purportedly reference and selectively quote from Cassava's SEC filings.  Except as expressly admitted, Defendants deny the allegations contained in Paragraph 76.

77.     To the extent that Paragraph 77 references legal allegations, findings, and orders in a separate lawsuit, those allegations, findings, and orders speak for themselves.  Defendants otherwise deny the allegations in Paragraph 77.

78.     Defendants admit that Plaintiffs reference and selectively quote from an October 2, 2020 *STAT* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations contained in Paragraph 78.

79.     Defendants admit that scientists affiliated with Cassava have published papers in peer-reviewed journals.  Defendants further admit that Cassava issued a press release on March 27, 2019, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 79.

80.     Defendants admit that simufilam is an experimental small molecule drug for the treatment of Alzheimer's disease.   Additionally, Defendants admit that SavaDx is an investigational blood-based biomarker/diagnostic to detect Alzheimer's disease.  Defendants also admit that Plaintiffs reference and selectively quote from Cassava's SEC filings, which speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 80.

81.     Paragraph 81 does not contain any material allegations against Defendants, and therefore, no responsive pleading is required.

82.     Defendants admit that to date, it has not benefitted from the commercial sale of drugs produced by Cassava or its predecessor, Pain Therapeutics.  Defendants further admit that

Plaintiffs reference and selectively quote from Cassava's SEC filings, which speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 82.

83.     Defendants admit that simufilam targets an altered form of a protein called filamin A (FLNA) in the Alzheimer's brain.  Defendants further admit that Cassava believes simufilam improves brain health by reverting altered FLNA back to its native, healthy confirmation, thus countering the downstream toxic effects of altered FLNA.

84.     Defendants admit that Cassava's research shows that simufilam, by binding FLNA, reduces toxic signaling of the α7-nicotinic acetylcholine receptor ("α7nAchR"), which can reduce amyloid and neuroinflammation in the brain.  Except as expressly admitted, Defendants deny the allegations in Paragraph 84.

85.     Defendants admit that Plaintiffs reference and selectively quote from Cassava SEC filings, which speak for themselves. Defendants deny any characterizations of SEC filings that are inconsistent with the filings' contents, and further deny any allegations in Paragraph 85 to the extent not expressly admitted.

86.     Defendants admit that Plaintiffs reference and selectively quote from a 2008 paper published on *PLOS-One*, entitled "High-Affinity Naloxone Binding to Filamin A Prevents Mu Opioid Receptor–Gs Coupling Underlying Opioid Tolerance and Dependence," which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 86.

87.     Defendants admit that Plaintiffs and selectively quote from Cassava SEC filings, which speak for themselves.  Defendants further admit that Plaintiffs reference four publications authored by, amongst others, Drs. Burns and Wang.  Except as expressly admitted, Defendants deny the allegations in Paragraph 87.

88.    Defendants admit that Cassava received an Investigational New Drug ("IND") application from the NIH in 2017, after which the Company began initial Phase 1 clinical testing. Additionally, Defendants admit that following the Phase 1 clinical testing, Cassava conducted Phase 2 studies. Defendants further admit that Plaintiffs reference and selectively quote from a July 31, 2017 Cassava press release, which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 88.

89.    Defendants admit that in September 2019, Cassava began its Phase 2b study of simufilam, which received funding from the NIH. Defendants further admit that the Phase 2b study was designed as a blinded, randomized, placebo-controlled, multicenter, dose-response, 28-day research study in approximately 60 patients with mild-to-moderate Alzheimer's disease. Additionally, Plaintiffs admit that the study's primary efficacy endpoint was improvement in biomarkers of Alzheimer's disease. Except as expressly admitted, Defendants deny the allegations in Paragraph 89.

90.    Defendants admit that Plaintiffs reference and selectively quote from a May 15, 2020 Cassava press release, which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 90.

91.    Defendants deny the allegations in Paragraph 91.

92.    Defendants deny the allegations in Paragraph 92.

93.    Defendants admit that Plaintiffs reference and selectively quote from a September 14, 2020 Cassava press release, which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 93.

94.     Defendants admit that Plaintiffs reference and selectively quote from a May 15, 2020 Cassava press release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 94.

95.     Defendants admit that on September 14, 2020, Cassava held a call with analysts and investors but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.  To the extent a response is required, Defendants deny the allegations in Paragraph 95.

96.     Defendants admit that on September 14, 2020, Cassava held a call with analysts and investors but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96.  To the extent a response is required, Defendants deny the allegations in Paragraph 96.

97.     Defendants admit that on September 30, 2020, Cassava's share price closed at $11.51 per share.  Defendants further admit that Plaintiffs reference and selectively quote from an October 22, 2020 report entitled "Savvy New Target for Neurodegenerative Diseases with Provocative, Early, Clinical Data: Initiating at OW & $24 PT," which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 97.

98.     Defendants admit that Cassava filed a Form 8-K with the SEC on September 1, 2020, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 98.

99.     Defendants deny the allegations in Paragraph 99.

100.     Defendants admit that Plaintiffs reference and selectively quote from the Bonus Plan, which speaks for itself.  Defendants deny any characterizations of the plan that are

inconsistent with the plan's contents, and further deny any allegations in Paragraph 100 to the extent not expressly admitted.

101.    Defendants admit that Plaintiffs reference and selectively quote from Cassava's 2021 Form 10-K, which speaks for itself.  Defendants deny any characterizations of the Form 10-K that are inconsistent with its contents, and further deny any allegations in Paragraph 101 to the extent not expressly admitted.

102.    Defendants admit Cassava filed its Form 10-Q with the SEC on August 4, 2021, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in the first sentence of Paragraph 103.  As to the remainder of Paragraph 103, Defendants admit that Plaintiffs reference and selectively quote from Cassava's August 4, 2021 Form 10-Q, which speaks for itself, and deny any characterizations of the Form 10-Q that are inconsistent with its contents.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 103.

104.    Defendants admit that Plaintiffs reference and selectively quote from a January 17, 2022 *New Yorker* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 104.

105.    Defendants admit that on or about August 18, 2021, a New York attorney, Jordan A. Thomas, filed a Citizen Petition with the FDA on behalf of then-unnamed individuals, who were later revealed to be Drs. David Bredt and Geoffrey Pitt.  Defendants further admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 105.

106.    Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 106.

107.    Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 107.

108.    Defendants admit that Plaintiffs reference the Citizen Petition, which speaks for itself, but deny any characterizations of the Citizen Petition that are inconsistent with its contents, and further deny any allegations in Paragraph 108 to the extent not expressly admitted.

109.    Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 109.

110.    Defendants admit that Plaintiffs reference and selectively quote from an August 30, 2021 supplement to the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants admit that Dr. David Bredt and Dr. Geoffrey Pitt revealed themselves as the authors of the Citizen Petition in November 2021.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 regarding Dr. Bredt's background.

113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113.

114.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114.

115.    Defendants admit that Plaintiffs reference and selectively quote from a January 17, 2022 *New Yorker* article, which speaks for itself.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and, on that basis, deny them.

116.    Defendants admit that Plaintiffs reference and selectively quote from a January 17, 2022 *New Yorker* article, which speaks for itself.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and, on that basis, deny them.

117.    Defendants admit that Dr. Pitt was later identified as an author of the Citizen Petition.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 regarding Dr. Pitt's background.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and, on that basis, deny them.

118.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118.

119.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119.

120.    Defendants admit that certain aspects of Cassava's research involve Western-blot tests done by third parties.  Defendants also admit that Western-blot tests are a method used by scientists to detect and quantify specific protein molecules, which show up as dark bands on film. Defendants further admit that Plaintiffs reference and selectively quote from a January 17, 2022

*New Yorker* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 120.

121.    Defendants admit that Plaintiffs reference and selectively quote from a January 17, 2022 *New Yorker* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 121.

122.    Defendants admit that Plaintiffs reference and selectively summarize and quote from a January 17, 2022 *New Yorker* article, which speaks for itself.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and, on that basis, deny them.

123.    Defendants admit that Plaintiffs reference and selectively quote from a January 17, 2022 *New Yorker* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 123.

124.    Defendants admit that Plaintiffs reference and selectively summarize and quote from a January 17, 2022 *New Yorker* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 124.

125.    Defendants admit that Plaintiffs reference and selectively summarize and quote from a January 17, 2022 *New Yorker* article, which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 regarding Dr. Nicoll's expertise.  Except as expressly admitted, Defendants deny the allegations in Paragraph 121.

126.    Defendants admit that Plaintiffs reference and selectively quote from a July 21, 2022 article entitled "Blots on a Field? A neuroscience image sleuth finds signs of fabrication in scores of Alzheimer's articles, threatening a reigning theory of the disease" in the journal *Science*,

which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 regarding Dr. Schrag's background or investment activities.  Except as expressly admitted, Defendants deny the allegations in Paragraph 126.

127.    Defendants admit that Plaintiffs reference and selectively quote from a July 21, 2022 article entitled "Blots on a Field? A neuroscience image sleuth finds signs of fabrication in scores of Alzheimer's articles, threatening a reigning theory of the disease" in the journal *Science*, which speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 127.

128.    Defendants admit that Plaintiffs reference and selectively quote from a January 17, 2022 *New Yorker* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 128.

129.    Defendants admit that Plaintiffs reference and selectively quote from a Spring 2018 News Letter by ORI, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 129.

130.    To the extent the allegations in Paragraph 130 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants admit that Plaintiffs reference and selectively quote from 42 C.F.R. Part 93 and an unspecified ORI newsletter, both of which speak for themselves.   Except as expressly admitted, Defendants deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

132.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 regarding Dr. Bik's background or expertise.  Defendants admit

that Plaintiffs reference and selectively quote from a June 23, 2021 *New Yorker* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 132.

133.    Defendants admit that Plaintiffs reference a review purportedly conducted by Ferric Fang and Arturo Casadevall and published in *mBio* in 2016, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 133.

134.    Defendants admit that Plaintiffs reference and selectively quote from a *New Yorker* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 134.

135.    Defendants admit that Plaintiffs reference and selectively quote from an August 27, 2021 post authored by Dr. Bik on Science Integrity Digest, entitled "Cassava Sciences: Of stock and blots," which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 135.

136.    Defendants admit that Plaintiffs reference and selectively quote from an August 27, 2021 post authored by Dr. Bik on Science Integrity Digest, entitled "Cassava Sciences: Of stock and blots," which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 136.

137.    Defendants admit that Plaintiffs reference and selectively quote articles in the *New Yorker* and the *New York Times*, which speak for themselves.  Defendants deny any characterizations of the articles that are inconsistent with the articles' contents, and further deny any allegations in Paragraph 137 to the extent not expressly admitted.

138.    Defendants admit that Plaintiffs reference and selectively quote from a post authored by Dr. Bik on Twitter, which speaks for itself.  Defendants deny any characterizations of

the post that are inconsistent with its contents, and further deny any allegations in Paragraph 138 except to the extent expressly admitted.

139.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139.  To the extent a response is required, Defendants deny the allegations in Paragraph 139.

140.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140.  To the extent a response is required, Defendants deny the allegations in Paragraph 140.

141.    Defendants admit that Plaintiffs reference and selectively quote from a post on the website *Retraction Watch*, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 141.

142.    Defendants deny the allegations in Paragraph 142.

143.    Defendants deny the allegations in Paragraph 143.

144.    Defendants admit that certain experiments in the works by Drs. Wang and Burns involve Western blotting.  Defendants further admit that in using this technique proteins from tissue samples are separated on "gels" in a series of vertical lanes; the proteins are then transferred to a paper-like membrane, and antibodies are used to detect specific proteins on the membrane, producing an image of specific proteins or "bands."  Additionally, Defendants admit that Plaintiffs reference and selectively quote from an article posted on Retraction Watch, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 144.

145.    Defendants deny the allegations in Paragraph 145.

146.    Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the Citizen Petition

that are inconsistent with its contents, and further deny any allegations in Paragraph 146 to the extent not expressly admitted.

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the Citizen Petition that are inconsistent with its contents, and further deny any allegations in Paragraph 149 to the extent not expressly admitted.

150.    Defendants admit that Plaintiffs reference and selectively quote from an August 27, 2021 post authored by Dr. Bik in Science Integrity Digest, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 150.

151.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151.  To the extent a response is required, Defendants deny the allegations in Paragraph 151.

152.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152.  To the extent a response is required, Defendants deny the allegations in Paragraph 152.

153.    Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the Citizen Petition that are inconsistent with its contents, and further deny any allegations in Paragraph 153 to the extent not expressly admitted.

154.    Defendants admit that on March 30, 2022, *PLOS One* retracted the 2008 paper entitled "High-Affinity Naloxone Binding to Filamin A Prevents Mu Opioid Receptor–Gs

Coupling Underlying Opioid Tolerance and Dependence." Defendants further admit that Plaintiffs reference and the retraction notice, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 154.

155.    Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 155.  .

156.    Defendants admit that Plaintiffs reference and selectively quote from an August 27, 2021 post authored by Dr. Bik in *Science Integrity Digest*, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 156.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 158

159.    Defendants admit that Plaintiffs reference and selectively quote from a post authored by Dr. Bik on PubPeer, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 159.

160.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160.  To the extent a response is required, Defendants deny the allegations in Paragraph 160.

161.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161.  To the extent a response is required, Defendants deny the allegations in Paragraph 161.

162.     Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 162

163.     Defendants admit that Plaintiffs reference and selectively quote from a post authored by Dr. Bik on PubPeer, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 163.

164.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164.  To the extent a response is required, Defendants deny the allegations in Paragraph 164.

165.     Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 165

166.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166.  To the extent a response is required, Defendants deny the allegations in Paragraph 166.

167.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167.  To the extent a response is required, Defendants deny the allegations in Paragraph 167.

168.     Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 168.

169.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169.  To the extent a response is required, Defendants deny the allegations in Paragraph 169.

170.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170.  To the extent a response is required, Defendants deny the allegations in Paragraph 170.

171.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171.  To the extent a response is required, Defendants deny the allegations in Paragraph 171.

172.    Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 172.

173.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173.  To the extent a response is required, Defendants deny the allegations in Paragraph 173.

174.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174.  To the extent a response is required, Defendants deny the allegations in Paragraph 174.

175.    Defendants admit that Plaintiffs reference and selectively summarize and quote from a post on Dr. Bik's blog, which speaks for itself.  Defendants deny any characterizations of the post that are inconsistent with its contents, and further deny any allegations in Paragraph 175 to the extent not expressly admitted.

176.     Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 176.

177.     Defendants deny the allegations in Paragraph 177.

178.     Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the supplement that are inconsistent with the supplement's contents, and further deny any allegations in Paragraph 178 to the extent not expressly admitted.

179.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179.  To the extent a response is required, Defendants deny the allegations in Paragraph 179.

180.     Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the Citizen Petition that are inconsistent with its contents, and further deny any allegations in Paragraph 180 to the extent not expressly admitted.

181.     Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the Citizen Petition that are inconsistent with its contents, and further deny any allegations in Paragraph 181 to the extent not expressly admitted

182.     Defendants admit that Plaintiffs reference and selectively quote from an August 27, 2021 post authored by Dr. Bik, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 182.

183.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183.  To the extent a response is required, Defendants deny the allegations in Paragraph 183.

184.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184.  To the extent a response is required, Defendants deny the allegations in Paragraph 184.

185.     Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the Citizen Petition that are inconsistent with its contents, and further deny any allegations in Paragraph 185 to the extent not expressly admitted

186.     Defendants admit that Plaintiffs reference and selectively quote from an August 27, 2021 post authored by Dr. Bik, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 186.

187.     Defendants admit that Plaintiffs reference and selectively quote from an August 27, 2021 post authored by Dr. Bik, which speaks for itself.  Defendants deny any characterizations of the post that are inconsistent with its contents, and further deny any allegations in Paragraph 180 to the extent not expressly admitted.

188.     Defendants admit that Plaintiffs reference and selectively quote from a post on PubPeer by an unspecified commenter, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 188.

189.     Defendants admit that on March 22, 2022, the *Neurobiology of Aging* issued an Expression of Concern, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 189.

190.    Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the Citizen Petition that are inconsistent with its contents, and further deny any allegations in Paragraph 190 to the extent not expressly admitted.

191.    Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the Citizen Petition that are inconsistent with its contents, and further deny any allegations in Paragraph 191 to the extent not expressly admitted

192.    Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the Citizen Petition that are inconsistent with its contents, and further deny any allegations in Paragraph 192 to the extent not expressly admitted.

193.    Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the Citizen Petition that are inconsistent with its contents, and further deny any allegations in Paragraph 193 to the extent not expressly admitted.

194.    Defendants deny the allegations in Paragraph 194.

195.    Defendants deny the allegations in Paragraph 195.

196.    Defendants admit that paragraph 196 purports to describe the proposed mechanism of action for simufilam and further purports to describe the use of Western blotting in certain academic papers authored by Dr. Burns and Dr. Wang.  Defendants admit that as part of its proposed mechanism of action simufilam appears to interrupt the toxic signaling of amyloid-β 42 through the α7-Nicotinic Acetylcholine Receptor in Alzheimer's patients.  Defendants further

admit that certain academic papers authored by Dr. Burns and Dr. Wang describe experiments that utilize Western blotting and the co-immunoprecipitation of proteins as a means of evaluating the interaction between certain proteins.  Defendants deny that plaintiffs accurately describe in paragraph 196 the complex scientific concepts and experimental techniques relating to the proposed mechanism of action for simufilam and the use of Western blotting and co-immunoprecipitation in scientific experimentation.  To the extent not expressly admitted, the allegations of paragraph 196 are denied.

197.    Defendants admit that paragraph 197 purports to describe the laboratory techniques of co-immunoprecipitation and Western blotting.  Defendants admit that co-immunoprecipitation and Western blotting can be used to identify the presence of a target protein in a sample and that one step in that process is to analyze whether the target protein has been captured.  Defendants further admit that certain academic papers authored by Dr. Burns and Dr. Wang describe experiments in which samples have been analyzed using co-immunoprecipitation and Western blotting.  Defendants further admit that the figures reproduced in paragraph 197 appear to describe the results of experiments in which co-immunoprecipitation and Western blotting have been used.  To the extent not expressly admitted, the allegations of paragraph 197 are denied.

198.    Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 198.  .

199.    Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 199

200.   Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 200.

201.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201.  To the extent a response is required, Defendants deny the allegations in Paragraph 201.

202.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202.  To the extent a response is required, Defendants deny the allegations in Paragraph 202.

203.   Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 203.

204.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204.  To the extent a response is required, Defendants deny the allegations in Paragraph 204.

205.   Defendants admit that Plaintiffs reference and selectively quote from a post authored by Dr. Bik on PubPeer, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 205.

206.   Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 206.

207.   Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition and its November 17, 2021 supplement.  Defendants deny any characterizations of the

Petition or the supplement that are inconsistent with their contents, and further deny any allegations in Paragraph 207 to the extent not expressly admitted.

208.    Defendants admit that Plaintiffs reference and selectively quote an August 27, 2021 post authored by Dr. Bik, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 208.

209.    Defendants admit that Plaintiffs reference and selectively quote a post authored by Dr. Bik on PubPeer, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 209.

210.    Defendants admit that Plaintiffs reference and selectively quote a post authored by Dr. Bik on PubPeer, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 210.

211.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211.  To the extent a response is required, Defendants deny the allegations in Paragraph 211.

212.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212.  To the extent a response is required, Defendants deny the allegations in Paragraph 212.

213.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213.  To the extent a response is required, Defendants deny the allegations in Paragraph 213.

214.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214.  To the extent a response is required, Defendants deny the allegations in Paragraph 214.

215.     Defendants admit that Plaintiffs reference and selectively quote a post authored by Dr. Bik on PubPeer, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 215.

216.     Defendants deny the allegations in Paragraph 216.

217.     Defendants admit that Plaintiffs reference and selectively quote from May 15, 2020 and September 14, 2020 Cassava press releases, which speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 217.

218.     Defendants admit that on July 26, 2021, Cassava presented a poster at the AAIC entitled "SavaDx, a Novel Plasma Biomarker to Detect Alzheimer's Disease, Confirms Mechanism of Action of Simufilam," which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 218.

219.     Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the Citizen Petition that are inconsistent with its contents, and further deny any allegations in Paragraph 219 to the extent not expressly admitted.

220.     Defendants admit that Plaintiffs reference and selectively quote from an August 30, 2021 supplement to the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the supplement that are inconsistent with the supplement's contents, and further deny any allegations in Paragraph 220 to the extent not expressly admitted.

221.     Defendants admit that Plaintiffs reference and selectively quote from an August 30, 2021 supplement to the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the supplement that are inconsistent with the supplement's contents, and further deny any allegations in Paragraph 221 to the extent not expressly admitted.

222.     Defendants admit that Plaintiffs reference and selectively quote a post authored by Dr. Bik on her blog, which speaks for itself.  Defendants deny any characterizations of the post that are inconsistent with its contents, and further deny any allegations in Paragraph 222 to the extent not expressly admitted.

223.     Defendants admit that on August 30, 2021, Drs. Bredt and Pitt filed a supplement to the Citizen Petition.  Defendants further admit that Cassava presented, among other things, its Phase 2b results at a November 7, 2020 Conference on Clinical Trials on Alzheimer's Disease, which presentation speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 223.

224.     Defendants admit that Plaintiffs reference Slide 27 of the referenced presentation by Cassava, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 224.

225.     Defendants admit that Cassava has, at times, deposited data on ClinicalTrials.gov, but otherwise deny the allegations in Paragraph 225.

226.     Defendants admit that Plaintiffs reference data posted on ClinicalTrials.gov, which speaks for itself.  Defendants deny any characterizations of ClinicalTrials.gov that are inconsistent with its contents, and further deny any allegations in Paragraph 226 not expressly admitted.

227.     Defendants admit that on September 9, 2021, Drs. Bredt and Pitt filed a second supplement to the Citizen Petition, and that the supplement to the Citizen Petition speaks for itself. Defendants deny any characterizations of the supplement that are inconsistent with the supplement's contents, and further deny any allegations in Paragraph 227 to the extent not expressly admitted.

228.    Defendants admit that Plaintiffs reference and selectively quote from a September 9, 2021 supplement to the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the supplement that are inconsistent with the supplement's contents, and further deny any allegations in Paragraph 228 to the extent not expressly admitted.

229.    Defendants admit that Plaintiffs reference and selectively quote from a September 9, 2021 supplement to the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the supplement that are inconsistent with the supplement's contents, and further deny any allegations in Paragraph 229 to the extent not expressly admitted.

230.    Defendants admit that Plaintiffs reference and selectively quote from a September 9, 2021 supplement to the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the supplement that are inconsistent with the supplement's contents, and further deny any allegations in Paragraph 230 to the extent not expressly admitted.

231.    Defendants admit that Plaintiffs reference a post authored by William Hu, M.D., Ph.D. on Twitter, which speaks for itself.  Defendants deny any characterizations of the post that are inconsistent with the post's contents, and deny any allegations in Paragraph 231 except as expressly admitted.

232.    Defendants admit that Plaintiffs reference and selectively quote from Cassava's July 26, 2021 AAIC poster presentation, which speaks for itself.  Defendants further admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the poster or Petition, and further deny any allegations in Paragraph 232 to the extent not expressly admitted.

233.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233.  To the extent a response is required, Defendants deny the allegations in Paragraph 233.

234.    Defendants deny the allegations in Paragraph 234.

235.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235.  To the extent a response is required, Defendants deny the allegations in Paragraph 235.

236.    Defendants admit that on November 29, 2021, a group of individuals who had also taken short positions in Cassava stock, posted to Twitter and made available online a presentation entitled "SAVADx: Theranos 2.0" on a website bearing the domain name cassavafraud.com. Except as expressly admitted, Defendants deny the allegations in Paragraph 236.

237.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237.  To the extent a response is required, Defendants deny the allegations in Paragraph 237.

238.    Defendants deny the allegations in Paragraph 238.

239.    Defendants deny the allegations in Paragraph 239.

240.    Defendants admit that on December 8, 2021 Drs. Bredt and Pitt issued a supplement to their Citizen Petition.  Except as expressly admitted, Defendants deny the allegations in Paragraph 240.

241.    Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition and a 2020 paper in *The Journal of Prevention of Alzheimer's Disease*, both of which speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 241.

242.     Defendants admit that Plaintiffs reference and selectively quote from an August 30, 2021 supplement to the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 242.

243.     Defendants admit that Plaintiffs reference and selectively quote from an August 27, 2021 post authored by Dr. Bik, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 243.

244.     Defendants admit that Plaintiffs reference and selectively quote from an August 27, 2021 post authored by Dr. Bik, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 244.

245.     Defendants admit that on November 17, 2021, Drs. Bredt and Pitt issued a supplement to the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the Citizen Petition that are inconsistent with its contents, and further deny any allegations in Paragraph 245 to the extent not expressly admitted.

246.     Defendants deny the allegations in Paragraph 246.

247.     Defendants deny the allegations in Paragraph 247.

248.     Defendants admit that paragraph 248 purports to summarize the complex science underlying Cassava's proposed mechanism of action for simufilam.  Defendants further admit that this summary is accurate in some respects, but not accurate in other respects.  Accordingly, defendants are unable to admit paragraph 248 as drafted, and paragraph 248 is denied.

249.     Defendants admit that Plaintiffs reference and selectively quote from a 2017 *Neurobiology of Aging* paper by Drs. Wang and Burns, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 249.

250.     Defendants admit that Plaintiffs reference and selectively quote from a 2017 *Neurobiology of Aging* paper by Drs. Wang and Burns, which speaks for itself, but deny any characterizations of the paper that are inconsistent with the paper's contents.  Defendants further admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 250.

251.     Defendants admit that Plaintiffs reference and selectively quote from the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 251

252.     Defendants deny the allegations in Paragraph 252.

253.     Defendants admit that on March 27, 2019, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 253.

254.     Defendants admit that on March 27, 2019, Cassava filed its 2018 Form 10-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 254.

255.     Defendants admit that on March 27, 2019, Cassava filed its 2018 Form 10-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 255.

256.     Defendants admit that on March 27, 2019, Cassava filed its 2018 Form 10-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 256.

257.    Defendants admit that on March 27, 2019, Cassava filed its 2018 Form 10-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 257.

258.    Defendants admit that on September 9, 2019, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 258.

259.    Defendants admit that on December 6, 2019, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 259.

260.    Defendants admit that on December 6, 2019, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 260

261.    Defendants admit that on December 6, 2019, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 261

262.    Defendants admit that on December 6, 2019, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 262.

263.    Defendants admit that on December 6, 2019, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 263.

264.     Defendants admit that on December 6, 2019, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 264.

265.     Defendants admit that on March 26, 2020, Cassava filed its 2019 Form 10-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 265.

266.     Defendants admit that on May 6, 2020, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 266.

267.     Defendants deny the allegations in Paragraph 267.

268.     Defendants admit that on September 14, 2020, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 268.

269.     Defendants admit that on September 14, 2020, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 269.

270.     Defendants admit that on September 14, 2020, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 270.

271.     Defendants admit that on September 14, 2020, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 271.

272.     Defendants admit that on September 14, 2020, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 272.

273.     Defendants admit that on September 14, 2020, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 273.

274.     Defendants admit that on September 14, 2020, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 274.

275.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 275.  To the extent a response is required, Defendants deny the allegations in Paragraph 275.

276.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276.  To the extent a response is required, Defendants deny the allegations in Paragraph 276.

277.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277.  To the extent a response is required, Defendants deny the allegations in Paragraph 277.

278.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278.  To the extent a response is required, Defendants deny the allegations in Paragraph 278.

279.     Defendants admit that on September 14, 2020, Cassava's share price closed at $7.75 per share, representing a $4.43 per share, or 113.4% increase from September 11, 2020.  Except as expressly admitted, Defendants deny the allegations in Paragraph 279.

280.     Defendants admit that Barbier presented at the September 15, 2020 H.C. Wainwright 22nd Annual Global Investment Conference.  Defendants further admit that Plaintiffs reference and selectively quote from a transcript of that presentation, which speaks for itself.  Defendants deny any characterizations of the transcript that are inconsistent with its contents, and further deny any allegations in Paragraph 280 to the extent not expressly admitted.

281.     Defendants admit that Barbier presented at the September 15, 2020 H.C. Wainwright 22nd Annual Global Investment Conference.  Defendants further admit that Plaintiffs reference and selectively quote from a transcript of that presentation, which speaks for itself.  Defendants deny any characterizations of the transcript that are inconsistent with its contents, and further deny any allegations in Paragraph 281 to the extent not expressly admitted.

282.     Defendants admit that Barbier presented at the September 15, 2020 H.C. Wainwright 22nd Annual Global Investment Conference.  Defendants further admit that Plaintiffs reference and selectively quote from a transcript of that presentation, which speaks for itself.  Defendants deny any characterizations of the transcript that are inconsistent with its contents, and further deny any allegations in Paragraph 282 to the extent not expressly admitted.

283.     Defendants admit that on November 4, 2020, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 283.

284.    Defendants admit that on November 4, 2020, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 284.

285.    Defendants admit that on November 9, 2020, Cassava filed a Form 10-Q with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 285.

286.    Defendants admit that on November 9, 2020, Cassava filed a Form 10-Q with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 286.

287.    Defendants deny the allegations in Paragraph 287.

288.    Defendants admit that on November 13, 2020, Cassava sold 9,375,000 shares of common stock in an underwritten public offering at a price of $8.00 per share.  Except as expressly admitted, Defendants deny the allegations in Paragraph 288.

289.    Defendants admit that Plaintiffs reference and selectively quote from a February 2, 2021 Cassava press release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 289.

290.    Defendants admit that on February 1, 2021, Cassava's share price closed at $22.99 per share, and on February 2, 2021, Cassava's share price closed at $55.44 per share.  Defendants further admit that on February 3, 2021, Cassava's share price closed at $87.95 per share, representing an increase of approximately 383% from its February 1, 2021 share price.  Except as expressly admitted, Defendants deny the allegations in Paragraph 290.

291.    Defendants admit that on February 8, 2021 Cassava filed a Form 8-K with the SEC, which speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 291.

292.    Defendants admit that on February 8, 2021 Cassava filed a Form 8-K with the SEC, which speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 292.

293.    Defendants admit that on February 8, 2021 Cassava filed a Form 8-K with the SEC, which speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 293.

294.    Defendants admit that on February 8, 2021 Cassava filed a Form 8-K with the SEC, which speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 294.

295.    Defendants deny the allegations in Paragraph 295.

296.    Defendants admit that on February 10, 2021, Cassava sold 4,081,633 shares of its common stock in a direct registered stock offering for $49 per share.  Except as expressly admitted, Defendants deny the allegations in Paragraph 296.

297.    Defendants admit that Plaintiffs reference and selectively quote from a February 2, 2021 Cassava press release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 297.

298.    Defendants admit that on March 9, 2021, Cassava participated in the H.C. Wainwright Annual Global Life Sciences Virtual Conference.  Defendants further admit that Plaintiffs reference and selectively quote from a March 9, 2021 Cassava presentation at the

conference, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 299.

299.    Defendants admit that Plaintiffs reference and selectively quote from a March 9, 2021 Cassava presentation, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 299.

300.    Defendants admit that Plaintiffs reference and selectively quote from a March 9, 2021 Cassava presentation, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 300.

301.    Defendants admit that Plaintiffs reference and selectively quote from a March 9, 2021 Cassava presentation, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 301.

302.    Defendants admit that on March 23, 2021, Cassava filed a Form 8-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 302.

303.    Defendants admit that on March 23, 2021, Cassava filed its 2020 Form 10-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 304.

304.    Defendants admit that on March 23, 2021, Cassava filed its 2020 Form 10-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 304.

305.    Defendants deny the allegations in Paragraph 305.

306.    Defendants admit that Plaintiffs reference and selectively quote from an April 28, 2021 Cassava presentation at the B. Riley Neuroscience Conference, which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 306.

307.     Defendants admit that Plaintiffs reference and selectively quote from an April 28, 2021 Cassava presentation at the B. Riley Neuroscience Conference, which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 307.

308.     Defendants deny the allegations in Paragraph 308.

309.     Defendants admit that Barbier made a presentation at the Raymond James Human Health Innovation Conference held on June 22, 2021, the transcript of which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 309.

310.     Defendants admit that Barbier made a presentation at the Raymond James Human Health Innovation Conference held on June 22, 2021, the transcript of which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 310.

311.     To the extent the allegations in Paragraph 311 are legal conclusions, no responsive pleading is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 311.

312.     Defendants admit that Plaintiffs reference and selectively quote from a July 26, 2021 Cassava press release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 312.

313.     Defendants admit that Plaintiffs reference and selectively quote from a July 26, 2021 Cassava press release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 313.

314.     Defendants admit that Plaintiffs reference and selectively quote from a July 26, 2021 Cassava press release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 314.

315.     Defendants deny the allegations in Paragraph 315.

316.     Defendants admit that Plaintiffs reference and selectively quote from a August 25, 2021 Cassava press release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 316.

317.     Defendants admit that Plaintiffs reference and selectively quote from a August 25, 2021 Cassava press release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 317.

318.     Defendants admit that on August 25, 2021, Cassava's share price closed at $80.86 per share, representing a decrease of $36.97 per share, or 32%.  Defendants further admit that on August 26, 2021, Cassava's share price closed at $70.85 per share.  Except as expressly admitted,

319.     Defendants deny the allegations in Paragraph 319.

320.     Defendants admit that Plaintiffs reference and selectively quote from a post Dr. Bik made on her website, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 320.

321.     Defendants admit that on March 27, 2021, Cassava filed its 2020 Form 10-K with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 321.

322.     Defendants admit that Plaintiffs reference and selectively quote from a November 23, 2021 *Fierce Biotech* article, entitled "Data manipulation expert Elisabeth Bik compares the tales of 2 accused biotechs: Cassava and Athira," which speaks for itself.  Defendants additionally admit that Plaintiffs reference and selectively quote from an August 25, 2021 post authored by Dr. Bik on Twitter, which also speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 322.

323.     Defendants admit that Plaintiffs reference and selectively quote from an August 27, 2021 Quanterix statement, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 323.

324.     Defendants admit that Plaintiffs reference and selectively quote from a August 27, 2021 Cassava press release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 324.

325.     Defendants admit that Plaintiffs reference and selectively quote from an August 27, 2021 Cantor Fitzgerald report entitled "Simufilam Diligence Challenge Tough to Reconcile; Suspending Rating and PT," which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 325.

326.     Defendants admit that Plaintiffs reference and selectively quote from a post Dr. Bik made on her website, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 326.

327.     Defendants admit that on August 27, 2021, Cassava's share price closed at $58.34 per share, representing a $12.51 decrease, or 17.6%, per share from the previous day.  Except as expressly admitted, Defendants deny the allegations in Paragraph 327.

328.     Defendants admit that on August 30, 2021, Drs. Bredt and Pitt issued a supplement to their Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the supplement that are inconsistent with the supplement's contents, and further deny any allegations in Paragraph 328 to the extent not expressly admitted.

329.     Defendants admit that Plaintiffs reference and selectively summarize and quote from a post Dr. Bik made on her website, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 329.

330.    Defendants admit that on August 30, 2021, Cassava's share price closed at $53.26 per share.  Except as expressly admitted, Defendants deny the allegations in Paragraph 330.

331.    Defendants admit that Plaintiffs reference and selectively quote from a September 3, 2021 Cassava press release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 331.

332.    Defendants admit that Cassava issued a transcript of remarks on September 3, 2021, which speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 332.

333.    Defendants admit that Cassava issued a transcript of remarks on September 3, 2021, which speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 333.

334.    Defendants admit that Cassava issued a transcript of remarks on September 3, 2021, which speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 334.

335.    Defendants admit that Cassava issued a transcript of remarks on September 3, 2021, which speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 335.

336.    Defendants admit that Plaintiffs reference and selectively quote from posts authored by Dr. Bik on Twitter, which speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 336.

337.    Defendants admit that on September 3, 2021, Cassava's share price closed at $53.26 per share.  Except as expressly admitted, Defendants deny the allegations in Paragraph 337.

338.    Defendants deny the allegations in Paragraph 338.

339.    Defendants admit that Plaintiffs reference and selectively quote from a November 4, 2021 Cassava press release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 339.

340.    Defendants admit that Plaintiffs reference and selectively quote from a November 4, 2021 Cassava press release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 340.

341.    Defendants deny the allegations in Paragraph 341.

342.    Defendants admit that Plaintiffs reference and selectively quote from a November 4, 2021 Cassava press release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 342.

343.    Defendants deny the allegations in Paragraph 343.

344.    Defendants deny the allegations in Paragraph 344.

345.    Defendants admit that Plaintiffs reference and selectively quote from a November 10, 2021 Erratum issued by the *Journal of Neuroscience*, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 345.

346.    Defendants admit that Plaintiffs reference and selectively quote from a November 10, 2021 Erratum issued by the *Journal of Neuroscience*, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 346.

347.    Defendants deny the allegations in Paragraph 347.

348.    Defendants admit that Plaintiffs reference and selectively quote from posts authored by Dr. Bik on Twitter and PubPeer.  Defendants deny any characterizations of the posts that are inconsistent with the posts' contents, and further deny any allegations in Paragraph 348 to the extent not expressly admitted.

349.    Defendants admit that on November 10, 2021, Cassava's share price closed at $69.40 per share, representing a decrease of $9.01 per share, or 11.5%, from the previous day. Except as expressly admitted, Defendants deny the allegations in Paragraph 349.

350.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350.  To the extent a response is required, Defendants deny the allegations in Paragraph 350.

351.    Defendants admit that Plaintiffs reference and selectively quote from a post authored by Dr. Bik, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 351.

352.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 352.  To the extent a response is required, Defendants deny the allegations in Paragraph 352.

353.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 353.  To the extent a response is required, Defendants deny the allegations in Paragraph 353.

354.    Defendants admit that Plaintiffs reference and selectively quote from a November 17, 2021 supplement to the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the supplement that are inconsistent with the supplement's contents, and further deny any allegations in Paragraph 354 to the extent not expressly admitted.

355.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 355.  To the extent a response is required, Defendants deny the allegations in Paragraph 355.

356.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 356.  To the extent a response is required, Defendants deny the allegations in Paragraph 356.

357.    Defendants admit that Plaintiffs reference and selectively quote from a December 17, 2021 Expression of Concern issued by the journal *Neuroscience*, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 357.

358.    Defendants admit that Plaintiffs reference and selectively quote from a December 17, 2021 Expression of Concern issued by the journal *Neuroscience*, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 358.

359.    Defendants deny the allegations in Paragraph 359.

360.    Defendants deny the allegations in Paragraph 360.

361.    Defendants admit that Plaintiffs reference and selectively summarize and quote from a post authored by Dr. Bik on Twitter, which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 361 insofar as they relate to Dr. Rossner.  Except as expressly admitted, Defendants deny the allegations in Paragraph 361.

362.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 362.  To the extent a response is required, Defendants deny the allegations in Paragraph 362.

363.    Defendants admit that on November 15, 2021, Cassava filed its Form 10-Q for Q3 2021 with the SEC, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 363.

364.     Defendants admit that on November 15, 2021, Cassava's share price closed at $60.51 per share, representing a decrease of $8.29 per share, or 12%, from the closing share price on November 12, 2021.   Except as expressly admitted, Defendants deny the allegations in Paragraph 364.

365.     Defendants deny the allegations in Paragraph 365.

366.     Defendants admit that Plaintiffs reference and selectively quote from a July 27, 2022 Cassava press release, which speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 366.

367.     Defendants admit that Plaintiffs reference and selectively quote from a November 17, 2021 *Wall Street Journal* article, which speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 367.

368.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368.   To the extent a response is required, Defendants deny the allegations in Paragraph 368.

369.     Defendants admit that Plaintiffs reference and selectively quote from a November 17, 2021 *Wall Street Journal* article, which speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 369.

370.     Defendants admit that Plaintiffs reference and selectively quote from a November 17, 2021 *Wall Street Journal* article, which speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 370.

371.     Defendants admit that Plaintiffs reference and selectively quote from a November 17, 2021 *Wall Street Journal* article, which speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 371.

372.     Defendants admit that Plaintiffs reference and selectively quote from a November 17, 2021 supplement to the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 372

373.     Defendants admit that Plaintiffs reference and selectively quote from a November 17, 2021 supplement to the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 373.

374.     Defendants admit that Plaintiffs reference and selectively quote from a November 17, 2021 supplement to the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 374.

375.     Defendants admit that Plaintiffs reference and selectively quote from a November 9, 2021 post authored by Dr. Adrian Heilbut on Twitter and a November 17, 2021 supplement to the Citizen Petition, which speak for themselves.  Defendants deny any characterizations of the post or the supplement that are inconsistent with their contents, and further deny any allegations in Paragraph 375 to the extent not expressly admitted.

376.     Defendants admit that Plaintiffs reference and selectively quote from a November 17, 2021 supplement to the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 376.

377.     Defendants admit that Plaintiffs reference and selectively quote from a November 17, 2021 supplement to the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 377.

378.     Defendants admit that Plaintiffs reference and selectively quote from a November 17, 2021 supplement to the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 378.

379.   Defendants admit that on November 17, 2021, Cassava's share price closed at $14.62 per share, representing a decrease of $14.62 per share, or 23.7%, from the previous day. Except as expressly admitted, Defendants deny the allegations in Paragraph 379.

380.   Defendants admit that Plaintiffs reference and selectively quote from a December 8, 2021 supplement to the Citizen Petition, which speaks for itself.  Defendants deny any characterizations of the supplement that are inconsistent with the supplement's contents, and further deny any allegations in Paragraph 380 to the extent not expressly admitted.

381.   Plaintiffs reference and selectively quote from a December 8, 2021 supplement to the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 381

382.   December 8, 2021 supplement to the Citizen Petition, which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 382.

383.   December 8, 2021 supplement to the Citizen Petition, which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 383.

384.   December 8, 2021 supplement to the Citizen Petition, which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 384.

385.   Defendants admit that on December 8, 2021, Cassava's share price closed at $45,86 per share, representing a $4.12 decrease per share, or 8.2%, from the previous day.  Except as expressly admitted, Defendants deny the allegations in Paragraph 385.

386.   Defendants admit that Plaintiffs reference and selectively quote from a December 20, 2021 Cassava press release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 386.

387.    Defendants admit that Plaintiffs reference and selectively quote from a December 20, 2021 Cassava press release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 387.

388.    Defendants admit that Plaintiffs reference and selectively quote from a December 20, 2021 Editorial Note, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 388.

389.    Defendants deny the allegations in Paragraph 389.

390.    Defendants admit that Plaintiffs reference and selectively summarize and quote from a post authored by Dr. Bik on Twitter, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 390.

391.    Defendants admit that Plaintiffs reference and selectively summarize and quote from a post authored by Dr. Bik on Twitter, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 391.

392.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 392.  To the extent a response is required, Defendants deny the allegations in Paragraph 392.

393.    Defendants admit that Plaintiffs reference and selectively summarize and quote from a post authored by Dr. Bik on PubPeer, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 393.

394.    Defendants admit that Plaintiffs reference and selectively summarize and quote from a post authored by Dr. Bik on PubPeer, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 394.

395.     Defendants admit that Plaintiffs reference and selectively summarize and quote from a post authored by Dr. Bik on PubPeer, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 395.

396.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 396.  To the extent a response is required, Defendants deny the allegations in Paragraph 396.

397.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 397.  To the extent a response is required, Defendants deny the allegations in Paragraph 397.

398.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 398.  To the extent a response is required, Defendants deny the allegations in Paragraph 398.

399.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 399.  To the extent a response is required, Defendants deny the allegations in Paragraph 399.

400.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 400.  To the extent a response is required, Defendants deny the allegations in Paragraph 400.

401.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 401.  To the extent a response is required, Defendants deny the allegations in Paragraph 401.

402.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 402.  To the extent a response is required, Defendants deny the allegations in Paragraph 402.

403.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 403.  To the extent a response is required, Defendants deny the allegations in Paragraph 403.

404.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 404.  To the extent a response is required, Defendants deny the allegations in Paragraph 404.

405.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 405.  To the extent a response is required, Defendants deny the allegations in Paragraph 405.

406.     Defendants admit that Plaintiffs reference and selectively quote from a November 16, 2021 email between Dr. Burns and Juan Lerma Gomez, the editor-in-chief of *Neuroscience*, which speaks for itself.  Defendants deny any characterizations of the email that are inconsistent with the email's contents, and further deny any allegations in Paragraph 406 to the extent not expressly admitted.

407.     Defendants admit that Plaintiffs reference and selectively quote from a November 15, 2021 email between Dr. Burns and Dr. Gomez, which speaks for itself.  Defendants deny any characterizations of the email that are inconsistent with the email's contents, and further deny any allegations in Paragraph 407 to the extent not expressly admitted.

408.     Defendants admit that Plaintiffs reference and selectively quote from a January 3, 2022 post by Dr. Hussein N. Yassine, which speaks for itself.  Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 408 insofar as they relate to purported "numerous commentators" posting on PubPeer in September 2021.  Except as expressly admitted, Defendants deny the allegations in Paragraph 408.

409.    Defendants admit that Plaintiffs reference and selectively quote from a Twitter post by Alex Trevelyan, Ph.D., which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 409.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 409 insofar as they relate to a purported communication between the journal and Dr. Trevelyan.  Except as expressly admitted, Defendants deny the allegations in Paragraph 409.

410.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 353.  To the extent a response is required, Defendants deny the allegations in Paragraph 410.

411.    Defendants admit that Plaintiffs reference and selectively quote from the February 10, 2022 FDA response, denying the Citizen Petition, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 411.

412.    Defendants admit that Plaintiffs reference and selectively quote from a February 10, 2022 Cassava press release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 412.

413.    Defendants deny the allegations in the first sentence of Paragraph 413.  As to the remainder of Paragraph 413, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 413.

414.    Defendants admit the allegations in Paragraph 414.

415.     Defendants admit that Plaintiffs reference and selectively quote from a March 22, 2022 Expression of Concern, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 415.

416.     Defendants admit that Plaintiffs reference and selectively quote from a March 22, 2022 Expression of Concern, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 416.

417.     Defendants admit that Plaintiffs reference and selectively quote from a March 22, 2022 Expression of Concern, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 417.

418.     Defendants deny the allegations in Paragraph 418.

419.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 419.  To the extent a response is required, Defendants deny the allegations in Paragraph 419.

420.     Defendants admit that on March 29, 2022 the journal *Neuroscience* published a "Corrigendum" provided by the authors of a 2021 paper entitled "Stress Diminishes BDNF-stimulated TrkB Signaling, TrkB-NMDA Receptor Linkage and Neuronal Activity in the Rat Brain," which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 420.

421.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 421.  To the extent a response is required, Defendants deny the allegations in Paragraph 421.

422.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 422.  To the extent a response is required, Defendants deny the allegations in Paragraph 422.

423.     Defendants admit that Plaintiffs reference and selectively quote from March 30, 2022 retractions by *PLOS One*, which speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 423.

424.     Defendants admit that Plaintiffs reference and selectively quote from March 30, 2022 retractions by *PLOS One* and a September 20, 2021 email between Dr. Burns and Dr. Gomez, which speak for themselves.  Defendants deny any characterizations of the retractions or email that are inconsistent with their contents, and further deny any allegations in Paragraph 424 to the extent not expressly admitted.

425.     Defendants admit that Plaintiffs reference and selectively quote from an April 18, 2022 *New York Times* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 425.

426.     Defendants admit that Plaintiffs reference and selectively quote from an April 18, 2022 *New York Times* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 426.

427.     Defendants admit that Plaintiffs reference and selectively quote from an April 18, 2022 *New York Times* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 427.

428.     Defendants admit that Plaintiffs reference and selectively quote from an April 18, 2022 *New York Times* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 428.

429.    Defendants admit that Plaintiffs reference and selectively quote from an April 18, 2022 *New York Times* article and the Citizen Petition, both of which speak for themselves. Defendants deny any characterizations of the article or Petition that are inconsistent with their contents, and further deny any allegations in Paragraph 429 to the extent not expressly admitted.

430.    Defendants admit that Plaintiffs reference and selectively quote from an April 18, 2022 *New York Times* article and a 2017 *Neurobiology of Aging* paper, which speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 430.

431.    Defendants admit that Plaintiffs reference and selectively quote from an April 18, 2022 *New York Times* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 431.

432.    Defendants admit that on April 19, 2022, Cassava's share price closed at $22.46 per share, and further admit that on April 20, 2022 Cassava's share price closed at $20.39 per share, representing a 9.2% decrease from the previous day.  Except as previously admitted, Defendants deny the allegations in Paragraph 432.

433.    Defendants admit that Plaintiffs reference and selectively quote a June 1, 2022 retraction notice published by the journal *Alzheimer's Research & Therapy*, which speaks for itself.  Except as previously admitted, Defendants deny the allegations in Paragraph 433.

434.    Defendants admit that on June 1, 2022, Cassava's share price closed at $26.82 per share, representing a decrease of $3.78 per share, or 12.4%, from the previous day.  Except as expressly admitted, Defendants deny the allegations in Paragraph 434.

435.    Defendants admit that Plaintiffs reference and selectively quote from a July 27, 2022 *Reuters* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 435.

436.    Defendants admit that Plaintiffs reference and selectively quote from a July 27, 2022 *Reuters* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 436.

437.    Defendants admit that on July 27, 2022, Cassava's share price closed at $18.69 per share, representing a decrease of $3.03 per share, or 14%, from the previous day.  Except as expressly admitted, Defendants deny the allegations in Paragraph 437.

438.    Defendants deny the allegations in Paragraph 438.

439.    Defendants deny the allegations in Paragraph 439.

440.    Defendants admit that Cassava's primary product candidate is simufilam.  Defendants further admit that between 2012 and 2019, Cassava employed between eight and nine individuals, and by year-end 2020, Cassava employed 11 individuals.  Additionally, Defendants admit that, in its filings with the SEC, Cassava has stated that a "key element of [its] business strategy" included "validating our unique scientific approach with competitive research grants and publishing our scientific data in peer-reviewed journals."  Except as expressly admitted, Defendants deny the allegations in Paragraph 440.

441.    Defendants admit that as CEO, Barbier is responsible for the overall direction of Cassava.  Defendants further admit that Barbier, Dr. Burns, and Dr. Friedmann were involved in the development, pre-clinical research, and clinical trials of simufilam.  Additionally, Defendants admit that Barbier was quoted in a *Fortune* article as stating that "I know the science, I know the data."  Defendants further admit that Barbier, along with Drs. Wang, Burns and Friedmann, is an author of Cassava's 2020 paper "PTI-125 Reduces Biomarkers of Alzheimer's Disease in Patients," published in the *Journal of Prevention of Alzheimer's Disease*, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 441.

442.     Defendants admit that Plaintiffs reference and selectively quote from an August 29, 2019 NIH grant application, which speaks for itself. Defendants further admit that Barbier is married to Dr. Burns, who serves as a senior vice president at Cassava.  Except as expressly admitted, Defendants deny the allegations in Paragraph 442.

443.     Defendants admit that on November 7, 2020, Cassava presented a slide deck entitled "Sumifilam [*sic*] Significantly Improves Eleven CSF Biomarkers in a Randomized, Placebo-controlled, One-month Clinical Trial in Alzheimer's Disease Patients," at the Conference on Clinical Trials on Alzheimer's Disease, which speaks for itself.  Additionally, Defendants admit that on July 26, 2021, Cassava presented a poster entitled "SavaDx, a Novel Plasma Biomarker to Detect Alzheimer's Disease, Confirms Mechanism of Action of Simufilam," at the AAIC, which also speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 443.

444.     Defendants admit that Dr. Wang, has, at times, been a "co-lead scientist on discovery & development of PTI-125" and has served as a scientific advisor to Cassava. Defendants additionally admit Dr. Wang has conducted research and laboratory work with Dr. Burns and has, at times, been included as an author on Cassava presentations.  Except as expressly admitted, Defendants deny the allegations in Paragraph 444.

445.     Defendants state that Dr. Friedmann is now deceased, but admit that Cassava has stated in the past that he was "overseeing the clinical development" of simufilam.  Further, Defendants admit that Dr. Friedmann, at times, was included as an author on Cassava presentations. Except as expressly admitted, Defendants deny the allegations in Paragraph 445.

446.     Defendants deny the allegations in Paragraph 446.

447.     Defendants admit that Plaintiffs reference and selectively quote from a *Retraction Watch* article, which speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 447.

448.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 448.   To the extent a response is required, Defendants deny the allegations in Paragraph 448.

449.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 449.   To the extent a response is required, Defendants deny the allegations in Paragraph 449.

450.     Defendants deny the allegations in Paragraph 450.

451.     Defendants deny the allegations in Paragraph 451.

452.     Defendants admit that Plaintiffs reference and selectively quote from a November 17, 2021 supplement to the Citizen Petition and an Expression of Concern issued by the *Journal of Neuroscience*, which speaks for themselves.   Except as expressly admitted, Plaintiffs deny the allegations in Paragraph 452.

453.     Defendants deny the allegations in Paragraph 453 insofar as they assert that the images Drs. Wang and Burns provided in a December 20, 2021 *Neuroscience* Editorial Note were not "originals."   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 453.   To the extent a response is required, Defendants deny the allegations in Paragraph 453.

454.     Defendants admit that Plaintiffs reference and selectively quote from an April 26, 2022 *New York Times* article, which speaks for itself.   Except as expressly admitted, Defendants deny the allegations in Paragraph 454.

455.     Defendants admit that Plaintiffs reference and selectively quote from a January 17, 2022 *New Yorker* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 455.

456.     Defendants admit that Plaintiffs reference and selectively quote from a December 5, 2019 Form 8-K filed with the SEC by Cassava, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 456.

457.     Defendants admit that Plaintiffs reference and selectively quote from a November 23, 2021 *Fierce Biotech* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 457.

458.     Defendants admit that on September 3, 2021, Cassava released a public statement, which speaks for itself, but deny any characterizations of the public statement that are inconsistent with its contents.  Defendants further admit that Barbier has not publicly released original films or images or results of independent analyses. Except as expressly admitted, Defendants deny the allegations in Paragraph 458.

459.     Defendants admit that on September 3, 2021, Cassava released a public statement, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 459.

460.     Defendants deny the allegations in Paragraph 460.

461.     Defendants admit that Plaintiffs reference and selectively quote from a June 15, 2021 draft of a Cassava Investigational Research Agreement from CUNY, which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 461.

462.    Defendants admit that Plaintiffs reference and selectively quote from a June 15, 2021 draft of a Cassava Investigational Research Agreement from CUNY, which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 462.

463.    Defendants deny the allegations in Paragraph 463.

464.    To the extent the allegations in Paragraph 464 are legal conclusions and characterizations, no responsive pleading is required.  Defendants admit Plaintiffs reference and selectively quote from principals published by the Office of Research Integrity for the United States Department of Health and Human Services, which speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 464.

465.    Defendants deny the allegations in Paragraph 465.

466.    Defendants admit that Cassava, at times, informed investors that the Company needed to or would raise capital to fund its operations.  Defendants also admit that, as a start up company, Cassava experienced operating losses in connection with its business and research and that its investors were aware of this fact.  Except as expressly admitted, Defendants deny the allegations in Paragraph 466.

467.    Defendants deny the allegations in Paragraph 467.

468.    Defendants deny the allegations in Paragraph 468.

469.    Defendants admit that Cassava made a direct registered stock offering on February 10, 2021.  Except as expressly admitted, Defendants deny the allegations in Paragraph 469.

470.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements attributed to a purported analyst at Cantor Fitzgerald. Except as expressly admitted, Defendants deny the allegations in Paragraph 470.

471.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 471.  To the extent a response is required, Defendants deny the allegations in Paragraph 471.

472.     Defendants deny the allegations in Paragraph 472.

473.     Defendants admit that on February 12, 2021, Cassava issued a Form 424(b)(b) Prospectus Supplement, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 473.

474.     Defendants admit that Plaintiffs reference and quote from an August 3, 2021 earnings call transcript, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 474.

475.     Defendants admit that Plaintiffs reference and selectively quote from a September 16, 2016 *STAT* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 475.

476.     Defendants admit that Plaintiffs reference and selectively quote from a September 16, 2016 *STAT* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 476.

477.     To the extent that Paragraph 477 references legal allegations, findings, and orders in a separate lawsuit, those allegations, findings, and orders speak for themselves.  Defendants otherwise deny the allegations in Paragraph 477.

478.     To the extent that Paragraph 478 references legal allegations, findings, and orders in a separate lawsuit, those allegations, findings, and orders speak for themselves.  Defendants otherwise deny the allegations in Paragraph 478.

479.   To the extent the allegations in Paragraph 479 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 479.

480.   Defendants admit that on March 23, 2021, Cassava filed a Form 10-K with the SEC, which speaks for itself.  Defendants also admit that Cassava has filed other SEC filings in recent years, which also speak for themselves.  Except as expressly admitted, Defendants deny the allegations in Paragraph 480.

481.   Defendants admit that Plaintiffs reference and selectively quote from a Twitter post by Professor Barbara Sahakian, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 481.

482.   Defendants admit that Plaintiffs reference and selectively quote from a July 7, 2022 *Daily Beast* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 482.

483.   Defendants deny the allegations in Paragraph 483.

484.   Defendants admit that Plaintiffs reference and selectively quote from a July 7, 2022 *Daily Beast* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 482.

485.   Defendants deny the allegations in Paragraph 485.

486.   To the extent the allegations in Paragraph 486 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 486.

487.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 487.  To the extent a response is required, Defendants deny the allegations in Paragraph 487.

488.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 488.  To the extent a response is required, Defendants deny the allegations in Paragraph 488.

489.     Defendants deny the allegations in Paragraph 489.

490.     Defendants admit that Plaintiffs reference and selectively quote from a November 3, 2021 Quintessential Capital Management Report (the "QCM Report"), which speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 490.

491.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 491.  To the extent a response is required, Defendants deny the allegations in Paragraph 491.

492.     Defendants admit that Plaintiffs reference and selectively quote from the QCM Report, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 492.

493.     To the extent the allegations in Paragraph 493 are legal conclusions and characterizations, no responsive pleading is required.  Defendants admit that Plaintiffs reference and selectively quote from the QCM Report, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 493.

494.     To the extent the allegations in Paragraph 494 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 494.

495.    Defendants deny the allegations in Paragraph 495.

496.    Defendants deny the allegations in Paragraph 496.

497.    Defendants deny the allegations in Paragraph 497.

498.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 498.  To the extent a response is required, Defendants deny the allegations in Paragraph 498.

499.    Defendants deny the allegations in the first sentence of Paragraph 499.  As to the second sentence, Defendants are unable to admit or deny the accuracy of the "chart" based on the information presented.  To the extent a response is required, Defendants deny the allegations in the second sentence and the "chart."

500.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 500.  To the extent a response is required, Defendants deny the allegations in Paragraph 500.

501.    Defendants deny the allegations in the first sentence of Paragraph 501.  As to the second sentence, Defendants are unable to admit or deny the accuracy of the "chart" based on the information presented.  To the extent a response is required, Defendants deny the allegations in the second sentence and the "chart."

502.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 502.  To the extent a response is required, Defendants deny the allegations in Paragraph 502.

503.    Defendants deny the allegations in the first sentence of Paragraph 503.  As to the second sentence, Defendants are unable to admit or deny the accuracy of the "chart" based on the

information presented.  To the extent a response is required, Defendants deny the allegations in the second sentence and the "chart."

504.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 504.  To the extent a response is required, Defendants deny the allegations in Paragraph 504.

505.    Defendants deny the allegations in the first sentence of Paragraph 505.  As to the second sentence, Defendants are unable to admit or deny the accuracy of the "chart" based on the information presented.  To the extent a response is required, Defendants deny the allegations in the second sentence and the "chart."

506.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 506.  To the extent a response is required, Defendants deny the allegations in Paragraph 506.

Supp. ¶ 1.    Defendants admit that Plaintiffs reference and selectively quote from an October 12, 2023 *Science* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Supplemental Paragraph 1.

Supp. ¶ 2.    Defendants admit that Plaintiffs reference and selectively quote from a *Science* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Supplemental Paragraph 2.

Supp. ¶ 3.    Defendants admit that Plaintiffs reference and selectively quote from a *Science* article, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Supplemental Paragraph 3.

Supp. ¶ 4.    Defendants admit that Plaintiffs reference and selectively quote from an October 13, 2023 Cassava Press Release, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Supplemental Paragraph 4.

Supp. ¶ 5.    Defendants admit that Cassava stock opened at $18.46 on October 12, 2023, and closed at $12.64 on October 16, 2023, and that the difference between those numbers is approximately equal to 31.5%.  Except as expressly admitted, Defendants deny the allegations in Supplemental Paragraph 5.

Supp. ¶ 6.    Defendants admit that the Nasdaq was down approximately 0.76%, and the Nasdaq Biotechnology Index was down approximately 0.5%, between October 12 and 16, 2023.

Supp. ¶ 7.    Defendants admit that Plaintiffs reference and selectively quote from a statement CUNY issued on October 27, 2023, which speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Supplemental Paragraph 7.

507.    Defendants deny the allegations in Paragraph 507.

508.    Defendants deny the allegations in Paragraph 508.

509.    Defendants deny the allegations in Paragraph 509.

510.    To the extent the allegations in Paragraph 510 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants admit that Plaintiffs purport to rely upon the presumption of reliance under *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972).  Except as expressly admitted, Defendants deny the allegations in Paragraph 510.

511.    To the extent the allegations in Paragraph 511 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants admit that Plaintiffs purport to rely upon the presumption of reliance under *Basic Inc. v. Levinson*,

485 U.S. 224 (1988), and the fraud-on-the-market doctrine. Except as expressly admitted, Defendants deny the allegations in Paragraph 511.

512.    To the extent the allegations in Paragraph 512 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants admit that certain information regarding Cassava, including its stock price, was available through publicly available sources.  Except as expressly admitted, Defendants deny the allegations in Paragraph 512.

513.    To the extent the allegations in Paragraph 513 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 513.

514.    To the extent the allegations in Paragraph 514 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants admit that this Paragraph purports to set forth Plaintiffs' proposed class definition.  Except as expressly admitted, Defendants deny the allegations in Paragraph 514.

515.    To the extent the allegations in Paragraph 515 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Defendants admit that Cassava's common stock was traded on the NASDAQ during the Class Period. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 515, and, on that basis, deny them.

516.    To the extent the allegations in Paragraph 516 are legal conclusions and characterizations, no responsive pleading is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 516, and, on that basis, deny them.

517.    To the extent the allegations in Paragraph 517 are legal conclusions and characterizations, no responsive pleading is required.   To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 517, and, on that basis, deny them.

518.    To the extent the allegations in Paragraph 518 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 518.

519.    To the extent the allegations in Paragraph 519 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 519.

520.    Defendants incorporate their responses to Paragraphs 1-519 by reference.

521.    Defendants deny the allegations in Paragraph 521.

522.    Defendants deny the allegations in Paragraph 522.

523.    Defendants deny the allegations in Paragraph 523.

524.    Defendants deny the allegations in Paragraph 524.

525.    Defendants incorporate their responses to Paragraphs 1-524 by reference.

526.    To the extent the allegations in Paragraph 526 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 526.  Further, Defendants note that Friedmann is no longer a defendant in this action pursuant to the Court's May 11, 2023 Order.

The remainder of the Amended Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the Amended Complaint or to any relief whatsoever.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without waiver, limitation, or prejudice, and without conceding that they bear the burden of proof or production, hereby assert the following defenses. In doing so, Defendants state that they presently have insufficient knowledge or information to determine whether they may have additional, as yet unstated defenses. Discovery is currently ongoing and additional information may come to light or the parties' legal theories may be clarified or changed. Accordingly, Defendants reserve the right to add, delete or modify their defenses as appropriate. Defendants have not knowingly and intentionally waived any applicable defenses.

1.      Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the Amended Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

2.      Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading.

3.      Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the statements allegedly made by Defendants were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

4.      Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because other events or disclosures unrelated to Defendants' alleged material misrepresentations or omissions, including but not limited to the short seller reports

published by third parties, are responsible for any decline in Cassava's share value alleged to form the basis of Plaintiff's claims, and the claims of the class that Plaintiffs purports to represent.

5.      Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because any alleged damages that Plaintiffs, or the class that Plaintiffs purport to represent, suffered, were caused by independent, intervening, and/or superseding events, including but not limited to the short seller reports published by third parties, that were beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

6.      Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, were advised regarding the material facts and risks concerning their investments and therefore assumed the risk of any loss and are estopped from recovering any relief.

7.      Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misstatements and omissions.

8.      Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, or the class that Plaintiffs purports to represent, sold their Cassava shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Cassava shares.

9.      Any recovery for damages allegedly incurred by Plaintiffs, or the class that Plaintiffs purport to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiffs, or the class that Plaintiffs purport to represent, in connection with their ownership of Cassava shares.

10.     Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the alleged material misrepresentations or omissions were in fact known to and had entered the securities market through credible sources prior to Plaintiffs' purchase, or the purchases by the class that Plaintiffs purport to represent, of Cassava shares.

11.     Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, and the class that Plaintiffs purport to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. § 240.10b5-1.

12.     Class certification fails to provide adequate due process protections and would violate the Rules Enabling Act, 28 U.S.C. § 2072, and the United States Constitution inasmuch as it constitutes trial by formula and would unfairly restrict Defendants' right to litigate affirmative defenses to the individual claims of Plaintiffs, and the class that Plaintiffs purports to represent.

13.     Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purports to represent, for equitable relief are improper because Plaintiffs, and the class that Plaintiffs purport to represent, have an adequate remedy at law.

14.     Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for equitable relief are improper because Plaintiffs, and the class that Plaintiffs purport to represent, have not suffered injury or harm and will not suffer imminent and irreparable injury as a result of any action or conduct by Defendants.

15.     Without conceding liability, Plaintiff's requests, and the requests of the class that Plaintiffs purports to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

16.     Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act, the common law, or any other applicable statute, rule, or regulation.

17.     Plaintiffs, and the class that Plaintiffs purport to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

18.     Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, under Section 20(a) of the Securities Exchange Act of 1934 are barred in whole or in part because each of Defendants Barbier, Burns and Schoen acted in good faith.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief and judgment as set forth below.

1. For judgment in their favor;

2. That Plaintiff takes nothing by means of its Amended Complaint;

3. That Defendants be awarded costs to the maximum extent allowable by law; and

4. For such other further relief as the Court deems just and proper.

Dated: June 27, 2024                         Respectfully submitted,

                                         /s/ *Gregg Costa*
Gregg Costa (Tx. Bar No. 24028160)
Trey Cox (Tx. Bar No. 24003722)
GIBSON, DUNN & CRUTCHER LLP
811 Main Street Suite 3000
Houston, TX 77002
Telephone: 346.718.6600
Facsimile: 346.718.6979
gcosta@gibsondunn.com
tcox@gibsondunn.com

Monica K. Loseman (admitted *pro hac vice*)
Scott Campbell (admitted *pro hac vice*)
John Turquet Bravard (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202-2642
Telephone: 303.298.5700
Facsimile: 303.298.5907
mloseman@gibsondunn.com
scampbell@gibsondunn.com
jturquetbravard@gibsondunn.com

Mary Beth Maloney (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
Facsimile: 212.351.6315
mmaloney@gibsondunn.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on June 27, 2024, a true and correct copy of the foregoing **Defendants' Amended Answer to the Supplemented Consolidated Complaint for Violations of the Federal Securities Laws** was served upon each attorney of record through the Court's CM/ECF system.

     /s/  Gregg Costa