UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § § § § § § § § | Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS | | |

**PLAINTIFFS' REQUEST FOR STATUS CONFERENCE**
**[REDACTED]**

4875-2671-6110.v3

Lead Plaintiff Mohammad Bozorgi and additional plaintiffs Ken Calderone and Manohar K. Rao (collectively, "Plaintiffs") respectfully request that the Court set a Status Conference in this matter for case-management guidance, especially given the upcoming September 17, 2024 fact discovery cut-off (ECF 146 ("Scheduling Order"), ¶5), in light of pending discovery motions and outstanding discovery disputes. Defendants Cassava Sciences, Inc. ("Cassava" or the "Company"), Remi Barbier, Lindsay Burns, and Eric Schoen (collectively, "Defendants") (together with Plaintiffs, the "Parties") oppose this request.

The Parties have several outstanding discovery disputes, the resolution of which will affect the timing and order of fact depositions and the close of fact discovery, among other proceedings. These disputes include:

***First, whether Defendants must continue to fully participate in the discovery process during the pendency of their May 10, 2024 motion to stay merits discovery***. ECF 160. In January 2024, Defendants agreed to produce ████████████████████████████████ ████████████████████████████████. After filing their motion to stay, however, Defendants reversed course, and stated they would not provide ████████████ while their motion to stay is pending.[1] Setting aside that Defendants have no authority to grant themselves a unilateral stay, they cannot explain how their motion to stay (which is based on chilling *future* settlement communications with the SEC) could possibly apply to ████████████, which is retrospective, purely factual, and not a settlement communication with the government. Further, Defendants' refusal to produce the ████████ violates the Scheduling Order, which required document productions to be substantially complete by April 15, 2024 (ECF 146, ¶4), and is delaying fact depositions in this case.

---

[1] Defendants' motion to stay merits discovery is fully briefed. *See* ECFs 169, 171.

*Second*, *whether Defendants must produce witnesses for a second time if they later produce ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ or documents ultimately compelled by the Court under Plaintiffs' April 12, 2024 motion to compel Defendants' ▓▓▓▓▓▓▓▓▓▓ withheld as "privileged."* ECF 152.² It is Plaintiffs' position that these documents (both the ▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ containing factual assertions) may impact their deposition strategy in this case, including whose deposition Plaintiffs takes, in what order, and what questions they will ask. To date, Defendants have not agreed to produce witnesses for a second time.

*Third, Defendants' document production is not yet complete.* Defendants are currently reviewing approximately 25,000 documents for production, and Cassava board members (represented by Defendants' counsel) subpoenaed by Plaintiffs a year ago in July 2023 still have not yet completed their document productions. These documents need to be produced and analyzed by Plaintiffs' counsel before Plaintiffs can responsibly start taking fact depositions.

*Fourth, Defendants have not yet answered Plaintiffs' interrogatories served on December 13, 2023 and February 7, 2024.* The interrogatories request basic factual information that Plaintiffs seek to use in depositions and to identify additional sources of discovery. Specifically, the interrogatories request that Cassava and Barbier identify: (i) the allegedly manipulated scientific images in Cassava's possession, custody, or control; (ii) the "reasonable investigation, due diligence, and/or consultation with expert(s)" described in Cassava's Defense No. 4 in Defendants' Answer to the Consolidated Complaint for Violations of the Federal Securities Laws (ECF 108 at 77); and (iii) the basis for Barbier's statement, cited in ¶474 of the Complaint (ECF 176), that Cassava expected "significant multi-year capital inflows" that never

---

² Plaintiffs' motion to compel is also fully briefed. *See* ECFs 155, 158.

- 3 -

materialized after the truth regarding the alleged fraud began to leak out. Defendants refused to provide substantive responses on four of the five interrogatories Plaintiffs propounded on these issues due to a dispute over the number of purported subparts the interrogatories contained. Plaintiffs have made multiple attempts to resolve this dispute, and it appeared the Parties had agreement as of June 21, 2024, but Plaintiffs still do not have substantive answers to the outstanding interrogatories, and Defendants have not yet responded to inquiries as to when substantive responses will be provided.

Due to these outstanding motions and disputes, Plaintiffs seek guidance from the Court to set deadlines for Defendants to comply with their overdue discovery obligations. Plaintiffs also propose sequencing fact depositions after Defendants produce the ███████████████ ██████████████████████ pursuant to Plaintiffs' motion to compel. This sequencing will: (i) avoid the inefficiencies involved in potentially requiring deponents to have to sit for a second day of depositions; and (ii) allow Plaintiffs to effectively plan their deposition strategy with the benefit of ████████████████████████████████████████████████████████ ████████████████, and other forthcoming documents from Defendants and directors, as well as information from Defendants' outstanding interrogatory responses.

Given the approaching fact discovery cut-off date, the Court's guidance is needed at this juncture regarding how discovery, and in particular fact depositions, should proceed. Accordingly, Plaintiffs respectfully request the Court set a status conference via teleconference, Zoom, or any other manner the Court deems appropriate, as soon as is convenient.

| | |
|---|---|
| DATED: July 8, 2024 | Respectfully submitted,<br><br>ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>DANIEL S. DROSMAN (admitted *pro hac vice*)<br>RACHEL JENSEN (admitted *pro hac vice*)<br>KEVIN A. LAVELLE (admitted *pro hac vice*)<br>MEGAN A. ROSSI (admitted *pro hac vice*)<br>HEATHER GEIGER (admitted *pro hac vice*)<br>JEREMY W. DANIELS (admitted *pro hac vice*)<br><br>                  */s/ Kevin A. Lavelle*<br>                KEVIN A. LAVELLE<br><br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax)<br>dand@rgrdlaw.com<br>rachelj@rgrdlaw.com<br>klavelle@rgrdlaw.com<br>mrossi@rgrdlaw.com<br>hgeiger@rgrdlaw.com<br>jdaniels@rgrdlaw.com<br><br>Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone<br><br>KENDALL LAW GROUP, PLLC<br>JOE KENDALL (Texas Bar No. 11260700)<br>3811 Turtle Creek Blvd., Suite 825<br>Dallas, TX  75219<br>Telephone:  214/744-3000<br>214/744-3015 (fax)<br>jkendall@kendalllawgroup.com<br><br>Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone<br><br>GLANCY PRONGAY & MURRAY LLP<br>CHARLES H. LINEHAN (admitted *pro hac vice*)<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA  90067<br>Telephone:  310/201-9150<br>310/201-9160 (fax)<br>clinehan@glancylaw.com<br><br>Counsel for Additional Plaintiff Manohar K. Rao |

- 4 -