UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § § § § § § § § | Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS | | |

**PLAINTIFFS' SUBMISSION PURSUANT TO JULY 11, 2024 SEALED ORDER**

- 1 -

Lead Plaintiff Mohammad Bozorgi and additional plaintiffs Ken Calderone and Manohar K. Rao (collectively, "Plaintiffs") respectfully submit the following response pursuant to the Court's July 11, 2024 sealed order (ECF 196) ("Order").

Plaintiffs file this response the same day their counsel were able to obtain a copy of the Order.[1] Given that the Order was filed under seal, counsel were unable to view it on the ECF docket and were informed by the clerk that the Order would be mailed. When the Order did not arrive, Plaintiffs' local counsel went to the clerk's office in person and was able to obtain a copy today.

Below, Plaintiffs provide their positions on the issues raised by the Court's Order.

I.   **DEFENDANTS MUST COMPLY WITH DISCOVERY OBLIGATIONS**

First, Defendants must comply with their discovery obligations absent a court-ordered stay, which is unwarranted for the reasons previously explained. ECF 169, Exhibit 1 at 7-8; *Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003) ("[T]he mere act of filing a motion for a protective order does not relieve a party of the[ir] duty to" engage in discovery.).

Courts have "decline[d] to stay discovery merely because [a] defendant believes it will prevail on its motion." *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008) (rejecting motion to stay discovery pending motion to dismiss). After all, it is in the purview of this Court to manage discovery, not Defendants' right to pick and choose which discovery they will participate in. *See Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010) ("The control of discovery 'is committed to the sound discretion of the trial court . . . .'").[2]

---

[1]   Upon receipt, Plaintiffs also provided Defendants with a copy of the Order.

[2]   Internal citations are omitted and emphasis is added throughout unless otherwise noted.

Notwithstanding this authority, Defendants have effectively granted themselves a unilateral stay on certain discovery during the pendency of their stay motion by refusing to timely: (1) produce outstanding documents; (2) provide answers to outstanding interrogatories; (3) provide a privilege log; and (4) produce prior deposition transcripts that they agreed to produce months ago.  Defendants' obstinacy is prejudicing Plaintiffs' ability to prosecute their claims.

## II.   DEFENDANTS MUST PRODUCE WITNESSES FOR A SECOND TIME IF THEY LATER PRODUCE ADDITIONAL DOCUMENTS

Second, if Defendants later produce prior deposition transcripts and/or documents pursuant to a court order, they should be required to produce witnesses for a second time.  "'Courts have allowed parties to reopen depositions when new information comes to light that creates the need for further questioning.'"  *Keplar v. Google, LLC*, 346 F.R.D. 41, 52 (N.D. Tex. 2024).

Here, later productions would constitute "'new information.'"  *Id.* (quoting *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 421 (N.D. Tex. 2021)).  As such, Plaintiffs would be entitled to reopen or notice additional depositions to develop the new facts, establish the admissibility of new evidence, or explore topics that were previously unknown to Plaintiffs.  *See Retif v. ASI Lloyds*, 2020 WL 6204309, at *1 (E.D. La. Apr. 6, 2020) ("Courts have typically reopened a deposition . . . 'where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition.'").

Further, Defendants have not produced a privilege log since December 2023, and they have indicated some 4,000 documents may be logged.  Plaintiffs have no insight into how many additional documents may need to be compelled or produced.  Given this delay in the document productions, outstanding motions to compel, and privilege logs, Plaintiffs seek a ruling that they may reopen or take additional depositions following the completion of all document discovery.

4890-3669-0132.v1

**III.     DEFENDANTS CONTINUE TO WITHHOLD DOCUMENTS**

Third, Plaintiffs have been diligently seeking document discovery from Cassava and its board members since discovery began. Nonetheless, document discovery has been delayed and appears to be incomplete. The parties have been negotiating document discovery since last year. With the intervening change in defense counsel in February 2024, however, negotiations stalled and were not finished until June 2024. On July 26, 2024, Defendants produced approximately 25,000 pages of documents and have reserved the right to produce more.

Plaintiffs are concerned, moreover, that documents are still being withheld. For example, on July 1, 2024, a Cassava SEC filing said internal emails indicate Dr. Wang was not blinded to the Phase 2b clinical trial, requiring Cassava to supplement its SEC disclosures as a result. Plaintiffs have asked Defendants to produce or identify these emails, but Defendants have refused, citing their motion to stay.[3] The documents are directly relevant to Plaintiffs' claims and undermine Defendants' defense that Wang was "'blinded'" to the outcome of the clinical trials. *See, e.g.*, ECF 81 at 5. These and all outstanding documents must be produced so that Plaintiffs can commence taking depositions.

**IV.     DEFENDANTS SHOULD ANSWER PLAINTIFFS' INTERROGATORIES WITHOUT FURTHER DELAY**

Fourth, Plaintiffs have requested substantive answers to their interrogatories served on December 13, 2023, and February 7, 2024. These interrogatories ask defendants Cassava and Barbier to identify: (1) the allegedly manipulated scientific images in Cassava's possession, custody, or control; (2) the "reasonable investigation, due diligence, and/or consultation with expert(s)" described in Defendants' answer (ECF 108 at 77); and (3) the basis for Barbier's

---

[3]   Following Dr. Wang's June 28 criminal indictment, Cassava's July 1 supplementation of its SEC disclosures, and defendants Barbier's and Burns's resignations, Plaintiffs have also propounded additional document requests.

- 3 -

statement, cited in ¶474 of the Supplemented Consolidated Complaint for Violations of the Federal Securities Laws, that Cassava expected "significant multi-year capital inflows" that never materialized after the fraud began to unravel.  ECF 176, ¶474.

Though Defendants have agreed to supplement some of these interrogatories, they have not yet committed to when the supplemental responses will be provided.  Moreover, Defendants have stated they will ***not*** answer Plaintiffs' interrogatory seeking the identities of experts and "investigations" Defendants are relying upon until ***after*** discovery.  Plaintiffs, however, need the identities of those investigations and experts to take discovery about them for trial.  Plaintiffs ask the Court to direct Defendants to answer these interrogatories without further delay.

## V.  CONCLUSION

Plaintiffs are concerned about the impact that Defendants' discovery delays are having on this case.  We look forward to discussing these matters with the Court at the status conference.

DATED:  July 31, 2024

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (admitted *pro hac vice*)
RACHEL JENSEN (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
MEGAN A. ROSSI (admitted *pro hac vice*)
HEATHER GEIGER (admitted *pro hac vice*)
JEREMY W. DANIELS (admitted *pro hac vice*)

/s/ Kevin A. Lavelle
KEVIN A. LAVELLE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
rachelj@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

4890-3669-0132.v1

- 5 -

Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 31, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ Kevin A. Lavelle
KEVIN A. LAVELLE

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  klavelle@rgrdlaw.com

# Mailing Information for a Case 1:21-cv-00751-DAE In Re Cassava Sciences, Inc. Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzia@csgrr.com

- **Michael Albert**
  malbert@rgrdlaw.com

- **Thomas E. Bilek**
  tbilek@bileklaw.com,lmank@bileklaw.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeffrey C. Block**
  jeff@blockesq.com

- **Willie C. Briscoe**
  wbriscoe@thebriscoelawfirm.com,tsims@thebriscoelawfirm.com

- **Warren T. Burns**
  wburns@burnscharest.com,mkweik@burnscharest.com,jgravois@burnscharest.com,mvaleriano@burnscharest.com,twhiteside@burnscharest.com

- **Michael Scott Campbell**
  scampbell@gibsondunn.com,rjanzen@gibsondunn.com,stafoya@gibsondunn.com

- **C Shawn Cleveland**
  scleveland@bakerlaw.com,jmurphey@bakerlaw.com

- **Stuart L. Cochran**
  scochran@condontobin.com,lmedeles@condontobin.com

- **Gregg Jeffrey Costa**
  gcosta@gibsondunn.com,pacer-tx@gibsondunn.com

- **John Thomas Cox , III**
  tcox@gibsondunn.com,twesley@gibsondunn.com,LGadberry@gibsondunn.com,wcassidy@gibsondunn.com

- **Jeremy Warren Daniels**
  jdaniels@rgrdlaw.com

- **Michael Dell'Angelo**
  mdellangelo@bm.net,csimon@bm.net,jgionnette@bm.net

- **Daniel S. Drosman**
  dand@rgrdlaw.com,tholindrake@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Bryan Fears**
  fears@fnlawfirm.com,pcox@fnlawfirm.com,nprola@maceybankruptcylaw.com

- **William B. Federman**
  wbf@federmanlaw.com,law@federmanlaw.com

- **Michael I. Fistel , Jr**
  michaelf@johnsonfistel.com,paralegal@johnsonfistel.com

- **Sammy Ford , IV**
  sford@azalaw.com,rperez@azalaw.com,tzamora@azalaw.com,jwarshauer@azalaw.com

- **Heather Geiger**
  hschlesier@rgrdlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **B. Russell Horton**
  rhorton@gbkh.com,kseabolt@gbkh.com,tmanassian@gbkh.com

- **Rachel L. Jensen**
  rachelj@rgrdlaw.com,tdevries@rgrdlaw.com

- **Lewis S. Kahn**
  lewis.kahn@ksfcounsel.com,ecf.filings@ksfcounsel.com

- **Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Natalie F. Lakosil**
  nlakosil@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Kevin A. Lavelle**
  klavelle@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com

- **Charles H. Linehan**
  CLinehan@glancylaw.com,info@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Monica K. Loseman**
  mloseman@gibsondunn.com,lapodaca@gibsondunn.com

- **Mary Beth Beth Maloney**
  mmaloney@gibsondunn.com

- **Matthew Ryan McCarley**
  mccarley@foresterhaynie.com,mccmat2000@yahoo.com,wage@foresterhaynie.com

- **Megan A. Rossi**
  mrossi@rgrdlaw.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com

- **John L. Turquet Bravard**
  jturquetbravard@gibsondunn.com

- **Jordan Lyn Warshauer**
  jwarshauer@azalaw.com,mrivers@azalaw.com,akeniston@azalaw.com

- **Braden Michael Wayne**
  braden@swclaw.com,lisa@swclaw.com,jamie@swclaw.com

- **John A. Yanchunis**
  jyanchunis@forthepeople.com,sgoble@forthepeople.com,jcabezas@forthepeople.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Douglas           W. Greene
Baker & Hostetler LLP
45 Rockefeller Plaza
New York., NY 10111


James W. Kupiec
,

Michael Marsman
,
```