UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § | Master File No. 1:21-cv-00751-DAE CLASS ACTION |
| This Document Relates To: | § § § | |
| ALL ACTIONS | § § § § | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO SEEK LEAVE TO FILE SUR-REPLY**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................1

II.  PROCEDURAL BACKGROUND.......................................................................2

III.  LEGAL STANDARD............................................................................................4

IV.  THE COURT SHOULD DENY DEFENDANTS' REQUEST FOR AN
EXTENSION TO FILE A SUR-REPLY...............................................................5

    A.  There Is No "New" Argument or Evidence Warranting a Sur-Reply ....................5

    B.  Defendants Are Not Entitled to a Redo on Price Impact .........................................8

V.  ALTERNATIVELY, PLAINTIFFS SHOULD GET THE LAST WORD ON
THEIR MOTION.................................................................................................10

VI.  CONCLUSION....................................................................................................10

4891-6122-0321.v6

# TABLE OF AUTHORITIES

**Page**

## CASES

*Austin v. Kroger Tex. L.P.*,
   2016 WL 1322248 (N.D. Tex. Apr. 5, 2016) ....................................................................4, 5

*Borger v. CSX Transp., Inc.*,
   2008 WL 1886170 (S.D. Ohio Apr. 25, 2008),
   *aff'd*, 571 F.3d 559 (6th Cir. 2009) ...................................................................................6

*Buettgen v. Harless*,
   2011 WL 1938130 (N.D. Tex. May 19, 2011) ..................................................................10

*Butler v. S. Porter*,
   999 F.3d 287 (5th Cir. 2021) ..............................................................................................4

*Ferron v. Precision Directional Servs. Inc.*,
   2021 WL 5905556 (S.D. Tex. Dec. 14, 2021) ....................................................................6

*Flores v. United Rd. Servs. Midwest, Inc.*,
   2021 WL 9908546 (W.D. Tex. July 22, 2021) (Ezra, J.) .....................................................1

*Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*,
   99 F.4th 770 (5th Cir. 2024) ............................................................................................4, 7

*Gezu v. Charter Commc'ns*,
   17 F.4th 547 (5th Cir. 2021) ............................................................................................4, 6

*Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*,
   594 U.S. 113 (2021) .............................................................................................................8

*Harvey v. Preload, L.L.C.*,
   2023 WL 6442598 (5th Cir. Oct. 3, 2023) ...........................................................................4

*In re Montalvo*,
   2017 WL 4621704 (Bankr. S.D. Tex. Oct. 13, 2017) ..........................................................8

*Jamison v. Harbor Freight Tools Inc.*,
   2024 WL 3217418 (N.D. Miss. June 27, 2024) ...................................................................7

*Key Bank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*,
   2010 WL 1945715 (M.D. La. May 12, 2010) ......................................................................6

*Laerdal Med. Corp v. Tomczak*,
   2024 WL 2143593 (W.D. Tex. May 13, 2024) .................................................................4, 5

4891-6122-0321.v6

**Page**

*Lynch v. Union Pac. R.R. Co.*,
  2015 WL 6807716 (N.D. Tex. Nov. 6, 2015)............................................4, 5, 6, 10

*Marine Travelift Inc. v. ASCOM SpA*,
  2015 WL 9008254 (E.D. Wis. Dec. 15, 2015) ............................................6

*Rembrandt Diagnostics, LP v. Alere, Inc.*,
  76 F.4th 1376 (Fed. Cir. 2023) ............................................5

*Silo Rest., Inc. v. Allied Prop. & Cas. Ins. Co.*,
  420 F. Supp. 3d 562 (W.D. Tex. 2019)............................................4

*Sloan Valve Co. v. Zurn Ind., Inc.*,
  2013 WL 3147349 (N.D. Ill. June 19, 2013) ............................................6

*Teal v. Eagle Fleet, Inc.*,
  933 F.2d 341 (5th Cir. 1991) ............................................4

*United States v. Carton*,
  2018 WL 4360781 (S.D.N.Y. Sept. 6, 2018)............................................10

*W.-S. Life Assurance Co. v. Kaleh*,
  879 F.3d 653 (5th Cir. 2018) ............................................8

*Warrior Energy Servs. Corp. v. ATP Titan M/V*,
  551 F. App'x 749 (5th Cir. 2014) ............................................4

## I.     INTRODUCTION

Defendants' request for a six-week extension of time to file a sur-reply request (ECF 215) is an improper attempt to have the last word on Plaintiffs' class-certification motion (ECF 148) and delay these proceedings.  It is also tantamount to an admission that, despite having 15 weeks to prepare their double-length opposition and lengthy expert report (ECF 179), Defendants failed to rebut Plaintiffs' showing of market efficiency and failed to prove their fraud had zero price impact.

Indeed, as Plaintiffs' reply (ECF 212) explained, Defendants' expert, Dr. Rene Stulz, admitted at his deposition that he does ***not*** opine that: (i) the market for Cassava Sciences Inc. ("Cassava") securities was ***in***efficient; (ii) Cassava was a "meme" stock; or (iii) the *Cammer* and *Krogman* factors are unmet for Cassava's stock.  ECF 212 at 3-14.  There is no real dispute, then, that market efficiency is met.  And Defendants' opposition did not dispute front-end price impact, conceded back-end price impact as to alleged corrective disclosures, and instead focused on other disclosures as statistically non-significant, which is patently insufficient to carry Defendants' price-impact burden.  *Id*. at 19-23.

Given the state of the record, Defendants want a redo.  While Defendants make a generic claim of new argument and evidence, they identify nothing specific because there is nothing that warrants a sur-reply.  Tellingly, Defendants told Plaintiffs prior to filing their request that their "goal" is to respond to Plaintiffs' reply arguments pointing out deficiencies in the opposition.  Ex. 1 at 2.[1]  That, however, "is not a valid reason to submit a sur-reply."  *Flores v. United Rd. Servs. Midwest, Inc.*, 2021 WL 9908546, at *6 (W.D. Tex. July 22, 2021) (Ezra, J.) (rejecting sur-reply request where the requesting party did "not assert that [the movant] raised these arguments for the

---

[1]     "Ex. __" references are to the exhibits attached to the Affidavit of Kevin A. Lavelle, filed concurrently herewith.

first time in its [r]eply, only that he would like to properly respond to the arguments asserted therein").  If non-movants, like Defendants, were entitled to respond every time a reply effectively critiqued their opposition, a sur-reply would follow as a matter of course.  That is not the state of the law.

Here, Defendants failed to identify ***any*** reply argument or related evidence that is not directly responsive to Defendants' opposition.  This failure confirms that Defendants' actual aim is to delay and grab the last word on Plaintiffs' class-certification motion.  Because there is no proper basis for a sur-reply request, Defendants' request for an extension to file one likewise fails.

Class certification is fully briefed and ready for a decision by this Court.

## II.    PROCEDURAL BACKGROUND

On March 11, 2024, the Court issued a Scheduling Order (ECF 146) based on the parties' agreed-upon recommendations and directed class-certification briefing and the exchange of related expert reports to proceed as follows:

- Plaintiffs to move for class certification and serve any expert report in support by **March 13, 2024**.

- Defendants to file any opposition to Plaintiffs' motion for class certification and serve any expert report in support by **June 21, 2024**.

- Plaintiffs to file any reply in further support of their motion for class certification and serve any expert report in support of their motion by **August 16, 2024**.

ECF 146 at 3 (emphasis in original); ECF 96 at 3-4 (parties' agreed-upon schedule).

Importantly, the Scheduling Order does not allow for a sur-reply or further expert reports after Plaintiffs' reply, even though it specifically provided for Plaintiffs to file a rebuttal expert report.  ECF 146 at 3.  While Defendants later received an extension for their opposition and page limits (with Plaintiffs' reply deadline and page-limits also extended correspondingly), the Court did not alter any other aspect of the class-certification-briefing schedule.  *See* ECFs 181, 213.

- 2 -

The Scheduling Order is consistent with the Court's Fact Sheet ("Procedures"), which explicitly warns parties that it does not accept briefing on motions beyond the motion, response, and reply submissions.  *See* Procedures, ¶31 ("Does the court accept briefing on motions beyond the motion, response, and reply?  If so, is a motion for leave of court and order required?  No.").

Here, in accordance with the Scheduling Order, Plaintiffs filed their class-certification motion on March 13, 2024, along with an expert report by Dr. Steven Feinstein.  ECF 148.  On June 28, 2024, Defendants filed a 40-page opposition and 89-page expert report from Dr. Stulz.  ECF 179.  On August 23, 2024, Plaintiffs timely filed their 35-page reply, which included a rebuttal report by Dr. Feinstein.  ECF 212.

On August 28, 2024, Defendants informed Plaintiffs that, notwithstanding the Scheduling Order and the Court's Procedures, they would seek to file both a sur-reply of undisclosed length and an additional "supplemental expert report," which they said they needed *six weeks* to do.  Ex. 1 at 5.  At no time did Defendants claim that Plaintiffs' reply included new argument or evidence outside the scope of the issues raised in their opposition.  *See id.*

Instead, in correspondence to Plaintiffs, Defendants confirmed that their "goal" is to "respond to" three sets of issues that Defendants themselves "raised" in their opposition, which Plaintiffs properly addressed on reply.  *See id*. at 2, 5 (Defendants' proposed sur-reply "will address" arguments in the reply "that the Supreme Court has already rejected our arguments, that our 'meme' stock criticisms are inaccurate, and that we have failed to show lack of price impact [in the Opposition].").[2]  There is no basis for a sur-reply on any of these issues.

---

[2]     When pressed by Plaintiffs to identify all the bases for their proposed sur-reply, Defendants were unable to identify others, noting only that "the description of Plaintiff's trading" was another "issue[]" in the reply "fit" for a sur-reply without saying whether it would be included in any proposed sur-reply.  *Id.* at 2.  Plaintiffs' discussion of their trading in the reply, however, is also not "new," but directly responsive to Defendants' typicality arguments in the opposition – the same kind of arguments that the Court already rejected at the lead-plaintiff stage.  ECF 212 at 31-35.

### III.    LEGAL STANDARD

The Fifth Circuit has long held that "district court[s] enjoy[] broad discretion in controlling [their] own docket." *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 346 (5th Cir. 1991).  This discretion applies to sur-replies, which the Fifth Circuit has repeatedly held "'are ***heavily disfavored*** by courts.'"[3]  *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014); *accord Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (quoting *Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021)); *Harvey v. Preload, L.L.C.*, 2023 WL 6442598, at *4 (5th Cir. Oct. 3, 2023) (affirming denial of sur-reply where "reply did not raise any new arguments warranting a sur-reply").

Sur-replies are heavily disfavored because, as is the case here, they "'often amount to little more than a strategic effort by the nonmovant to have the last word on a matter.'"  *Silo Rest., Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 570 (W.D. Tex. 2019).  Courts have observed that "surreplies usually are not helpful in resolving pending matters and only permits pleadings beyond [the local rules] in exceptional or extraordinary circumstances." *Lynch v. Union Pac. R.R. Co.*, 2015 WL 6807716, at *2 (N.D. Tex. Nov. 6, 2015).  *See Gezu v. Charter Commc'ns*, 17 F.4th 547, 556 (5th Cir. 2021) ("[T]he district court only accepts such filings 'in exceptional or extraordinary circumstances.'").  Thus, for example, courts decline sur-reply requests where, as here, the reply is limited to opposition arguments and the party seeking a sur-reply seeks to "respond to arguments – even new ones – relating to an issue the party already addressed in its response." *Austin v. Kroger Tex. L.P.*, 2016 WL 1322248, at *2 (N.D. Tex. Apr. 5, 2016); *Laerdal Med. Corp v. Tomczak*, 2024 WL 2143593, at *6 (W.D. Tex. May 13, 2024) (responding on reply to opposition arguments "did not raise a new argument for the first time").

---

[3]        Citations are omitted and emphasis is added throughout unless otherwise indicated.

The Court should similarly disallow Defendants' disfavored sur-reply request here.

## IV. THE COURT SHOULD DENY DEFENDANTS' REQUEST FOR AN EXTENSION TO FILE A SUR-REPLY

### A. There Is No "New" Argument or Evidence Warranting a Sur-Reply

This Court should deny Defendants' request because Plaintiffs' reply did exactly what a reply is supposed to do: respond to the issues Defendants raised in their opposition. *See*, *e.g.*, *Laerdal*, 2024 WL 2143593 (denying sur-reply where reply responded to opposition); *Rembrandt Diagnostics, LP v. Alere, Inc.*, 76 F.4th 1376, 1385 (Fed. Cir. 2023) (no abuse of discretion in considering "responsive reply arguments"); *Austin*, 2016 WL 1322248, at *2 (denying sur-reply where reply was "'responsive to'" opposition). Where

> [Plaintiffs'] reply and related evidence are responsive to arguments raised and evidence relied on by [Defendants] in [their class-certification] response, [it] is ***not*** a situation in which a new issue was raised for the first time in a reply that would require the court to give [Defendants] an opportunity to respond to [Plaintiffs'] reply before the court rules on the [class certification] motion.

*Lynch*, 2015 WL 6807716, at *1.

Here, Defendants do not identify any argument in Plaintiffs' reply that is not directly responsive to their opposition. Rather, Defendants seek to respond, for example, to Plaintiffs' observation on reply "that the Supreme Court has already rejected [Defendants'] arguments" – and not because it is a new argument, but because it is compelling. Ex. 1 at 5. On its face, this argument directly responds to Defendants' opposition, and the cases Plaintiffs cite on reply are the same exact Supreme Court cases they cited in their opening motion. *Compare* ECF 148 at 12 (citing *Basic* and *Halliburton II*), *with* ECF 212 at 1-3, 7-8, 10, 14-15 (citing same).

Likewise, Plaintiffs' critiques of Defendants' "meme" stock argument in their reply and Dr. Feinstein's rebuttal report do not warrant a sur-reply because they do not offer any new affirmative opinions, but are instead confined to critiquing Dr. Stulz's opposition report and reaffirming Dr. Feinstein's conclusions about market efficiency, which Plaintiffs addressed in their

- 5 -

opening motion and opening expert report.  Courts have held that expert reports and supporting materials offered on reply that are confined to critiquing opposition arguments do not warrant a sur-reply.  *See*, *e.g.*, *Gezu*, 17 F.4th at 555-56 (affirming order striking a sur-reply that sought to respond to a new reply declaration); *Lynch*, 2015 WL 6807716, at *1 (movant's "reply and related evidence . . . responsive to arguments raised and evidence relied on by [the non-movant] in his summary judgment response" is "***not*** a situation in which a new issue was raised for the first time in a reply"); *Sloan Valve Co. v. Zurn Ind., Inc.*, 2013 WL 3147349, at *4 (N.D. Ill. June 19, 2013) (denying request to file supplemental expert report to address reply expert report because the reply report was "responsive to" opposition expert report); *Borger v. CSX Transp., Inc.*, 2008 WL 1886170, at *7 (S.D. Ohio Apr. 25, 2008) (denying request for sur-reply where reply expert report used "to rebut" arguments in opposition brief), *aff'd*, 571 F.3d 559 (6th Cir. 2009); *Key Bank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, 2010 WL 1945715, at *1 (M.D. La. May 12, 2010) (declarations submitted in reply brief not "new evidence" where they addressed "issue[s]" discussed previously by parties).

Here, Dr. Feinstein's rebuttal report "is not something out of left field or that would be designed to sandbag an opposing party."  *See Marine Travelift Inc. v. ASCOM SpA*, 2015 WL 9008254, at *2 (E.D. Wis. Dec. 15, 2015).  Instead, Feinstein critiques the opinions in Stulz's opposition report and reaffirms his opinions "already expressed" that the market for Cassava securities was efficient.  *See id*.  Because Plaintiffs' reply submission delivered "exactly the purpose of a reply," *Ferron v. Precision Directional Servs. Inc.*, 2021 WL 5905556, at *2 (S.D. Tex. Dec. 14, 2021), there is no basis for a sur-reply, let alone a basis for an extension to file one.

None of Defendants' cases changes this result.  First, *Anadarko* is readily distinguishable. The only dispute before the court there was price impact – not market efficiency, as here.  There, the plaintiffs submitted no evidence on price impact with their opening motion, but rather, for the

first time on reply, offered a ***new*** event study and ***new*** after-market-trading analysis concerning price impact.  *See Anadarko*, 99 F.4th at 773.  In contrast, here, Plaintiffs submitted market-efficiency arguments and evidence with their opening motion, and Defendants had ample opportunity to respond to those arguments and related evidence in their opposition.  Then, Plaintiffs confined their reply and rebuttal expert report to pointing out deficiencies in Defendants' opposition.  Importantly, Dr. Feinstein did ***not*** submit new price-impact evidence in his rebuttal report, let alone an entirely new event study.  Instead, Plaintiffs' reply and expert rebuttal report focus on price-impact evidence ***already in*** the record – specifically, Stulz's own report.  *See* ECF 212 at 20 (citing "Feinstein Reply, ¶317; Stulz Rpt., Exhibit 17"); *see, e.g.*, *Jamison v. Harbor Freight Tools Inc.*, 2024 WL 3217418, at *8 (N.D. Miss. June 27, 2024) (reliance and submission of evidence on reply already in the court's record "neither presents a new legal theory nor new evidence").  The remainder of Plaintiffs' reply is not new argument, but instead highlights the flaws in Defendants' existing price impact arguments.  *See id.* at 20-24.

Second, in *In re BP p.l.c. Sec. Litig.*, 4:10-md-02185 (S.D. Tex.), the plaintiffs' opening class-certification motion failed to present a methodology for calculating class-wide damages (or support their request for a subclass), among other case-specific issues.  *See* Ex. 2.  Further, the plaintiffs did not oppose the motion for a sur-reply in that case (*see id.*), and the court granted the plaintiffs a sur-reply of their own.  *See* Ex. 3.  Here, by contrast, Plaintiffs ***did*** present a class-wide damages methodology in their motion (*see* ECF 148 at 19) and subclasses are ***not*** an issue here. Further, Plaintiffs here ***do*** oppose Defendants' request for a sur-reply.  And in *Marcus v. J.C. Penney Co.*, 6:13-cv-007336 (E.D. Tex.), unlike here, the plaintiffs ***agreed*** to the sur-reply.  *See* Ex. 4.

Finally, in *City of Pontiac Gen. Emps.' Ret. Sys. v. Dell Inc.*, 1:15-cv-00374 (W.D. Tex.) unlike here, the plaintiffs reframed their case on reply as a case based "only" on omissions.  Ex. 5.

And here, unlike in *Dell*, Defendants agreed that Plaintiffs could file an additional expert report with their reply.  *See* ECF 96 at 3-4.  Further, in *Dell*, the sur-reply was limited to ***five*** pages, did ***not*** include another expert report, and was filed within ***nine days*** of the plaintiffs' class-certification reply (*see* Ex. 5), not the six weeks, indeterminate number of pages, and additional expert report Defendants seek here.

Given the extensive briefing and expert testimony already in the record, and given that Defendants had ample opportunity to present their strongest arguments in their opposition, there is no reason to further delay these proceedings with another round of papers.  This is all the more true given that Defendants effectively conceded the *Cammer* and *Krogman* factors are met for market efficiency under *Basic*, and their opposition did not even attempt to disprove price impact as to the alleged corrective disclosures during the Class Period.

**B.    Defendants Are Not Entitled to a Redo on Price Impact**

Finally, with respect to price impact, while not explicit, Defendants seek a sur-reply in part because they bear the burden of proving the "absence of price impact" from their fraud.  *See* ECF 212 at 19-20.  However, the Fifth Circuit holds that parties are not entitled to a second bite at the apple when they were on notice of the need to submit sufficient proof but failed to do so.  *See W.-S. Life Assurance Co. v. Kaleh*, 879 F.3d 653, 667 (5th Cir. 2018) (affirming rejection of supplemental proof); *In re Montalvo*, 2017 WL 4621704, at *1 (Bankr. S.D. Tex. Oct. 13, 2017) ("The law frowns on granting litigants a second bite at the proverbial apple in their case.").

Here, Defendants understood that they bore the burden to prove the complete absence of price impact if they wanted to make a *Basic* rebuttal bid ***long*** before the parties negotiated the proposed class-certification briefing schedule in 2023, let alone when Defendants filed their opposition, yet they did not request a sur-reply at either time.  *See*, *e.g.*, ECF 212 at 19-20 (citing *Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*, 594 U.S. 113 (2021), a case decided in ***2021***

- 8 -

discussing which party bears the burden on price impact).  Thus, Defendants had every opportunity to carry their burden in their 40-page opposition and 89-page expert report, which they had over three months to prepare.  Only after Plaintiffs pointed out the defects of their *Basic* rebuttal "evidence" on reply did Defendants seek to supplement the record with yet another expert report and more briefing.  Defendants should not be allowed a re-do, having failed to carry their burden.

As discussed in Plaintiffs' reply, Defendants' opposition is notable for what it did ***not*** do. Defendants did ***not*** challenge that certain false and misleading statements caused a "front-end" price impact at the time they were made.  ECF 212 at 20.  Nor did Defendants challenge that there was price impact on the "back-end" when the truth was partially revealed on two corrective disclosure dates, ***including*** on August 25, 2021 – the date the Citizen Petition was revealed.  *Id*. at 20-21.  And Defendants did ***not*** dispute that the stock drops on the August 27, 2021; November 17, 2021; July 27, 2022; and October 12, 2023 corrective disclosure dates were all statistically significant, which courts hold "'dooms'" Defendants' attempt to rebut the *Basic* presumption.  *Id*. at 21.  Instead, Defendants focused on other disclosures, arguing that the stock drops on those dates were not statistically significant.  *Id*. at 21-22.  But, as Plaintiffs' reply noted, courts hold that does ***not*** prove a lack of price impact, and Defendants did ***not*** provide alternative reasons for the price declines on those dates.  *Id*.  Finally, Defendants did not claim there is a "mismatch" between alleged misstatements and the corrective disclosures, but instead reasserted failed arguments that their statements were "true" – an argument concerning loss causation and falsity resolved at summary judgment or trial, not class certification.  *Id*. at 23-27.

Where, as here, Plaintiffs do not offer any new price impact evidence for the first time on reply, and instead point out the deficiencies in Defendants' price impact arguments based on existing evidence, there is no basis for a sur-reply.  Indeed, defendants regularly raise price-impact as a challenge to class certification, to which plaintiffs must respond on reply.  Yet, the ordinary

rules of briefing, with an opening brief, response, and reply, still apply.  *See*, *e.g.*, *Buettgen v. Harless*, 2011 WL 1938130, at *10 (N.D. Tex. May 19, 2011) (certifying class and denying sur-reply as moot).  If a sur-reply is allowed under the circumstances here, the exception would swallow the rule.  And where courts allow a sur-reply, they also permit the movant to respond.

## V.     ALTERNATIVELY, PLAINTIFFS SHOULD GET THE LAST WORD ON THEIR MOTION

For all the reasons explained above, Plaintiffs respectfully submit that the Court should deny Defendants' request.  If, nevertheless, the Court is inclined to permit Defendants a sur-reply, Plaintiffs request permission to file a response within 21 days of equal length, along with an expert report in response to any "supplemental" expert report submitted by Defendants.  After all, the class-certification motion is ***Plaintiffs***' motion, and as such, they are "entitled to file the last document."  *See Lynch*, 2015 WL 6807716, at *2; *United States v. Carton*, 2018 WL 4360781, at *2 (S.D.N.Y. Sept. 6, 2018) (movant "gets the last word"); *see*, *e.g.*, Ex. 3 (granting plaintiffs a response to defendants' class certification sur-reply).

In the *Anadarko* case that Defendants cite, for example, on remand, the district court permitted the plaintiffs to file a final brief on class certification in response to the defendants' sur-reply on the basis that class-certification was the plaintiffs' motion.  *See* Ex. 6.  Here, too, if Defendant are afforded a sur-reply, Plaintiffs should be given the last word on their motion.

## VI.    CONCLUSION

Defendants have not shown good cause for a sur-reply request; thus, there is no reason to grant Defendants a lengthy six-week extension to file one.  In the alternative, should the Court grant Defendants' motion and allow them to file a sur-reply request, Plaintiffs should be afforded an opportunity to file a response within 21 days of any sur-reply, including a brief of equal length, along with an expert report responding to any "supplemental" expert report filed by Defendants.

- 10 -

DATED:  September 6, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (admitted *pro hac vice*)
RACHEL JENSEN (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
MEGAN A. ROSSI (admitted *pro hac vice*)
HEATHER GEIGER (admitted *pro hac vice*)
JEREMY W. DANIELS (admitted *pro hac vice*)

*/s/ Kevin A. Lavelle*
KEVIN A. LAVELLE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
rachelj@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional
Plaintiff Ken Calderone

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional
Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao

- 11 -