# EXHIBIT 1

| From: | Campbell, Scott |
|---|---|
| To: | Kevin Lavelle |
| Cc: | Megan Rossi; Dan Drosman; Rachel Jensen; Heather Geiger; Jeremy Daniels; Ben Engfelt; Joe Kendall; Charles Linehan; sford@azalaw.com; Loseman, Monica K.; Costa, Gregg J.; Marshall, Lloyd Steven; Turquet Bravard, John L.; Newcomb, Ming Lee; Greene, Douglas W.; Taylor, Zachary R. |
| Subject: | RE: Cassava Class Certification Issues |
| Date: | Thursday, August 29, 2024 6:18:12 PM |

EXTERNAL SENDER

Thanks Kevin.  Responses to each of the questions/issues you raise are below.

Best,
Scott

**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1801 California Street Suite 4200, Denver, CO 80202-2642

---

**From:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Sent:** Thursday, August 29, 2024 3:34 PM
**To:** Campbell, Scott <SCampbell@gibsondunn.com>
**Cc:** Megan Rossi <MRossi@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Heather Geiger <HGeiger@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Ben Engfelt <BEngfelt@rgrdlaw.com>; Joe Kendall <jkendall@kendalllawgroup.com>; Charles Linehan <clinehan@glancylaw.com>; sford@azalaw.com; Loseman, Monica K. <MLoseman@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Newcomb, Ming Lee <MNewcomb@gibsondunn.com>; Greene, Douglas W. <dgreene@bakerlaw.com>; Taylor, Zachary R. <ztaylor@bakerlaw.com>
**Subject:** RE: Cassava Class Certification Issues

[WARNING: External Email]

Scott, thanks for your response. Based on your email, there are a number of issues that still require clarification:

1. You attempt to bifurcate discussions about a motion for a sur-reply and a motion to extend time to file a motion for sur-reply, insisting that you wish to confer about only the latter.  Of course, in order to evaluate your request for an extension to file a sur-reply, we need to understand the basis for the underlying motion.  Accordingly, please provide us all bases for your motion for a sur-reply.  Specifically, you provide a non-exclusive list of three issues you intend to address in a sur-reply:  "your arguments that the Supreme Court has already rejected our arguments, that our 'meme' stock criticisms are inaccurate, and that we have failed to show lack of price

impact." What are the other bases for your proposed sur-reply not included in your email?

First, I'm not sure you actually need to understand the basis for the underlying filing to confer on a motion for extension of time.  We routinely agree to extensions separate and apart from the substance of a brief (including the extensions already agreed to for this briefing).

Second, the discussions are appropriately bifurcated because you can agree not to oppose the extension of time, but still oppose the Motin for Leave.  They are separate issues.

Third, we have provided you with the primary bases for out Motion.  The issues I listed are the primary issues we intend to address in the surreply.  Not surprisingly, they also comprise the longest and most substantive portions of your Reply (sections II and IV).  There are other issues in your brief that are fit for a Surreply (your response to the description of Plaintiff's trading in Section VI, for example), but we cannot say for certain whether these will make it into the brief as it is not drafted yet.  In any case, our goal is to respond to issues that have not had the benefit of full and proper briefing because we raised the substance of the dispute first in our Response.  We can be more precise when the surreply is fully prepared.

2. In addition, we would like to understand why you believe a motion to extend time to file a sur-reply is appropriate in the first instance.  Needless to say, there must be a deadline to extend in order to file a motion for an extension.   What do you believe the current deadline is for you to file a motion for a sur-reply?

It is a courtesy to the Court to promptly inform it that we intend to seek leave to file a surreply.  Ordinarily a reply would be due within a week, so we would seek to file a surreply in an equivalent time.  Because that timeline is not reasonable for this filing, and given the particular requirements of the local rule here, we intend to seek an extension tomorrow.

3. Should Dr. Stulz be permitted a supplemental report, do Defendants agree to produce him for a second deposition?

Yes.  Assuming Plaintiffs produce Professor Feinstein for deposition on opinions in his Supplemental Report, we agree that Dr. Stulz would properly be subject to deposition focused on any opinions offered in a supplemental report by him.

4. Regarding Defendants' proposed request for an evidentiary hearing, as you point out, the parties have already provided the Court with nearly 100 pages of briefing and three expert reports, and each of the experts has been deposed.  Please let us know why Defendants believe in-person appearances by the experts are necessary in light of the substantial record already before the Court, which issues/topics you would plan to cover, and whether Defendants will offer expert opinions not already in the record at the hearing.

As you know, hearings provide the opportunity for parties to distill and present argument

2

and evidence to the Court, for the parties to appropriately challenge the other sides' evidence through cross examination, and for the Court itself to ask questions of the parties and the witnesses.  They are particularly appropriate and helpful when the record relating to a dispute is extensive and the Court can benefit from live, first-hand presentation – including summations and credibility assessments.  Our focus would be on the issues raised in our briefs and the opinions in the record -we are not reserving issues (unless, of course, the Court itself has additional issues it wishes to address).  As with all expert testimony, at hearing or at trial, expert testimony at the evidentiary hearing would be confined to the opinions in the experts' reports.

5. Last, concerning the timing of class certification related *Daubert* motions, as there is no deadline that we are aware of for filing such motions, the parties should feel free to file them when and if they feel there is sufficient basis to do so.

We disagree.  Deadlines provide clarity for both the Court and the parties.  We will propose a deadline to the Court, and indicate that you oppose a fixed schedule.

-Kevin

---

**From:** Campbell, Scott <SCampbell@gibsondunn.com>
**Sent:** Wednesday, August 28, 2024 8:51 PM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Cc:** Megan Rossi <MRossi@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Heather Geiger <HGeiger@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Ben Engfelt <BEngfelt@rgrdlaw.com>; Joe Kendall <jkendall@kendalllawgroup.com>; Charles Linehan <clinehan@glancylaw.com>; sford@azalaw.com; Loseman, Monica K. <MLoseman@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Newcomb, Ming Lee <MNewcomb@gibsondunn.com>; Greene, Douglas W. <dgreene@bakerlaw.com>; Taylor, Zachary R. <ztaylor@bakerlaw.com>
**Subject:** RE: Cassava Class Certification Issues

EXTERNAL SENDER

Kevin,

We are happy to expand on each point, and have done so below in red.  I can be available to discuss further tomorrow if it would be helpful.

We appreciate your prompt response, as we intend to file the Motion to Extend Time on Friday.

Best,
Scott

**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1801 California Street Suite 4200, Denver, CO 80202-2642

**From:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Sent:** Wednesday, August 28, 2024 5:45 PM
**To:** Campbell, Scott <SCampbell@gibsondunn.com>
**Cc:** Megan Rossi <MRossi@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Heather Geiger <HGeiger@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Ben Engfelt <BEngfelt@rgrdlaw.com>; Joe Kendall <jkendall@kendalllawgroup.com>; Charles Linehan <clinehan@glancylaw.com>; sford@azalaw.com; Loseman, Monica K. <MLoseman@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Newcomb, Ming Lee <MNewcomb@gibsondunn.com>; Greene, Douglas W. <dgreene@bakerlaw.com>; Taylor, Zachary R. <ztaylor@bakerlaw.com>
**Subject:** RE: Cassava Class Certification Issues

[WARNING: External Email]

Scott, please provide the basis for each of Defendants' requests, including the proposed additional briefing and evidentiary hearing listed in items 1-4 of your below email, so that we may consider them. Please also let us know if Defendants intend to provide any further expert opinions related to class certification.

-Kevin

**From:** Campbell, Scott <SCampbell@gibsondunn.com>
**Sent:** Wednesday, August 28, 2024 2:45 PM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Cc:** Megan Rossi <MRossi@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Heather Geiger <HGeiger@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Ben Engfelt <BEngfelt@rgrdlaw.com>; Joe Kendall <jkendall@kendalllawgroup.com>; Charles Linehan <clinehan@glancylaw.com>; sford@azalaw.com; Loseman, Monica K. <MLoseman@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Newcomb, Ming Lee <MNewcomb@gibsondunn.com>; Greene, Douglas W. <dgreene@bakerlaw.com>; Taylor, Zachary R. <ztaylor@bakerlaw.com>
**Subject:** Cassava Class Certification Issues

EXTERNAL SENDER
Kevin,

Our review of your Reply in Support of Plaintiffs' Motion for Class Certification, together with the attached 150-page report from Prof. Feinstein, has raised several issues:

1. Given that multiple disputed issues central to the briefing were first raised in our Response, we intend to seek leave to file a Surreply.  Local Rule CV-7(b) requires that our Motion for Leave to File a Surreply attach the Surreply as an exhibit.  Given that Plaintiffs had 8 weeks to prepare their Reply, we believe 6 weeks is a reasonable time for Defendants to draft a Surreply.  Accordingly, we intend to file a Motion for Extension of Time to File a Motion for Leave to File a Surreply until October 4, 2024.  Please let us know if you oppose this request for extension of time, or if you would like to discuss.

   At this stage we are simply conferring on the Motion for Extension of Time to Seek Leave, not the Request for Leave itself.  The extension is required because the brief will address several arguments in your Reply, as well as the 150-page accompanying report.  This includes, but is not limited to, your arguments that the Supreme Court has already rejected our arguments, that our "meme" stock criticisms are inaccurate, and that we have failed to show lack of price impact.  To answer your question above, we do anticipate this will be supported by a supplemental expert report – though one significantly shorter than Dr. Feinstein's Supplement.

   Because all this must be completed before we seek leave to file our surreply, we need an extension of time to file that motion.  Assuming we timely schedule Dr. Feinstein's deposition, we believe we can complete that in less time than we allowed for Plaintiff's Reply (8 weeks), so we are requesting a total of 6 weeks.

   We can further confer on whether Plaintiffs oppose our Motion for Leave to File a Surreply at a later date.

2. We would like to depose Prof. Feinstein regarding his rebuttal report during the week of September 9, or early the week of September 16.  Please let us know Prof. Feinstein's availability.

   With your Reply, you filed a 150-page expert report from Professor Feinstein, including 326 paragraphs and 110 pages of new opinions.  The substance of this report is substantially longer than both Professor Feinstein's initial report and Dr. Stulz's report, which Professor Feinstein purports to rebut.

   Just as each party fairly deposed each expert to evaluate their opinions in the previous reports, we require the fair opportunity to examine Professor Feinstein regarding  his new, extensive opinions offered in his rebuttal report.  As usual, we can be flexible as to date and location to accommodate Professor Feinstein.  But we are requesting the week of September 9 or September 16 to ensure time to receive and review the transcript in time to incorporate into our brief, as necessary.

   We can do the deposition later, if necessary, but will request a corresponding extension of time to file the Request for Leave to File a Surreply.

3. We anticipate filing a Motion to Exclude Prof. Feinstein's opinions, and note that Footnote 11 in your Reply suggests you may file a similar motion with regard to Dr. Stulz.  Accordingly, it makes sense to set a schedule for both parties to file any

Motions pertaining to the opinions or testimony of Drs. Feinstein or Stulz.  We propose setting a deadline of November 4 for any such motion.  Please let us know if you agree.

Given that one or both parties may file a Motion to Exclude testimony from Drs. Feinstein and Stulz, and there is no current schedule for that briefing, it is in the parties' and the Court's interest to agree to a defined schedule for that briefing.  As noted above, we do anticipate that Dr. Stulz will complete a supplemental report, which would be filed with our Surreply by October 4.  We propose November 4 (a month later) as the deadline to file Motions to Exclude to ensure both parties have a fair opportunity to prepare any motion they may wish to file.

4. Finally, we intend to request an evidentiary hearing to assist the Court in determining the class certification motion.  Please let us know if you oppose such a hearing.

As you know, the briefing on class certification is lengthy, addressing numerous legal and factual issues.  It is supported and evidenced by (now) hundreds of pages of expert opinion and dozens of hours of deposition testimony.  Because the Court must subject this extensive evidence to "rigorous analysis" similar to the "standards used in preliminary injunction hearings," *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011); *Unger v. Amedisys Inc.*, 401 F.3d 316, 322-23 (5th Cir. 2005), it will be helpful for the Court to hear directly from at least the experts and counsel on this issue to ensure full and accurate understanding of the issues prior to issuing an Order.

Thank you,
Scott

**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1801 California Street Suite 4200, Denver, CO 80202-2642

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited.

If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.