IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES INC. SECURITIES LITIGATION | § § § § § § § § § § | Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |
| This Document Relates to:<br><br>ALL ACTIONS | | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO SEEK LEAVE TO FILE SUR-REPLY**

Plaintiffs' Opposition to Defendants' Motion for an Extension of Time (ECF 216) is both inappropriate in form and incorrect in substance.

First, Plaintiffs' response does not respond to Defendants' motion. Defendants have simply requested an *extension of time* to seek leave to file a sur-reply. Plaintiffs' Opposition presents no rebuttal to Defendants' showing of good cause for an extension, nor does it argue that Plaintiffs will be unfairly prejudiced by the extension of time. Accordingly, Plaintiffs concede that the extension is warranted, and the Court should grant Defendants' Motion.

Second, the argument Plaintiffs *do* make in their Opposition—that Defendants should not be granted leave to file a sur-reply—is both premature and wrong. Defendants have not yet sought leave to file a sur-reply, so the issue is not ripe under the Court's rules. Moreover, as Defendants will demonstrate in their request for leave, a sur-reply addressing Plaintiffs' new arguments and expert evidence submitted on Reply is both appropriate and necessary here.

**I.  Defendants' Request for Extension of Time is Warranted and Essentially Unopposed**

As set forth in Defendants' Motion for an Extension of Time (ECF 215), Plaintiffs filed a 35-page Reply in Support of their Motion for Class Certification, together with a supplemental report from Dr. Steven Feinstein containing 110 pages of new opinions purporting to support Plaintiffs' Reply. Plaintiffs took 8 weeks to prepare this Reply and supplemental report, both of which are nearly double the length of Plaintiffs' original Motion for Class Certification and corresponding initial report from Dr. Feinstein.

Because the Reply and supplemental report raise new arguments and evidence, Defendants intend to seek leave to file a sur-reply. Local Rule CV-7(b) requires Defendants to file an executed copy of the sur-reply as an exhibit to the Motion for Leave. Given the complexity and unique nature of the issues raised in the class certification briefing, and the extensive new evidence

provided in support of Plaintiffs' Reply, Defendants have requested an extension of time to file the Motion for Leave, which will attach the sur-reply.

Plaintiffs' Opposition does not contest that the requested extension of time is reasonable and supported by the time required to prepare the sur-reply, which is unsurprising given that it is two weeks shorter than the time Plaintiffs took to prepare their Reply. Nor do Plaintiffs assert that the extension of time will cause them any undue prejudice. Accordingly, Defendants' Motion for an Extension of Time should be granted.

## II. Plaintiffs' Argument Against a Sur-reply Is Premature and, in Any Case, Incorrect

Instead of arguing that the Court should deny an extension of time, Plaintiffs' Opposition prematurely argues that Defendants' not-yet-filed Motion for Leave should be denied.

First, this argument is premature. Defendants have not filed a Motion for Leave, so Defendants' request and explanation why a sur-reply is appropriate is not yet before the Court. Moreover, Local Rule CV-7(b) requires that Defendants provide the proposed sur-reply to the Court, so that the Court may consider it in ruling on the Motion for Leave. The proposed sur-reply is not before the Court yet either. Indeed, the parties have not yet even meaningfully conferred on the Motion for Leave. For all of these reasons, the Court should not even consider at this stage Plaintiffs' argument that Defendants' sur-reply is unwarranted.

Second, as Defendants will show, a sur-reply is appropriate, necessary, and will assist the Court in resolving the Motion for Class Certification.

Although there are multiple problems with Plaintiffs' attempt to certify a class in this case, a critical and obvious difficulty is the meme-stock phenomenon's effect on Cassava's stock during the class period, and the associated consequences for market efficiency. Despite being aware of this issue, Plaintiffs chose not to address it in their opening Motion or supporting report—instead

filing a short, cookie-cutter Motion supported by a report that was essentially cut-and-pasted from reports Dr. Feinstein has filed in previous cases. Defendants' Response—which pointed out that this basic approach could not support finding market efficiency across multiple years where numerous red flags suggested that Cassava's stock was affected by potentially inefficient meme-related behavior—was therefore effectively the opening brief on the issues at the heart of the parties' dispute. Plaintiffs' 35-page Reply, supported by a new 110-page report from Dr. Feinstein, was their attempt to salvage their efficiency argument by introducing new evidence and argument focused on addressing the meme-stock phenomenon's potential effect on Cassava's stock.

Sur-replies are appropriate to address new argument and evidence first made on reply, and they are frequently permitted in the specific context of motions for class certification in securities class actions. *See, e.g., City of Pontiac Gen. Employees' Ret. Sys. v. Dell Inc.*, 2018 WL 1558571 (W.D. Tex. Mar. 29, 2018); *Marcus v. J.C. Penney Co., Inc.*, 2016 WL 8604331 (E.D. Tex. Aug. 29, 2016); *In re BP p.l.c. Sec. Litig.*, No. 10-MD-2185, 2013 WL 6388408, (S.D. Tex. Dec. 6, 2013). *See also Flores v. United Rd. Servs. Midwest, Inc.* 2021 WL 9908546, at *6 (W.D. Tex. July 22, 2021) (Ezra, J.) ("Sur-replies have . . . been useful briefing for courts when necessary to respond to the movant using the reply to: (1) introduce new evidence . . . .") (internal citations omitted). This is consistent with the Court's obligation to subject Plaintiffs' proffered class certification evidence to "rigorous analysis" because "actual, not presumed, conformance" with Rule 23 is "indispensable" to any class certification. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350-51 (2001). Accordingly, the Fifth Circuit just recently confirmed that it is an abuse of discretion to consider new evidence submitted by Plaintiffs on reply in support of class certification without permitting Defendants to file a sur-reply. *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770 (5th Cir. 2024).

3

There is no dispute that Plaintiffs introduced new argument and evidence in their Reply. Plaintiffs submitted a 110-page supplemental report from Dr. Feinstein as evidence that they claim supports their Reply. The report includes 326 paragraphs of new opinions from Dr. Feinstein, the bulk of which relate to the meme stock issue (which appeared nowhere in Plaintiffs' opening brief or report). The new report also lists dozens of new sources of information considered by Dr. Feinstein "in addition to those cited" in his initial report, as well as multiple new data exhibits covering dozens of additional pages. The Court must either ignore this report and evidence, and associated arguments, or allow Defendants to respond.

Plaintiffs' Opposition seeks to avoid this plain conclusion by arguing that Plaintiffs can introduce whatever new evidence they like on reply, so long as that evidence can be construed as responsive to Defendants' opposition. This is contrary to both the Court's obligation to subject Plaintiffs' evidence to rigorous analysis *and* the law in the Fifth Circuit. Indeed, this is the exact scenario the Fifth Circuit confronted in *Anadarko*, where the plaintiffs introduced new evidence in an expert rebuttal report, submitted to support their reply, which was intended to rebut evidence and argument raised by Defendants in their response. *Anadarko*, 99 F.4th at 773. The district court denied Anadarko's motion for leave to file a sur-reply because it found plaintiffs' reply "squarely responded to arguments in [Anadarko's] response." *Id*. But the Fifth Circuit reversed, holding that the court abused its discretion by relying on evidence from plaintiffs' expert report, submitted on reply, without allowing Anadarko to file a sur-reply. *Id*. at 774.

Plaintiffs' efforts to distinguish *Anadarko* are unavailing. First, although Plaintiffs are plainly aware of *Anardarko's* holding, their Opposition does not acknowledge that *Anadarko* flatly rejects the main argument of Plaintiffs' brief: that Defendants are not entitled to a sur-reply because Plaintiffs' new evidence and argument on Reply relates to Defendants' Opposition. Instead,

4

ignoring that holding, Plaintiffs argue that *Anadarko* is distinguishable because the new evidence plaintiffs' expert submitted in that case targeted price impact arguments Anadarko raised in opposition, and price impact was not addressed in the plaintiffs' opening brief and expert report. But that is not a meaningful difference from the present case. Here, Plaintiffs' expert asserts new evidence to respond to Defendants' arguments regarding the significance of the meme-stock phenomenon for Cassava, which was likewise ignored in Plaintiffs' opening motion and report.

Plaintiffs' attempts to distinguish other cases where Texas district courts have permitted sur-replies on class certification motions are equally unpersuasive—suggesting only that those cases presented "case specific issues" relating to damages or the framing of misrepresentations, or that in some instances the plaintiffs did not oppose the sur-reply. Dkt. 216, 7-8. Not only are these generic "distinctions" meaningless, they ignore the actual statements and holdings in those cases. In *In re BP p.l.c. Securities Litigation*, for example, the court referenced personal information regarding named plaintiffs that was submitted on Reply to support their adequacy. 2013 WL 6388408, *13 (S.D. Tex., Dec. 6, 2013). The court *sua sponte* noted that it did not condone the plaintiff's submission of that evidence on reply, and only considered it "because Defendants had the opportunity to respond by way of sur-reply." *Id*. at n.11. And in *City of Pontiac Gen. Emps.' Ret. Sys. V. Dell Inc.*, 15-cv-000374-LY, plaintiffs (represented by Robbins Geller) not only opposed defendants' request to file a sur-reply, they opposed on the *exact grounds* Plaintiffs rely on here: that plaintiffs' reply supposedly did "not raise any 'new arguments or evidence'" and instead was "properly limited to refuting the arguments Defendants and their expert raised in opposition to class certification." Ex 1 to Affidavit of M. Scott Campbell, 1. Judge Yeakel immediately rejected these arguments, granting Defendants' request for a sur-reply the very next day.  Ex. 2 to Affidavit of M. Scott Campbell.

5

## CONCLUSION

For these reasons, Defendants respectfully request that the Court grant Defendants' Motion to Extend.

Dated: September 13, 2024

Respectfully submitted,

*/s/ Gregg Costa*
Gregg Costa (Tx. Bar No. 24028160)
Trey Cox (Tx. Bar No. 24003722)
GIBSON, DUNN & CRUTCHER LLP
811 Main Street Suite 3000
Houston, TX 77002
Telephone: 346.718.6600
Facsimile: 346.718.6979
gcosta@gibsondunn.com
tcox@gibsondunn.com

Monica K. Loseman (admitted *pro hac vice*)
Scott Campbell (admitted *pro hac vice*)
John Turquet Bravard (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202-2642
Telephone: 303.298.5700
Facsimile: 303.298.5907
mloseman@gibsondunn.com
scampbell@gibsondunn.com
jturquetbravard@gibsondunn.com

Mary Beth Maloney (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
Facsimile: 212.351.6315
mmaloney@gibsondunn.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 13, 2024, a true and correct copy of the foregoing was served upon each attorney of record through the Court's CM/ECF system.

                                                 /s/ *Gregg Costa*
                                                 Greg Costa