IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES INC. SECURITIES LITIGATION | § § § § § § § § § | Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |
| This Document Relates to:<br><br>ALL ACTIONS | | |

**AFFIDAVIT OF M. SCOTT CAMPBELL IN SUPPORT OF
DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO
SEEK LEAVE TO FILE SUR-REPLY**

I, M. Scott Campbell, declare under penalty of perjury:

1.  I am an attorney at the law firm of Gibson, Dunn & Crutcher LLP, am admitted *pro hac vice* to this action, and am counsel for Defendants in this action. I submit this affidavit in support of Defendants' Opposition to Plaintiffs' Motion for Class Certification.

2.  Attached are true and correct copies of the following exhibits:

Exhibit 1:  *City of Pontiac Gen Emps.' Ret. Sys. V. Dell, Inc.*, 1:15-cv-00374, ECF 123 (W.D. Tex., July 27, 2017);

Exhibit 2:  *City of Pontiac Gen Emps.' Ret. Sys. V. Dell, Inc.*, 1:15-cv-00374, ECF 124 (W.D. Tex., July 28, 2017).

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 13, 2024.

/s/ *M. Scott Campbell*
M. SCOTT CAMPBELL

1

# EXHIBIT 1

# EXHIBIT 1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>DELL INC., et al.,<br><br>      Defendants. | § § § § § § § § § § § § § | Case No. 1:15-cv-00374-LY<br><br>CLASS ACTION<br><br>The Honorable Lee Yeakel |

**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION**

1291864_1

Lead Plaintiff City of Pontiac General Employees Retirement System ("PGERS" or "Plaintiff") respectfully submits this opposition to Defendants' Motion for Leave to File Sur-Reply in Opposition to Lead Plaintiff's Motion for Class Certification (Dkt. No. 121) ("Motion").

## I. DEFENDANTS DO NOT MEET THE LEGAL STANDARD FOR PERMITTING SUR-REPLIES

Leave to file a sur-reply by a non-movant, as Defendants are here, is only appropriate when the movant (PGERS in this case), "raises new legal theories or attempts to present new evidence at the reply stage." *Murray v. TXU Corp.*, 2005 U.S. Dist. LEXIS 10298, at *13 (N.D. Tex. May 27, 2005); *see also H-W Tech., L.C. v. Overstock.com, Inc.*, 2014 U.S. Dist. LEXIS 122667, at *5 (N.D. Tex. Aug. 15, 2014) ("Leave to file a sur-reply is unwarranted, however, where the proposed sur-reply merely restates the arguments made in the party's initial response."). Sur-replies are "highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter [and] surreplies usually are not that helpful in resolving pending matters, and [the courts] only permit[] [them] in exceptional or extraordinary circumstances." *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001); *see also Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 (5th Cir. 2014) (noting that in the Fifth Circuit "'[s]urreplies are heavily disfavored by courts'") (citation omitted).

Defendants' Motion does not present a basis for permitting a sur-reply. As discussed below, PGERS' Reply in Support of its Motion for Class Certification (Dkt. No. 119) ("Reply") does not raise any "new arguments [or] evidence." Motion, ¶1. Instead, the Reply is properly limited to refuting the arguments Defendants and their expert raised in opposition to class certification. Indeed, Defendants' proposed Sur-Reply in Opposition to Lead Plaintiff's Motion for Class Certification (Dkt. No. 121-1) ("Sur-Reply") merely repeats the same arguments, facts and law already addressed in their opposition to PGERS' motion for class certification. Because the

- 1 -

proposed Sur-Reply adds nothing new or helpful (factually or legally) to the analysis of PGERS' class certification motion, Defendants' Motion to file a sur-reply should be denied. *Lombardi v. Bank of Am.*, 2014 U.S. Dist. LEXIS 32858, at *8 (N.D. Tex. Feb. 19, 2014) (denying motion for leave to file sur-reply "[s]ince [party's] proposed surreply merely restates the arguments [the party] made"), *adopted in part by Lombardi v. Bank of Am.*, 2014 U.S. Dist. LEXIS 32344 (N.D. Tex. Mar. 13, 2014).

## II. DEFENDANTS' MOTION FAILS TO IDENTIFY ANY NEW LEGAL THEORIES OR EVIDENCE RAISED FOR THE FIRST TIME ON REPLY

Defendants claim a sur-reply is warranted because PGERS has "recast" this case as an omissions case in order to argue that: (1) the *Affiliated Ute* presumption of reliance applies; and (2) to support PGERS' assertion that the absence of a price increase following Defendants' alleged misrepresentations does not meet Defendants' burden to prove a complete lack of price impact. Motion, ¶2; Sur-Reply at 1. But these issues have been fully briefed, as well as extensively discussed in the parties' experts' reports, and are not new issues.

For example, Defendants claim that a sur-reply is warranted because Plaintiff's omission and failure-to-disclose theory was raised for the "first time" in the Reply. Motion, ¶2. That is wrong. At every stage of the case, PGERS has identified this case as one where Defendants failed to disclose the truth about the demand for, and pricing pressures associated with, Dell's PC product line and sales productivity in its enterprise solutions business.[1] As addressed in the order denying

---

[1] *See, e.g.*, Complaint, ¶¶19, 69, 72, 77, 84, 88 (identifying the alleged "true facts" Defendants improperly failed to disclose); *see also* Lead Plaintiff's Opposition to Defendants' Motion to Dismiss the Amended Complaint (Dkt. No. 78) at 1 (Oct. 22, 2015) ("This securities fraud action seeks to recover damages sustained in connection with defendants' . . . ***omissions*** during 1Q13 . . . .") (emphasis added); Lead Plaintiff's Motion for Class Certification (Dkt. No. 108) at 8-9 ("In actions ***primarily involving material omissions***, plaintiffs can rely on the *Affiliated Ute* presumption of reliance . . . . Here, ***Plaintiff's claims are primarily premised on Defendants' failure to disclose material information*** about Dell's PC market and sales.") (emphasis added); *see also id.* at 9 ("***Because this is clearly a case involving defendants' failure to disclose facts*** . . . the *Affiliated Ute* presumption of reliance applies here.") (emphasis added).

- 2 -

1291864_1

Defendants' motion to dismiss "this court conclude[d] that the *omissions* in Defendants' statements give rise to a strong inference of *scienter*." *City of Pontiac Gen Emps.' Ret. Sys. v. Dell Inc.*, 2016 U.S. Dist. LEXIS 126219, at *12-*13 (W.D. Tex. Sept. 16, 2016) (first emphasis added). Defendants should not now be permitted to file a sur-reply and revise their price impact argument simply because their expert incorrectly assumed the case involved no omissions or the failure to disclose. *See, e.g.*, Reply, Ex. I (Allen Depo.) at 74:5-76:11. Indeed, Defendants' opposition addressed this very issue in arguing that the *Affiliated Ute* presumption of reliance, which applies in cases primarily involving omissions, does not apply in this case. Defendants' Opposition to Lead Plaintiff's Motion for Class Certification (Dkt. No. 114) ("Opp.") at 11 n.15. Thus, Defendants' attempt to classify the Complaint's omissions and failure-to-disclose allegations as "new," is incorrect and provides no basis for a sur-reply.[2]

Similarly, PGERS' assertion that the absence of a price increase following Defendants' alleged misrepresentations does not meet Defendants burden of showing no-price impact, does not warrant a sur-reply. This assertion was in response to Defendants and their expert's arguments that a lack of price increase following the alleged misrepresentations in this case was proof of no-price impact. Opp. at 13; Opp., Ex. N (Allen Report), ¶¶3, 27-28, 34, 42, 47, 50, 53. PGERS' response to an argument raised by Defendants on reply does not warrant a sur-reply.[3] *Woolard v. Fluor Enters.*, 2013 U.S. Dist. LEXIS 21472, at *11-*12 (S.D. Tex. Feb. 15, 2013) (denying motion for leave to

---

[2] Even if a sur-reply on this issue were proper, which it is not, Defendants improperly play with semantics to claim that an SEC Rule 10b-5(b) case like this one cannot be premised on omissions of material information or a failure to disclose. Sur-Reply at 1-2. But SEC Rule 10b-5(b) expressly provides that it is unlawful for any person "to *omit* to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading." 17 C.F.R. 204.10b-5(b) (emphasis added).

[3] It is well recognized that in cases such as this where it is alleged that a defendant did not disclose the material information he knew (*i.e.*, omissions), such lack of disclosure would not be expected to impact the stock price at the time the non-disclosure was made. Reply at 14-15; Reply, Ex. H (Nye Rebuttal), ¶¶ 26-30 (responding to Defendants' argument regarding lack of price increase on dates of the alleged misrepresentations and omissions).

1291864_1

file a sur-reply because "the Defendant did not raise new legal theories or attempt to present new evidence in the Reply that would necessitate a surreply by Plaintiff").

With regard to price impact, the rebuttal report submitted by PGERS' expert Dr. Zachary Nye was limited to rebutting Defendants' expert's opinions. Specifically Dr. Nye showed that (1) Defendants' expert's analysis of price impact on the dates of the alleged misstatements and omissions is flawed because when statements are alleged to have omitted material information, price impact is properly measured at the time of the disclosure; (2) contrary to Defendants' expert's opinion, the Company-specific disclosures on May 22, 2012, and resulting May 23, 2012 stock price decline, are related to the alleged omitted information; and (3) Defendants' expert's opinion regarding "other factors" as the cause of the May 23, 2012 Dell stock price decline is flawed. Reply, Ex. H. Thus, no new legal theories have been advanced by the Reply or the Nye Rebuttal Report that would justify Defendants' proposed Sur-Reply. *Berkman v. City of Keene*, 2011 U.S. Dist. LEXIS 83580, at *14-*15 (N.D. Tex. July 29, 2011) (rejecting argument that party presented in new legal theories "[b]ecause [party's] Motion for Leave to File Surreply involves issues already addressed").

### III. DEFENDANTS' OPPOSITION ALREADY ADDRESSED *HALLIBURTON III*, MATERIALITY AND LOSS CAUSATION

In a transparent run at getting the last word, Defendants' Sur-Reply improperly re-argues their price impact evidence and why the Court should consider their evidence even though it amounts to inappropriate loss causation and materiality arguments. *See* Sur-Reply at 4-5, *compare to* Opp. at 15-17. Indeed, by their own admission Defendants "anticipate[d]" Plaintiff's loss causation and materiality arguments and addressed them directly in their opposition, citing the same cases they rely on in the proposed Sur-Reply. Opp. at 15-17. Repeated arguments on these issues do not change the fact that *Erica P. John Fund, Inc. v. Halliburton Co.*, 309 F.R.D. 251 (N.D. Texas 2015) ("*Halliburton II*") confirms: (1) "class certification is not the proper procedural stage for the

- 4 -

1291864_1

Court to determine, as a matter of law, whether the relevant disclosures were corrective"; and (2) loss causation and the "'truth on the market' defense," which pertains to materiality, are not properly determined at class certification. *Id.* at 260-61. Thus, far from raising anything new, PGERS' Reply only responded to arguments raised by Defendants in their opposition.

## IV. CONCLUSION

For the reasons stated above, Defendants' proposed Sur-Reply is not warranted and Defendants' Motion should be denied.

DATED: July 27, 2017

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
TOR GRONBORG
X. JAY ALVAREZ
LAURIE L. LARGENT
DANIELLE S. MYERS
STEVEN M. JODLOWSKI
RACHEL A. COCALIS


      s/ LAURIE L. LARGENT
       LAURIE L. LARGENT

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
torg@rgrdlaw.com
jaya@rgrdlaw.com
llargent@rgrdlaw.com
dmyers@rgrdlaw.com
sjodlowski@rgrdlaw.com
rcocalis@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

- 5 -

1291864_1

Lead Counsel for Plaintiff

KENDALL LAW GROUP, PLLC
JOE KENDALL (State Bar No. 11260700)
JAMIE J. MCKEY (State Bar No. 24045262)
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Telephone: 214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com
jmckey@kendalllawgroup.com

Liaison Counsel

SULLIVAN, WARD, ASHER & PATTON, P.C.
CYNTHIA J. BILLINGS
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48075-1000
Telephone: 248/746-0700
248/746-2760 (fax)
cbillings@swappc.com

Additional Counsel for Plaintiff

- 6 -

CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 27, 2017.

          s/ LAURIE L. LARGENT
          LAURIE L. LARGENT

          ROBBINS GELLER RUDMAN
               & DOWD LLP
          655 West Broadway, Suite 1900
          San Diego, CA 92101-8498
          Telephone: 619/231-1058
          619/231-7423 (fax)

          E-mail:llargent@rgrdlaw.com

1291864_1

# Mailing Information for a Case 1:15-cv-00374-LY City of Pontiac General Employees Retirement System v. Dell Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **X. Jay Alvarez**
  jaya@rgrdlaw.com

- **Cynthia J. Billings**
  cbillings@swappc.com

- **Rachel A. Cocalis**
  rcocalis@rgrdlaw.com

- **Marcy Hogan Greer**
  mgreer@adjtlaw.com,sjett@adjtlaw.com,gverlander@adjtlaw.com

- **Tor Gronborg**
  TorG@rgrdlaw.com,stremblay@csgrr.com,e_file_sd@rgrdlaw.com

- **Susan Elaine Hurd**
  susan.hurd@alston.com,angie.knowles@alston.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Evan Jay Kaufman**
  ekaufman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Laurie L. Largent**
  llargent@rgrdlaw.com,jillk@rgrdlaw.com

- **John L. Latham**
  john.latham@alston.com,jeana.mcgraw@alston.com,chuck.mattson@alston.com

- **Alexander Seton Lorenzo**
  alexander.lorenzo@alston.com,managingclerksoffice-NYC@alston.com

- **Jamie Jean McKey**
  jmckey@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,schateauneuf@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com,jaimem@rgrdlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jody Lynn Rudman**
  jrudman@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# EXHIBIT 2

FILED

2017 JUL 28 PM 4:41

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELL INC., et al.,<br><br>Defendants. | § § § § § § § § § § § § § § | Case No. 1:15-cv-00374-LY<br><br>CLASS ACTION |

**ORDER**

ON THIS DAY, the Court considered Defendants Dell Inc., Stephen Felice, Brian Gladden, and Michael Dell's Motion for Leave to File a Sur-Reply in Opposition to Lead Plaintiff's Motion for Class Certification. The Court is of the opinion that the motion is well taken and should be granted. It is accordingly

ORDERED that Defendants' Motion for Leave to File a Sur-Reply in Opposition to Lead Plaintiff's Motion for Class Certification is **GRANTED**.

DATED: July 28, 2017.

THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE