UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § |
| This Document Relates to:  ALL ACTIONS. | § § § § § |

Master File No. 1:21-cv-00751-DAE

CLASS ACTION

**ORDER**

Now before the Court are Defendants' Opposed Motion for Extension of Time to Seek Leave to File Surreply, filed August 30, 2024 (Dkt. 215); Plaintiffs' Opposition to Defendants' Motion for Extension of Time to Seek Leave to File Sur-Reply, filed September 6, 2024 (Dkt. 216); and Defendants' Reply in Support of Motion for Extension of Time to Seek Leave to File Sur-Reply, filed September 13, 2024 (Dkt. 218). By Text Order issued September 16, 2024, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.   Background**

Named Plaintiffs Mohammad Bozorgi, Ken Calderone, and Manohar K. Rao brings this securities fraud class action lawsuit, on behalf of themselves and all others similarly situated, against Cassava Sciences, Inc. and Cassava executives Remi Barbier, Eric Schoen, Lindsay Burns, and Nadav Friedmann ("Defendants"). Plaintiffs allege that Defendants engaged in a fraudulent scheme to promote their experimental Alzheimer's drug, simufilam, by concealing facts that undermined the integrity of Cassava's research. Amended Complaint, Dkt. 176 ¶ 1. Plaintiffs, who purchased Cassava securities between September 14, 2020 and October 12, 2023 ("Class Period"),

1

allege that they suffered damages as a result of Defendants' federal securities law violations, false and misleading statements, and material omissions. Plaintiffs assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Rule 10b-5, 17 C.F.R. §240.10b-5.

On March 13, 2024, Plaintiffs filed a 21-page Opposed Motion for Class Certification (Dkt. 148), with 663 pages of exhibits, seeking to certify a Class of "all purchasers or acquirers of Cassava common stock or call options on Cassava common or sellers of put options on Cassava common stock" during the Class Period. Dkt. 148 at 12. Plaintiffs argue that the proposed Class satisfies all threshold requirements under Rule 23(a): It is sufficiently numerous, there are common questions of law or fact, the representative parties' claims are typical of the Class claims, and the representatives could fairly and adequately protect the interests of the Class. Plaintiffs also argue that they satisfy the Rule 23(b)(3) requirement that common questions of law or fact predominate over individual questions. Plaintiffs argue that the "fraud-on-the-market" and scheme presumptions of reliance apply here. In support, Plaintiffs rely on an expert report from Dr. Steven Feinstein. Dkt. 148-7.

In response, Defendants filed a sealed 41-page brief (Dkt. 179-2), with 496 pages of sealed exhibits, arguing that the Court should deny class certification. Defendants argue that reliance presumptions do not apply because the market for Cassava's stock was not efficient and Plaintiffs' claims are primarily anchored in Defendants' alleged misstatements. Defendants also argue that Plaintiffs do not meet the threshold requirements under Rule 23(a). In support, Defendants rely on Dr. Rene Stultz's rebuttal expert report. Dkt. 179-3 at 7-159.

In reply, Plaintiffs filed a 36-page brief with 323 pages of new exhibits. Dkt. 212 (sealed); Dkt. 214 (redacted).

Defendants ask the Court to grant an extension of time until October 4, 2024 to seek leave to file a Sur-Reply to Plaintiffs' Reply. Dkt. 215. Defendants argue that Plaintiffs' Reply "introduces new arguments beyond those contained in Plaintiff's initial Motion for Class Certification" and relies on a rebuttal expert report with 110 pages of "new opinions." Dkt. 215 at 1. Plaintiffs oppose the request, contending that they have not raised new arguments and that Defendants are attempting "to have the last word on Plaintiffs' class-certification motion." Dkt. 216 at 5.

## II.   Analysis

Sur-replies are "heavily disfavored," and the decision to allow a sur-reply lies within the district court's discretion. *Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021). "But when a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 772 (5th Cir. 2024); *Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 296 (5th Cir. 2022) ("In the Fifth Circuit, a district court abuses its discretion when it considers new arguments raised for the first time in a reply brief without providing the 'non-movant an adequate opportunity to respond prior to a ruling.'") (quoting *Thompson v. Dall. City Att'y's Off.*, 913 F.3d 464, 471 (5th Cir. 2019)).

Because Plaintiffs' reply brief presented new evidence, the Court must allow Defendants to respond. *See Ga. Firefighters*, 99 F.4th at 772 (holding that district court abused its discretion by denying defendant leave to file a sur-reply where plaintiffs' reply brief presented new evidence). The Court **GRANTS** Defendants' Opposed Motion for Extension of Time to Seek Leave to File Surreply (Dkt. 215). Defendants have until **October 4, 2024** to file a sur-reply **limited to 20 pages** to Plaintiffs' Reply in Further Support of Motion for Class Certification (Dkt. 214). Plaintiffs may file a response to Plaintiffs' sur-reply **limited to 10 pages** by **October 15, 2024**. **The parties should not file any new evidence**.

3

The Court **FURTHER ORDERS** the parties to file redacted versions of all sealed documents filed in the record since **March 13, 2024**.

**SIGNED** on September 19, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4