UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § Master File No. 1:21-cv-00751-DAE § § CLASS ACTION |
| This Document Relates To: ALL ACTIONS | § § § § § § |

**PLAINTIFFS' DISCOVERY UPDATE IN ADVANCE OF SEPTEMBER 30, 2024 STATUS CONFERENCE WITH MAGISTRATE JUDGE BEMPORAD**

On August 5, 2024, Judge Ezra appointed Magistrate Judge Bemporad as Special Discovery Master to handle discovery disputes listed in the order and any others "that arise during this litigation." ECF 203 at 2. On August 7, 2024, Magistrate Judge Bemporad set a September 30, 2024 Video Status Conference. ECF 204. In advance of the September 30 video conference, Plaintiffs respectfully provide this status update about the parties' outstanding discovery disputes.[1]

### A.   SEC Deposition Transcripts

Plaintiffs respectfully request that the Special Master order Defendants to produce U.S. Securities and Exchange Commission ("SEC") deposition transcripts of Cassava directors and employees. In January 2024, Defendants agreed to request copies of transcripts from the SEC and produce them to Plaintiffs. Nine months later, Defendants still have not completed the request.

Because the transcripts are within Defendants' "control" under Federal Rule of Civil Procedure 34, courts "routinely order[] parties to obtain transcripts from the SEC." *Okla. Firefighters Pension & Ret. Sys. v. Musk*, 345 F.R.D. 287, 290 (S.D.N.Y. 2024). Defendants do not dispute this. Instead, Defendants' claim that the SEC request form purportedly dictates that the transcripts cannot be reproduced to Plaintiffs. But at no point in this months-long process has the SEC objected to the production of the transcripts to Plaintiffs, even though the SEC is well aware of Plaintiffs' request. Tellingly, Defendants refuse to have a joint call with the SEC attorney to confirm the lack of any objection, and Defendants' scientific collaborator, Dr. Hoau-Yan Wang, requested his SEC deposition transcripts at Plaintiffs' behest and received them without any objection from the agency.[2]

---

[1] "Plaintiffs" are lead plaintiff Mohammad Bozorgi and additional plaintiffs Ken Calderone and Manohar Rao. "Defendants" are Cassava Sciences, Inc. ("Cassava" or the "Company"), Remi Barbier, and Eric J. Schoen.

[2] On Tuesday, September 17, 2024, Dr. Wang's counsel represented to Plaintiffs' counsel that the SEC transcripts would be produced to Plaintiffs by Friday, September 20th. On Monday, September 23, 2024, however, Dr. Wang's attorney abruptly reversed course, citing the "Act of

- 1 -

Defendants have also recently suggested that Plaintiffs should request the transcripts from the SEC. But that is the Company's obligation, *see In re Woolworth Corp. Sec. Class Action Litig.*, 166 F.R.D. 311 (S.D.N.Y. 1996) – "only the defendants may pursue the transcript request." *Okla. Firefighters Pension & Ret. Sys.*, 345 F.R.D. at 291.

To resolve this issue, Plaintiffs respectfully ask the Special Master to order Defendants to request and produce the SEC deposition transcripts as they promised. No one disputes the testimony is highly relevant to Plaintiffs' claims, which encompass the SEC's investigation. And time is of the essence because Defendants will not produce their witnesses twice for deposition in this case, so Plaintiffs must receive the transcripts before they start taking depositions. Plaintiffs also ask that the Special Master direct Defendants to provide a list of Cassava directors and employees that were deposed by the SEC, so that Plaintiffs can start deposing other witnesses.

**B.     Defendants' Privilege Log**

Plaintiffs respectfully request that the Special Master order Defendants to produce their privilege log within three (3) days. While Defendants claim they substantially completed their document production in April 2024, they have not yet produced a privilege log for over 4,000 documents withheld from production.[3] During the August 1, 2024 hearing before Judge Ezra, Defendants represented to the Court that they would provide a complete privilege log to Plaintiffs within a "couple" of weeks. Eight weeks later, Defendants still have not done so.

---

Production doctrine." Plaintiffs will separately move to compel Dr. Wang's transcript if they are unable to resolve the dispute informally.

[3]   Defendants' only privilege log to date was a December 12, 2023, log of four withheld documents and six redactions. The four withheld documents are the subject of a pending motion to compel. *See* §E., *infra*.

On September 23, 2024, Defendants' counsel stated that they are "targeting this week" for the privilege log production. As of this filing, however, it has not been produced. Defendants must either produce their privilege log within three (3) days or waive privilege over the documents.

### C. Inculpatory Evidence Disclosed in Cassava's July 1, 2024 Form 8-K

Plaintiffs respectfully request that the Special Master order Defendants to produce an inculpatory Cassava email disclosed in the Company's July 1, 2024 Form 8-K. The 8-K stated that an internal Company email "sent by a senior employee of Cassava to Dr. Wang . . . could have been used to un-blind him as to some number of Phase 2b Study participants."[4]

Plaintiffs requested the referenced email as responsive to multiple document requests, but Defendants have refused.[5] The email's relevance is not in dispute, as it undermines Defendants' defense that Wang was "'blinded'" to the outcome of the Phase 2b clinical trial, *see, e.g.*, ECF 81 at 5, and renders false Defendants' repeated public statements that Dr. Wang was, at all relevant times, blinded in that study. As Defendants disclosed the internal Company email and its contents in a public SEC filing, it should be produced to Plaintiffs without further delay.

### D. Plaintiffs' First Interrogatories to Defendant Remi Barbier

Plaintiffs' respectfully request that the Special Master order defendant Barbier to answer Plaintiffs' February 7, 2024 interrogatory to identify the basis for his statement that Cassava expected "significant multi-year capital inflows" from an unidentified source. ECF 176 (the "Complaint"), ¶474. Barbier initially objected that Plaintiffs exceeded their allotted interrogatories, but that objection was resolved. Barbier, however, has not yet provided an answer.

---

[4] Cassava Sciences, Inc., Current Report (Form 8-K at 2) (July 1, 2024) https://www.cassavasciences.com/static-files/3d49fe6e-c09c-49b2-9535-127dc768fe14

[5] For example, Plaintiffs' Request No. 80 seeks "All Documents concerning the results of Cassava's September 2019 Phase 2b trial for Simufilam, including any reanalysis of those results."

- 3 -

For avoidance of doubt, this interrogatory is relevant to scienter, as the Court recognized in upholding Plaintiffs' allegations, because Defendants needed operating capital and funds for their cash bonus program.  *See* ECF 86 at 30; ECF 104 at 24-26.  The identity of the source is needed to propound further discovery on this issue.  Barbier should answer within five (5) days.

### E.     Plaintiffs' April 12, 2024 Motion to Compel

On April 12, 2024, Plaintiffs filed a motion to compel the production of four documents Defendants disclosed to the SEC and U.S. Department of Justice ("DOJ") that were withheld from Plaintiffs as privileged.  ECF 195.  The motion was fully briefed on May 3, 2024.  ECF 158.  On July 12, 2024, Judge Ezra referred the motion to Magistrate Judge Hightower via text order.  On August 5, 2024, however, Judge Ezra appointed Magistrate Judge Bemporad as Special Master to resolve discovery disputes.  ECF 203.  Accordingly, Plaintiffs include the motion to compel on this list as an ongoing discovery dispute.

### F.     Documents Provided to or Received from the SEC or DOJ

Plaintiffs have requested the production of documents Defendants provided to the SEC or DOJ, similar to the documents at issue in Plaintiffs' pending motion to compel (ECF 195), as well as evidence provided by the SEC or DOJ to Defendants, like the internal Cassava communication described in §C., *supra*.  Defendants have suggested this information is privileged (though they have not logged it) or should otherwise be subject to a stay of discovery until the SEC and DOJ investigations resolve.

But on September 26, 2024, Cassava, Barbier, and Burns settled the SEC's charges that (as here) they made misleading statements regarding the Company's Phase 2b trial for over $40 million dollars, and Barbier and Burns agreed to be barred from serving as company officers or

directors.[6] Accordingly, the primary basis for Defendants' objection for producing the SEC-related materials is no longer applicable. Because of this and the reasons stated in Plaintiffs' motion to compel, opposition to Defendants' motion for a stay (ECF 170) and above, it is Plaintiffs' position that these materials are not privileged and should be produced.

G. **Plaintiffs' July 19, 2024 Second Document Requests to Defendants**

On June 27, 2024, the DOJ criminally indicted Dr. Wang for misconduct alleged in Plaintiffs' Complaint (ECF 176), namely data manipulation in Cassava's simufilam research and attempts to cover-up the scheme.[7] Days later, Cassava filed the above July 1, 2024 Form-8-K amending its prior SEC disclosures based on internal Company communications and detailing Dr. Wang's Class-Period conflicts of interest.[8] The Form 8-K further disclosed that the Company continued to engage with the SEC and DOJ about Cassava and "two senior employees." *Id*. at 2. Two weeks later, defendants Barbier and Burns resigned.[9]

On July 19, 2024, Plaintiffs served document requests on Defendants regarding those recent disclosures (the "Second Requests"). Defendants refuse, however, to produce documents, primarily on the ground that the disclosures post-date the Class Period ending on October 12, 2023. It is well established, however, that "[t]here is no rule that discovery be constrained to a particular

---

[6] Press Release, SEC, *SEC Charges Cassava Sciences, Two Former Executives for Misleading Claims About Alzheimer's Clinical Trial* (Sept. 26, 2024), https://www.sec.gov/newsroom/press-releases/2024-151

[7] *United States v. Wang*, No. 8:24-cr-00211-TDC, ECF 1 (D. Md. June 27, 2024) https://storage.courtlistener.com/recap/gov.uscourts.mdd.562688/gov.uscourts.mdd.562688.1.0.pdf

[8] Cassava Sciences, Inc., Current Report (Form 8-K) (July 1, 2024) https://www.cassavasciences.com/static-files/3d49fe6e-c09c-49b2-9535-127dc768fe14

[9] https://www.cassavasciences.com/news-releases/news-release-details/cassava-sciences-announces-changes-executive-leadership-enhanced

- 5 -

time period beyond the general standard under Rule 26(b)(1) requiring that discovery be relevant and proportionate." *In re BofI Holding, Inc. Sec. Litig.*, 2021 WL 1812822, at *5 (S.D. Cal. May 6, 2021). *See id*. at *6 (permitting discovery of events that occurred eight months after the class period); *Karinski v. Stamps.com, Inc.*, 2020 WL 5084093, at *2 (C.D. Cal. July 21, 2020) (seven months after class period). Plaintiffs have not yet met and conferred on these objections, but raise the issue for the purposes of a productive discussion during the September 30 conference.

Here, each of the Second Requests concern new revelations about events alleged in the Complaint, including Defendants' and Dr. Wang's data manipulation, their scheme to cover it up and the resulting SEC and DOJ investigations. ECF 176, §§V.E.-G; IX.A., F-G, J; IX.C. & N. In denying Defendants' motion to dismiss, Judge Ezra held that information regarding data manipulation, Dr. Wang's conflicts of interest, and government investigations are relevant. *See* ECF 104 at 12, 17-19, 29-31. Further, there is no dispute that the SEC and DOJ investigations concern the same issues as in this case. *See* ECF 152 at 1; 162 at 1, 6.

Indeed, the Court has permitted Plaintiffs to supplement their complaint with similar, continuing revelations concerning the ongoing investigations into the alleged data manipulation, which the Court called "highly relevant to the present lawsuit." ECF 175 at 10. Likewise, the documents sought in Plaintiffs' Second Requests are highly relevant and should be produced.[10]

### H.  Plaintiffs' July 19, 2024 Subpoenas to Cassava Directors

On July 19, 2024, Plaintiffs provided Defendants' counsel with subpoenas requesting documents from Cassava directors on the same topics as in Plaintiffs' July 19, 2024 Second

---

[10] Though these events are relevant to their claims, Plaintiffs intend to file a motion to supplement the Complaint with allegations that incorporate each of the disclosures at issue in Plaintiffs' Second Requests. Plaintiffs provided Defendants with a draft of the proposed second supplemented complaint on July 19, 2024 and requested that Defendants inform Plaintiffs whether they would oppose the addition of the new allegations and, if so, on what grounds. On September 23, 2024, Defendants' responded that they would oppose Plaintiffs' motion.

Requests. On September 6, 2024, Defendants' counsel stated they "expect that we will provide responses and objections [to the subpoenas] in approximately two weeks, on September 20," but none have been provided. The directors should provide their responses without further delay.

DATED: September 27, 2024

Respectfully Submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (admitted *pro hac vice*)
RACHEL JENSEN (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
MEGAN A. ROSSI (admitted *pro hac vice*)
HEATHER GEIGER (admitted *pro hac vice*)
JEREMY W. DANIELS (admitted *pro hac vice*)

        /s/ *Kevin A. Lavelle*
KEVIN A. LAVELLE

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
rachelj@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX 75219
Telephone: 214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

- 8 -

        GLANCY PRONGAY & MURRAY LLP
        CHARLES H. LINEHAN (admitted *pro hac vice*)
        1925 Century Park East, Suite 2100
        Los Angeles, CA  90067
        Telephone:  310/201-9150
        310/201-9160 (fax)
        clinehan@glancylaw.com

        Counsel for Additional Plaintiff Manohar K. Rao