IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES INC. SECURITIES LITIGATION | § § § § § § § § § | Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |
| This Document Relates to:<br><br>ALL ACTIONS | | |

# DEFENDANTS' RESPONSE TO PLAINTIFFS' DISCOVERY UPDATE IN ADVANCE OF SEPTEMBER 30, 2024 STATUS CONFERENCE

Defendants hereby respond to Plaintiffs' September 27, 2024 Discovery Update. ECF 221.

On September 26, 2024, consistent with the Court Facts Sheet for U.S. Magistrate Judge Henry Bemporad, Defendants' counsel asked Plaintiffs' counsel to file a joint advisory of disputed discovery issues in advance of this Court's September 30, 2024 Status Conference. The following day, on September 27, 2024, Plaintiffs advised Defendants by email that they intended to file a "separate accounting of discovery issues," and promptly filed their Discovery Update. Because Plaintiffs declined to enter a joint advisory, Defendants' separately respond to Plaintiffs' Update.

I. **Case Status: Pleadings, Discovery, Class Certification, and Defendants' Motion to Stay**

Defendant Cassava Sciences, Inc. ("Cassava") is a small company focused on the development of a drug—simufilam—for the treatment of Alzheimer's disease.

This case is a securities class action arising primarily out of a Citizen Petition filed with the U.S. Food and Drug Administration ("FDA") in 2021 by short sellers of Cassava's stock. The Citizen Petition alleged that certain research supporting simufilam's mechanism of action showed evidence of data manipulation, and asked the FDA to halt simufilam's clinical trials. The FDA denied the Citizen Petition, and simufilam is currently in fully-enrolled, randomized-controlled Phase 3 trials involving more than 1900 patients for treatment periods of 12 and 18 months. The first set of results from that Phase 3 trial are set to be released before the end of the year.

**Plaintiffs' Pleadings.** Plaintiffs' pleadings in the case are still in flux. Plaintiffs filed their most recent Supplemented Complaint on June 13, 2024. ECF 176. This Amendment added corrective disclosures from October 2023, significantly extending class period from less than two years to well over three years. Further, although the deadline to amend pleadings in this case was July 19, 2024, Plaintiffs have informed Defendants and the Court that they intend to amend their

Complaint yet again to include additional alleged corrective disclosures from June and July of 2024.

Although Plaintiffs have not yet filed a motion to supplement their complaint, Defendants currently intend to oppose any such motion. The addition of alleged corrective disclosures coming nearly a year after the end of any purported class period raises complexities in prosecuting claims that are inconsistent with the requirements of Rule 23. Worse, because Plaintiffs have not yet moved to supplement their complaint, their motion to certify the class as proposed (which is mid-briefing, and further address below) is devoid of meaningful discussion and anlaysis related to these alleged corrective disclosures. Even assuming a class (any class, let alone the one urged by Plaintiffs) is certified, a certification will likely be subject to a motion to decertify so that the parties and Court have a full and fair opportunity to address the complexities associated with any additional alleged corrective disclosures.

**Class Certification**. As noted above, the parties are in the midst of briefing class certification, a major point of contention in this case. Plaintiffs' request to certify a class of shareholders depends critically on (1) the assumption that the market for Cassava stock was efficient, and the stock price quickly assimilated value-relevant news about the company, and (2) that plaintiffs' purported damages model is capable of addressing these serious complexities, consistent with their sweeping theory of liability and loss causation.

Specifically, in evaluating whether Rule 23's requirements for class certification are met in securities cases, "[w]hether common questions of law or fact predominate…often turns on the element of reliance." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 810 (2011). Plaintiffs here attempt to invoke the rebuttable presumption of reliance articulated in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988). The *Basic* presumption is based on the theory that the "market price" of shares traded in an "efficient" market "reflects all publicly available information, and,

hence, any material misrepresentations." *Id*. at 246. Thus, to invoke the *Basic* presumption, Plaintiffs must prove that the market for Cassava's stock was "efficient" during the relevant period. *Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*, 594 U.S. 113, 118 (2021). Further, Plaintiffs must also present a damages model 'establishing that damages are capable of measurement on a classwide basis.'" *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 258 (5th Cir. 2020) (*quoting Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013)). "Following *Comcast*, circuit and district courts have rigorously examined proposed damages methodologies in putative class action cases for disconnects between damages and liability" and have not hesitated to deny class certification on that ground. *In re BP p.l.c. Sec. Litig.*, 2013 WL 6388408, at *17 (collecting cases). "Plaintiffs cannot avoid this hard look by refusing to provide the specifics of their proposed methodology" at the class certification stage. *Id*. Plaintiffs in this case face substantial hurdles on both fronts.

As to market efficiency, Cassava's stock was extraordinarily volatile during the urged class period – a fact that was publicly attributed at the time to Cassava being caught up in the "meme stock" phenomenon that swept through the stock market during 2021. As Defendants' expert has pointed out, this extreme volatility, media coverage, large swings in price apparently unconnected to any value-relevant news, and the potential of coordinated trading by retail traders indicated by heightened social media attention raise significant red flags about the efficiency of the market for Cassava's stock. These issues, presented in the context of a motion to certify a class of shareholders and invoke the presumption of reliance over a multi-year period, are first-of-their-kind in this Court and the Fifth Circuit and must be carefully evaluated. For example, using Plaintiffs' experts' own methodology, Defendants' expert found that social media activity was just as significant of a driver of changes in Cassava's stock value as value-relevant news during the class period, undermining any claim of efficiency. Moreover, in additional to failing to demonstrate efficiency, Plaintiffs have not explained how they will calculate damages under these unique circumstances—a problem

which will be only be further compounded if Plaintiffs succeed in supplementing their Complaint to add disclosures outside the class period. Instead of offering the specifics of their damages model required by *Comcast*, Plaintiffs' offer only the bare assurance that they will use an "out of pocket" damages methodology, and rely on certain unspecified valuation "tools" to satisfy their obligation.

Confronted with Defendants' criticism and evidence, Plaintiffs filed an extended Reply brief in support of their attempt to certify a class, along with a supplemental expert report exceeding 100 pages. ECF 214. On September 19, 2024, Judge Hightower authorized both a sur-reply by Defendants, and a further sur-reply by Plaintiffs. ECF 219. Briefing will be complete on October 15, 2024.

Defendants will request an evidentiary hearing, so the Court can hear directly from the experts and Plaintiffs to help facilitate resolution of this issue. Defendants also expect they will file a motion to exclude testimony from Plaintiffs' expert.

**Government Investigations**. In addition to litigation, in the wake of the Citizen Petition, Cassava received inquiries from both the U.S. Securities and Exchange Commission ("SEC") and Department of Justice ("DOJ"). Cassava has cooperated fully with those investigations. On June 28, 2024, the DOJ indicted Dr. Hoau-Yan Wang, a tenured medical professor at the City University of New York who was a Cassava consultant and is the co-inventor of simufilam. Last Thursday, September 26, Defendants agreed to resolve the SEC's charges that they acted negligently in connection with certain disclosures without admitting or denying those charges. The SEC also filed separate charges against Dr. Wang. Although Cassava does not currently anticipate that the DOJ's Criminal Division will bring charges against the company, the DOJ's investigation, and in particular its case against Dr. Wang, remains pending.

**Discovery Status and Motion to Stay**. To date, Defendants have cooperated extensively with Plaintiffs' discovery demands in this case, agreeing to produce more than 330,000 documents

4

in response to Plaintiffs' 138 requests for production. Defendants, however, have objected to Plaintiffs' ongoing demands for immediate discovery of information directly related to the government investigations, and Defendants' efforts to cooperate with those investigations.

Accordingly, on May 10, 2024, Defendants filed a Motion to Stay Discovery pending resolution of the government investigations. ECF 160. On August 5, 2024, after a hearing on the matter, Judge Ezra granted the Motion to Stay for a period of one month, and, with the parties' agreement, appointed Judge Bemporad as a Special Master to help the parties resolve their discovery disputes in consideration of the ongoing investigations. Judge Ezra granted Defendants leave to refile their Motion to Stay if the parties cannot resolve their disputes.

Subject to reasonable agreement on the appropriate scope and timeline for discovery in this case, Defendants' present intent is to resubmit a Motion to Stay merits discovery pending resolution of the government investigations and/or a decision on class certification. First, given the significant issues Defendants have raised regarding class certification, a temporary stay of discovery pending a class certification decision is warranted even absent the government investigations. Second, as evidenced by Defendants' resolution of negligence charges with the SEC last week on a no-admit, no-deny basis, with Defendants' cooperation, the government investigations are making significant progress toward resolution. And third, the bases for Defendants' Motion to Stay have only grown more compelling since Defendants' Motion was originally filed.

Specifically, Plaintiffs' Opposition to Defendants' Motion to Stay was primarily based on the fact that no formal criminal case had been filed, there was no indictment, and there was no risk that key witnesses would assert Fifth Amendment rights affecting discovery in this case. The subsequent indictment of Dr. Wang changed all that. Notably, Plaintiffs' Discovery Update discloses that Dr. Wang's counsel recently refused Plaintiffs' attempt to obtain testimony from Dr.

5

Wang, citing the Act of Production Doctrine – signaling that Dr. Wang intends to assert his rights to avoid discovery in this case while his case remains pending.

It is no exaggeration to say that Dr. Wang is at the center of both the Citizen Petition and Plaintiffs' allegations in this case. Indeed, Dr. Wang is mentioned more than 180 times in Plaintiffs' Complaint. He will almost certainly play a central role in providing evidence relevant to both Plaintiffs' allegations and Defendants' defenses to those allegations. Any attempt to move through merits discovery and toward trial in this matter without participation by Dr. Wang would be manifestly unfair to Cassava. Discovery from Dr. Wang, however, is not relevant to the issues that plague Plaintiffs' motion to certify. Class certification discovery and briefing can and should therefore be prioritized over merits discovery.

## II.   Response to Specific Issues Raised by Defendants in the Discovery Update

### A. Investigatory Materials (SEC Deposition Transcripts / Documents Provided to or Received from the SEC or DOJ in Connection with the Investigations / Motion to Compel)

Plaintiffs demand production of various materials directly related to the government investigations, including SEC deposition transcripts (which Defendants do not possess), presentations Defendants' counsel have made to the government, and information and documents the government has provided to Defendants. To be clear, this demand is not for documents Cassava produced to the government in response to the government's document requests. Cassava already produced all such evidence to the Plaintiffs. Rather, Plaintiffs seek materials reflecting Cassava's and its counsel's real-time efforts to cooperate with the government in what is still an ongoing investigation.

For all the reasons stated in Defendants' Motion to Stay, as well as Defendants' opposition to Plaintiffs' Motion to Compel (currently pending before Judge Hightower), production of these

6

investigation-related materials should be stayed pending full and complete resolution of the government investigations, including with respect to Dr. Wang, or, at least, a determination on whether a class should be certified in this case.

### B. Defendants' Privilege Log and Responses to Subpoenas to Cassava Directors

Defendants' have produced their privilege log, and the Cassava Directors have responded to pending subpoenas.

### C. Defendants' Reponses to Plaintiffs Second Document Requests

As noted above, Plaintiffs have indicated to Defendants and the Court that they intend to seek leave to file yet another Supplement to their Complaint, adding allegations related to disclosures occurring in June and July 2024. Despite informing Defendants of this intention months ago, Plaintiffs have not filed a Motion to Supplement their Complaint. Further, Defendants intend to oppose that Motion to Supplement because, among other reasons, if it is granted, it will require additional discovery and briefing on class certification.

Plaintiffs' Second Set of Document Requests mirror Plaintiffs' proposed supplemental allegations. Discovery related to these allegations is not appropriate unless or until Plaintiffs seek, and are granted, leave to supplement their pleadings. Further, Plaintiffs have never conferred with Defendants regarding Defendants' objections to these requests before raising them in their "Discovery Update." Indeed, the Update is the first Defendants' have heard from Plaintiffs on this issue. Accordingly, Plaintiffs have not properly brought them before this Court.

Defendants respectfully request that Defendants' objections be sustained unless or until Plaintiffs are granted leave to supplement their Complaint.

Dated: September 30, 2024                    Respectfully submitted,

/s/ *Gregg Costa*
Gregg Costa (Tx. Bar No. 24028160)
Trey Cox (Tx. Bar No. 24003722)
GIBSON, DUNN & CRUTCHER LLP
811 Main Street Suite 3000
Houston, TX 77002
Telephone: 346.718.6600
Facsimile: 346.718.6979
gcosta@gibsondunn.com
tcox@gibsondunn.com

Monica K. Loseman (admitted *pro hac vice*)
Scott Campbell (admitted *pro hac vice*)
John Turquet Bravard (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202-2642
Telephone: 303.298.5700
Facsimile: 303.298.5907
mloseman@gibsondunn.com
scampbell@gibsondunn.com
jturquetbravard@gibsondunn.com

Mary Beth Maloney (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
Facsimile: 212.351.6315
mmaloney@gibsondunn.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 30, 2024, a true and correct copy of the foregoing was served electronically upon each attorney of record.

/s/ *Gregg Costa*
Gregg Costa