UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION <br><br> This Document Relates To: <br><br> ALL ACTIONS | § § § § § § § § § § § § | Master File No. 1:21-cv-00751-DAE <br><br> CLASS ACTION |

**JOINT MOTION FOR ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE SWEDISH MINISTRY OF JUSTICE TO DIRECT OSKAR HANSSON AND SHORENA JANELIDZE TO PROVIDE ORAL TESTIMONY**

4887-1194-3139.v5

Lead Plaintiff Mohammad Bozorgi and additional plaintiffs Ken Calderone and Manohar Rao ("Plaintiffs") and defendants Cassava Sciences, Inc. ("Cassava" or the "Company") and Eric Schoen (together with Plaintiffs, the "Parties") jointly move this Court to issue a Letter of Request for International Judicial Assistance from the Ministry of Justice of Sweden to direct non-parties Dr. Oskar Hansson and Dr. Shorena Janelidze, researchers at Sweden's Lund University, to provide oral testimony under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, T.I.A.S. 7444 ("Hague Convention" or "Convention").[1]

1. This case is a class action against Defendants alleging violations of the Securities Exchange Act of 1934 ("Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder. Specifically, Plaintiffs allege, among other things, that Defendants made misleading statements to investors about the results of their Phase 2b clinical trial of Cassava's proposed Alzheimer's drug – simufilam.

2. As part of the Company's Phase 2b clinical trial, Cassava retained Dr. Hansson to conduct an analysis of Alzheimer's disease biomarkers. ¶94.[2] Dr. Hansson is a Professor of Neurology and head of the Clinical Memory Research Unit at Lund University.[3] Dr. Hansson's colleague, Dr. Janelidze, is a neuroscientist at Lund.[4] Drs. Hansson and Janelidze oversaw and/or

---

[1] Defendants Remi Barbier and Lindsay Burns did not respond to requests to take a position on this Motion. "Defendants" are Cassava and Mr. Schoen, together with Mr. Barbier and Dr. Burns.

[2] All "¶__" or "¶¶__" references are to the Supplemented Consolidated Complaint for Violations of the Federal Securities Laws. ECF 176. Emphasis is added and citations are omitted throughout unless otherwise indicated.

[3] Lund University Research Portal, *Personal Profile of Dr. Oskar Hansson*, https://portal.research.lu.se/en/persons/oskar-hansson.

[4] Alzheimer's Association International Conference, *Profile of Dr. Shorena Janelidze*, https://alz.confex.com/alz/2023/meetingapp.cgi/Person/11755.

- 1 -

conducted a bioanalysis of Cassava's clinical data, which the Company announced in May 2020 failed to meet the primary endpoint for the Phase 2b trial. ¶¶90, 94. Cassava later announced that the results of the initial bioanalysis (conducted at Lund University) "showed highly anomalous data," (¶271) and the Company relied on a second analysis by a second outside lab. The reanalysis was conducted by Dr. Hoau-Yan Wang at the City University of New York.

3. The Lund University analysis is relevant to Plaintiffs' allegations. Lund University is located in Sweden. There are no witnesses in the United States with firsthand knowledge regarding Lund University's initial bioanalysis in Cassava's Phase 2b clinical trial.

4. Parties may obtain discovery in a foreign country pursuant to a letter of request "on appropriate terms after an application and notice of it." Fed. R. Civ. P. 28(b)(2)(A); 28 U.S.C. §1781(b)(2) (permitting transmittal of letter of request "directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed").

5. Where, as here, the witness lives in a country that is a signatory to the Hague Convention, as Sweden is, the Court may issue a letter of request seeking assistance from a foreign authority. *See, e.g.*, *S.E.C. v. Stanford Int'l. Bank, Ltd.*, 776 F. Supp. 2d 323, 327 (N.D. Tex. 2011). Notably, the "Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa,* 482 U.S. 522, 541 (1987).

6. In deciding whether to issue a letter of request, courts apply the broad standard of Federal Rule of Civil Procedure 26. *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019). Under Rule 26, parties may seek discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, discovery may be curtailed when the evidence can be obtained from a more convenient

source, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

7. Further, a letter of request is appropriate when, as here, the witness is not a party to the lawsuit, has not voluntarily subjected themselves to discovery, and is not otherwise subject to the Court's jurisdiction. *See Stanford Int'l Bank*, 776 F. Supp. 2d at 327 (the Hague Convention "'draws no distinction between evidence obtained from third parties and that obtained from the litigants themselves'") (quoting *Societe Nationale*, 482 U.S. at 541).

8. Plaintiffs contacted counsel for Lund University, who indicated Drs. Hansson and Janelidze declined to voluntarily participate in depositions.

9. Any burden on Drs. Hansson and Janelidze is minimal, as the Parties together request only seven hours (one day) of deposition testimony from each witness. *See Simon & Simon, PC v. Align Tech., Inc.*, 2022 WL 16557638, at *4 (N.D. Cal. Oct. 28, 2022) (issuing letter of request for deposition testimony in Sweden); *Luminati Networks Ltd. v. Teso LT, UAB*, 2020 WL 6815153, at *2 (E.D. Tex. Oct 28, 2020) (granting request for issuance of letter of request for the purpose of obtaining deposition testimony); *Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 2022 WL 4286850, at *1 (S.D. Tex. Sept. 16, 2022) (granting request for issuance of letter of request to obtain deposition testimony of non-party).

10. The Parties accordingly seek the Court's assistance in obtaining testimony from Drs. Hansson and Janelidze regarding the initial bioanalysis Lund University conducted for Cassava's Phase 2b trial.

The Parties respectfully request that the Court issue the attached Request for International Judicial Assistance to Sweden to obtain testimony from Drs. Hansson and Janelidze.

4887-1194-3139.v5

DATED:  October 3, 2024                     Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (admitted *pro hac vice*)
RACHEL JENSEN (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
MEGAN A. ROSSI (admitted *pro hac vice*)
HEATHER GEIGER (admitted *pro hac vice*)
JEREMY W. DANIELS (admitted *pro hac vice*)


                         */s/ Kevin A. Lavelle*
                        KEVIN A. LAVELLE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
rachelj@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao

- 4 -

| | |
|---|---|
| DATED:  October 3, 2024 | GIBSON, DUNN & CRUTCHER LLP<br>GREGG COSTA (TX. Bar No. 24028160)<br>TREY COX (TX. Bar No. 24003722)<br><br>*/s/ Gregg Costa* (by permission)<br>GREGG COSTA<br><br>811 Main Street Suite 3000<br>Houston, TX 77002<br>Telephone: 346/718.6600<br>346/718.6979 (fax)<br>gcosta@gibsondunn.com<br>tcox@gibsondunn.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>MONICA K. LOSEMAN (admitted *pro hac vice*)<br>SCOTT CAMPBELL (admitted *pro hac vice*)<br>JOHN TURQUET BRAVARD (admitted *pro hac vice*)<br>1801 California Street<br>Denver, CO 80202-2642<br>Telephone: 303/298.5700<br>303/298.5907 (fax)<br>mloseman@gibsondunn.com<br>scampbell@gibsondunn.com<br>jturquetbravard@gibsondunn.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>MARY BETH MALONEY (admitted *pro hac vice*)<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: 212/351.4000<br>212/351.6315 (fax)<br>mmaloney@gibsondunn.com<br><br>Counsel for Defendants Cassava Sciences, Inc. and Eric Schoen |

- 5 -