UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | § § § § § § § § § § § § | Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST
FOR AN EVIDENTIARY HEARING**

Defendants request an evidentiary hearing based on their assertion that "class certification proceedings in this case raise novel, complex issues." ECF 228 at 1. As set forth in Plaintiffs' class-certification reply (ECF 212) and forthcoming response to Defendants' sur-reply, however, class certification in this case is neither novel nor more complex than any other securities fraud case. *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 670 (S.D. Tex. 2006) (noting that class certification is "especially" appropriate in private securities fraud class actions).

First, the issues are not novel because the generic arguments Defendants make regarding market efficiency, price impact, damages methodology, and typicality are all arguments that have been previously considered, and rejected, by courts. Even Defendants' "meme" stock arguments, the primary basis for their class-certification opposition, have been rejected by courts – including by Defendants' own recent authority cited in their sur-reply, based on longstanding Supreme Court precedent and garden variety *Cammer/Krogman* factor analysis. *See* ECF 227.

Second, class certification in this case is more straightforward than most securities fraud class actions, as there are no real disputes regarding the salient evidence. Defendants and their expert do not claim that the market for Cassava's stock was inefficient during the Class Period. Nor do they dispute that each of the relevant *Cammer* and *Krogman* factors for determining market efficiency is met for Cassava's common stock. And while Defendants talk a lot about "meme" stocks, their expert does not opine Cassava actually was one. Further, Defendants did not even attempt to disprove back-end price impact for two corrective disclosures and do not dispute that there is evidence of both front-end price impact at the start of the Class Period, as well as back-end price impact for other corrective disclosures.

Setting aside Defendants' faulty premise, this Court has substantial discretion to determine the format of any class-certification hearing, if any, and need not hear live expert testimony,

- 1 -

particularly given the extensive briefing, expert reports, and expert deposition testimony already in the class-certification record. *See, e.g.*, *Del. Cnty. Emps. Ret. Sys. v. Cabot Oil & Gas Corp.*, 2023 WL 6300569, at *1 (S.D. Tex. Sept. 27, 2023) (granting class certification after hearing without live expert testimony), *leave to appeal denied*, 2023 WL 8794620 (5th Cir. Nov. 17, 2023); *Del. Cnty. Emps. Ret. Sys. v. Cabot Oil & Gas Corp.*, No. 4:21-cv-02045, ECF 162 (S.D. Tex. July 7, 2023) (Transcript of Hearing on Class Certification); *In re Actos (Pioglitazone) Prods. Liab. Litig.*, 2014 WL 46818, at *8 (W.D. La. Jan. 6, 2014) (denying request for live expert testimony at evidentiary hearing on *Daubert* motion because "[l]ive testimony would not be likely to contribute to any greater understanding of the nature of the dispute than can be and has been found in a careful reading and analysis of the briefs and accompanying evidence and documentation").

Class certification evidentiary hearings including expert testimony are, moreover, not "common," as Defendants suggest. In half of the cases Defendants cite on this point, there was no expert testimony. *See Marcus v. J.C. Penney Co.*, 2016 WL 8604331, at *1 (E.D. Tex. Aug. 29, 2016) (recommending grant of class certification based on briefing and oral argument, not live expert testimony), *R&R adopted*, 2017 WL 907996 (E.D. Tex. Mar. 8, 2017); *Shannon v. Allstate Ins. Co.*, 2024 WL 1080915 (W.D. Tex. Jan. 31, 2024) (same). Rather, it is more common for securities class actions to be certified without an evidentiary hearing. *See, e.g.*, *Cabot Oil*, 2023 WL 6300569; *Prause v. TechnipFMC, PLC*, 2020 WL 3549686 (S.D. Tex. Mar. 9, 2020); *Rougier v. Applied Optoelectronics, Inc.*, 2019 WL 6111303, at *14 (S.D. Tex. Nov. 13, 2019), *R&R adopted*, 2019 WL 7020349 (S.D. Tex. Dec. 20, 2019); *Rooney v. EZCORP, Inc.*, 330 F.R.D. 439 (W.D. Tex. 2019); *City of Pontiac Gen. Emps.' Ret. Sys. v. Dell Inc.*, 2018 WL 1558571 (W.D. Tex. Mar. 29, 2018); *KB Partners I, L.P. v. Barbier*, 2013 WL 2443217 (W.D. Tex. June 4, 2013).

In the end, Plaintiffs take no position on Defendants' request for an evidentiary hearing. However, to the extent the Court believes that live expert testimony is beneficial, Plaintiffs request

that, for both fairness and efficiency, any expert testimony be limited to the opinions already submitted. Such guidance from the Court is needed, as Defendants have demonstrated a willingness to disregard Court orders. Despite Magistrate Judge Hightower's direction that "***[t]he parties should not file any new evidence***," ECF 219 at 3 (emphasis in original), Defendants filed yet another expert report with their sur-reply and then re-filed it with their request for an evidentiary hearing.

DATED: October 14, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (admitted *pro hac vice*)
RACHEL JENSEN (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
MEGAN A. ROSSI (admitted *pro hac vice*)
HEATHER GEIGER (admitted *pro hac vice*)
JEREMY W. DANIELS (admitted *pro hac vice*)


         /s/ Kevin A. Lavelle
        KEVIN A. LAVELLE

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
rachelj@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

- 3 -

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao

- 4 -