UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § § § § § § § § § | Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS | | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) UNDER THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS FOR EVIDENCE FROM OSKAR HANSSON AND SHORENA JANELIDZE**

4878-8206-1027.v4

**Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

TO: THE MINISTRY OF JUSTICE OF SWEDEN

The United States District Court for the Western District of Texas (the "Court") presents its compliments to the Ministry of Justice of Sweden and requests assistance in obtaining evidence to be used in civil proceedings before this Court. This request ("Letter of Request") is made

pursuant to, and in conformity with, Chapter I of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), to which both the United States and Sweden are party, Rule 28 of the United States Federal Rules of Civil Procedure, and SFS Nos. 1946:816 and 2022:622 of the Swedish Code of Statutes. The Court requests assistance in compelling testimony from Professor Oskar Hansson and Dr. Shorena Janelidze, non-party witnesses located in Sweden.

**LETTER OF REQUEST**

(Convention of 18 Mar. 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters)

| 1. | Sender | Hon. Henry J. Bemporad, U.S. Magistrate Judge<br>United States District Court for the Western District of Texas<br>U.S. District Clerk's Office<br>501 West Fifth Street, Suite 1100<br>Austin, TX 78701 USA<br><br>This letter will be transmitted on behalf of the Court by counsel for the Plaintiffs, with the Court's permission. |
|---|---|---|
| 2. | Central Authority of the Requested State | Division for Criminal Cases and International Judicial Co-operation<br>Ministry of Justice<br>SE-103 33 Stockholm<br>Sweden<br>Telephone: +46 8 405 10 00<br>ju.birs@gov.se |

1

4878-8206-1027.v4

| | | |
|---|---|---|
| 3. | Persons to whom the executed request is to be returned | Daniel S. Drosman<br>Rachel L. Jensen<br>Kevin A. Lavelle<br>Megan A. Rossi<br>Heather Geiger<br>Jeremy W. Daniels<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101 USA<br>Telephone: +1 619/231-1058<br>Fax: +1 619/231-7423<br>dand@rgrdlaw.com<br>rachelj@rgrdlaw.com<br>klavelle@rgrdlaw.com<br>mrossi@rgrdlaw.com<br>hgeiger@rgrdlaw.com<br>jdaniels@rgrdlaw.com<br><br>Gregg Costa<br>Trey Cox<br>Gibson, Dunn & Crutcher LLP<br>811 Main Street, Suite 3000<br>Houston, TX 77002<br>Telephone: +1 346/718-6600<br>Fax: +1 346/718-6979<br>gcosta@gibsondunn.com<br>tcox@gibsondunn.com<br><br>Monica K. Loseman<br>Scott Campbell<br>John Turquet Bravard<br>Gibson, Dunn & Crutcher LLP<br>1801 California Street<br>Denver, CO 80202-2642<br>Telephone: +1 303/298-5700<br>Fax: +1 303/298-5907<br>mloseman@gibsondunn.com<br>scampbell@gibsondunn.com<br>jturquetbravard@gibsondunn.com<br><br>Mary Beth Maloney<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: +1 212/351-4000<br>Fax: +1 212/351-6315<br>mmaloney@gibsondunn.com |

| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | |
|---|---|---|
| | Date | November 15, 2024 |
| | Reason for urgency | The evidence sought through this request is not available through other means because there are no known witnesses available in the United States that can speak for Lund University or the research conducted at Lund University. Hence, it is respectfully requested that this request be handled with urgency, as the evidence is important for trial proceedings. |

In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

| 5. a | Requesting authority (Art. 3(a)) | United States District Court for the Western District of Texas, Austin Division |
|---|---|---|
| b | To the Competent Authority of (Art. 3(a)) | Sweden |
| c | Names of the case and any identifying number | *In re Cassava Scis., Inc. Sec. Litig.*, No. 1:21-cv-00751-DAE (W.D. Tex.) |

| 6. | Names and addresses of the parties and their representatives (including representatives in the Requested State) (Art. 3(b)) | |
|---|---|---|
| a | Plaintiffs | Mohammad Bozorgi<br>3799 Parkland Drive<br>Fairfax, VA  22033 USA<br><br>Ken Calderone<br>221 Burns Street, Apartment 2<br>Forest Hills, NY  11375 USA<br><br>Manohar K. Rao<br>5743 Genoa Springs Lane<br>Sugar Land, TX  77479 USA |

- 3 -

| | | |
|---|---|---|
| | Representatives | Mr. Bozorgi, Mr. Rao, and Mr. Calderone are represented by:<br><br>Daniel S. Drosman<br>Rachel L. Jensen<br>Kevin A. Lavelle<br>Megan A. Rossi<br>Heather Geiger<br>Jeremy W. Daniels<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101 USA<br>Telephone: +1 619/231-1058<br>dand@rgrdlaw.com<br>rachelj@rgrdlaw.com<br>klavelle@rgrdlaw.com<br>mrossi@rgrdlaw.com<br>hgeiger@rgrdlaw.com<br>jdaniels@rgrdlaw.com<br><br>Joe Kendall<br>Kendall Law Group, PLLC<br>3811 Turtle Creek Boulevard, Suite 1450<br>Dallas, TX 75219 USA<br>Telephone: +1 214/744-3000<br>jkendall@kendalllawgroup.com<br><br>Mr. Rao is also represented by:<br><br>Charles H. Linehan<br>Glance Prongay & Murray LLP<br>1925 Centure Park East, Suite 2100<br>Los Angeles, CA 90067 USA<br>Telephone: +1 310/201-9150<br>clinehan@glancylaw.com<br><br>The Plaintiffs are also represented, with respect to this Letter of Request only, by:<br><br>Ludvig Holm<br>Olof Olsson<br>Westerberg & Partners Advokatbyrå AB<br>P.O. Box 3101<br>103 62 Stockholm<br>+46 8 5784 03 00<br>ludvig.holm@westerberg.com<br>olof.olsson@westerberg.com |

|   |   |   |
|---|---|---|
|   |   | Theodore J. Folkman<br>Rubin and Rudman LLP<br>53 State Street<br>Boston, MA  02109 USA<br>Telephone: +1 617/330-7000<br>tfolkman@rubinrudman.com |
| b | Defendants | Cassava Sciences, Inc.<br>6801 N. Capital of Texas Highway<br>Building 1<br>Austin, TX  78731 USA<br><br>Remi Barbier<br>3800 Cassava Drive<br>Austin, TX  78746 USA<br><br>Eric Schoen<br>11305 Hollister Drive<br>Austin, TX  78739 USA<br><br>Lindsay Burns<br>3800 Cassava Drive<br>Austin, TX  78746 USA |
|   | Representatives | Cassava Sciences, Inc. and Mr. Schoen are represented by:<br><br>Gregg Costa<br>Trey Cox<br>Gibson, Dunn & Crutcher LLP<br>811 Main Street, Suite 3000<br>Houston, TX  77002 USA<br>Telephone: +1 346/718-6600<br>gcosta@gibsondunn.com<br>tcox@gibsondunn.com<br><br>Monica K. Loseman<br>Scott Campbell<br>John Turquet Bravard<br>Gibson, Dunn & Crutcher LLP<br>1801 California Street<br>Denver, CO  80202-2642 USA<br>Telephone: +1 303/298-5700<br>mloseman@gibsondunn.com<br>scampbell@gibsondunn.com<br>jturquetbravard@gibsondunn.com |

|   |   |   | Mary Beth Maloney<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166 USA<br>Telephone: +1 212/351-4000<br>mmaloney@gibsondunn.com<br><br>Mr. Barbier and Ms. Burns are represented by:<br><br>C. Shawn Cleveland<br>Baker & Hostetler LLP<br>2850 North Harwood Street, Suite 1100<br>Dallas, TX 75201 USA<br>Telephone: +1 214/210-1200<br>scleveland@bakerlaw.com<br><br>Douglas W. Greene<br>Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, NY 10111 USA<br>Telephone: +1 212/847-7090<br>dgreene@bakerlaw.com |
|---|---|---|---|
| 7. a |   | Nature of the proceedings | This is an investor action for violations of the United States Securities Exchange Act of 1934 and United States Securities and Exchange Commission Rule 10b-5, which prohibit companies and their "control persons" from fraud in the sale of publicly traded securities. The proceedings are currently in discovery, the purpose of which is to let the parties gather, obtain, and exchange evidence in preparation for trial. The request refers to testimonies which are not included by the Swedish exemption regarding pretrial discovery of documents. |
|   | b | Summary of the case | Cassava Sciences, Inc. ("Cassava"), a publicly traded company, and its top executives ("Defendants") made certain statements to investors concerning a drug candidate for treatment for Alzheimer's disease, called "simufilam" or PTI-125. The Plaintiffs allege that Defendants misled investors about simufilam during the relevant time period, and that the Defendants employed a scheme or course of business conduct to defraud. The Plaintiffs further allege that Defendants' fraud caused Cassava securities to trade at artificially inflated prices. According to Plaintiffs' allegations, when the truth was later revealed in a series of partial disclosures, the price of Cassava securities fell, damaging Plaintiffs and other investors. The Plaintiffs seek to recover those losses in the case. |

|   |   |   |
|---|---|---|
|   |   | Of particular relevance to this Letter of Request, the Plaintiffs allege that Defendants undertook a placebo-controlled trial of simufilam in September 2019, which was analyzed by Professor Hansson and Dr. Janelidze at Lund University and did not meet its primary endpoint. Cassava later announced that the initial bioanalysis conducted at Lund University "showed highly anomalous data" and that the company relied on a second analysis by Hoau-Yan Wang, a Cassava scientific collaborator operating a lab at the City University of New York, which Defendants claimed met the trial's primary endpoint. The Plaintiffs allege that Cassava's stock price increased after Defendants announced the new lab results, and that certain statements regarding those lab results were false or misleading. The Plaintiffs allege that the company rejected the Lund University results because they did not reach the company's desired outcome. The testimony sought through this request relates to the Lund University lab's involvement in Defendants' clinical trial. |
| c | Summary of defense and counterclaim | The Defendants deny the claims and assert affirmative defenses. Defendants specifically deny that they rejected the Lund University results because they did not reach the company's desired outcome; and that they made any false or misleading statements about the lab results. |
| d | Other necessary information or documents | Not applicable. |

|   |   |   |
|---|---|---|
| 8. a | Evidence to be obtained or other judicial act to be performed (Art. 3(d)) | The parties are seeking the testimony of Professor Oskar Hansson and Dr. Shorena Janelidze. |
| b | Purpose of the evidence or judicial act sought. | The parties seek evidence in the form of testimony regarding the biomarker analysis conducted by Professor Hansson and Dr. Janelidze in 2020, including the procedures and results of that analysis.<br><br>The purpose of the testimony the parties expect to elicit is to discover material facts relating to:<br><br>1. Professor Hansson's qualifications in the field of neurology and more specifically in the field of Alzheimer's disease. |

- 7 -

4878-8206-1027.v4

|  |  | 2. The reputation of Professor Hansson's lab at Lund University in the field of neurology and more specifically in the field of Alzheimer's disease.<br>3. The application of research and professional standards to Professor Hansson and his laboratory at Lund University.<br>4. The contract between Cassava and Lund University for Professor Hansson and his lab to conduct the bioanalysis of cerebrospinal fluid in the Phase 2 clinical trial.<br>5. Whether Cassava and Professor Hansson and his laboratory established an appropriate research protocol in line with best practices in the field.<br>6. Whether Professor Hansson and his laboratory followed the research protocol, the Professional Services Agreement, and Cassava's instructions.<br>7. The reliability of the results of Professor Hansson's and his laboratory's work.<br>8. The propriety of the methods or research protocol used in research.<br>9. Whether it would be factually correct to suggest that the research conducted at Professor Hansson's lab at Lund University for Cassava was invalid.<br>10. Dr. Janelidze's qualifications in the field of neurology and more specifically in the field of Alzheimer's disease.<br>11. Whether Dr. Janelidze and her colleagues followed the established research protocol, the Professional Services Agreement, and Cassava's instructions.<br>12. Dr. Janelidze's correspondence with defendant Lindsay Burns regarding the research conducted at Lund University, including correspondence about the protocol, progress, and results of the research.<br>13. Dr. Janelidze's involvement in Cassava's Phase 2 clinical trial bioanalysis conducted at Lund University. |
|---|---|---|
| 9. | Identity and address of persons to be examined (Art. 3(e)) | Professor Oskar Hansson (ID Number 19750809-4013)<br>Ekelundsvägen 24<br>224 72 Lund<br>Sweden<br>Telephone (work): (+46) 722 267 745<br>Email (work): oskar.hansson@med.lu.se<br><br>Doctor Shorena Janelidze (ID Number 19711003-7723)<br>Östanväg 12 lgh 1003<br>22275 Lund<br>Sweden<br>Telephone (work): (+46) 462 229 667<br>Email (work): shorena.janelidze@med.lu.se |

| 10. | Questions to be put to the persons to be examined, or statements of the subject matter about which they are to be examined (Art. 3(f)) | Professor Hansson and Dr. Janelidze will be examined about the following general topics:<br><br>1. Their academic and professional credentials.<br>2. Their professional career and research in neurology, and in particular in Alzheimer's disease.<br>3. The work their lab at Lund University performs.<br>4. The Professional Services Agreement between Cassava Sciences, Inc. and Lund University dated 10 February 2020.<br>5. The work that their lab performed under that agreement.<br>6. Communications between Professor Hansson and/or Dr. Janelidze and Cassava, regarding the performance of services under the contract, including but not limited to the communications attached as Annex A to this Letter of Request. |
|---|---|---|
| 11. | Documents or other property to be inspected (Art. 3(g)) | Not applicable. |
| 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Art. 3(h)) | The Court respectfully requests that, to the extent not inconsistent with Swedish law, the witness be sworn before testifying. |
| 13. | Special methods or procedures to be followed (Arts 3(i) and 9) | The Court requests that the following special procedures be used, to the extent possible:<br><br>1. The U.S. lawyers for the parties should be permitted to put questions on the topics specified in Items 8.b and 10 directly in English.<br>2. If it is impermissible for the testimony to be taken in English, the U.S. lawyers for the parties should be permitted to put questions on the topics specified in Items 8.b and 10 directly, through an English-Swedish authorized translator who the parties will undertake to furnish at their expense.<br>3. If it is impermissible for the U.S. lawyers to lead the questioning, then Swedish counsel for the parties should be permitted to examine the witnesses as described above, or, alternatively, if putting questions in English is impermissible, by putting questions in Swedish. |

4878-8206-1027.v4

| | | |
|---|---|---|
| | | 4. In addition to whatever minutes or summary of the testimony the Swedish court will provide the testimony should be videotaped and audio recorded. The parties will undertake to provide a videographer at their expense. If it is not possible for the court to use its video and audio recording equipment, the parties will arrange for appropriate equipment. If it is impermissible to videotape the testimony, the audio should still be recorded for later transcription by the parties.<br>5. It is asked that the Swedish Court instructs the witnesses under Chapter 36, Section 8 of the Swedish Code of Judicial Procedure (Swe: rättegångsbalken), to refresh their memories on the subject of their respective testimony by examining notes, correspondence, and other documents accessible to them.<br>6. To the extent any request in this section is deemed incompatible with Swedish principles of procedural law, it is to be disregarded and that aspect shall be conducted in accordance with Swedish procedural law.<br>7. The Swedish Court shall consult the parties' counsels on suitable dates and times for the examination. |
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Art. 7) | The Court requests that the parties' representatives identified in items 6.a and 6.b of this letter be notified in advance of the time and place for the execution of this request. The Court requests that the notice be provided by post and email. |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Art. 8) | Not applicable. |
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the | Under U.S. law, a witness has a privilege to refuse to testify or produce evidence that contains confidential communications between a lawyer and client given for the purpose of giving or receiving legal advice. U.S. law has several other privileges, and it provides a quasi-privilege for "attorney work product," that is, evidence that would disclose the mental impressions of |

- 10 -

| | Requesting State (Art. 11(b)) | counsel. A witness who is a natural person – but not a corporation – also has a privilege under U.S. law to refuse to testify or produce evidence if the evidence may incriminate the witness as guilty of a crime. Based on the parties' understanding of the facts of this case, they do not expect that any privileges under U.S. law will be relevant. |
|---|---|---|
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | The Plaintiffs and Defendants. |

## CONCLUSION

In the spirit of comity and reciprocity, this Court hereby requests international judicial assistance from Sweden in the form of this Letter of Request to obtain the oral examination, under oath, of Professor Oskar Hansson and Dr. Shorena Janelidze concerning the topics listed above in Section 10. This Court expresses its sincere willingness to provide similar assistance to the courts of Sweden if future circumstances should require.

This Court respectfully requests that this Letter of Request be given the highest consideration and enforced, in its entirety, as soon as practicable. This Court expresses its gratitude and sincere willingness to provide similar assistance to the courts of Sweden if future circumstances should require.

Date of Request: _____October 15_____, 2024

Signature and Seal of the Requesting Authority:

_____
The Honorable Henry J. Bemporad, United States Magistrate Judge
United States District Court for the Western District of Texas

501 West Fifth Street, Suite 1100
Austin, TX 78701 USA

DATED: __October 15, 2024__         _____
                                    THE HONORABLE HENRY J. BEMPORAD
                                    UNITED STATES MAGISTRATE JUDGE

[Seal of the Court]

