UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § § § § § § § § § | Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS | | |

**PLAINTIFFS' OPPOSED MOTION TO STRIKE THE EXPERT SUR-REPLY REPORT OF RENÉ M. STULZ, PH.D.**

Lead Plaintiff Mohammad Bozorgi and additional plaintiffs Ken Calderone and Manohar K. Rao (collectively, "Plaintiffs") respectfully move to strike the Expert Sur-Reply Report of René M. Stulz, Ph.D. (the "Stulz Sur-Reply Report") or, in the alternative, for permission to file a responsive report by Dr. Steven Feinstein.  ECF 227-1, 228-1.

## I. INTRODUCTION

On September 19, 2024, Magistrate Judge Hightower granted Defendants[1] leave to file a sur-reply in support of their opposition to Plaintiffs' motion for class certification.  ECF 219.  The Court's order granting leave specifically stated that "*[t]he parties should not file any new evidence*." *Id*. at 3 (emphasis in original).  On October 4, 2024, Defendants violated that order, submitting a new expert report with their Sur-Reply.  *See* ECF 227-1.  Defendants acknowledged as much, noting that the order "instructed that Defendants' surreply not introduce 'any new evidence.'"  ECF 227 at 21.  Nevertheless, Defendants boldly attempted to circumvent the Court's instruction by simply attaching the Stulz Sur-Reply Report to their Sur-Reply, rather than citing from it directly, and then claiming that Defendants' submission was somehow "[c]onsistent" with the Court's directive that no new evidence be filed.  *Id*.

Because it violates the Court's order, the Stulz Sur-Reply Report should be stricken from the record.[2]  Or, in the alternative, Plaintiffs should be permitted to submit a responsive expert report of their own in the form of the sur-reply rebuttal report of Dr. Steven Feinstein attached as Exhibit A hereto.

---

[1]  "Defendants" refers to Cassava Sciences, Inc. ("Cassava") together with the "Individual Defendants": Cassava's former CEO, Remi Barbier; CFO, Eric Schoen; and former Senior Vice President of Neuroscience, Lindsay Burns.

[2]  Pursuant to L.R. CV-7(g), Plaintiffs conferred with Defendants on October 16, 2024, but Defendants would not consent to withdrawing the Stulz Sur-Reply Report.

## II.     BACKGROUND

On March 11, 2024, the Court issued a Scheduling Order, based on the parties' agreed-upon recommendations, setting deadlines for class certification briefing and the exchange of related expert reports, which permitted Plaintiffs to "serve any expert report in support of their motion" with their class certification reply.  ECF 146 at 3; ECF 96 at 3-4 (parties' agreed-upon schedule).[3]  In accordance with the Scheduling Order, Plaintiffs filed their reply in further support of class certification on August 23, 2024, along with an expert report by Dr. Steven Feinstein.  ECF 212, 209-5.

On August 30, 2024, Defendants filed a Motion for Extension of Time to Seek Leave to File Surreply.  ECF 215.  Plaintiffs filed a response to Defendants' motion on September 6, 2024.  ECF 216.  On September 19, 2024, the Court permitted Defendants to file a 20-page sur-reply by October 4, 2024, and Plaintiffs to file a 10-page response by October 15, 2024 and ordered that "***[t]he parties should not file any new evidence***."  ECF 219 at 3 (emphasis in original).

Despite the Court's order, Defendants' October 4th Sur-Reply attached 40 pages of new evidence in the form of the Stulz Sur-Reply Report included with Defendants' request for an evidentiary hearing appended to the Sur-Reply. ECF 227-1.  In their Sur-Reply, Defendants claimed that "[c]onsistent with the Court's order dated September 19, 2024, which instructed that Defendants' Surreply not introduce 'any new evidence,' Defendants [did] not cite[] [the Stulz Sur-Reply Report] or [Plaintiffs' expert's] deposition transcript in their [Sur-Reply]." ECF 227 at 21. Defendants' filing of the Stulz Sur-Reply Report, however, is in defiance of the Court's order that "***[t]he parties should not file any new evidence***."  ECF 219 at 3.  After receiving a deficiency notice

---

[3]    Defendants later received an extension for their opposition and page limits (with Plaintiffs' reply deadline and page-limits also extended correspondingly), however, the Court did not alter any other aspect of the class certification briefing schedule at that time.  *See* ECF 181, 213.

from the Court, Defendants than re-filed their Stulz Sur-Reply Report on October 7, 2024, along with their evidentiary hearing request.  ECF 228, 228-1.[4]

### III.   LEGAL STANDARD

Testifying experts must disclose a complete statement of all opinions "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  "When 'a movant has injected new evidentiary materials in a reply without affording the nonmovant an opportunity for further response,' the court may in its discretion decline to consider them."  *BHI Energy I Power Servs., LLC v. KVP Energy Servs., LLC*, 2023 WL 223179, at *3 (N.D. Tex. Jan. 17, 2023) (striking new reply evidence).[5]  Courts routinely decline to consider evidence that is filed for the first time in a reply brief.  *De Boulle Diamond & Jewelry, Inc. v. Boulle, Ltd.*, 2016 WL 5870843, at *1 n.* (N.D. Tex. Oct. 6, 2016) (declining to consider "new evidence [that] was filed without leave of court"); *Digit. Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 771 (N.D. Tex. 2012) (same).

Additionally, district courts in the Fifth Circuit enjoy "broad discretion in controlling [their] own docket."  *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 346 (5th Cir. 1991).  This broad discretion applies to sur-replies, which the Fifth Circuit has repeatedly held "'are heavily disfavored by courts.'"  *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014).

Here, the Court should exercise its discretion and strike Defendants' new evidence submitted for the first time in their Sur-Reply and again in their evidentiary hearing request.  Or, in the alternative, the Court should grant Plaintiffs leave to file their own responsive expert report.

---

[4]   Plaintiffs filed a response to Defendants' evidentiary hearing request on October 14, 2024.  ECF 229.

[5]   Citations are omitted and emphasis is added throughout unless otherwise indicated.

4865-1681-2016.v1

## IV. THE COURT SHOULD STRIKE THE STULZ SUR-REPLY REPORT BECAUSE IT VIOLATES THE COURT'S SEPTEMBER 19, 2024 ORDER

The Stulz Sur-Reply Report must be stricken because it defies a Court order.  In granting Defendants the opportunity to file a sur-reply and setting an accompanying briefing schedule, the Court was clear: "***[t]he parties should not file any new evidence***."  ECF 219 at 3 (emphasis in original).  Defendants directly acknowledged the Court's requirement in their Sur-Reply.  *See* ECF 227 at 21 ("Consistent with the Court's order dated September 19, 2024, which instructed that Defendants' surreply not introduce 'any new evidence,' . . . .").  Nevertheless, Defendants filed their Stulz Sur-Reply Report – 40 pages of impermissible new evidence.  Defendants should not be permitted to violate a Court order, especially when the Court provided that Plaintiffs, and their expert, should have the last word on Plaintiffs' class certification motion.  *See* ECF 219 (allowing plaintiffs to file a response to Defendants' Sur-Reply, but disallowing the submission of further evidence after Plaintiffs' expert's rebuttal report).

While Dr. Feinstein's rebuttal report, submitted with Plaintiffs' reply in support of their motion for class certification, was directly contemplated and permitted by the Court's Scheduling Order (ECF 146), and ***agreed-to*** by the parties (ECF 96 at 3-4), the Stulz Sur-Reply Report was expressly prohibited.  ECF 219.  And unless the Stulz Sur-Reply Report is stricken, or Plaintiffs' expert is given the opportunity to respond, Plaintiffs will be prejudiced by Defendants' defiance.  For example, the Stulz Sur-Reply Report includes 40 pages of new opinions and lists 18 new sources of materials considered that were not cited in any of the previous expert reports submitted in this case, including ten new academic articles, four new *Seeking Alpha* articles, and one new analyst report, book, data source, and legal document.  *See* ECF 227-1, Appendix B.  Plaintiffs and their expert were not afforded an opportunity to consider or respond to this information, or test it in a deposition, and Defendants' actions fly in the face of the Court's September 19, 2024 Order directing the parties to "***not file any new evidence***."  ECF 219 at 3 (emphasis in original).

- 4 -

4865-1681-2016.v1

- 5 -

The lone case Defendants cite to support their suggestion that they should be allowed to violate an express court order grants them no such permission. Defendants cite *Anadarko* for the notion that a district court abuses "its discretion by denying motion for leave to file surreply and accompanying expert report." ECF 227 at 21; *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 773 (5th Cir. 2024). However, the *Anadarko* opinion makes no mention of requiring an accompanying expert report to be filed with the defendants' sur-reply. *Anadarko*, 99 F.4th at 774 ("The district court therefore abused its discretion by denying Anadarko leave to file a sur-reply."). The opinion merely directed the district court to grant Anadarko leave to file a sur-reply, *id.*, which is exactly what this Court already allowed. ECF 219.

Class certification briefing has already been extended by months at Defendants' request to include a sur-reply and sur-response briefing. Defendants should not be permitted to continue to file new submissions, to which Plaintiffs must fairly respond, and thereby further delay class certification proceedings, especially when this Court has already prohibited them from doing so.

## V.   CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court strike the Stulz Sur-Reply Report or, in the alternative, grant Plaintiffs leave to file a responsive expert report in the form of Exhibit A attached hereto.

DATED:  October 16, 2024

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (admitted *pro hac vice*)
RACHEL JENSEN (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
MEGAN A. ROSSI (admitted *pro hac vice*)
HEATHER GEIGER (admitted *pro hac vice*)
JEREMY W. DANIELS (admitted *pro hac vice*)

/s/ Kevin A. Lavelle
KEVIN A. LAVELLE

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
rachelj@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX 75219
Telephone: 214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao