UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § § § § § § § § § | Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS | | |

**JOINT ADVISORY TO MAGISTRATE JUDGE BEMPORAD IN ADVANCE OF NOVEMBER 14, 2024 DISCOVERY STATUS CONFERENCE**

4887-2300-5938.v3

On October 1, 2024, the Special Discovery Master, Magistrate Judge Henry J. Bemporad, ordered the Parties[1] to file a Joint Advisory by October 22, 2024.  ECF 224 (the "Order").  The Parties respectfully submit the following in compliance with the Order.

**A.     Cassava's List of Documents the U.S. Securities and Exchange Commission ("SEC") Provided to Cassava During the SEC's Investigation**

   1.   **10 Western Blot Images**

- DOJ-WANG-0000040147
- DOJ-WANG-0000040149
- DOJ-WANG-0000040150
- DOJ-WANG-0000026501
- DOJ-WANG-0000040153
- DOJ-WANG-0000040152
- DOJ-WANG-0000040156
- DOJ-WANG-0000040155
- DOJ-WANG-0000040157
- DOJ-WANG-0000026564

   2.   **4 Excel Spreadsheets**

- DOJ-WANG-0000063889
- SEC-USDOJ-E-0001025
- SEC-USDOJ-E-0001027
- SEC-USDOJ-E-0001002

---

[1]   The "Parties" are lead plaintiff Mohammad Bozorgi, additional plaintiffs Ken Calderone and Manohar Rao (together, "Plaintiffs"), and Cassava Sciences, Inc. ("Cassava" or the "Company"), Remi Barbier, and Eric J. Schoen (together with Cassava, "Defendants").

   3. **May 14, 2020 Email from Dr. Burns to Dr. Wang + Attachment**

- SEC-USDOJ-E-0001003
- SEC-USDOJ-E-0001004

**B.**  **Cassava's Statement of Cassava Employees and Officers the SEC Deposed During Its Investigation**

 1. September 12 & 13, 2023 – Dr. Lindsay Burns

 2. September 15, 2023 – Remi Barbier

 3. November 8, 2023 – Benjamin Thornton

 4. November 9, 2023 – Michael Marsman

 5. November 15, 2023 – Eric Schoen

 6. March 4, 2024 – Remi Barbier

 7. March 7, 2024 – Dr. Lindsay Burns

Subsequent to the sharing of this list with Plaintiffs, Plaintiffs responded that Cassava "improperly and unilaterally limited their response only to Cassava employees and officers." The only issue Plaintiffs have ever raised, and the only issue discussed at the September 30, 2024 discovery hearing, is the depositions of Cassava witnesses.

**C.**  **Plaintiffs' Response**

It is not clear that Cassava complied with the Court's Order, which required Defendants to file a list of "persons that, to their knowledge, were deposed as part of the SEC's investigation." ECF 224 at 1. Cassava appears to have improperly and unilaterally limited their response only to Cassava employees and officers. For example, Dr. Wang does not appear on Defendants' list. The Court should direct Defendants to comply with the Court's order and provide the full list of persons deposed, to their knowledge, in the SEC investigation, all of whom are likely percipient witnesses.

**D.     Defendants' Privilege Log**

    **1.     Plaintiffs' Position**

On September 29, 2024, Defendants served a privilege log with nearly 3,000 entries.[2] To date, Plaintiffs have identified over 1,200 entries that appear non-privileged for several reasons, including: (i) no attorney author or recipient; (i) third-party inclusion or access; and (iii) non-privileged email attachment. Additionally, many redaction entries lack a Bates number, and Plaintiffs have inquired whether the documents have been produced. Plaintiffs are also unable to assess certain privilege claims because factual information for a subset of log entries has itself been redacted. Finally, Plaintiffs have requested the basis for Defendants' assertion of the "common interest privilege" for a number of entries. On October 17, 2024, Plaintiffs, requested that information on each of these issues be provided to facilitate the Parties' meet and confer. On October 21, 2024 at 7:26 p.m., Defendants provided an initial response to Plaintiffs' inquiries. Plaintiffs are reviewing Defendants' positions and expect further exchanges of information will be necessary before the issues are resolved or ripe to bring to the Court's attention.

    **2.     Defendants' Position**

On October 21, 2024 Defendants responded to Plaintiffs' list of documents, explaining that (1) attorney-client privilege is not limited to communications with an attorney, *see, e.g., OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, No. CIV.A. H-11-3061, 2013 WL 6002166, at *3 (S.D. Tex. Nov. 12, 2013); (2) communications involving third parties can remain privileged, *see, e.g., Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 134-35 (E.D. Tex. 2003); and (3) the transmission of attachments in the course of seeking or providing legal advice

---

[2] On October 3, 2023, Defendants stated that "most or all" of the documents that had been taken off their draft privilege log and downgraded as not privileged would be produced within ten business days. Eighteen days have now passed, but those documents have not yet been produced.

- 3 -

is privileged, *see, e.g., Wolff v. Biosense Webster, Inc.*, No. EP-17-CV-00328-PRM, 2018 WL 3795302, at *3 (W.D. Tex. Aug. 8, 2018). Further, redaction of the subject line of an email is appropriate when it reveals part of the substance of the privileged communication. *NovaFund Advisors, LLC v. Capitala Grp., LLC*, No. 3:18-CV-01023 (MPS), 2021 WL 2109112, at *5 (D. Conn. May 25, 2021). And the common interest privilege is widely recognized. Defendants are preparing a production of redacted documents, and will update the log with Bates numbers when those documents are produced. Defendants welcome a meet and confer when Plaintiffs have completed their analysis of the privilege log, which Plaintiffs state is ongoing.

### E. The Parties' Positions Regarding the SEC Deposition Transcripts

#### 1. Plaintiffs' Position

After the September 30, 2024 hearing with the Special Discovery Master, Plaintiffs confirmed with the SEC that the agency has no objection to Defendants requesting the SEC deposition transcripts and providing them to Plaintiffs. Plaintiffs informed Defendants of the SEC's position on October 2, 2024.

On October 3, 2024, Defendants refused to take any further steps regarding the SEC deposition transcripts, other than to state that they would later identify the list of SEC witnesses, as required by the Order. Nevertheless, Defendants asked for additional information regarding Plaintiffs' conversation with the SEC, which Plaintiffs provided the same day. Plaintiffs also reminded Defendants that the Parties had reached an agreement nine months prior that the SEC deposition transcripts would be requested by Defendants and produced to Plaintiffs. Despite Plaintiffs' repeated follow-up requests, Defendants have failed to respond.

Because Defendants already agreed to produce the SEC deposition transcripts, and the SEC has confirmed that Defendants may request them and reproduce them to Plaintiffs without objection, no dispute remains; Defendants are just stonewalling. Therefore, Plaintiffs request the

Special Discovery Master direct Defendants to request the SEC deposition transcripts, and any exhibits thereto, from the SEC, and promptly provide them to Plaintiffs.

### 2. Defendants' Position

Plaintiffs have demanded that Defendants produce information related to ongoing government investigations, including SEC deposition transcripts as well as the May 14, 2020 email described below. Because ongoing disclosure of sensitive information relating to those investigations threatens to inhibit Defendants' defenses and to otherwise impede the government investigations, Defendants filed a Motion to Stay Merits Discovery on May 10, 2024. ECF 160. On August 5, 2024, after a hearing, Judge Ezra temporarily granted that Motion to Stay, and authorized Defendants to "re-raise the motion to stay" at a later date. *See* ECF 203. In the meantime, Judge Ezra appointed Judge Bemporad as the Special Discovery Master to help the parties resolve their discovery disputes in light of the investigations.

Rather than engage in good faith discussions regarding what transcripts, if any, should be produced in light of the investigations, Plaintiffs simply continue to assert that "there is no dispute" and demand immediate production of any and all transcripts. Accordingly, Defendants intend to refile their Motion to Stay. Far from "stonewalling," however, Defendants remain open to conferring on the topic of producing certain deposition transcripts.

## F. Other Discovery Disputes That Remain Outstanding

### 1. Plaintiffs' First Interrogatories to Defendant Remi Barbier

Plaintiffs' February 7, 2024 interrogatory asked defendant Barbier to identify the basis for his statement that Cassava expected "significant multi-year capital inflows" from an unidentified source. ECF 176 (the "Complaint"), ¶474. As noted in Plaintiffs' September 27, 2024 submission to the Special Discovery Master (ECF 221) (Plaintiffs' "Submission"), Barbier's objections to the interrogatory have been resolved, but he has still not provided a response. On October 9, 2024,

- 5 -

defendant Barbier's counsel represented that he would respond in less than three weeks (to an interrogatory that has been pending for eight months). Still, as of this filing, no substantive answer has been provided. As the Special Discovery Master is aware, this information is necessary to propound further discovery on the issue, and a prompt response is necessary to avoid further delay.

### 2. Plaintiffs' July 19, 2024 Second Document Requests to Defendants

#### a. Plaintiffs' Position

As detailed in their Submission, Plaintiffs served document requests on Defendants regarding the recent disclosures of Dr. Wang's indictment for data manipulation, Defendants Barbier's and Burns's resignations from Cassava, and Defendants' public Form 8-K filing, which: (i) supplemented incomplete Class Period SEC disclosures that Plaintiffs allege to be false and misleading; (ii) disclosed evidence that defendant Burns unblinded Dr. Wang in the Company's Phase 2 clinical trial at issue in this case; and (iii) detailed Dr. Wang's extensive financial conflicts of interest, as a result of the SEC's investigation (the "Second Requests"). *See* ECF 221 at 5-7.

Defendants refuse, however, to produce responsive documents, primarily on the ground that the disclosures post-date the Class Period ending on October 12, 2023, or in the alternative, because these requests are irrelevant to Plaintiffs' allegations. Neither of these arguments is compelling as "[t]here is no rule that discovery be constrained to a particular time period beyond the general standard under Rule 26(b)(1) requiring that discovery be relevant and proportionate." *In re BofI Holding, Inc. Sec. Litig.*, 2021 WL 1812822, at *5 (S.D. Cal. May 6, 2021); *id*. at *6 (permitting discovery of events eight months after class period); *Karinski v. Stamps.com, Inc.*, 2020 WL 5084093, at *2 (C.D. Cal. July 21, 2020) (seven months after class period). Moreover, as previously explained in Plaintiffs' Submission and during the September 30, 2024 hearing, the recent disclosures are directly relevant to the information Plaintiffs allege was omitted from Defendants' Class Period misstatements in the *current* complaint. *See* ECF 221 at 6-7 (previously

- 6 -

undisclosed conflicts of interests, data manipulation, and Dr. Wang's unblinding, as well as the resulting government investigations, are all relevant to existing claims and defenses).[3]

Rather than dispute that the requests are relevant to claims in Plaintiffs' current complaint, Defendants falsely suggest that Plaintiffs have delayed in supplementing their complaint with the continued revelations that occurred this summer and that Plaintiffs intend on amending the Class Period. Plaintiffs, however, provided a draft of their supplemented allegations to Defendants on July 19, 2024, only days after Cassava announced Barbier and Burns resignations on July 17, 2024. Defendants did not respond indicating that they would object to the supplemented complaint until September 12, 2024. Then, on October 18, 2024, Plaintiffs provided Defendants with an updated draft of the supplemented allegations, just weeks following the SEC filing civil charges against Cassava, Barbier and Burns on September 26, 2024.[4] Moreover, the supplemented allegations do not change the Class Period.

Because Defendants continue to stand on their objections, there is a dispute as to whether Defendants are obligated to produce these documents. Plaintiffs, therefore, request that the Special

---

[3] On September 26, 2024, the SEC filed civil charges against Cassava, Barbier and Burns for misleading investors about the Company's Phase 2b Simufilam results – just as Plaintiffs allege here. *See SEC v. Cassava Scis., Inc., Remi Barbier, & Lindsay Burns*, No. 1:24-cv-01150 (W.D. Tex.). To resolve the charges, which the Company called "a very sad chapter in Cassava's history," Defendants paid over $40 million in penalties and Cassava implemented "remedial" measures. Cassava Sciences, Inc., *An Open Letter from President and CEO Rick Barry to the Cassava Community* at 1, 4 (Oct. 8, 2024), https://www.cassavasciences.com/static-files/ e3e10645-1bbd-43d8-9098-36686b6248a6.

[4] On September 26, 2024, the SEC filed civil charges against Cassava, Barbier and Burns for misleading investors about the Company's Phase 2b Simufilam results – just as Plaintiffs allege here. *See Securities and Exchange Commission v. Cassava Sciences, Inc., Remi Barbier, and Lindsay Burns*, No. 1:24-cv-01150 (W.D. Tex.). To resolve the charges, which the Company called "a very sad chapter in Cassava's history," Defendants paid over $40 million in penalties and Cassava implemented "remedial" measures. https://www.cassavasciences.com/static-files/ e3e10645-1bbd-43d8-9098-36686b6248a6

- 7 -

Discovery Master direct Defendants to search for and produce documents in response to the document requests.

### b. Defendants' Position

Defendants' Second Set of Document Requests plainly relate to allegations in Plaintiffs' proposed Second Amended Complaint, not Plaintiffs' original Complaint or Plaintiffs' Amended Complaint. Plaintiffs have stated for months they intend to seek leave to file and yet appear to have waited until after the close of briefing on the motion to certify to provide Defendants a draft supplemented complaint. Because further amending the Complaint at this stage may have significant implications for class certification, which was otherwise fully briefed, Defendants oppose further Amendment of Plaintiffs' Complaint. If Plaintiffs are granted leave to amend, Defendants will revisit their objections.

### 3. The May 14, 2020 Email

#### a. Plaintiffs' Position

As discussed at the September 30, 2024 hearing, Defendants persistently refuse to produce the May 14, 2020 email that unblinded Dr. Wang regarding Cassava's Phase 2 trial results (the "Email"). Based on publicly available information, that Email was sent from Dr. Burn's Cassava email account. When, on October 1, 2024, Plaintiffs asked for additional information about the Email's location, Defendants said the Email does not appear in Cassava's files. Plaintiffs thereafter sought additional information concerning why the Email was not in Cassava's files.

On October 16, 2024, Defendants stated the Email was no longer in their files and represented that after they received the Email from the SEC, they performed an analysis and concluded there is no evidence of selective deletion of communications between Dr. Burns and Dr. Wang, and that Cassava is not aware of any other responsive emails no longer in its unproduced custodial files. Plaintiffs requested Defendants produce the analysis Cassava conducted and asked

Defendants to confirm whether Dr. Burns deleted the Email.  Defendants have not responded to Plaintiffs' requests.

As Defendants now have the Email in their possession, which is undisputedly relevant, there is no basis for Defendants to continue withholding it, especially given that the SEC investigation is now over, as the SEC filed civil charges against defendants Cassava, Barbier and Burns for misleading investors on September 26, 2024.  Therefore, Plaintiffs respectfully request that the Special Discovery Master direct Defendants to produce the Email and any attachments.

### b. Defendants' Position

For the reasons stated in Section D.2 above, and discussed during the September 30, 2024 hearing before Judge Bemporad, Defendants will seek a stay of discovery of information obtained through cooperation with the government investigations while those investigations remain pending.

### 4. Plaintiffs' July 19, 2024 Subpoenas to Cassava Directors

#### a. Plaintiffs' Position

On July 19, 2024, Plaintiffs subpoenaed documents from Cassava's directors on the same topics as in Plaintiffs' Second Requests.  On September 27, 2024, after Plaintiffs' Submission was filed, Defendants' counsel served objections on behalf of the directors.  Like Defendants, the directors refuse to provide responsive documents principally because the requests seek documents from after the Class Period.  Defense counsel also characterized the requests as seeking documents irrelevant to Plaintiffs' allegations.  But as explained in Plaintiffs' Submission and at the September 30, 2024 hearing, the requests are relevant to the claims in Plaintiffs' operative complaint, as well as to Defendants' defenses, for the same reasons as Plaintiffs' Second Requests.  *See* ECF 221 at 6-7.  Lacking any response from Defendants' counsel on this point, Plaintiffs

request that the Special Discovery Master direct the directors to search for and produce documents in response to the subpoenas.

b. **Defendants' Position**

Cassava's Directors' position is the same as Defendants' position stated in Section E.2.b. above.

DATED:  October 22, 2024                Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (admitted *pro hac vice*)
RACHEL JENSEN (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
MEGAN A. ROSSI (admitted *pro hac vice*)
HEATHER GEIGER (admitted *pro hac vice*)
JEREMY W. DANIELS (admitted *pro hac vice*)

                */s/ Kevin A. Lavelle*
                KEVIN A. LAVELLE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
rachelj@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

|  |  |
|---|---|
|  | GLANCY PRONGAY & MURRAY LLP<br>CHARLES H. LINEHAN (admitted *pro hac vice*)<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA  90067<br>Telephone:  310/201-9150<br>310/201-9160 (fax)<br>clinehan@glancylaw.com<br><br>Counsel for Additional Plaintiff Manohar K. Rao |
| DATED:  October 22, 2024 | GIBSON, DUNN & CRUTCHER LLP<br>GREGG COSTA (TX. Bar No. 24028160)<br>TREY COX (TX. Bar No. 24003722)<br><br>        */s/ Gregg Costa (with permission)*<br>        GREGG COSTA<br><br>811 Main Street Suite 3000<br>Houston, TX 77002<br>Telephone: 346/718.6600<br>346/718.6979 (fax)<br>gcosta@gibsondunn.com<br>tcox@gibsondunn.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>MONICA K. LOSEMAN (admitted *pro hac vice*)<br>SCOTT CAMPBELL (admitted *pro hac vice*)<br>JOHN TURQUET BRAVARD (admitted *pro hac vice*)<br>1801 California Street<br>Denver, CO 80202-2642<br>Telephone: 303/298.5700<br>303/298.5907 (fax)<br>mloseman@gibsondunn.com<br>scampbell@gibsondunn.com<br>jturquetbravard@gibsondunn.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>MARY BETH MALONEY (admitted *pro hac vice*)<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: 212/351.4000<br>212/351.6315 (fax)<br>mmaloney@gibsondunn.com<br><br>Counsel for Defendants Cassava Sciences, Inc. and Eric Schoen |

- 11 -

- 12 -

| | |
|---|---|
| DATED:  October 22, 2024 | BAKER & HOSTETLER LLP<br>DOUGLAS W. GREENE<br><br>*/s/ Douglas W. Greene (with permission)*<br>DOUGLAS W. GREENE<br><br>45 Rockefeller Plaza<br>New York, NY  10111<br>Telephone: 212/847-7090<br>dgreene@bakerlaw.com<br><br>BAKER & HOSTETLER LLP<br>C. SHAWN CLEVELAND<br>2850 N. Harwood Street, Suite 1100<br>Dallas, TX  75201<br>Telephone: 214/210-1200<br>scleveland@bakerlaw.com<br><br>Counsel for Defendants Remi Barbier and Lindsay Burns |