IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES INC. SECURITIES LITIGATION | § § § § § § § § § | Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |
| This Document Relates to:<br><br>ALL ACTIONS | | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSED MOTION TO STRIKE THE EXPERT SURREPLY REPORT OF RENE M. STULZ, PH.D.**

Defendants submit the following response to Plaintiffs' Opposed Motion to Strike the Expert Surreply Report of Rene M. Stulz. ECF 232 ("Motion to Strike"). Contrary to Plaintiffs' assertions, Defendants have not violated any Order of the Court, and there is no basis to strike Dr. Stulz's Surreply Report.

## BACKGROUND

Plaintiffs filed their 35-page Reply in support of class certification on August 23, 2024, along with a supplemental report from Dr. Steven Feinstein containing 110 pages of new opinions. *See* ECF 209-5; ECF 214. A week later, Defendants filed a Motion for Extension of Time to Seek Leave to File Surreply, explaining that Defendants were entitled to respond to the extensive new evidence raised in Plaintiffs' Reply. ECF 215; *see* ECF 218. The Court then issued an Order allowing Defendants to file a 20-page Surreply, noting that "[b]ecause Plaintiffs' reply brief presented new evidence, the Court must allow Defendants to respond." ECF 219 at 3.[1] The Order instructed that "[t]he parties should not file any new evidence." *Id.*

Consistent with the Court's Order, Defendants did not mention any new evidence in their Surreply, instead citing only to evidence already before the Court. ECF 227. As an offer of proof showing what evidence Defendants would have raised, however, Defendants attached Dr. Stulz's Surreply Report to their Request for an Evidentiary Hearing, to inform the Court's decision about whether to hold a hearing. *See* ECF 227-1; ECF 228.

Plaintiffs filed their Response to Defendants' Surreply on October 15, 2024. ECF 231. Plaintiffs moved to strike Dr. Stulz's Surreply Report, or in the alternative for permission to file a third report by Dr. Feinstein, on October 16. ECF 232.

---

[1] At that time, Dr. Feinstein already had been deposed about the contents of his second report, and Dr. Stulz already had performed substantial work on his Surreply Report.

## ARGUMENT

**I.      There Is No Basis for Plaintiffs' Request to Strike Dr. Stulz's Surreply Report**

There is no basis for Plaintiffs' Motion to Strike. Contrary to Plaintiffs' rhetoric, Defendants in no way "violated" the Court's Order or "boldly attempted to circumvent the Court's instruction." ECF 232 at 1. To the contrary, Defendants expressly recognized the Court's instruction. ECF 227 at 21; ECF 228 at 1. Pursuant to the Court's Order, Defendants did not identify or discuss *any* new evidence in their Surreply. *See* ECF 227. To properly preserve any claim of error, however, Defendants needed to submit Dr. Stulz's Surreply Report as an "offer of proof," showing what new evidence Defendants would have raised in their Surreply if not for the Court's Order. *See* Fed. R. Evid. 103(a)(2); *see also, e.g.*, *Perez v. Abbott*, 2017 WL 11886257, at *2 (W.D. Tex. June 19, 2017) (permitting party to submit expert report as an offer of proof under Federal Rule of Evidence 103(a)(2)).

What's more, Defendants submitted Dr. Stulz's Surreply Report in connection with their Request for an Evidentiary Hearing, to inform the Court's decision about whether a hearing would be useful. *See* ECF 227 at 21; ECF 228 at 1. The Court can determine for itself the extent to which Dr. Stulz's report aids the Court's decision whether to hold a hearing.

Further, Plaintiffs misinterpret *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770 (5th Cir. 2024). There, the defendants filed a motion in the district court seeking leave to file a "sur-reply and accompanying expert rebuttal report in further opposition to Plaintiffs' Motion for Class Certification." *See* Ex. A (motion for leave) at 2, 6.[2] The district court denied the motion and subsequently certified the class. *See* Ex. B (district court order dated March

---

[2] All "Ex." References are to the Affidavit of Scott Campbell in Support of Defendants' Response to Plaintiffs' Opposed Motion to Strike, filed herewith.

25, 2022). The Fifth Circuit held the district court abused its discretion by denying the defendants' motion and remanded for further proceedings, reasoning the defendants were entitled to "an adequate opportunity to respond" to new evidence raised in the plaintiffs' reply. 99 F.4th at 774 (quoting *Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 296 (5th Cir. 2022)). On remand, the defendants were permitted to file a surreply and accompanying expert report. *See In re Anadarko Petroleum Corp. Sec. Litig.*, Case No. 4:20-cv-00576 (S.D. Tex.), ECF No. 237.[3]

*Anadarko* thus stands for the proposition that defendants in class certification proceedings must be provided an "adequate opportunity to respond," including through expert testimony if needed, before a court may consider evidence introduced in a plaintiff's reply. *See* 99 F.4th at 773-74 (citations omitted). Defendants respectfully submit that, given the complexities of this case and the extensive evidence submitted with Plaintiffs' Reply, an "adequate opportunity" here requires that Dr. Stulz be permitted to respond to the opinions introduced in Dr. Feinstein's second report. *Id.*; *see also, e.g.*, *In re JUUL Labs, Inc., Mktg. Sales Pracs. & Prod. Liab. Litig.*, 609 F. Supp. 3d 942, 1015 (N.D. Cal. 2022) (surreply expert report allowed in class certification proceedings); *In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 25 (S.D.N.Y. 2020) (same); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 292 F. Supp. 3d 14, 50 (D.D.C. 2017) (same). Indeed, that Plaintiffs felt compelled to respond to Dr. Stulz's Surreply Report—which is *less than half* the length of Dr. Feinstein's Reply Report—with further expert testimony of their own only emphasizes this fact.

---

[3] Class certification proceedings in *Anadarko* are ongoing in the district court. An evidentiary hearing, with live expert testimony, is set to be scheduled pending resolution of the parties' motions to exclude. *See* Ex. C (district court order dated August 12, 2024).

3

## II. Plaintiffs' Request to Submit a Third Expert Report from Dr. Feinstein Further Shows the Need for an Evidentiary Hearing

Plaintiffs' request to file a *third* report from Dr. Feinstein also further demonstrates the need for an evidentiary hearing. The parties' experts have now prepared *five* expert reports, totaling hundreds of pages, with numerous exhibits and appendixes. The Court should schedule an evidentiary hearing, where both sides' experts can explain their opinions, answer the Court's questions, and be subject to cross-examination. *See, e.g.*, Ex. C (class certification hearing held with live expert testimony); *Edwards v. McDermott Int'l, Inc.*, 2024 WL 1769325 (S.D. Tex. Apr. 24, 2024) (same); *Erica P. John Fund, Inc. v. Halliburton Co.*, 309 F.R.D. 251 (N.D. Tex. 2015) (same); *Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597 (E.D. La. 2006) (same); *see also Funeral Consumers All., Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 350 (5th Cir. 2012) (same).

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' request to strike the Stulz Sur-Reply Report, and an evidentiary hearing should be scheduled on Plaintiffs' Motion for Class Certification.

Dated: October 23, 2024                         Respectfully submitted,

/s/ *Gregg Costa*
Gregg Costa (Tx. Bar No. 24028160)
Trey Cox (Tx. Bar No. 24003722)
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, TX 77002
Telephone: 346.718.6600
gcosta@gibsondunn.com
tcox@gibsondunn.com

Monica K. Loseman (admitted *pro hac vice*)
Scott Campbell (admitted *pro hac vice*)
John Turquet Bravard (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202-2642
Telephone: 303.298.5700
mloseman@gibsondunn.com
scampbell@gibsondunn.com
jturquetbravard@gibsondunn.com

Mary Beth Maloney (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
mmaloney@gibsondunn.com

*Counsel for Defendants Cassava Sciences, Inc. and Eric J. Schoen*

Douglas W. Greene
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.847.7090
dgreene@bakerlaw.com

C. Shawn Cleveland
BAKER & HOSTETLER LLP
2850 N. Harwood Street, Suite 1100
Dallas, TX 75201
Telephone: 214.210.1200
scleveland@bakerlaw.com

*Counsel for Defendants Remi Barbier and Lindsay Burns*

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 23, 2024, a true and correct copy of the foregoing was served electronically upon each attorney of record.

/s/ *Gregg Costa*
Gregg Costa