IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES INC. | § | |
| SECURITIES LITIGATION | § | Master File No. 1:21-cv-00751-DAE |
| | § | |
| | § | CLASS ACTION |
| This Document Relates to: | § | |
| | § | |
| ALL ACTIONS | § | |
| | § | |

**AFFIDAVIT OF SCOTT CAMPBELL IN SUPPORT OF DEFENDANTS' RESPONSE
TO PLAINTIFFS' OPPOSED MOTION TO STRIKE**

I, Scott Campbell, declare under penalty of perjury:

1.      I am an attorney at the law firm of Gibson, Dunn & Crutcher LLP, am admitted *pro hac vice* to the above-referenced action, and am counsel for Defendants Cassava Sciences, Inc. and Eric J. Schoen in the above-referenced action. I submit this affidavit in support of Defendants' Response to Plaintiffs' Opposed Motion to Strike the Expert Surreply Report of Rene M. Stulz.

2.      Attached are true and correct copies of the following exhibits:

Exhibit A:      Defendants' Motion for Leave to File Sur-Reply, ECF No. 97, *In re Anadarko Petroleum Corp. Sec. Litig.*, Case No. 4:20-cv-00576 (S.D. Tex. Feb. 13, 2022).

Exhibit B:      Order, ECF No. 110, *In re Anadarko Petroleum Corp. Sec. Litig.*, Case No. 4:20-cv-00576 (S.D. Tex. March 25, 2022).

Exhibit C:      Order, ECF No. 245, *In re Anadarko Petroleum Corp. Sec. Litig.*, Case No. 4:20-cv-00576 (S.D. Tex. Aug. 12, 2024).


I declare under penalty of perjury that the foregoing is true and correct. Executed on October 23, 2024.


                        /s/ *Scott Campbell*
                        SCOTT CAMPBELL

1

# Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| GEORGIA FIREFIGHTERS' PENSION FUND,<br>Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>vs.<br><br>ANADARKO PETROLEUM CORPORATION, R. A. WALKER, ERNEST LEYENDECKER, ROBERT G. GWIN, and ROBERT P. DANIELS,<br><br>             Defendants. | Case No. 4:20-cv-576<br><br>District Judge Charles R. Eskridge III<br><br>CLASS ACTION |

## DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND TO APPOINT CLASS REPRESENTATIVES AND CLASS COUNSEL

Pursuant to Rules 17(f) and 18(c) of Your Honor's Court Procedures, Defendants respectfully move for leave to file a 2,000-word sur-reply and a narrow and targeted rebuttal expert report in further opposition to Plaintiffs' Motion for Class Certification. Defendants respectfully request the opportunity to address the new arguments and analyses raised for the first time in Plaintiffs' Reply in Further Support of Motion for Class Certification ("Reply") (ECF No. 96) regarding the issue of price impact as it relates to the *Basic* presumption of reliance, an issue for which Defendants bear the burden of persuasion at the class certification stage.

## **BACKGROUND**

On October 1, 2021, Plaintiffs filed a Motion for Class Certification invoking the *Basic* presumption of reliance, along with an expert report by Mr. Bjorn Steinholt, in which he principally opined that Anadarko's stock traded in an efficient market after conducting an event study. (ECF Nos. 86; 86-1.)

On December 10, 2021, Defendants filed a Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification, accompanied by an expert report by Dr. Ferrell. (ECF Nos. 93; 93-1, Ex. A.) Dr. Ferrell did not dispute that Anadarko's stock traded in an efficient market. But Dr. Ferrell analyzed Anadarko's stock price movements in relation to the alleged misstatements and concluded that there was no price impact on Anadarko's stock, either at the time the statements were made or at the time of the alleged corrective disclosures, thus rebutting the *Basic* presumption of reliance.

On February 3, 2022, Plaintiffs filed their Reply along with a rebuttal report from Mr. Steinholt, which exceeded the length of his opening report. (ECF Nos. 96; 96-1.)

These submissions contain new arguments and data analyses about the price impact of the alleged corrective disclosures—as well as, Defendants submit, critical errors. Specifically:

- Mr. Steinholt conducted a new event study, on which Plaintiffs rely to argue that the news released about the Firestone, Colorado explosion could not have caused the drop in Anadarko's stock price on May 3, 2017. (ECF Nos. 96 at 4; 96-1, Ex. A at 27-29.)

- Plaintiffs newly analyze after-market trading, and argue that such after-market price movements should be used as evidence of price impact. (ECF Nos. 96 at 3-4; 96-1, Ex. A at 24-25.)

- Plaintiffs newly contend that the magnitude of Anadarko's after-market announcements on May 2, 2017 is determinative of their price impact. (ECF No. 96 at 5-6; *see also* ECF No. 96-1, Ex. A at 15-19, 23-24.)

- Mr. Steinholt renders new opinions regarding price impact, such as opining that ConocoPhillips' stock price movements do not provide any insight into the price impact of the alleged corrective disclosures on Anadarko's stock. (*Id.* at 15-19.)

As Mr. Steinholt acknowledges, "[he] did not perform a price impact analysis" in his opening report. (*Id.* at 11.) Accordingly, the entirety of this price-impact analysis was raised for the first time by Plaintiffs in their Reply. Defendants also have conferred with counsel for Plaintiffs, who have advised that Plaintiffs oppose this Motion and will be filing an opposition.[1]

---

[1] Plaintiffs have also asked Defendants to consent to Plaintiffs filing a sur-sur-reply, should this Court grant Defendants leave to file a sur-reply on the issue of price impact, to which Defendants are opposed.

## **ARGUMENT**

When a moving party raises new legal theories not included in their motion or presents new evidence at the reply stage, a sur-reply is appropriate to afford the non-moving party a meaningful opportunity to respond. *See, e.g.*, *Makhlouf v. Tailored Brands, Inc.*, 2017 WL 1092311, at *5, *8 (S.D. Tex. Mar. 23, 2017). Permitting a sur-reply ensures that the relevant issues are fully briefed and is consistent with the interests of justice. *Id.* at *8 (permitting a sur-reply to be filed where "[the moving party] has introduced new evidence in its [r]eply" because "full briefing is fair and useful to the adjudication of the case"); *see also Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 338 (5th Cir. 2017); *La Union del Pueblo Entero v. Fed. Emergency Mgmt. Agency (FEMA)*, 2016 WL 6915962, at *1 (S.D. Tex. Apr. 12, 2016).

In light of these important considerations, district courts have permitted defendants in securities fraud cases to file sur-replies regarding the issue of price impact at the class certification stage. *See, e.g.*, *In re Mattel, Inc. Sec. Litig.*, No. 19-cv-10860, ECF Nos. 131, 133 (C.D. Cal. Sept. 9, 2021) (granting sur-reply in light of new arguments, expert opinions and evidence regarding price impact); *In re Goldman Sachs Grp, Inc., Sec. Litig.*, No. 10-cv-3461, ECF Nos. 156, 158 (S.D.N.Y. June 8, 2015) (same, in light of new evidence); *see also In re BP p.l.c. Sec. Litig.*, No. 10-md-2185, ECF Nos. 686, 687 (S.D. Tex. Nov. 8, 2013) (granting sur-reply in light of new damages methodologies and arguments).

Defendants request leave to submit a short sur-reply for the following reasons:

*First*, Plaintiffs and their expert have raised several new arguments and conducted new analyses regarding price impact to which Defendants have not had the opportunity to respond.

*Second*, Defendants will be unfairly prejudiced in the absence of an opportunity to respond at this critical stage, particularly since Defendants bear the burden of rebutting the *Basic* presumption of reliance at class certification. Defendants submit that Plaintiffs' Reply and Mr. Steinholt's rebuttal report contain critical methodological errors that are best explained in writing ahead of any oral argument the Court may grant.

*Third*, a sur-reply should assist the Court in resolving the relevant factual disputes with respect to price impact. As the Supreme Court recently noted, courts "should be open to all probative evidence on [the] question—qualitative as well as quantitative—aided by a good dose of common sense" in evaluating price impact arguments. *Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*, 141 S.Ct. 1951, 1960 (2021). Affording Defendants an opportunity to respond to Plaintiffs' new arguments and evidence on price impact will ensure that this Court is well-positioned to examine and assess all probative evidence on this critical topic.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant leave to file a 2,000-word sur-reply and accompanying expert rebuttal report in further opposition to Plaintiffs' Motion for Class Certification. Counsel for Plaintiffs have advised that they will aim to produce the materials considered by Mr. Steinholt in forming the opinions expressed in his rebuttal report by February 14, 2022. Defendants therefore request permission to file a sur-reply and accompanying report on February 28, 2022, two weeks after that date.

Dated: February 13, 2022          Respectfully submitted,

                                  */s/ Daniel Slifkin*

                                 **CRAVATH, SWAINE & MOORE LLP**
Daniel Slifkin (*pro hac vice*)
Benjamin Gruenstein (*pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
dslifkin@cravath.com
bgruenstein@cravath.com

**SHIPLEY SNELL MONTGOMERY LLP**
George T. Shipley
State Bar No. 18267100
Federal ID No. 02118
712 Main Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 652-5920
Facsimile: (713) 652-3057
gshipley@shipleysnell.com

                    *Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

In accordance with Rule 17(a) of Your Honor's Court Procedures, I hereby certify that counsel for Defendants has conferred with Plaintiffs' counsel regarding their position on this Motion. Counsel for Plaintiffs have advised that Plaintiffs oppose this Motion and will be filing an opposition.

Dated: February 13, 2022

*/s/ Daniel Slifkin*

Daniel Slifkin

## CERTIFICATE OF WORD COUNT

In accordance with Rule 18(c) of Your Honor's Court Procedures, I hereby certify that this document contains 1,075 words, exclusive of the caption, the signature block and the certificates.

Dated:  February 13, 2022

*/s/ Daniel Slifkin*

Daniel Slifkin

**CERTIFICATE OF SERVICE**

I certify that on February 13, 2022 I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

*/s/ Daniel Slifkin*                

Daniel Slifkin

# Exhibit B

United States District Court
Southern District of Texas
**ENTERED**
March 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|                          |   |                          |
|--------------------------|---|--------------------------|
|                          | § | CIVIL ACTION NO.         |
|                          | § | 4:20-cv-00576            |
|                          | § |                          |
|                          | § |                          |
| IN RE: ANADARKO          | § | JUDGE CHARLES ESKRIDGE   |
| PETROLEUM                | § |                          |
| CORPORATION              | § |                          |
| SECURITIES               | § |                          |
| LITIGATION               | § |                          |

ORDER

Pending is a motion by Defendants for leave to file a surreply to Plaintiffs' motion for class certification. Dkt 97.

The decision to allow a surreply rests "within the sound discretion of the district court." *Embry v Hibbard Inshore LLC*, 803 F Appx 746, 749 (5th Cir 2020, *per curiam*). "A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Kozak v Medtronic Inc*, 2006 WL 237000, *4 (SD Tex) (quotation marks and citation omitted). "Leave to file a surreply is not appropriately granted where the proposed surreply does not include new arguments or evidence or merely restates arguments in the movant's response." *Makhlouf v Tailored Brands Inc*, 2017 WL 1092311, *5 (SD Tex).

Plaintiffs relied in part on the *Basic* presumption in their motion for class certification. Dkt 86 at 20; see also *Basic Inc v Levinson*, 485 US 224 (1988). Defendants sought to rebut this presumption by arguing that other negative information—released the same day as the negative information alleged to have been fraudulently concealed—caused the stock-price drop at issue. Dkt 93 at 16–18. But Defendants chose not to provide an event study. Plaintiffs in reply submitted their own event study that

controlled for the other negative information, purportedly demonstrating that this information only had a marginal effect on the stock price. See Dkt 96 at 5–10. This reply squarely responded to arguments in Defendants' response. It didn't introduce new arguments or evidence. A surreply is therefore inappropriate.

The motion by Defendants for leave to file a surreply in further opposition to Plaintiffs' motion for class certification is DENIED. Dkt 97. Class certification will rise or fall with what is fairly briefed in the papers under the Local Rules of the Southern District of Texas.

SO ORDERED.

Signed on March 25, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

# Exhibit C

United States District Court
Southern District of Texas

**ENTERED**

August 12, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|                        |   |                         |
|------------------------|---|-------------------------|
|                        | § | CIVIL ACTION NO         |
|                        | § | 4:20-cv-00576           |
|                        | § |                         |
|                        | § |                         |
| IN RE: ANADARKO        | § | JUDGE CHARLES ESKRIDGE  |
| PETROLEUM              | § |                         |
| CORPORATION            | § |                         |
| SECURITIES             | § |                         |
| LIGITATION             | § |                         |
|                        | § |                         |

ORDER

Pending is a letter from Defendants Anadarko Petroleum Corporation, R.A. Walker, Robert G. Gwin, Robert P. Daniels, and Ernest A. Leyendecker, III, requesting that (i) live expert testimony be allowed at the upcoming hearing on class certification, and (ii) the hearing on August 27, 2024, be continued until such time as a motion by Plaintiff (seeking leave to file a motion to exclude experts) is resolved. A response letter by Plaintiff Georgia Firefighters' Pension Fund doesn't oppose either request.

The request to present live expert testimony is GRANTED.

The request to continue the class certification hearing is also GRANTED.

The Case Manager will confer with the parties to determine a suitable date.

So ordered.

Signed on August 12, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge