UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE CASSAVA SCIENCES, INC. SECURITIES LITIGATION § § § § § § § §<br><br>This Document Relates to:<br><br>ALL ACTIONS. | Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |

**ORDER**

Now before the Court are Plaintiffs' Motion to Strike the Expert Sur-Reply Report of René M. Stulz, Ph.D., filed October 16, 2024 (Dkt. 232), and Defendants' Response, filed October 23, 2024 (Dkt. 234). By Text Order entered October 17, 2024, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

Named Plaintiffs Mohammad Bozorgi, Ken Calderone, and Manohar K. Rao bring this securities fraud class action lawsuit, on behalf of themselves and all others similarly situated, against Defendants Cassava Sciences, Inc. and Cassava executives Remi Barbier, Eric Schoen, Lindsay Burns, and Nadav Friedmann. Plaintiffs allege that Defendants engaged in a fraudulent scheme to promote their experimental Alzheimer's drug, simufilam, by concealing facts that undermined the integrity of Cassava's research. Amended Complaint, Dkt. 176 ¶ 1. Plaintiffs, who purchased Cassava securities between September 14, 2020 and October 12, 2023 ("Class Period"), allege that they suffered damages as a result of Defendants' federal securities law violations, false and misleading statements, and material omissions. Plaintiffs assert claims under Sections 10(b)

and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, and Rule 10b-5, 17 C.F.R. §240.10b-5.

Plaintiffs filed an Opposed Motion for Class Certification, seeking to certify a Class of "all purchasers or acquirers of Cassava common stock or call options on Cassava common or sellers of put options on Cassava common stock" during the Class Period. Dkt. 148 at 12. Defendants filed a response, and Plaintiffs filed a reply. Because Plaintiffs' reply brief presented new evidence, the Court issued an Order on September 19, 2024 permitting Defendants to file a surreply brief and Plaintiffs to file a response to the surreply. Dkt. 219. The Court stated in the Order: "**The parties should not file any new evidence**." *Id.* at 3. The Court also ordered the parties to submit redacted versions of all sealed documents filed since March 13, 2024. *Id.* at 4.

Defendants filed their surreply on October 4, 2024, and attached a new 40-page expert surreply report dated the same day from Stulz, their rebuttal expert. Dkts. 227, 227-1. Plaintiffs move to strike Stulz's report because it is new evidence, in violation of the Court's September 19, 2024 Order. Defendants argue that they complied with the Order because they "did not identify or discuss *any* new evidence in their Surreply" and simply attached Stulz's expert surreply report to their brief "as an 'offer of proof,' showing what new evidence Defendants would have raised in their Surreply if not for the Court's Order." Dkt. 234 at 3.

The Court finds that Stulz's expert surreply report constitutes new evidence filed in violation of the September 19, 2024 Order. Plaintiffs' Motion to Strike the Expert Sur-Reply Report of René M. Stulz, Ph.D., (Dkt. 232) is **GRANTED** and the Court **ORDERS** the Clerk to **STRIKE** the Expert Sur-Reply Report of René M. Stulz, Ph.D. (Dkt. 227-1) from the record.

The Court **FURTHER ORDERS** Defendants to file a redacted version of Defendants' Sealed Opposition to Plaintiffs' Motion for Class Certification (Dkt. 179-2) and associated Exhibits by **October 31, 2024**.

**SIGNED** on October 24, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE