UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | § § § § § § § § § § § § Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS DISCLOSED TO THE U.S. SECURITIES AND EXCHANGE COMMISSION AND U.S. DEPARTMENT OF JUSTICE**

4862-2931-3467.v1

Plaintiffs respectfully submit this reply in support of their Motion to Compel Defendants to Produce Documents Disclosed to the SEC and DOJ (ECF 152, Exhibit ("Ex.") 1) ("Motion" or "Mot.").[1]

## I. NO SETTLEMENT PRIVILEGE SHIELDS THE WITHHELD DOCUMENTS

### A. No "Settlement Privilege" Exists, Particularly in this Novel Context

Though the "'majority of courts'" – including the Fifth Circuit – do not recognize the *Goodyear* "'settlement privilege'" (Mot. at 6 (quoting *Two-Way Media LLC v. AT&T Inc.*, 2011 WL 13113724, at *2 (W.D. Tex. Mar. 7, 2011)), Defendants ask this Court to disregard the clear weight of authority. Tellingly, Defendants do not address the U.S. Supreme Court's mandate that the public has "'a right to every man's evidence'" and that "'any exemptions which may exist are distinctly exceptional, being so many derogations from a positive general rule.'" *Jaffe v. Redmond*, 518 U.S. 1, 9 (1996). Nor do Defendants acknowledge that the U.S. Supreme Court has identified a number of considerations to guide whether a "'distinctly exceptional'" new privilege should be implied under Federal Rule of Evidence ("FRE") 501. *Id.* Defendants, in fact, ignore entirely that courts, including Texas district courts, dutifully applying the U.S. Supreme Court's test, have determined that ***no such "settlement privilege" exists***.[2] Mot. at 6-8. And the only court in this District to consider the privilege has likewise declined to recognize it. *Two-Way*, 2011 WL 13113724, at *3; Mot. at 6. Defendants, thus, fall short of their burden to establish that such a disfavored privilege applies here. Mot. at 4-5.

---

[1] Unless otherwise noted, defined terms are the same as used in the Motion and all citations are omitted and emphasis is added throughout.

[2] None of Defendants' cases, including *Goodyear* itself, undertake the requisite analysis for implying a new privilege, and none concern documents voluntarily disclosed to the government during its investigation, as here. *See Software Tree, LLC v. Red Hat, Inc.*, 2010 WL 2788202 (E.D. Tex. June 24, 2010); *Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548 (E.D. Cal. 1990); *Hasbrouck v. BankAmerica Hous. Servs.*, 187 F.R.D. 453 (N.D.N.Y. 1999); Mot. at 7. Indeed, two of Defendants' own cases ***reject*** any such privilege. *See Tyco Healthcare Grp. LP v. E-Z-EM, Inc.*, 2010 WL 774878, at *2 (E.D. Tex. Mar. 2, 2010) ("The *Goodyear* privilege ***does not apply*** in light of the Federal Circuit's ruling in *ResQNet*."); *ABN AMRO, Inc. v. Cap. Int'l Ltd.*, 2006 WL 6898001, at *1 (N.D. Ill. Jan. 30, 2006) ("[T]he Seventh Circuit has ***declined to recognize*** a broad 'settlement privilege.'"). Defendants, moreover, do not dispute that more recent Eastern District of Texas cases have rejected *Goodyear*. Mot. at 6-7.

Nevertheless, Defendants go a step further, asking the Court to apply a non-existent privilege in a context *never* before approved by *any* court. Defendants do not cite a *single* case finding a settlement privilege shields documents from discovery, where, as here, a party voluntarily disclosed them to the government as Cassava did with the "white paper" and the three "presentations" at issue (the "Withheld Documents"). Instead, the "'overwhelming'" weight of authority holds that selectively disclosing such materials to the government to dissuade it from bringing legal action, as Cassava did here, waives any privilege. *See* Mot. at 5-6, 10 (quoting *SEC v. Brady*, 238 F.R.D. 429, 440 (N.D. Tex. 2006)); *see also* Mot. at 3-4; Mot., Ex. C at 2 (conceding that the "purpose" of the Withheld Documents was to dissuade the government from pursuing legal action). Leaving aside whether the *Goodyear* privilege could ever apply, it plainly does not apply in this setting. Indeed, this novel application would expand a largely disfavored judicially-created privilege in an unprecedented way, nullify established precedent prohibiting selective disclosure, and fly in the face of Congress's intent through FRE 408 to limit admissibility, but *not discoverability*, of settlement materials. *See* Mot. at 7-8.

In any event, Defendants do not, and cannot, claim that *Goodyear's* policy justifications are present here. *See id.* at 8-9. Defendants do not claim, for example, that they provided "unreliable puffery" to the government. Rather, Defendants admit the Withheld Documents are based on "factual" information, which does not warrant protection under *Goodyear's* own reasoning. *Id.* at 9.

### B.     In Any Event, the Withheld Documents Are *Not* Settlement Materials

Even if a *Goodyear* privilege somehow exists and could be applied in this context (it does not and cannot), Defendants did not demonstrate that the Withheld Documents fall within its scope. In fact, they cite *no evidence* establishing the Withheld Documents were part of settlement discussions in the first place. Rather, Defendants admit they were to "fully inform[]" the SEC and DOJ as part of Cassava's voluntary "cooperati[on]" – *not* settlement negotiations. ECF 155, Ex. 1 ("Response" or "Rsp.") at 2; Mot. at 3-4, 9 (explaining Defendants do not claim: (1) the Withheld Documents were designated as settlement materials;

(2) a settlement offer was made; or (3) the government acknowledged settlement discussions were occurring).[3]

Defendants, moreover, do not dispute that the SEC's Enforcement Manual makes clear that the Withheld Documents are ***not*** deemed protected settlement materials. *See* Mot. at 4; Ex. A at 37 (The SEC may use the information provided "as an admission" and may reject documents if parties seek to "limit" their admissibility under FRE 408.).[4] Nor do Defendants assert that the Withheld Documents were provided under a confidentiality agreement with the SEC or DOJ. Mot. at 9; §II, *infra*.

Finally, Defendants do not dispute the relevance of the Withheld Documents, instead suggesting a "'heightened'" showing is somehow required. Rsp. at 4. But the case Defendants cite holds the opposite. *See In re Initial Pub. Offering Sec. Litig.*, 2004 WL 60290, at *2 (S.D.N.Y. Jan. 12, 2004) (rejecting argument that "Wells submissions are settlement materials, discovery of which requires a 'particularized showing of relevance that Plaintiffs cannot satisfy.' **Neither of these contentions is correct**."). Indeed, the court explicitly held: "[T]he discovery of settlement materials ***is not*** governed by a different standard than other documents under the Federal Rules of Civil Procedure." *Id.* at *2, *5 (reasoning that the federal rules "permit the discovery of 'any matter . . . that is relevant'") (ellipsis in original). Here, too, "[t]here can be no serious doubt" the Withheld Documents are relevant. *Id.* at *5. After all, they "were drafted precisely to address, and rebut, the same charges that plaintiffs raise here." *Id.*; *see* Rsp. at 2 (agreeing the SEC and DOJ investigations were "inquiring into those same allegations" as made in this case); *see also* Mot. at 2-4.

Defendants' claim that the production of the Withheld Documents "threatens to disrupt" their "real time" negotiations and "thereby inhibit the Federal Investigations" lacks merit. Rsp. at 1. First, the four documents sought in this Motion are nearly a year old and thus have no impact on any ongoing purported

---

[3] Defendants' out-of-Circuit case of *Roberts v. Legacy Meridian Park Hosp., Inc.*, 2015 WL 5813249 (D. Or. Oct. 5, 2015), is inapposite. That case concerned private, civil litigation, not government investigations, and there was record evidence of an actual settlement offer, unlike here.

[4] Exhibits A-B are attached to the affidavit of Kevin A. Lavelle in support of this reply, filed concurrently on the public docket.

negotiations. *See* Mot., Ex. A. Second, in addition to a complete lack of evidence that the Withheld Documents were provided as part of settlement negotiations, neither the SEC nor DOJ has claimed its investigation would be "inhibit[ed]" (Rsp. at 1) by production to Plaintiffs. Not surprisingly, Defendants do not explain how the production of these year-old documents would disrupt either investigation.

## II.    DEFENDANTS WAIVED ANY WORK-PRODUCT PROTECTION

Nor does the work-product doctrine save Defendants. Whereas Defendants claim some out-of-Circuit courts have declined to find waiver from the production of work product to government agencies where there is an "expectation of confidentiality" (*id.* at 2), district courts in Texas – and the majority of courts nationwide – find that such disclosure **does** waive work-product protection. *See* Mot. at 5, 10. Defendants' own cases are in accord. *See, e.g.*, *In re Nat. Gas Commodity Litig.*, 2005 WL 1457666, at *7 & n.6 (S.D.N.Y. June 21, 2005) ("***majority*** of Circuits have adopted" a "per se waiver approach" for documents disclosed to government agencies during an investigation, and "[d]istrict court decisions in those Circuits which have not decided the issue ***mostly have rejected*** the selective waiver approach").

Yet, even under Defendants' cases, to avoid waiver, Cassava had to provide ***evidence*** of an ***explicit confidentiality agreement*** with the SEC and DOJ.[5] That, Defendants failed to do. Instead, Defendants claim they "understood" the documents would be treated as "confidential" (Rsp. at 8), but a one-sided "understanding" is not the same as agreement. In fact, to avoid any such confusion, the SEC explicitly warns against such an "understanding." For example, SEC Form 1662, which accompanies agency document requests, instructs that parties "should ***not*** assume" the SEC "agrees with" any "request, reservation of right, [or] ***understanding***" that purports to reflect a limitation upon the SEC's "use" or

---

[5] *See Winfield v. N.Y.C.*, 2018 WL 716013, at *13 (S.D.N.Y. Feb. 1, 2018) ("evidence" of confidentiality agreement); *Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*, 2010 WL 935317, at *1 (S.D.N.Y. Mar. 12, 2010) (explicit confidentiality and non-waiver agreement with SEC and USAO); *In re financialright GmbH*, 2017 WL 2879696, at *6-*7 (S.D.N.Y. June 22, 2017) (explicit non-waiver agreement with government); *Nat. Gas*, 2005 WL 1457666, at *2-*3 (explicit non-waiver and confidentiality agreement with the CFTC).

- 4 -

"transfer" of the information provided, unless "***explicitly***" agreed to "***in writing***." Ex. B at 3.  And the SEC further warns that whitepapers and presentations "may be discoverable by third parties in accordance with applicable law."  Ex. A at 37.

Next, Defendants suggest the Withheld Documents comprise attorney "'opinion'" work product entitled to "'absolute'" protection.  Rsp. at 6-7.  They are wrong on both counts.  First, the U.S. Supreme Court instructed long ago that "[t]he privilege derived from the work-product doctrine is ***not*** absolute." *United States v. Nobles*, 422 U.S. 225, 239 (1975) ("Like other qualified privileges, it may be waived.").  Thus, the Fifth Circuit holds that "disclosure ***does waive*** protection if it 'has substantially increased the opportunities for potential adversaries to obtain the information.'"  *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010); Mot. at 4.[6]

Second, Defendants' claim about opinion work product contradicts their prior admission that the Withheld Documents contain "factual" information.  *Compare* Mot. at 9, *with* Mot., Ex. C at 2-3.  In any event, "the Court need not reach these questions" about fact versus opinion work product or whether Plaintiffs demonstrated a particular "need" for the documents "because a straightforward application of waiver principles demonstrates that [Cassava] has waived any work-product protection."  *United States v. All Assets Held at Bank Julius Baer & Co.*, 315 F.R.D. 103, 113 (D.D.C. 2016); *see* Mot. at 4-6; *Brady*, 238 F.R.D. at 436-37 (requiring a typical relevance showing, and no more, in waiver analysis).

### III. CONCLUSION

For the reasons stated herein and in their Motion, Plaintiffs respectfully request an order granting the Motion and compelling Defendants to produce the four Withheld Documents.

---

[6] Defendants' citation to *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235 (5th Cir. 1982), is inapt because there was "insufficient evidence" the work papers were provided to the SEC, unlike here. *See In re Int'l Sys. & Controls Corp. Sec. Litig.*, 91 F.R.D. 552, 558 (S.D. Tex. 1981).  Further, *In re Stone Energy Corp.*, 2008 WL 4868086 (W.D. La. Nov. 4, 2008), was decided before the Fifth Circuit's holding in *Ecuadorian Plaintiffs*, 619 F.3d at 378, that disclosure to a potential adversary waives protection and is non-binding to boot.  Notably, the court in *Stone Energy* also ordered the production of fact work product, after finding that disclosure to the government ***waived*** the protection.  *See* 2008 WL 4868086, at *6.

DATED:  May 3, 2024　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　ROBBINS GELLER RUDMAN
　　　　　　　　　　　　　　　　　　　& DOWD LLP
　　　　　　　　　　　　　　　　　　DANIEL S. DROSMAN (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　RACHEL JENSEN (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　KEVIN A. LAVELLE (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　MEGAN A. ROSSI (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　HEATHER GEIGER (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　JEREMY W. DANIELS (admitted *pro hac vice*)


　　　　　　　　　　　　　　　　　　　　　*/s/ Kevin A. Lavelle*
　　　　　　　　　　　　　　　　　　　　　KEVIN A. LAVELLE

　　　　　　　　　　　　　　　　　　655 West Broadway, Suite 1900
　　　　　　　　　　　　　　　　　　San Diego, CA  92101
　　　　　　　　　　　　　　　　　　Telephone:  619/231-1058
　　　　　　　　　　　　　　　　　　619/231-7423 (fax)
　　　　　　　　　　　　　　　　　　dand@rgrdlaw.com
　　　　　　　　　　　　　　　　　　rachelj@rgrdlaw.com
　　　　　　　　　　　　　　　　　　klavelle@rgrdlaw.com
　　　　　　　　　　　　　　　　　　mrossi@rgrdlaw.com
　　　　　　　　　　　　　　　　　　hgeiger@rgrdlaw.com
　　　　　　　　　　　　　　　　　　jdaniels@rgrdlaw.com

　　　　　　　　　　　　　　　　　　Lead Counsel for Lead Plaintiff and Additional
　　　　　　　　　　　　　　　　　　Plaintiff Ken Calderone

　　　　　　　　　　　　　　　　　　KENDALL LAW GROUP, PLLC
　　　　　　　　　　　　　　　　　　JOE KENDALL (Texas Bar No. 11260700)
　　　　　　　　　　　　　　　　　　3811 Turtle Creek Blvd., Suite 825
　　　　　　　　　　　　　　　　　　Dallas, TX  75219
　　　　　　　　　　　　　　　　　　Telephone:  214/744-3000
　　　　　　　　　　　　　　　　　　214/744-3015 (fax)
　　　　　　　　　　　　　　　　　　jkendall@kendalllawgroup.com

　　　　　　　　　　　　　　　　　　Local Counsel for Lead Plaintiff and Additional
　　　　　　　　　　　　　　　　　　Plaintiff Ken Calderone

- 7 -

        GLANCY PRONGAY & MURRAY LLP
        CHARLES H. LINEHAN (admitted *pro hac vice*)
        1925 Century Park East, Suite 2100
        Los Angeles, CA  90067
        Telephone:  310/201-9150
        310/201-9160 (fax)
        clinehan@glancylaw.com

        Counsel for Additional Plaintiff Manohar K. Rao