UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § | Master File No. 1:21-cv-00751-DAE

CLASS ACTION |
| This Document Relates To:

ALL ACTIONS | § § § § § § § | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY MERITS DISCOVERY PENDING RESOLUTION OF FEDERAL INVESTIGATIONS**

# TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT.................................................................................1

II.  BACKGROUND .................................................................................................2

III. APPLICABLE LEGAL STANDARDS.................................................................3

IV.  DEFENDANTS FAILED TO SHOW A STAY IS REQUIRED TO PREVENT
     SUBSTANTIAL AND IRREPARABLE PREJUDICE.........................................4

     A.   No Indictment Has Been Brought, and the Government Is Not Seeking a Stay.............4

     B.   Defendants Made No Showing, Let Alone a Strong One, that Any Overlap
          Implicates Constitutional Concerns Here. ...................................................5

     C.   Plaintiffs Offered a Compromise to Avoid Defendants' "Prejudice." ..........................7

     D.   Plaintiffs, on the Other Hand, Would Be Prejudiced by a Stay. ...................................8

     E.   The Public Interest Weighs Against a Stay...................................................9

     F.   This Court's Interest Weighs Against a Stay. ..........................................10

V.   CONCLUSION....................................................................................................10

4890-9296-3265.v1

# TABLE OF AUTHORITIES

**Page**

## CASES

*Akuna Matata Invs., Ltd. v. Tex. Nom. Ltd. P'ship,*
2008 WL 2781198 (W.D. Tex. Apr. 14, 2008)....................................................4, 5

*Alcala v. Tex. Web Cty.,*
625 F. Supp. 2d 391 (S.D. Tex. 2009) ........................................................... *passim*

*Barnes v. Madison*
79 Fed. App'x 691 (5th Cir. 2003) ..............................................................7

*Bean v. Alcorta,*
220 F. Supp. 3d 772 (W.D. Tex. 2016)....................................................4, 6, 7, 10

*BHI Energy I Power Servs., LLC v. KVP Energy Servs., LLC,*
2023 WL 223179 (N.D. Tex. Jan. 17, 2023) ..................................................6

*Braswell v. United States,*
487 U.S. 99 (1988)....................................................................................6

*Brown v. Baton Rouge Police Dep't,*
2024 WL 472338 (M.D. La. Feb. 7, 2024) ..................................................5, 9

*F.T.C. v. Namer,*
2007 WL 2974059 (5th Cir. Oct. 12, 2007)..................................................6

*In re Grand Jury Subpoena,*
866 F.3d 231 (5th Cir. 2017) ....................................................................4

*In re Semgroup Energy Partners, L.P., Sec. Litig.,*
2010 WL 5376262 (N.D. Okla. Dec. 21, 2010)..............................................9

*Jostens, Inc. v. Hammons,*
2021 WL 734978 (E.D. Tex. Feb. 25, 2021) ..................................................8, 10

*Kirsch v. Austin,*
2023 WL 5116546 (W.D. Tex. Aug. 8, 2023)..................................................6

*McKnight v. Blanchard,*
667 F. 2d 477 (5th Cir. 1982) ....................................................................10

*Morrow v. City of Tenaha Dep'y City Marshal Barry Wash.,*
2010 WL 3057255 (E.D. Tex. July 30, 2010) ..........................................1, 4, 9, 10

*Murry v. City of Indianola, Miss.,*
2023 WL 6394377 (N.D. Miss. Sept. 30, 2023)..............................................8

**Page**

*N.H. v. Castilleja*,
2023 WL 149989 (E.D. Tex. Jan. 10, 2023) ...................................................4, 6, 7

*Ntakirutimana v. CHS/Cmty. Health Sys., Inc.*,
2010 WL 3810007 (S.D. Tex. Sept. 27, 2010) ............................................ *passim*

*Piney Woods ER III, LLC v. B.C. & B.S. of Tex.*,
2020 WL 13042506 (E.D. Tex. Oct. 2, 2020) ...............................................9

*Remington Arms Co. v. Canales*,
837 S.W.2d 624 (Tex. 1992) .........................................................................6

*S.E.C. v. Kiselak Cap. Grp.*,
2011 WL 4398443 (N.D. Tex. Sept. 20, 2011) ............................................5

*S.E.C. v. Offill*,
2008 WL 958072 (N.D. Tex. Apr. 9, 2008) .................................................5

*SEC v. First Fin. Group of Tex.*,
659 F.2d 660 (5th Cir. 1981) ....................................................................3, 4

*Seibu Corp. v. KPMG LLP*,
2002 WL 87461 (N.D. Tex. Jan. 18, 2002) .................................................6

*Square 1 Bank v. Lo*,
2014 WL 7206874 (N.D. Cal. Dec. 17, 2014) .............................................9

*Toshiba Int'l Corp. v. D'Agostino*,
2020 WL 13413329 (S.D. Tex. May 21, 2020) ......................................8, 10

*U.S. E.E.O.C. v. Glob. Horiz., Inc.*,
2011 WL 5325747 (D. Haw. Nov. 2, 2011) .................................................8

*U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*,
571 F. Supp. 2d 758 (W.D. Tex. 2008) ......................................................10

*U.S. ex rel. Magee v. Lockheed Martin Corp.*,
2010 WL 2816658 (S.D. Miss. July 16, 2010) ...........................................10

*United States v. Kordel*,
397 U.S. 1 (1970) ..........................................................................................3

*United States v. Simcho*,
326 F. App'x 791 (5th Cir. 2009) .............................................................1, 4

4890-9296-3265.v1

**Page**

*Walmart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)..................................................................................................9

*Wehling v. Columbia Broad. Sys.*,
    608 F.2d 1084 (5th Cir. 1979) ...............................................................................5

*Welsh v. Martinez*,
    2022 WL 17082106 (M.D. Fla. Nov. 18, 2022) ......................................................7

**STATUTES, RULES, AND REGULATIONS**

15 United States Code
    §78u-4(b)(3)(B).................................................................................................2, 3, 8

Lead Plaintiff Mohammad Bozorgi and additional plaintiffs Ken Calderone and Manohar Rao ("Plaintiffs") respectfully submit this opposition to defendants Cassava Sciences, Inc. ("Cassava"), Remi Barbier, Lindsay Burns, and Eric Schoen's ("Defendants") motion to stay (ECF 160, Ex. 1) ("Mtn.").

## I.    PRELIMINARY STATEMENT

Defendants' motion is unnecessary.  Prior to its filing, counsel for the parties conferred about Defendants' lone concern: that producing their ongoing communications with the SEC and DOJ would hamper their ability to be candid with the investigators.  While Plaintiffs are dubious of that claim, they agreed to postpone discovery into those communications until September.  Thus, Defendants' claim of prejudice from continuing merits discovery is a hollow one.  Instead, Defendants' motion is a backdoor effort to avoid producing documents they already agreed to produce and four documents subject to the pending motion compel about *past* communications – documents they have no legitimate basis to withhold.

The Fifth Circuit has repeatedly held that "'the granting of a stay of civil proceedings due to pending criminal investigation is an ***extraordinary remedy***, not to be granted lightly.'"  *United States v. Simcho*, 326 F. App'x 791, 792-93 (5th Cir. 2009).[1]  Given the "strong presumption in favor of discovery" in civil cases, "it is the party who moves for a stay that bears the burden of overcoming this presumption."  *Morrow v. City of Tenaha Dep'y City Marshal Barry Wash.*, 2010 WL 3057255, at *1 (E.D. Tex. July 30, 2010).  To overcome that strong presumption, Defendants are required to make a "'showing of "special circumstances," so as to prevent the defendant from suffering substantial and irreparable prejudice.'"  *Ntakirutimana v. CHS/Cmty. Health Sys., Inc.*, 2010 WL 3810007, at *2 (S.D. Tex. Sept. 27, 2010).  Defendants fell far short of their burden here.

Setting aside that Plaintiffs agreed to postpone the very discovery Defendants complain of, Defendants failed to show a stay is needed to avoid "substantial and irreparable prejudice."  No criminal case is pending.  There is no indictment.  There is no evidence of whether or when an indictment may be

---

[1]    Unless otherwise noted, internal citations are omitted and emphasis is added.

brought or against whom.  The government does not seek a stay.  And tellingly, Defendants, sophisticated

parties with experienced counsel, do not claim any Fifth Amendment right is in peril.

On the other side of the scales, Plaintiffs will suffer prejudice from the indefinite stay Defendants

propose.  This case began three years ago.  Discovery was already stayed for several years under the Private

Securities Litigation Reform Act of 1995 ("PSLRA") pending the Court's order denying the motion to

dismiss.  "'With the passage of time, witnesses become unavailable, memories of conversations and dates

fade, and documents can be lost or destroyed.'" *Ntakirutimana*, 2010 WL 3810007, at *3.  Indeed, one key

witness and a former defendant, Nadav Friedmann, Cassava's former Chief Medical Officer, died after

Plaintiffs filed their complaint.  ECF 91.  Other witnesses' memories will continue to fade as time passes,

which is of particular concern here as defendant Barbier directed employees not to put communications in

writing while the fraud was being perpetrated.  The day the Citizen Petition[2] was released, in fact,

defendant Burns (Barbier's wife) warned Dr. Wang, Cassava's scientific collaborator on the simufilam

research, to avoid written communications: "Remi says we will call you when you are ready.  *No emails*

*please*."  Exhibit ("Ex.") A at -00022127.[3]  The indefinite delay that Defendants request will further erode

witness recollections, frustrating Plaintiffs' ability to present an effective case to the jury and meet their

burden of proof at trial.

Similarly, the public interest weighs against a stay.  Investors have been awaiting their day in court

since 2021, and discovery was stayed under the PSLRA until May 2023.  The public has an interest in the

prompt resolution of this case, as does this Court in moving this case off its docket.  Plaintiffs respectfully

request that the Court deny the motion.

## II.   BACKGROUND

This securities fraud action was filed in 2021 and alleges misconduct dating back at least four years

---

[2]   The "Citizen Petition," dated August 18, 2021, raised "grave concerns about the quality and integrity of the laboratory-based studies surrounding" simufilam.  ECF 68, ¶12.

[3]   All "Ex. __" references are to the Jensen Affidavit filed concurrently herewith.

4890-9296-3265.v1

– since 2020.  ECF 1.  Pursuant to the PSLRA, the action was stayed for several years pending a decision on the motion to dismiss.  *See* 15 U.S.C. §78u-4(b)(3)(B).  On May 11, 2023, after briefing and oral argument, the Court denied Defendants' motion to dismiss.  ECF 104.

     Discovery commenced shortly thereafter.  Notably, Defendants did not then request a bifurcation of merits versus class-certification discovery, nor did they seek a stay of discovery, even though the SEC and DOJ investigations had been ongoing for years.  Under the agreed-discovery deadlines, Defendants were required to substantially complete their document production by April 15, 2024, but that date has come and gone.  ECF 146.  Instead of seeking relief from the deadlines or move for a protective order, Defendants filed this motion to stay ***all*** merits discovery, despite their purported concern being confined to a narrow category of documents – their current and future communications with the DOJ and SEC, which Plaintiffs have ***not*** sought to compel and agreed to postpone until September 2024.[4]

## III.   APPLICABLE LEGAL STANDARDS

     Securities fraud defendants routinely face both civil and criminal exposure for the same misconduct.  The U.S. Supreme Court has long held, however, "[t]here is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions by different federal agencies against the same defendant involving the same transactions."  *SEC v. First Fin. Group of Tex.*, 659 F.2d 660, 666-67 (5th Cir. 1981) (citing *United States v. Kordel*, 397 U.S. 1, 11 (1970)).  And "[i]f there is no prohibition against simultaneous proceedings when the government is a party to both actions, there is certainly no general prohibition in the present case where the government is not a party to the civil action."  *Ntakirutimana*, 2010 WL 3810007, at *1.

     As such, "'it "is the rule, rather than the exception" that civil and criminal cases proceed together.'" *Alcala v. Tex. Web Cty.*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009).  Indeed, the Fifth Circuit holds "'the

---

[4]   Plaintiffs have moved to compel Defendants to produce four documents they ***previously*** chose to disclose to the SEC and DOJ last year.  *See* ECF 152, Ex. 1.  The documents subject to the pending motion to compel do ***not*** include Defendants' current discussions with the government.

4890-9296-3265.v1

granting of a stay of civil proceedings due to pending criminal investigation is an ***extraordinary remedy***, not to be granted lightly.'" *Simcho*, 326 F. App'x at 792-93.

Further, because "there is a strong presumption in favor of [civil] discovery," "the party who moves for a stay . . . bears the burden of overcoming this presumption." *Morrow*, 2010 WL 3057255, at *1 (citing *First Fin. Grp. of Tex.*, 659 F.2d at 666-67). To overcome this presumption, Defendants must make a "'showing of "special circumstances," so as to prevent the defendant from suffering ***substantial and irreparable prejudice***.'" *Ntakirutimana*, 2010 WL 3810007, at *2. They failed to do so here.

## IV.  DEFENDANTS FAILED TO SHOW A STAY IS REQUIRED TO PREVENT SUBSTANTIAL AND IRREPARABLE PREJUDICE

### A.  No Indictment Has Been Brought, and the Government Is Not Seeking a Stay.

First and foremost, no indictment has been brought against Defendants, and the government is not seeking a stay of civil discovery. Accordingly, the status of proceedings alone is sufficient to deny the stay. "[C]ourts generally decline to impose a stay where the defendant is under criminal investigation, but has yet to be indicted." *Alcala*, 625 F. Supp. 2d at 401 (citing cases); *N.H. v. Castilleja*, 2023 WL 149989, at *3 (E.D. Tex. Jan. 10, 2023) (same); *Bean v. Alcorta*, 220 F. Supp. 3d 772, 776 (W.D. Tex. 2016) ("'A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct.'") (Ezra, J.). As courts in this District have held, "a 'pre-indictment motion to stay can be denied on this ground alone.'" *Alcala*, 625 F. Supp. 2d at 401.

The ***only*** grants of a pre-indictment stay cited by Defendants involved motions brought by the investigating government entity, plaintiff, or against a government informant – circumstances not present here. *See In re Grand Jury Subpoena*, 866 F.3d 231, 233-35 (5th Cir. 2017) (government sought stay after providing evidence that the criminal case was more than "'vague suspicions that might in the future lead to a criminal charge,'" given that other individuals had already been indicted).[5]

---

[5]    The court in *Akuna Matata Invs., Ltd. v. Tex. Nom. Ltd. P'ship*, 2008 WL 2781198 (W.D. Tex. Apr. 14, 2008), was concerned that the plaintiff, a government informant who stood to profit off the government's

- 4 -

Without an indictment, government weigh-in, or evidence an indictment is imminent, courts find any prejudice too speculative to justify staying the civil action. *See S.E.C. v. Kiselak Cap. Grp.*, 2011 WL 4398443, at *3 (N.D. Tex. Sept. 20, 2011) ("The record does not reveal anything definitive about the status of the proceedings, other than the fact that an investigation is pending."); *cf. S.E.C. v. Offill*, 2008 WL 958072, at *2 (N.D. Tex. Apr. 9, 2008) ("In the context of a criminal defendant's seeking a stay of civil discovery, 'a stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct.'"); *see id.* at *3.

The recent decision in *Brown v. Baton Rouge Police Dep't*, 2024 WL 472338, at *4 & n.25 (M.D. La. Feb. 7, 2024), is instructive.  There, the court denied a bid to stay plaintiffs' claims of police misconduct pending a federal criminal investigation. *Id.* at *1.  In so doing, the court found no "criminal charges have been filed" and that "the government, which is conducting a criminal investigation and seems to have the most interest in this issue outside the Court, is not seeking a stay of the civil cases pending resolution of the investigation." *Id.* (citing *Offill*, 2008 WL 958072, at *2).  Here, too, no criminal charge has been filed, and neither the SEC nor DOJ is seeking a stay.  The stay should be denied.

### B.     Defendants Made No Showing, Let Alone a Strong One, that Any Overlap Implicates Constitutional Concerns Here.

Other factors counsel against a stay.  For example, courts have considered the extent and nature of overlap of the criminal and civil cases to determine if a defendant's constitutional rights are implicated and, thus, whether any substantial and irreparable prejudice may result. *See, e.g.*, *Alcala*, 625 F. Supp. 2d at 401 ("[T]o warrant a stay, a defendant must make a strong showing that the two proceedings will so overlap that either (1) he cannot protect himself in the civil proceeding by selectively invoking his Fifth Amendment privilege, or (2) effective defense of both the criminal and civil cases is impossible.").

---

case, would undermine defendant's Fifth Amendment rights. *See id.* at *2.  *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084 (5th Cir. 1979), is also inapt as it held dismissal of a lawsuit was premature because plaintiff, who testified before a grand jury five times, should not be forced "to choose between his silence and his lawsuit" filed the day before the statute of limitations ran. *Id.* at 1088-89.

4890-9296-3265.v1

As discussed above, courts are wary of such arguments pre-indictment because, "[w]ithout an indictment[,] analysis of overlap is speculative." *Ntakirutimana*, 2010 WL 3810007, at *2 (citing *Alcala*, 625 F. Supp. 2d at 401). Indeed, Defendants submitted no evidence about the current scope of any criminal investigation, or likelihood or timing of any charges. *Castilleja*, 2023 WL 149989, at *3. Nor could Defendants take the position that the investigation precludes an effective civil defense, as the civil SEC investigation, which included witness depositions, has been ongoing for many months. Thus, there is no evidence any of the Defendants is a current target in the criminal investigation, nor is there any indication of who may be charged, for what, or when.[6] Defendants thus provided insufficient evidence to prove "that a criminal prosecution is imminent," let alone one that would lead to substantial and irreparable prejudice to Defendants' constitutional rights. *See Ntakirutimana*, 2010 WL 3810007, at *2.

Tellingly, Defendants – sophisticated parties with highly experienced counsel – disavow any Fifth Amendment self-incrimination concerns.[7] Mtn. at 5 n.7. This is understandable as media articles have only reported that ***Cassava*** is the subject of the criminal investigation (ECF 68, ¶435), and corporations have no Fifth Amendment rights. *See Braswell v. United States*, 487 U.S. 99, 102 (1988).

The lack of constitutional rights implicated here is a critical fact distinguishing this case from *Bean* cited by Defendants in which this Court granted a stay. In that case, this Court stayed a civil case ***after*** the

---

[6]   Defendants' offer of *ex parte* communications with the Court (Mtn. at 2 n.3) is improper and fails to remediate their evidentiary failing. *See F.T.C. v. Namer*, 2007 WL 2974059, at *5 (5th Cir. Oct. 12, 2007) ("The rules governing judicial ethics prohibit judges from engaging in substantive *ex parte* communications concerning pending matters."); *Seibu Corp. v. KPMG LLP*, 2002 WL 87461, at *1 n.3 (N.D. Tex. Jan. 18, 2002) (documents submitted *in camera* and not provided to opposing counsel "constitute[d] an improper *ex parte* communication with the Court") (citing *Remington Arms Co. v. Canales*, 837 S.W.2d 624, 626 n.3 (Tex. 1992) (refusing to consider "secret affidavits [submitted *ex parte*] to gain the final word during judicial deliberations")). Nor can Defendants cure their evidentiary deficiency on reply. *See, e.g.*, *BHI Energy I Power Servs., LLC v. KVP Energy Servs., LLC*, 2023 WL 223179, at *3 (N.D. Tex. Jan. 17, 2023) (striking new reply evidence).

[7]   The vast majority of Defendants' cases discuss Fifth Amendment self-incrimination concerns. In an attempt to avoid their glaring lack of prejudice, Defendants cite to *Kirsch v. Austin*, 2023 WL 5116546 (W.D. Tex. Aug. 8, 2023), but that decision did not turn on a pending criminal case but rather judicial efficiency, as most of the claims were already stayed for other reasons. *See id.* at *2.

criminal defendant was indicted because it posed "a significant danger of self-incrimination." *Bean*, 220 F.

Supp. 3d at 774, 776-78.  This danger was the "first, and most important, factor" in granting a stay (*id.* at

776) – and contrariwise is a factor Defendants concede is not at play here.  *See* Mtn. at 5 n.7.

Nor do Defendants claim discovery here would expose them to broad discovery that would

otherwise be limited in the criminal investigation.  *See Alcala*, 625 F. Supp. 2d at 400.  In fact, as noted

above, Defendants voluntarily provided broad document discovery to the SEC, and Cassava employees

have sat for depositions.  *See* Ex. B.  Defendants failed to show any overlap implicates a constitutional

right, much less in a way that substantially and irreparably prejudices them.

**C.     Plaintiffs Offered a Compromise to Avoid Defendants' "Prejudice."**

Defendants' only purported prejudice from denial of a stay is that this proceeding would somehow

"inhibit Defendants' ability to engage constructively with the government."  Mtn. at 9.  But Defendants do

not explain how this would or should impact their candor to the government, and, even if they had, it is not

the type of prejudice contemplated by courts in service of "the underlying policies justifying a stay based

on a similar criminal case."  *Castilleja*, 2023 WL 149989, at *3.

Significantly, Defendants fail to disclose to this Court that Plaintiffs, in an effort to compromise,

offered to postpone discovery into ongoing communications with the DOJ or SEC to address Defendants'

purported concern.  Defendants, however, rejected that compromise, establishing that their concern is a

pretext for avoiding the production of other documents subject to Plaintiffs' pending motion to compel.

ECF 155, Exhibit 1.  Thus, their sole claim of prejudice is a hollow one.

Worse, in recent correspondence, Defendants used the mere filing of their motion as an excuse to

renege on months-old agreements, including the production of SEC deposition transcripts and other

discovery unrelated to current communications with investigators.  Ex. C.  But parties are not entitled to

grant themselves a unilateral discovery stay; they must comply with discovery obligations unless relieved

by court order.  *See Barnes v. Madison* 79 Fed. App'x 691, 707 (5th Cir. 2003); *Welsh v. Martinez*, 2022

- 7 -

WL 17082106, at *2 (M.D. Fla. Nov. 18, 2022) ("'The mere filing of a motion for protective order does not . . . excuse the moving party from complying with the requested or scheduled discovery.'"). Defendants' motion is not only meritless but is being misused to avoid complying with long-overdue discovery in contravention of this Court's scheduling order. *See* ECF 146.

### D.     Plaintiffs, on the Other Hand, Would Be Prejudiced by a Stay.

A stay would prejudice Plaintiffs.  It is well established "plaintiffs have a significant interest in being able to timely pursue their case." *Murry v. City of Indianola, Miss.*, 2023 WL 6394377, at *4 (N.D. Miss. Sept. 30, 2023); *Toshiba Int'l Corp. v. D'Agostino*, 2020 WL 13413329, at *2 (S.D. Tex. May 21, 2020) (same).  Specifically, Plaintiffs have an interest in "obtaining discovery – especially when evidence may fade and frustrate the ability to present an effective case in the future." *Jostens, Inc. v. Hammons*, 2021 WL 734978, at *2 (E.D. Tex. Feb. 25, 2021).  After all, "[w]ith the passage of time, witnesses become unavailable, memories of conversations and dates fade, and documents can be lost or destroyed." *Alcala*, 625 F. Supp. 2d at 405.  Here, "further delay may preclude the presentation of evidence at trial as a result of stale memories, the inability to locate witnesses, and lost, inaccessible, or stale evidence." *U.S. E.E.O.C. v. Glob. Horiz., Inc.*, 2011 WL 5325747, at *6 (D. Haw. Nov. 2, 2011) (Ezra, J.).

This action was filed in 2021 and the events at issue stretch back at least four years.  Under the PSLRA, discovery was stayed until May 2023.  Now, after engaging in merits discovery for a year, Defendants suddenly refuse to cooperate in discovery and seek an indefinite stay based on investigations as old as this case and with "a prosecution that is not yet certain." *Murry*, 2023 WL 6394377, at *4.

Given the years-long stay already endured, and the request of an indefinite stay on top of it, there is a virtual certainty that memories of conversations and specific dates have and will fade further, thereby frustrating Plaintiffs' ability to uncover the truth and present an effective case to the jury. *See Jostens*, 2021 WL 734978, at *2.  Witness testimony is of particular importance in this case for several reasons.  First, original source data pertaining to Cassava's simufilam research no longer exists as it was supposedly stored

on "a hard drive that was fried." Ex. D at -00022121.  Without the original data, testimony will be of greater importance to the data-manipulation claims.  Second, Barbier directed percipient witnesses not to put anything in writing while the fraud was unfolding.  Ex. A.  Thus, some events will be proven through witness testimony.  An indefinite delay will pose "a substantial risk of prejudice to" Plaintiffs.  *Morrow*, 2010 WL 3057255, at *4.

Defendants try to justify their stay motion as a *de facto* bifurcation of class certification versus merits discovery.  However, "in the wake of *Walmart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), courts are reluctant to bifurcate class-related discovery from discovery on the merits."  *Piney Woods ER III, LLC v. B.C. & B.S. of Tex.*, 2020 WL 13042506, at *1 (E.D. Tex. Oct. 2, 2020).  Indeed, *Dukes* observed that "the class certification analysis will frequently 'overlap with the merits of the plaintiff's underlying claim'" and "'involve[] considerations that are enmeshed in the factual and legal issues'" for the plaintiff's claims.  *Id.* Thus, discovery is not susceptible to facile distinctions between class and merits.[8]

### E.    The Public Interest Weighs Against a Stay.

Defendants claim a stay would best serve the public interest because discovery in this case – which has already proceeded for a year – would suddenly hamper government investigations.  Tellingly, neither the DOJ nor SEC backs them up.  *See Brown*, 2024 WL 472338, at *4 & n.25 ("[T]he government, which is conducting a criminal investigation and seems to have the most interest in this issue outside the Court, is not seeking a stay of the civil cases . . . .").  Further, Defendants say the investigations should be of "'primary importance'" but their cited case involved an active criminal case, unlike here.  *See Square 1 Bank v. Lo*, 2014 WL 7206874, at *5 (N.D. Cal. Dec. 17, 2014).

Instead, the public interest in this existing case outweighs "'speculation about if and when an

---

[8]    Moreover, "[b]ifurcation is particularly disfavored in actions that are large and likely to continue even if a class is not certified."  *Id.*, at *2.  Here, the class numbers in the thousands.  ECF 148 at 8, 13-14.  And given the "the enormity of losses [Lead Plaintiff] allege[s] to have incurred, this case is likely to continue" even if the class is not certified.  *In re Semgroup Energy Partners, L.P., Sec. Litig.*, 2010 WL 5376262, at *3 (N.D. Okla. Dec. 21, 2010).  Merits discovery is inevitable and a stay will only delay.

indictment will be returned.'" *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 765 (W.D. Tex. 2008); *Toshiba*, 2020 WL 13413329, at *2 (same).[9]  After all, the public is interested "in the prompt resolution of [the dispute]." *Jostens*, 2021 WL 734978, at *3-*4.  As this case has been pending since 2021 and investors still await their day in court, this factor weighs against a stay.

### F.      This Court's Interest Weighs Against a Stay.

Finally, a stay would not promote judicial efficiency.  "[A] stay of indefinite duration is contrary to the Court's interest in moving its docket and ensuring the expeditious resolution of cases before it." *Morrow*, 2010 WL 3057255, at *4.  Importantly, the Fifth Circuit disfavors indefinite stays. *See McKnight v. Blanchard*, 667 F. 2d 477, 479 (5th Cir. 1982) ("[S]tay orders will be reversed when they are found to be immoderate or of an indefinite duration.").

To impose an indefinite stay of discovery based solely on concerns about documents Plaintiffs agreed not to seek now "could result in the imposition of a lengthy and indeterminable stay for no reason." *U.S. ex rel. Magee v. Lockheed Martin Corp.*, 2010 WL 2816658, at *7 (S.D. Miss. July 16, 2010).  The Court's interests are served by the Parties continuing with discovery, particularly where Plaintiffs agreed to postpone the only discovery Defendants claim to be prejudicial.

## V.      CONCLUSION

For the reasons herein, Plaintiffs respectfully submit the motion should be denied.

DATED:  May 24, 2024                    Respectfully submitted,

                                        ROBBINS GELLER RUDMAN & DOWD LLP


                                        /s/ Rachel L. Jensen
                                        RACHEL L. JENSEN

---

[9]     While the public has an "interest in protecting the . . . rights of criminal defendants" (*Bean*, 220 F. Supp. 3d at 778), Defendants effectively concede their rights are not at risk.  *See* Mtn. at 5 n.7.  In any event, "[w]hile the public also has an interest in protecting constitutional rights, there is minimal risk to Defendant[s] because there is no active criminal case." *Jostens*, 2021 WL 734978, at *4.

DANIEL S. DROSMAN (admitted *pro hac vice*)
RACHEL JENSEN (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
MEGAN A. ROSSI (admitted *pro hac vice*)
HEATHER GEIGER (admitted *pro hac vice*)
JEREMY W. DANIELS (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
rachelj@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional
Plaintiff Ken Calderone

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional
Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao