UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § Master File No. 1:21-cv-00751-DAE § § CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS | § § § § § § |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF STATUS OF FEDERAL INVESTIGATIONS**

4887-9133-6653.v3

On July 1, 2024, defendants Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, and Eric Schoen (together, "Defendants") submitted a Notice of Status of Federal Investigations (ECF 180, Exhibit 1) ("Notice") in support of their Motion to Stay Merits Discovery Pending Resolution of Federal Investigations (ECF 160, Exhibit 1).  In it, Defendants contend that the recent, June 28, 2024, criminal indictment of Dr. Hoau-Yan Wang "confirm[s]" that an indefinite stay of merits discovery is "warranted" based on five cases cited in the Notice.  Notice at 1.  Defendants' arguments, however, miss their mark, and none of their authorities supports granting the broad relief Defendants request.[1]

Dr. Wang's indictment does not change the Court's analysis regarding whether a stay is appropriate (it is not).  Dr. Wang, a now former-Cassava consultant, is ***not*** a defendant in this case.  It remains that no Defendant or Cassava employee has been indicted, and there is no evidence that an indictment of any Defendant or Cassava employee is imminent.  The government has not sought to stay this case.  And Defendants still do not claim their Fifth Amendment rights are in peril.  Defendants are therefore unable to show, as is their burden, that an indefinite stay of merits discovery in this action is necessary to prevent substantial and irreparable prejudice.  *See* ECF 169, Exhibit 1 (Plaintiffs' "Opposition") at 4-7; *id*. at 4 ("'[C]ourts generally decline to impose a stay where the defendant is under criminal investigation, but has yet to be indicted.'") (quoting *Alcala v. Tex. Web Cty.*, 625 F. Supp. 2d 391, 401 (S.D. Tex. 2009)).

Defendants' cases are thus inapt.  *Slack v. City of San Antonio, Tex.*, 2019 WL 11097069 (W.D. Tex. May 28, 2019) and *Brown v. Kenner Police Dep't*, 2017 WL 5157563 (E.D. La.

---

[1] Defendants previously took the position that submitting such a notice to the Court constitutes improper additional argument that violates the Western District of Texas's local rules and should be stricken.  *See* ECF 98 at 1.  But Defendants have now reversed course in filing their own Notice.  Defendants' inconsistent positions aside, Dr. Wang's indictment and the still ongoing government investigations do not weigh in favor of granting the indefinite and wide-ranging stay the Defendants seek.

- 1 -

- 2 -

Nov. 7, 2017), involved Fifth Amendment concerns that do not exist here. *See Slack*, 2019 WL 11097069 at *2; *Brown*, 2017 WL 5157563 at *2. In addition to Fifth Amendment concerns not present here, *Akuna Matata Invs., Ltd. v. Tex. Nom Ltd. P'ship*, 2008 WL 2781198 (W.D. Tex. Apr. 14, 2008), involved unique facts, where the plaintiff's principal in the civil action stood to financially benefit from the government's criminal case as a whistleblower, which raised "the potential to abuse the civil discovery system to undermine the criminal defendants' privileges against self incrimination." *Id*. at *2.

In *S.E.C. v. AmeriFirst Funding, Inc.*, 2008 WL 866065 (N.D. Tex. Mar. 17, 2008), unlike here, there was no need to pursue discovery in the civil action because the SEC had obtained a default judgment against the defendant, and the necessary allegations were already deemed admitted. *Id*. at *3. Further, the stay sought was not a blanket stay, like the one Defendants seek here, but only as to a single defendant due to the unique circumstances described above. *Id*.

Last, *In re Grand Jury Subpoena*, 866 F.3d 231 (5th Cir. 2017) concerned the government, not the defendants, seeking a stay to prevent a civil action from undermining a criminal Medicare fraud investigation. *Id*. at 235. Further, that civil case was brought by the company under criminal investigation, which was seeking to have electronic devices returned to it that federal investigators had obtained from cooperating former executives. *Id*.

Notably, both *Slack* and *Brown* also resulted in short-term stays of just 60 and 45 days, respectively, as the criminal investigations there were expected to resolve in short order. *See Slack*, 2019 WL 11097069, at *4; *Brown*, 2017 WL 5157563, at *1. Here, there is no evidence that the government investigations in this case will resolve in the near term. Rather, they have already been ongoing for years and are continuing, as Defendants' Notice makes clear. As a result, Defendants seek an improper indefinite stay that will prejudice Plaintiffs in this case, after having rejected Plaintiffs' own reasonable compromise for a short-term stay. *See* Opposition at 7-10.

Accordingly, Defendants' request for an indefinite stay should be denied, and Defendants should not be permitted to continue withholding the transcripts of depositions taken of Cassava employees in the SEC investigation, which have nothing to do with Defendants' basis for seeking a stay – purported concerns regarding the chilling of current settlement communications with the government. Defendants' refusal to produce these documents is contrary to the parties' prior agreement to produce them and the Court's scheduling order requiring the parties to substantially complete their document productions in April 2024 (ECF 146), and is causing an unnecessary delay of fact discovery period.  *See* Opposition at 7-8.

DATED:  July 2, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (admitted *pro hac vice*)
RACHEL JENSEN (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
MEGAN A. ROSSI (admitted *pro hac vice*)
HEATHER GEIGER (admitted *pro hac vice*)
JEREMY W. DANIELS (admitted *pro hac vice*)


*/s/ Kevin A. Lavelle*
KEVIN A. LAVELLE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
rachelj@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

4887-9133-6653.v3

- 4 -

        KENDALL LAW GROUP, PLLC
        JOE KENDALL (Texas Bar No. 11260700)
        3811 Turtle Creek Blvd., Suite 825
        Dallas, TX  75219
        Telephone:  214/744-3000
        214/744-3015 (fax)
        jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao