# EXHIBIT D

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TEXAS
 2                        AUSTIN DIVISION

 3  PIERRE BRAZEAU, ET AL.,             ) AU:21-CV-00751-DAE
                                        )
 4      Plaintiffs,                     )
                                        )
 5  v.                                  ) AUSTIN, TEXAS
                                        )
 6  CASSAVA SCIENCES, INC., ET AL.      )
                                        )
 7      Defendants.                     ) AUGUST 1, 2024

 8          ************************************************
            TRANSCRIPT OF MOTIONS HEARING/STATUS CONFERENCE
 9             BEFORE THE HONORABLE DAVID A. EZRA
            ************************************************
10
    APPEARANCES:
11
    FOR THE PLAINTIFFS:  JOE KENDALL
12                       KENDALL LAW GROUP
                         3811 TURTLE CREEK BOULEVARD, SUITE 825
13                       DALLAS, TEXAS 75219

14                       KEVIN A. LAVELLE
                         DANIEL S. DROSMAN
15                       RACHEL L. JENSEN
                         ROBBINS GELLER RUDMAN & DOWD LLP
16                       655 WEST BROADWAY, SUITE 1900
                         SAN DIEGO, CALIFORNIA 92101
17
    FOR THE DEFENDANTS:  GREGG JEFFREY COSTA
18                       LLOYD S. MARSHALL
                         GIBSON DUNN & CRUTCHER
19                       811 MAIN STREET, SUITE 3000
                         HOUSTON, TEXAS 77002
20
                         MONICA K. LOSEMAN
21                       MICHAEL SCOTT CAMPBELL
                         GIBSON, DUNN
22                       1801 CALIFORNIA STREET, SUITE 4200
                         DENVER, COLORADO 80202
23
                         C SHAWN CLEVELAND
24                       BAKER & HOSTETLER LLP
                         2850 N. HARWOOD STREET, SUITE 1100
25                       DALLAS, TEXAS 75201
```

1  COURT REPORTER:        ARLINDA RODRIGUEZ, CSR
                          501 WEST 5TH STREET, SUITE 4152
2                         AUSTIN, TEXAS 78701
                          (512) 391-8791
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  Proceedings recorded by computerized stenography, transcript

25  produced by computer.

| | | |
|---|---|---|
| 09:10:05 | 1 | THE COURT:  All right.  So unless you would |
| 09:10:07 | 2 | like me to hold off and you wish to argue this morning, I |
| 09:10:09 | 3 | am more than happy to grant your motion at this time and |
| 09:10:13 | 4 | excuse you. |
| 09:10:16 | 5 | MR. COSTA:  Well, we're still representing the |
| 09:10:18 | 6 | company -- |
| 09:10:18 | 7 | THE COURT:  Yeah. |
| 09:10:19 | 8 | MR. COSTA:  -- Your Honor.  So it would just be |
| 09:10:20 | 9 | as to the individuals we're withdrawing. |
| 09:10:22 | 10 | THE COURT:  You're withdrawing only as to the |
| 09:10:24 | 11 | individuals? |
| 09:10:25 | 12 | MR. COSTA:  Exactly. |
| 09:10:25 | 13 | THE COURT:  Oh.  I thought you were withdrawing |
| 09:10:26 | 14 | entirely. |
| 09:10:27 | 15 | MR. COSTA:  No.  We're still right in the thick |
| 09:10:29 | 16 | of things here for Cassava.  It's just the individual |
| 09:10:33 | 17 | defendants. |
| 09:10:33 | 18 | THE COURT:  Well, I'm not kicking you out. |
| 09:10:35 | 19 | MR. COSTA:  I appreciate that. |
| 09:10:36 | 20 | THE COURT:  All right.  So I am granting your |
| 09:10:40 | 21 | motion to withdraw with respect to the individuals. |
| 09:10:50 | 22 | MR. COSTA:  Thank you. |
| 09:10:50 | 23 | THE COURT:  Okay.  This is a motion to stay. |
| 09:10:55 | 24 | Who's arguing? |
| 09:10:57 | 25 | MR. COSTA:  It's our motion, Your Honor.  We |

09:10:59  1   did -- I know the Court had sent out a sealed request for

09:11:02  2   information about the status of discovery, et cetera.

09:11:06  3          THE COURT:  Yeah.  Unfortunately, there was a

09:11:08  4   mix-up in the clerk's office.  And I was wondering why

09:11:12  5   nobody was responding, because we have very good law

09:11:16  6   firms here and not firms that would normally simply look

09:11:20  7   the other way.  And, boom, we find out that it wasn't

09:11:24  8   your fault at all, it was the clerk's fault.  And I

09:11:28  9   apologize for that.  And so, yeah, I'd like to know the

09:11:33  10  status.

09:11:34  11         MR. COSTA:  Right.  And so -- and Ms. Loseman

09:11:41  12  is prepared to address that --

09:11:41  13         THE COURT:  All right.

09:11:41  14         MR. COSTA:  -- to start off.

09:11:44  15         MS. LOSEMAN:  Good morning, Your Honor.  May I

09:11:45  16  address you from here?

09:11:46  17         THE COURT:  Yes.

09:11:46  18         MS. LOSEMAN:  Thank you.  We thought it would

09:11:49  19  be helpful, Your Honor, to start with an update on recent

09:11:52  20  events concerning the company and how those recent events

09:11:55  21  impact these proceedings.  And these recent events really

09:12:01  22  have been very active and in development over the last

09:12:03  23  month and a half or so.  Most of this is addressed in a

09:12:06  24  notice that we filed with Your Honor, but there have also

09:12:08  25  been additional updates that we'd like to bring to your

| | | |
|---|---|---|
| 09:12:11 | 1 | attention. |
| 09:12:14 | 2 | So first, Your Honor, on June 28th the Justice |
| 09:12:16 | 3 | Department announced that a grand jury in the U.S. |
| 09:12:19 | 4 | District Court of Maryland indicted a former consultant. |
| 09:12:23 | 5 | THE COURT:  Yes.  I was aware of that. |
| 09:12:25 | 6 | MS. LOSEMAN:  Dr. Wang.  This is an individual |
| 09:12:27 | 7 | that Plaintiffs have described as having particular |
| 09:12:30 | 8 | relevance to the allegations in their complaint. |
| 09:12:32 | 9 | And then on July 1st the company disclosed that |
| 09:12:35 | 10 | it was cooperating with the DOJ and the SEC regarding |
| 09:12:40 | 11 | ongoing investigations into the company as well as two |
| 09:12:43 | 12 | senior employees.  Further, based on new information -- |
| 09:12:48 | 13 | newly obtained information provided to Cassava by the |
| 09:12:51 | 14 | SEC, the company created an ad hoc investigation |
| 09:12:56 | 15 | committee of the board of directors, comprised of |
| 09:12:59 | 16 | individual independent members of the board of directors, |
| 09:13:03 | 17 | to conduct an investigation concerning that newly |
| 09:13:06 | 18 | obtained information, as well as the events in the DOJ |
| 09:13:10 | 19 | indictment. |
| 09:13:12 | 20 | We provided an update to the Court on July 8th. |
| 09:13:15 | 21 | Since then, just two weeks ago, on July 17th, the company |
| 09:13:18 | 22 | disclosed that its chief executive officer, |
| 09:13:22 | 23 | Mr. Remi Barbier, resigned from the company that day. |
| 09:13:26 | 24 | That resignation is effective September 13th.  And until |
| 09:13:29 | 25 | that day he is serving in a nonexecutive capacity, |

09:13:33  1  without duties or responsibilities at the company.  He

09:13:36  2  also resigned from the board of the company effective

09:13:39  3  immediately.

09:13:40  4         The company also announced that

09:13:42  5  Dr. Lindsay Burns resigned from the company, effective

09:13:45  6  immediately, and those two defendants in this case of

09:13:48  7  course are now represented by new counsel.

09:13:51  8         Cassava is still currently to this day actively

09:13:56  9  engaged in efforts to cooperate with the government in

09:13:59  10  its investigations.

09:14:00  11         Now, Plaintiffs have informed us that they

09:14:03  12  intend to move for leave to amend or supplement their

09:14:07  13  complaint to account for these very recent developments.

09:14:12  14  They further inform us that they intend -- they are

09:14:15  15  considering when to file that motion because we are very

09:14:18  16  much in the middle of developing a set of circumstances

09:14:22  17  that Plaintiffs contend are relevant to the claims in

09:14:26  18  their complaint.

09:14:27  19         And I'll get to the significance of that in a

09:14:30  20  moment.  Let me now turn to the status of discovery and

09:14:33  21  what Defendants have been doing to engage in discovery

09:14:36  22  and its efforts to comply with the Court's scheduling

09:14:39  23  order.

09:14:40  24         And I'm going to try to address the items in

09:14:43  25  the sealed order that we obtained a photo of courtesy of

09:14:47  1    Plaintiffs' counsel last evening.  So item 1 of the

09:14:50  2    sealed order, first and foremost, to address the

09:14:54  3    mischaracterization in Plaintiffs' submissions that

09:14:56  4    Defendants are somehow not fully participating in the

09:14:59  5    discovery process, by the time Gibson, Dunn appeared in

09:15:04  6    the case in February of this year, the company had

09:15:07  7    already produced over 300,000 documents to Plaintiffs.

09:15:12  8    With a substantial completion deadline of April 15th

09:15:15  9    around that time, we immediately undertook to review and

09:15:20  10   keep that ongoing review of documents that were

09:15:23  11   potentially responsive to Plaintiffs' nearly 140 requests

09:15:27  12   for production, keep that process moving.

09:15:29  13           We provided a comprehensive response to

09:15:33  14   Plaintiffs' proposed search parameters and agreed to

09:15:36  15   review numerous categories of documents on March 15th.

09:15:40  16           Over the course of those months, consistent

09:15:43  17   with that agreement, we completed a review of

09:15:45  18   approximately 100,000 additional documents.  And by April

09:15:50  19   15th we produced the responsive, nonprivileged documents

09:15:54  20   identified from that review, approximately 20,000

09:15:57  21   documents.

09:15:57  22           But days before that substantial completion

09:16:01  23   deadline, so approximately April 10th, after we had sent

09:16:04  24   a comprehensive response to Plaintiffs' discovery demands

09:16:09  25   or proposal, on April 10th, a month later, Plaintiffs

| | | |
|---|---|---|
| 09:42:47 | 1 | schedule that Defendants were suggesting and not be. |
| 09:42:50 | 2 | THE COURT:  That's a log.  It's just a log. |
| 09:42:51 | 3 | It's not the documents.  Am I right? |
| 09:42:53 | 4 | MR. LAVELLE:  That's right. |
| 09:42:58 | 5 | MR. COSTA:  Yeah.  We'll complete that and |
| 09:43:00 | 6 | produce that within a couple of weeks. |
| 09:43:02 | 7 | THE COURT:  All right.  That will be fine. |
| 09:43:03 | 8 | MR. COSTA:  That won't be affected by the stay. |
| 09:43:05 | 9 | THE COURT:  All right.  Thank you, Mr. Costa. |
| 09:43:07 | 10 | Okay.  So I am not going hear any argument |
| 09:43:10 | 11 | today above and beyond where we are.  But I do think it |
| 09:43:14 | 12 | was very important for us to get together and discuss |
| 09:43:17 | 13 | this so we can find out where we're going here.  I mean, |
| 09:43:24 | 14 | I don't know whether this case will ultimately settle. |
| 09:43:27 | 15 | It may or may not.  But I have to proceed on the theory |
| 09:43:33 | 16 | that it won't and that we're going to trial, and so we |
| 09:43:44 | 17 | have to prepare that way. |
| 09:43:45 | 18 | Now, is there anything else anybody else would |
| 09:43:48 | 19 | like to place on the record? |
| 09:43:52 | 20 | MR. DROSMAN:  Just one question, Your Honor. |
| 09:43:53 | 21 | THE COURT:  Sure.  You want to -- |
| 09:43:59 | 22 | MR. DROSMAN:  My name is -- should I come up to |
| 09:43:59 | 23 | the podium? |
| 09:43:59 | 24 | THE COURT:  No.  You don't need to, but you |
| 09:43:59 | 25 | need to identify yourself. |

| | | |
|---|---|---|
| 09:43:59 | 1 | MR. DROSMAN:  Of course.  Daniel Drosman on |
| 09:44:01 | 2 | behalf of Plaintiffs. |
| 09:44:01 | 3 | So I guess I just have one clarifying question |
| 09:44:04 | 4 | about the supplementation.  You had said that the |
| 09:44:09 | 5 | plaintiffs, we should go ahead and put that on file, file |
| 09:44:14 | 6 | our supplemented complaint.  And I guess my concern is, |
| 09:44:16 | 7 | because events have been coming sort of fast and |
| 09:44:19 | 8 | furiously, that we had thought it might be more prudent |
| 09:44:23 | 9 | to wait a little bit to see whether there are additional |
| 09:44:27 | 10 | shoes to drop before we file that supplementation. |
| 09:44:31 | 11 | Given that, would you still like us to file a |
| 09:44:32 | 12 | supplemented complaint now? |
| 09:44:33 | 13 | THE COURT:  No.  Maybe -- well, I'm sure the |
| 09:44:36 | 14 | defendants would like you to file it so they know what's |
| 09:44:39 | 15 | going on.  But I think they have a pretty good idea. |
| 09:44:43 | 16 | MR. DROSMAN:  We provided a draft of the |
| 09:44:45 | 17 | supplementation. |
| 09:44:46 | 18 | THE COURT:  That's the kind of cooperation, by |
| 09:44:50 | 19 | the way, I like to see that I don't always see. |
| 09:44:52 | 20 | Listen, I'm old enough to have practiced law as |
| 09:44:59 | 21 | a trial lawyer when it was hide the ball, and that was |
| 09:45:05 | 22 | not -- that was not good.  I remember spending my first |
| 09:45:12 | 23 | week after I got out of the military, being shipped off |
| 09:45:16 | 24 | to Chicago in the bowels of the Libby, McNeill and Libby |
| 09:45:23 | 25 | offices going through thousands of documents with a Bates |

09:45:28  1   stamp, looking for hidden gems that might have been stuck

09:45:33  2   in some kind of a crevice somewhere in some stupid file

09:45:40  3   that meant nothing.  That's what used to happen in the

09:45:43  4   old days.  It did.  Some of the older lawyers, they'll

09:45:46  5   remember that.  And it was not pleasant.

09:45:51  6        I would look out the window at the Art

09:45:53  7   Institute of Chicago across the way, and I would think to

09:45:58  8   myself, wow, I sure wish I was over there.  I don't know

09:46:01  9   how many Bates stamps I broke.  Thank goodness we don't

09:46:08  10  have that anymore.  That was awful.

09:46:11  11       So I will get an order out.  What I would

09:46:18  12  like -- I usually do 100 percent my own orders.  But,

09:46:22  13  because of the nature of this, I'm going to ask that

09:46:25  14  counsel prepare a draft order jointly for my

09:46:33  15  consideration.  I normally don't do that.  In fact, I

09:46:36  16  can't remember the last time I've done that.  Never.

09:46:40  17       But in this case, because of the nature of it

09:46:45  18  and because you've had so many discussions among

09:46:48  19  yourselves that I'm not privy to, I'm a little concerned

09:46:52  20  that might step on something.  And you just -- for

09:46:56  21  instance, you just brought a great point up.  I would

09:46:59  22  actually prefer that you hold off until you met with the

09:47:04  23  discovery master.  And by that time, which I'm hoping

09:47:08  24  will be within the next week or two -- and I may end up

09:47:12  25  extending this.  I've said a month.  It may end up being

| | | |
|---|---|---|
| 09:47:16 | 1 | a month and a half if you're unable to get to the |
| 09:47:20 | 2 | discovery master soon enough so that it makes a |
| 09:47:22 | 3 | difference.  And I'll get that cue from the discovery |
| 09:47:26 | 4 | master, okay? |
| 09:47:30 | 5 | MR. DROSMAN:  Thank you, Your Honor. |
| 09:47:30 | 6 | THE COURT:  I think it will be Judge Bemporad. |
| 09:47:32 | 7 | He doesn't know about this.  He's not going to be happy. |
| 09:47:39 | 8 | But he's the first guy I'm seeing.  Those of you who |
| 09:47:43 | 9 | don't know him, he's a very tall guy, very imposing.  I'm |
| 09:47:49 | 10 | six feet tall, and I'm looking up at him.  I hope he |
| 09:47:54 | 11 | treats me well. |
| 09:47:55 | 12 | In any event, he's used to -- he was the |
| 09:48:07 | 13 | federal defender -- as some of you probably know, he was |
| 09:48:13 | 14 | the federal defender for the Western District of Texas. |
| 09:48:15 | 15 | But he knows civil law.  He is very well educated.  He |
| 09:48:18 | 16 | had a good legal education.  And he is -- he is very, |
| 09:48:23 | 17 | very capable. |
| 09:48:24 | 18 | So I would like to have you submit a draft |
| 09:48:32 | 19 | order that you can both agree upon -- and if you can't |
| 09:48:35 | 20 | agree upon, let me know what you don't agree upon -- by, |
| 09:48:43 | 21 | say, Tuesday?  Is that enough time? |
| 09:48:46 | 22 | MR. COSTA:  Of course, Your Honor. |
| 09:51:02 | 23 | THE COURT:  We can go off the record for just a |
| 09:51:50 | 24 | second. |
| 09:51:50 | 25 | (Discussion off the record) |

1  **UNITED STATES DISTRICT COURT      )**

2  **WESTERN DISTRICT OF TEXAS          )**

3       I, Arlinda Rodriguez, Official Court Reporter, United

4  States District Court, Western District of Texas, do certify

5  that the foregoing is a correct transcript from the record of

6  proceedings in the above-entitled matter.

7       I certify that the transcript fees and format comply with

8  those prescribed by the Court and Judicial Conference of the

9  United States.

10      WITNESS MY OFFICIAL HAND this the 14th day of August 2024.

11

12                                    /S/ Arlinda Rodriguez
                                     Arlinda Rodriguez, Texas CSR 7753
13                                    Expiration Date:  10/31/2025
                                     Official Court Reporter
14                                    United States District Court
                                     Austin Division
15                                    501 West 5th Street, Suite 4152
                                     Austin, Texas 78701
16                                    (512) 391-8791

17

18

19

20

21

22

23

24

25