# EXHIBIT E

| | |
|---|---|
| **From:** | Kevin Lavelle |
| **To:** | "Campbell, Scott" |
| **Cc:** | Loseman, Monica K.; Dan Drosman; Rachel Jensen; Jeremy Daniels; Cox, Trey; Costa, Gregg J.; Turquet Bravard, John L.; Marshall, Lloyd Steven; Megan Rossi; Heather Geiger |
| **Subject:** | RE: Cassava |
| **Date:** | Wednesday, September 4, 2024 4:41:29 PM |

Scott,

With the fact discovery stay ending shortly, there are a number of outstanding issues to be addressed, which are listed below:

1. Defendants told the Court at the August 1, 2024 hearing that their privilege log would be provided to Plaintiffs in a few weeks, but we still have not received it. Please produce the log by close of business on September 5.

2. Plaintiffs served document discovery on July 19, 2024, but we have not yet received Defendants' responses and objections. When will those be provided?

3. Gibson Dunn still has not stated whether they have accepted service for the July 19, 2024 subpoenas to the Cassava directors. Please confirm by close of business September 5 that Gibson Dunn has accepted service. Please also state when responses and objections to those subpoenas will be provided.

4. Prior to the stay, we reached agreement that Defendants would provide substantive responses to Interrogatories 1-3. As those interrogatories were propounded last year, please provide Defendants' responses by September 11.

5. Relatedly, Defendants offered to provide a list of experts Cassava consulted with that are encompassed by their Defense No. 4. We agree that would be sufficient at this time, while a fulsome response to Interrogatory No. 4 can be supplemented at the end of discovery. Please let us know when that list will be provided.

6. On July 19, 2024, we provided Defendants with a draft of our proposed Second Supplemented Complaint based on the case-related events that occurred in June and July 2024, but Defendants have not provided their position on whether they will oppose a motion to add the new allegations. Please let us know by September 6 if Defendants will oppose and, if so, on what grounds.

7. You previously mentioned that the SEC provided the Company with documentary evidence in the form of Cassava emails regarding Dr. Wang being potentially unblinded in the Phase 2b study. Please produce that email and any other documentary evidence that the SEC or DOJ has provided Defendants by September 6, as these documents are responsive to Plaintiffs' document requests, including Nos. 5 and 11. Please also confirm that there are no other presentations, or any other materials containing factual representations, that have been made to the DOJ or SEC by Cassava other than those at issue in Plaintiffs' pending motion to compel.

8. You previously suggested that Defendants are under the impression they may not request the

deposition transcripts and exhibits from the SEC investigation for production to Plaintiffs, despite previously agreeing to do so last year. Please provide your availability for a joint call with the SEC to resolve this issue.

Please also provide the names of the Cassava employees and directors the SEC has deposed, which Defendants agreed to provide when the motion to stay resolved.

9. Last, we can accept the statement you proposed for the Joint Motion to depose the Lund scientists with the following edits:

***Cassava later announced that the initial bioanalysis conducted at Lund University "showed highly anomalous data" and that the company relied on a second analysis by Hoau-Yan Wang, a Cassava scientific collaborator operating a lab at the City University of New York, which Defendants claim met the trial's primary endpoint.***

Please confirm these are acceptable and we will file.

-Kevin

---

**From:** Campbell, Scott <SCampbell@gibsondunn.com>
**Sent:** Monday, August 5, 2024 3:46 PM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Megan Rossi <MRossi@rgrdlaw.com>; Heather Geiger <HGeiger@rgrdlaw.com>
**Subject:** RE: Cassava

EXTERNAL SENDER
Kevin,

1. Thank you for agreeing to remove the language from the Joint Motion. We disagree that Plaintiffs' characterization of the facts in the current Summary of the Facts is at all important for the Swedish Court. But, in the spirit of compromise, we can agree to the following statement:

   ***Cassava later announced that the initial bioanalysis conducted at Lund University "showed highly anomalous data" and that the company relied on a second analysis by a Cassava scientific collaborator operating a lab at the City University of New York, which met the trial's primary endpoint.***

   With this change, we can agree to filing the Joint Motion when the discovery stay is lifted.

6. Interrogatory 4 asks Cassava to "Identify the "reasonable investigation, due diligence, and/or consultation with expert(s)" described in Cassava's "Defense" No. 4 in Defendants' Answer to the Consolidated Complaint for Violations of the Federal Securities Laws." As written, this requires us to describe Cassava's investigation,

diligence, and consultations supporting our defense, which is a contention interrogatory, and is substantively no different than Defendants' requests that you identify the evidence supporting specific allegations in your Complaint. Further, it is not true that Plaintiff cannot answer these interrogatories now. Plaintiff had to have a good-faith basis for believing these allegations to be true before filing the Complaint. And Plaintiff can, of course, supplement its responses as it identifies additional information in discovery. We are happy to bring both sides of this issue to Judge Bemporad.

Alternatively, if the only thing Plaintiffs seek at this time is a list of experts Cassava consulted with, and you serve a request to that effect – we should be able to answer that when the discovery stay is lifted.

8.  Again, discovery is stayed for the time being, including discovery from third parties. It is therefore not appropriate to contact the SEC as this time. Second, I do not understand why Cassava would join a call from Plaintiffs to the SEC whereby Plaintiffs are requesting transcripts from the SEC.

Finally, the documents referenced in the July 1, 2024 8-K were not provided by Defendants to the government.

Best,
Scott

**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1801 California Street Suite 4200, Denver, CO 80202-2642

**From:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Sent:** Friday, August 2, 2024 11:35 AM
**To:** Campbell, Scott <SCampbell@gibsondunn.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Megan Rossi <MRossi@rgrdlaw.com>; Heather Geiger <HGeiger@rgrdlaw.com>
**Subject:** RE: Cassava

**[WARNING: External Email]**

Scott,

We write to respond to certain items in your July 31 email, referencing the topic numbering below.

1. We disagree that the edits to the Joint Motion and Summary of the Case are unnecessary advocacy. However in the spirit of compromise, we can agree to remove the edits from the Joint

3