# EXHIBIT F

| | |
|---|---|
| **From:** | Campbell, Scott |
| **To:** | Kevin Lavelle |
| **Cc:** | Loseman, Monica K.; Dan Drosman; Rachel Jensen; Jeremy Daniels; Cox, Trey; Costa, Gregg J.; Turquet Bravard, John L.; Marshall, Lloyd Steven; Megan Rossi; Heather Geiger |
| **Subject:** | FW: Cassava |
| **Date:** | Friday, September 6, 2024 3:33:21 PM |

EXTERNAL SENDER
Kevin,

Responses to your questions are below.

Have a good weekend,
Scott

**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1801 California Street Suite 4200, Denver, CO 80202-2642

**From:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Sent:** Wednesday, September 4, 2024 5:41 PM
**To:** Campbell, Scott <SCampbell@gibsondunn.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Megan Rossi <MRossi@rgrdlaw.com>; Heather Geiger <HGeiger@rgrdlaw.com>
**Subject:** RE: Cassava

**[WARNING: External Email]**
Scott,

With the fact discovery stay ending shortly, there are a number of outstanding issues to be addressed, which are listed below:

1. Defendants told the Court at the August 1, 2024 hearing that their privilege log would be provided to Plaintiffs in a few weeks, but we still have not received it. Please produce the log by close of business on September 5.

    We are preparing the privilege log. It is not yet complete, but we do anticipate being able to share it soon.

2. Plaintiffs served document discovery on July 19, 2024, but we have not yet received

1

    Defendants' responses and objections. When will those be provided?

**With the stay, we calculate that the responses and objections would be due on September 18.**

3. Gibson Dunn still has not stated whether they have accepted service for the July 19, 2024 subpoenas to the Cassava directors. Please confirm by close of business September 5 that Gibson Dunn has accepted service. Please also state when responses and objections to those subpoenas will be provided.

**We are still confirming that we can accept service for all directors (other than Sanford Robinson). We expect that we will provide responses and objections in approximately two weeks, on September 20.**

4. Prior to the stay, we reached agreement that Defendants would provide substantive responses to Interrogatories 1-3. As those interrogatories were propounded last year, please provide Defendants' responses by September 11.

**We again note that our agreement to answer pending interrogatories was based on a proposal that both parties would answer all pending interrogatories, and that Plaintiffs have in fact refused to answer any. Nonetheless, we intend to serve updated responses to Interrogatories 1-3, along with our document discovery responses noted above, on September 18.**

5. Relatedly, Defendants offered to provide a list of experts Cassava consulted with that are encompassed by their Defense No. 4. We agree that would be sufficient at this time, while a fulsome response to Interrogatory No. 4 can be supplemented at the end of discovery. Please let us know when that list will be provided.

**What we stated is that if the only thing Plaintiffs seek at this time is a list of experts Cassava consulted with, and you serve a request to that effect – we should be able to answer that when the discovery stay is lifted. For obvious reasons, it is to everyone's benefit that the request be formally made.**

6. On July 19, 2024, we provided Defendants with a draft of our proposed Second Supplemental Complaint based on the case-related events that occurred in June and July 2024, but Defendants have not provided their position on whether they will oppose a motion to add the new allegations. Please let us know by September 6 if Defendants will oppose and, if so, on what grounds.

**As previously stated, we have significant concerns with the timing of this amendment, and with its potential impact on class certification. Please provide the actual, final amendments you intend to file so we may appropriately assess their impact on the case and the class, and then confer as to whether we oppose and on what grounds. Alternatively, it makes sense to confer on a proposed overall amended case schedule that accounts for, among other deadlines, an extended deadline to move to supplement the complaint, and supplemental briefing on the motion to certify the proposed class to**

2

address any further amendments to the complaint.

7. You previously mentioned that the SEC provided the Company with documentary evidence in the form of Cassava emails regarding Dr. Wang being potentially unblinded in the Phase 2b study. Please produce that email and any other documentary evidence that the SEC or DOJ has provided Defendants by September 6, as these documents are responsive to Plaintiffs' document requests, including Nos. 5 and 11. Please also confirm that there are no other presentations, or any other materials containing factual representations, that have been made to the DOJ or SEC by Cassava other than those at issue in Plaintiffs' pending motion to compel.

I believe what I stated was that the documents referenced in the July 1, 2024 8-K were not provided by Defendants to the government.  As you know, we have repeatedly stated that Cassava is actively cooperating with government investigations, and is opposed to Plaintiffs seeking real-time discovery of our communications with government investigators.  Judge Ezra has appointed Judge Bemporad as a Special Discovery Master to assist the parties in reaching reasonable agreement on discovery disputes, considering the ongoing investigations.  We look forward to meeting with Judge Bemporad, and discussing whether some reasonable resolution may be reached .  Your continued demand for immediate production of these documents, before we have even met with Judge Bemporad, is not encouraging.  Assuming we cannot reach reasonable compromise, consistent with Judge Ezra's August 5, 2024 Order, we will re-raise our Motion to Stay merits discovery while the investigations are ongoing.

8. You previously suggested that Defendants are under the impression they may not request the deposition transcripts and exhibits from the SEC investigation for production to Plaintiffs, despite previously agreeing to do so last year. Please provide your availability for a joint call with the SEC to resolve this issue.

What I previously suggested was that I do not understand why Cassava would join a call from Plaintiffs to the SEC whereby Plaintiffs are requesting transcripts from the SEC.

Please also provide the names of the Cassava employees and directors the SEC has deposed, which Defendants agreed to provide when the motion to stay resolved.

The Motion to Stay was not resolved.  The Court issued a temporary stay so that the parties could benefit from Judge Bemporad's guidance in resolving discovery disputes, in consideration of the ongoing federal investigations, with leave to re-raise the Motion to Stay if the parties cannot reach a reasonable compromise.

9. Last, we can accept the statement you proposed for the Joint Motion to depose the Lund scientists with the following edits:

**Cassava later announced that the initial bioanalysis conducted at Lund University "showed highly anomalous data" and that the company relied on a second**

3

> analysis by **Hoau-Yan Wang,** a Cassava scientific collaborator operating a lab at the City University of New York, which **Defendants claim** met the trial's primary endpoint.
>
> The sentence is in the past tense, so it should read "Defendants claimed." Otherwise, this is fine.

Please confirm these are acceptable and we will file.

-Kevin

**From:** Campbell, Scott <SCampbell@gibsondunn.com>
**Sent:** Monday, August 5, 2024 3:46 PM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Megan Rossi <MRossi@rgrdlaw.com>; Heather Geiger <HGeiger@rgrdlaw.com>
**Subject:** RE: Cassava

EXTERNAL SENDER
Kevin,

1. Thank you for agreeing to remove the language from the Joint Motion. We disagree that Plaintiffs' characterization of the facts in the current Summary of the Facts is at all important for the Swedish Court. But, in the spirit of compromise, we can agree to the following statement:

   > **Cassava later announced that the initial bioanalysis conducted at Lund University "showed highly anomalous data" and that the company relied on a second analysis by a Cassava scientific collaborator operating a lab at the City University of New York, which met the trial's primary endpoint.**

   With this change, we can agree to filing the Joint Motion when the discovery stay is lifted.

6. Interrogatory 4 asks Cassava to "Identify the "reasonable investigation, due diligence, and/or consultation with expert(s)" described in Cassava's "Defense" No. 4 in Defendants' Answer to the Consolidated Complaint for Violations of the Federal Securities Laws." As written, this requires us to describe Cassava's investigation, diligence, and consultations supporting our defense, which is a contention interrogatory, and is substantively no different than Defendants' requests that you identify the evidence supporting specific allegations in your Complaint. Further, it is not true that Plaintiff cannot answer these interrogatories now. Plaintiff had to have a good-faith basis for believing these allegations to be true before filing the Complaint. And Plaintiff can, of course, supplement its

4