# EXHIBIT H

| | |
|---|---|
| **From:** | Campbell, Scott |
| **To:** | Kevin Lavelle |
| **Cc:** | Loseman, Monica K.; Dan Drosman; Rachel Jensen; Jeremy Daniels; Cox, Trey; Costa, Gregg J.; Turquet Bravard, John L.; Marshall, Lloyd Steven; Megan Rossi; Heather Geiger |
| **Subject:** | RE: Cassava |
| **Date:** | Thursday, September 12, 2024 8:46:40 PM |

EXTERNAL SENDER

Kevin,

1. Our normal practice, for efficiency and simplicity, is to produce one log when we believe the review is complete (or very near so). To my knowledge and recollection, Plaintiffs never requested rolling logs as we rolled out our document productions starting last spring. Instead, Plaintiffs were focused on identifying additional categories of documents for review and production, which we collaborated on and completed. We are not "delaying" production. Now that our document productions are complete, we are diligently working on preparing a log that is accurate, including determining whether some documents can be reclassified to be produced or produced with redactions. This will reduce future disputes and work by both sides.

2. It is better to have a clean interrogatory, rather than a partial answer, for everyone so that the record is clean. We suggested this more than a month ago, so it does not appear that timing is a significant concern for Plaintiffs. But in any case, if there is some reason this needs to be answered in fewer than 30 days, we can collaborate on that.

3. As drafted, the purpose and effect of your proposed supplemental allegations are unclear. They appear in the "Loss Causation and Economic Loss" section of your complaint, and describe various events in 2024 which you allege to be associated with decreases in Cassava's stock price. You then allege that these decreases caused economic loss to Plaintiffs. But your complaint does not amend the class period, which terminates in 2023. Please explain how Plaintiffs can suffer loss outside the alleged class period.

4. All documents that were provided to government agencies (with the exception of the government presentations that are the subject of your motion to compel) prior to Gibson Dunn's retention were produced to plaintiffs. Through Gibson Dunn, Cassava has engaged in ongoing cooperative discussions with the government agencies over the last 6 months, including making 2 presentations to the SEC and one to the Department of Justice to date. The government has also shared certain information with Cassava relating to its investigations and information it has obtained as part of its investigations. As stated in our Motion to Stay, making ongoing communications between the government investigators and Cassava immediately discoverable will chill discussions and information sharing, and inhibit the government's investigation and the public interest.

   We are open to reaching a reasonable compromise on producing certain

information, and look forward to discussing with Judge Bemporad, who has been appointed for that purpose.  But if no reasonable compromise can be reached, we will re-urge our Motion to Stay merits discovery through the conclusion of the investigations or a decision on class certification.

5. We have not refused to request the transcripts.  To the contrary, we requested them.  The SEC then provided us with a transcript request form that dictates that we cannot reproduce them to others (which was the only reason we requested them in the first place).  Accordingly, the straightforward solution is for Plaintiffs to request and obtain them directly from the SEC.  We have provided you with the relevant contact information for the SEC, and understand you have already discussed your request with them.

6. The stay was not resolved.  The Court issued a temporary stay so that the parties could seek to resolve any disputes with Judge Bemporad.  If they cannot, the Court granted Defendants leave to re-urge the Motion.  We believe the parties can reach some reasonable resolution of our disputes, and certainly believe that both parties must make a good faith effort to do so before we re-raise the issue.  That is what we intend to do.

Best,
Scott


**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1801 California Street Suite 4200, Denver, CO 80202-2642

---

**From:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Sent:** Tuesday, September 10, 2024 10:59 PM
**To:** Campbell, Scott <SCampbell@gibsondunn.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Megan Rossi <MRossi@rgrdlaw.com>; Heather Geiger <HGeiger@rgrdlaw.com>
**Subject:** RE: Cassava

**[WARNING: External Email]**
Scott,

2

Regarding item 1, below, Defendants told the Court their privilege log would be provided to Plaintiffs in a "couple" of weeks. That was 6 weeks ago. Please provide a date certain that Defendants' privilege log will be provided. As you know, the log could have been provided on a rolling basis, and there is no reason to continue delaying its production.

On item 5, Interrogatory No. 4 already encompasses the list of experts Cassava consulted with. There is therefore no need to propound an additional interrogatory, which would unnecessarily delay Defendants' response by 30 days under Rule 33. Please let us know whether Defendants will answer that portion of the interrogatory and provide Plaintiffs with the list Defendants proposed.

On item 6, we already provided you with the proposed supplemented complaint two months ago in July. It remains the same today. Please provide Defendants' position by Thursday this week so that we may proceed accordingly. We do not view it as having any impact on class certification, which was fully briefed under the schedule agreed-to by the parties and ordered by the Court, but we are happy to discuss any concerns you may have. We also agree it makes sense to discuss an amended case schedule. We will propose one for consideration.

On item 7, the communication from Cassava to Dr. Wang un-blinding him in the Phase 2 trial is not a communication between Defendants and the government that Defendants contend is not an appropriate subject of discovery. Accordingly, the internal Cassava email should have been turned over in discovery already, especially since Defendants made the strategic decision to describe it in detail in a public 8-K filing. The stay is over. Produce the document or state the grounds for Defendants withholding it. Regarding other documents provided by Defendants to the government or vice versa, please provide us information regarding the volume and scope of those documents and we will be happy to have a discussion about them.

On item 8, as you already know, Defendants were supposed to have requested the SEC investigation deposition transcripts from the SEC, but, to date, they have refused to do so, despite Defendants agreeing last year to make the request and produce any transcripts received to Plaintiffs. Since Defendants refuse to make the request, and refuse to join a call with the SEC to resolve any apparent confusion on Defendants' part, please state in writing by close of business tomorrow the reason why Defendants refuse to make the request.

Last, regarding item 9, the stay was resolved. It was granted for 30 days, which has since ended. The provision of the names of the Cassava employees and directors the SEC deposed is not a discovery dispute. Nor does a list of names constitute settlement discussions between Cassava and the SEC – the purported basis for Defendants' motion to stay. Defendants, rather, agreed to provide this purely factual information. Please confirm that, despite the prior agreement, Defendants will not identify the Cassava employees and directors deposed.

We will also have the joint motion for the Swedish depositions updated and filed.

-Kevin

**From:** Campbell, Scott <SCampbell@gibsondunn.com>

3

**Sent:** Friday, September 6, 2024 3:33 PM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Megan Rossi <MRossi@rgrdlaw.com>; Heather Geiger <HGeiger@rgrdlaw.com>
**Subject:** FW: Cassava

EXTERNAL SENDER
Kevin,

Responses to your questions are below.

Have a good weekend,
Scott

**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1801 California Street Suite 4200, Denver, CO 80202-2642

**From:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Sent:** Wednesday, September 4, 2024 5:41 PM
**To:** Campbell, Scott <SCampbell@gibsondunn.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Megan Rossi <MRossi@rgrdlaw.com>; Heather Geiger <HGeiger@rgrdlaw.com>
**Subject:** RE: Cassava

**[WARNING: External Email]**
Scott,

With the fact discovery stay ending shortly, there are a number of outstanding issues to be addressed, which are listed below:

1. Defendants told the Court at the August 1, 2024 hearing that their privilege log would be provided to Plaintiffs in a few weeks, but we still have not received it. Please produce the log by close of business on September 5.

4

<span style="color:red">We are preparing the privilege log. It is not yet complete, but we do anticipate being able to share it soon.</span>

2. Plaintiffs served document discovery on July 19, 2024, but we have not yet received Defendants' responses and objections. When will those be provided?

<span style="color:red">With the stay, we calculate that the responses and objections would be due on September 18.</span>

3. Gibson Dunn still has not stated whether they have accepted service for the July 19, 2024 subpoenas to the Cassava directors. Please confirm by close of business September 5 that Gibson Dunn has accepted service. Please also state when responses and objections to those subpoenas will be provided.

<span style="color:red">We are still confirming that we can accept service for all directors (other than Sanford Robinson). We expect that we will provide responses and objections in approximately two weeks, on September 20.</span>

4. Prior to the stay, we reached agreement that Defendants would provide substantive responses to Interrogatories 1-3. As those interrogatories were propounded last year, please provide Defendants' responses by September 11.

<span style="color:red">We again note that our agreement to answer pending interrogatories was based on a proposal that both parties would answer all pending interrogatories, and that Plaintiffs have in fact refused to answer any. Nonetheless, we intend to serve updated responses to Interrogatories 1-3, along with our document discovery responses noted above, on September 18.</span>

5. Relatedly, Defendants offered to provide a list of experts Cassava consulted with that are encompassed by their Defense No. 4. We agree that would be sufficient at this time, while a fulsome response to Interrogatory No. 4 can be supplemented at the end of discovery. Please let us know when that list will be provided.

<span style="color:red">What we stated is that if the only thing Plaintiffs seek at this time is a list of experts Cassava consulted with, and you serve a request to that effect – we should be able to answer that when the discovery stay is lifted. For obvious reasons, it is to everyone's benefit that the request be formally made.</span>

6. On July 19, 2024, we provided Defendants with a draft of our proposed Second Supplemented Complaint based on the case-related events that occurred in June and July 2024, but Defendants have not provided their position on whether they will oppose a motion to add the new allegations. Please let us know by September 6 if Defendants will oppose and, if so, on what grounds.

<span style="color:red">As previously stated, we have significant concerns with the timing of this amendment, and with its potential impact on class certification. Please provide the actual, final amendments you intend to file so we may appropriately assess their impact on the case</span>

5

and the class, and then confer as to whether we oppose and on what grounds. Alternatively, it makes sense to confer on a proposed overall amended case schedule that accounts for, among other deadlines, an extended deadline to move to supplement the complaint, and supplemental briefing on the motion to certify the proposed class to address any further amendments to the complaint.

7. You previously mentioned that the SEC provided the Company with documentary evidence in the form of Cassava emails regarding Dr. Wang being potentially unblinded in the Phase 2b study. Please produce that email and any other documentary evidence that the SEC or DOJ has provided Defendants by September 6, as these documents are responsive to Plaintiffs' document requests, including Nos. 5 and 11. Please also confirm that there are no other presentations, or any other materials containing factual representations, that have been made to the DOJ or SEC by Cassava other than those at issue in Plaintiffs' pending motion to compel.

I believe what I stated was that the documents referenced in the July 1, 2024 8-K were not provided by Defendants to the government. As you know, we have repeatedly stated that Cassava is actively cooperating with government investigations, and is opposed to Plaintiffs seeking real-time discovery of our communications with government investigators. Judge Ezra has appointed Judge Bemporad as a Special Discovery Master to assist the parties in reaching reasonable agreement on discovery disputes, considering the ongoing investigations. We look forward to meeting with Judge Bemporad, and discussing whether some reasonable resolution may be reached . Your continued demand for immediate production of these documents, before we have even met with Judge Bemporad, is not encouraging. Assuming we cannot reach reasonable compromise, consistent with Judge Ezra's August 5, 2024 Order, we will re-raise our Motion to Stay merits discovery while the investigations are ongoing.

8. You previously suggested that Defendants are under the impression they may not request the deposition transcripts and exhibits from the SEC investigation for production to Plaintiffs, despite previously agreeing to do so last year. Please provide your availability for a joint call with the SEC to resolve this issue.

What I previously suggested was that I do not understand why Cassava would join a call from Plaintiffs to the SEC whereby Plaintiffs are requesting transcripts from the SEC.

Please also provide the names of the Cassava employees and directors the SEC has deposed, which Defendants agreed to provide when the motion to stay resolved.

The Motion to Stay was not resolved. The Court issued a temporary stay so that the parties could benefit from Judge Bemporad's guidance in resolving discovery disputes, in consideration of the ongoing federal investigations, with leave to re-raise the Motion to Stay if the parties cannot reach a reasonable compromise.

9. Last, we can accept the statement you proposed for the Joint Motion to depose the Lund scientists with the following edits:

6

> ***Cassava later announced that the initial bioanalysis conducted at Lund University "showed highly anomalous data" and that the company relied on a second analysis by <span style="color:red">Hoau-Yan Wang,</span> a Cassava scientific collaborator operating a lab at the City University of New York, which <span style="color:red">Defendants claim</span> met the trial's primary endpoint.***
>
> <span style="color:red">The sentence is in the past tense, so it should read "Defendants claimed."  Otherwise, this is fine.</span>

Please confirm these are acceptable and we will file.

-Kevin

---

**From:** Campbell, Scott <SCampbell@gibsondunn.com>
**Sent:** Monday, August 5, 2024 3:46 PM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Megan Rossi <MRossi@rgrdlaw.com>; Heather Geiger <HGeiger@rgrdlaw.com>
**Subject:** RE: Cassava

EXTERNAL SENDER
Kevin,

1. Thank you for agreeing to remove the language from the Joint Motion.  We disagree that Plaintiffs' characterization of the facts in the current Summary of the Facts is at all important for the Swedish Court.  But, in the spirit of compromise, we can agree to the following statement:

   > ***Cassava later announced that the initial bioanalysis conducted at Lund University "showed highly anomalous data" and that the company relied on a second analysis by a Cassava scientific collaborator operating a lab at the City University of New York, which met the trial's primary endpoint.***

   With this change, we can agree to filing the Joint Motion when the discovery stay is lifted.

6. Interrogatory 4 asks Cassava to "Identify the "reasonable investigation, due diligence, and/or consultation with expert(s)" described in Cassava's "Defense" No. 4 in Defendants' Answer to the Consolidated Complaint for Violations of the Federal Securities Laws."  As written, this requires us to describe Cassava's investigation, diligence, and consultations supporting our defense, which is a contention interrogatory, and is substantively no different than Defendants'

7