# EXHIBIT I

| | |
|---|---|
| **From:** | Kevin Lavelle |
| **To:** | "Campbell, Scott" |
| **Cc:** | Loseman, Monica K.; Dan Drosman; Rachel Jensen; Jeremy Daniels; Cox, Trey; Costa, Gregg J.; Turquet Bravard, John L.; Marshall, Lloyd Steven; Megan Rossi; Heather Geiger |
| **Subject:** | RE: Cassava |
| **Date:** | Monday, September 16, 2024 2:16:46 PM |
| **Attachments:** | JOINT MOTION FOR ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE SWEDISH MINISTRY OF JUSTICE TO DIRECT OSKAR HAN v.4.docx<br>PROPOSED REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) UNDER THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVI v.3 9.16.24 rgrd redline.docx |

Scott,

Please let us know who is signing the joint motion for the Swedish depositions for Defendants. Please also note the revisions to Section 4 of the Request, which had become outdated, and the addition of Mr. Barbier and Dr. Burns's new counsel in Section 6.

A response to your email is below.

1. Your response does not answer the question. State when the privilege log will be produced.

2. We will consider your offer to provide a "list of experts Cassava consulted with" on an expedited basis. State when such a response can be provided.

3. Corrective disclosures can still occur after the end of a class period and damage those that purchased during a class period at inflated prices. We are not aware of any legal requirement that a class period must be extended to the last partial corrective disclosure. If you are aware of authority stating otherwise, please let us know. We understand that this is your only objection to the supplemental allegations, as you have not provided any other bases to date, despite our repeated requests.

4. Your response did not answer the question asked. State whether Defendants will produce the Cassava email publicly described in the company's Form 8-K evidencing that Dr. Wang was un-blinded in the Phase 2b study.

Relatedly, please provide Defendants' proposal to reach a reasonable compromise on this broader issue of materials Defendants exchanged with the government.  As part of our compromise discussions, please state the date the two referenced presentations were made to the SEC and the date the presentation was made to the DOJ. Please also state the number of documents the government has referenced in the "information" provided to Defendants and how many of those documents include communications with Cassava personnel. Please also state whether Cassava has already produced those underlying documents to Plaintiffs. Last, please state whether any of these documents are being withheld on the basis of a privilege and will therefore appear on Defendants' privilege log.

5. As you know, Cassava, not Plaintiffs, has the right to request the transcripts from the SEC. We understand that Defendants have broken their agreement and now refuse to submit the request forms to the SEC and further refuse to join a call with the SEC to resolve the issue.

6. Thank you for confirming that Cassava will not provide the names of the Cassava employees and directors deposed or the dates of those depositions. We agree to raise the issue with Judge Bemporad.

-Kevin

---

**From:** Campbell, Scott <SCampbell@gibsondunn.com>
**Sent:** Thursday, September 12, 2024 8:46 PM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Megan Rossi <MRossi@rgrdlaw.com>; Heather Geiger <HGeiger@rgrdlaw.com>
**Subject:** RE: Cassava

EXTERNAL SENDER
Kevin,

1. Our normal practice, for efficiency and simplicity, is to produce one log when we believe the review is complete (or very near so). To my knowledge and recollection, Plaintiffs never requested rolling logs as we rolled out our document productions starting last spring. Instead, Plaintiffs were focused on identifying additional categories of documents for review and production, which we collaborated on and completed. We are not "delaying" production. Now that our document productions are complete, we are diligently working on preparing a log that is accurate, including determining whether some documents can be reclassified to be produced or produced with redactions. This will reduce future disputes and work by both sides.

2. It is better to have a clean interrogatory, rather than a partial answer, for everyone so that the record is clean. We suggested this more than a month ago, so it does not appear that timing is a significant concern for Plaintiffs. But in any case, if there is some reason this needs to be answered in fewer than 30 days, we can collaborate on that.

3. As drafted, the purpose and effect of your proposed supplemental allegations are unclear. They appear in the "Loss Causation and Economic Loss" section of your complaint, and describe various events in 2024 which you allege to be associated with decreases in Cassava's stock price. You then allege that these decreases caused economic loss to Plaintiffs. But your complaint does not amend the class period, which terminates in 2023. Please explain how Plaintiffs can suffer loss outside the alleged class period.

4. All documents that were provided to government agencies (with the exception of the government presentations that are the subject of your motion to compel) prior to Gibson Dunn's retention were produced to plaintiffs. Through Gibson Dunn, Cassava has engaged in ongoing cooperative discussions with the government agencies over the last 6 months,

    including making 2 presentations to the SEC and one to the Department of Justice to date. The government has also shared certain information with Cassava relating to its investigations and information it has obtained as part of its investigations. As stated in our Motion to Stay, making ongoing communications between the government investigators and Cassava immediately discoverable will chill discussions and information sharing, and inhibit the government's investigation and the public interest.

    We are open to reaching a reasonable compromise on producing certain information, and look forward to discussing with Judge Bemporad, who has been appointed for that purpose. But if no reasonable compromise can be reached, we will re-urge our Motion to Stay merits discovery through the conclusion of the investigations or a decision on class certification.

5. We have not refused to request the transcripts. To the contrary, we requested them. The SEC then provided us with a transcript request form that dictates that we cannot reproduce them to others (which was the only reason we requested them in the first place). Accordingly, the straightforward solution is for Plaintiffs to request and obtain them directly from the SEC. We have provided you with the relevant contact information for the SEC, and understand you have already discussed your request with them.

6. The stay was not resolved. The Court issued a temporary stay so that the parties could seek to resolve any disputes with Judge Bemporad. If they cannot, the Court granted Defendants leave to re-urge the Motion. We believe the parties can reach some reasonable resolution of our disputes, and certainly believe that both parties must make a good faith effort to do so before we re-raise the issue. That is what we intend to do.

Best,
Scott


**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1801 California Street Suite 4200, Denver, CO 80202-2642

---

**From:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Sent:** Tuesday, September 10, 2024 10:59 PM
**To:** Campbell, Scott <SCampbell@gibsondunn.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Megan Rossi <MRossi@rgrdlaw.com>; Heather Geiger <HGeiger@rgrdlaw.com>
**Subject:** RE: Cassava

3