# EXHIBIT J

| | |
|---|---|
| **From:** | Campbell, Scott |
| **To:** | Kevin Lavelle |
| **Cc:** | Loseman, Monica K.; Dan Drosman; Rachel Jensen; Jeremy Daniels; Cox, Trey; Costa, Gregg J.; Turquet Bravard, John L.; Marshall, Lloyd Steven; Megan Rossi; Heather Geiger; Greene, Douglas W. |
| **Subject:** | RE: Cassava |
| **Date:** | Monday, September 23, 2024 12:40:26 PM |

EXTERNAL SENDER

Kevin,

Responses to each item are below.

Best,
Scott

**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1801 California Street Suite 4200, Denver, CO 80202-2642

**From:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Sent:** Monday, September 16, 2024 3:17 PM
**To:** Campbell, Scott <SCampbell@gibsondunn.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Megan Rossi <MRossi@rgrdlaw.com>; Heather Geiger <HGeiger@rgrdlaw.com>
**Subject:** RE: Cassava

**[WARNING: External Email]**
Scott,

Please let us know who is signing the joint motion for the Swedish depositions for Defendants. Please also note the revisions to Section 4 of the Request, which had become outdated, and the addition of Mr. Barbier and Dr. Burns's new counsel in Section 6.

**Noted. Gregg Costa will sign for Cassava and Eric Schoen. Given that Mr. Barbier and Dr. Burns have new counsel, I have forwarded the filing to Doug Greene and copied him here.**

A response to your email is below.

1. Your response does not answer the question. State when the privilege log will be produced.

1

We are targeting this week.

2. We will consider your offer to provide a "list of experts Cassava consulted with" on an expedited basis. State when such a response can be provided.

14 days from service.

3. Corrective disclosures can still occur after the end of a class period and damage those that purchased during a class period at inflated prices. We are not aware of any legal requirement that a class period must be extended to the last partial corrective disclosure. If you are aware of authority stating otherwise, please let us know. We understand that this is your only objection to the supplemental allegations, as you have not provided any other bases to date, despite our repeated requests.

For authority stating that information outside the class period cannot serve as a corrective disclosure/establish loss causation, *see, e.g., Lighthouse Fin. Group v. Royal Bank of Scotland Group, PLC*, No. 11 CIV. 398 (GBD), 2013 WL 4405538, at *10 (S.D.N.Y. Aug. 5, 2013), *aff'd sub nom. IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Group*, PLC, 783 F.3d 383 (2d Cir. 2015); *Leykin v. AT&T Corp.*, 432 F. Supp. 2d 229 , 243-44 (S.D.N.Y. 2006).

And no, this is not our only basis for objecting to your amending to include these claims at this stage. If Plaintiffs are contending that these disclosures caused loss to Plaintiffs, and relate to Plaintiffs' claim for damages in this case – those corrective disclosures needed to be included and assessed as part of the request for class certification. We would therefore object to permitting amendment without reopening the class certification briefing (which would be prejudicial at this stage, given the extensive work already done).

4. Your response did not answer the question asked. State whether Defendants will produce the Cassava email publicly described in the company's Form 8-K evidencing that Dr. Wang was un-blinded in the Phase 2b study.

Relatedly, please provide Defendants' proposal to reach a reasonable compromise on this broader issue of materials Defendants exchanged with the government. As part of our compromise discussions, please state the date the two referenced presentations were made to the SEC and the date the presentation was made to the DOJ. Please also state the number of documents the government has referenced in the "information" provided to Defendants and how many of those documents include communications with Cassava personnel. Please also state whether Cassava has already produced those underlying documents to Plaintiffs. Last, please state whether any of these documents are being withheld on the basis of a privilege and will therefore appear on Defendants' privilege log.

The previously referenced presentations to the SEC were conducted on July 16 and 22, 2024. The previously referenced presentation to the DOJ was conducted on March 20, 2024. An additional presentation to the DOJ was made on September 17, 2024. As is

<span style="color:red">plain, these exchanges of information are ongoing in real time (including this week). We do not know how many documents form the basis for the government's information; they have not provided a count or offered us access to their investigative file. We are not in a position to comment, and do not believe is appropriate to comment, on an open government investigation. To the extent the government's information is based on documents provided by Cassava, those documents have been provided to the plaintiffs.

As you know, we have asserted privilege over communications related with the government investigations as set forth in our response to the pending Motion to Compel.

As to compromise discussions, my recollection is that Plaintiffs were not opposed to a stay of discovery involving the federal investigations, at least through a decision on class certification or conclusion of the investigations. But Plaintiffs insisted on production of the presentations that were made to the government in 2023. As those presentations have become more stale, we may be amenable to producing those presentations as part of a compromise solution.</span>

5. As you know, Cassava, not Plaintiffs, has the right to request the transcripts from the SEC. We understand that Defendants have broken their agreement and now refuse to submit the request forms to the SEC and further refuse to join a call with the SEC to resolve the issue.

<span style="color:red">Actually, I do not know that to be the case. Did the SEC tell Plaintiffs they could not request the transcripts directly? Or deny Plaintiffs' request for the transcripts? If so, on what basis? Please advise specifically as to what right Defendants have, and what limitations have been place on Plaintiffs' rights. Further, I am not aware of Defendants breaking any agreement. I understand that Plaintiffs asked Cassava's former counsel to request transcripts from the SEC, and that Cassava's counsel did so. I know that Plaintiffs later asked Gibson Dunn for the SEC's contact information in connection with obtaining the transcripts, and we provided it. I further know that Plaintiffs asked Gibson Dunn to follow up with the SEC regarding the transcripts, and the SEC provided us with a transcript request form requiring Gibson Dunn to certify that it would not make, or allow any other party to make, any copy of the transcript – which fact we then conveyed to Plaintiffs.</span>

6. Thank you for confirming that Cassava will not provide the names of the Cassava employees and directors deposed or the dates of those depositions. We agree to raise the issue with Judge Bemporad.

<span style="color:red">As stated, we are open reasonable compromise around the scope of a stay of discovery pending a decision on class certification or resolution of the relevant government investigations – and agree this is a good topic to discuss with Judge Bemporad.</span>

-Kevin

**From:** Campbell, Scott <SCampbell@gibsondunn.com>
**Sent:** Thursday, September 12, 2024 8:46 PM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>

3