# EXHIBIT N

| | |
|---|---|
| **From:** | Campbell, Scott |
| **To:** | Kevin Lavelle |
| **Cc:** | Loseman, Monica K.; Dan Drosman; Rachel Jensen; Jeremy Daniels; Cox, Trey; Costa, Gregg J.; Turquet Bravard, John L.; Marshall, Lloyd Steven |
| **Subject:** | RE: Cassava |
| **Date:** | Wednesday, March 6, 2024 8:44:19 AM |

EXTERNAL SENDER

Kevin,

First, reserving the right to seek discovery around the CUNY report in October 2023 is an expansion of the scope of discovery. We are interested in exactly how you intend to limit that discovery, but, in any case, it would be an addition to what is contemplated now. Further, as you know, we are still in the process of defining search parameters for Plaintiffs' more than 100 requests for production. As you have requested, we are now in the process of producing new, expanded hit reports, which will likely further inflate the already unreasonable results, and require additional culling and time-consuming reports before the universe of reviewable documents is defined. Under the circumstances, including the expansive nature and number of Plaintiffs' demands, and with the pleadings in flux, our request for an additional 90 days to complete discovery is supported by good cause and more than reasonable. This request is not premature, as the deadline is imminent, and, given Judge Hightower's Order seeking to finalize the schedule and hold a hearing if necessary to resolve disputes, it is most sensible and efficient to address the scheduling order now.

Second, our opposition to Plaintiffs' Motion for Class Certification will reflect Plaintiffs' definition of the class as pled and allegedly relevant events occurring in the relevant timeline. Knowing who is a member of the class, and what events are involved, is central. Our expert witness will need time to assess the relevant market, and accounting for a class period twice as long as what was originally alleged would require substantial additional time and effort. Briefing class certification issues before the alleged class is defined is out of turn, and will cause Defendants to waste time, money, and briefing space analyzing issues which may or may not be germane. In addition, Defendants have pending subpoenas served on third parties for documents germane to both the merits of the case and class certification. We are in the process of seeking to compel responses to those subpoenas in advance of class certification briefing. An extension of 60 days to allow Plaintiffs' Motion to Supplement (which Plaintiff just brought to the Court) to be decided, and to obtain potentially relevant information from third parties, is reasonable and supported by good cause. As to the surreply, as we already discussed, if Plaintiffs take the position that Defendants bear the burden on price impact, we anticipate needing a surreply on that issue, including potential reply by our expert. If we do not need a surreply, the deadline will be moot.

Finally, as to Judge Hightower's Order, we proposed a deadline for amending the pleadings and joining new parties that would account for Plaintiffs' pending Motion to Supplement and render it timely. We will not agree to permitting amendment and joinder of parties after the close of discovery, because that would preclude discovery into the new allegations or parties (and discovery by the new parties). If Plaintiffs truly discover information that creates good cause to amend the pleadings, Plaintiff can file a Motion for Leave to Amend the Schedule and the pleadings at the same time. Regarding reply experts, if Plaintiffs do not wish to implement a deadline and consider the issue moot, we are fine with that and will remove it from the proposed schedule.

As noted above, we will oppose your Motion for Class Certification.  If you believe a conferral call to describe the scope and bases for Plaintiffs' Motion would be beneficial, we are happy to join.

Please let us know if Plaintiffs agree to the short extensions of time we have requested, or if you would like to have a call to discuss.  Otherwise, we will file a Motion for Extension on Friday.

Thank you,
Scott


**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1801 California Street Suite 4200, Denver, CO 80202-2642

---

**From:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Sent:** Monday, March 4, 2024 12:16 PM
**To:** Campbell, Scott <SCampbell@gibsondunn.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>
**Subject:** RE: Cassava

**[WARNING: External Email]**

Scott,

As we previously told Defendants' counsel, Plaintiffs are not seeking to expand the scope of discovery, though we do reserve the right to seek some limited discovery around the disclosure of the CUNY Report in the *Science* article on October 12, 2023, should the motion to supplement be granted. We therefore do not view it as a reason to delay the schedule.

Moreover, the motion for class certification will determine the scope of the putative class period. If the motion to supplement is denied, the end of the class period would revert to July 26, 2022. It is unclear to us how Defendants are prejudiced. Please provide your position, and we will consider it, but at this time we do not believe amendments to the class certification schedule are necessary. Further, Defendants' new request for a sur-reply is inconsistent with the schedule to which defendants already agreed, which did not contemplate a sur-reply at class certification.  In any event, the request is premature.  Given that Plaintiffs have not yet filed their class certification reply brief, Defendants have no way of knowing whether they will require a sur-reply.

Regarding the remainder of the schedule, first, your email did not respond to Plaintiffs' prior proposal addressing the two dated that Magistrate Judge Hightower requested in her order, and Defendants' proposed deadline for amending the pleadings in your email below includes a date that has already passed. As we stated in our prior email, the deadline to amend should occur after the close of fact discovery, so that the pleadings can be conformed to the evidence learned in discovery.

Second, we think the remainder of Defendants' proposal on the schedule is premature. Defendants have not given us any view into the status of their document review or reason to think the current substantial completion date cannot be met. As you noted, the hit report Defendants supplied does not identify the total number of documents in need of review under that proposal. Nor do we know how many total documents were captured by the government search terms, how many of those documents have been reviewed, the rate of review, the number of attorneys reviewing documents or when the review team reached capacity. Without knowing this information and arriving on a final set of search terms, the parties are not in a position to know whether any changes to the schedule may be appropriate.

It also appears to us that the delay in finalizing the remaining search terms is a problem of Defendants' own creation. As you stated, it took only "days" to pull the hit report provided. It is therefore puzzling to Plaintiffs why Defendants did not provide one for over six weeks after our search term counter-proposal was provided on January 9, 2024.  Moreover, Defendants provide no explanation for failing to run the additional search strings Plaintiffs proposed on January 2 and 9, and stating the terms "permeate" the hit report provided is not the same as running those search strings, as Defendants previously agreed to do. Nor did the hit report provided include the level of detailed we previously discussed with defense counsel.  Coupled with the fact that the directors failed to produce, and still have not produced, documents in accordance with the February 15 deadline agreed to by Defendants' counsel, we have concerns regarding Defendants' commitment to the deadline for the substantial completion of document discovery.

To move this process forward, we have attached, as an example, the types of information we would like to see so that the parties can assess the actual number of documents that would need to be reviewed under any search proposal, which include document totals at the bottom. Please provide hit reports in the format requested for (i) Plaintiffs' edits to Defendants suggested search terms and (ii) Plaintiffs' additional search terms, which were both supplied on January 9, 2024, as well as hit reports reflecting Defendants' suggested edits to both that they would find acceptable.

These hit reports should break out the results for each search string included in RFPs 55, 63, 83, 84, 108, 115 and 117, which each contain multiple search strings.  If there are particular terms in the search strings in RFPs 47, 52, 55, 63, 64, 81, 83, 84, 108, 115 and 117 that are leading to outsized hits, please let us know which specific terms those are.  Moreover, your email suggests that the number of hits will not include documents already captured by the government search terms or that have already been produced in the government productions – please confirm that is the case. If not, please exclude those documents from the hit reports going forward.

Once we have this information, we will be able to have an informed discussion on the search terms.