UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION <br><br> This Document Relates To: <br><br> ALL ACTIONS | § § § § § § § § § § § § § Master File No. 1:21-cv-00751-DAE <br><br> CLASS ACTION |

**PLAINTIFFS' OPPOSITION TO CASSAVA SCIENCES, INC. AND ERIC J. SCHOEN'S OPPOSED MOTION TO STAY MERITS DISCOVERY**

**[REDACTED]**

4893-5650-4058.v2

- i -

## TABLE OF CONTENTS

                                                                                          **Page**

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND ....................................................................................................................2

III. LEGAL STANDARD .............................................................................................................3

IV. THE CASSAVA DEFENDANTS SEEK AN INDEFINITE STAY ......................................4

V. DEFENDANTS FAILED TO SHOW A STAY IS REQUIRED TO PREVENT SUBSTANTIAL AND IRREPARABLE PREJUDICE ............................................................5

      A. There Is No Evidence the Criminal Investigation Is Ongoing or that Indictments Are Imminent ...........................................................................................5

      B. Any Overlap with Non-Existent Criminal Charges Is Speculative ..............................6

      C. The Cassava Defendants Failed to Demonstrate Irreparable Prejudice .........................7

      D. Plaintiffs Would Be Prejudiced by a Stay .....................................................................8

      E. The Public's Interest Weighs Against a Stay .................................................................9

      F. This Court's Interest Weighs Against a Stay ...............................................................10

VI. THE SCOPE OF THE REQUESTED STAY IS OVERBROAD..........................................10

VII. CONCLUSION......................................................................................................................10

4893-5650-4058.v2

## TABLE OF AUTHORITIES

Page

**CASES**

*Akuna Matata Invs., Ltd. v. Tex. Nom Ltd. P'ship*,
2008 WL 2781198 (W.D. Tex. 2008) ................................................................................... 7

*Alcala v. Tex. Web Cnty.*,
625 F. Supp. 2d 391 (S.D. Tex. 2009) ........................................................................ passim

*Bean v. Alcorta*,
220 F. Supp. 3d 772 (W.D. Tex. 2016) ................................................................................. 6

*Brown v. Baton Rouge Police Dep't*,
2024 WL 472338 (M.D. La. 2024) .............................................................................. 5, 7, 9

*Brown v. Kenner Police Dep't*,
2017 WL 5157563 (E.D. La. 2017) .................................................................................. 4, 6

*DeSilva v. Taylor*,
2022 WL 545063 (W.D. Tex. 2022) ..................................................................................... 6

*In re Enron Corp. Sec., Derivative & Erisa Litig.*,
762 F. Supp. 2d 942 (S.D. Tex. 2010) ................................................................................. 7

*In re Grand Jury Subpoena*,
866 F.3d 231 (5th Cir. 2017) ................................................................................................ 7

*Jostens, Inc. v. Hammons*,
2021 WL 734978 (E.D. Tex. 2021) .................................................................................. 8, 9

*McKnight v. Blanchard*,
667 F.2d 477 (5th Cir. 1982) ................................................................................................ 4

*Morrow v. City of Tenaha Deputy City Marshal Barry Wash.*,
2010 WL 3057255 (E.D. Tex. 2010) ............................................................................ 4, 9, 10

*Murry v. City of Indianola, Miss.*,
2023 WL 6394377 (N.D. Miss. 2023) .................................................................................. 8

*N.H. v. Castilleja*,
2023 WL 149989 (E.D. Tex. 2023) .................................................................................. 5, 6

*Ntakirutimana v. CHS/Cmty. Health Sys., Inc.*,
2010 WL 3810007 (S.D. Tex. 2010) ........................................................................... passim

**Page**

*SEC v. AmeriFirst Funding, Inc.*,
   2008 WL 866065 (N.D. Tex. 2008) .................................................................................. 7

*SEC v. First Fin. Grp. of Tex.*,
   659 F.2d 660 (5th Cir. 1981) ............................................................................... 1, 4, 10

*SEC v. Kiselak Cap. Grp., LLC*,
   2011 WL 4398443 (N.D. Tex. 2011) ............................................................................ 5, 6, 7

*Slack v. City of San Antonio, Tex.*,
   2019 WL 11097069 (W.D. Tex. 2019) ........................................................................... 5

*Toshiba Int'l Corp. v. D'Agostino*,
   2020 WL 13413329 (S.D. Tex. 2020) .......................................................................... 8, 9

*U.S. E.E.O.C. v. Glob. Horiz., Inc.*,
   2011 WL 5325747 (D. Haw. 2011) (Ezra, J.) ................................................................ 9

*U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*,
   571 F. Supp. 2d 758 (W.D. Tex. 2008) ................................................................. passim

*U.S. ex rel. Magee v. Lockheed Martin Corp.*,
   2010 WL 2816658 (S.D. Miss. 2010) ........................................................................ 7, 10

*U.S. v. Simcho*,
   326 F. App'x 791 (5th Cir. 2009) .................................................................................. 4

*Wehling v. Columbia Broad. Sys.*,
   608 F.2d 1084 (5th Cir. 1979) ........................................................................................ 6

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
   §78u-4(b)(3)(B) ........................................................................................................... 2, 9

4893-5650-4058.v2

Lead Plaintiff Mohammad Bozorgi and additional plaintiffs Ken Calderone and Manohar Rao ("Plaintiffs") respectfully submit this opposition to Cassava Sciences, Inc. ("Cassava" or the "Company") and Eric Schoen's ("Schoen") (together, the "Cassava Defendants") motion to stay (ECF 250) ("Motion" or "Mot.").

I.  **INTRODUCTION**

The Cassava Defendants renew their efforts to evade discovery, now insisting merits discovery must be stayed because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. But the facts have not changed. No defendant has been indicted, and there is no evidence that an indictment of any defendant is forthcoming. The Cassava Defendants' Motion amounts to a meritless request for an unnecessary stay that has no fixed end date.

Moreover, the purported basis for their Motion – that the Cassava Defendants are "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" (Mot. at 2) – is incorrect. First, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ because neither Barbier nor Burns has been indicted. Indeed, the Cassava Defendants do not provide a scintilla of evidence that indictments are forthcoming – or even likely.

Second, the Fifth Circuit holds that "'even if the danger of self-incrimination is great, [the party's] remedy is **not** to voice a blanket refusal to produce his records or testify.'" *SEC v. First Fin. Grp. of Tex.*, 659 F.2d 660, 668 (5th Cir. 1981).[1] The Cassava Defendants therefore improperly speculate ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Further, neither Barbier nor Burns joined the Cassava Defendants' Motion to stay discovery and both testified multiple times in the related U.S. Securities and Exchange Commission ("SEC") investigation, suggesting that there are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

---

[1]  Emphasis is added and citations are omitted unless otherwise noted.

Third, because Barbier, Burns, and Dr. Hoau-Yan Wang ("Wang"), a former Cassava consultant, testified multiple times in the SEC investigation, there already is an evidentiary record from these witnesses. ███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████.

Last, regardless of ███████████████████, the Cassava Defendants are still free to develop an evidentiary record through both documentary evidence and the testimony of other percipient witnesses, including defendant Schoen and other Cassava employees. Thus, the Cassava Defendants cannot show substantial and irreparable prejudice if merits discovery continues to moves forward.

Plaintiffs, on the other hand, will suffer prejudice from the indefinite stay the Cassava Defendants propose. "'With the passage of time, witnesses become unavailable, memories of conversations and dates fade, and documents can be lost or destroyed.'" *Ntakirutimana v. CHS/Cmty. Health Sys., Inc.*, 2010 WL 3810007, at *3 (S.D. Tex. 2010). Here, one key witness and a former defendant, Nadav Friedmann, Cassava's former Chief Medical Officer, died after Plaintiffs filed their complaint. ECF 91. Other witnesses' memories will continue to fade. This fact is particularly unsettling given ███████████

███████████████████████████████████ and Cassava's deletion of crucial evidence such as Burn's unblinding email to Wang. This case is already over three years old. The indefinite delay the Cassava Defendants request will thus further erode witness recollections, frustrating Plaintiffs' ability to present an effective case to the jury and meet their burden of proof at trial.

Similarly, the public has an interest in the prompt resolution of this case, as does this Court in moving this case off its docket. Plaintiffs respectfully request that the Court deny the Motion.

## II.  BACKGROUND

This securities fraud action was filed over three years ago – in August 2021. ECF 1. Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), all discovery was stayed pending the Court's decision on the motion to dismiss. *See* 15 U.S.C. §78u-4(b)(3)(B). On May 11, 2023, the Court

denied Defendants' motion to dismiss (ECF 104), and discovery commenced. Defendants did not then seek a stay of discovery, even though the SEC and U.S. Department of Justice ("DOJ") investigations had been ongoing for years.

Now, the SEC investigation is over. On September 26, 2024, the agency charged Cassava, Barbier, and Burns with misleading investors regarding the Company's Phase 2b trial results. ECF 233 at 7 n.3. The Company, together with Barbier and Burns, paid over $40 million – a "staggering" sum according to Cassava's current CEO – to resolve the case, which the Company called "a very sad chapter in Cassava's history." *Id.* During the investigation, **Barbier, Burns, and Wang were each deposed – twice**. *See* ECF 233 at 2; Ex. 1.[2]

As for the DOJ investigation, Cassava does not expect to be criminally charged, and Schoen does not anticipate invoking the Fifth Amendment. Mot. at 1-2. And, after three years of investigation, Barbier and Burns have not been indicted, and there is no evidence that an indictment is imminent or even probable. In fact, there is no evidence that the DOJ is still investigating Barbier and Burns. The most the Cassava Defendants' muster is that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" *Id.* at 4. Tellingly, although the Cassava Defendants' Motion focuses on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id.* at 2), neither has joined the Cassava Defendants' Motion. In addition, these defendants failed to provide any evidentiary support, such as a declaration, in support of the Motion. Only Wang, who is not a defendant in this action, has been indicted. *Id.* at 1.

### III. LEGAL STANDARD

"There is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions by different federal agencies against the same defendant

---

[2] All "Ex. __" references are to the affidavit of Kevin A. Lavelle filed concurrently herewith in support of this opposition unless otherwise noted.

- 3 -

involving the same transactions." *First Fin. Grp.*, 659 F.2d at 666-67. And "[i]f there is no prohibition against simultaneous proceedings when the government is a party to both actions, there is certainly no general prohibition in the present case where the government is not a party to the civil action." *Ntakirutimana*, 2010 WL 3810007, at *1. As such, "'it "is the rule, rather than the exception" that civil and criminal cases proceed together.'" *Alcala v. Tex. Web Cnty.*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009). Indeed, the Fifth Circuit holds "'the granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly.'" *U.S. v. Simcho*, 326 F. App'x 791, 792-93 (5th Cir. 2009).

Further, because "there is a strong presumption in favor of [civil] discovery," "the party who moves for a stay . . . bears the burden of overcoming this presumption." *Morrow v. City of Tenaha Deputy City Marshal Barry Wash.*, 2010 WL 3057255, at *1 (E.D. Tex. 2010). To overcome this presumption, the Cassava Defendants must make a "'showing of "special circumstances," so as to prevent the defendant from suffering substantial and irreparable prejudice.'" *Ntakirutimana*, 2010 WL 3810007, at *2. The Cassava Defendants fail to satisfy this burden.

## IV.   THE CASSAVA DEFENDANTS SEEK AN INDEFINITE STAY

"Although the Court has 'general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice,' a stay may ***not*** be 'immoderate or of an indefinite duration.'" *Brown v. Kenner Police Dep't*, 2017 WL 5157563, at *1 (E.D. La. 2017) (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)). Yet, the Cassava Defendants seek exactly that. Because the requested stay is "'until such time as the concurrent criminal investigation and proceedings are concluded,'" the duration is "currently indeterminate." *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 763 (W.D. Tex. 2008). Indeed, the Cassava Defendants provide no evidence at all regarding the status of the DOJ investigation. Accordingly, the Court should deny their Motion for an indefinite stay on this ground alone.

4893-5650-4058.v2

## V. DEFENDANTS FAILED TO SHOW A STAY IS REQUIRED TO PREVENT SUBSTANTIAL AND IRREPARABLE PREJUDICE

In addition, none of the factors courts look to when considering a motion to stay weighs in favor of granting the Cassava Defendants' Motion.

### A. There Is No Evidence the Criminal Investigation Is Ongoing or that Indictments Are Imminent

The Cassava Defendants concede that they are not the subject of any ongoing investigation – by the DOJ or otherwise. Accordingly, the Cassava Defendants

> do[] not address an eye-popping problem raised by [their] [M]otion. That is, it is the [Cassava Defendants] moving for a stay – not [Burns and Barbier] – and the [Cassava Defendants] [are] not a party to the criminal case. By itself, this would ordinarily counsel against granting a stay because courts "generally deny a stay where no indictment has been issued against the proponent of the stay."

*N.H. v. Castilleja*, 2023 WL 149989, at *3 (E.D. Tex. 2023).

Furthermore, "[h]ere, there is no information that indictments are forthcoming at all, much less inevitable" against any defendant. *Brown v. Baton Rouge Police Dep't*, 2024 WL 472338, at *2 (M.D. La. 2024). The Company has admitted it does not expect to be charged criminally. Nor does it expect charges against Schoen. As a result, the Cassava Defendants have no Fifth Amendment concerns. Moreover, the Cassava Defendants adduce ***no evidence*** that Barbier or Burns remain under criminal investigation, let alone that indictments are imminent. Since "[t]he record does not reveal anything definitive about the status of the proceedings, other than the fact that," at most, "an investigation is pending," this factor "also weighs against granting a stay." *SEC v. Kiselak Cap. Grp., LLC*, 2011 WL 4398443, at *3 (N.D. Tex. 2011); *see Ntakirutimana*, 2010 WL 3810007, at *2 ("Since the burden is on the Defendants to overcome the presumption against the stay, and they have not even convinced the court that there is an ongoing criminal investigation, Defendants have not proven that their interests will be harmed by proceeding with this case."). Accordingly, the Court should deny the Motion.[3]

---

[3] Defendants' cases are therefore inapposite. *Slack v. City of San Antonio, Tex.*, 2019 WL 11097069,

But even if there were some evidence that the DOJ is currently investigating Burns and Barbier, "courts generally decline to impose a stay where the defendant[s] [are] under criminal investigation, but [have] yet to be indicted." *Alcala*, 625 F. Supp. 2d at 401 (collecting cases). The Cassava Defendants' own cases are in accord. *See Bean v. Alcorta*, 220 F. Supp. 3d 772, 776 (W.D. Tex. 2016) (Ezra, J.) ("'A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct.'"); *Gonzalez*, 571 F. Supp. 2d at 763 (same). In fact, "a 'pre-indictment motion to stay can be denied on this ground alone.'" *Alcala*, 625 F. Supp. 2d at 401.[4]

### B. Any Overlap with Non-Existent Criminal Charges Is Speculative

Recognizing that they cannot satisfy their burden, the Cassava Defendants speculate that this case "███████████████████████." Mot. at 6. But, "[t]he existence of an overlap cannot be discerned in the present situation," as "[t]here is no indictment, and therefore no criminal case." *Kiselak*, 2011 WL 4398443, at *2. "Without an indictment, any analysis of overlap in this case is speculative." *Id.*; *see Ntakirutimana*, 2010 WL 3810007, at *2 (same); *Alcala*, 625 F. Supp. 2d at 401 (same).

Even "the existence of a similar criminal case does not automatically compel a stay." *N.H.*, 2023 WL 149989, at *3. Dr. Wang's indictment does not allege criminal acts by Barbier or Burns and therefore does not suggest what potential charges against them might be – if there ever are any charges. Because there is no evidence regarding the scope or likelihood of indictments against Barbier or Burns, the Cassava Defendants are left with rank conjecture, which fails to satisfy their burden of proof.

Even assuming, arguenedo, that Burns and Barbier are ultimately indicted in the future for the same acts as Dr. Wang, those charges would comprise at most only a portion of Plaintiffs' case. For example,

---

at *4 (W.D. Tex. 2019) and *Brown*, 2017 WL 5157563, at *1, resulted in ***short-term*** stays of just 60 and 45 days, respectively, because the criminal investigations there were expected to resolve in short order. Here, there is no evidence regarding when the DOJ investigation will resolve.

[4] Tellingly, nearly every other case the Cassava Defendants cite involves, unlike here, an indicted civil defendant or evidence of an imminent indictment. *See, e.g.*, *DeSilva v. Taylor*, 2022 WL 545063 (W.D. Tex. 2022) (civil defendant indicted); *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979) (evidence civil defendant was a criminal "target").

4893-5650-4058.v2

Dr. Wang's indictment does not relate to the Defendants' failure to disclose their deletion of "unfavorable data," Dr. Wang's concealed involvement in the Phase 2b trial, Quanterix Corp.'s true role in the Phase 2b trial or the "anomalous baseline measurements," as described by this Court. *See* ECF 104 at 18; *see U.S. ex rel. Magee v. Lockheed Martin Corp.*, 2010 WL 2816658, at *7 (S.D. Miss. 2010) (stay unwarranted where overlap "represent[ed] but a small portion of the conduct alleged" in the civil action).[5]

### C.   The Cassava Defendants Failed to Demonstrate Irreparable Prejudice

Defendants Burns and Barbier face no conflict "because no criminal indictment[s] ha[ve] been issued," *Kiselak*, 2011 WL 4398443, at *3, and there is no evidence that any indictment is forthcoming. The Cassava Defendants have thus provided ***no evidence*** to prove "that a criminal prosecution is imminent," let alone that they face substantial and irreparable prejudice. *See Ntakirutimana*, 2010 WL 3810007, at *2. Further, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[5]   Defendants' remaining cases are inapt. In *In re Grand Jury Subpoena*, 866 F.3d 231, 233-35 (5th Cir. 2017), unlike here, the government sought a stay to protect the integrity of a criminal investigation. *Akuna Matata Invs., Ltd. v. Tex. Nom Ltd. P'ship*, 2008 WL 2781198, at *2 (W.D. Tex. 2008), involved disparate facts, where the principal in the civil action stood to financially benefit from the government's criminal case, raising "the potential to abuse the civil discovery system." In *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 866065, at *3 (N.D. Tex. 2008), unlike here, the SEC was not prejudiced because it had obtained a default judgment and the allegations against the defendant were thus deemed admitted.

4893-5650-4058.v2

The Cassava Defendants also incorrectly assert that they are "███████████████████████ ███████████████████████". Mot. at 2, 7. First, there is already an evidentiary record from these witnesses based on the SEC depositions, which, according to the Cassava Defendants, overlap with the allegations in this case. ECF 162. In fact, the Cassava Defendants, Burns, and Barbier jointly developed their defenses for three years in response to the government investigations, even submitting numerous position papers to the government. *See, e.g.*, ECF 243. Second, the Cassava Defendants may develop the record though documentary evidence and the testimony of other percipient witnesses, such as Schoen, who will not invoke the Fifth Amendment, as well as other Cassava employees. *See Alcala*, 625 F. Supp. 2d at 403 (denying motion to stay where there were other "witnesses willing to testify on [a defendant's] behalf and support any claims [the defendant] may make in defense of her suit"). Moreover, the Cassava Defendants' concerns can ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *Gonzalez*, 571 F. Supp. 2d at 764. The Cassava Defendants' purported prejudice is wholly "'conclusory and insufficient to warrant a stay.'" *Id.*

### D.   Plaintiffs Would Be Prejudiced by a Stay

A stay would prejudice Plaintiffs, who "have a significant interest in being able to timely pursue their case." *Murry v. City of Indianola, Miss.*, 2023 WL 6394377, at *4 (N.D. Miss. 2023); *Toshiba Int'l Corp. v. D'Agostino*, 2020 WL 13413329, at *2 (S.D. Tex. 2020) (same). First, the Cassava Defendants' indefinite stay request "could significantly delay and prejudice [Plaintiffs'] ability to obtain relief"; thus, "this factor weighs against granting the instant [m]otion." *Gonzalez*, 571 F. Supp. 2d at 763-64.

Second, Plaintiffs have an interest in "obtaining discovery – especially when evidence may fade and frustrate the ability to present an effective case in the future." *Jostens, Inc. v. Hammons*, 2021 WL 734978, at *2 (E.D. Tex. 2021). "With the passage of time, witnesses become unavailable, memories of

conversations and dates fade, and documents can be lost or destroyed." *Alcala*, 625 F. Supp. 2d at 405; *see U.S. E.E.O.C. v. Glob. Horiz., Inc.*, 2011 WL 5325747, at *6 (D. Haw. 2011) (Ezra, J.) ("[D]elay may preclude the presentation of evidence at trial as a result of stale memories, the inability to locate witnesses, and . . . stale evidence."). Given the years-long PSLRA discovery stay, it is certain that memories have and will continue to fade, thereby frustrating Plaintiffs' ability to uncover the truth and present an effective case to the jury. *See Jostens*, 2021 WL 734978, at *2. Witness testimony is of particular importance in this case for several reasons. First, original source data pertaining to Cassava's Simufilam research ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" ECF 170, Ex. D at -00022121. Without the original data, testimony will be of greater importance to the data-manipulation claims. Second, Barbier ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See id.*, Ex. A ("▇▇▇▇▇▇▇▇."). Third, Cassava deleted a key May 14, 2020 email Burns sent to Wang unblinding him in the Phase 2b study. Ex. 2.[6] This rampant destruction of critical evidence and the CEO's ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ make witness testimony that much more important. Thus, an indefinite delay will pose "a substantial risk of prejudice to" Plaintiffs. *Morrow*, 2010 WL 3057255, at *4.

E.     **The Public's Interest Weighs Against a Stay**

Defendants claim "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." Mot. at 10. Significantly, however, ***the DOJ has not sought a stay***. *See Brown*, 2024 WL 472338, at *4 & n.25. The public interest in this case thus outweighs the Cassava Defendants' "'speculation about if and when an indictment will be returned,'" *Gonzalez*, 571 F. Supp. 2d at 765; *see Toshiba*, 2020 WL 13413329, at *2 (same). The public has an interest "'in the prompt resolution of [the dispute].'" *Jostens*, 2021 WL 734978, at *3-*4. Because this

---

[6]     While Cassava claims the deletion was consistent with the Company's document retention policies, Cassava did not delete other emails sent from Burns to Wang during the same time period.

- 10 -

case has already been pending for more than three years, this factor also weighs against a stay.

**F.      This Court's Interest Weighs Against a Stay**

"[A] stay of indefinite duration" like the one requested here "is contrary to the Court's interest in moving its docket and ensuring the expeditious resolution of cases before it." *Morrow*, 2010 WL 3057255, at *4. "Where," as here, "'no indictment has been returned and the civil case has been pending for more than a year, staying [a] civil action until the completion of any criminal proceeding would lead to unwarranted delay of this action.'" *Gonzalez*, 571 F. Supp. 2d at 765. And given "the uncertainty as to whether either [Barbier or Burns] will eve[r] be indicted, granting the Motion could result in the imposition of a lengthy and indeterminable stay for no reason." *Magee*, 2010 WL 2816658, at *7; *see Gonzalez*, 571 F. Supp. 2d at 765 (same). The Court's interests are thus served by a continuation of unfettered discovery. This factor, too, weighs against a stay.

**VI.     THE SCOPE OF THE REQUESTED STAY IS OVERBROAD**

Even if a limited stay were somehow warranted – it is not – it should not extend to ***any*** document discovery or ***all*** depositions. As previously stated, "'even if the danger of self-incrimination is great, (the party's) remedy is ***not*** to voice a blanket refusal to ***produce his records or testify***,'" *First Fin. Grp.*, 659 F.2d at 668. The production of documents does not ████████████████████████████ ████████████████████████████ Any stay also should not preclude depositions of witnesses who have not invoked their Fifth Amendment rights, such as Schoen. Defendants' claim that those depositions may need to be reopened if additional information comes to light is more speculation.

**VII.    CONCLUSION**

For the reasons herein, Plaintiffs respectfully submit the Motion should be denied.

| | |
|---|---|
| DATED: November 18, 2024 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>DANIEL S. DROSMAN (admitted *pro hac vice*)<br>KEVIN A. LAVELLE (admitted *pro hac vice*)<br>MEGAN A. ROSSI (admitted *pro hac vice*)<br>HEATHER GEIGER (admitted *pro hac vice*)<br>JEREMY W. DANIELS (admitted *pro hac vice*) |

*s/ Kevin A. Lavelle*
KEVIN A. LAVELLE

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX 75219
Telephone: 214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao