UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § § § § § § § § § | Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS | | |

**PLAINTIFFS' OPPOSED MOTION TO STRIKE DEFENDANTS' MOTION TO EXCLUDE THE CLASS CERTIFICATION TESTIMONY OF DR. STEVEN FEINSTEIN**

Lead Plaintiff Mohammad Bozorgi and additional plaintiffs Ken Calderone and Manohar K. Rao (collectively, "Plaintiffs") respectfully move to strike Defendants' Motion to Exclude the Class Certification Testimony of Dr. Steven Feinstein (ECF 268) (the "Motion to Exclude"). Should the Court deny Plaintiffs' Motion to Strike, Defendants' Motion to Exclude should nonetheless be denied, as there is no valid basis to exclude Dr. Feinstein's expert opinions under Federal Rule of Evidence 702. *See* Plaintiffs' Opposition to Defendants' Motion to Exclude the Class Certification Testimony of Dr. Feinstein.

**I.    INTRODUCTION**

Nine months ago, the Court issued a Scheduling Order establishing deadlines for class certification briefing in this case. ECF 146. Upon Defendants'[1] request, Magistrate Judge Hightower later granted Defendants leave to file a sur-reply in support of their opposition to Plaintiffs' motion for class certification, and specifically directed: "***The parties should not file any new evidence***." ECF 219 at 3 (emphasis in original). Because Defendants flouted Magistrate Judge Hightower's directive by filing an expert declaration with their sur-reply, Magistrate Judge Hightower issued an order on October 24, 2024 striking Defendants' impermissible expert report. ECF 238. Class certification briefing concluded on October 15, 2024, when Plaintiffs filed their sur-response in support of their motion for class certification. ECF 231. Upon completion of the class certification briefing, Magistrate Judge Hightower issued a Report & Recommendation (ECF 254) ("R&R") on November 15, 2024, recommending that the Court grant Plaintiffs' motion for class certification and denying Defendants' request for an evidentiary hearing on the motion.

***After*** Magistrate Judge Hightower recommended certification of the Class – and ***nearly 3 months after*** Dr. Feinstein had submitted his rebuttal report in support of class certification –

---

[1]  "Defendants" refers to Cassava Sciences, Inc. ("Cassava") together with Cassava's former CEO, Remi Barbier, CFO, Eric Schoen, and former Senior Vice President of Neuroscience, Lindsay Burns.

Defendants brazenly submitted the Motion to Exclude. Worse still, Defendants' untimely Motion to Exclude attached new class certification evidence – the ***second time*** Defendants directly defied Magistrate Judge Hightower's order to "***not file any new evidence***." ECF 219 at 3 (emphasis in original).

Because Defendants' Motion to Exclude is untimely and violates a direct order of the Court, Plaintiffs' Motion to Strike should be granted.[2]

## II. BACKGROUND

On March 11, 2024, the Court issued a Scheduling Order, based on the parties' agreed-upon recommendations, setting deadlines for class certification briefing and the exchange of related expert reports. ECF 146 at 3; ECF 96 at 3-4.[3] In accordance with the Scheduling Order, Plaintiffs filed a motion for class certification on March 13, 2024, attaching an expert report from Dr. Feinstein. ECF 148. Defendants filed an opposition to Plaintiffs' motion for class certification on June 28, 2024 (ECF 179, 241), and Plaintiffs filed a reply in further support of class certification on August 23, 2024, along with a second expert report from Dr. Feinstein (ECF 209-5, 212).

On August 30, 2024, Defendants filed a motion for an extension of time to seek leave to file a sur-reply. ECF 215. Plaintiffs responded to Defendants' motion on September 6, 2024. ECF 216. On September 19, 2024, the Court granted Defendants leave to file a 20-page sur-reply, and permitted Plaintiffs to file a 10-page sur-response. ECF 219 at 3. In this Order, the Court gave a clear directive to the parties: "***The parties should not file any new evidence***." *Id.* (emphasis in original). Defendants filed their sur-reply on October 4, 2024, which impermissibly attached an

---

[2] Pursuant to Local Rule CV-7(g), Plaintiffs conferred with Defendants on December 11, 2024, but Defendants would not consent to withdraw the Motion to Exclude.

[3] Defendants later received an extension for their opposition and page-limits (with Plaintiffs' reply deadline and page-limits also extended correspondingly), however, the Court did not alter any other aspect of the class certification briefing schedule at that time. *See* ECF 164, 181, 213.

expert report from Dr. René M. Stulz. ECF 227. Plaintiffs filed their response to Defendants' sur-reply on October 15, 2024, and moved to strike Dr. Stulz's sur-reply report, on grounds that it violated the Court's explicit order that no new evidence be submitted. ECF 231, 232. On October 24, 2024, the Court granted Plaintiffs' motion to strike Dr. Stulz's sur-reply report. ECF 238.

On November 15, 2024, Magistrate Judge Hightower issued the R&R, which recommended that the Court certify the Class and appoint Robbins Geller Rudman & Dowd LLP as Class Counsel. ECF 254. The Court also denied Defendants' request for an evidentiary hearing. *Id.*

Despite the fact that class certification was completed on October 15, 2024, when Plaintiffs filed their response to Defendants' sur-reply, and ignoring the fact that the Court had already issued an R&R recommending certification of the Class, on November 27, 2024, Defendants belatedly filed their Motion to Exclude.

### III.   LEGAL STANDARD

Local Rule CV-7(e) provides that "no further submissions on a motion are allowed" after the reply, "[a]bsent leave of court." And it is well-established in this Circuit that courts "need not consider untimely-filed Daubert challenges." *Koch Foods, Inc. v. Pate Dawson Co., Inc.*, 2018 WL 651371, at *3 (S.D. Miss. Jan. 31, 2018); *see also Hernandez v. Gen. Motors Corp.*, 2001 WL 36103819, at *1 (S.D. Tex. July 3, 2001) ("[c]hallenges to expert testimony may be waived for failure to adhere to deadlines"). Accordingly, a party who "ignores any case-management deadline does so at his own peril." *Hernandez*, 2001 WL 36103819, at *1 ("[t]he [Federal] Rules of Civil Procedure endow the trial judge with formidable case-management authority"). Indeed, courts routinely invoke their authority to decline to consider untimely *Daubert* motions, including those motions filed after the close of class certification briefing. *See Bedingfield v. Deen*, 2011 WL 2712950, at *1 (W.D. La. July 8, 2011) ("[T]he Court will not entertain Plaintiffs' untimely *Daubert* challenge."), *aff'd sub nom. Bedingfield ex rel. Bedingfield v. Deed*, 487 F. App'x 219 (5th Cir.

- 3 -

2012); *Total Rebuild, Inc. v. PHC Fluid Power, L.L.C.*, 2019 WL 4247338, at *1 (W.D. La. Sept. 6, 2019) ("the Court will not entertain Defendant's untimely *Daubert* challenge"); *Shaw v. AMN Healthcare, Inc.*, 326 F.R.D. 247, 255 n.4 (N.D. Cal. 2018) (striking a *Daubert* motion filed after class certification briefing was completed because "the timing of Defendants' motion was not consistent with the schedule set by the Court with respect to class certification briefing").

### IV. THE COURT SHOULD STRIKE DEFENDANTS' UNTIMELY MOTION TO EXCLUDE

Defendants' Motion to Exclude is untimely. Cognizant of Local Rule CV-7, Defendants sought leave to file their sur-reply in connection with class certification. Class certification briefing in this case was completed on October 15, 2024, when Plaintiffs filed their response to Defendants' sur-reply. Thereafter, on November 15, 2024, Magistrate Judge Hightower issued the R&R recommending that the Court certify the Class.

Where a *Daubert* motion filed after the close of class certification briefing is untimely (*Shaw*, 326 F.R.D. at 255 n.4), a *Daubert* motion filed after the court has already recommended certification of the Class is doubly so. In fact, in Defendants' opposition to class certification, they stated: "Defendants expect Dr. Feinstein will submit a supplemental or rebuttal report with Plaintiffs' Reply. Defendants reserve the right to seek to exclude Dr. Feinstein's testimony under *Daubert **at that time*** and to seek permission to file a sur-reply, if warranted." ECF 241 at 17 (emphasis added). As Defendants anticipated, Dr. Feinstein filed a rebuttal expert report on August 23, 2024. ECF 209-5. Nonetheless, Defendants did not file a motion to exclude Dr. Feinstein's testimony under *Daubert* "at that time." Indeed, while Defendants devoted much of their class certification briefing to attacking Dr. Feinstein's opinions, they never moved to exclude his opinions under Federal Rule of Evidence 702 during the briefing period. Instead, Defendants waited until ***three months after*** Dr. Feinstein submitted his rebuttal report to move to exclude his opinions. Even worse, they did not move to exclude Feinstein's opinions until ***after*** the motion for class certification had already been

- 4 -

ruled upon. Defendants' ploy ignores the law, their motion is untimely, and the Court should strike Defendants' Motion to Exclude.

Further, in granting Defendants the opportunity to file a sur-reply, the Court issued a clear directive: "***The parties should not file any new evidence***." ECF 219 at 3 (emphasis in original). Defendants first violated the Court's directive on October 4, 2024, when they submitted an expert report from Dr. Stultz in connection with their sur-reply. The Court struck Dr. Stulz's sur-reply report, finding that it "constitutes new evidence filed in violation of the September 19, 2024 Order." ECF 238 at 2. Defendants have blatantly defied the Court's Order once again here by filing a Motion to Exclude that attaches three new pieces of evidence – two academic articles and one book. ECF 268-1. Defendants' *second* attempt to circumvent the Court's clear directive should not be tolerated.

As the R&R points out, the Court has permitted the parties to "submit[] thousands of pages of briefing and evidence on the issue of class certification," going so far as to allow the parties to submit a sur-reply and sur-response. Defendants should not be permitted to have the final word on Plaintiffs' motion for class certification by belatedly filing additional argument and evidence without the Court's permission and in violation of the Court's explicit directive. The Court should put a stop to Defendants' continued gamesmanship and strike their improper and untimely Motion to Exclude.

## V.   CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court strike Defendants' Motion to Exclude.

DATED:  December 11, 2024                    Respectfully submitted,

                                                                   ROBBINS GELLER RUDMAN
                                                                        & DOWD LLP

                                                                               */s/ Jessica T. Shinnefield*
                                                                      JESSICA T. SHINNEFIELD

DANIEL S. DROSMAN (admitted *pro hac vice*)
JESSICA T. SHINNEFIELD (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
MEGAN A. ROSSI (admitted *pro hac vice*)
HEATHER GEIGER (admitted *pro hac vice*)
JEREMY W. DANIELS (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
jshinnefield@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao

4915-3715-8149.v1

CERTIFICATE OF SERVICE

The undersigned certifies that on December 11, 2024, a true and correct copy of the foregoing was served electronically upon each attorney of record.

                                          */s/ Jessica T. Shinnefield*
                                          JESSICA T. SHINNEFIELD