# Exhibit A

**From:** Heather Geiger <HGeiger@rgrdlaw.com>
**Sent:** Wednesday, December 11, 2024 12:02 PM
**To:** Campbell, Scott; Kevin Lavelle; 'Greene, Douglas W.'
**Cc:** Loseman, Monica K.; Cox, Trey; Costa, Gregg J.; Turquet Bravard, John L.; Marshall, Lloyd Steven; Dan Drosman; Jeremy Daniels; Megan Rossi; Jessica Shinnefield
**Subject:** RE: Cassava - Follow Up to November 14, 2024 Hearing
**Attachments:** JOINT ADVISORY TO MAGISTRATE JUDGE BEMPORAD IN ADVANCE OF DECEMBER 19 DISCOVERY STATUS CONFERENCE v.1.docx

**This Message Is From an External Sender**
This message came from outside your organization.

Scott,

Please find attached a draft of the joint statement. To ensure a timely filing, please provide your sections by tomorrow at 9 am PST. Plaintiffs reserve the right to make further edits to their sections.

We disagree that Defendants have been accommodating, as they have long delayed resolving this issue, beginning with their refusal to abide by the agreement reached by the parties at the start of this year to request the SEC transcripts for production to Plaintiffs. Plaintiffs' position on this issue is reflected in the joint statement, attached. Plaintiffs, moreover, agree to follow Judge Bemporad's direction, provided Defendants agree to do the same.

Regards,
Heather

**Heather Geiger**

Robbins Geller
Rudman & Dowd LLP

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

**From:** Campbell, Scott <SCampbell@gibsondunn.com>
**Sent:** Monday, December 9, 2024 11:30 AM
**To:** Heather Geiger <HGeiger@rgrdlaw.com>; Kevin Lavelle <KLavelle@rgrdlaw.com>; 'Greene, Douglas W.' <dgreene@bakerlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>
**Subject:** RE: Cassava - Follow Up to November 14, 2024 Hearing

EXTERNAL SENDER

Heather,

Defendants have not engaged in any maneuvering.  Cassava's position is the same that we stated and agreed to at the hearing on November 14.  It's the same as I stated in my email below on November 20.  And it's the same position I repeated on November 21 and 25.

It is Plaintiffs that have requested a carve-out to our agreed stay for purposes of new third-party document subpoenas.  We have been very accommodating of that request – asking only what discovery Plaintiffs seek to request and from whom.  Plaintiffs have provided no answer, and indicated there is in fact no immediate need.  We are fine taking the issue to Judge Bemporad.

We therefore suggest as follows:

In our Joint Advisory on Thursday, we will note that they parties have reached agreement that Cassava will request the SEC deposition transcripts it is entitled to, and ask the government for its position on Cassava producing documents the government provided to Cassava during the course of its investigations.  Plaintiffs, in turn, will agree not to pursue discovery until the Court rules on Defendants' pending Motion to Stay.  Plaintiffs seek an exception to this agreement allowing it to serve new third-party documents subpoenas.  Because Plaintiffs have stated no current need for any new subpoena, Defendants believe the issue is not ripe and all discovery should be stayed unless or until Plaintiffs can show a need for specific new third-party document subpoena.

If Plaintiffs will commit to follow whatever direction Judge Bemporad gives them on third-party document subpoenas, Cassava will promptly reach out to the government regarding transcripts and documents.

Best,
Scott

**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1801 California Street Suite 4200, Denver, CO 80202-2642

---

**From:** Heather Geiger <HGeiger@rgrdlaw.com>
**Sent:** Thursday, December 5, 2024 10:04 AM
**To:** Campbell, Scott <SCampbell@gibsondunn.com>; Loseman, Monica K. <MLoseman@gibsondunn.com>; Kevin Lavelle <KLavelle@rgrdlaw.com>; Greene, Douglas W. <dgreene@bakerlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>
**Subject:** RE: Cassava - Follow Up to November 14, 2024 Hearing

Scott,

Defendants' maneuvering is nothing more than an effort to delay. Defendants should request the SEC transcripts immediately, and the parties will raise the third-party discovery dispute with Magistrate Judge Bemporad. Please confirm that you will make such a request by the end of the day.

Regards,
Heather

**Heather Geiger**

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

---

**From:** Campbell, Scott <SCampbell@gibsondunn.com>
**Sent:** Wednesday, December 4, 2024 7:10 PM
**To:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Heather Geiger <HGeiger@rgrdlaw.com>; Kevin Lavelle <KLavelle@rgrdlaw.com>; Greene, Douglas W. <dgreene@bakerlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>
**Subject:** RE: Cassava - Follow Up to November 14, 2024 Hearing

EXTERNAL SENDER
Thank you, Heather.

We agree it makes sense to reach agreement on this issue now, which is what we are trying to do. We disagree that Plaintiffs have demonstrated any immediate need for third-party discovery. To the contrary, Plaintiffs are apparently advocating to preserve a hypothetical right to seek unknown discovery of unidentified documents from unnamed third-parties based on the possibility that Plaintiffs may at some time, through some method, learn that such documents exist. Defendants cannot assess whether this request is prejudicial because we do not know what Plaintiffs might be asking for at this stage, and neither do Plaintiffs.

We have not requested the SEC transcripts because, as yet, the parties have not been able to come to agreement as Judge Bemporad suggested we do. We reached a seemingly simple agreement in principle before Judge Bemporad: Cassava agreed to request the transcripts of its employees from the SEC that Cassava may have a right to, and ask whether the government objected to Cassava producing to Plaintiffs the documents the government provided to Cassava during its investigations. Cassava further agreed to produce the transcripts we obtain from the SEC, and produce the documents if the government does not object. In turn, Plaintiffs agreed that the parties would otherwise hold on merits discovery until the Court rules on Cassava's Motion to Stay. For the past three weeks, Plaintiffs have refused to simply affirm this agreement. Instead, Plaintiffs first sought to change deal first to include individual defendants Mr. Barbier and Dr. Burns. Next, Plaintiffs sought to add a carve-out for certain third-party document discovery.

We are happy to consider carving out any actual and immediate third-party document requests Plaintiffs intend to make. But Plaintiffs have not provided us any actual request to assess, and apparently have no such immediate need. Instead, Plaintiffs simply anticipate that a future need for such discovery may arise. Accordingly, we have made the reasonable and fair suggestion that we confer on whether such hypothetical discovery is appropriate if and when the need for such discovery becomes real and apparent to Plaintiffs. Conferring is not gatekeeping, and you are of course free to raise the issue with Judge Bemporad when it arises if the parties cannot agree.

We will promptly request the transcripts from the SEC if and when Plaintiffs confirm they will hold off on merits discovery as they agreed, and consistent with the above.

Best,
Scott

**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1801 California Street Suite 4200, Denver, CO 80202-2642

---

**From:** Heather Geiger <HGeiger@rgrdlaw.com>
**Sent:** Tuesday, December 3, 2024 6:19 PM
**To:** Campbell, Scott <SCampbell@gibsondunn.com>; Kevin Lavelle <KLavelle@rgrdlaw.com>; 'Greene, Douglas W.' <dgreene@bakerlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>
**Subject:** RE: Cassava - Follow Up to November 14, 2024 Hearing

Scott,

While you are correct that this carve out relates to third-party discovery, the proposal is not limited only to instances where Plaintiffs "discover" new third-parties. Should Plaintiffs learn, such as from the SEC transcripts, that relevant documents exist in known third-parties' possession, custody or control, Plaintiffs also may subpoena those documents.

We think it makes sense to reach agreement on this issue now. Defendants have not provided any basis that this carve out is prejudicial and Plaintiffs have demonstrated the necessity of preserving their rights, should the need arise. Defendants are not the gatekeepers of third-party discovery and have no right to determine if a third-party subpoena is "necessary." If Defendants are unwilling to agree to this limited carve out at this time, we will raise the issue with Judge Bemporad.

Last, please confirm the SEC transcripts have been requested.

Regards,
Heather

**Heather Geiger**

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

**From:** Campbell, Scott <SCampbell@gibsondunn.com>
**Sent:** Tuesday, December 3, 2024 12:29 PM
**To:** Heather Geiger <HGeiger@rgrdlaw.com>; Kevin Lavelle <KLavelle@rgrdlaw.com>; 'Greene, Douglas W.' <dgreene@bakerlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>
**Subject:** RE: Cassava - Follow Up to November 14, 2024 Hearing

EXTERNAL SENDER
Thank you, Heather. I understand you disagree.

Based on your statement in (2), I take it Plaintiffs have no current plans to pursue third-party discovery during the temporary stay pending a ruling on our Motion. Rather, Plaintiffs anticipate a possibility they may discover relevant third-parties they wish to subpoena, and therefore wish to preserve the right to subpoena such newly-discovered third parties. Please confirm that is correct.

If that is correct, I think this is easily resolved. We view it as unlikely that Plaintiffs will uncover a third-party (or parties) that necessitate an immediate subpoena before there is a ruling on the Motion to Stay. But if you do, we are happy to confer at that time as to whether such a subpoena is necessary. If the parties cannot agree, we can take the issue to Judge Bemporad. Please confirm that we are agreed.

Best,
Scott

**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1801 California Street Suite 4200, Denver, CO 80202-2642

**From:** Heather Geiger <HGeiger@rgrdlaw.com>
**Sent:** Monday, December 2, 2024 6:00 PM
**To:** Campbell, Scott <SCampbell@gibsondunn.com>; Kevin Lavelle <KLavelle@rgrdlaw.com>; 'Greene, Douglas W.' <dgreene@bakerlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>
**Subject:** RE: Cassava - Follow Up to November 14, 2024 Hearing

Scott,

1. We disagree that our description is inaccurate. We also disagree that whether Defendants reneged on their agreements is "irrelevant." Please advise when Cassava requests the transcripts from the SEC, which, in any event, should occur no later than tomorrow by close of business.

2. As I laid out in my November 20 email, there is a possibility that other relevant third-parties are revealed in future discovery, either through the SEC transcripts or otherwise. Plaintiffs cannot conceive how potential third-party document subpoenas could possibly prejudice Defendants, and Defendants have thus far failed to identify any actual or potential prejudice. Therefore, Plaintiffs reserve their right to issue document subpoenas to third-parties other than former or current Cassava employees while Cassava's motion to stay is pending. Please confirm you agree to this limited, non-prejudicial carve out.

Regards,
Heather

**Heather Geiger**

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

---

**From:** Campbell, Scott <SCampbell@gibsondunn.com>
**Sent:** Monday, December 2, 2024 7:54 AM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>; 'Greene, Douglas W.' <dgreene@bakerlaw.com>; Heather Geiger <HGeiger@rgrdlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>
**Subject:** RE: Cassava - Follow Up to November 14, 2024 Hearing

EXTERNAL SENDER
Kevin,

1. Thank you – I'm glad we are both prepared to move forward as agreed in front of Judge Bemporad. What you describe is not consistent with my understanding from prior counsel, but that appears irrelevant now.

2. On the third-party subpoenas, my question was what third-party subpoenas Plaintiffs intend to pursue. I do not see that described in Heather's prior email. Knowing who you intend to subpoena and what scope of documents you seek will help us assess whether there is prejudice associated with carving those subpoenas out of the agreed stay of prospective discovery.

I hope you had a nice holiday weekend.

Best,
Scott

**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1801 California Street Suite 4200, Denver, CO 80202-2642

---

**From:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Sent:** Monday, November 25, 2024 5:34 PM
**To:** 'Greene, Douglas W.' <dgreene@bakerlaw.com>; Campbell, Scott <SCampbell@gibsondunn.com>; Heather Geiger <HGeiger@rgrdlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Dan Drosman <DanD@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>
**Subject:** RE: Cassava - Follow Up to November 14, 2024 Hearing

Scott and Doug,

While we are prepared to move forward with the agreement, both of you have incorrectly stated that Defendants did not agree to request and produce the SEC transcripts to Plaintiffs. To be clear, all Defendants made that agreement through their prior counsel. Defendants' present counsel chose not to honor that agreement, and the request was not completed.

Scott, please let us know when the Cassava defendants make the SEC transcript request and what response the SEC provides.

Doug, your refusal to answer a simple question – will Mr. Barbier and Dr. Burns request their SEC transcripts if Cassava is unable to obtain them – is needlessly uncooperative. Plaintiffs reserve the right to seek an order compelling both to produce the transcripts and they are clearly in your custody and control.

The carve-out for document subpoenas to third-parties, other than current or former Cassava employees or directors, was described in Heather's prior email.  If you have questions you can call or email me. Otherwise, please state, as already requested, if you agree to the proposal. If you do not agree, state how Defendants are prejudiced.

Last, we received a copy of the transcript. It is attached.

-Kevin

---

**From:** Greene, Douglas W. <dgreene@bakerlaw.com>
**Sent:** Monday, November 25, 2024 1:19 PM
**To:** Campbell, Scott <SCampbell@gibsondunn.com>; Heather Geiger <HGeiger@rgrdlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Kevin Lavelle <KLavelle@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>
**Subject:** RE: Cassava - Follow Up to November 14, 2024 Hearing

EXTERNAL SENDER
Hi Heather:

We agree with Scott's account on point #2. We did not agree to request or produce transcripts. We agreed to address that issue if Cassava is unable to obtain and produce them.

Best regards,

Doug

**Doug Greene** | Partner | **BakerHostetler**
**Leader, Securities and Governance Litigation Team**

45 Rockefeller Plaza
New York, NY 10111-0100
T +1.212.847.7090 M +1.206.930.7682

999 Third Avenue | Suite 3900
Seattle, WA 98104-4076
T +1.206.566.7090

---

**From:** Campbell, Scott <SCampbell@gibsondunn.com>
**Sent:** Monday, November 25, 2024 2:36 PM
**To:** Heather Geiger <HGeiger@rgrdlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Greene, Douglas W. <dgreene@bakerlaw.com>; Kevin Lavelle <KLavelle@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>
**Subject:** RE: Cassava - Follow Up to November 14, 2024 Hearing

[External Email: Use caution when clicking on links or opening attachments.]

Thanks Heather.

1. No – I do not recall Defendants reneging on any agreement. As previously indicated, I understand that prior counsel agreed to request certain transcripts from 2023, and in fact did so.

2. Our agreement before Judge Bemporad did not include Mr. Greene, Mr. Barbier, or Dr. Burns – who, as I recall, represented at the hearing that they would cross that bridge (addressing whether they would request or produce transcripts) when we got there. They can speak for whether that remains their position, but either way it does not bear on our agreement. We are prepared to proceed now.

   If you obtain a copy of the transcript, please send it to me and we will review and make the appropriate designations.

3. What we discussed with Judge Bemporad was a distinction between prospective discovery and retrospective discovery, which was a distinction Judge Bemporad drew. Further, our Motion to Stay includes all prospective merits discovery, including third-party discovery. Please advise what third-party discovery you seek so we can assess whether it is proper and necessary to carve it out from our agreement.

Best,
Scott


**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1801 California Street Suite 4200, Denver, CO 80202-2642

---

**From:** Heather Geiger <HGeiger@rgrdlaw.com>
**Sent:** Friday, November 22, 2024 9:02 AM
**To:** Campbell, Scott <SCampbell@gibsondunn.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; 'Greene, Douglas W.' <dgreene@bakerlaw.com>; Kevin Lavelle <KLavelle@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>
**Subject:** RE: Cassava - Follow Up to November 14, 2024 Hearing

Counsel,

The Court left finalizing the details of the agreement to the parties, which is what we are doing now. Magistrate Judge Bemporad was clear that the SEC transcripts should be provided to Plaintiffs. We therefore require clarity regarding whether, in the event Cassava cannot obtain Mr. Barbier's and Dr. Burns's SEC transcripts without their written request, Mr. Barbier and Dr. Burns will make that request in a timely manner. You will recall that all Defendants previously agreed to request the SEC transcripts at the start of the year, before later reneging on that agreement. Accordingly, Mr. Green, please confirm by 5 pm Eastern on Monday, November 25 that Dr. Burns and Mr. Barbier will agree to request their transcripts from the SEC, should the need arise, as set forth in my November 20 email and above. If they do not agree, state the reasons why.

Additionally, the parties did not discuss halting third-party document discovery with the Court. Rather, the discussion focused on the timing of depositions and recent document discovery propounded on Defendants. Plaintiffs reserve their right to seek third-party document discovery with the exception of current or former Cassava employees or directors. This will ensure that should additional third-parties be identified as possessing relevant information, their documents can be preserved and collected. For example, because Defendants will not agree to request the SEC deposition exhibits, Plaintiffs need a mechanism to obtain documents referenced in the SEC transcripts that are outside Defendants' possession, custody or control. Such discovery is not a basis for the Cassava defendants' motion to stay, does not prejudice Defendants in any way, and thus should properly be carved out from this agreement. Please confirm Defendants agree to this necessary carve out by 5 pm Eastern on Monday, November 25. If Defendants do not agree, explain how they are prejudiced.

Last, should Plaintiffs obtain a copy of the hearing transcript, Defendants will have an opportunity to designate portions as "confidential" in accordance with the protective order.

Regards,
Heather

**Heather Geiger**

Robbins Geller
Rudman & Dowd LLP

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

   

---

**From:** Campbell, Scott <SCampbell@gibsondunn.com>
**Sent:** Thursday, November 21, 2024 3:22 PM
**To:** Heather Geiger <HGeiger@rgrdlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; 'Greene, Douglas W.' <dgreene@bakerlaw.com>; Kevin Lavelle <KLavelle@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>
**Subject:** RE: Cassava - Follow Up to November 14, 2024 Hearing

EXTERNAL SENDER
Heather,

Respectfully, no – the agreement did not include Mr. Barbier or Dr. Burns. To the contrary, my recollection is that counsel for Mr. Barbier and Dr. Burns took the position that they would evaluate whether they would request or producing the transcripts in the future if and when that specific issue arose. Nor was there any discussion of requesting exhibits, and I am not aware of any mechanism for requesting deposition exhibits from the SEC. Exhibits are not included as an option on the transcript request form.

Our agreement was simple. Cassava agreed to request the transcripts of its employees from the SEC, and ask whether the government objected to our producing to Plaintiffs the documents they provided to us. We will produce the transcripts we obtain, and produce the documents if the government does not object. They parties will otherwise hold on merits discovery until the Court rules on our Motion to Stay.

Cassava is prepared to abide by this agreement. If you request a copy of the hearing transcript to confirm, please note that we have requested that it be designated confidential per the Protective Order.

Best,
Scott

**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1801 California Street Suite 4200, Denver, CO 80202-2642

**From:** Heather Geiger <HGeiger@rgrdlaw.com>
**Sent:** Wednesday, November 20, 2024 1:03 PM
**To:** Campbell, Scott <SCampbell@gibsondunn.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; 'Greene, Douglas W.' <dgreene@bakerlaw.com>; Kevin Lavelle <KLavelle@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>
**Subject:** RE: Cassava - Follow Up to November 14, 2024 Hearing

Scott,

The agreement in principle included Mr. Barbier and Dr. Burns, in addition to the Cassava defendants. Accordingly, with the following clarifications, we have agreement:

(1) Cassava will request all deposition transcripts (and associated exhibits) identified in the Joint Advisory, and to the extent Mr. Barbier or Dr. Burns must make the request for their own transcripts, they will do the same.

(2) Defendants (including Mr. Barbier or Dr. Burns) will make the transcript requests to the SEC and re-produce them to Plaintiffs, or otherwise state the reasons why they are not being produced, within the time-frames set out in my November 15 email, i.e., two business days.

(3) Defendants will request permission from the government to provide the documents listed in the Joint Advisory to Plaintiffs within two business days of agreement and either re-produce them to Plaintiffs, including with any metadata, or otherwise state the reasons why they cannot be produced within two business days of the government providing its position. Defendants also agree to provide updates to Plaintiffs regarding the status of the request should the government not respond to Defendants within ten days.

(4) Plaintiffs will agree not to engage in new discovery with Defendants, including noticing depositions or serving written discovery, until the Court rules on the Motion to Stay. Plaintiffs also agree not to notice non-party depositions until the Court rules on the Motion to Stay. Plaintiffs reserve the right to serve document subpoenas on non-parties, except for current or former Cassava employees or directors.

Please confirm we have agreement.

Regards,
Heather

**From:** Campbell, Scott <SCampbell@gibsondunn.com>
**Sent:** Wednesday, November 20, 2024 8:20 AM
**To:** Heather Geiger <HGeiger@rgrdlaw.com>
**Cc:** Loseman, Monica K. <MLoseman@gibsondunn.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; 'Greene, Douglas W.' <dgreene@bakerlaw.com>; Kevin Lavelle <KLavelle@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>
**Subject:** RE: Cassava - Follow Up to November 14, 2024 Hearing

EXTERNAL SENDER
Heather,

Thanks for your email. The agreement in principle was that Cassava would request its employees' deposition transcripts from the SEC, and reach out to the government regarding its position on Cassava producing the documents listed in the Joint Advisory to Plaintiffs. If the SEC provides deposition transcripts to Cassava, Cassava will reproduce those transcripts to Plaintiffs (which, per Kevin's representation, we understand the SEC has approved). And if the government does not object to Cassava reproducing to Plaintiffs the documents the government provided to Cassava, Cassava will produce them. If the SEC declines to provide transcripts or objects to the production of documents, we will certainly let you know. In turn, Plaintiffs will agree not to proliferate new discovery (including noticing depositions or serving written discovery) until the Court rules on our recently-filed Motion to Stay.

Let us know if this is acceptable, and we will promptly reach out to the SEC.

Best,
Scott


**Scott Campbell**
Of Counsel

T: +1 303.298.5989 | M: +1 303.775.5547
SCampbell@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1801 California Street Suite 4200, Denver, CO 80202-2642

---

**From:** Heather Geiger <HGeiger@rgrdlaw.com>
**Sent:** Friday, November 15, 2024 4:39 PM
**To:** Campbell, Scott <SCampbell@gibsondunn.com>; Loseman, Monica K. <MLoseman@gibsondunn.com>; Cox, Trey <TCox@gibsondunn.com>; Costa, Gregg J. <GCosta@gibsondunn.com>; Turquet Bravard, John L. <JTurquetBravard@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; 'Greene, Douglas W.' <dgreene@bakerlaw.com>
**Cc:** Kevin Lavelle <KLavelle@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>
**Subject:** Cassava - Follow Up to November 14, 2024 Hearing

Counsel,

Consistent with the guidance from Judge Bemporad at yesterday's hearing, and the agreement in principal from each of the parties during that hearing, we propose the parties agree to resolve certain of their disputes as follows:

1. Within two business days of the parties reaching agreement, Defendants will request from the SEC all of the SEC Transcripts (and associated exhibits) identified in the October 22, 2024 Joint Advisory and provide any transcripts and exhibits they receive to Plaintiffs within two business days of receipt. To the extent the SEC refuses to provide any transcripts to Defendants, Defendants will inform Plaintiffs which transcripts the SEC refuses to produce and the SEC's basis for not providing them within two business days of the SEC's refusal.

2. The Cassava Defendants will produce the documents provided to Cassava by the SEC within two business days of agreement.

3. Plaintiffs agree to hold in abeyance the deposition of Ms. Hoch until after the earlier of (1) the next hearing with Judge Bemporad on December 19, 2024, or (2) the Motion to Stay is denied. Plaintiffs further agree not to notice additional depositions until after the Motion to Stay is denied.

We will provide a response to your email concerning the privilege log separately.

Please let us know if you agree to the above proposals by Tuesday, November 19.

Thanks,
Heather

**Heather Geiger**

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited.**

**If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**