IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES INC. SECURITIES LITIGATION | § § § § | Master File No. 1:21-cv-00751-DAE |
| This Document Relates to: | § § | CLASS ACTION |
| ALL ACTIONS | § § § § | |

**DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF DR. STEVEN FEINSTEIN**

Defendants' Motion to Exclude Testimony of Dr. Steven Feinstein (ECF 268) was timely filed and did not violate any Court Order. As a result, Plaintiffs' Motion to Strike (ECF 276) should be denied.

## ARGUMENT

### I.  Defendants' Motion to Exclude is Timely

Defendants' Motion to Exclude Testimony of Dr. Steven Feinstein was timely filed. There is no deadline in the Scheduling Order for filing *Daubert* motions (ECF 146), nor is there any other applicable deadline that would render Defendants' Motion untimely.

Plaintiffs' Motion to Strike tries to concoct an argument that Local Rule CV-7(e) bars Defendants from filing a *Daubert* motion after the close of briefing on class certification. ECF 276 at 3-4. This position is legally and logically unsupported. First, Local Rule CV-7(e) provides, in relevant part: "A party may file a reply in support of a motion. Absent leave of court, no further submissions on the motion are allowed." Nothing in this rule precludes Defendants from filing a motion to exclude expert testimony after Plaintiffs file a reply in support of their class certification motion. Second, Plaintiffs' reading of Local Rule CV-7(e) makes no sense as it would require defendants to challenge plaintiffs' expert opinions before defendants have full notice of them. For example, the majority of Dr. Feinstein's opinions in this case – stated in a 150-page report – were filed *with Plaintiffs' reply brief* in support of class certification. If the local rule barred filing *Daubert* motions post-reply, it would have been impossible for Defendants to challenge Dr. Feinstein's opinions.

This common dynamic, in which a defendant is unable to file a *Daubert* motion until after class certification briefing is completed, is reflected in a recent Fifth Circuit case. *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corporation,* 99 F.4th 770 (5th Cir. 2024). In *Anadarko*, the Fifth Circuit held that it is error not to consider a *Daubert* motion filed after the

1

close of class certification briefing in a securities class action. *Id*. at 773. As in this case, the *Anadarko* plaintiffs attached a rebuttal report from their expert to their reply in support of class certification. *Id.* Defendant Anadarko subsequently moved to exclude the rebuttal report under *Daubert*. *Id*. The Fifth Circuit found that declining to perform a "full *Daubert* analysis" was error and instructed the District Court on remand to "fully consider Anadarko's *Daubert* challenge" filed after the close of class certification briefing. *Id*. at 774.

Given this binding authority to the contrary, it is unsurprising that none of the cases Plaintiffs cite support their position that *Daubert* motions filed after class certification briefing are untimely. To the contrary, they are nearly all cases in which a court set a specific *Daubert* motion deadline, which a party missed and then sought to circumvent by filing a pretrial motion in limine.[1] The scheduling order is this case did not set a *Daubert* motion deadline, so Defendants did not miss or seek to circumvent any such deadline.

The only case Plaintiffs cite that even relates to class certification, *Shaw v. AMN Healthcare, Inc.*, was decided based on a Central District of California local rule requiring the inclusion of any evidentiary and procedural objections in the opposition to a class certification brief. The opposition in that case failed to cite either Rule 702 or *Daubert*. *Shaw v. AMN Healthcare, Inc.*, 326 F.R.D. 247, 255 n.4 (N.D. Cal. 2018). That case is doubly inapposite. First, that local rule does not exist in this Court. Second, Defendants stated in their Opposition that they

---

[1] *See Koch Foods, Inc. v. Pate Dawson Co., Inc.*, 2018 WL 651371, at *3 (S.D. Miss. Jan. 31, 2018) (declining to consider motions in limine because they were in substance *Daubert* motions filed five months after the specific deadline for *Daubert* motions in the case management order); *Hernandez v. Gen. Motors Corp.*, 2001 WL 36103819, at *1 (S.D. Tex. July 3, 2001) (striking motions in limine because they were in substance *Daubert* challenges filed after the specific deadline for *Daubert* motions in the scheduling order); *Bedingfield v. Deen*, 2011 WL 2712950, at *1 (W.D. La. July 8, 2011) (denying motion in limine as a veiled *Daubert* motion filed after the specific deadline for *Daubert* motions in the amended scheduling order); *Total Rebuild, Inc. v. PHC Fluid Power, L.L.C.*, 2019 WL 4247338, at *2-3 (W.D. La. Sept. 6, 2019) (denying motion in limine as a late-filed *Daubert* motion and procedural "gotcha" on the eve of trial).

2

anticipated Dr. Feinstein would submit a rebuttal report with Plaintiffs' Reply, and, consistent with *Anadarko,* reserved the right to seek to exclude Dr. Feinstein's testimony after class certification briefing. ECF 179-2 at 17 n.18.[2] So unlike in *Shaw*, Defendants here in their class cert opposition put Plaintiffs and the Court on notice of a potential *Daubert* motion that would be filed after all the expert opinions on certification had been disclosed.[3]

Indeed, Plaintiffs' actions confirm that they knew there was no deadline to file *Daubert* motions. On August 28, Defendants reached out to Plaintiffs to set a schedule for *Daubert* briefing. Defendants explained that they anticipated that the parties would serve additional expert reports in the later certification briefing, so it would be helpful to set deadlines allowing both parties a fair opportunity to review these reports and file motions to exclude. Plaintiffs declined to agree to a schedule based on the following view: "concerning the timing of class certification related *Daubert* motions, as there is **no deadline** that we are aware of for filing such motions, the parties should feel free to file them when and if they feel there is sufficient basis to do so." Ex. A. August 24, 2024 Email from Plaintiffs' counsel to Defendants' counsel (emphasis added).

In short, Defendants' *Daubert* Motion did not violate any deadline, and Plaintiffs know it. Given their earlier position that Defendants could file a *Daubert* motion after class cert briefing concludes, Plaitiffs should be estopped from arguing the motion is late. At a minimum, they are

---

[2] Defendants also anticipated that Dr. Feinstein would prepare an additional report and opinions in conjunction with Plaintiffs' Response to Surreply, which Dr. Feinstein did. ECF 232-2, October 16, 2024 Surreply Rebuttal Report of Dr. Steven Feinstein.

[3] Where defendants have expressly reserved the right to move to exclude plaintiffs' expert's testimony, including supplemental testimony in rebuttal reports accompanying class certification reply briefs, courts properly reserve ruling on those motions to exclude until they are filed—even if the *Daubert* motion is filed post class-certification. *See, e.g., Kleen Prods. LLC v. Int'l Paper*, 306 F.R.D. 585, 590 (N.D. Ill. 2015) ("Expert reports in this case are indeed critical to class certification, but no Defendant has yet challenged Plaintiffs' experts on Rule 702 or *Daubert* grounds. To the contrary, Defendants have 'expressly reserve[d] their right to move to exclude [Plaintiffs' experts] under *Daubert* and Rule 702.' . . . The Court therefore reserves ruling on Plaintiffs' experts' admissibility until Defendants raise and brief that issue.").

wrong about the timeliness of the motion. Defendants' Motion is timely and refusing to consider it would conflict with the Fifth Circuit's recent instruction in *Anadarko*.

## II.  Judge Hightower Did Not Bar *Daubert* Motions

Plaintiffs are also wrong that the *Daubert* Motion somehow violates the Court's order against the submission of new evidence in Defendants' surreply and Plaintiffs' response to surreply. After Plaintiffs had appended an extensive expert report containing hundreds of pages of new evidence to their reply brief, Judge Hightower granted Defendants' request to file a Surreply in Opposition to Plaintiffs' Motion for Class Certification. ECF 219. In that September order, Judge Hightower stated:

> The Court **GRANTS** Defendants' Opposed Motion for Extension of Time to Seek Leave to File Surreply (Dkt. 215). Defendants have until **October 4, 2024** to file a sur-reply **limited to 20 pages** to Plaintiffs' Reply in Further Support of Motion for Class Certification (Dkt. 214). Plaintiffs may file a response to Plaintiffs' sur-reply **limited to 10 pages** by **October 15, 2024**. **The parties should not file any new evidence**.

ECF 219 at 3 (original emphases). Judge Hightower's Order setting page limits and excluding new evidence was directed to Defendants' surreply and Plaintiffs' response. It was not a general bar against filing any new motions or evidence, nor was it a bar to filing *Daubert* motions specifically. Indeed, as set forth above, barring Defendants from moving to exclude Feinstein's rebuttal reports would be contrary to governing Fifth Circuit precedent.

Defendants' *Daubert* Motion explains, in relevant part, that Dr. Feinstein's reports reject the well-established definition of market efficiency established in the academic literature and instead substitute a circular interpretation not supported by the literature. To illustrate this point, the Motion appends three sources cited by Dr. Feinstein to define "informational efficiency," all of which contradict Dr. Feinstein's assertions in this case. ECF 268 at 9-10.

This evidence plainly demonstrates the flaws in Dr. Feinstein's opinions, is appropriate and helpful to the Court in "fully consider[ing]" whether to exclude those flawed opinions, and

4

does not violate Judge Hightower's Order, which put limits on the final briefs for the class certification motion itself. *See Anadarko*, 99 F.4th at 775. The evidence should not be excluded.

## CONCLUSION

For these reasons, Plaintiffs' Motion to Strike Defendants' Motion to Exclude Testimony of Steven Feinstein should be denied.

Dated: December 26, 2024                    Respectfully submitted,

/s/ *Gregg Costa*
Gregg Costa (Tx. Bar No. 24028160)
Trey Cox (Tx. Bar No. 24003722)
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, TX 77002
Telephone: 346.718.6600
gcosta@gibsondunn.com
tcox@gibsondunn.com

Monica K. Loseman (admitted *pro hac vice*)
Scott Campbell (admitted *pro hac vice*)
John Turquet Bravard (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202-2642
Telephone: 303.298.5700
mloseman@gibsondunn.com
scampbell@gibsondunn.com
jturquetbravard@gibsondunn.com

Mary Beth Maloney (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
mmaloney@gibsondunn.com

*Counsel for Defendants Cassava Sciences, Inc. and Eric J. Schoen*

5

>Douglas W. Greene
>BAKER & HOSTETLER LLP
>45 Rockefeller Plaza
>New York, NY 10111
>Telephone: 212.847.7090
>dgreene@bakerlaw.com
>
>C. Shawn Cleveland
>BAKER & HOSTETLER LLP
>2850 N. Harwood Street, Suite 1100
>Dallas, TX 75201
>Telephone: 214.210.1200
>scleveland@bakerlaw.com
>
>*Counsel for Defendants Remi Barbier and Lindsay Burns*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 26, 2024, a true and correct copy of the foregoing was served electronically upon each attorney of record.

/s/ *Gregg Costa*
Gregg Costa

7