UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § § § § § § § § § |  Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS | |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF OPPOSED MOTION TO STRIKE DEFENDANTS' MOTION TO EXCLUDE THE CLASS CERTIFICATION TESTIMONY OF DR. STEVEN FEINSTEIN**

4897-0838-9900.v1

## TABLE OF CONTENTS

**Page**

I.    DEFENDANTS FAILED TO COMPLY WITH LOCAL RULE CV-7(e) ......................... 1

II.    DEFENDANTS' DELAY IS INEXCUSABLE GAMESMANSHIP- ............................... 2

III.    CONCLUSION ............................................................................................................ 5

Defendants' Motion to Exclude the Class Certification Testimony of Dr. Steven Feinstein (ECF 268) ("Motion to Exclude") is untimely. Tellingly, Defendants do not dispute that they intentionally delayed filing their Motion to Exclude until *after* Magistrate Judge Hightower recommended that the Class be certified in order to obtain an improper second bite at the apple and interrupt these proceedings.[1] Defendants' gamesmanship should not be tolerated, and the Court should strike their untimely Motion to Exclude.

## I. DEFENDANTS FAILED TO COMPLY WITH LOCAL RULE CV-7(e)

Defendants' submission of their Motion to Exclude, without seeking leave of the Court, violated Western District of Texas Local Civil Rule CV-7(e).

Defendants claim that nothing in Local Rule CV-7(e) precluded Defendants from moving to exclude Dr. Feinstein's testimony after Plaintiffs filed their reply in further support of their motion for class certification, and that Plaintiffs' reading of Rule CV-7(e) would have required "defendants to challenge plaintiffs' expert opinions before defendants have full notice of them." Defendants' Opposition to Plaintiffs' Opposed Motion to Strike Defendants' Motion to Exclude (ECF 284) ("Opposition" or "Opp.") at 1. Both assertions are incorrect. Local Rule CV-7(e) provides: "A party may file a reply in support of a motion. *Absent leave of court*, no further submissions on the motion are allowed." *Id.* Under the plain language of Rule CV-7(e), "no further submissions" – including Defendants' challenge to Dr. Feinstein's class certification opinions – were permitted after Plaintiffs filed their class certification reply on August 23, 2024. *See id.*

Nor was it "impossible for Defendants to challenge Dr. Feinstein's opinions," as Defendants now hyperbolically claim. Opp. at 1. Rather, as Local Rule CV-7 clearly provides, Defendants could have attempted to challenge Dr. Feinstein's opinions simply by seeking "leave of [the] court"

---

[1] "Defendants" refers to Cassava Sciences, Inc., Remi Barbier, Eric Schoen, and Lindsay Burns.

- 1 -

- 2 -

to file a *Daubert* motion. LR CV-7(e). They did not do so. On August 23, 2024, Defendants admittedly had "full notice" of the entirety of Dr. Feinstein's opinions pertaining to class certification when Plaintiffs filed Dr. Feinstein's rebuttal report in support of class certification. Opp. at 1. On August 30, 2024, Defendants sought leave of the Court to file a sur-reply. But Defendants ***never*** sought leave to challenge Dr. Feinstein's opinions, as Local Rule CV-7(e) clearly required. Instead, without first seeking leave of the Court – ***nearly three months after Dr. Feinstein filed his rebuttal report***, and after Magistrate Judge Hightower recommended certification of the Class – Defendants belatedly and improperly moved to exclude Dr. Feinstein's opinions. *See* Plaintiffs' Opposed Motion to Strike Defendants' Motion to Exclude (ECF 276) ("Motion to Strike").

In an attempt to deflect from their unjustified delay, Defendants can only point to Plaintiffs' unremarkable acknowledgement in an August 29, 2024 email that the Court had not set specific deadlines for filing *Daubert* motions. This fact plainly does not excuse Defendants' failure to comply with Local Rule CV-7(e) or their three-month delay – until after the Court recommended class certification – to file a *Daubert* motion.

## II.   DEFENDANTS' DELAY IS INEXCUSABLE GAMESMANSHIP

Defendants' silence regarding ***why*** they waited nearly three months after Plaintiffs filed Dr. Feinstein's rebuttal report, and until after the Court recommended certification of the Class, speaks volumes about the true reason for their delay. While Defendants told both the Court and Plaintiffs that they intended to move to exclude Dr. Feinstein's testimony, they neither sought leave to do so nor timely moved to exclude. Instead, they gambled by taking a wait-and-see approach, holding back their Motion to Exclude until after Magistrate Judge Hightower considered the voluminous briefing and expert testimony submitted and recommended class certification. Only then did Defendants belatedly file their Motion to Exclude, attempting to gain a second bite at the class

certification apple and reverse the class certification decision that had not gone their way. Defendants' delay is inexcusable, and their gamesmanship should not be tolerated.

Rather than explain their three-month delay in filing the Motion to Exclude, Defendants baselessly argue that, because they purportedly "reserved the right to seek to exclude Dr. Feinstein's testimony after class certification briefing" (Opp. at 3) in their opposition to class certification, this entitled them to challenge Dr. Feinstein's opinions pertaining to class certification whenever they felt like it – apparently even after Magistrate Judge Hightower had already expended judicial resources to carefully analyze the reliability of Dr. Feinstein's opinions and recommended class certification. *See* ECF 254.

But the first problem with Defendants' argument is that they did not reserve their right to move to exclude Dr. Feinstein's opinions "***after class certification briefing***," as they now claim. Opp. at 2 (emphasis added). This self-serving assertion is a fiction entirely of Defendants' own making. In reality, in their opposition to class certification, Defendants stated that they expected Dr. Feinstein would submit a rebuttal report with Plaintiffs' reply, and "reserve[d] [their] right to seek to exclude Dr. Feinstein's testimony under *Daubert **at that time*** and . . . permission to file a sur-reply, if warranted." ECF 241 at 17 n.18 (emphasis added). Plaintiffs filed both their class certification reply and Dr. Feinstein's rebuttal report on August 23, 2024. Yet, Defendants never sought leave of the Court to file a *Daubert* motion "at that time," despite seeking, on August 30, 2024, leave to file a sur-reply. Indeed, Defendants waited to file their Motion to Exclude for nearly three months – until after the Court recommended certification of the Class. Further, even if Defendants had reserved their right to move to exclude Dr. Feinstein's opinions "after class certification briefing" – which they did not – it defies logic that these magic words somehow provided Defendants carte blanche to move to exclude class certification evidence in perpetuity, even after the Court reviewed the voluminous class certification briefing and extensive expert testimony submitted by the parties, and

- 3 -

concluded that the Class should be certified. Simply put, such a reservation of rights is a nullity when Defendants have no "right" to file a motion to exclude expert testimony after the Court recommends certification.

The cases Defendants cite in their Opposition do not hold otherwise. Defendants rely almost entirely on the Fifth Circuit's opinion in *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F. 4th 770 (5th Cir. 2024). But that case provides no support for Defendants' timeliness arguments, and offers no excuse for their delay. Indeed, neither the district court nor the Fifth Circuit in *Anadarko* addressed the timeliness of Defendants' *Daubert* motion. Rather, the Fifth Circuit remanded the *Daubert* motion to the district court on the merits – because the lower court's *Daubert* analysis had not been sufficiently rigorous. *Id.* at 775. Further, *Anadarko* is factually distinguishable because there were no claims of improper delay, and, unlike here, the *Anadarko* defendants filed their *Daubert* motion **before** the court decided class certification. *Id.* Thus, because the facts of *Anadarko* are easily distinguished, and because neither the district court nor the Fifth Circuit even considered the issues of timeliness or delay, the ruling in *Anadarko* is inapplicable here – much less, "binding." Opp. at 2.

Indeed, Defendants' strained reading of *Anadarko* would lead to absurd results. According to Defendants, if a defendant indicates an intention to later file a *Daubert* motion regarding a plaintiff's class certification expert, a court should not consider an otherwise fully briefed class certification motion until that *Daubert* motion is submitted, regardless of how long the defendant delays in filing it. That is plainly incorrect and entirely unsupported by *Anadarko*. Such a rule would only serve to benefit defendants seeking, like Defendants here, to delay class certification rulings to the detriment of judicial economy.

The only other case Defendants cite, *Kleen Prods. LLC v. Int'l Paper*, 306 F.R.D. 585, 590 (N.D. Ill. 2015), is completely inapposite as well. In *Kleen*, an out-of-Circuit antitrust case,

- 4 -

"[a]lthough Defendants vigorously challenge[d] Plaintiffs' experts' methodology and conclusions in the context of arguing that Plaintiffs' have not satisfied Rule 23, none of those arguments [were] based on Rule 702 or Daubert." *Id.* Indeed, no *Daubert* motions were filed at the class certification stage in *Kleen*. *Id.* Accordingly, *Kleen* fails to support Defendants' timeliness arguments, and provides no basis to deny Plaintiffs' Motion to Strike here.

Finally, Defendants' attempts to distinguish *Shaw v. AMN Healthcare, Inc.*, 326 F.R.D. 247 (N.D. Cal 2018) fall flat. To start, Defendants are simply incorrect that *Shaw* did not involve a motion to exclude expert testimony under *Daubert* or Federal Rule of Evidence 702. Opp. at 2. As the court in *Shaw* explained, "[a]fter briefing on Plaintiffs' class certification motion was complete, Defendants filed a Motion to Strike Dr[.] Crowninshield's Expert Report pursuant to Federal Rule of Evidence 702 and *Daubert*." *Shaw*, 326 F.R.D. at 255 n.4. Ultimately, the court in *Shaw* struck the defendants' *Daubert* motion, finding that "[t]here is no question that Defendants' Motion to Strike is a challenge to Plaintiffs' class certification motion," and ruling that the defendants' Motion to Strike was "untimely" because they filed it "[a]fter briefing on . . . class certification . . . was complete." *Id.* The same result is warranted here.

### III.   CONCLUSION

Plaintiffs' Motion to Strike should be granted.

DATED: January 2, 2025               Respectfully submitted,

                                     ROBBINS GELLER RUDMAN
                                        & DOWD LLP

                                     s/ Jessica T. Shinnefield
                                     JESSICA T. SHINNEFIELD

DANIEL S. DROSMAN (admitted *pro hac vice*)
JESSICA T. SHINNEFIELD (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
MEGAN A. ROSSI (admitted *pro hac vice*)
HEATHER GEIGER (admitted *pro hac vice*)
JEREMY W. DANIELS (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
jshinnefield@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX 75219
Telephone: 214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao

- 6 -

CERTIFICATE OF SERVICE

The undersigned certifies that on January 2, 2025, a true and correct copy of the foregoing was served electronically upon each attorney of record.

                                                *s/ Jessica T. Shinnefield*
                                                JESSICA T. SHINNEFIELD