**Robbins Geller Rudman & Dowd LLP**

Chicago   Melville   Nashville   San Diego   Wilmington
Boca Raton   Manhattan   Philadelphia   San Francisco   Washington, D.C.

Kevin Lavelle
klavelle@rgrdlaw.com

April 11, 2025

VIA ECF

The Honorable Henry J. Bemporad
U.S.D.C., Western District of Texas
262 West Nueva Street
San Antonio, TX 78207

    Re:    *In re Cassava Scis. Inc. Sec. Litig.*, No. 1:21-cv-00751-DAE

Dear Judge Bemporad:

Pursuant to the Court's March 28, 2025 Order (ECF 307), Plaintiffs respectfully submit this letter brief addressing the waiver of attorney-client privilege concerning communications between Dr. Lindsay Burns ("Burns") and third-party Dr. Hoau-Yan Wang ("Wang") where legal counsel was not included. Defendants improperly invoke the common interest doctrine to withhold these relevant communications, but Fifth Circuit law is clear: sharing privileged information with a third party outside the presence of counsel waives the privilege.

    **A.**    **Background**

Defendants' privilege log identifies numerous emails and attachments exchanged directly between Burns and Wang, without counsel copied or otherwise involved.[1] Despite the undisputed relevance of these documents, Cassava continues to withhold them, misapplying the common interest doctrine. ECF 300 at 8. As established during the March 28, 2025 status conference and detailed below, communications directly between non-lawyers like Burns and Wang fall outside the scope of this narrow doctrine. Forwarding purportedly privileged information between these individuals, absent counsel, therefore waived any applicable privilege. The Court ordered this briefing to set forth the legal authority supporting Plaintiffs' position that the privilege was waived. ECF 307 at 1.

    **B.**    **Legal Standards**

"Under federal common law, the elements of the attorney-client privilege are: (1) a confidential communication; (2) made to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion, legal services, or assistance in a legal proceeding." *SB IP Holdings LLC v. Vivint Smart Home, Inc.*, 2022 WL 19977100, at *3 (E.D. Tex. Aug. 18, 2022) (citing *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)). "Hence, disclosure of privileged

---

[1] "Defendants" refers collectively to Cassava Sciences, Inc. ("Cassava"); its former CEO, Remi Barbier; former SVP of Neuroscience, Burns; and CFO, Eric Schoen.

4936-5882-7060.v3

655 West Broadway, Suite 1900   San Diego, CA 92101   Tel 619-231-1058   Fax 619-231-7423   rgrdlaw.com

Robbins Geller Rudman & Dowd LLP

The Honorable Henry J. Bemporad
April 11, 2025
Page 2

communications to a third party generally eliminates the confidentiality and serves to waive the privilege." *SB*, 2022 WL 19977100, at *3 (citing *Hodges, Grant & Kaufmann v. United States Gov't, Dep't of the Treasury, Internal Revenue Serv.*, 768 F.2d 719, 721 (5th Cir. 1985)).

Disclosure to a third party, however, may not waive the attorney-client privilege if the communication falls within the common interest doctrine, which "'has been recognized in civil cases in which parties have an identical, **not** similar, legal interest.'" *See SB*, 2022 WL 19977100, at *4.[2] The common interest doctrine is thus "'an extension of the attorney-client privilege which "serves to protect the confidentiality of communications passing from one party **to the attorney** for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel."'" *Am. Airlines, Inc. v. Travelport Ltd.*, 2012 WL 12884822, at *6 (N.D. Tex. July 16, 2012).

The Fifth Circuit protects only two types of communications under the common interest doctrine: "(1) communications between co-defendants in actual litigation **and their counsel**; . . . and (2) communications between potential co-defendants **and their counsel**." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). Further, "[t]he mere existence of a common interest privilege does not assume that all communications among all parties in the common interest agreement fall within the privilege." *United States v. Patel*, 509 F. Supp. 3d 1334, 1341 (S.D. Fla. 2020).

"'[T]he party asserting the privilege bears the burden of proof,'" *SB*, 2022 WL 19977100, at *3 (quoting *Equal Emp. Opportunity Comm'n v. BDO USA, LLP*, 876 F.3d 690, 695 (5th Cir. 2017)), including "the burden of demonstrating [the] applicability" of the common interest doctrine. *Santa Fe*, 272 F.3d at 710. Any "'[a]mbiguities as to whether the elements of a privilege claim have been met are construed against the proponent.'" *SB*, 2022 WL 19977100, at *3 (quoting *Equal Emp. Opportunity Comm'n*, 876 F.3d at 695). And, because the common interest doctrine "is 'an obstacle to truthseeking,' it **must** 'be construed **narrowly**.'" *Santa Fe*, 272 F.3d at 710; *see SB*, 2022 WL 19977100, at *4 (quoting *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 361 (3d Cir. 2007), *as amended* (Oct. 12, 2007)) ("'The privilege does, after all, hinder the truth-seeking process, and so we carefully police its use.'").

---

[2]   Plaintiffs take no position at this time regarding whether the communications at issue concern an identical legal interest shared by Defendants and Dr. Wang and reserve the right to challenge that assertion. Additionally, citations are omitted and emphasis added unless otherwise noted.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Henry J. Bemporad
April 11, 2025
Page 3

### C. Burns and Wang's Communications Without an Attorney Are Not Protected by the Attorney-Client Privilege or Common Interest Doctrine

Defendants' reliance on the common interest doctrine is misplaced. The Fifth Circuit requires that communications protected under this doctrine involve "potential co-defendants and their counsel." *Santa Fe*, 272 F.3d at 710. As courts within this circuit have consistently held, "'[t]o be eligible for continued protection, the communication must be shared with the attorney of the [member of the] community of interest.'" *See Am. Airlines*, 2012 WL 12884822, at *6 n.14 (quoting *Teleglobe*, 493 F.3d at 364); *Mediostream, Inc. v. Microsoft Corp.*, 2010 WL 11485121, at *2 (E.D. Tex. June 1, 2010) (finding doctrine inapplicable where materials were "transferred between two non-lawyer[s]"); *Perez v. Bruister*, 2015 WL 13960706, at *3 (S.D. Miss. Oct. 7, 2015) (burden not met where communications were between defendant and third party, "not counsel").

Here, the communications at issue were exchanged directly between Burns and Wang – two non-lawyers. The common interest doctrine simply does not shield such communications. "Courts around the country have similarly justified limiting the application of a 'common-interest' privilege" to communications that include a lawyer. *LeBlanc v. Tex. Brine Co.*, 2019 WL 5265063, at *5 (E.D. La. Oct. 17, 2019) (citing cases). Thus, this principle is widely recognized: "Federal Courts generally do not 'extend the application of the joint defense privilege to conversations among the defendants themselves'" absent counsel's involvement. *Patel*, 509 F. Supp. 3d at 1341 (quoting *United States v. Gotti*, 771 F. Supp. 535, 545 (E.D.N.Y. 1991)).[3] Extending the privilege in this manner "is supported neither in law nor in logic." *Gotti*, 771 F. Supp. at 545; *see Walsh v. Northrop Grumman Corp.*, 165 F.R.D. 16, 18-19 (E.D.N.Y. 1996) ("[T]he common interest doctrine protects confidences shared by one party **with the attorneys** of another party," not confidences "shared with its own attorneys and then shared, not with [the other party's] attorneys, but with [the other party].")); *Wellin*, 211 F. Supp. 3d at 813-14 (doctrine protects sharing with another party's attorney, not directly with the other party); *also United States v. Lucas*, 2009 WL 5205374, at *6 (N.D. Ohio Dec. 23, 2009) ("The court agrees that this joint defense privilege **requires** the involvement of counsel.").

Consequently, any attorney-client privileged materials forwarded, attached, or discussed in these direct communications between Burns and Wang lost their protection. The privilege was waived the moment the confidential information was shared outside the attorney-client relationship without counsel's participation facilitating a common legal strategy. *See, e.g., Patel*, 509 F. Supp. 3d at 1346, 1348 ("the [attachment] was not privileged when [the third party] received it because it was

---

[3] "Though the *Gotti* court referred to the 'joint-defense privilege,' it was clearly referencing the same situation the [C]ourt faces here – multiple clients being represented by separate attorneys sharing information pursuant to a common litigation strategy." *Wellin v. Wellin*, 211 F. Supp. 3d 793, 813, n.15 (D.S.C. 2016), *order clarified*, 2017 WL 3620061 (D.S.C. Aug. 23, 2017).

**Robbins Geller Rudman & Dowd LLP**

The Honorable Henry J. Bemporad
April 11, 2025
Page 4

sent without the involvement of a lawyer"); *Wellin*, 211 F. Supp. 3d at 813-14 ("even if that conversation [without an attorney] implicated privileged information, that privilege was waived"); *Mediostream*, 2010 WL 11485121, at *1-*2 (privilege waived when non-lawyer forwarded counsel's memo to another non-lawyer at a different company).

The requirement for attorney involvement is fundamental to the doctrine's purpose: allowing ***attorneys*** to coordinate legal strategy. *See Teleglobe*, 493 F.3d at 364-65. Absent the "direct involvement of attorneys here, it is impossible to conclude that a common legal strategy was being formulated." *Obeid v. Mack*, 2016 WL 7176653, at *9 (S.D.N.Y. Dec. 9, 2016). The doctrine prevents abuse by ensuring privileged information is shared only when "attorneys, not clients, decide to share information in order to coordinate legal strategies." *Teleglobe*, 493 F.3d at 364-65; *see id*. at 372 ("[T]he community-of-interest privilege ***only applies*** when those separate attorneys disclose information to one another, ***not*** when parties communicate directly.").[4]

Allowing Defendants to shield direct communications between Burns and Wang would improperly expand the privilege, enabling parties to immunize discussions merely by routing it through an attorney first. *See Wellin*, 211 F. Supp. 3d at 813 (quoting *Walsh*, 165 F.R.D. at 18) ("'[E]xtending the common interest doctrine to communications among the clients" as Defendants advocate here, "'would mean that a party could shield from disclosure any discussions it had with another person about a matter of common interest simply by discussing that matter first with its attorneys.'"). This contradicts the mandate that the privilege be strictly and narrowly construed. *See id*. ("'Such an extension of the privilege'" however, "'would run counter to the axiom, repeated often in this circuit, that the attorney-client privilege should be strictly confined within the narrowest possible limits underlying its purpose.'"); *Santa Fe*, 272 F.3d at 710 (common interest doctrine "***must*** 'be construed ***narrowly***'").

### D. Conclusion

The common interest doctrine does not protect direct communications between non-lawyers Burns and Wang where counsel was not involved. Sharing allegedly privileged information in such communications waived the attorney-client privilege. Because these documents are relevant and no valid privilege applies, the Court should order Defendants to produce unredacted versions of these communications and their attachments.

---

[4] Texas's Supreme Court has likewise held that Texas's version of the common interest doctrine does not extend to communications between clients. *See In re XL Specialty Ins. Co.*, 373 S.W.3d 46, 52–53 (Tex. 2012) (It "protects communications made between a client, or the client's lawyer, to another party's lawyer, not to the other party itself.").

**Robbins Geller Rudman & Dowd LLP**

The Honorable Henry J. Bemporad
April 11, 2025
Page 5

                    Respectfully submitted,

                    ROBBINS GELLER RUDMAN
                      & DOWD LLP
                    DANIEL S. DROSMAN (admitted *pro hac vice*)
                    JESSICA T. SHINNEFIELD (admitted *pro hac vice*)
                    KEVIN A. LAVELLE (admitted *pro hac vice*)
                    MEGAN A. ROSSI (admitted *pro hac vice*)
                    HEATHER G. GEIGER (admitted *pro hac vice*)
                    JEREMY W. DANIELS (admitted *pro hac vice*)

                            */s/ Kevin A. Lavelle*
                         KEVIN A. LAVELLE

                    655 West Broadway, Suite 1900
                    San Diego, CA  92101
                    Telephone:  619/231-1058
                    619/231-7423 (fax)
                    dand@rgrdlaw.com
                    jshinnefield@rgrdlaw.com
                    klavelle@rgrdlaw.com
                    mrossi@rgrdlaw.com
                    hgeiger@rgrdlaw.com
                    jdaniels@rgrdlaw.com

                    Lead Counsel for Lead Plaintiff and Additional
                    Plaintiff Ken Calderone

**Robbins Geller Rudman & Dowd LLP**

The Honorable Henry J. Bemporad
April 11, 2025
Page 6

        KENDALL LAW GROUP, PLLC
        JOE KENDALL (Texas Bar No. 11260700)
        3811 Turtle Creek Blvd., Suite 825
        Dallas, TX  75219
        Telephone:  214/744-3000
        214/744-3015 (fax)
        jkendall@kendalllawgroup.com

        Local Counsel for Lead Plaintiff and Additional
        Plaintiff Ken Calderone

        GLANCY PRONGAY & MURRAY LLP
        CHARLES H. LINEHAN (admitted *pro hac vice*)
        1925 Century Park East, Suite 2100
        Los Angeles, CA  90067
        Telephone:  310/201-9150
        310/201-9160 (fax)
        clinehan@glancylaw.com

        Counsel for Additional Plaintiff Manohar K. Rao