**GIBSON DUNN**

Gregg J. Costa
Partner
T: +1 346.718.6649
M: +1 281.475.5902
gcosta@gibsondunn.com

April 25, 2025

VIA ECF

Hon. Henry J. Bemporad
U.S. District Court for the Western District of Texas
262 W. Nueva St.
San Antonio, TX 78207

Re:   *In re Cassava Scis. Inc. Sec. Litig.*, No. 1:21-cv-00751-DAE

Dear Judge Bemporad:

Pursuant to the Court's March 28, 2025 Order (ECF 307), Defendants Cassava Sciences, Inc. and Eric J. Schoen respectfully submit this response to Plaintiffs' letter brief dated April 11, 2025 (ECF 311). Defendants Remi Barbier and Dr. Lindsay Burns join in this response.

Because Dr. Lindsay Burns and Dr. Hoau-Yang Wang share a common legal interest, communicating with each other regarding the advice of their counsel does not waive privilege over that advice. Plaintiffs' assertions to the contrary lack merit.

### I.   Legal Background

"The common interest privilege is not a separate privilege, but is a rule of non-waiver that extends the attorney-client privilege and the work product doctrine by creating an exception to the general rule that the privilege is waived upon disclosure of privileged information with a third party." *Acad. of Allergy & Asthma in Primary Care & United Biologics, LLC v. Allergy & Asthma Network/Mothers of Asthmatics, Inc.*, 2017 WL 11679903, at *6 (W.D. Tex. Mar. 16, 2017) (cleaned up).[1] Under that rule, privilege is "not waived if a privileged communication is shared with a third person who has a common legal interest with respect to the subject matter of the communication." *Luckenbach Texas, Inc. v. Engel*, 2022 WL 9530041, at *3 (W.D. Tex. Oct. 14, 2022) (quoting *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985)).

Plaintiffs do not meaningfully dispute that Dr. Burns and Dr. Wang share a common legal interest in this matter. Nor do Plaintiffs dispute that the communications at issue reflect the otherwise privileged advice of counsel. Instead, Plaintiffs assert that the confidential exchange of such advice between Dr. Burns and Dr. Wang automatically waives all privilege. Plaintiffs' position is unfounded. Such a one-size-fits-all rule contradicts basic privilege principles and has been rejected by courts across the country. This Court likewise should reject it here.

---

[1] Because this case arises under federal law, the federal common law of privilege governs. *Gardner v. Huott*, 2015 WL 12733406, at *3 (W.D. Tex. Apr. 22, 2015).

Hon. Henry J. Bemporad  April 25, 2025
Page 2

### II. Direct Communications Between Dr. Burns and Dr. Wang Reflecting Otherwise Privileged Material Are Protected by the Common Interest Privilege

The mere transmission of privileged material between Dr. Burns and Dr. Wang—two parties who undoubtedly had a common legal interest—does not waive privilege. Where parties share a common legal interest, "*any member* of a client set—a client, the client's agent for communication, the client's lawyer, and the lawyer's agent—can exchange communications with members of a similar client set." Restatement (Third) of the Law Governing Lawyers § 76, cmt. (d) (2000) (emphasis added) (citation omitted). Put differently, "[i]f information that is otherwise privileged is shared between parties that have a common legal interest, the privilege is not forfeited even though no attorney either creates or receives that communication." *Gucci Am., Inc. v. Gucci,* No. 07 Civ. 6820, ECF 124 at 2 (S.D.N.Y. Dec. 15, 2008); *see AgroFresh Inc. v. Essentiv LLC*, 2019 WL 4917894, at *4 (D. Del. Oct. 4, 2019) (same, collecting cases); *TD Bank, N.A. v. Hill*, 2014 WL 12617548, at *3 (D.N.J. Aug. 20, 2014) (holding that the common interest privilege can apply "even if an attorney does not participate" in the communication).[2] "The doctrine 'exists to protect communications between two parties *or* attorneys that share a common legal interest.'" *Windsor v. Olson*, 2019 WL 77228, at *5 (N.D. Tex. Jan. 2, 2019) (emphasis added) (quoting *Ferko v. NASCAR*, 219 F.R.D. 403, 406 (E.D. Tex. 2003)).

Thus, "if an attorney provides legal advice to a client, …the client can repeat that advice to a codefendant outside the presence of any attorney without causing the privilege to be waived." *Gucci,* No. 07 Civ. 6820, ECF 124 at 2. "This is so because such statements involve counsel's advice and/or mental impressions." *Reginald Martin Agency, Inc. v. Conseco Med. Ins. Co.*, 460 F. Supp. 2d 915, 920 (S.D. Ind. 2006). Such advice and mental impressions are the core of what the attorney-client and work product privileges are designed to protect. The exchange of such privileged material directly between jointly interested parties does not, standing alone, waive that protection. *See United States ex rel. Reddell v. DynCorp Int'l, LLC*, 2021 WL 12310939, at *3 (E.D. Tex. Sept. 16, 2021) (holding that common-interest privilege applied to communications between two non-attorneys). Rather, "a communication between two parties, each having a common interest in litigation, may be privileged if (1) one party is seeking confidential information from the other on behalf of an attorney; (2) one party is relaying confidential information to the other on behalf of an attorney; [or] (3) the parties are communicating work product that is related to the litigation." *Id.* (citing *IBJ Whitehall Bank & Tr. Co. v. Cory & Assocs., Inc.*, 1999 WL 617842, at *6 (N.D. Ill. Aug. 12, 1999)). Such is undoubtedly the case here.

---

[2] Plaintiffs suggest that *In re Teleglobe Communications Corp.*, 492 F. 3d 345 (3d Cir. 2007), established a contrary rule. No so. In fact, *AgroFresh* and *TD Bank*, and the cases cited therein, expressly rejected such a reading of *Teleglobe*. *See AgroFresh*, 2019 WL 4917894, at *5; *TD Bank*, 2014 WL 12617548, at *3; *see also, e.g.*, *TC Technology LLC v. Sprint Corp.*, 2018 WL 6584122, at *2-3 (D. Del. Dec. 13, 2018).

# GIBSON DUNN

Hon. Henry J. Bemporad  April 25, 2025
Page 3

Plaintiffs' contrary position is fundamentally "at odds with the well-settled rule that…attorney-client privilege or work product may exist for communications between non-lawyers." *IBJ Whitehall Bank & Tr. Co*, 1999 WL 617842, at *6 (rejecting Plaintiffs' argument); *see Zitzka v. Vill. of Westmont*, 2009 WL 1346256, at *2 (N.D. Ill. May 13, 2009) (same). It is well-established, for example, that communications among non-attorney employees can be attorney-client privileged, *e.g.*, *Nalco Co. v. Baker Hughes Inc.*, 2017 WL 3033997, at *2 (S.D. Tex. July 18, 2017), or protected work product, *e.g.*, *Green v. Kroger Co.*, 2022 WL 1078024, at *1 (S.D. Tex. Apr. 11, 2022). *See also OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 2013 WL 6002166, at *3 (S.D. Tex. Nov. 12, 2013) (noting that communications can be privileged "even if an attorney does not author or directly receive the communication"). Plaintiffs would jettison this rule in the common-interest context and require that an attorney be present on *every* communication for the privilege to ever apply.

Plaintiffs offer no justification for such a radical departure from basic privilege principles, and none exists. *See Reddell*, 2021 WL 12310939, at *3 (applying typical rule regarding non-attorney communications to the common-interest context). If an attorney can offer privileged advice to two individuals together, there is no reason that those individuals' later private discussion of that advice should waive the privilege. *See United States v. Dish Network, L.L.C.*, 283 F.R.D. 420, 423 (C.D. Ill. 2012) (noting that, in the common-interest context, "[t]he privilege also extends to communications about the privileged material between non-attorneys who are properly privy to the privileged information"). Plaintiffs' contrary position is entirely illogical.

The primary case on which Plaintiffs rely, *In re Santa Fe Int'l Corp.*, 272 F.3d 705 (5th Cir. 2001), is inapposite. The *Santa Fe* court declined to apply the common interest privilege because "there had been no showing that at the time the communications were made—many years before the present litigation—the [parties] were potential co-defendants acting under an actual or perceived threat of litigation." *Id.* at 708-09. The court made no mention of communications directly between the parties, nor did the court analyze whether attorneys must *always* be copied for the privilege to apply.

Likewise, the district court cases relied on by Plaintiffs do not support the blanket rule Plaintiffs propose. In *Am. Airlines, Inc. v. Travelport Ltd.*, 2012 WL 12884822, at *4 (N.D. Tex. July 16, 2012), the court concluded certain communications were not privileged because they did reflect any legal advice from counsel. *See also LeBlanc v. Texas Brine Co., LLC*, 2019 WL 5265063, at *5 (E.D. La. Oct. 17, 2019) (same, applying Louisiana law). In *Mediostream, Inc. v. Microsoft Corp.*, 2010 WL 11485121, at *2 (E.D. Tex. June 1, 2010), the common interest privilege was deemed not to apply because the document was disclosed outside the context of the parties seeking or acting on legal advice. And in *Perez v. Bruister*, 2015 WL 13960706, at *3 (S.D. Miss. Oct. 7, 2015), the relevant party had "never been a defendant in any litigation and there [was] no indication that the documents were prepared in preparation for litigation."

# GIBSON DUNN

Hon. Henry J. Bemporad                                                                                                           April 25, 2025
                                                                                                                                                        Page 4

Plaintiffs' cases are a far cry from the facts here. Dr. Burns and Dr. Wang both are defendants in litigation arising from the same allegations, and the communications at issue plainly reflect privileged legal advice related to such litigation. Such communications therefore properly were withheld from disclosure.

### III.   Conclusion

Because Dr. Burns and Dr. Wang share a common legal interest, confidential communications between them reflecting the advice of their attorneys do not waive the attorney-client privilege. Plaintiffs offer no other reason why the attorney-client privilege should not apply. The communications are privileged.

                                                                              Respectfully submitted,

                                                                              /s/ *Gregg Costa*
                                                                              Gregg Costa (Tx. Bar No. 24028160)
                                                                              GIBSON, DUNN & CRUTCHER LLP
                                                                              811 Main Street, Suite 3000
                                                                              Houston, TX 77002
                                                                              Telephone: 346.718.6600
                                                                              gcosta@gibsondunn.com

                                                                              Monica K. Loseman (admitted *pro hac vice*)
                                                                              Scott Campbell (admitted *pro hac vice*)
                                                                              John Turquet Bravard (admitted *pro hac vice*)
                                                                              GIBSON, DUNN & CRUTCHER LLP
                                                                              1801 California Street
                                                                              Denver, CO 80202-2642
                                                                              Telephone: 303.298.5700
                                                                              mloseman@gibsondunn.com
                                                                              scampbell@gibsondunn.com
                                                                              jturquetbravard@gibsondunn.com

                                                                              Mary Beth Maloney (admitted *pro hac vice*)
                                                                              GIBSON, DUNN & CRUTCHER LLP
                                                                              200 Park Avenue
                                                                              New York, NY 10166
                                                                              Telephone: 212.351.4000
                                                                              mmaloney@gibsondunn.com

                                                                              *Counsel for Defendants Cassava Sciences, Inc. and Eric J. Schoen*