# EXHIBIT A

**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Kevin Lavelle
klavelle@rgrdlaw.com

May 2, 2025

VIA ECF

The Honorable Henry J. Bemporad
U.S.D.C., Western District of Texas
262 West Nueva Street
San Antonio, TX 78207

Re:   *In re Cassava Scis. Inc. Sec. Litig.*, No. 1:21-cv-00751-DAE

Dear Judge Bemporad:

Pursuant to the Court's March 28, 2025 Order (ECF 307), Plaintiffs submitted a letter brief (the "Letter Brief") addressing Defendants' waiver of the attorney-client privilege with respect to communications between defendant Dr. Lindsay Burns ("Burns") and third-party Dr. Hoau-Yan Wang ("Wang") that did not include legal counsel. *See* ECF 311. In their response to the Letter Brief, Defendants suggest, for the first time, that attorneys directed Wang and Burns to make the communications at issue. *See* ECF 312 ("the Response") at 2 (asserting it "is undoubtedly the case" that the communications were made "'on behalf of an attorney'").[1] Defendants' new argument, however, lacks any evidentiary support and is contrary to Fifth Circuit authority stating that, for the common interest doctrine to apply, the communications must be "between potential co-defendants ***and their counsel***." *In re Santa Fe Int'l Corp.*, 272 F. 3d 705, 710 (5th Cir. 2001); *see* Letter Brief at 2-4. Accordingly, Defendants should be compelled to produce the communications at issue.[2]

### A.   Defendants Have Failed to Show that They Did Not Waive the Attorney-Client Privilege

Defendants contend that they did not waive the attorney-client privilege because the communications between Burns and Wang, a third party, were purportedly sent "'***on behalf of*** an attorney.'" Response at 2-3 (quoting *United States ex rel. Reddell v. DynCorp., LLC*, 2021 WL

---

[1]   Emphasis is added and citations are omitted unless otherwise noted.

[2]   Importantly, the work product doctrine is largely inapplicable here, as Defendants do not assert it over the majority of the communications at issue. Thus, those communications withheld solely based on the attorney-client privilege and common interest doctrine should be produced, as the attorney-client privilege has been waived and the common interest doctrine does not apply.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Henry J. Bemporad
May 2, 2025
Page 2

12310939, at *3 (E.D. Tex. Sept. 16, 2021).³  But Defendants fail to make any factual showing substantiating their claim.  There is no evidence that attorneys directed Burns or Wang to make any of the communications at issue.  Rather, the attorneys appear to be completely uninvolved.  Defendants' unsupported claims of privilege under the common interest doctrine therefore must be rejected.  *See SB IP Holdings LLC v. Vivient Smart Home, Inc.*, 2022 WL 19977100, at *3 (E.D. Tex. Aug. 18, 2022) ("'ambiguities as to whether the elements of a privilege claim have been met are construed against the proponent'").⁴

Defendants' impermissibly broad application of the common interest doctrine, which would allow privileged information to be shared with third parties without any attorney involvement, is, moreover, incompatible with the Fifth Circuit's directive that the common interest doctrine "***must*** 'be construed ***narrowly***.'"  *Santa Fe*, 272 F. 3d at 710; *see* Letter Brief at 2, 4.  Indeed, "Federal Courts generally do not 'extend'" the common interest doctrine to "conversations among defendants themselves" (Letter Brief at 3) (quoting *United States v. Patel*, 509 F. Supp. 3d 1334, 1341 (S.D. Fla. 2020)), and hold that sharing information with a third party without the involvement of a lawyer waives the privilege in this context.  *See* Letter Brief at 3.  Defendants do not even attempt to distinguish much of this authority.

Defendants' cited authority does them no favors.  Indeed, Defendants cite *Luckenbach Tex., Inc. v. Engel*, 2022 WL 9530041, at *3 (W.D. Tex. Oct. 14, 2022), which, consistent with other Fifth Circuit precedent, supports Plaintiffs' position.  There, the court ordered the production of all documents between non-lawyers, holding that even if the common interest doctrine applied, "it would [not] reach communications solely between the two of them." *Id.*  Defendants' out-of-circuit cases are not persuasive.  *Reginald Martin Agency, Inc. v. Conseco Med. Ins. Co.*, 460 F. Supp. 2d 915, 917-18 (S.D. Ind. 2006), concerned the application of the attorney-client privilege and common interest doctrine under state, not federal, law.  And *Gucci Am., Inc. v. Gucci*, No. 1:07-cv-06820, ECF 124 at 2 (S.D.N.Y. Dec. 15, 2008), an unpublished decision with little analysis, cites no authority for

---

³  Defendants' cases, *IBJ Whitehall Bank & Tr. Co. v. Cory & Assocs., Inc.*, 1999 WL 617842, at *6 (N.D. Ill. Aug. 12, 1999), and *Zitzka v. Vill. of Westmont*, 2009 WL 1346256, at *2 (N.D. Ill. May 13, 2009), rely on the same standard that the communication must be on "behalf of" an attorney.

⁴  Defendants assert that several courts have rejected Plaintiffs' reading of *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345 (3d Cir. 2007).  Response at 2 n.2.  Not so.  Rather, *AgroFresh* and *TD Bank,* like *Reddell,* elaborate that the privilege may not be waived under the common interest doctrine if information is being communicated "***on behalf of***" the attorney.  *See TD Bank, N.A. v. Hill*, 2014 WL 12617548, at *3 (D.N.J. Aug. 20, 2014); *AgroFresh Inc. v. Essentiv LLC*, 2019 WL 4917894, at *4 (D. Del. Oct. 4, 2019).  Here, however, there is no evidence that Burns or Wang was acting on behalf of any attorney.

4906-6844-7549.v1

Robbins Geller
Rudman & Dowd LLP

The Honorable Henry J. Bemporad
May 2, 2025
Page 3

its holding. Defendants' remaining cases either do not address communications without attorney involvement or do not concern the common interest doctrine.[5]

Thus, according to their own authorities, Defendants have failed to establish that they did not waive the attorney-client privilege, even under the common interest doctrine.

B.   Conclusion

For the reasons set forth in Plaintiffs' Letter Brief and above, Defendants have failed to show that the common interest doctrine protects the direct communications between non-lawyers Burns and Wang where no legal counsel was involved. Accordingly, Defendants should be compelled to produce those communications withheld solely on the basis of the attorney-client privilege and common interest doctrine, as the former is waived and the latter is not applicable.

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIEL S. DROSMAN (admitted *pro hac vice*)
JESSICA T. SHINNEFIELD (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
MEGAN A. ROSSI (admitted *pro hac vice*)
HEATHER G. GEIGER (admitted *pro hac vice*)
JEREMY W. DANIELS (admitted *pro hac vice*)

          */s/ Kevin A. Lavelle*
          KEVIN A. LAVELLE

---

[5]   *See Acad. of Allergy & Asthma in Primary Care & United Biologics, LLC v. Allergy & Asthma Network/Mothers of Asthmatics, Inc.*, 2017 WL 11679903, at *6 (W.D. Tex. Mar. 16, 2017) (no analysis as to attorney involvement); *Windsor v. Olson*, 2019 WL 77228, at *5 (N.D. Tex. Jan. 2, 2019) (same); *see also Nalco Co. v. Baker Hughes Inc.*, 2017 WL 3033997, at *2 (S.D. Tex. July 18, 2017) (common interest doctrine not addressed); *Green v. Kroger Co.*, 2022 WL 1078024, at *1 (S.D. Tex. Apr. 11, 2022) (same); *United States v. Dish Network, L.L.C.*, 283 F.R.D. 420, 423 (C.D. Ill. 2012) (common interest doctrine not analyzed); *OneBeacon Ins. Co. v. Wade Welch & Assocs.*, 2013 WL 6002166, at *3 (S.D. Tex. Nov. 12, 2013) (same).

4906-6844-7549.v1

**Robbins Geller Rudman & Dowd LLP**

The Honorable Henry J. Bemporad
May 2, 2025
Page 4

    655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
jshinnefield@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX 75219
Telephone: 214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao

4906-6844-7549.v1