IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE CASSAVA SCIENCES, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | § No. 1:21-cv-00751-DAE<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### ORDER

Before the Court is lead Plaintiff Mohammad Bozorgi and additional Plaintiffs Ken Calderone and Manohar K. Rao's (collectively, "Plaintiffs") Opposed Motion for Leave to File Second Supplemented Complaint. (Dkt. # 252.) On November 21, 2024, Plaintiffs also filed a copy of the proposed Second Supplemented Consolidated Complaint. (Dkt. # 259.) On November 27, 2024, Defendants Cassava Sciences, Inc., Eric J. Schoen, Remi Barbier, and Lindsay Burns (collectively, "Defendants") filed their response in opposition to the motion. (Dkt. # 269.) On December 4, 2024, Plaintiffs filed their reply in support. (Dkt. # 275.)

Also before the Court is Defendants' Motion to Exclude the Class Certification Testimony of Dr. Steven Feinstein, filed on November 27, 2024. (Dkt. # 268.) On December 11, 2024, Plaintiffs filed an Opposed Motion to Strike the Motion to Exclude and a response in opposition to the Motion to Exclude.

1

(Dkts. ## 276, 277.)  On December 18, 2024, Defendants filed a reply in support of their Motion to Exclude.  (Dkt. # 282.)  On December 26, 2024, Defendants also filed a response in opposition to the Motion to Strike.  (Dkt. # 284.)  On January 2, 2025, Plaintiffs filed a reply in support of their Motion to Strike.  (Dkt. # 285.)

Upon careful consideration of memoranda filed in support of and in opposition to the motions, the Court (1) **GRANTS** Plaintiffs leave to file their second supplemented complaint; and (2) **GRANTS** Plaintiffs' Motion to Strike for the following reasons.

## BACKGROUND

This is a securities fraud class action case filed on behalf of all purchasers or acquirers of Cassava securities between September 14, 2020, and October 12, 2023, inclusive (the "Class Period").  (Dkt. # 176.)  In short, Lead Plaintiff Mohammad Bozorgi and additional Plaintiffs Ken Calderone and Manohar K. Rao ("Plaintiffs") allege that Cassava misrepresented research on simufilam, a potential treatment for Alzheimer's disease, by manipulating data and failing to disclose conflicts of interest.  Plaintiffs bring this action against Defendants Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, Nadav Friedmann, and Eric J. Schoen.  (Dkt. # 176, at ¶¶ 55–69.)

On August 27, 2021, the instant lawsuit was initiated.  (Dkt. # 1.)  Thereafter, several motions to consolidate cases were filed.  On August 18, 2022,

the First Amended Consolidated Complaint was filed. (Dkt. # 68.) On June 12, 2024, Plaintiffs were granted leave to file their initial supplemental allegations. (Dkts. # 175, 176.) On November 13, 2024, after class certification briefing concluded, Plaintiffs filed their Motion for Leave to File Second Supplemented Complaint. (Dkt. # 252.) On November 25, 2024, Magistrate Judge Susan Hightower issued a Report and Recommendation, recommending that the Court grant Plaintiffs' Motion for Class Certification. (Dkt. # 254.)

After Judge Hightower issued the Report and Recommendation on class certification, Defendants filed their Motion to Exclude class certification expert testimony on November 27, 2024. (Dkt. # 268.) Plaintiffs subsequently filed their Motion to Strike the Motion to Exclude as untimely on December 11, 2024. (Dkt. # 276.) On February 25, 2025, the Court denied without prejudice Plaintiffs' Motion for Class Certification given the numerous changes in circumstances and newly raised arguments that the parties suggested could affect the disposition of the class certification. (Dkt. # 302.) The Court further advised it would provide further scheduling instructions to the parties based on the disposition of the motions addressed herein. (Id. at 3.)

## LEGAL STANDARD

After a court enters a scheduling order and the deadline to amend pleadings has passed, the decision on whether to permit post-deadline amendments

is governed by Rule 16(b) of the Federal Rules of Civil Procedure.  See Marathon Fin. Ins., Inc., RRG v. Ford Motor Co., 591 F.3d 458, 470 (5th Cir. 2009) (citing Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008)); S&W Enters., L.L.C. v. S. Tr. Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003).  "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  If a movant establishes good cause, courts analyze the motion to amend under Rule 15(a).  S&W Enters., 315 F.3d at 535. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).

"A court may weigh in the movant's favor any prejudice that will arise from denial of leave to amend," but "[t]hat consideration arises only if there are substantial reasons to deny the amendment."  Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (1981).

## DISCUSSION

Based on recent events that occurred after Plaintiffs initially supplemented the Complaint, Plaintiffs seek leave to file a second supplemented complaint to add new corrective disclosures and supporting allegations.  (Dkt. # 252 at 6.)  Specifically, Plaintiffs seek to supplement the Complaint based on (i) the June 28, 2024 Dr. Hoau-Yan Wang grand jury indictment; (ii) the July 1, 2024 Cassava 8-K; (iii) the July 17, 2024 Cassava press release regarding Defendants

Barbier and Burns' resignation; and (iv) the September 26, 2024 SEC Charges against Defendants Cassava, Barbier, and Burns. (Id. at 6–7.)

Defendants oppose the motion on two grounds. First, Defendants argue the motion for leave to supplement is untimely as the deadline in the Scheduling Order to supplement or amend was on July 19, 2024. (Dkt. # 269 at 10.) Second, Defendants argue that the supplemental allegations extend the Class Period and therefore require reopening class certification briefing. (Id. at 11.) Plaintiffs contest the proposition that the supplemental allegations extend the Class Period or otherwise amend the Class definition in any way. (Dkt. # 252 at 21.)

I. Rule 16(b) Analysis

"A party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension." E.E.O.C. v. Serv. Temps Inc., 679 F.3d 323, 333–34 (5th Cir. 2012). To determine whether the moving party has established good cause, courts consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." Id. at 334 (quoting Fahim, 551 F.3d at 348).

To provide sufficient explanation for failure to timely move for leave to amend, the moving party must demonstrate more than "mere inadvertence."

5

Am. Tourmaline Fields, 1998 WL 874825, at *1. "[T]he movant must show that, *despite his diligence*, he could not have reasonably met the scheduling deadline." Id. (citing 6A Wright, et al., FEDERAL PRACTICE & PROCEDURE, § 1522.1 at 231 (2d ed.1990)) (emphasis added). If the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint," the court may deny the motion for leave to amend. Id. (citing Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994)).

Plaintiffs contend they filed their proposed Second Supplemented Complaint in good faith as Plaintiffs promptly sought to supplement their Complaint each time new fraud-related information was revealed to the market. (Dkt. # 252 at 16–17.) Plaintiffs establish that none of the information included in the proposed allegations was available when Plaintiffs initially moved to supplement the Complaint on February 22, 2024, or by the Court ordered July 19, 2024 deadline. (Id. at 17–18.)

Moreover, Plaintiffs maintain that Defendants will not suffer any prejudice because, contrary to their claims, the supplemental allegations do not extend the Class Period or amend the Class definition. (Id. at 17.) Even if the allegations did extend the Class Period, Plaintiffs claim any prejudice could be easily addressed by allowing supplemental briefing on the extended portion of the Class Period. (Id. at 21.)

6

Defendants argue that if the Court permits these new allegations without providing Defendants an opportunity to address their implications for certification, Defendants will have been barred from presenting a full defense to Plaintiffs' claims. (Dkt. # 269 at 15.) The parties heavily dispute whether "all corrective disclosures must occur during the Class Period."

The Court agrees that there will be no prejudice to Defendants in allowing Plaintiffs to file their Second Supplemented Complaint; however, the Court is not persuaded that the proposed Second Supplemented Complaint will affect class certification.

"In the case of a securities fraud class action, . . . a class period ends when the truth has been disseminated to the market." Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC, 310 F.R.D. 69, 97 (S.D.N.Y. 2015) (cleaned up); In re Apache Corp. Sec. Litig., No. 4:21-CV-00575, 2024 WL 532315, at *7 (S.D. Tex. Feb. 9, 2024). There is no rule that a Class Period must include the date of the last corrective disclosure. Indeed, the parties agree and acknowledge that "courts in the Fifth Circuit have not squarely addressed whether securities plaintiffs can allege corrective disclosures outside the class period." (Dkt. # 269 at 11, n.1.)

Here, Plaintiffs repeatedly maintain that they do not seek to expand the Class Period in their supplemented complaint. Nor will they be allowed to do so based on the proposed new allegations. The class definition, as it stands,

includes of all purchasers or acquirers of Cassava securities between September 14, 2020, and October 12, 2023, inclusive (the "Class Period").  (Dkts. ## 176 at 16; 259 at 17.)

Plaintiffs assert that the purpose of the supplemented allegations regarding the 2024 corrective disclosures is for the Class to *recover damages* for these more recent corrective events, not to extend the Class Period or modify the Class definition.  (Dkt. # 252 at 20–21.)  Indeed, the Supreme Court has made clear that "[l]oss causation and the falsity or misleading nature of the defendant's alleged statements or omissions are common questions that *need not be adjudicated before a class is certified*."  Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds, 568 U.S. 455, 475 (2013) (emphasis added).

Accordingly, the Court finds no need for the parties to supplement their class certification briefing.  The parties have already submitted thousands of pages of briefing and evidence on the issue of class certification and the Magistrate Judge has already set forth a Report and Recommendation on the operative September 14, 2020 through October 12, 2023 Class Period.  Should the issue of whether the new allegations establish loss causation arise later, the Court will consider those arguments at the appropriate time.

It is within the discretion of the Court to find good cause has been shown.  The Court finds Plaintiffs filed the motion for leave in good faith when

8

they became aware a supplement was necessary as the proposed Second Supplemented Complaint updates Plaintiffs' allegations with key post-Complaint events. (Id. at 18.)

II.     Rule 15(a) Analysis

Relevant factors to consider in deciding whether to permit amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party, and futility of amendment." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993).

Here, there is no evidence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment. Indeed, it does not appear that Defendants oppose the filing of the Second Supplemented Complaint based on any of the above factors.

Therefore, considering the Rule 15(a) factors, the Court fails to find any substantial reason to deny leave to amend and **GRANTS** Plaintiff's Motion for Leave to File Second Supplemented Complaint. (Dkt. # 252.)

III.    Motion to Exclude Class Certification Expert

Also pending before the Court are (1) Defendants' Motion to Exclude the Class Certification Testimony of Dr. Steven Feinstein, filed on November 27,

2024 (Dkt. # 268), and (2) Plaintiffs' Motion to Strike the Motion to Exclude, filed on December 11, 2024. (Dkt. # 276.)

Defendants seek to exclude Dr. Feinstein's opinions in their entirety, including both his initial report and rebuttal report. (Dkt. # 268 at 6–7.) Defendants argue Dr. Feinstein's opinions on market efficiency stem from a fatally flawed, circular definition of "efficiency" that has no basis in financial economics. (Id. at 10.) In the motion, Defendants provide an Affidavit of Scott Campbell including deposition excerpts from Dr. Feinstein as well as numerous excerpts of financial literature. (Dkt. # 268-1.)

In their Motion to Strike, Plaintiffs argue that Defendants' Motion to Exclude is untimely and violates a direct order of the Magistrate Judge to not file any new class certification evidence as of September 19, 2024. (Dkt. # 276 at 3.) Plaintiffs provide that "[w]here a Daubert motion filed after the close of class certification briefing is untimely [ ], a Daubert motion filed after the court has already recommended certification of the Class is doubly so." (Id. at 5) (citing Shaw v. AMN Healthcare, Inc., 326 F.R.D. 247, 255 n.4 (N.D. Cal. 2018)).

Defendants respond that the Fifth Circuit previously held that it is error not to consider a Daubert motion filed after the close of class certification briefing in a securities class action. (Dkt. # 284 at 2–3) (citing Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp., 99 F.4th 770, 773 (5th

10

Cir. 2024)). However, the procedural events in Anadarko are different than what occurred here. There, Anadarko moved for leave to file a sur-reply to a motion to certify class on the basis that the reply brief contained new evidence to which the defendant was entitled to respond. Id. However, the district court denied leave to file a sur-reply, which is where the Fifth Circuit found error. Id. at 774.

Here, Defendants were granted leave to file a sur-reply and indeed did so. (Dkts. ## 219, 227.) And while Defendants claim they "reserved the right to seek to exclude Dr. Feinstein's testimony *after class certification briefing*" (Dkt. # 284 at 4), that is not the language that was included in their response. In fact, Defendants stated the following in their response to the motion for class certification: "Defendants expect Dr. Feinstein will submit a supplemental or rebuttal report with Plaintiffs' Reply. Defendants reserve the right to seek to exclude Dr. Feinstein's testimony under Daubert *at that time and to seek permission to file a sur-reply*, if warranted." (Dkt. # 179-2 at 24) (emphasis added).

The Court agrees that Defendants' Motion to Exclude was untimely filed. Not only do Defendants want to exclude Dr. Feinstein's rebuttal report, to which they were granted leave to file a sur-reply to, but they also seek to exclude his initial report. Defendants had notice of Dr. Feinstein's initial report as of March 13, 2024 (Dkt. # 148-7) yet waited until *after* the Magistrate issued the

11

Report and Recommendation on class certification to "formally" contest the reliability of said expert. Moreover, the Court concludes that Defendants have already made the same Daubert-type arguments in their Motion to Exclude as was included in their response to Plaintiffs' motion for class certification. For example, Defendants argued "Dr. Feinstein's analysis of the markets for Cassava options is flawed and unreliable." (Dkt. # 241 at 16.) And the Magistrate Judge addressed such arguments in the Report and Recommendation by concluding that Dr. Feinstein's studies were reliable to show a causal relationship between the release of company-specific news and movement in that company's stock price. (Dkt. # 254 at 27–28.)

Accordingly, Defendants' Motion to Exclude is an attempt to rehash arguments already made and considered in the prior class certification briefings. Therefore, the Court declines to allow Defendants another attempt to argue their Motion to Exclude. Plaintiffs' Motion to Strike is **GRANTED.**

CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiff's Motion for Leave to File Second Supplemented Complaint. (Dkt. # 252.)

Plaintiffs' Motion to Strike the Defendants' Motion to Exclude the Class Certification Testimony of Dr. Steven Feinstein, (Dkt. # 276) is **GRANTED**

and the Court **ORDERS** the Clerk to **STRIKE** the Motion to Exclude the Class Certification Testimony of Dr. Steven Feinstein (Dkt. # 268) from the record.

Plaintiffs are **INSTRUCTED** to refile their Motion for Class Certification within 30 days of the date of this Order. However, Plaintiffs' new filing shall solely be to incorporate the existing class certification briefing in this Court's docket upon which was considered in the Report and Recommendation, filed on November 15, 2024. (Dkt. # 254.) No new arguments, evidence, or non-existing briefing shall be filed by any parties with respect to the forthcoming Motion for Class Certification.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, May 21, 2025.

_____
David Alan Ezra
Senior United States District Judge