UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § § | Master File No. 1:21-cv-00751-DAE CLASS ACTION |
| This Document Relates To: ALL ACTIONS | § § § § § § | |

**PLAINTIFFS' REPLY IN SUPPORT OF RENEWED OPPOSED MOTION FOR CLASS CERTIFICATION**

4935-8712-2003.v3

On June 20, 2025, lead plaintiff Mohammad Bozorgi and additional plaintiffs Ken Calderone and Manohar K. Rao (collectively, "Plaintiffs") filed their Renewed Opposed Motion for Class Certification in accordance with the Court's May 21, 2025 Order.  *See* ECF 317, 326 (the "Motion").  Cassava Sciences Inc. ("Cassava" or the "Company") and Eric J. Schoen filed an Opposition to Plaintiffs' Renewed Motion for Class Certification on July 2, 2025.  ECF 327 (the "Opposition").[1]  For the reasons set forth in Plaintiffs' prior briefing and in Magistrate Judge Hightower's Report and Recommendation to grant class certification (ECF 254), the Opposition lacks merit, and Plaintiffs' Motion should be granted in full.  *See* ECF 148, 214, 216-217, 229, 231-232, 239, 276-277, 281, 285.[2]

The Opposition, moreover, misstates the record.  The Opposition acknowledges that, "[p]ursuant to the Court's Order, the Cassava Defendants will not be submitting any new arguments, evidence, or briefing on Plaintiffs' Renewed Motion for Class Certification." Opposition at 2.  Yet, the Opposition still relies on the Expert Surreply Report of René M. Stulz, Ph.D. (ECF 227-1, Exhibit A; ECF 228-1, Exhibit A) ("Stulz Surreply Report") and Defendants' Motion to Exclude the Class Certification Testimony of Dr. Steven Feinstein (ECF 268) ("Motion to Exclude Dr. Feinstein"), "incorporat[ing]" both "by reference."  *See* Opposition at 1-2.  As Defendants know, the Court and Magistrate Judge Hightower struck those documents from the record as untimely and in violation of Magistrate Judge Hightower's Order instructing the parties "'not file any new evidence'" concerning class certification.  ECF 238 at 2; *see also* ECF 317.

Plaintiffs therefore requested that Defendants amend the Opposition to remove references to those filings.  Defendants, however, refused – despite clear judicial orders striking the very

---

[1]    Defendants Remi Barbier and Lindsay Burns joined the Opposition.  ECF 328-329. "Defendants" refers collectively to Cassava, Remi Barbier, Eric Schoen, and Lindsay Burns.

[2]    Plaintiffs incorporate all such filings and evidence by reference.

4935-8712-2003.v3

materials they incorporated – asserting, in an email that "your whining makes no sense" and flippantly dismissing Plaintiffs' efforts to enforce this Court's prior rulings.  *See* Exhibit A, attached hereto, at 2.  Such language is not only inappropriate in federal litigation, but further demonstrates defense counsel's disregard for both the Court's instructions and the seriousness of these proceedings.  Their assertion that citation to stricken material is justified to "preserve" appellate rights – without clarifying in the Opposition that those materials have been struck – is not a good-faith effort at preservation, but rather a strategic attempt to inject into the record evidence that this Court has deemed improper.  Plaintiffs raise this issue not merely to call attention to the unprofessional tone of counsel's response, but to illustrate the persistent pattern of procedural gamesmanship that has characterized Defendants' conduct throughout class certification.

DATED:  July 9, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (admitted *pro hac vice*)
JESSICA T. SHINNEFIELD (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
HEATHER G. GEIGER (admitted *pro hac vice*)
JEREMY W. DANIELS (admitted *pro hac vice*)


                    /s/ Kevin A. Lavelle
                    KEVIN A. LAVELLE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
jshinnefield@rgrdlaw.com
klavelle@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional
Plaintiff Ken Calderone

- 3 -

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional
Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao

4935-8712-2003.v3

# EXHIBIT A

| | |
|---|---|
| **From:** | Taylor, Zachary R. |
| **To:** | GCosta; Kevin Lavelle |
| **Cc:** | Campbell, Scott; Greene, Douglas W.; Jeremy Daniels; Dan Drosman; Jessica Shinnefield; Loseman, Monica K.; Marshall, Lloyd Steven; Vaughan, Spencer W. |
| **Subject:** | RE: Case 1:21-cv-00751-DAE In Re Cassava Sciences, Inc. Securities Litigation Response in Opposition to Motion |
| **Date:** | Thursday, July 3, 2025 1:05:19 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |

EXTERNAL SENDER

Kevin,

As Gregg noted, our reference to all prior materials filed in connection with Plaintiffs' motion for class certification was intended to preserve all of our objections for appeal. Accordingly, we do not intend to file an amended notice of joinder.

Thanks,
Zach

**Zach Taylor**
Partner

**BakerHostetler**

45 Rockefeller Plaza
New York, NY 10111-0100
T +1.212.589.4645

ztaylor@bakerlaw.com
bakerlaw.com



**From:** Costa, Gregg J. <GCosta@gibsondunn.com>
**Sent:** Thursday, July 3, 2025 12:44 PM
**To:** Kevin Lavelle <KLavelle@rgrdlaw.com>
**Cc:** Campbell, Scott <SCampbell@gibsondunn.com>; Taylor, Zachary R. <ztaylor@bakerlaw.com>; Greene, Douglas W. <dgreene@bakerlaw.com>; Jeremy Daniels <JDaniels@rgrdlaw.com>; Dan Drosman <DanD@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Loseman, Monica K. <MLoseman@gibsondunn.com>; Marshall, Lloyd Steven <LMarshall@gibsondunn.com>; Vaughan, Spencer W. <SVaughan@gibsondunn.com>
**Subject:** Re: Case 1:21-cv-00751-DAE In Re Cassava Sciences, Inc. Securities Litigation Response in Opposition to Motion

[External Email: Use caution when clicking on links or opening attachments.]

Kevin,

The court made clear it is going to grant the motion to certify, so your whining makes no sense. Surely you understand that with your renewed motion to certify, we need to officially incorporate all our prior motions/briefing to remove any doubt that we have preserved all our objections for appeal.

Have a great Fourth of July.

**Gregg Costa**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
811 Main Street Suite 3000, Houston, TX 77002-6117
Tel +1 346.718.6649 • Cell +1 281.475.5902
GCosta@gibsondunn.com • www.gibsondunn.com

On Jul 2, 2025, at 7:38 PM, Kevin Lavelle <KLavelle@rgrdlaw.com> wrote:

Counsel,

The Cassava Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification acknowledges that, "[p]ursuant to the Court's Order, the Cassava Defendants will not be submitting any new arguments, evidence, or briefing on Plaintiffs' Renewed Motion for Class Certification." ECF 327 at 2 (the Opposition). Yet, the Opposition still cites Defendants' "prior briefing on the matter" and "incorporate[s] all such filings in the record, and all record evidence submitted with those filings, by reference" (*id*. at 1-2), including the Stulz sur-reply report (ECF 227 at 227-1; 228 at 228-1) and the Defendants' motion to exclude Dr. Feinstein (ECF 268). *See* Opposition at 1. As you know, the Court struck both of those documents from the record. ECFs 238; 317. Accordingly, citation to them, or argument related to those filings, is inappropriate and a continuing violation of repeated Court orders explicitly instructing the parties not to submit new and untimely evidence and argument concerning class certification. *See id*.

Please confirm that, by close of business tomorrow, the Cassava Defendants will file an amended Opposition removing all reference to the stricken docket entries, and their related briefing (ECFs 227 at 227-1; 228 at 228-1; 234; 268; 282), specifying that the Sultz sur-reply report is not part of the record (see ECFs 227 at 227-1 and 228 at 228-1), and specifying that the portions of Defendants' sur-reply (ECF 227), motion requesting an evidentiary hearing (ECF 228), and any other filing that rely on the Stulz sur-reply report are likewise stricken.

Please also confirm that defendants Burns and Barbier, who filed a joinder with, and parrot, the Opposition will file an amended notice of joinder doing the same by close of business tomorrow.

If Defendants' filings are not amended as requested, Plaintiffs intend on raising this issue with the Court.

-Kevin

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.