IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES INC. SECURITIES LITIGATION | § § § § § § § | Master File No. 1:21-cv-00751-DAE CLASS ACTION |
| This Document Relates to: ALL ACTIONS | § § § § § | |
| CARLOS PÉREZ-COTAPOS UGARTE, MARIA ISABEL URETA BAZÁN, CARLOS PÉREZ-COTAPOS SUBERCASEAUX, INVERSIONES ANE MIREN LIMITADA, SHERYL GROVE, and HOORIEH ALAGHEMAND, Individually and on Behalf of All Others Similarly Situated, | § § § § § § § § § § | Case No. 1:24-cv-01525-DAE CLASS ACTION |
| Plaintiffs, | § § § | |
| v. | § § § | |
| CASSAVA SCIENCES, INC., REMI BARBIER, RICHARD JON BARRY, LINDSAY BURNS, JAMES W. KUPIEC, and ERIC SCHOEN, | § § § § § § § | |
| Defendants. | § § § § | |

**DEFENDANTS CASSAVA SCIENCES, INC., REMI BARBIER, LINDSAY BURNS, AND ERIC J. SCHOEN'S OPPOSED MOTION TO CONSOLIDATE**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................... 1

BACKGROUND ................................................................................................... 2

     I.      This Court Consolidates Several Cases into the Consolidated Action and
          Appoints a Lead Plaintiff. ...................................................................... 2

     II.     Plaintiffs in the Consolidated Action Seek, and Secure, Transfer and
          Consolidation of a Subsequent Action Filed in the Northern District of
          Illinois. .................................................................................................. 3

     III.    This Court Grants Plaintiffs in the Consolidated Action Leave to Allege
          Disclosures from 2024. .......................................................................... 4

     IV.    The Amended Complaint Is Filed in *Ugarte*, Alleging a Fraudulent
          Scheme Stretching Back to 2021. ........................................................... 4

LEGAL STANDARD............................................................................................ 5

ARGUMENT......................................................................................................... 6

     I.      The Allegations in the *Ugarte* Amended Complaint Arise from the Same
          Facts and Claims Alleged in the Consolidated Action. ......................... 6

     II.     The Two Actions Should Be Consolidated.............................................. 7

CONCLUSION...................................................................................................... 8

# TABLE OF AUTHORITIES

## Cases

*In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*,
    549 F.2d 1006 (5th Cir. 1977) ....................................................................................5

*Baker v. Cassava Sciences, Inc., et al.*,
    No. 1:24-cv-00977 (N.D. Ill.) ................................................................................1, 3

*Baker v. Cassava Sciences, Inc., et al.*,
    No. 1:24-cv-00590-DAE (W.D. Tex.) .....................................................................1, 3

*In re Facebook, Inc., IPO Sec. and Derivative Litig.*,
    288 F.R.D. 26 (S.D.N.Y. 2012) ..................................................................................8

*Francis v. Nelson*,
    2025 WL 1839462 (W.D. Tex. Mar. 12, 2025) ...........................................................5

*Frazier v. Garrison I.S.D.*,
    980 F.2d 1514 (5th Cir. 1993) ....................................................................................6

*Kin-Yip Chun v. Fluor Corp.*,
    2020 WL 2745527 (N.D. Tex. May 26, 2020) .............................................................8

*Lax v. First Merchs. Acceptance Corp.*,
    1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................................................................3

*Newell v. Cassava Sciences, Inc., et al.*,
    No. 1:21-cv-00760-DAE (W.D. Tex.) ........................................................................2

*Ontario Teachers' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*,
    2020 WL 1181366 (D. Conn. Mar. 10, 2020) .............................................................8

*Rao v. Cassava Sciences, Inc., et al.*,
    No. 1:21-cv-00971-DAE (W.D. Tex.) ........................................................................2

*Rein v. Cassava Sciences, Inc., et al.*,
    No. 1:21-cv-00856-DAE (W.D. Tex.) ........................................................................2

## Statutes

28 U.S.C. § 1715 ...................................................................................................................8

## Rules

Fed. R. Civ. Proc. 23 .............................................................................................................8

Fed. R. Civ. Proc. 42 .............................................................................................................5

Defendants Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, and Eric J. Schoen hereby move to consolidate *Ugarte v. Cassava Sciences, Inc., et al.*, No. 1:24-cv-01525 (W.D. Tex.) ("*Ugarte*") with *In re Cassava Sciences, Inc. Securities Litigation*, No. 1:21-cv-00751-DAE (W.D. Tex.) ("Consolidated Action").  Because the Amended Complaint in *Ugarte* "arise[s] out of the same facts and claims" alleged in the Consolidated Action, the case should be "consolidated into the Consolidated Action for all purposes."  Dkt. 58.[1]

## INTRODUCTION

The Amended Complaint in *Ugarte v. Cassava Sciences, Inc., et al.*, No. 1:24-cv-01525 (W.D. Tex.), filed on August 25, 2025, asserts the same alleged fraudulent "scheme," against the same defendants, based on the same disclosures, as the Consolidated Action.  *Ugarte*, No. 1:24-cv-01525, Dkt. 49 ("Amended Complaint" or "Am. Compl.").  And this Court already has held that all cases "aris[ing] out of the same facts and claims" as the Consolidated Action "shall be consolidated into the Consolidated Action."  Dkt. 58.  The cases therefore must be consolidated.[2]

The lead plaintiff in *Ugarte* is represented by Pomerantz LLP, which first tried to secure Lead Counsel status in the Consolidated Action years ago.  *See* Dkt. 59.  When that attempt failed, Pomerantz next tried to evade this Court's orders by filing a competing class action in the Northern District of Illinois, *see Baker v. Cassava Sciences, Inc., et al.*, No. 1:24-cv-00977 (N.D. Ill.).  That attempt also failed, and this Court consolidated the *Baker* case.  *See Baker v. Cassava Sciences, et al.*, No. 1:24-cv-00590-DAE (W.D. Tex.), Dkt. 73.  With the Amended Complaint, Pomerantz is attempting yet again to inject itself into the claims underlying the Consolidated Action.  The Court

---

[1] Unless otherwise indicated, all "Dkt." references are to filings in the Consolidated Action.

[2] As disclosed to the Court on August 15, 2025, the parties have been engaged in "advanced settlement negotiations" to resolve the Consolidated Action.  Dkt. 333 at 2.  But as discussed below, the Amended Complaint's new allegations have upended those efforts, given the new allegations' extensive overlap with the Consolidated Action.

should not be fooled.  These parallel cases should be consolidated, in the interest of judicial economy and to ensure consistent adjudication of claims arising from Cassava's alleged misrepresentations about simufilam.

## BACKGROUND

**I.    This Court Consolidates Several Cases into the Consolidated Action and Appoints a Lead Plaintiff.**

In August 2021, a Citizen's Petition was submitted to the FDA, alleging anomalies in the scientific data underlying Cassava's leading drug candidate, simufilam.  Several plaintiffs filed competing class actions shortly thereafter, based on the Citizen Petition's allegations.  *Brazeau v. Cassava Sciences, Inc., et al.*, No. 1:21-cv-00751-DAE (W.D. Tex.); *Newell v. Cassava Sciences, Inc., et al.*, No. 1:21-cv-00760-DAE (W.D. Tex.); *Rein v. Cassava Sciences, Inc., et al.*, No. 1:21-cv-00856-DAE (W.D. Tex.); *Rao v. Cassava Sciences, Inc., et al.*, No. 1:21-cv-00971-DAE (W.D. Tex.).

On June 30, 2022, this Court consolidated those cases into the Consolidated Action, ordering that "[a]ny other actions now pending or hereafter filed in this District that arise out of the same facts and claims as alleged in the [consolidated] actions shall be consolidated into the Consolidated Action for all purposes once the Court is informed of them."  Dkt. 58.  The same day, the Court appointed Mohammad Bozorgi as Lead Plaintiff in the Consolidated Action and approved Robbins Geller as Lead Counsel.  Dkt. 59.  In so doing, the Court denied the attempt by Pomerantz LLP's client to serve as Lead Plaintiff.  *Id.*

The original complaint in the Consolidated Action was filed on August 18, 2022, asserting a class period of September 14, 2020 to July 26, 2022.  Dkt. 68.

**II.    Plaintiffs in the Consolidated Action Seek, and Secure, Transfer and Consolidation of a Subsequent Action Filed in the Northern District of Illinois.**

On February 2, 2024, an additional class action was filed in the Northern District of Illinois, raising allegations postdating the complaint in the Consolidated Action and asserting a class period of August 18, 2022 to October 12, 2023.  *Baker v. Cassava Sciences, Inc., et al.*, No. 1:24-cv-00977 (N.D. Ill.).  The *Baker* plaintiffs were represented by Pomerantz LLP. *See* Am. Compl.

Plaintiffs in the Consolidated Action moved to intervene in the *Baker* case, transfer the case to the Western District of Texas, and consolidate it with the Consolidated Action.  *Baker*, No. 1:24-cv-00977, Dkt. 13.  Plaintiffs argued that, although the class period purported to be later in time, the new allegations were "a continuation of the same fraudulent scheme that has always been at the heart of the Consolidated Action," the actions shared all but one defendant in common, both actions "allege[d] violations of §§ 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5," and the two complaints "allege[d] similar, and, in numerous instances, *identical* misleading statements."  *Baker*, No. 1:24-cv-00977, Dkt. 37 at 1, 3. Plaintiffs also pointed out that "actions may still pertain to 'substantially the same claims,' even if they allege different class periods." *Id.* at 1 (quoting *Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at *4 (N.D. Ill. Aug. 11, 1997)).

The Northern District of Illinois granted Plaintiffs' motion, and the case was transferred to the Western District of Texas on May 28, 2024.  *Baker*, No. 1:24-cv-00977, Dkt. 41.  On September 25, 2024, this Court consolidated the case into the Consolidated Action, citing its earlier order that all "actions now pending or hereafter filed in this District that arise out of the same facts and claims" as the Consolidated Action "shall be consolidated into the Consolidated Action for all purposes."  *Baker v. Cassava Sciences, et al.*, No. 1:24-cv-00590-DAE (W.D. Tex.), Dkt. 73; *see* Dkt. 58.

This Court also granted Plaintiffs in the Consolidated Action leave to amend their complaint to add the allegations from the *Baker* complaint and extend the class period to October 12, 2023.  Dkt. 175.

### III. This Court Grants Plaintiffs in the Consolidated Action Leave to Allege Disclosures from 2024.

On November 13, 2024, Plaintiffs in the Consolidated Action sought leave to amend their complaint a second time to include additional corrective disclosures beginning in June 2024. Dkt. 252.  These new disclosures included the announcement of the indictment of Hoau-Yan Wang on June 28, 2024, Dkt. 318, Supp. ¶¶ 8-16; Cassava's July 1, 2024 disclosure of pending government investigations into two "senior employees" and the Company's creation of an *ad hoc* investigation committee, *id.* Supp. ¶ 17; the announcement of the resignations of Remi Barbier and Lindsay Burns on July 17, 2024, *id.* Supp. ¶¶ 18-19; and Cassava's September 26, 2024 disclosure of its settlement with the Securities and Exchange Commission, *id.* Supp. ¶¶ 20-25.  *See* Dkt. 252. Plaintiffs specifically argued these events were "a *continuation* of the allegations in the Complaint," *id.* at 3, and that these new disclosures caused damage to members of the class, *id.* at 13.  On May 21, 2025, the Court granted Plaintiffs leave to amend to add these disclosures, Dkt. 317, and Plaintiffs filed their further amended complaint the next day, Dkt. 318.

### IV. The Amended Complaint Is Filed in *Ugarte*, Alleging a Fraudulent Scheme Stretching Back to 2021.

The original complaint in *Ugarte* was filed on December 12, 2024, asserting narrow claims against Cassava, Richard Jon Barry, and James Kupiec based solely on Cassava's 2024 disclosures about simufilam's Phase 3 trials.  *Ugarte*, No. 1:24-cv-01525, Dkt. 1.  The original complaint sought a class period of February 7, 2024 to November 24, 2024.  *Id.*  The lead plaintiff selection process followed.

4

On August 25, 2025, the newly appointed lead plaintiffs in *Ugarte*, represented by Pomerantz LLP, filed an Amended Complaint, asserting claims against Cassava, Remi Barbier, Richard Jon Barry, Lindsay Burns, James Kupiec, and Eric Schoen. The Amended Complaint abandons the narrow claims of the original complaint, instead adopting the allegations and theories of the Consolidated Action. The Amended Complaint alleges that the Citizen's Petition submitted in August 2021 "kicked off years of Defendants making false and misleading statements that downplayed the accusations of research misconduct related to the Phase 2b Study," and that "[e]ven when confronted with substantial government investigations into the same, the Company emphatically denied the accusations of wrongdoing" throughout this period. Am. Compl. ¶¶ 4-6. It describes in detail this alleged scheme by Cassava to mislead the public, including alleged misstatements about simufilam made in 2021, 2022, and 2023. *Id.* ¶¶ 71, 73, 76, 78, 80, 82-84, 123-31. It seeks a class period of October 13, 2023 to March 25, 2025. *Id.* ¶ 1.

The Amended Complaint also purports to include corrective disclosures from before November 2024, including many of the *exact* corrective disclosures alleged in the Consolidated Action. This includes the indictment of Hoau-Yan Wang on June 28, 2024, *id.* ¶¶ 15-16, 86, 137-39, 239-40; Cassava's July 1, 2024 disclosure concerning pending government investigations, *id.* ¶¶ 17-18, 86, 140-42, 209-10, 240; and Cassava's September 26, 2024 disclosure of its settlement with the Securities and Exchange Commission, *id.* ¶¶ 22-23, 89, 153-57, 244.

## LEGAL STANDARD

Under Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. Proc. 42(a)(2). "The Fifth Circuit has urged district judges 'to make good use of Rule 42(a) in order to expedite . . . trial and eliminate unnecessary repetition and confusion,' even when opposed by the parties." *Francis v. Nelson*, 2025 WL 1839462, at *1 (W.D. Tex. Mar. 12, 2025) (quoting *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977)). When deciding whether

consolidation is appropriate, courts consider (1) whether the actions are in the same court, (2) whether there are common parties, (3) whether there are common questions of law or fact, (4) the risk of prejudice or confusion versus the risk of inconsistent adjudications, and (5) whether consolidation promotes judicial economy. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993).

Consistent with that standard, this Court already has ordered that all "other actions now pending or hereafter filed in this District that arise out of the same facts and claims as alleged in the [Consolidated Action] shall be consolidated into the Consolidated Action for all purposes." Dkt. 58.

## ARGUMENT

### I.    The Allegations in the *Ugarte* Amended Complaint Arise from the Same Facts and Claims Alleged in the Consolidated Action.

The purported class period in the *Ugarte* Amended Complaint begins one day after the class period in the Consolidated Action—October 13, 2023—and proceeds through the release of Phase 3 trial results on March 25, 2025. Am. Compl. ¶ 1. Like the Consolidated Action, *Ugarte* alleges violations of §§10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 against Cassava, Remi Barbier, Lindsay Burns, and Eric Schoen. *Id.* ¶¶ 1, 264-78. And as in the Consolidated Action, *Ugarte* alleges Cassava concealed that the research underlying simufilam allegedly was tainted by data manipulation. *Id.* ¶¶ 1-35, 49-191.

Indeed, the *Ugarte* Amended Complaint's claims are based on many of the *exact same* statements alleged in the Consolidated Action, including:

- Cassava's October 12, 2023 press release regarding a leaked report from the City University of New York. *Compare* Dkt 318, Supp. ¶ 4, *with* Am. Compl. ¶¶ 8, 80, 123, 200, 204.

- Cassava's February 28, 2024 Form 8-K stating that the Company's internal investigation had "found no evidence to substantiate the allegations that the

Company or its employees engaged in or were aware of research misconduct." *Compare* Dkt. 318, Supp. ¶ 26, *with* Am. Compl. ¶¶ 10, 127, 130, 162, 217.

- The Department of Justice's June 28, 2024 announcement of the indictment of Hoau-Yan Wang. *Compare* Dkt. 318, Supp. ¶¶ 8-16, *with* Am. Compl. 15-16, 86, 137-39, 239-40.

- Cassava's July 1, 2024 Form 8-K disclosing government investigations into two "senior employees" and the Company's creation of an *ad hoc* investigation committee. *Compare* Dkt. 318, Supp. ¶ 17, *with* Am. Compl. ¶¶ 17-18, 86, 140-42, 209-10, 240.

- Cassava's July 17, 2024 press release disclosing the resignations of Remi Barbier and Lindsay Bruns. *Compare* Dkt. 318, Supp. ¶¶ 18-19, *with* Am. Compl. ¶¶ 19, 44, 87, 144-46, 208, 211.

- Cassava's September 26, 2024 announcement of its settlement with the Securities and Exchange Commission. *Compare* Dkt. 318, Supp. ¶¶ 20-25, *with* Am. Compl. ¶¶ 22-23, 89, 153-57, 244.

There thus can be no dispute that the claims alleged in *Ugarte* are a continuation of the same purported fraudulent scheme alleged in the Consolidated Action. Both actions concern Cassava Sciences, Remi Barbier, Lindsay Burns, and Eric Shoen's supposed scheme to mislead the public about the research underlying simufilam. While counsel in *Ugarte* tried to dodge consolidation by starting the Amended Complaint's class period immediately after the class period in the Consolidated Action—the same strategy they attempted in *Baker*—the Amended Complaint alleges many of the *precise same* disclosures as the Consolidated Action, *see* Am. Compl. ¶¶ 15-18, 22-23, 86, 89, 137-42, 153-57, 209-10, 239-40, 244, and its alleged "scheme" necessarily stretches back to the release of the citizen's petition in 2021, *see id.* ¶¶ 1-35, 71, 73, 76, 78, 80, 82-84, 123-31. The two actions thus arise from the same facts and claims.

## II.    The Two Actions Should Be Consolidated.

All of this brings *Ugarte* squarely within this Court's instruction that all actions which "arise from the same facts and claims" as the Consolidated Action "shall be consolidated into the Consolidated Action." Dkt. 58. The cases should be consolidated on that ground alone.

Even apart from the Court's prior holding, however, the cases still merit consolidation. The allegations in *Ugarte* are "a clear continuation of the conduct" alleged in the Consolidated Action. *Kin-Yip Chun v. Fluor Corp.*, 2020 WL 2745527, at \*5 (N.D. Tex. May 26, 2020) (consolidating class actions with differing class periods on that ground); *see also Ontario Teachers' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*, 2020 WL 1181366, at \*12 (D. Conn. Mar. 10, 2020) (consolidating actions with consecutive class periods because "many facts [were] common to both actions" and the misrepresentations that occurred in the two class periods "were part of the same course of conduct"); *In re Facebook, Inc., IPO Sec. and Derivative Litig.,* 288 F.R.D. 26, 26-27 (S.D.N.Y. 2012) (consolidating securities class actions that sought relief "on behalf of similar classes, asserted against some of the same defendants, arising out of the same series of events"). Allowing these cases to proceed in parallel would waste judicial resources and risks inconsistent adjudication of identical issues. The cases should be consolidated.[3]

## CONCLUSION

For these reasons, *Ugarte v. Cassava Sciences, Inc.*, No. 1:24-cv-01525 (W.D. Tex.) should be consolidated with *In re Cassava Sciences, Inc. Securities Litigation*, No. 1:21-cv-00751-DAE (W.D. Tex.) for all purposes.

---

[3] Allowing the cases to proceed in parallel, with parallel lead counsel, would also upend any effort to resolve the cases via settlement. Indeed, it is unclear how the Court could fairly consider *any* proposed class settlement in that scenario. Releases in class settlements bind each and every member of the class who does not opt out of the settlement. Fed. R. Civ. Proc. 23 (e); *see* 28 U.S.C. § 1715. And given the overlap between the Consolidated Action and the new allegations in *Ugarte*, there may be no practicable way to determine which class members in the Consolidated Action are also class members in *Ugarte*, and vice versa. It therefore may be impossible to know which class members in the *Ugarte* class will have released their claims if the Consolidated Action settles. Indeed, the lead plaintiffs in *Ugarte* themselves may be members of the class in the Consolidated Action, and thus presumptively bound to any settlement, as the materials supporting their motion for appointment suggest they may have purchased Cassava shares during the Consolidated Action class period. *See Ugarte*, No. 1:24-cv-01525-DAE, Dkt. 25-2 at 2-4.

Dated:  September 18, 2025

Respectfully submitted,

/s/ *Gregg Costa*
Gregg Costa (Tx. Bar No. 24028160)
Trey Cox (Tx. Bar No. 24003722)
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, TX 77002
Telephone: 346.718.6600
gcosta@gibsondunn.com
tcox@gibsondunn.com

Monica K. Loseman (admitted *pro hac vice*)
Scott Campbell (admitted *pro hac vice*)
John Turquet Bravard (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202-2642
Telephone: 303.298.5700
mloseman@gibsondunn.com
scampbell@gibsondunn.com
jturquetbravard@gibsondunn.com

Mary Beth Maloney (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
mmaloney@gibsondunn.com

*Counsel for Defendants Cassava Sciences, Inc. and Eric J. Schoen*

Douglas W. Greene
Zachary R. Taylor
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.847.7090
dgreene@bakerlaw.com

C. Shawn Cleveland
BAKER & HOSTETLER LLP
2850 N. Harwood Street, Suite 1100
Dallas, TX 75201
Telephone: 214.210.1200
scleveland@bakerlaw.com

*Counsel for Defendants Remi Barbier and Lindsay Burns*

9

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 18, 2025, a true and correct copy of the foregoing was served electronically upon each attorney of record.

/s/ *Gregg Costa*
Gregg Costa

## CERTIFICATE OF CONFERENCE

The undersigned certifies that all parties affected by this motion have conferred in good faith to resolve the issues raised herein, but have been unable to resolve those issues.  In particular, Plaintiffs in the Consolidated Action have indicated:  "It is Plaintiffs' position that Plaintiffs and Cassava/Schoen signed a binding and enforceable term sheet on August 18, 2025 to settle this litigation.  Plaintiffs therefore oppose the Motion as inconsistent with that agreement."

/s/ *Gregg Costa*
Gregg Costa