UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § § § § § § § § |
| | Master File No. 1:21-cv-00751-DAE |
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AND OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE**

**[REDACTED]**

4911-4718-8613.v3

Lead Plaintiff Mohammad Bozorgi and additional plaintiffs Ken Calderone and Manohar Rao (collectively, "Plaintiffs") respectfully move for leave to file the attached Notice of Supplemental Authority in Further Support of Their Opposition to Defendants' Motion to Strike and Opposition to Defendants' Motion to Consolidate (the "Notice of Supplemental Authority").

**I.      INTRODUCTION**

Defendants' Motion to Strike (ECF 346) rests on two core assertions: (1) ███████████████████████████████████████████████████████████ and (2) ███████████████████████████████████████

Since briefing was completed, two dispositive events have occurred that directly dismantle these arguments while further corroborating arguments made in Plaintiffs' Opposition to Defendants' Motion to Consolidate (ECF 345):

- **Mediator's ADR Notice (December 19, 2025) ("ADR Notice")**: After considering the parties' respective positions, the mediator, David M. Murphy (the "Mediator") – whom the parties jointly selected and voluntarily appeared before – directed the parties to file a formal "Notice of Outcome of ADR Proceedings" consistent with Local Rule CV-88(g). This ADR Notice, which has now been filed on the public docket (ECF 359), explicitly states that the parties "accepted a double-blind Mediator's Recommendation" and "executed a binding Term Sheet." ECF 359 at 1. The ADR Notice is attached to the Notice of Supplemental Authority as **Exhibit A**.

- **Cassava Sciences, Inc.'s ("Cassava") Press Release (December 23, 2025)**: Cassava Sciences issued a press release publicly announcing the settlement ("$31.25 million to achieve a complete settlement") that it previously argued was highly confidential, waiving any claim that such disclosure was improper or prejudicial. Cassava's December 23, 2025 Press Release is attached to the Notice of Supplemental Authority as **Exhibit B**.

Exhibits A and B constitute controlling new authority. They confirm that the information Defendants seek to strike is ████████████████████████████████████████

- 1 -

██████████████████████████████████████████████████

████████████.[1]

## II. ARGUMENT

### A. The ADR Notice Exposes Defendants' Incendiary Accusations as Meritless

In their Motion to Strike, Defendants utilized inflammatory language to attack Plaintiffs ██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████ *See* ECF 346 at 1, 7. ██████████████████████

██████████████████████████████████████████████████

██████████████████████ *Id.* at 7.

The Mediator himself has now rejected the secrecy Defendants demand. On December 19, 2025, the Mediator directed the parties to file a report regarding the outcome of the mediation. ECF 359 at 1. That report, which is now filed on the public docket, states: "Defendants Cassava Sciences, Inc. and Eric J. Schoen . . . and Plaintiffs have accepted a double-blind Mediator's Recommendation and executed a binding Term Sheet." *Id.*

It is impossible to reconcile Defendants' position with the Mediator's own directive. ██████████████████████████████████████████████████

██████████████████████████████████ Yet, the parties' own Mediator – ██

██████████████████████████████████████ – directed the parties to file a report disclosing the acceptance of that very proposal. ██████████████████

██████████████████████████████████ when the Mediator himself directs

---

[1] Pursuant to L.R. CV-7(g), Plaintiffs conferred with Defendants on December 30, 2025, but Defendants would not consent to the filing of the Notice of Supplemental Authority.

- 3 -

the filing of a notice confirming it.  Defendants did not object to the Mediator's directive, nor could they, and the ADR Notice has now been available on the public docket since December 19, 2025. *Id.*

The ADR Notice also confirmed that the Mediator "rejected the Cassava Defendants' request to amend the executed agreement to require consolidation of the *Ugarte* class action" (*id.*), thereby publicly revealing the details of the communications Plaintiffs filed under seal that Defendants complained are confidential.  *See* ECF 353 at 3; ECF 346 at 4.  Accordingly, there is no secrecy surrounding those communications, let alone justification for striking them from the sealed record.

Moreover, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**B.**     **The Mediator Confirms a "Binding" Settlement Agreement**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4911-4718-8613.v3

- 4 -

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████

The Mediator's ADR Notice refutes Defendants' false narrative. Mr. Murphy explicitly stated that the parties "***executed a binding Term Sheet***" and that "***the Settlement is complete and enforceable as signed***." ECF 359 at 1. Crucially, the Mediator also confirmed that he "***rejected the Cassava Defendants' request to amend the executed agreement to require consolidation***." *Id.*

Furthermore, the ADR Notice puts to rest Defendants' argument that ████████ ████████████████████████████████████████. *See, e.g.*, ECF 346 at 6 (████████████ ███████████ The Mediator clarified that although Cassava Sciences and Schoen were the signatories, the action is effectively over as to all defendants: "Although [d]efendants Remi Barbier and Lindsay Burns did not execute the term sheet, they are indemnified by Cassava Sciences and under the term sheet are entitled to receive full and complete releases along with Cassava upon final Rule 23 approval of a settlement by the Court." ECF 359 at 1.

████████████████████████████████████████████████████████
██████████████████████████████████████████████ The Mediator has ruled: (1) the condition was rejected; (2) the indemnity covers the non-signatories and (3) the deal is closed.

Defendants' Motion to Strike ████████████████████████████
████████████████████████████████████████

- 4 -

4911-4718-8613.v3

### C. Defendants' Press Release Waives Any Confidentiality

Defendants also ███████████████████████████████████████████████

███████████████████████████████████████ Yet on December 23, 2025, Cassava Sciences issued a press release stating: "*Cassava will pay $31.25 million to achieve a complete settlement and release of all claims*." Ex. B.

Defendants cannot announce these terms publicly and ████████████

████████████████████████████████████████████████████████████

██████████████████████████████

## III. CONCLUSION

Both the Mediator's ADR Notice and Defendants' own public statement confirm that:

- A binding, enforceable settlement exists;

- ████████████████████████████████████████████████████
  ███████

- The settlement is not confidential;

- ████████████████████████████████████████████████

- ████████████████████████████████████████████████
  ████████████████████████████████

- ████████████████████████████████████████████████
  ████████████████████████

The Mediator's ADR Notice and Defendants' Press Release establish that Plaintiffs' Opposition was factually accurate and procedurally proper. ████████████████

████████████████████████████████. Plaintiffs respectfully request leave to file the attached Notice of Supplemental Authority.

- 5 -

DATED: December 30, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (admitted *pro hac vice*)
JESSICA T. SHINNEFIELD (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
HEATHER G. GEIGER (admitted *pro hac vice*)
JEREMY W. DANIELS (admitted *pro hac vice*)

*/s/ Kevin A. Lavelle*
KEVIN A. LAVELLE

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
jshinnefield@rgrdlaw.com
klavelle@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX 75219
Telephone: 214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao

- 6 -