UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | § § § § § § § § § § § § |  Master File No. 1:21-cv-00751-DAE<br><br>CLASS ACTION |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AND OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE**

**[REDACTED]**

4919-3224-4613.v3

- 1 -

Lead Plaintiff Mohammad Bozorgi and additional plaintiffs Ken Calderone and Manohar Rao (collectively, "Plaintiffs") respectfully submit this Notice of Supplemental Authority in Further Support of their Opposition to Defendants' Motion to Strike and Opposition to Defendants' Motion to Consolidate.

The supplemental authorities reflect two recent factual developments: (1) the Mediator's Alternative Dispute Resolution ("ADR") Notice filed on December 19, 2025 by Mediator David M. Murphy (the "Mediator") (ECF 359) (the "ADR Notice") reporting a binding settlement pursuant to Local Rule CV-88(g), attached hereto as **Exhibit A**; and (2) Cassava Sciences, Inc.'s ("Cassava" or the "Company") press release dated December 23, 2025 announcing a definitive class action settlement in this litigation, attached hereto as **Exhibit B**.

These events are dispositive to Defendants' Motion to Strike (ECF 346), and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ having been publicly disclosed by both the Mediator and Cassava itself. And both authorities corroborate Plaintiffs' ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ while refuting Defendants' claims otherwise.

## I. THE SUPPLEMENTAL AUTHORITIES ESTABLISH THAT THE INFORMATION DEFENDANTS SEEK TO STRIKE IS NOT CONFIDENTIAL

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF 346 at 1, 4, 7. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as it is now available on the public docket pursuant to the Mediator's directive. *See* ECF 359. On December 19, 2025, the Mediator directed the parties to file the ADR Notice, which discloses the existence and terms of the Mediator's Proposal and its acceptance. *Id.* Specifically, the ADR Notice states: "Defendants Cassava Sciences, Inc. and Eric J. Schoen (the 'Cassava

Defendants') and Plaintiffs have accepted a double-blind Mediator's Recommendation and executed a binding Term Sheet pursuant to which the Cassava Defendants will pay Plaintiffs $31,250,000.00 to achieve a complete settlement of all claims." *Id.* at 1. Defendants, notably, did not object to the Mediator's directive to file the ADR Notice, which has now been publicly available since December 19, 2025. *Id.* ▮

Furthermore, the ADR Notice confirmed that the Mediator "rejected the Cassava Defendants' request to amend the executed agreement to require consolidation of the *Ugarte* class action" and ruled "that the Cassava Defendants signed a binding term sheet with a certified class prior to the filing of an amended complaint in the *Ugarte* action." *Id.* The ADR Notice therefore also publicly ▮ *See* ECF 353 at 3; ECF 346 at 4.[1] ▮

Cassava's subsequent December 23, 2025 press release confirms the information in the ADR Notice, announcing that the Company "reached a definitive agreement to resolve the previously disclosed consolidated securities class action litigation pending in the United States District Court for the Western District of Texas Austin Division (*In re Cassava Sciences, Inc. Securities Litigation*, No. 1:21-cv-00751-DAE)." Ex. B. The press release further discussed the terms of the settlement, stating: "Under the agreement, Cassava will pay $31.25 million to achieve a complete settlement and release of all claims." *Id.* Having publicly disclosed the settlement and

---

[1] ▮

- 2 -

its terms, Cassava ████████████████████████████████████████████████████████

████████████████████████████████████

## II. THE SUPPLEMENTAL AUTHORITIES DEMONSTRATE THE EXISTENCE OF A BINDING SETTLEMENT AGREEMENT THAT ENDS THE LITIGATION

In their Motion to Consolidate (ECF 338), ████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ ECF 345 at 1. ██████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████ *Id*.

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████

The ADR Notice, however, refutes Defendants' inflammatory, yet meritless, claims. As reflected in the ADR Notice, the Mediator issued a binding determination finding that the Cassava Defendants and Plaintiffs had, in fact, "accepted a double-blind Mediator's Recommendation and executed a binding Term Sheet," and that "the Settlement is complete and enforceable as signed." ECF 359 at 1.

The Mediator's determination also disposed of Defendants' argument that, ██████████

████████████████████████████████████████████████████████████████████████

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇ *See, e.g.*, ECF 346 at 6. The Mediator instead found that Burns and Barbier "are indemnified by Cassava Sciences and under the term sheet are entitled to receive full and complete releases along with Cassava upon final Rule 23 approval of a settlement by the Court" and that "the Settlement is complete and enforceable as signed." ECF 359 at 1. The litigation was therefore effectively settled in its entirety as to all Defendants, pending Court approval.

And any doubt regarding the status of the settlement is dispelled by Cassava's own December 23 press release announcing that it "reached a definitive agreement to resolve" this action, under which "Cassava will pay $31.25 million to achieve a complete settlement and release of all claims." Ex. B. The *Ugarte* action's separate putative class period cannot be consolidated into the certified Class here because the parties have already indisputably agreed to settle the Class's claims in this case.

| | |
|---|---|
| DATED: December 30, 2025 | Respectfully submitted, |
| | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>DANIEL S. DROSMAN (admitted *pro hac vice*)<br>JESSICA T. SHINNEFIELD (admitted *pro hac vice*)<br>KEVIN A. LAVELLE (admitted *pro hac vice*)<br>HEATHER G. GEIGER (admitted *pro hac vice*)<br>JEREMY W. DANIELS (admitted *pro hac vice*) |
| |       */s/ Kevin A. Lavelle*<br>KEVIN A. LAVELLE |

4919-3224-4613.v3

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
jshinnefield@rgrdlaw.com
klavelle@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX 75219
Telephone: 214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao