# EXHIBIT 1

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § § | Master File No. 1:21-cv-00751-DAE |
| | | CLASS ACTION |
| This Document Relates To: | § § § | |
| ALL ACTIONS | § § § | |

**STIPULATION OF SETTLEMENT**

4921-4124-2214.v6

This Stipulation of Settlement, dated June 16, 2026 (the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiff Mohammad Bozorgi ("Lead Plaintiff"), and additional plaintiffs Kenneth W. Calderone and Manohar Rao (collectively, "Plaintiffs") on behalf of themselves and each Class Member,[1] by and through their counsel of record in *In re Cassava Sciences, Inc. Securities Litigation*, Case No. 1:21-cv-00751-DAE (W.D. Tex.) (the "Litigation"); and (ii) Cassava Sciences, Inc. ("Cassava" or the "Company"), and Eric Schoen (the "Settling Defendants"), by and through their counsel of record in the Litigation. The Plaintiffs and the Settling Defendants are referred to herein as the "Parties" or "Settling Parties."[2] The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Litigation and the Released Plaintiffs' Claims against the Settling Defendants, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

The Litigation is currently pending before Judge David A. Ezra in the United States District Court for the Western District of Texas (the "Court"). The initial complaint in the Litigation was filed on August 27, 2021. On June 30, 2022, the Court appointed Mohammad Bozorgi as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On August 18, 2022, Plaintiffs filed the Consolidated Class Action Complaint (the "Complaint") alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). On October 24, 2022, Settling Defendants and defendants Remi Barbier, Lindsay Burns, and Nadav Friedmann moved to dismiss the Complaint. Plaintiffs filed their opposition to

---

[1]    All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

[2]    Defendants Remi Barbier and Lindsay Burns are not parties to this Stipulation. Plaintiffs' claims and the claims of other Releasing Plaintiff Parties against both Barbier and Burns will be released, as Related Parties, upon the Court's final approval of the Settlement.

- 1 -

the motion on December 23, 2022, and Settling Defendants and Barbier, Burns, and Friedmann filed their reply on January 24, 2023.  The Court held a hearing on the motion to dismiss on April 26, 2023, and granted in part and denied in part the motion to dismiss.[3]  Settling Defendants, Barbier, and Burns answered the Complaint on July 3, 2023.

On November 7, 2023, Plaintiffs and Defendants attended a mediation with David M. Murphy (of Phillips ADR), an experienced mediator.  In advance of the mediation, both Plaintiffs and Defendants submitted and exchanged opening and reply mediation statements.  The negotiations took place in good faith, but the parties did not reach an agreement and litigation continued.

Thereafter, the parties continued to vigorously litigate this action.  The parties engaged in extensive discovery of class certification issues, including (a) document productions by Plaintiffs, (b) responses to written discovery by Plaintiffs and Defendants, (c) depositions of Plaintiffs, and (d) expert discovery, during which Plaintiffs and Defendants submitted a total of five expert reports from two experts, both of the parties' experts were deposed, with Plaintiffs' expert being deposed twice.

Defendants produced documents and responded to written discovery on merits issues.  In response to discovery requests, the Defendants produced over 335,000 documents (totaling nearly 1.8 million pages), and numerous third parties collectively produced over 57,000 documents (totaling more than 340,000 pages).  The parties also deposed four fact witnesses, including two overseas witnesses pursuant to the Hague Convention, with over a dozen more depositions planned.

During the course of discovery, numerous disputes arose, resulting in motion practice and the appointment of a special master.  On April 12, 2024, Plaintiffs filed a motion to compel Defendants to produce documents disclosed to the U.S. Securities and Exchange Commission ("SEC") and U.S.

---

[3]    On January 27, 2023, counsel for Defendants informed the Court that Friedmann had died. ECF 91.  The Court thereafter dismissed Friedmann as a defendant in the Litigation.

4921-4124-2214.v6

Department of Justice.  On February 12, 2025, the parties jointly moved to withdraw the motion to compel following Defendants' agreement to voluntarily produce the materials at issue.

On November 15, 2024, Plaintiffs filed a motion to compel Cassava's primary scientific collaborator, non-party Dr. Hoau-Yan Wang, to produce deposition testimony provided to the SEC. On February 21, 2025, Plaintiffs and Dr. Wang jointly moved to withdraw the motion following the production of the materials at issue.

Defendants filed a motion to stay merits discovery on May 10, 2024, which Plaintiffs opposed.  The Court temporarily stayed merits discovery on August 5, 2024, and appointed Magistrate Judge Henry J. Bemporad as Special Discovery Master to oversee pending and future discovery disputes.  The parties thereafter filed joint advisories setting out their disputes and attended numerous discovery conferences with Judge Bemporad.  Defendants later filed a renewed motion to stay merits discovery on November 12, 2024.  Plaintiffs opposed the motion, and the Court denied it on May 9, 2025.

On February 22, 2024, Plaintiffs filed a motion to supplement the Complaint with events that occurred subsequent to the Complaint's filing.  The Court granted Plaintiffs' motion, over Defendants' opposition, on June 12, 2024.  Plaintiffs thereafter moved on November 13, 2024 to supplement the Complaint a second time with additional events.  The Court granted Plaintiffs' motion, again over Defendants' opposition, on May 21, 2025.

On March 13, 2024, Plaintiffs filed their motion for class certification.  Defendants filed a 40-page opposition on June 28, 2024, supported by their expert's report.  Plaintiffs thereafter filed a 35-page reply brief on August 23, 2024, together with their expert's reply report.  With the Court's permission, Defendants then filed a sur-reply on October 4, 2024, to which Plaintiffs responded on October 15, 2024.  On October 16, 2024, Plaintiffs further moved to strike the expert report Defendants filed with their sur-reply as violating the Court's prior order disallowing further class

- 3 -

certification-related evidence, or in the alternative, for permission to file a responsive report by Plaintiffs' expert. The Court granted Plaintiffs' motion and struck Defendants' expert's sur-reply report on October 24, 2024.

On November 15, 2024, Magistrate Judge Susan Hightower issued a Report and Recommendation granting Plaintiffs' class certification motion. Defendants filed objections to the report on November 29, 2024, and Plaintiffs filed a response to the objections on December 13, 2024. On November 27, 2024, Defendants also filed a motion to exclude Plaintiffs' expert, which Plaintiffs opposed and separately moved on December 11, 2024 to strike as untimely. On February 25, 2025, the Court denied without prejudice Plaintiffs' class certification motion until the disposition of issues surrounding Plaintiffs' then pending motion to file a second supplemented Complaint were resolved. Following the Court's granting Plaintiffs leave to file their second supplemented Complaint on May 21, 2025, the Court further directed the parties to re-file their class certification briefing. In the same May 21, 2025 order, the Court also granted Plaintiffs' motion to strike Defendants' motion to exclude Plaintiffs' expert. On August 12, 2025, the Court granted Plaintiffs' class certification motion. On August 26, 2025, Defendants filed a petition with the Fifth Circuit Court of Appeals under Federal Rule of Civil Procedure 23(f) for permission to appeal the Court's class certification ruling, which Plaintiffs opposed. The Fifth Circuit granted permission to appeal the class certification ruling on October 21, 2025. Defendants filed their Opening Brief on January 15, 2026. Plaintiffs filed their Answering Brief on March 20, 2026. Defendants filed their Reply Brief on April 20, 2026. Oral argument is tentatively set for the first week of August, 2026.

On December 13, 2024, a second putative class action lawsuit, *Ugarte et al. v. Cassava Sciences et al*, 24-cv-01525-DAE ("*Ugarte*") was filed in this Court alleging violations of the federal securities law by the Company and certain named officers. On May 8, 2025, the Court appointed a lead plaintiff and lead counsel for *Ugarte*. The *Ugarte* lead plaintiff filed an amended complaint on

- 4 -

4921-4124-2214.v6

August 25, 2025, on behalf of a putative class of purchasers of the Company's securities between October 13, 2023 and March 25, 2025. The amended complaint added new officer defendants and additional allegations that various statements made by the defendants regarding simufilam were revealed to be materially false and misleading by disclosures in June 2024 through September 2024. On September 19, 2025, Defendants filed a motion to consolidate *Ugarte* into this Litigation, which Plaintiffs opposed. That motion to consolidate is set for hearing before Judge Susan Hightower on June 24, 2026. Plaintiffs and Defendants participated in a second confidential mediation session with Mr. Murphy on May 29, 2025. Prior to the mediation, the parties again submitted and exchanged mediation statements. The parties engaged in good-faith negotiations, but did not reach a settlement at the mediation session. Following additional settlement discussions with Mr. Murphy, Plaintiffs and Settling Defendants accepted a mediator's proposal on August 5, 2025 to settle the Litigation in return for a cash payment of $31.25 million to be paid by Settling Defendants and/or their insurers on behalf of the Settling Defendants for the benefit of the Class, subject to the negotiation and execution of the terms of a stipulation of settlement and approval by the Court. This Stipulation (together with the Exhibits hereto) has been duly executed by the undersigned signatories on behalf of their respective clients, and reflects the final and binding agreement among the Settling Parties.

## II.   SETTLING DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Throughout this Litigation, Settling Defendants have denied, and continue to deny, any and all of the claims alleged in the Litigation, including any allegations of fault, liability, wrongdoing, or damages whatsoever. Specifically, Settling Defendants expressly have denied, and continue to deny, that they have committed any act or made any materially misleading statement giving rise to any liability under the federal securities laws. Settling Defendants expressly have denied, and continue to deny, that they have committed any wrongdoing or violations of law as alleged in any complaint

- 5 -

4921-4124-2214.v6

in the Litigation or that could have been alleged in the Litigation, and Settling Defendants maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Settling Defendants also have denied, and continue to deny, that they made any material misstatement or omission or engaged in any fraudulent schemes; that the price of Cassava common stock was artificially inflated during the Class Period as a result; that any Class Members, including Plaintiffs, suffered any damages; or that any Class Members, including Plaintiffs, were harmed by any conduct alleged in the Litigation or that could have been alleged therein. Settling Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Settling Defendants have, or could have, asserted. Settling Defendants are entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further litigation. Settling Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs and Lead Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein. However, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals. Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risks of any litigation, especially in a complex action such as this Litigation, as well as the difficulties and delays inherent in this Litigation. Plaintiffs and Lead Counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiffs and Lead

- 6 -

4921-4124-2214.v6

Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class.  Based on their own investigation and evaluation, Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Plaintiffs and the Class.

## IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, without any concession by Plaintiffs that the Litigation lacks merit, and without any concession by Settling Defendants of any liability, wrongdoing, fault, damages, or lack of merit in the defenses asserted, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (on behalf of themselves and the Class Members) and Settling Defendants, by and through their respective counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement, the Litigation, and the Released Plaintiffs' Claims shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

### 1.    Definitions

As used in this Stipulation and in any Exhibits attached hereto and made a part hereof, the following terms, when capitalized, have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member who submits a valid Claim to the Claims Administrator that is accepted for payment pursuant to the Court-approved Plan of Allocation.

1.2    "Cassava Securities" means Cassava common stock, call options on Cassava common stock, and put options on Cassava common stock.

1.3    "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator.

4921-4124-2214.v6

1.4      "Claims Administrator" means the firm retained by Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

1.5      "Class" means all Persons who purchased or acquired Cassava common stock or call options on Cassava common stock or sold put options on Cassava common stock between September 14, 2020, and October 12, 2023, inclusive.  Excluded from the Class are: (i) Defendants and members of the Defendants' immediate families; (ii) the officers and directors of Cassava and members of their immediate families; (iii) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (iv) any entity in which any Defendant has or had a controlling interest. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion.

1.6      "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.5 above.

1.7      "Class Period" means the period between September 14, 2020, and October 12, 2023, inclusive.

1.8      "Defendants" means Cassava, Lindsay Burns, Remi Barbier, and Eric Schoen.

1.9      "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of this Stipulation have been met and have occurred or have been waived.

1.10     "Escrow Account" means an interest-bearing account established by the Escrow Agent.  The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Class in accordance with the terms of this Stipulation and any order of the Court.

- 8 -

1.11    "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s).

1.12    "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review. Without limitation, an order or Judgment becomes Final when either: (a) no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal from the Judgment or order has been filed and either: (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or Judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal. For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (a) attorneys' fees, costs, or expenses; (b) the Plan of Allocation (as submitted or subsequently modified); or (c) the procedures for determining Authorized Claimants' recognized Claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.13    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B, to be entered by the Court, as well as any form of final judgment that may be entered by the Court in a form other than

- 9 -

4921-4124-2214.v6

the form attached hereto as Exhibit B and where none of the Settling Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.14 "Lead Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.15 "Litigation" means the lawsuit pending in the United States District Court for the Western District of Texas captioned *In re Cassava Sciences, Inc. Securities Litigation*, No. 1:21-cv-00751-DAE.

1.16 "Net Settlement Fund" means the Settlement Fund less: (a) any Court-awarded attorneys' fees, expenses, and interest thereon; (b) Notice and Administration Expenses; (c) Taxes and Tax Expenses; and (d) other Court-approved deductions.

1.17 "Notice and Administration Expenses" means actual notice and administration expenses, including reasonable costs and expenses actually incurred with providing notice of the Settlement to the Class by mail, email, publication, and other means, locating potential Class Members, assisting with the submission of Claims, processing Proofs of Claim, administering the Settlement, and paying escrow taxes, fees and costs, if any.

1.18 "Person(s)" means an individual, corporation (including all divisions and subsidiaries), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, professional corporation, joint venture, fund, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and all of their respective spouses, heirs, beneficiaries, trustees, transferees, executors, administrators, predecessors, successors, representatives, or assignees.

1.19 "Plaintiffs' Counsel" means any attorney or firm who has appeared in the Litigation on behalf of any plaintiff or proposed class.

- 10 -

4921-4124-2214.v6

1.20    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and neither Settling Defendants nor the Released Settling Defendant Parties shall have any responsibility or liability with respect thereto.

1.21    "Postcard Notice" means the notice, as approved by the Court and as described in ¶3.1 and in the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A-4, which is to be emailed or mailed to potential Class Members informing them of the Settlement contemplated by this Stipulation.

1.22    "Preliminary Approval Order" means an order entered by the Court, substantially in the form of Exhibit A attached hereto, granting, *inter alia*: (i) preliminary approval of the Settlement set forth in this Stipulation; and (ii) approval for the mailing and emailing of the Postcard Notice, publication of the Summary Notice, and the posting of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release form on the case-designated website, substantially in the forms of Exhibits A-1 through A-4 attached hereto.

1.23    "Proof of Claim" means the Proof of Claim and Release form for submitting a Claim. Subject to approval of the Court, the Proof of Claim shall be substantially in the form attached hereto as Exhibit A-2, which a Class Member must complete and submit should that Class Member seek to share in a distribution of the Net Settlement Fund.

1.24    "Related Parties" means any Person's former, present, or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present or former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited

- 11 -

4921-4124-2214.v6

partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them. Related Parties include Remi Barbier and Lindsay Burns, who are intended as third-party beneficiaries of this Settlement with respect to the release the Released Plaintiffs' Claims.

1.25    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or unknown, including Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or inequity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Plaintiffs or any other Class Members have or could have asserted against the Released Settling Defendant Parties in any court or forum, based on, arising out of, or in connection with: (i) any purchase of Cassava Securities during the period between September 14, 2020, and October 12, 2023, inclusive; and (ii) the acts, facts, statements, or omissions that were or could have been alleged by Plaintiffs in the Litigation. Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of the Settlement; (ii) any derivative claims; (iii) any claims arising out of ERISA; or (iv) any claims of any Person who or which submits a request for exclusion from the Class that is accepted by the Court.

1.26    "Released Settling Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined in ¶1.37), whether arising under federal, state, common, or foreign law, against the Releasing Plaintiff Parties (as defined below) that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Settling Defendants in the Litigation.

4921-4124-2214.v6

Released Settling Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any Person who or which submits a request for exclusion from the Class that is accepted by the Court.

1.27    "Released Defendant Party" or "Released Defendant Parties" mean any or all of the Settling Defendants and their Related Parties.

1.28    "Releases" means the releases set forth in ¶¶4.1-4.6 of this Stipulation.

1.29    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean Plaintiffs, their respective attorneys, and all other Class Members, and each and all of their respective current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; each and all of their respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representative of each of them, in their capacities as such.

1.30    "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.31    "Settlement Amount" means Thirty One Million Two Hundred and Fifty Thousand U.S. Dollars (U.S. $31,250,000.00) to be paid by wire transfer(s) or check(s) to the Escrow Agent pursuant to ¶2.2 of this Stipulation.  The Settlement Amount includes all Notice and Administration Expenses, any attorneys' fees and expenses to Lead Counsel and awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) (as allowed by the Court), Class Member benefits, and any other costs, expenses, or fees of any kind whatsoever associated with the Settlement, other than the costs and expenses related to providing notice pursuant to the Class Action Fairness Act, which shall be provided by, and paid for, by Settling Defendants.

- 13 -

4921-4124-2214.v6

1.32    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.33    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.34    "Settling Defendants' Counsel" means Gibson, Dunn & Crutcher LLP.

1.35    "Settling Parties" means, collectively, Settling Defendants and Plaintiffs, on behalf of themselves and the Class.

1.36    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.37    "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Settling Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to: (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Released Settling Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

- 14 -

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Settling Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and

- 15 -

4921-4124-2214.v6

released, fully, finally, and forever, any and all Released Settling Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

### 2.    The Settlement

2.1    The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation, and any and all Released Plaintiffs' Claims and Released Settling Defendants' Claims upon and subject to the terms and conditions set forth herein.

#### a.    The Settlement Amount

2.2    In full and final settlement of the claims asserted in the Litigation and in consideration of the Releases specified in ¶¶4.1-4.6 herein, Settling Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account by wire transfer(s) or check(s) no later than twenty (20) business days following execution of this agreement and Lead Counsel providing Settling Defendants' Counsel with all information requested by Settling Defendants to effectuate the payment of the Settlement Amount (*e.g.*, wiring instructions, contact information for escrow agent to confirm wiring details)..  The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in the Escrow Account.

- 16 -

2.3     The Settlement Amount represents the entirety of Settling Defendants' financial obligations under this Stipulation and in connection with this Settlement.  Other than the Settling Defendants' obligation to pay or cause to be paid the Settlement Amount into the Escrow Account set forth in ¶2.2 herein, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (a) any act, omission, or determination by Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (b) the management, investment, or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (e) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (f) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.4     Other than the obligation to cause the payment of the Settlement Amount in accordance with the terms of ¶2.2 and the fees, costs, and expenses associated with providing notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq.* ("CAFA") (as discussed below in ¶5.1), the Released Defendant Parties shall have no further or other liability or obligation to the Releasing Plaintiff Parties with respect to the Released Claims, except as expressly stated herein.

**b.     The Escrow Agent**

2.5     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Expenses; (c) any litigation expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶5.4-5.10.

- 17 -

4921-4124-2214.v6

2.6     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.

2.7     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the full faith and credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof, or in money funds holding only instruments backed by the full faith and credit of the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall maintain the Settlement Fund and/or the financial instruments in which the Escrow Agent invests the Settlement Amount in a separate account.  All costs and risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for the actions of the Escrow Agent.

2.8     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Settling Defendants' Counsel.  Other than with respect to the payment of Taxes owed by the Settlement Fund, the Escrow Agent shall not disburse any amount from the Settlement Fund until after the Court has granted preliminary approval of the Settlement.

4921-4124-2214.v6

2.9     Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any transaction executed by the Escrow Agent.

2.10    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.11    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay, without further approval from Settling Defendants and/or order of the Court, up to $750,000 for the costs and expenses actually incurred in connection with providing notice of the Settlement by mail, publication, and other means, locating potential Class Members, assisting with the submission of Claims, processing Proofs of Claim, administering the Settlement, and paying escrow taxes, fees, and costs, if any ("Notice and Administration Expenses").  After the Effective Date, Notice and Administration Expenses may be paid, as incurred, without approval of Settling Defendants or further order of the Court.

2.12    It shall be Lead Counsel's responsibility to disseminate the Postcard Notice, Notice, Proof of Claim, and Summary Notice to potential Class Members in accordance with this Stipulation and as ordered by the Court.  The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the notice process or the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released

- 19 -

Settling Defendant Parties and their counsel harmless for any acts, omissions, or determinations made in the notice process and Notice and Administration Expenses.

### c.    Taxes

2.13    The Settling Parties agree as follows:

(a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1, and the regulations promulgated thereunder.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treasury Regulation §1.468B-1(c)(1).  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.13, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treasury Regulation §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the elections described in ¶2.13(a) hereof) shall be consistent with this ¶2.13 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.13(c) hereof.

- 20 -

(c)    All: (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.13 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.13) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events, the Released Defendant Parties and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.13.

- 21 -

2.14    This is not a claims-made settlement.  As of the Effective Date, the Released Settling Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims.  The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.

2.15    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Released Defendant Parties shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

### d.    Termination of Settlement

2.16    In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund less Notice and Administration Expenses, Taxes and Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.11 and 2.13 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Settling Defendants' Counsel in accordance with ¶7.3 herein.

### 3.      Preliminary Approval Order and Settlement Hearing

3.1      Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, preliminary approval of the Settlement set forth in this Stipulation pursuant to Federal Rule of Civil Procedure 23(e)(2), and approval for the distribution of the Postcard Notice and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-4 and A-3, respectively, attached hereto.  The Postcard Notice shall direct Class Members to the Settlement website to access the Notice, which shall contain the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing, as defined in ¶1.33 and below.

3.2      Settling Defendants shall provide or cause to be provided to the Claims Administrator within ten (10) calendar days after entry of the Preliminary Approval Order, at no cost to Plaintiffs or the Class, a list in electronic format, containing the names and addresses and email addresses, if available, of record holders of Cassava Securities during the Class Period, as set forth in the records of Cassava's transfer agent.  It shall be solely Lead Counsel's responsibility to disseminate the Postcard Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Settling Defendant Parties with respect to any claims they may have that arise from any failure or deficiency of the notice process.

3.3      Lead Counsel shall request that, after notice is given and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate Federal official and the appropriate State officials are provided with notice, at Settling Defendants' expense, pursuant to CAFA, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set

4921-4124-2214.v6

forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

### 4.    Releases

4.1    The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Litigation as against Settling Defendants; and (b) the Releases provided for herein.

4.2    Upon the Effective Date, as defined in ¶1.9 hereof, Plaintiffs and each other Member of the Class shall have, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of law and of the Judgment shall have, to the fullest extent permitted by law, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall be deemed to have covenanted not to sue any Released Defendant Parties on the basis of any Released Plaintiffs' Claims.  The foregoing release is given regardless of whether Plaintiffs or any Class Member has: (a) executed and delivered a Proof of Claim; (b) received the Postcard Notice; (c) participated in the Settlement Fund; (d) filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Plaintiffs' Counsel for attorneys' fees and expenses; or (e) had their claims approved or allowed.  Nothing contained herein shall bar any action or claim to enforce the terms of this Stipulation or the Judgment.  Claims to enforce the terms of this Stipulation or the Judgment are not released.

4.3    Upon the Effective Date, as defined in ¶1.9 hereof, the Released Defendant Parties shall be deemed to have, and by operation of law and of the Judgment shall have, to the fullest extent permitted by the law, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, and discharged each and every one of Released Settling Defendants' Claims against the Releasing Plaintiff Parties, and shall be deemed to have covenanted not to sue any Releasing

- 24 -

Plaintiff Parties on the basis of the Released Settling Defendants' Claims against any of the Releasing Plaintiff Parties.  This release shall not apply to any Person who or which submits a request for exclusion from the Class that is accepted by the Court.  Nothing contained herein shall bar any action or claim to enforce the terms of this Stipulation or the Judgment.  Claims to enforce the terms of this Stipulation or the Judgment are not released.

4.4     Any Proof of Claim that is executed by a Class Member shall acknowledge the release of all Released Plaintiffs' Claims against the Released Defendant Parties pursuant to this Stipulation and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.5     Upon the Effective Date, to the extent allowed by law, this Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by the Class or a Class Member against any of the Released Defendant Parties with respect to any Released Plaintiffs' Claims, or brought by a Released Defendant Party against any of the Releasing Plaintiff Parties with respect to any Released Defendants' Claim.

4.6     Notwithstanding ¶¶4.1-4.5 above, nothing in the Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

**5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator.  The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  With the exception that Settling Defendants shall be responsible for providing any required notice under CAFA, including the costs and expenses thereof, the Released Defendant Parties and Settling Defendants' Counsel shall have no responsibility for or interest whatsoever in the administration of the Settlement or the actions or decisions of the Claims

- 25 -

4921-4124-2214.v6

Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Plaintiffs, any other Class Members, or Plaintiffs' Counsel, in connection with such administration, including, but not limited to: (a) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (f) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses;

(c)     to pay attorneys' fees and expenses of Plaintiffs' Counsel and to pay any awards to Plaintiffs for their reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or orders of the Court.

5.3     After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

5.4     Within ninety (90) calendar days after the dissemination of the Postcard Notice or such other time as may be set by the Court, each Class Member shall be required to submit to the

- 26 -

4921-4124-2214.v6

Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim.

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the Releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiffs' Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any Class Member by reason of the exercise or non-exercise of such discretion.

5.6     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.7     Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and

shall indicate in such notice that the claimant whose Claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶5.8 below.

5.8     If any claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

5.9     Each claimant who does not request to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim, including, but not limited to, all Releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's Claim.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Litigation or the Settlement.  All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment.  All Class Members, other claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) with respect to such determinations.

5.10     Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice

- 28 -

4921-4124-2214.v6

and approved by the Court. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*. Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) serving the public interest selected by Lead Counsel.

5.11    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.13 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.12    No Person shall have any claim against the Released Defendant Parties, Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an

- 29 -

4921-4124-2214.v6

Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

**6.      Plaintiffs' Counsel's Attorneys' Fees and Expenses**

6.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") on behalf of Plaintiffs' Counsel for an award from the Settlement Fund for: (a) attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses/charges at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Any such fees and expenses awarded shall be paid from the Settlement Fund.  Any application for fees and expenses may include a request for reimbursement of Plaintiffs' reasonable costs and expenses in connection with their representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4).  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2     The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  Lead Counsel shall thereafter allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which it in good faith believes reflects the contribution of such counsel to the initiation, prosecution, and resolution of the Litigation.

- 30 -

6.3    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including its partners and/or shareholders, and such other Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Plaintiffs who have received any portion of the Fee and Expense Award shall, within ten (10) business days from receiving notice from Settling Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus the interest thereon in an amount consistent with such reversal, modification, cancellation, or termination.    Any refunds required pursuant to this ¶6.3 shall be the several obligation of Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Plaintiffs if they received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.    Each such Plaintiffs' Counsel or Plaintiff receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of themselves and each of their partners and/or shareholders, agrees that: (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph; and (b) are severally liable for the full amount of all fees, expenses, and costs paid from the Settlement Fund together with the interest thereon.    Without limitation, Plaintiffs' Counsel and their respective partners, shareholders, and/or members, and Plaintiffs agree that the Court may, upon application of Settling Defendants and notice to Plaintiffs' Counsel summarily issue orders, including, but not limited to judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firms or their partners, shareholders, and/or members, fail to timely repay fees and expenses pursuant to this paragraph.

- 31 -

6.4    The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiffs' Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Plaintiffs, Lead Counsel, or Plaintiffs' Counsel, nor any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to this Stipulation.

6.5    Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Settling Defendants' obligation to cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2 and Settling Defendants' own fees, costs, and expenses associated with providing notice under CAFA, as provided in ¶5.1, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, or any other counsel or Person who receives payment from the Settlement Fund.

6.6    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

- 32 -

4921-4124-2214.v6

6.7     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

## 7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

7.1     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     execution of this Stipulation;

(b)     the Settlement Amount has been deposited into the Escrow Account;

(c)     the Court has entered the Preliminary Approval Order directing notice to the Class, as required by ¶3.1 hereof;

(d)     Settling Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(e)     Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(f)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(g)     the Judgment has become Final, as defined in ¶1.12 hereof.

7.2     Upon the Effective Date, any and all remaining interest or right of Settling Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective.  The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, Notice and Administration Expenses, or any other expenses payable from the Settlement Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.3-7.5 hereof unless the Settling Parties mutually agree in writing to proceed with the Settlement.  For

- 33 -

4921-4124-2214.v6

avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or expenses to Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.3     Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event: (a) the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked; (b) either party exercises any other ground for termination set forth in ¶7.4 of this Stipulation; or (c) Settling Defendants exercise their right under the terms and within the time limit set forth in the Settling Parties' supplemental agreement (the "Supplemental Agreement") to terminate the Settlement in their sole discretion if the opt-out threshold defined in the Supplemental Agreement is exceeded and not cured in accordance with the terms of the Supplemental Agreement, within ten (10) business days after written notification of such event is sent by Settling Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses, and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.11 and/or 2.13 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.11 and/or 2.13 hereof, shall be fully refunded by the Escrow Agent to the entities that paid the Settlement Fund on behalf of Settling Defendants in proportion to their respective contribution.  Such refunds shall be pursuant to written instructions from Settling Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the entities that paid the Settlement Fund on behalf of Settling Defendants.  Such payments shall be pursuant to written instructions from Settling Defendants' Counsel.

- 34 -

7.4     Plaintiffs and Settling Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) calendar days of: (a) the Court's refusal to enter the Preliminary Approval Order; (b) the Court's refusal to approve this Stipulation; (c) the Court's refusal to approve the Settlement; (d) the Court's refusal to enter the Judgment; (e) the date upon which the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked; (f) the Court's refusal to dismiss the Litigation with prejudice; or (g) the failure of the Effective Date to occur for any reason.  For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or expenses to Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.5     In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall not forfeit or waive any factual or legal defense or contention in the Litigation and shall be restored to their respective positions in the Litigation as of August 18, 2025.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.37, 2.9-2.16, 6.3, 7.3-7.6, 8.1, and 9.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

7.6     Unless otherwise ordered by the Court, in the event this Stipulation, or the Settlement is terminated, or cancelled, or the Court has issued an order that prevents the Effective Date from occurring and such order has become final, within seven (7) business days after the occurrence of

- 35 -

such event, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses, and up to $750,000 for actual Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.11 and/or 2.13 hereof, or are chargeable to the Settlement Fund pursuant to ¶2.11 and/or ¶2.13 hereof, shall be refunded by the Escrow Agent to the Persons who written instructions from Settling Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons pursuant to written instructions from Settling Defendants' Counsel.

## 8.    No Admission of Wrongdoing

8.1    Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any acts, proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Defendant Party of the truth of any allegations by Plaintiffs or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the

- 36 -

4921-4124-2214.v6

Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered or received against or to the prejudice of Plaintiffs or any Class Member as evidence that Plaintiffs' claims in any way lack merit or the validity of any affirmative defense that has been or could have been asserted in the Litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims;

(c)    shall be offered or received against or to the prejudice of any Released Defendant Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, scheme, or omission with respect to any statement or written document approved or made by any Released Defendant Party, or against Plaintiffs or any Member of the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(d)    shall be offered or received against or to the prejudice of any Released Defendant Party as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, the Released Defendant Parties may refer to it to effectuate the release granted them hereunder; or

(e)    shall be construed against the Released Defendant Parties, Plaintiffs, or the Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

## 9.    Miscellaneous Provisions

9.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

4921-4124-2214.v6

implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises all claims that were or are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  Pursuant to 15 U.S.C. §78u-4(c)(1), the Settling Parties agree that the Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  None of the Settling Parties shall disparage the others in their statements concerning the Litigation or the Settlement.  Notwithstanding the foregoing, the Settling Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.3     Settling Defendants and/or the Released Defendant Parties may file this Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

4921-4124-2214.v6

9.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.5     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

9.6     This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7     This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  No representations, warranties, or inducements have been made to any party concerning this Stipulation, or its Exhibits, or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

9.8     Except as otherwise provided herein, each party shall bear his, her, or its own fees and costs.

9.9     Lead Counsel, on behalf of the Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

9.10    Each counsel or other Person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take

- 39 -

4921-4124-2214.v6

appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.11    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf via e-mail shall be deemed originals.

9.12    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given when delivered personally to the recipient, including via email with confirmation of receipt and addressed to the intended recipient as set forth below:

***If to Plaintiffs or to Lead Counsel:***

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101
elleng@rgrdlaw.com

***If to Settling Defendants or to Settling Defendants' Counsel:***

GIBSON DUNN & CRUTCHER, LLP
MONICA K. LOSEMAN
1900 Lawrence Street, Suite 3000
Denver, CO  80202
mloseman@gibsondunn.com

9.13    This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Settling Parties.

9.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

- 40 -

4921-4124-2214.v6

9.15    Any waiver of any of the terms of this Stipulation must be in writing, signed by the party against whom the waiver is sought to be enforced.  The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.16    Pending approval of the Court of this Stipulation and its Exhibits, all non-settlement related proceedings in this Litigation with respect to the Settling Parties shall be stayed (except for the Settling Parties' pending Rule 23(f) appeal before the Fifth Circuit Court of Appeals and the Settling Parties' ongoing litigation in the District Court concerning consolidation of the *Ugarte* action) and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

9.17    This Stipulation and its Exhibits and the Supplemental Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Texas and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.18    Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

9.19    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.20    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the

4921-4124-2214.v6

Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.21    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.22    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS HEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated June 16, 2026.

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (admitted *pro hac vice*)
ELLEN GUSIKOFF STEWART (admitted *pro hac vice*)
JESSICA T. SHINNEFIELD (admitted *pro hac vice*)
KEVIN A. LAVELLE (admitted *pro hac vice*)
HEATHER G. GEIGER (admitted *pro hac vice*)
JEREMY W. DANIELS (admitted *pro hac vice*)


DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
elleng@rgrdlaw.com
jshinnefield@rgrdlaw.com
klavelle@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

- 42 -

4921-4124-2214.v6

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff
Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao

GIBSON DUNN & CRUTCHER, LLP
MONICA K. LOSEMAN

_____
MONICA K. LOSEMAN

1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
Telephone:  303/298-5700
mloseman@gibsondunn.com

Attorneys for Settling Defendants

- 43 -

4921-4124-2214.v6

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § § | Master File No. 1:21-cv-00751-DAE |
| | § | CLASS ACTION |
| This Document Relates To: | § § | |
| ALL ACTIONS | § § § § § | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

**EXHIBIT A**

4927-9604-3399.v3

WHEREAS, an action is pending before this Court entitled *In re Cassava Sciences Litigation*, Master File No. 1:21-cv-00751-DAE (W.D. Tex.) (the "Litigation");

WHEREAS, on August 12, 2025, the Court certified the Litigation to proceed as a class action on behalf of a class of all persons or entities who purchased or otherwise acquired Cassava common stock or call options on Cassava common stock or sold put options on Cassava common stock between September 14, 2020 and October 12, 2023, inclusive (the "Class");[1]

WHEREAS, Defendants expressly have denied, and continue to deny, that they violated the federal securities laws or any law and maintain that their conduct was at all times proper and in compliance with all applicable laws and have agreed to the Stipulation of Settlement solely to eliminate the burden, expense, and uncertainty of further protracted litigation;

WHEREAS, Lead Plaintiffs having made an unopposed application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated June 16, 2026 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation;

---

[1] Excluded from the Class are: Defendants and their immediate families, the officers and directors of the Company and their immediate families, their legal representatives, heirs, successors or assigns, and any entity in which any of the Defendants have or had a controlling interest. Also excluded from the Class is any Person who properly excludes himself, herself, itself or themselves from the Class by submitting a valid and timely request for exclusion.

- 1 -

4927-9604-3399.v3

- 2 -

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court hereby preliminarily approves the Settlement set forth in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing described below.

2.    The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3.    A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2026, at ___ ___.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the Western District of Texas, 501 West Fifth Street, Austin, TX 78701, to: (a) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) determine whether a Judgment, as provided in ¶1.13 of the Stipulation, should be entered; (c) determine whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) determine the amount of fees and expenses that should be awarded to Class Counsel and Plaintiffs; and (e) hear any objections by Class Members to the Settlement or Plan of Allocation, or to the award of attorneys' fees and expenses; and (f) consider any such other matters as the Court may deem appropriate.  The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The

4927-9604-3399.v3

Court may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

4.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice"), and the Postcard Notice annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice, publishing of the Summary Notice, and posting of the Notice and Proof of Claim on the Settlement-dedicated website, substantially in the manner and form set forth in ¶6 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.     Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, which shall be paid by Settling Defendants, and the costs associated with providing the record holder information required pursuant to ¶6(a) of this Order, all fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Settling Defendant Parties or Releasing Plaintiff Parties bear any responsibility for such fees, costs, or expenses.

6.     The firm of Verita Global ("Verita" or "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a)     Not later than ten (10) calendar days after entry by this Court of this Order, Cassava shall provide or cause to be provided to the Claims Administrator, at no cost to Plaintiffs

- 3 -

4927-9604-3399.v3

or the Class, a list in electronic format, containing the names and addresses and email addresses, if available, of record holders of Cassava Securities during the Class Period, as set forth in the records of its transfer agent. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order;

(b)     Not later than twenty-one (21) calendar days after entry by this Court of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto, to be emailed or mailed by First-Class Mail (where an email address is unavailable) to all potential Class Members at the addresses set forth in the records provided by Cassava, or who otherwise can be identified with reasonable effort and shall cause a copy of the Notice and Proof of Claim, substantially in the forms annexed hereto as Exhibits 1 and 2 hereto, to be mailed to nominees and shall post the Stipulation, Notice, and Proof of Claim on the website established for this Litigation at www.CassavaSecuritiesSettlement.com. For all notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

(c)     Not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(d)     Not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Settling Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.     Nominees who purchased or otherwise acquired Cassava common stock or call options or sold Cassava put options during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such

beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by the nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

8. Any Postcard Notice provided by a third party must include a link to the website www.CassavaSecuritiesSettlement.com, as well as contact information for the Claims Administrator.

9. Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit

- 5 -

4927-9604-3399.v3

Proofs of Claim or otherwise seek or obtain by any means any distribution from the Settlement Fund.

10.    Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be mailed or submitted electronically no later than ninety (90) calendar days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

11.    Any Class Member may enter an appearance in the Litigation, at his, her, its or their own expense, individually or through counsel of their own choice.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

12.    Any Member of the Class who wishes to exclude himself, herself, itself, or themselves from the Class must request exclusion in writing within the time and in the manner set forth in the Notice.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked or received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  A Request for Exclusion must provide: (i) the name, address, email address, and telephone number of the Person requesting exclusion; (ii) a list identifying the dates, type and the number of Cassava Securities purchased or otherwise

- 6 -

acquired or sold during the Class Period and the price paid for each such purchase or acquisition and received for each such sale; and (iii) a statement that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment. Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired Cassava common stock or call options on Cassava common stock or sold put options on Cassava common stock during the Class Period who fails to timely request exclusion from the Class in compliance with each of the provisions in this paragraph shall be deemed to have waived his, her, its, or their right to be excluded from the Class, and shall be barred from requesting exclusion from the Class.

13.     Lead Counsel or the Claims Administrator shall cause to be provided to Settling Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, not more than five (5) business days after receipt thereof, and, not less than fourteen (14) calendar days prior to the Settlement Hearing.

14.     Any Class Member who or which does not request exclusion from the Class may file a written objection to the Settlement and show cause why the Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why the requested amount of attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel or to Plaintiffs, provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before twenty-one (21) calendar days prior to the

- 7 -

Settlement Hearing, by Robbins Geller Rudman & Dowd LLP, Attn: Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA  92101; Gibson Dunn  & Crutcher, LLP, Attn: Monica K. Loseman, 1900 Lawrence Street, Suite 300, Denver, CO  80202, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Western District of Texas, on or before twenty-one (21) calendar days prior to the Settlement Hearing.  Any Class Member who does not make his, her, its, or their objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the request for attorneys' fees and expenses to Plaintiffs' Counsel or expenses of Plaintiffs, unless otherwise ordered by the Court.  Attendance at the Settlement Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses to Plaintiffs' Counsel or Plaintiffs are required to indicate in their written objection their intention to appear at the Settlement Hearing.  Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

15.    Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address, email address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Class, or to the entire Class; (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, other acquisitions, and sales of Cassava Securities during the Class Period, including the dates and the number and type of securities purchased, acquired, or

- 8 -

sold, and the price paid or received for each such purchase, acquisition, or sale; and (iv) identify all class action settlements to which the objector or his, her, its, or their counsel have previously objected.

16.    Any Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Class Counsel for an award of attorneys' fees together with costs, charges, and expenses.

17.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.    All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served no later than thirty-five (35) calendar days prior to the Settlement Hearing.  Replies to any objections shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

19.    Neither the Released Settling Defendant Parties nor Settling Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Class Counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate

- 9 -

or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

20.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

21.    All reasonable expenses incurred in identifying and notifying potential Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.8 or 2.11 of the Stipulation.

22.    This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, or proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Settling Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or used by any Person in the Litigation or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, arbitration, or other tribunal), except in connection with any proceedings to enforce the terms of the Stipulation or this Order.  The Released Defendant Parties, Plaintiffs, Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

- 10 -

4927-9604-3399.v3

23.    If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation.  This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of August 5, 2025.

24.    Unless otherwise ordered by the Court, all non-settlement related proceedings in this Litigation with respect to the Settling Parties shall be stayed (except for the Settling Parties' pending Rule 23(f) appeal before the Fifth Circuit Court of Appeals and the Settling Parties' ongoing litigation in the District Court concerning consolidation of the *Ugarte* action).  Pending final determination of whether the proposed Settlement should be approved, neither Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Settling Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.

DATED: _____    _____
                                   THE HONORABLE DAVID ALAN EZRA
                                   SENIOR UNITED STATES DISTRICT JUDGE

- 11 -

4927-9604-3399.v3

# EXHIBIT A-1

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § | Master File No. 1:21-cv-00751-DAE |
| | § § | CLASS ACTION |
| This Document Relates To: | § § | |
| ALL ACTIONS | § § § § | |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**EXHIBIT A-1**

4928-4449-6266.v4

**TO:    ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED CASSAVA SCIENCES, INC. ("CASSAVA" OR THE "COMPANY") COMMON STOCK OR CALL OPTIONS ON CASSAVA COMMON STOCK OR SOLD PUT OPTIONS ON CASSAVA COMMON STOCK BETWEEN SEPTEMBER 14, 2020 AND OCTOBER 12, 2023, INCLUSIVE ("CLASS" OR "CLASS MEMBERS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE (AT WWW.CASSAVASECURITIESSETTLEMENT.COM) ON OR BEFORE             , 2026**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Western District of Texas (the "Court").  The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between Mohammad Bozorgi, Kenneth W. Calderone, and Manohar Rao ("Plaintiffs") and Cassava and Eric Schoen (the "Settling Defendants"); (ii) the proposed $31.25 million cash settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated June 16, 2026 (the "Stipulation"), by and between Plaintiffs and Settling Defendants (the "Settling Parties").  This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Settling Defendants or the merits of the claims or defenses asserted by or against the Settling Defendants. This Notice is solely to advise you of the pendency of the Litigation and the proposed Settlement of the Litigation and of your rights in connection therewith.

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.CassavaSecuritiesSettlement.com.

4928-4449-6266.v4

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement.  **Proofs of Claim must be postmarked or submitted online on or before _____, 2026.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment.  This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Settling Defendants or any other Released Settling Defendant Parties about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Class you should understand that Settling Defendants will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Requests for Exclusion must be postmarked on or before _____, 2026.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a Member of the Class.  **Objections must be *received* on or before _____, 2026.  If you submit a written objection, you may (but do not have to) attend the Settlement Hearing.** |
| **GO TO THE SETTLEMENT HEARING ON _____, 2026** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or request for attorneys' fees and expenses.  **Requests to speak at the Settlement Hearing must be *received* by the Court and counsel on or before _____, 2026.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against Settling Defendants or any other Released Settling Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $31.25 million cash settlement fund has been established.  Based on Plaintiffs' estimate of the number of allegedly damaged securities eligible to recover under the Settlement, the average distribution per share of Cassava common stock under the Plan of Allocation is approximately $0.30 and the average distribution per damaged options contract is approximately $4.90, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court.  **Class Members should note, however, that this is only an estimate**.

- 2 -

4928-4449-6266.v4

A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claim as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average distribution amount. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Settling Defendants deny that they violated any laws, deny that this action could proceed as a class action, deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Settling Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Settling Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Cassava Securities were allegedly distorted (if at all) during the relevant period; (4) the amount, if any, by which the prices of Cassava Securities were allegedly distorted (if at all) during the relevant period; (5) the effect of various market forces on the prices of Cassava Securities at various times during the relevant period; (6) the extent to which external factors influenced the price of Cassava Securities at various times during the relevant period; (7) the extent to which the matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the prices of Cassava Securities at various times during the relevant period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the prices of Cassava Securities at various times during the relevant period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court on behalf of all Plaintiffs' Counsel for an award of attorneys' fees not to exceed 30% of the Settlement Amount, plus expenses not to exceed $1,750,000.00, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per Cassava common share will be approximately $0.11, and the average cost per damaged Cassava option contract will be approximately $1.74. In addition, Plaintiffs may seek payment for their time and expenses incurred in representing the Class.

**Further Information**

For further information regarding the Litigation, this Notice, or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at _____, or visit the website www.CassavaSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com.

4928-4449-6266.v4

**Please Do Not Call the Court or Settling Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For Settling Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Settling Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. | What is the purpose of this Notice? |
|---|---|

The Court has directed the issuance of this Notice to inform potential Class Members about the Litigation and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Class Members have the rights to understand how this class action lawsuit may generally affect their legal rights.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Western District of Texas, and the case is known as *In re Cassava Sciences, Inc. Securities Litigation*, No. 1:21-cv-00751-DAE. The case has been assigned to the Honorable David A. Ezra. The individuals representing the Class are the "Plaintiffs," and the individual and entity they sued and who have now settled are called the "Settling Defendants."

| 2. | What is this lawsuit about? |
|---|---|

The initial complaint in the Litigation was filed on August 27, 2021. On June 30, 2022, the Court appointed Mohammad Bozorgi as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On August 18, 2022, Plaintiffs filed the Consolidated Class Action Complaint (the "Complaint") alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). On October 24, 2022, Settling Defendants and defendants Remi Barbier, Lindsay Burns, and Nadav Friedmann moved to dismiss the Complaint. Plaintiffs filed their opposition to the motion on December 23, 2022, and Settling Defendants and Barbier, Burns, and Friedmann filed their reply on January 24, 2023. The Court held a hearing on the motion to dismiss

- 4 -

on April 26, 2023, and granted in part and denied in part the motion to dismiss.[2]  Settling Defendants, Barbier, and Burns ("Defendants") answered the Complaint on July 3, 2023.

On November 7, 2023, Plaintiffs and Defendants attended a mediation with David M. Murphy (of Phillips ADR), an experienced mediator.  In advance of the mediation, both Plaintiffs and Defendants submitted and exchanged opening and reply mediation statements.   The negotiations took place in good faith, but the parties did not reach an agreement and litigation continued.

Thereafter, the parties continued to vigorously litigate this action.  The parties engaged in extensive discovery of class certification issues, including (a) document productions by Plaintiffs, (b) responses to written discovery by Plaintiffs and Defendants, (c) depositions of Plaintiffs, and (d) expert discovery, during which Plaintiffs and Defendants submitted a total of five expert reports from two experts, both of the parties' experts were deposed, with Plaintiffs' expert being deposed twice.

Defendants produced documents and responded to written discovery on merits issues.  In response to discovery requests, the Defendants produced over 335,000 documents (totaling nearly 1.8 million pages), and numerous third parties collectively produced over 57,000 documents (totaling more than 340,000 pages).  The parties also deposed four fact witnesses, including two overseas witnesses pursuant to the Hague Convention, with over a dozen more depositions planned.

During the course of discovery, numerous disputes arose, resulting in motion practice and the appointment of a special master.  On April 12, 2024, Plaintiffs filed a motion to compel Defendants to produce documents disclosed to the U.S. Securities and Exchange Commission ("SEC") and U.S. Department of Justice.  On February 12, 2025, the parties jointly moved to withdraw the motion to compel following Defendants' agreement to voluntarily produce the materials at issue.

On November 15, 2024, Plaintiffs filed a motion to compel Cassava's primary scientific collaborator, non-party Dr. Hoau-Yan Wang, to produce deposition testimony provided to the SEC.  On February 21, 2025, Plaintiffs and Dr. Wang jointly moved to withdraw the motion following the production of the materials at issue.

Defendants filed a motion to stay merits discovery on May 10, 2024, which Plaintiffs opposed.  The Court temporarily stayed merits discovery on August 5, 2024, and appointed Magistrate Judge Henry J. Bemporad as Special Discovery Master to oversee pending and future discovery disputes.  The parties thereafter filed joint advisories setting out their disputes and attended numerous discovery conferences with Judge Bemporad.  Defendants later filed a renewed motion to stay merits discovery on November 12, 2024.  Plaintiffs opposed the motion, and the Court denied it on May 9, 2025.

---

[2]   On January 27, 2023, counsel for Defendants informed the Court that Friedmann had died. The Court thereafter dismissed Friedmann as a defendant in the Litigation.

- 5 -

On February 22, 2024, Plaintiffs filed a motion to supplement the Complaint with events that occurred subsequent to the Complaint's filing. The Court granted Plaintiffs' motion, over Defendants' opposition, on June 12, 2024. Plaintiffs thereafter moved on November 13, 2024 to supplement the Complaint a second time with additional events. The Court granted Plaintiffs' motion, again over Defendants' opposition, on May 21, 2025.

On March 13, 2024, Plaintiffs filed their motion for class certification. Defendants filed a 40-page opposition on June 28, 2024, supported by their expert's report. Plaintiffs thereafter filed a 35-page reply brief on August 23, 2024, together with their expert's reply report. With the Court's permission, Defendants then filed a sur-reply on October 4, 2024, to which Plaintiffs responded on October 15, 2024. On October 16, 2024, Plaintiffs further moved to strike the expert report Defendants filed with their sur-reply as violating the Court's prior order disallowing further class certification-related evidence, or in the alternative, for permission to file a responsive report by Plaintiffs' expert. The Court granted Plaintiffs' motion and struck Defendants' expert's sur-reply report on October 24, 2024.

On November 15, 2024, Magistrate Judge Susan Hightower issued a Report and Recommendation granting Plaintiffs' class certification motion. Defendants filed objections to the report on November 29, 2024, and Plaintiffs filed a response to the objections on December 13, 2024. On November 27, 2024, Defendants also filed a motion to exclude Plaintiffs' expert, which Plaintiffs opposed and separately moved on December 11, 2024 to strike as untimely. On February 25, 2025, the Court denied without prejudice Plaintiffs' class certification motion until the disposition of issues surrounding Plaintiffs' then pending motion to file a second supplemented Complaint were resolved. Following the Court's granting Plaintiffs leave to file their second supplemented Complaint on May 21, 2025, the Court further directed the parties to re-file their class certification briefing. In the same May 21, 2025 order, the Court also granted Plaintiffs' motion to strike Defendants' motion to exclude Plaintiffs' expert. On August 12, 2025, the Court granted Plaintiffs' class certification motion. On August 26, 2025, Defendants filed a petition with the Fifth Circuit Court of Appeals under Federal Rule of Civil Procedure 23(f) for permission to appeal the Court's class certification ruling, which Plaintiffs opposed. The Fifth Circuit granted permission to appeal the class certification ruling on October 21, 2025. The appeal was fully briefed as of April 20, 2026. Oral argument has been tentatively scheduled for the first week of August, 2026.

On September 18, 2025, Defendants filed a Motion to Consolidate a subsequently filed class action, *Ugarte, et al. v. Cassava Sciences, Inc., et al.*, 24-cv-1525-DAE (the "*Ugarte* Action"), also pending before Judge David Ezra in the United States District Court for the Western District of Texas. The Motion is set for a hearing before Magistrate Judge Susan Hightower on June 24, 2026.

Plaintiffs and Defendants participated in a second confidential mediation session with Mr. Murphy on May 29, 2025. Prior to the mediation, the parties again submitted and exchanged mediation statements. The parties engaged in good-faith negotiations, but did not reach a settlement at the mediation session. Following additional settlement discussions with Mr. Murphy, Plaintiffs and Defendants accepted a mediator's proposal on August 5, 2025 to settle the Litigation in return for a cash payment of $31.25 million to be paid by Defendants and/or their insurers on behalf of Defendants for the benefit of the Class, subject to the negotiation of the terms of a

- 6 -

4928-4449-6266.v4

stipulation of settlement and approval by the Court.  The Stipulation (together with the Exhibit hereto) reflects the final and binding agreement among the Settling Parties.

The Stipulation is not an admission of any fault or wrongdoing by Settling Defendants. Settling Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiffs in the Litigation, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions that have been alleged, or that could have been alleged, in the Litigation.  Settling Defendants contend that they did not make any materially false or misleading statements, and that they made appropriate disclosures of all material information required to be disclosed by the federal securities laws. Settling Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any allegedly false or misleading statements by them and/or were caused by intervening events.  Settling Defendants continue to believe that the claims asserted against them in the Litigation are without merit.  Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Settling Defendants or Plaintiffs.  Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|---|---|

"Class" means all Persons who purchased or acquired Cassava common stock or call options on Cassava common stock or sold put options on Cassava common stock between September 14, 2020, and October 12, 2023, inclusive.  Excluded from the Class are: (i) Defendants and members of the Defendants' immediate families; (ii) the officers and directors of Cassava and members of their immediate families; (iii) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (iv) any entity in which any Defendant has or had a controlling interest. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion.

**Please Note**:  Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit a Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2026.

| 5. | What if I am still not sure if l am included in the Class? |
|---|---|

If you are still not sure whether you are included in the Class, you can ask for free help. You can contact the Claims Administrator toll-free at _____, or you can fill out and return the Proof of Claim to see if you qualify.

4928-4449-6266.v4

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| **6.** | **What does the Settlement provide?** |
|---|---|

The Settlement provides that, in exchange for the release of the Released Plaintiffs' Claims (defined below) and dismissal of the Litigation, Settling Defendants and/or their insurance carriers on behalf of Settling Defendants have agreed to pay or cause to be paid $31.25 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and Court approved attorneys' fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

| **7.** | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Class Members submit, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

**HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM**

| **8.** | **How can I get a payment?** |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim form may be downloaded at www.CassavaSecuritiesSettlement.com.  Read the instructions contained in the Proof of Claim carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail it to the Claims Administrator at the address provided in the Proof of Claim or submit it online so that it is postmarked or received no later than _____, 2026**.  You may also submit a Proof of Claim online at www.CassavaSecuritiesSettlement.com.

| **9.** | **When will I get my payment?** |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2026, at _____ _.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it will take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| **10.** | **What am I giving up to get a payment or to stay in the Class?** |
|---|---|

If you are a Class Member, unless you timely and validly exclude yourself from the Class, you will remain a Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Settling Defendants or the Released Settling Defendant Parties about the Released Plaintiffs' Claims (as defined below) in this Litigation.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Settling Defendants' Released Persons" (as defined below):

- 8 -

4928-4449-6266.v4

- "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or unknown, including Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or inequity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Plaintiffs or any other Class Members have or could have asserted against the Released Settling Defendant Parties in any court or forum, based on, arising out of, or in connection with: (i) any purchase of Cassava Securities during the period between September 14, 2020, and October 12, 2023, inclusive; and (ii) the allegations, transactions, facts, matters or occurrences, errors, representations, misrepresentations, actions, failures to act, omissions, or corrective disclosures that were or could have been alleged by Plaintiffs in the Litigation.  Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of the Settlement; (ii) any derivative claims; (iii) any claims arising out of ERISA; or (iv) any claims of any Person who or which submits a request for exclusion from the Class that is accepted by the Court.

- "Released Settling Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, against the Releasing Plaintiff Parties (as defined below) that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Settling Defendants in the Litigation.  Released Settling Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any Person who or which submits a request for exclusion from the Class that is accepted by the Court.

- "Released Settling Defendant Party" or "Released Settling Defendant Parties" or "Settling Defendants' Released Persons" mean any or all of the Settling Defendants and/or any or all of their current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; and each and all of their and Settling Defendants' respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives of each of them, in their capacities as such.

- "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Settling Defendants' Claims that any of the Released Settling Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to: (a) any and all Released Plaintiffs' Claims against the Released Settling Defendant Parties; and (b) any and all Released Settling Defendants' Claims against the Releasing Plaintiff Parties, the

- 9 -

Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Settling Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Settling Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Settling Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Settling Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Settling Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Settling Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Settling Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of

- 10 -

4928-4449-6266.v4

such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Settling Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Settling Defendants and the other Released Settling Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion from the Class because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. If requests for exclusion exceed a certain amount, as set forth in a separate confidential agreement between the Settling Parties, Settling Defendants shall have, in their discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

| 11. | How do I get out of the Class and the proposed Settlement? |
|-----|----------|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Cassava Securities Litigation*." Your letter must include your purchases, other acquisitions or sales of Cassava Securities during the Class Period, including the dates and number and type of purchased, acquired, or sold, and price paid for each such purchase or acquisition and received for each such sale. In addition, you must include your name, address, email address, telephone number, and your signature. You must mail your exclusion request so that it is **postmarked no later than _____, 2026** to:

*Cassava Securities Litigation*
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box _____
_____, ____ _____

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue Settling Defendants and the other Released Settling Defendant Parties about the Released Plaintiffs' Claims in the future, if such claims are not time-barred.

| 12. | If I do not exclude myself, can I sue Settling Defendants and the other Released Settling Defendant Parties for the same thing later? |
|-----|----------|

No. Unless you exclude yourself from the Class, you give up any rights you may potentially have to sue Settling Defendants and the other Released Settling Defendant Parties for any and all Released Claims. If you have a pending lawsuit against any of the Released Settling

Defendants' Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is _____, 2026.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|-----|-----|

No. If you exclude yourself from the Class, you should not send in a Proof of Claim to ask for any money from the Settlement. But you may have the right to potentially sue or be part of a different lawsuit against Settling Defendants and/or the Released Settling Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|-----|-----|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|-----|-----|

Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees not to exceed 30% of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $1,750,000.00 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may seek reimbursement for their time and expenses incurred in representing the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|-----|-----|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Cassava Securities Litigation*. Include your name, address, email address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), type and number of Cassava Securities purchased, acquired, or sold during the Class Period, and state with specificity your comments or the reasons why you object to the Settlement, Plan of Allocation and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected. You must also include copies of documents demonstrating your purchases, other acquisitions, and/or sales of Cassava Securities during the Class Period. Your comments or

- 12 -

objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than** _____, **2026:**

| COURT | LEAD COUNSEL | SETTLING DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS 501 West 5th Street, Austin, TX 78701 | ROBBINS GELLER RUDMAN & DOWD LLP Attn: Ellen Gusikoff Stewart 655 West Broadway, Suite 1900 San Diego, CA  92101 | GIBSON DUNN & CRUTCHER LLP Monica K. Loseman 1900 Lawrence Street Suite 3000 Denver, CO  80202-2211 |

| **17.** | **What is the difference between objecting and excluding?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Settling Defendants and the other Released Settling Defendant Parties.  If you exclude yourself from the Class, you cannot object to the Settlement because it does not affect you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend the hearing and speak, but you do not have to.

| **18.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing at ___ _.m., on _____, **2026**, in the Courtroom of the Honorable David A. Ezra, at the United States District Court for the Western District of Texas, 501 West 5th Street, Austin, TX 78701.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if the objectors do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing.  The Court may also decide the amount of attorneys' fees and expenses to award Lead Counsel and Plaintiffs.  At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video conference, without further written notice to the Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members (who wish to attend the hearing) must or may participate by phone or video, it is**

- 13 -

4928-4449-6266.v4

**important that you monitor the Court's docket or the Settlement website, www.CassavaSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website**. Accordingly, please continue to check the Settlement website from important updates.

| 19. | Do I have to come to the hearing? |
|-----|-----------------------------------|

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you are a Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Class Member and mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|-----|-----------------------------|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Cassava Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received* no later than _____, 2026**, and addressed to the Clerk of Court, Lead Counsel, and Settling Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

**IF YOU DO NOTHING**

| 21. | What happens if I do nothing? |
|-----|-------------------------------|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself from the Class, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Settling Defendants and the other Released Settling Defendant Parties about the Released Claims in this case.

**GETTING MORE INFORMATION**

| 22. | How do I get more information? |
|-----|--------------------------------|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the

- 14 -

4928-4449-6266.v4

Claims Administrator toll-free at _____ or by email at _____@_____.com. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.CassavaSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Western District of Texas, during regular business hours.  For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

| **23.** | **How will my claim be calculated?** |
|---|---|

As discussed above, the Settlement provides $31.25 million in cash for the benefit of the Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve.  Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www.CassavaSecuritiesSettlement.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who allegedly suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan is not a formal damage analysis, and the calculations made in accordance with the Plan are not necessarily intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation was developed in consultation with Plaintiffs' damages consultant. In developing the Plan, the consultant calculated the estimated amount of alleged artificial distortion in the prices of Cassava Securities that were allegedly proximately caused by Settling Defendants' alleged materially false and misleading statements and omissions during the Class Period.

In calculating the estimated artificial distortion allegedly caused by the misrepresentations and omissions, Plaintiffs' damages expert considered price changes in Cassava Securities in reaction to the public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price changes for factors that were attributable to market or industry forces, and for non-fraud related, Cassava-specific information.

- 15 -

In order to have a "Recognized Claim Amount" under the Plan of Allocation, shares of Cassava Securities must have been purchased or otherwise acquired during the Class Period and held through at least one corrective disclosure, and have a "Recognized Loss Amount" as described below.[3]    In this case, Plaintiffs allege that Settling Defendants made materially false and misleading statements and omissions during the Class Period, which had the effect of artificially inflating the trading prices of Cassava securities.  Plaintiffs allege that corrective information was released to the market, resulting in potentially recoverable damages (the "Corrective Disclosures") on August 25, 2021, November 17, 2021, April 19, 2022, July 27, 2022, and October 13, 2023.

Defendants have filed a Motion to Consolidate the *Ugarte* Action with this Litigation.  It is Defendants' position that, if the *Ugarte* Action is consolidated with the Litigation, it may affect the Class Period, the alleged Corrective Disclosures, or other aspects of the Plan of Allocation.  Plaintiffs opposed Defendants' Motion to Consolidate the *Ugarte* Action.  Further, as explained above, Defendants have appealed the Court's class certification ruling to the Fifth Circuit Court of Appeals.  It is Defendants' position that, if the Fifth Circuit reverses the class certification ruling, it may affect the Class Period, the alleged Corrective Disclosures, or other aspects of the Plan of Allocation.  Plaintiffs opposed Defendants' appeal of the Court's class certification ruling.  As described above, the Court may approve the proposed Plan of Allocation, or modify it, without additional notice to the Class.

As detailed below, the Net Settlement Fund will be allocated on a *pro rata* bases according to recognized claims for Class Member damages.  The Net Settlement Fund will be allocated to Authorized Claimants as follows: (a) at least 96% of the Net Settlement Fund will be allocated collectively to Cassava common stock; and (b) no more that 4% of the Net Settlement Fund will be allocated to options on Cassava common stock.

Based on the formulas stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of Cassava common stock or call options on Cassava common stock, and/or sale of put options on Cassava common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.  An Authorized Claimant's "Recognized Claim" under the Plan will be the sum of their Recognized Loss Amounts.[4]

---

[3]    For investors who sold put options, Plaintiffs allege that the false statements and omitted facts during the Class Period artificially deflated the prices of Cassava put options.  Put option artificial deflation is defined together with common stock and call option artificial inflation herein as "Cassava Securities artificial inflation."

[4]    "In any private action arising under this [Securities Exchange Act of 1934] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with §28(d)€(1) of the Securities Exchange Act of 1934, Recognized Loss Amounts for Cassava common stock are reduced to an appropriate extent by taking into account the closing price of

- 16 -

4928-4449-6266.v4

**CALCULATION OF RECOGNIZED CLAIM AMOUNT**

For each share of Cassava common stock purchased or otherwise acquired from September 14, 2020 through October 12, 2023, inclusive, and:

(a)    sold prior to August 25, 2021, the Recognized Loss Amount will be $0.00;

(b)    sold from August 25, 2021 through October 12, 2023, inclusive, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus the sale price;

(c)    sold from October 13, 2023 through and including those close of trading on January 10, 2024, the Recognized Loss Amount will be *the least of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, and (iii) the purchase price minus the average closing price between October 13, 2023 and the date of sale as stated in Table 2 below;

(d)    held as of the close of trading on January 10, 2024, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus $21.83, the average closing price for Cassava common stock between October 13, 2023 and January 10, 2024 (the last entry in Table 2 below).

**Transactions in Cassava Option Contracts[5]**

For call options on Cassava common stock purchased or otherwise acquired during the Class Period, and:

(a)    closed (through sale, exercise, or expiration) before August 25, 2021, the Recognized Loss Amount is $0.00;

(b)    closed (through sale, exercise, or expiration) without being held through at least one corrective disclosure, the Recognized Loss Amount is $0.00; or

(c)    held through at least one corrective disclosure, the Recognized Loss Amount is the difference between the price paid for the call option less the proceeds received upon closure (through sale, exercise, or expiration) of the call option contract.

---

Cassava common stock during the 90-day look-back period. The mean (average) closing price for Cassava common stock during this 90-day look-back period was $21.83 per share as shown in Table 2.

[5]    To participate in the Settlement Claimants must provide adequate documentation to establish that each call option purchased or put option sold remained open through at least one of the disclosures identified above. With respect to shares of Cassava common stock purchased or sold through the exercise of an option the purchase/sale date of the Cassava common stock is the exercise date of the option, and the purchase/sale price of the Cassava common stock in the exercise price of the option.

- 17 -

(d)    held as of the close of trading on January 10, 2024, the Recognized Loss Amount is the difference between (i) the price paid for the call option and (ii) the call option Intrinsic Value of the option on January 10, 2024.[6]

For call options on Cassava common stock written (sold) during the Class Period, the Recognized Loss Amount is zero.

For put options on Cassava common stock written or otherwise sold during the Class Period, and:

(a)    closed (via re-purchase, assignment, or expiration) before August 25, 2021, Recognized Loss Amount is $0.00;

(b)    closed (via re-purchase, assignment, or expiration) without being held through one corrective disclosure, the Recognized Loss Amount is zero; or

(c)    held through at least one corrective disclosure, the Recognized Loss Amount is the difference between the amount(s) paid upon re-purchase, assignment, or expiration of the put option tract less the initial proceeds received upon the sale of the put option contract.

(d)    held as of the close of trading on January 10, 2024, the Recognized Loss Amount is the difference between (a) the Put Option Intrinsic Value of the option on January 10, 2024[7] and (b) the initial proceeds received from the sale of the put option contract.

For put options on Cassava common stock purchased or otherwise acquired, the Recognized Loss Amount is zero.

---

[6]    The Call Option Intrinsic Value on January 10, 2024 is equal to 100 multiplied by the difference between $24.28 and the option exercise/strike price (where $24.28 is the closing price of Cassava common stock on January 10, 2024).  If the Call Option Intrinsic Value calculates to a negative number or zero based on this formula, the Call Option Intrinsic Value will be zero.

[7]    The Put Option Intrinsic Value on January 10, 2024 is equal to 100 multiplied by the difference between the option exercise/struck price and $24.28 is the closing price of Cassava common stock on January 10, 2024).  If the Put Option Intrinsic Value calculates to a negative number or zero based on the formula, that Put Option Intrinsic Value will be zero.

4928-4449-6266.v4

- 19 -

**TABLE 1**

**Decline in Inflation Per Share by Date of Purchase and Date of Sale**

| Purchase Date | Sale Date | | | | |
|---|---|---|---|---|---|
| | 9/14/2020 - 8/24/2021 | 8/25/2021 - 4/18/2022 | 4/19/2022 - 7/26/2022 | 7/27/2022 - 10/12/2023 | Sold on or Retained Beyond 10/13/2023 |
| 9/14/2020 - 8/24/2021 | $0.00 | $38.46 | $42.21 | $45.82 | $48.47 |
| 8/25/2021 - 4/18/2022 | | $0.00 | $3.75 | $7.35 | $10.00 |
| 4/19/2022 - 7/26/2022 | | | $0.00 | $3.61 | $6.26 |
| 7/27/2022 - 10/12/2023 | | | | $0.00 | $2.65 |
| Purchased on or Beyond 10/13/2023 | | | | | $0.00 |

4928-4449-6266.v4

**TABLE 2**

**Cassava Common Stock Closing Prices and Average Closing Prices**

| Date | Closing Price | Average Closing Price Between October 13, 2023 and Date Shown | Date | Closing Price | Average Closing Price Between October 13, 2023 and Date Shown |
|---|---|---|---|---|---|
| 10/13/2023 | $14.86 | $14.86 | 11/28/2023 | $20.75 | $19.45 |
| 10/16/2023 | $12.64 | $13.75 | 11/29/2023 | $20.54 | $19.49 |
| 10/17/2023 | $14.31 | $13.94 | 11/30/2023 | $20.83 | $19.53 |
| 10/18/2023 | $13.53 | $13.84 | 12/1/2023 | $20.80 | $19.56 |
| 10/19/2023 | $14.25 | $13.92 | 12/4/2023 | $22.14 | $19.64 |
| 10/20/2023 | $14.02 | $13.94 | 12/5/2023 | $21.30 | $19.68 |
| 10/23/2023 | $13.52 | $13.88 | 12/6/2023 | $21.71 | $19.73 |
| 10/24/2023 | $14.77 | $13.99 | 12/7/2023 | $20.78 | $19.76 |
| 10/25/2023 | $18.58 | $14.50 | 12/8/2023 | $24.39 | $19.88 |
| 10/26/2023 | $20.57 | $15.11 | 12/11/2023 | $27.70 | $20.07 |
| 10/27/2023 | $19.89 | $15.54 | 12/12/2023 | $29.35 | $20.29 |
| 10/30/2023 | $18.94 | $15.82 | 12/13/2023 | $29.04 | $20.49 |
| 10/31/2023 | $20.15 | $16.16 | 12/14/2023 | $30.11 | $20.71 |
| 11/1/2023 | $21.55 | $16.54 | 12/15/2023 | $29.51 | $20.91 |
| 11/2/2023 | $24.24 | $17.05 | 12/18/2023 | $29.26 | $21.09 |
| 11/3/2023 | $22.70 | $17.41 | 12/19/2023 | $28.11 | $21.24 |
| 11/6/2023 | $21.38 | $17.64 | 12/20/2023 | $27.76 | $21.37 |
| 11/7/2023 | $22.30 | $17.90 | 12/21/2023 | $24.89 | $21.44 |
| 11/8/2023 | $22.07 | $18.12 | 12/22/2023 | $23.94 | $21.49 |
| 11/9/2023 | $20.99 | $18.26 | 12/26/2023 | $23.36 | $21.53 |
| 11/10/2023 | $19.62 | $18.33 | 12/27/2023 | $22.51 | $21.55 |
| 11/13/2023 | $19.50 | $18.38 | 12/28/2023 | $22.78 | $21.57 |
| 11/14/2023 | $22.21 | $18.55 | 12/29/2023 | $22.51 | $21.59 |
| 11/15/2023 | $21.82 | $18.68 | 1/2/2024 | $22.42 | $21.61 |
| 11/16/2023 | $21.90 | $18.81 | 1/3/2024 | $23.72 | $21.64 |
| 11/17/2023 | $22.50 | $18.95 | 1/4/2024 | $23.43 | $21.67 |
| 11/20/2023 | $22.85 | $19.10 | 1/5/2024 | $23.77 | $21.71 |
| 11/21/2023 | $22.31 | $19.21 | 1/8/2024 | $24.28 | $21.75 |
| 11/22/2023 | $21.28 | $19.28 | 1/9/2024 | $23.99 | $21.79 |
| 11/24/2023 | $21.35 | $19.35 | 1/10/2024 | $24.28 | $21.83 |
| 11/27/2023 | $21.20 | $19.41 | | | |

If a Class Member held Cassava Securities at the beginning of the Class Period or made multiple purchases, acquisitions or sales of Cassava Securities during or after the Class Period, the starting point for calculating a claimant's Recognized Claim is to match the claimant's holdings,

- 20 -

4928-4449-6266.v4

purchases and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method. Under the FIFO method, Cassava Securities sold during the Class Period will be matched, in chronological order first against Cassava Securities held at the beginning of the Class Period. The remaining sales of Cassava Securities during the Class Period will then be matched, in chronological order against Cassava Securities purchased or acquired during the Class Period.

Purchases or acquisitions and sales of Cassava Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Cassava Securities during the Class Period shall not be deemed a purchase, acquisition or sale of Cassava Securities for the calculation of Recognized Claim, unless (i) the donor or decedent purchased or otherwise acquired such shares of Cassava Securities during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Cassava Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claim of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claim of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined below) is $10.00 or greater.

A Class Member will be eligible to receive a distribution from the Net Settlement fund only if a Class Member had a net overall loss, after all profits from transactions in Cassava Securities described above during the Class Period are subtracted from all losses. However, the proceeds from sales of Cassava Securities that have been matched against Cassava Securities held at the beginning of the Class Period will not be used in the calculation of such net loss. If a claimant had a market gain with respect to his, her, its, or their overall transactions in Cassava Securities during the Class Period, the value of the claimant's Recognized Claim will be zero, and the claimant will in any event be bound by the Settlement. If a claimant had a market gain with respect to their overall transactions in Cassava Securities during the Class Period, the value of the claimant's Recognized Claim will be zero. If a claimant suffered an overall market loss with respect to their overall transactions in Cassava Securities during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to his, her, or its overall transactions in Cassava Securities during the Class Period, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[8] and (ii) the

---

[8]    The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Cassava common stock and/or Cassava call options purchased or acquired during the Class Period.

- 21 -

4928-4449-6266.v4

sum of the Total Sales Proceeds[9] and Holding Value.[10]  For purposes of determining whether a Claimant had a market gain, or suffered a market loss, with respect to that Claimant's overall transactions in Cassava put options during the Class Period, the Claims Administrator will determine the difference between the Claimant's (iii) Total Put Proceeds[11] and Holding Value.[12] This difference will be deemed a Claimant's market gain or loss with respect to the Claimant's overall transactions in Cassava put options during the Class Period.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved.  If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members.  Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are dissatisfied with the

---

[9]   The Claims Administrator will match any sales of Cassava common stock or call options from the start of the Class Period through and including the close of trading on October 12, 2023, first against the claimant's opening position in each respective security (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Cassava common stock or call options sold from the start of the Class Period through and including the close of trading on October 12, 2023, will be the "Total Sales Proceeds."

[10]   The Claims Administrator will ascribe a "Holding Value" equal to (i) $14.86 for each share of Cassava common stock purchased or acquired during the Class Period and still held as of the close of trading on October 12, 2023; (ii) for each call option purchased or acquired during the Class Period and still held as of the close of trading on October 12, 2023, "Holding Value" is equal to 100 multiplied by the difference between $14.86 and the call option exercise/strike price (where $14.86 is the closing price of Cassava common stock on October 12, 2023).  If the Holding Value for a call option calculates to a negative number or zero based on this formula, the Holding Value for that call options will be zero.  A claimant's total holding values for Cassava common stock plus the holding value of call options acquired during the Class Period that were still held at the close of trading on October 12, 2023 shall be the claimant's "Total Holding Value."

[11]   The "Total Put Proceeds" is the amount the Claimant received (excluding commissions and other charges) for writing put options on Cassava common stock during the Class Period.

[12]   The "Total Cover Cost" is the total amount the Claimant paid (excluding commissions and other charges) to close the written put option position.

- 22 -

4928-4449-6266.v4

determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Settling Defendants, their counsel, and all other Released Settling Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Plaintiffs' Counsel, Settling Defendants, or Settling Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

Nominees who purchased or otherwise acquired Cassava common stock or call options on Cassava common stock or sold put options on Cassava common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free _____, and may be downloaded from the Settlement website, www.CassavaSecuritiesSettlement.com.

- 24 -

Cassava Securities Litigation
Claims Administrator
c/o Verita Global
P.O. Box _____
_____, ____ _____
www.CassavaSecuritiesSettlement.com

DATED: _____      _____
                                 BY ORDER OF THE COURT
                                 UNITED STATES DISTRICT COURT
                                 WESTERN DISTRICT OF TEXAS

4928-4449-6266.v4

# EXHIBIT A-2

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES, INC.<br>SECURITIES LITIGATION | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Master File No. 1:21-cv-00751-DAE <br><br> CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS | | |

**PROOF OF CLAIM AND RELEASE**

**EXHIBIT A-2**

4915-6312-8200.v2

## I.    GENERAL INSTRUCTIONS

1.    To recover as a Member of the Class based on your claims in the action *In re Cassava Sciences, Inc. Securities Litigation*, Master File No. 1:21-cv-00757-DAE (the "Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim and Release ("Claim Form").  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation (the "Settlement").[1]

2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2026, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*Cassava Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box _____
Los Angeles, CA _____
Online Submissions: www.CassavaSecuritiesSettlement.com

Do not mail or deliver your Claim Form to the Court, the Parties to the Litigation, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.  If you are NOT a Member of the Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Litigation (the "Notice")), DO NOT submit a Claim Form.

---

[1]    This Proof of Claim and Release incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.CassavaSecuritiesSettlement.com.

4915-6312-8200.v2

4.      If you are a Member of the Class and you do not request exclusion, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.      It is important that you completely read and understand the Notice, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice, which is available at www.CassavaSecuritiesSettlement.com.  The Notice describes the proposed Settlement, how the Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  By signing and submitting this Claim Form, you will be certifying that you have read the Notice and that you understand the terms of the releases described herein.

## II.      CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased or otherwise acquired Cassava Sciences, Inc. ("Cassava") common stock or call options on Cassava common stock or sold put options on Cassava common stock during the period between September 14, 2020 and October 12, 2023, inclusive (the "Class Period").  Excluded from the Class are (i) Defendants and members of the Defendants' immediate families; (ii) the officers and directors of Cassava and members of their immediate families; (iii) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (iv) any entity in which any Defendant has or had a controlling interest.  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

Use Part I of this Claim Form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer or seller of the Cassava Securities which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), ACQUIRER(S) OR SELLER(S) OF THE CASSAVA SECURITIES UPON WHICH THIS CLAIM IS BASED.

- 2 -

4915-6312-8200.v2

All joint purchasers, acquirers or sellers must sign this Claim Form. Executors, administrators, guardians, conservators and trustees must complete and sign this Claim Form on behalf of persons represented by them and their authority must accompany this Claim Form and their titles or capacities must be stated. The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Member of the Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Class. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One Claim Form should be submitted for each separate legal entity. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity, including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Claim Form listing all their transactions whether or not they also submit electronic copies. If you wish to file your Claim Form electronically, you must contact the Claims Administrator at _____.com to obtain the mandatory file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one Claim Form should be submitted for each legal entity (*see* above) and the ***complete*** name of the beneficial owner(s) of the securities must be entered where called for. No

- 3 -

electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.  Do not assume that your file has been received until you receive this notification.  If you do not receive such an email within 10 days of your submission you should contact the electronic filing department at _____.com to inquire about your file and confirm it was received.

### III.    CLAIM FORM

Use Part II "Schedule of Transactions in Cassava Common Stock" and Part III "Schedule of Transactions in Cassava Options" of this Claim Form to supply all required details of your transaction(s) in Cassava Securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to **all** of your holdings, purchases or acquisitions and **all** of your sales of Cassava Securities, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Cassava common stock, and the date of a "short sale" is deemed to be the date of sale of Cassava common stock.

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in Cassava Securities.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN CASSAVA SECURITIES**.

- 4 -

4915-6312-8200.v2

PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

*In re Cassava Sciences, Inc. Securities Litigation*

Master File No. 1:21-cv-00751-DAE

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

_____, 2026

<u>Please Type or Print</u>

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN CASSAVA SECURITIES.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

4915-6312-8200.v2

**PART I: CLAIMANT IDENTIFICATION**

Last Name | M.I. | First Name

Last Name (Co-Beneficial Owner) | M.I. | First Name (Co-Beneficial Owner)

◯ IRA    ◯ Joint Tenancy    ◯ Employee    ◯ Individual    ◯ Other_____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

LAST 4 DIGITS OF SOCIAL SECURITY NUMBER _____ or Taxpayer Identification Number ___ — _____

Telephone Number (Primary Daytime) | Telephone Number (Alternate)

Email Address

**MAILING INFORMATION**

Address

Address

City | State | Zip Code

Foreign Province | Foreign Postal Code | Foreign Country Name/Abbreviation

PART II:   SCHEDULE OF TRANSACTIONS IN CASSAVA COMMON STOCK

A.   Number of shares of Cassava common stock held at the close of trading on September 13, 2020: _____

B.   Purchases or acquisitions of Cassava common stock between September 13, 2020 and January 10, 2024, inclusive:[2]

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

---

[2]   Information requested about your purchases or acquisitions on October 13, 2023 through and including the close of trading on January 10, 2024 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases or acquisitions during this period are not eligible for a recovery because they were made outside the Class Period.

- 6 -

4915-6312-8200.v2

C.     Sales of Cassava common stock between September 14, 2020 and January 10, 2024, inclusive:

**SALES**

| Trade Date(s) of Shares (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
|---|---|---|---|
| 1.   /  / | | $  . 0 0 | Y / N |
| 2.   /  / | | $  . 0 0 | Y / N |
| 3.   /  / | | $  . 0 0 | Y / N |
| 4.   /  / | | $  . 0 0 | Y / N |

D.     Number of shares of Cassava common stock held at the close of trading on October 12, 2023:

Proof Enclosed? ○ Y ○ N

E.     Number of shares of Cassava common stock held at the close of trading on January 10, 2024:

Proof Enclosed? ○ Y ○ N

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

PART III:     SCHEDULE OF TRANSACTIONS IN CASSAVA OPTIONS

**PURCHASES/REPURCHASES**

A.     I made the following purchases/repurchases of options on Cassava common stock between September 14, 2020 and October 12, 2023, inclusive:

| Date(s) of transaction (List Chronologically) (MM/DD/YY) | Number of option contracts acquired | Expiry Date (MM/YY) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Assigned/Exercised Date |
|---|---|---|---|---|---|---|
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |

- / -

4915-6312-8200.v2

**SALES/WRITTEN**

B.    I sold/wrote the following options on Cassava common stock during the period between September 14, 2020 and October 12, 2023, inclusive.

| Date(s) of transaction (List Chronologically) (MM/DD/YY) | Number of option contracts acquired | Expiry Date (MM/YY) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Assigned/Exercised Date |
|---|---|---|---|---|---|---|
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |
| Option Type:  Put  Call | | | | | Proof of transaction enclosed?  Y  N | |

**YOU MUST READ AND SIGN THE RELEASE ON PAGE \_\_\_\_. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Western District of Texas with respect to my (our) claim as a Member of the Class and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and the covenants set forth herein. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sale of Cassava Securities during the Class Period and know of no other Person having done so on my (our) behalf.

- 8 -

4915-6312-8200.v2

## V.      RELEASES

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish and release from the "Released Plaintiffs' Claims" (as defined below") each and all of the "Released Settling Defendant Parties" (as defined below).

2.      "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or unknown, including Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or inequity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Plaintiffs or any other Class Members have or could have asserted against the Released Settling Defendant Parties in any court or forum, based on, arising out of, or in connection with: (i) any purchase of Cassava Securities during the period between September 14, 2020, and October 12, 2023, inclusive; and (ii) the acts, facts, statements, or omissions that were or could have been alleged by Plaintiffs in the Litigation.  Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of the Settlement; (ii) any derivative claims; (iii) any claims arising out of ERISA; or (iv) any claims of any Person who or which submits a request for exclusion from the Class that is accepted by the Court.

3.      "Released Settling Defendant Parties" or "Settling Defendants' Released Persons" mean any or all of the Settling Defendants and/or any or all of their current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; and each and all of their and Settling Defendants' respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates,

- 9 -

4915-6312-8200.v2

assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives of each of them, in their capacities as such.

4. "Released Settling Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined in below), whether arising under federal, state, common, or foreign law, against the Releasing Plaintiff Parties (as defined below) that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Settling Defendants in the Litigation. Released Settling Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any Person who or which submits a request for exclusion from the Class that is accepted by the Court.

5. "Releasing Plaintiff Parties" mean Plaintiffs, their respective attorneys, and all other Class Members, and each and all of their respective current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; each and all of their respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representative of each of them, in their capacities as such.

6. "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Settling Defendants' Claims that any of the Released Settling Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to: (a) any and all Released Plaintiffs'

- 10 -

Claims against the Released Settling Defendant Parties; and (b) any and all Released Settling Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Settling Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Settling Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Settling Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Settling Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or

- 11 -

4915-6312-8200.v2

coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Settling Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Settling Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Settling Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Settling Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

7.      These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

8.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

9.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Cassava Securities during the Class Period and the

4915-6312-8200.v2

- 13 -

number of Cassava common shares held by me (us) at the close of trading on September 13, 2020, October 12, 2023, and January 10, 2024.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____
                                                    (Month/Year)                                    (City/State/Country)

_____          _____
(Sign your name here)                                             (Sign your name here)

_____          _____
(Type or print your name here)                                 (Type or print your name here)

_____          _____
(Capacity of person(s) signing, e.g.,                          (Capacity of person(s) signing, e.g.,
Beneficial Purchaser, Executor or Administrator)          Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send originals of certificates.**
5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____ __, 2026, ADDRESSED AS FOLLOWS:**

*Cassava Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box _____
Los Angeles, CA _____
www.CassavaSecuritiesSettlement.com

4915-6312-8200.v2

# EXHIBIT A-3

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § § | Master File No. 1:21-cv-00751-DAE |
| | | CLASS ACTION |
| This Document Relates To: | § § § § § § | |
| ALL ACTIONS | | |

**SUMMARY NOTICE**

**EXHIBIT A-3**

4899-1411-9816.v3

**TO:     ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED CASSAVA SCIENCES, INC. ("CASSAVA") COMMON STOCK OR CALL OPTIONS ON CASSAVA COMMON STOCK OR SOLD PUT OPTIONS ON CASSAVA COMMON STOCK BETWEEN SEPTEMBER 14, 2020 AND OCTOBER 12, 2023, INCLUSIVE ("CLASS" OR "CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Western District of Texas ("Court"), that the above-captioned action ("Litigation") has been certified as a class action, except for certain persons and entities who are excluded from the Class by definition as set forth in the Stipulation of Settlement dated June 16, 2026 ("Stipulation") and the detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice"). The Stipulation and Notice can be viewed at www.CassavaSecuritiesSettlement.com.

**YOU ARE ALSO HEREBY NOTIFIED** that Mohammad Bozorgi ("Lead Plaintiff") and Kenneth W. Calderone and Manohar Rao (collectively "Plaintiffs"), and defendants Cassava and Eric Schoen (collectively, "Settling Defendants") have reached a proposed settlement of the Litigation on behalf of the Class for $31,250,000 in cash ("Settlement").  If approved by the Court, the Settlement will resolve all claims in the Litigation.

**YOU ARE ALSO HEREBY NOTIFIED** that a hearing will be held on _____, 2026, at __:__ _.m., before the Honorable David Alan Ezra at the United States District Court, Western District of Texas, Austin Division, 501 West Fifth Street, Austin, TX 78701, to determine whether: (1) the Settlement of the above-captioned Litigation as set forth in the Stipulation for $31.25 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund

- 1 -

(as defined in the Notice) and, if so, in what amounts; (4) to award Plaintiffs their costs and expenses in representing the Class out of the Settlement Fund and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

There exists the possibility that the Court may decide to change the date and/or time of the Settlement Hearing, conduct the hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or videoconference, without further written notice to the Class. It is important that you check the Settlement website, www.CassavaSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the hearing by telephone or videoconference, the access information will be posted to the website.

IF YOU PURCHASED OR OTHERWISE ACQUIRED CASSAVA COMMON STOCK OR CALL OPTIONS ON CASSAVA COMMON STOCK, OR SOLD PUT OPTIONS ON CASSAVA COMMON STOCK BETWEEN SEPTEMBER 14, 2020, AND OCTOBER 12, 2023, INCLUSIVE, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than _____, 2026)** or electronically **(no later than _____, 2026)**. Failure to submit your Proof of Claim by _____, 2026, will subject your claim to rejection and preclude you from receiving any of the recovery in connection with the Settlement of this Litigation. If you are a Class Member and do not request exclusion from the Class (as described below), you will be bound

- 2 -

4899-1411-9816.v3

by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the capitalized terms used in this Summary Notice), and other important documents, may be accessed online at www.CassavaSecuritiesSettlement.com, or by writing to:

*Cassava Securities Litigation*
Claims Administrator
c/o Verita Global
P.O. Box _____
_____, ___ _____
**[ADD EMAIL ADDRESS]**

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Class Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800/449-4900
settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY _____, 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  IF YOU PROPERLY EXCLUDE YOURSELF FROM THE CLASS, YOU WILL NOT BE BOUND BY ANY RELEASES, JUDGMENTS, OR ORDERS ENTERED BY THE COURT IN THE LITIGATION AND YOU WILL NO RECEIVE ANY BENEFITS FROM THE SETTLEMENT.  EXCLUDING YOURSELF FROM THE CLASS IS THE ONLY OPTION THAT MAY ALLOW YOU TO BE

- 3 -

- 4 -

PART OF ANY OTHER CURRENT OR FUTURE LAWSUIT AGAINST SETTLING DEFENDANTS OR ANY OF THE OTHER RELEASED DEFENDANT PARTIES CONCERNING THE CLAIMS BEING RESOLVED BY THE SETTLEMENT.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY CLASS COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 30% OF THE $31.25 MILLION SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $1,750,000.00, PLUS INTEREST ON BOTH AMOUNTS, AND/OR THE REQUEST FOR AN AWARD TO PLAINTIFFS FOR THEIR COSTS AND EXPENSES.  ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO CLASS COUNSEL AND DEFENDANTS' COUNSEL **BY _____, 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

- 4 -

4899-1411-9816.v3

# EXHIBIT A-4

**<u>LEGAL NOTICE</u>**
*In re Cassava Services, Inc. Securities Litigation*
No. 1:21-cv-00751-DAE (W.D. Tex.)
c/o Verita Global
P.O. Box _____

_____, ____ _____

www.CassavaSecuritiesSettlement.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

Important Information about a securities class action settlement

You may be entitled to a payment.  This Notice may affect your legal rights.

Please read this Notice carefully.


**[INCLUDE BARCODE FOR WEBSITE]**

4932-0134-1576.v1

THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.CASSAVASECURITIESSETTLEMENT.COM OR CALL _____ FOR MORE INFORMATION

If you purchased or otherwise acquired Cassava Sciences, Inc. ("Cassava") common stock or call options on Cassava common stock or sold put options on Cassava common stock between September 14, 2020 and October 12, 2023, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in the above-captioned action ("Litigation"). Your rights may be affected by this Litigation and the Settlement. A hearing will be held on _____, 2026, at _____ ("Settlement Hearing"), before the Honorable David Alan Ezra, to determine whether the proposed Settlement of the Litigation against Settling Defendants Cassava and Eric Schoen for $31.25 million in cash and the Plan of Allocation should be approved as fair, reasonable, and adequate and whether the Litigation should be dismissed with prejudice against Settling Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Class Counsel's application for an award of attorneys' fees of up to 30% of the Settlement Amount, and expenses not to exceed $1,750,000.00, plus interest on both amounts, and awards of costs to Plaintiffs, should be granted.

If approved, the Settlement will resolve a putative class action lawsuit alleging that, in violation of the U.S. federal securities laws, Settling Defendants materially misled investors by making materially false and misleading statements and failing to disclose material information regarding which caused Cassava's common stock and call options to trade at artificially inflated prices and Cassava's put options to trade at artificially deflated prices until the nature of the alleged wrongdoing was revealed, causing damages to Class Members. Settling Defendants deny the allegations and any liability or wrongdoing of any kind. For a full description of the proposed Settlement and your rights, and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release ("Claim Form") by visiting the website: www.CassavaSecuritiesSettlement.com (the "Website") or you may request copies of the documents from the Claims Administrator by: (i) mail: *Cassava Securities Litigation*, c/o Verita Global, P.O. Box _____, _____, ____ _____, or (ii) toll-free call: _____.

To qualify for a payment from the Settlement, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than _____, 2026. Your *pro rata* share of the Settlement will depend on the number of valid claims, and the number, size, and timing of your transactions in Cassava Securities. The estimated average distribution per common share is approximately $____, the recovery per call option is approximately $_____, and the recovery per put option is approximately $_____ before deducting any Court-approved fees and expenses. Your actual share of the Settlement will be determined pursuant to the proposed Plan of Allocation set forth in the Notice, or other plan approved by the Court.

You will be bound by any judgment or order entered in the Litigation, regardless of whether you submit a Claim Form, unless you exclude yourself from the Class. If you exclude yourself from the Class, you cannot get money from this Settlement. If you are a Class Member and do not exclude yourself from the Class, you may object to the proposed Settlement, Plan of Allocation, and/or request for

4932-0134-1576.v1

award of attorneys' fees and expenses and awards to Plaintiffs no later than _____, 2026.  The long-form Notice and the Website explain how to exclude yourself from the Class or how to object.

Plaintiffs and the Class are represented by Class Counsel:  Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com.  You may, but do not have to, attend the Settlement Hearing to be heard.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time.  Please check the Website for updates.

4932-0134-1576.v1

# EXHIBIT B

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § | Master File No. 1:21-cv-00751-DAE |
| | § § | CLASS ACTION |
| This Document Relates To: | § § | |
| ALL ACTIONS | § § § § § | |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

**EXHIBIT B**

4932-0298-0744.v2

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated _____, 2026, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated June 16, 2026 (the "Stipulation").  Due and adequate notice having been given to the Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.      Excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in accordance with the requirements set by the Court, as identified in Exhibit 1 hereto.

4.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)      said Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)      there was no collusion in connection with the Stipulation;

(c)      the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)      the record is sufficiently developed and complete to have enabled Plaintiffs and Settling Defendants to have adequately evaluated and considered their respective positions.

- 1 -

- 2 -

5.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

6.      Upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall have, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the all Released Plaintiffs' Claims (including Unknown Claims) against each and every one of the Released Settling Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

7.      Upon the Effective Date, and as provided in the Stipulation, the Releasing Plaintiff Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any forum (including, but not limited to, any state or federal court of law or equity, arbitration tribunal, or administrative forum), asserting the Released Plaintiffs' Claims against any of the Released Settling Defendant Parties.

8.      Upon the Effective Date, and as provided in the Stipulation, each of the Released Settling Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Settling Defendants' Claims (including Unknown Claims) against Plaintiffs, the Class, and Plaintiffs' Counsel.  Claims to enforce the terms of the Stipulation are not released.

- 2 -

9.      The notice of the pendency and proposed Settlement of the Litigation given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.  No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, the Court hereby determines that all Class Members are bound by this Judgment.

10.      The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation.  No Released Settling Defendant Party shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

11.      Any Plan of Allocation submitted by Class Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12.      Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim, or of any wrongdoing or liability of the Settling Defendants or Released Settling

- 3 -

4932-0298-0744.v2

Defendant Parties, (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Released Settling Defendant Party in any statement, release, or written documents issued, filed, or made, or (c) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Defendants or Released Settling Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Settling Defendants and/or the Released Settling Defendant Parties may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. The Court's orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Settling Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and

- 4 -

4932-0298-0744.v2

- 5 -

shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of August 5, 2025, as provided in the Stipulation.

17.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____     _____

THE HONORABLE DAVID ALAN EZRA
SENIOR UNITED STATES DISTRICT JUDGE

- 5 -

4932-0298-0744.v2

- 6 -

Exhibit 1

List of Persons Excluded from the Class Pursuant to Request

4932-0298-0744.v2