# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **IN RE CASSAVA SCIENCES, INC. SECURITIES LITIGATION** | **Master File No. 1:21-cv-00751-DAE**<br><br>**CONSOLIDATED CLASS ACTION** |
| **CARLOS PÉREZ-COTAPOS UGARTE,** *et al.*,<br>             *Plaintiffs*<br>**v.**<br><br>**CASSAVA SCIENCES, INC.,** *et al.*,<br>             *Defendants* | **Case No. 1:24-cv-01525-DAE**<br><br>**CLASS ACTION** |

## ORDER

Now before the Court are:

1. Defendants Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, and Eric J. Schoen's Opposed Motion to Consolidate, filed September 18, 2025 (Dkt. 338 in 1:21-cv-00751-DAE; Dkt. 53 in 1:24-cv-01525-DAE);

2. Defendants' Motion to Strike Plaintiffs' Opposition to Defendants' Motion to Consolidate, filed October 20, 2025 (Dkt. 346 [sealed] in 1:21-cv-00751-DAE);

3. Plaintiffs' Motion for Leave to File Notice of Supplemental Authority in Further Support of Their Opposition to Defendants' Motion to Strike and Opposition to Defendants' Motion to Consolidate, filed December 30, 2025 (Dkts. 360 [redacted] and 368 [sealed] in 1:21-cv-00751-DAE);

4. Plaintiffs' Opposed Motion for Leave to Lodge Mediator's May 3, 2026 Ruling for *In Camera* Review Pursuant to Local Rule CV-88(f)(3), filed May 14, 2026 (Dkt. 375 [sealed] in 1:21-cv-00751-DAE);

and the associated response and reply briefs.[1] On June 24, 2026, the Court held a hearing on the

motions at which the parties appeared through counsel.

---

[1] The Honorable David A. Ezra referred the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Dkts. 356 and 365 and Text Orders entered February 20 and May 27, 2026 in 1:21-cv-00751-DAE; Dkt. 71 in 1:24-cv-01525-DAE.

1

## I.    Background

Plaintiffs bring these securities class actions against biotechnology company Cassava Sciences, Inc. and former executives. Cassava developed an experimental drug, simufilam, as a treatment for Alzheimer's disease. Amended Complaint, Dkt. 49 ¶ 2 in 1:24-cv-1525-DAE. Plaintiffs allege that Cassava repeatedly made false and misleading public statements about the efficacy of simufilam and the results of its clinical trials, which (1) deceived the investing public, (2) artificially inflated the market price of Cassava securities, and (3) caused Plaintiffs and others to acquire Cassava's securities at artificially inflated prices. *Id.* ¶ 266. Plaintiffs allege that Defendants' actions violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission ("SEC") Rule 10b-5.

On August 27, 2021, Plaintiff Pierre Brazeau filed the first securities class action in this Court against Cassava, founder Remi Barbier, Eric J. Schoen, James W. Kupiec, Nadav Friedmann, and Michael Marsman. *Brazeau v. Cassava Sciences, Inc., et al.*, No. 1:21-cv-00751-DAE (W.D. Tex). Several other class actions were filed and the Court consolidated them with *Brazeau* ("Consolidated Action"), ordering: "Any other actions now pending or hereafter filed in this District that arise out of the same facts and claims as alleged in the above-listed related actions shall be consolidated into the Consolidated Action for all purposes once the Court is informed of them." *Id.* at Dkt. 58 ¶ 5. The Court appointed Mohammad Bozorgi as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel. *Id.* at Dkt. 59. On August 12, 2025, the Court certified a class in the Consolidated Action of all purchasers or acquirers of Cassava securities between **September 14, 2020 and October 12, 2023**. *Id.* at Dkt. 332.[2]

---

[2] Appeal of the class certification order is pending before the Fifth Circuit in Case No. 25-50855. The SEC filed securities fraud charges on September 26, 2024, alleging that Cassava, Barbier, and Burns made misleading statements about the results of clinical trials for simufilam against. *SEC v. Cassava Scis., Inc.*, No. 1:24-cv-01150-DAE (W.D. Tex. Sept. 26, 2024). The parties settled and the Court entered final

On December 12, 2024, Stephen Crocker filed another class action against Cassava, Kupiec, and director Richard Jon Barry. *Ugarte v. Cassava Sciences, Inc., et al.*, No. 1:24-cv-01525-DAE ("*Ugarte*"). Crocker sought to certify a class of investors who acquired Cassava securities between February 7, 2024 and November 24, 2024. *Id.* at Dkt. 1 ¶ 1. Carlos Pérez-Cotapos Ugarte, Maria Isabel Ureta Bazán, and Inversiones Ane Miren Limitada were appointed Lead Plaintiffs, and Pomerantz LLP and Bronstein, Gewirtz & Grossman, LLC as Co-Lead Counsel. *Id.* at Dkt. 42. Lead counsel in *Ugarte* are different from those in the Consolidated Action.

Two weeks after the Court certified the class in the Consolidated Action, the *Ugarte* Plaintiffs amended their complaint to add Barbier, Schoen, and Dr. Lindsay Burns as defendants and change the proposed class to all who acquired Cassava securities between **October 13, 2023 and March 25, 2025** – a period beginning the day after the end of the class period certified in the Consolidated Action. *Id.* at Dkt. 49 ¶ 258. Defendants filed motions to dismiss the Amended Complaint, which are pending. *Id.* at Dkts. 69-70.

In their motions to consolidate, Defendants argue that the cases should be consolidated under Rule 42(a) because the claims in *Ugarte* arise out of the same facts and claims as those alleged in the Consolidated Action. Plaintiffs respond that consolidation would be improper because the parties settled the Consolidated Action in August 2025. Plaintiffs contend that Defendants failed to secure a release of the *Ugarte* claims during mediation and now seek consolidation "hoping to achieve what they could not bargain for: a global release that extinguishes the *Ugarte* claims without paying a dime of additional consideration." Dkt. 345 at 3 in 1:21-cv-00751-DAE [sealed]. They characterize Defendants' motion to consolidate as "a transparent, opportunistic attempt to escape the deal they knowingly and willingly made." *Id.* at 2.

---

judgment enjoining defendants from violating securities laws and ordering them to pay civil penalties of $40 million for Cassava, $175,000 for Barbier, and $85,000 for Burns. *Id.* at Dkts. 5-7.

Defendants denied that the Consolidated Action was fully settled in August 2025, but at the hearing, counsel stated that there now is no dispute the parties have agreed to a settlement. On December 19, 2025, Mediator David M. Muphy directed Plaintiffs to submit to the Court his Notice of Alternative Dispute Resolution/Mediation Outcome ("ADR Notice"):

> Defendants Cassava Sciences, Inc. and Eric J. Schoen (the "Cassava Defendants") and Plaintiffs have accepted a double-blind Mediator's Recommendation and executed a binding Term Sheet pursuant to which the Cassava Defendants will pay Plaintiffs $31,250,000.00 to achieve a complete settlement of all claims and causes of action that have been or could be asserted by Plaintiffs in exchange for full and complete releases. . . .

> In the Mediator's view, the Settlement is complete and enforceable as signed. The Mediator rejected the Cassava Defendants' request to amend the executed agreement to require consolidation of the *Ugarte* class action, ruling that the Cassava Defendants signed a binding term sheet with a certified class prior to the filing of an amended complaint in the *Ugarte* action. The Mediator believes the question as to consolidation is a matter solely for the Court to decide.

*Id.* at Dkt. 359. On June 18, 2026, Plaintiffs filed an unopposed motion for an order preliminarily approving settlement and providing for notice to the class. *Id.* at Dkt. 380. The Court has not yet ruled on approving the settlement under Rule 23(e).

Plaintiffs also seek leave to file a notice of supplemental authority to support their opposition to the motion to consolidate. Dkt. 360 [redacted]. Defendants oppose the motion for leave to file and move to strike Plaintiffs' brief in opposition of the motion to consolidate. Dkt. 346.

## II.    Plaintiffs' Motion for Leave

Plaintiffs seek leave to file the mediator's notice of the settlement of the Consolidated Action discussed above and a press release issued by Cassava on December 23, 2025, in support of their motion to consolidate. The press release, titled "Cassava Announces Agreement to Settle Securities Class Action Litigation," states in part:

> [Cassava] has reached a definitive agreement to resolve the previously disclosed consolidated securities class action litigation pending in the United States District Court for the Western District of Texas Austin Division (*In re Cassava Sciences, Inc. Securities Litigation*, No. 1:21-cv-00751-DAE) (the "Consolidated Securities Action"). This lawsuit was originally filed in 2021.
>
> Under the agreement, Cassava will pay $31.25 million to achieve a complete settlement and release of all claims and causes of action that have been or could be asserted by the plaintiffs and the plaintiff class, which is defined as all purchasers or acquirers of Company common stock or call options on Company common stock or sellers of put options on Company common stock between September 14, 2020 and October 12, 2023 (subject to certain exclusions).

*Id.* at Dkt. 360-3 at 2. Plaintiffs argue that the supplemental authority is directly relevant to the issues raised in Defendants' motion to consolidate and the related briefs. Defendants opposed the motion for leave, arguing that the supplemental evidence was not relevant or new. Defendants stated at the hearing that Plaintiffs' motion now is moot, but Plaintiffs disagreed.

The Court finds that Plaintiffs' supplemental authority is directly relevant to Defendants' motion to consolidate and **GRANTS** Plaintiffs' Motion for Leave to File Supplemental Authority (Dkts. 360, 368).

### III.    Defendants' Motion to Strike and Plaintiffs' Motion for *In Camera* Review

Defendants asked the Court to strike Plaintiffs' sealed opposition to Defendants' motion to consolidate (Dkt. 345), arguing that the brief contains confidential information and violates the parties' Mediation Confidentiality Agreement ("MCA") and Local Rule CV-88(f). Dkt. 346. Plaintiffs asked the Court to review *in camera* Murphy's May 3, 2026 ruling on the same question.

At the hearing, the parties agreed that these motions now are moot. Accordingly, the Court **DENIES as moot** Defendants' Motion to Strike Plaintiffs' Opposition to Defendants' Motion to Consolidate (Dkt. 346 in 1:21-cv-00751-DAE) and Plaintiffs' motion for *in camera* review of Murphy's ruling on the same question (*id.* at Dkt. 377).

5

### IV.    Defendants' Motion to Consolidate

Defendants argue that *Ugarte* should be consolidated into the Consolidated Action because the Honorable David A. Ezra ordered on June 3, 2022: "Any other actions now pending or hereafter filed in this District that arise out of the same facts and claims as alleged in the above-listed related actions shall be consolidated into the Consolidated Action for all purposes." 1:21-cv-00751-DAE, Dkt. 58 at ¶ 5.

### A.  Legal Standard

Rule 42(a) provides that if actions "involve a common question of law or fact," the court may consolidate the actions or "issue any other orders to avoid unnecessary cost or delay." "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018); *see also Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993) ("Federal district courts have very broad discretion in deciding whether or not to consolidate."). Consolidating actions is proper when two or more cases involve common questions of law and fact and the court finds that consolidation would avoid unnecessary costs or delay. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989). The "mere fact that a common question is present . . . does not mean that the trial court judge must order consolidation." *Brown v. Fort Hood Fam. Hous. LP*, No. 5:20-CV-00704-DAE, 2020 WL 10758046, at *2 (W.D. Tex. Sept. 25, 2020) (quoting 9A ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2383 (3d ed.)).

In deciding whether to consolidate, courts consider factors such as whether the actions (1) are pending before the same court, (2) involve a common party, and (3) involve common questions of law and fact, as well as (4) any risk of prejudice or confusion from consolidation and whether (5) separate trials could result in inconsistent factual or legal determinations, (6) consolidation will reduce the time and cost of trying the cases separately, and (7) the cases are at the same stage of

6

preparation for trial. *Del Rio v. CrowdStrike, Inc.*, No. 1:24-CV-881-RP, 2024 WL 5371988, at *1 (W.D. Tex. Nov. 6, 2024); *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015); *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 WL 1411773, at *2 (W.D. Tex. Apr. 8, 2013). The party seeking consolidation bears the burden to show that the cases should be consolidated. *Ulibarri v. Novartis Pharms. Corp.*, 303 F.R.D. 402, 404 (D.N.M. 2014).

### B. Analysis

While *Ugarte* and the Consolidated Action are both pending before Judge Ezra and involve the same defendants and causes of action, the class periods in the two actions are distinct. Both the proposed class in *Ugarte* and the class certified in the Consolidated Action encompass all purchasers or acquirers of Cassava Securities, but the certified class period for the Consolidated Action is September 14, 2020 to October 12, 2023, while the proposed class period for *Ugarte* is October 13, 2023 to March 25, 2025. Dkt. 332 at 51 in 1:21-cv-00751-DAE; Dkt. 49 ¶ 258 in 1:24-cv-01525-DAE.

The cases also are at different procedural stages. Consolidation may properly be denied when cases are at different stages of preparedness for trial. *Mills*, 886 F.2d at 762 (citing *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989-90 (5th Cir. 1983)). "The court may decide that consolidation is inappropriate where two cases have markedly different procedural postures, with one rapidly nearing final judgment and the other just beginning, so consolidation would not serve judicial economy, but instead delay final resolution in the older case and create unneeded repetition and confusion." *Gore v. Trans Union LLC*, No. 3:23-CV-1199-E-BH, 2023 WL 12039747, at *2 (N.D. Tex. Oct. 13, 2023) (cleaned up).

*Ugarte* is at the pleading stage, with pending motions to dismiss, but the parties in the Consolidated Action have agreed to a settlement. Plaintiff's Unopposed Motion for an Order

Preliminarily Approving Settlement and Providing for Notice to the class, Dkt. 380 in 1:21-cv-00751-DAE. Courts routinely deny motions to consolidate when cases are at significantly different procedural stages, especially if one of the cases has settled. *Mills*, 886 F.2d at 762 (affirming denial of motion to consolidate when one case was ready for trial and the other was still in discovery); *St. Bernard*, 712 F.2d at 989-90 (affirming denial of consolidation when one case was ready for trial and the other cases were still in discovery); *Moller-Maersk v. Safewater Lines*, No. H-13-1726, 2017 WL 416296, at *5 (S.D. Tex. Jan. 31, 2017) (denying motion to consolidate partly because the plaintiff had settled with some defendants in the first-filed case); *Pedigo v. Austin Rumba, Inc.*, No. A-08-CA-803-JRN, 2010 WL 2730463, at *1 (W.D. Tex. June 24, 2010) (finding consolidation inappropriate when the first-filed case "is rapidly nearing file judgment" while litigation in the second "is only just beginning"); *Zermeno v. McDonnell Douglas Corp.*, 246 F. Supp. 2d 646, 649 n.3 (S.D. Tex. 2003) (denying motion to consolidate as moot when one case settled after the motion was filed); *Am. Home Assurance Co. v. Transoceanic Shipping Co.*, No. 94-3605, 1995 WL 495906, at *1 (E.D. La. Aug. 18, 1995) (same). Because these cases are at different procedural stages, the Court finds that consolidating them would not promote judicial efficiency.

The Court also finds that consolidation would prejudice Plaintiffs in the Consolidated Action by jeopardizing the settlement and delaying resolution of the case. Consolidation is improper if it would prejudice the parties' rights. *St. Bernard*, 712 F.2d at 989 ("The delay to the instant action, which already has languished in the federal court system for over a decade, reasonably could have led to the conclusion that this case should be heard separately from the consolidated cases.").

For these reasons, this Magistrate Judge exercises her discretion to deny Defendants' Motion to Consolidate (Dkt. 338 in 1:21-cv-00751-DAE; Dkt. 53 in 1:24-cv-01525-DAE).

## V.      Conclusion

The Court:

(1)   **DENIES** Defendants' Opposed Motion to Consolidate (Dkt. 338 in 1:21-cv-00751-DAE; Dkt. 53 in 1:24-cv-01525-DAE);

(2)   **GRANTS** Plaintiffs' Motion for Leave to File Notice of Supplemental Authority in Further Support of Their Opposition to Defendants' Motion to Strike and Opposition to Defendants' Motion to Consolidate (Dkts. 360 [redacted] and 368 [sealed] in 1:21-cv-00751-DAE) and **ORDERS** the Clerk to file under seal Plaintiffs' Supplemental Authority (Dkt. 360(1)-(3) in 1:21-cv-00751-DAE);

(3)   **DENIES as moot** Defendants' Motion to Strike Plaintiffs' Opposition to Defendants' Motion to Consolidate (Dkt. 346 in 1:21-cv-00751-DAE); and

(4)   **DENIES as moot** Plaintiffs' Opposed Motion for Leave to Lodge Mediator's May 3, 2026 Ruling for *In Camera* Review Pursuant to Local Rule CV-88(f)(3) (Dkt. 377 in 1:21-cv-00751-DAE).

The Court **FURTHER ORDERS** the Clerk to remove these cases from this Magistrate Judge's docket and return them to the docket of the Honorable David A. Ezra.

**SIGNED** on June 29, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

9