IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § | No. 1:21-cv-00751-DAE<br>**CONSOLIDATED CLASS ACTION** |
| CARLOS PEREZ-COTAPOS UGARTE, et al., *Plaintiffs*,<br>v.<br>CASSAVA SCIENCES, INC., et al., *Defendants*. | § § § § § § § § § | No. 1:24-cv-01525-DAE<br>**CLASS ACTION** |

**JOINT STATUS REPORT AND REQUEST FOR SCHEDULING CONFERENCE**

Pursuant to the Court's July 24, 2026 Order (Consolidated Action ECF No. 393; *Ugarte* ECF No. 99), Defendants Cassava Sciences, Inc., Eric Schoen, Remi Barbier, and Dr. Lindsay Burns (the "Defendants") and Lead Plaintiff Carlos Perez-Cotapos Ugarte ("Ugarte") jointly file the following status report and request for scheduling conference before Judge Hightower.

1. Five sets of interrelated motions are currently pending before this Court in the above-captioned matters, No. 1:21-cv-00751 (the "Consolidated Action") and No. 1:24-cv-01525 ("*Ugarte*"):

a. The *Ugarte* Plaintiffs' Motion to View Sealed Documents (Consolidated Action ECF No. 389; *Ugarte* ECF No. 95).

b. Defendants' Objection to Magistrate Judge Hightower's Order Denying Consolidation (Consolidated Action ECF No. 388; *Ugarte* ECF No. 94) (the "Consolidation Objection");

c. Defendants' Motions to Dismiss in the *Ugarte* action (ECF Nos. 69, 70), along with the *Ugarte* Plaintiffs' Motion to Strike exhibits attached thereto (ECF No. 75);[1] and

d. The Consolidated Action Lead Plaintiffs' Motion for Preliminary Approval of Settlement (ECF No. 380);

2. Also pending is Defendants' appeal of class certification in the Consolidated Action, which was argued before the Fifth Circuit on August 3, 2026. *See Bozorgi v. Cassava Sciences*, No. 25-50855 (5th Cir.).

3. On July 24, 2026, Judge Ezra convened an informal status conference to address the pending matters.

4. Following the conference, Judge Ezra issued an Order. Amongst other things, the Order stated that:

> the parties are hereby **INSTRUCTED** to confer regarding the best approach going forward in light of the pending appeal and numerous pending motions. The Court urges the parties to create an agreed schedule for the briefing and disposition of the pending matters that account for both potential outcomes at the Fifth Circuit and the interrelated matters before the Court as well as the refiling of the motions to dismiss should the parties choose to do so. After the parties' conference, the matter is **REFERRED** to U.S. Magistrate Judge Susan Hightower for a scheduling conference.

Consolidated Action ECF No. 393 at 3; *Ugarte* ECF No. 99 at 3.

5. Accordingly, on August 3, 2026, counsel for Defendants and counsel for the *Ugarte* Plaintiffs met in person to confer regarding the order in which the Court should address the pending motions. Counsel for Defendants invited counsel for lead plaintiffs in the Consolidated Action to

[1] These motions have been denied without prejudice subject to refiling. Consolidated Action ECF No. 393 at 3; Ugarte ECF No. 99 at 3.

participate in the conferral. Counsel for lead plaintiffs in the Consolidated Action declined to participate in the conferral.

6. As explained below, Defendants and the *Ugarte* Plaintiffs agree on the Order in which the Court should address the pending motions, with one primary exception relating to the timing of the Consolidation Objection.

7. Specifically, Defendants propose that the Court address the pending motions in the following Order:

a. First, the Court should address the *Ugarte* Plaintiffs' Motion to View Sealed Documents (Consolidated Action ECF No. 389; *Ugarte* ECF No. 95). This motion is ripe, and the parties agree it should be decided before the Court addresses Defendants' Consolidation Objection.

   This Motion has been referred to Judge Lane, but relates to Defendants' Motion to Consolidate and Motion to Strike, both of which were addressed by Judge Hightower. Accordingly, the parties agree that the most efficient course is for Judge Hightower to address this motion.

b. Second, the Fifth Circuit should determine whether the class was properly certified in the Consolidated Action. The Fifth Circuit heard oral argument on this appeal on August 3, 2026, and the appeal is currently under consideration.

c. Third, after (a) and (b) above, Judge Ezra should address Defendants' Consolidation Objection.

d. Fourth, Judge Ezra should address the Consolidated Action Lead Plaintiffs' Motion for Preliminary Approval of Settlement (ECF No. 380); and

e. Fifth, if necessary, the Court should set a schedule for streamlined briefing of Defendants' Motions to Dismiss in *Ugarte*, and the *Ugarte* Plaintiffs' related Motion to Strike.

8. The *Ugarte* Plaintiffs agree that their Motion to View Sealed Documents should be decided first, and without regard to the Fifth Circuit appeal. Should the Court rule on this motion before the Fifth Circuit issues its opinion, however, the *Ugarte* Plaintiffs believe that Judge Ezra should then proceed to address the Consolidation Objection without waiting for the Fifth Circuit's ruling. Then, should the Court, before the Fifth Circuit rules, both (a) decide the Motion to View Sealed Documents and (b) deny the Consolidation Objection, the *Ugarte* Plaintiffs also believe that the Court should set a schedule for streamlined resolution of Defendants' Motions to Dismiss and the *Ugarte* Plaintiffs' Motion to Strike. By contrast, should the Court, before the Fifth Circuit rules, both (a) decide the Motion to View Sealed Documents and (b) grant the Consolidation Objection, then the *Ugarte* Plaintiffs agree that the Court should defer resolution of the Motions to Dismiss and Motion to Strike until after the Fifth Circuit rules.

9. Defendants' and the *Ugarte* Plaintiffs' respective positions are as follows:

***Defendants' Position:***

The Court should wait for the Fifth Circuit to rule before addressing Defendants' Consolidation Objection for three reasons.

First, Judge Ezra has already made clear that the Court should wait for the Fifth Circuit to rule before he addresses the Consolidation Objection. Indeed, the pending Fifth Circuit ruling was the impetus for the Court's Order asking the parties to confer on an appropriate schedule to address the pending Motions in the first place. In that Order, Judge Ezra specifically states that "[t]he undersigned is reluctant to address any of the above matters before the Fifth Circuit has reached a

decision on the class certification in the Consolidated Action" – with the "above matters" specifically including the Consolidation Objection. ECF No. 393, 2. Indeed, Judge Ezra in that same Order went on to expressly "find[] it in the best interest of judicial economy and, ultimately, the best interest of the parties, to await the Firth Circuit's order on class certification." ECF No. 393, 3. Any schedule in this case should respect Judge Ezra's express conclusion that the Fifth Circuit should rule before he decides any of the pending substantive Motions, including the Consolidation Objection.

Second, Judge Ezra was correct in determining that the best and most economical course is to wait for the Fifth Circuit to determine whether the class was properly certified before he addresses pending motions, including specifically the Consolidation Objection. Judge Hightower's Order denied consolidation for two primary reasons: (1) the Consolidated Action and *Ugarte* were at two different procedural stages, and (2) consolidation could prejudice Plaintiffs in the Consolidated Action by jeopardizing their settlement and delaying resolution of their case. ECF No. 338, 7-8. The Fifth Circuit's decision on class certification, however, may substantially change the premises underlying both of these conclusions. If the Fifth Circuit finds that the Consolidated Action class was not properly certified, the proposed Consolidated Action settlement cannot be approved. And if there is no settlement of the Consolidated Action, this fundamentally alters the procedural posture of the case and eliminates the prejudice Judge Hightower relied on in making her determination. Accordingly, the Court is wise to wait for the Fifth Circuit's ruling before addressing the Consolidation Objection.

Third, any delay in addressing the Consolidation Appeal while waiting for the Fifth Circuit to rule is hypothetical and will not prejudice the *Ugarte* plaintiffs. The parties agree that Judge Ezra should not address the Consolidation Objection until after this Court has ruled on the *Ugarte*

Plaintiffs' Motion to View Sealed Documents. No one is suggesting that Judge Ezra review the Consolidation Objection now. And, in fact, given that the Fifth Circuit heard oral argument well over a month ago, it is possible (if not likely) the Fifth Circuit will decide class certification before this Court decides the Motion to View, rendering this "dispute" moot. And even if this Court does address the Motion to View first, any additional wait for the Fifth Circuit's decision is unlikely to be long, and will not cause any undue prejudice to the *Ugarte* Plaintiffs.

Plaintiffs assert that it is "procedurally improper" for the Court to consider the Fifth Circuit's decision on class certification in deciding whether to consolidate the cases. Nonsense. The Fifth Circuit's decision is binding law, not "further evidence." The Court can and should consider it. Plaintiffs further argue that it is "far too late" for Defendants to ask that the Consolidation Objection be addressed after the Fifth Circuit decision. But Defendants did not raise the issue. Judge Ezra determined that it was in the best interest of the parties and judicial economy to wait for the Fifth Circuit's decision before ruling, and Judge Ezra who ordered the parties to set a schedule that "will streamline the final disposition of these cases and prevent premature or improper action on any of the pending motions, to the benefit of both the judicial system and the parties." ECF. No. 393, 4. Finally, Plaintiffs pretend that the Fifth Circuit's decision is not relevant to Consolidation. But they do not in fact contest that, if the Fifth Circuit reverses class certification, it will revert the Consolidated Action to an earlier stage and prevent the Court from approving the proposed settlement – the two primary bases for Judge Hightower's Order. Plaintiffs thus concede that that Fifth Circuit's position is directly relevant to consolidation.

***Plaintiffs' Position***:

The Court should decide consolidation without regard to the forthcoming Fifth Circuit opinion for two reasons. First, it would be procedurally improper for the Court to consider the Fifth Circuit opinion in ruling on consolidation. Second, that opinion is irrelevant to consolidation.

**Procedure:** The Fifth Circuit appeal is irrelevant to the sole issue that remains before the Court on consolidation: whether the Magistrate Judge's order denying consolidation was clearly erroneous or contrary to law. The Fifth Circuit's decision will have no bearing on this issue, for "[u]nder Rule 72(a), the district court is not permitted to receive further evidence." *Moore v. Ford Motor Co.*, 755 F.3d 802, 808 n.15 (quotation marks omitted); *see SEC v. Commonwealth Advisors, Inc.*, 2016 WL 1364141, at *5 (M.D. La. Apr. 6, 2016) ("[T]he reviewing court may not consider evidence which was not before the MJ."). It would therefore be inappropriate for the Court to consider the Fifth Circuit's forthcoming opinion when it rules on the Defendants' Rule 72(a) objection.

In their statement above (point two), the Defendants argue that the Fifth Circuit opinion may "change the premises underlying [Judge Hightower's] conclusions" as to (a) the procedural posture of the Consolidated Action, and/or (b) prejudice. Even if true, this would mean only that, had Judge Hightower waited for the Fifth Circuit's opinion before ruling on consolidation—which the Defendants never so much as suggested she should do—she may have decided their motion differently; it would not mean that her opinion was clearly erroneous or contrary to law.

It is also far too late for the Defendants to ask the Court to suspend disposition on consolidation. The appeal has been pending for a *year*: It began last September, two weeks before the Defendants moved to consolidate. Yet none of their briefing on consolidation ever mentioned the appeal, until their Consolidation Objection. In technical terms, this means that the Defendants

have forfeited this argument; in substantive terms, it means that they are simply looking for an issue with which to relitigate consolidation. Thus, while the Defendants claim (in point three) that a *delay* will not prejudice the *Ugarte* plaintiffs, the true prejudice that the *Ugarte* plaintiffs attempt to forestall is the Defendants repeatedly relitigating a motion that they have already lost.

**Relevance:** Even *were* it appropriate for the Court to consider the Fifth Circuit's forthcoming opinion, that opinion would not bear on consolidation. In briefing, the only reason the Defendants proposed for why the appeal may do so is that "[t]he certified class rests on Lead Plaintiff's unusual theory that a class period may close before the corrective disclosures said to reveal the fraud: the period ends on October 12, 2023, while the operative complaint alleges corrective disclosures in June, July, and September 2024. If the Fifth Circuit disturbs certification ***on that ground***, the Consolidated Action plaintiffs may well seek to certify a broader class . . . that would overlap the *Ugarte* period outright." *Ugarte* ECF No. 94 at 2–3 (emphasis added); Consolidated Action ECF No. 388 at 2–3 (emphasis added). This is incorrect for two reasons.

First, the consolidated plaintiffs have expressly and emphatically stated that they will "***not*** modify the Class definition in any way." Consolidated Action ECF No. 275 at 4. The Court, too, has stated that they will not be allowed to do so. Consolidated Action ECF No. 317 at 7 ("Plaintiffs repeatedly maintain that they do not seek to expand the Class Period in their supplemented complaint. Nor will they be allowed to do so based on the proposed new allegations."). The Court should take them (and itself) at their (and the Court's own) word—not substitute their word with the Defendants' hypotheticals.

Second, the Defendants ***never made this argument to the Fifth Circuit***. Although they claimed before *this* Court that the corrective disclosures could not extend beyond the class period, the argument was thoroughly rebutted by the consolidated plaintiffs, and easily rejected by the

Court. Consolidated Action ECF Nos. 269 at 7–8; 275 at 4–5; 317 at 6–8. They then abandoned the argument on appeal, never once mentioning it in their briefs. They are thus suggesting that the Fifth Circuit may rule in their favor on an argument that they never made.

The Defendants no longer pursue this claim in their above statement, perhaps for the very reasons just discussed. Instead, they pivot to claiming (at point two) that if the Fifth Circuit decertifies the consolidated class, the Consolidated Action will return to an earlier stage. But *earlier* does not mean *early*. Rather, the parties to that action would likely be litigating some combination of (a) the post-decertification validity of the settlement, and (b) a second round of class certification; meanwhile, *Ugarte* still awaits resolution of two motions to dismiss. The differing procedural posture would thus still militate against consolidation.

**Finally:** The Defendants note (in point one) the line in the Court's July 24 order that "[t]he undersigned is reluctant to address any of the above matters before the Fifth Circuit has reached a decision on the class certification in the Consolidated Action." But even the Defendants tacitly admit that this is not absolute, because one of "the above matters" is the Motion to View Sealed Documents—which the Defendants agree should be addressed now.[2] We respectfully submit that, for the reasons set forth above, the Court should not wait on the Fifth Circuit to rule on consolidation.

---

[2] They attempt to dodge this admission by inserting the word "substantive" in the following line: "Any schedule in this case should respect Judge Ezra's express conclusion that the Fifth Circuit should rule before he decides any of the pending substantive Motions, including the Consolidation Objection." The Court itself made no such distinction, instead referring to "*any* of the above matters."

10. Pursuant to Judge Ezra's July 24, 2026 Order, the Defendants' and *Ugarte* Plaintiffs request a conference with Judge Hightower to address the schedule for addressing the pending motions, and the primary item in dispute, at a time convenient to the Court.

Dated: September 14, 2026

Respectfully submitted,

/s/ *Gregg Costa*
Gregg Costa (Tx. Bar No. 24028160)
Trey Cox (Tx. Bar No. 24003722)
GIBSON, DUNN & CRUTCHER LLP
811 Main Street Suite 3000
Houston, TX 77002
Telephone: 346.718.6600
Facsimile: 346.718.6979
gcosta@gibsondunn.com
tcox@gibsondunn.com

Monica K. Loseman (admitted *pro hac vice*)
Scott Campbell (admitted *pro hac vice*)
John Turquet Bravard (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2642
Telephone: 303.298.5700
Facsimile: 303.298.5907
mloseman@gibsondunn.com
scampbell@gibsondunn.com
jturquetbravard@gibsondunn.com

*Counsel for Defendants Cassava Sciences, Inc. and Eric J. Schoen*

Douglas W. Greene
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.847.7090
dgreene@bakerlaw.com

C. Shawn Cleveland
BAKER & HOSTETLER LLP
2850 N. Harwood Street, Suite 1100
Dallas, TX 75201
Telephone: 214.210.1200
scleveland@bakerlaw.com

*Counsel for Defendants Remi Barbier and Lindsay Burns*

Dated: September 14, 2026

Respectfully submitted,

/s/ *Luc W. M. Mitchell*

Luc W. M. Mitchell (*pro hac vice*)
(State of New York Juris No. 5671037)
POMERANTZ LLP
Jeremy A. Lieberman (*pro hac vice*)
(State of New York Juris No. 4161352)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: lmitchell@pomlaw.com
jalieberman@pomlaw.com

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein (*pro hac vice*)
(State of New York Juris No. 2155067)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

Michael J. Boyle (*pro hac vice*)
(State of Ohio Juris No. 0091162)
4200 Regent Street, Suite 200

Columbus, OH 43219
Telephone: (614) 578-5582
Email: mboyle@bgandg.com

*Counsel for Plaintiffs and*
*Co-Lead Counsel for the Class*

THE BRISCOE LAW FIRM, PLLC
Willie C. Briscoe (Tx. Bar Number 24001788)
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: (972) 521-6868
Facsimile: (281) 254-7789
Email: wbriscoe@thebriscoelawfirm.com

*Counsel for Plaintiffs and*
*Liaison Counsel for the Class*

THE ROSEN LAW FIRM, P.A.
Phillip Kim (*pro hac vice* application forthcoming)
(State of New York Juris No. 4145397)
275 Madison Avenue, 40th Floor
New York, NY 10116
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com

*Additional Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 14, 2026, a true and correct copy of the foregoing was served upon each attorney of record via email.

/s/ *Gregg Costa*
Gregg Costa