**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **IN RE CASSAVA SCIENCES, INC. SECURITIES LITIGATION** | **Master File No. 1:21-cv-00751-DAE**<br><br>**CONSOLIDATED CLASS ACTION** |
| **CARLOS PÉREZ-COTAPOS UGARTE, *et al.*,**<br>***Plaintiffs***<br>**v.**<br><br>**CASSAVA SCIENCES, INC., *et al.*,**<br>***Defendants*** | **Case No. 1:24-cv-01525-DAE**<br><br>**CLASS ACTION** |

**ORDER**

Now before the Court is the parties' Joint Status Report and Request for Scheduling Conference, filed September 14, 2026 (Dkt. 401 in 1:21-cv-00751-DAE; Dkt. 109 in 1:24-cv-1525-DAE). The Honorable David A. Ezra referred the request for scheduling conference to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## I. Background

On August 12, 2025, Judge Ezra granted the Plaintiffs' Motion for Class Certification in the Consolidated Class Action. Dkt. 332 in 1:21-cv-00751-DAE. Defendants appealed that order to the Fifth Circuit. The Fifth Circuit heard oral argument on August 3, 2026, and its ruling remains pending. *Bozorgi v. Cassava Sciences*, No. 25-5085 (5th Cir.).

On June 29, 2026, this Magistrate Judge denied Defendants' Motion to Consolidate the *Ugarte* Class Action into the Consolidated Class Action. Dkt. 384 in 1:21-cv-00751-DAE. Defendants filed an Objection to that Order, which is pending before Judge Ezra. *Id.* at Dkt. 388. Also pending

before Judge Ezra is Plaintiffs' Motion for an Order Preliminarily Approving Settlement and Providing for Notice, filed June 18, 2026, which seeks approval of a $31.25 million settlement in the Consolidated Action. *Id.* at Dkt. 380.

On July 24, 2026, Judge Ezra held a status conference to discuss the pending matters in both cases, then issued an order (1) denying without prejudice the then-pending motions to dismiss in *Ugarte*, (2) ordering the parties to "confer regarding the best approach going forward in light of the pending appeal and numerous pending motions," and (3) referring the matter to this Magistrate Judge to conduct a scheduling conference after the parties' conferral. *Id.* at Dkt. 393.

Counsel for Defendants and the *Ugarte* plaintiffs conferred on August 3, 2026. *Id.* at Dkt. 401. They disagree whether Judge Ezra should wait for the Fifth Circuit to rule on whether the class was properly certified in the Consolidated Class Action before ruling on Defendants' Objection to this Magistrate Judge's Order denying consolidation. Defendants argue that Judge Ezra should wait for the Fifth Circuit to rule before addressing Defendants' Objection, while Plaintiffs argue that Judge Ezra should not wait. The parties appear to agree that Judge Ezra should defer ruling on Plaintiffs' Motion for Preliminary Approval of Settlement and any forthcoming motions to dismiss until after the Fifth Circuit rules on the certification issue.[1]

## II. Order

The Court **GRANTS** the Request for a Scheduling Conference (Dkt. 401 in 1:21-cv-00751-DAE; Dkt. 109 in 1:24-cv-1525-DAE) and **ORDERS** the parties, or counsel of record appearing on their behalf, to appear for a scheduling conference at **2 p.m. November 12, 2026** in Courtroom 6 on the Sixth Floor of the United States Courthouse, 501 West Fifth Street, Austin, Texas 78701.

[1] Defendants and the *Ugarte* plaintiffs also agreed that the Court should first address the *Ugarte* Plaintiffs' Memorandum of Law in Support of Opposed Motion to View Sealed Documents (Dkt. 389 in 1:21-cv-00751-DAE; Dkt. 95 in 1:24-cv-1525-DAE). Judge Lane granted that motion three days after the parties filed the Joint Status Report. Dkt. 110 in 1:24-cv-1525-DAE.

At the Scheduling Conference, the Court will address: (1) the order of consideration of the pending motions (Dkts. 380, 388 in 1:21-cv-00751-DAE) in light of the appeal before the Fifth Circuit; (2) whether the parties will file any new dispositive motions, and if so, the timing of those motions and related briefs; and (3) any other outstanding scheduling issues.

**SIGNED** on October 8, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE