**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **IN RE CASSAVA SCIENCES, INC. SECURITIES LITIGATION** | **Master File No. 1:21-cv-00751-DAE**<br><br>**CONSOLIDATED CLASS ACTION** |
| **CARLOS PÉREZ-COTAPOS UGARTE, *et al.*,**<br>***Plaintiffs***<br>**v.**<br><br>**CASSAVA SCIENCES, INC., *et al.*,**<br>***Defendants*** | **Case No. 1:24-cv-01525-DAE**<br><br>**CLASS ACTION** |

**ORDER**

Before the Court is parties' Joint Status Report, filed September 14, 2026 (Dkt. 401 in 1:21-cv-00751-DAE; Dkt. 109 in 1:24-cv-1525-DAE). The Honorable David A. Ezra referred this matter to this Magistrate Judge to conduct a scheduling conference. On November 12, 2026, the Court held a scheduling conference at which all parties appeared through counsel.

## I. Background

### A. Consolidated Action

On August 27, 2021, Plaintiff Pierre Brazeau filed the first securities class action in this Court against Cassava Sciences, Inc., founder Remi Barbier, Eric J. Schoen, James W. Kupiec, Nadav Friedmann, and Michael Marsman. *Brazeau v. Cassava Sciences, Inc., et al.*, No. 1:21-cv-00751-DAE. Plaintiffs alleged that Cassava misrepresented the success of its experimental Alzheimer's drug simufilam, defrauding investors under sections 10(b) and 20(a) of the Securities Exchange Act and Rule 10b-5. Several other class actions were filed, which the Court consolidated with *Brazeau* ("Consolidated Action"). *Id.*, Dkt. 5. The Court appointed Mohammad Bozorgi as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel. *Id.*, Dkt. 59.

On August 12, 2025, the Court certified a class of all purchasers or acquirers of Cassava securities between September 14, 2020 and October 12, 2023. *Id.* at Dkt. 332. On October 21, 2025, the Fifth Circuit granted Defendants leave to appeal the class certification order. Dkt. 352.

On December 19, 2025, while the appeal was pending, the parties notified the Court that they had settled the Consolidated Action and "have accepted a double-blind Mediator's Recommendation and executed a binding Term Sheet pursuant to which the Cassava Defendants will pay Plaintiffs $31,250,000.00 to achieve a complete settlement of all claims and causes of action." Dkt. 359 at 2. The Notice stated:

> In the Mediator's view, the Settlement is complete and enforceable as signed. The Mediator rejected the Cassava Defendants' request to amend the executed agreement to require consolidation of the *Ugarte* class action, ruling that the Cassava Defendants signed a binding term sheet with a certified class prior to the filing of an amended complaint in the Ugarte action. The Mediator believes the question as to consolidation is a matter solely for the Court to decide.

*Id.* On June 18, 2026, Plaintiffs filed an Unopposed Motion for an Order Preliminarily Approving Settlement and Providing for Notice, which is pending before Judge Ezra. *Id.* at Dkt. 380.

On October 16, 2026, the Fifth Circuit reversed and remanded Judge Ezra's class certification order. *Bozorgi v. Cassava Scis., Inc.*, --- F.4th ----, 2026 WL 3160284, at *4 (5th Cir. Oct. 16, 2026). The Fifth Circuit held that the Court did not perform a "rigorous" analysis of Defendant's meme-stock and market inefficiency arguments while addressing Rule 23(b)(3)'s predominance requirement. *Id.* at *5. It made "no judgment about whether Cassava, based on that evidence, traded in an efficient or inefficient market." *Id.*

**B. *Ugarte* Action**

On December 12, 2024, Stephen Crocker filed a class action against Cassava, Kupiec, and director Richard Jon Barry. *Ugarte v. Cassava Sciences, Inc.*, No. 1:24-cv-01525-DAE. Crocker sought to certify a class of investors who acquired Cassava securities between February 7, 2024

and November 24, 2024. *Id.*, Dkt. 1 ¶ 1. Carlos Pérez-Cotapos Ugarte, Maria Isabel Ureta Bazán, and Inversiones Ane Miren Limitada were appointed Lead Plaintiffs, and Pomerantz LLP and Bronstein, Gewirtz & Grossman, LLC as Co-Lead Counsel. *Id.* at Dkt. 42. Lead counsel in *Ugarte* are different from those in the Consolidated Action.

Defendants moved to consolidate *Ugarte* with the Consolidated Action. On June 29, 2026, this Magistrate Judge denied the motion to consolidate because the class periods were distinct, the cases were at different procedural stages, and consolidation would prejudice the Plaintiffs in the Consolidated Action by jeopardizing the settlement and delaying resolution of the case. *Id.* at 92. On July 13, 2026, Defendants filed an objection to this Magistrate Judge's order denying consolidation, which is pending before Judge Ezra. Consolidated Action, Dkt. 388.

**C. Judge Ezra's Status Conference and Referral Order**

On July 24, 2026, Judge Ezra conducted a status conference in both cases, then (1) denied without prejudice the motions to dismiss in *Ugarte*, (2) ordered the parties to "confer regarding the best approach going forward in light of the pending appeal and numerous pending motions," and (3) referred to this Magistrate Judge a scheduling conference after the parties' conferral. Consolidated Action, Dkt. 393 at 3.

Two motions remain pending in both actions: Plaintiffs' Unopposed Motion for an Order Preliminarily Approving the Settlement (Dkt. 380) and Defendants' Objection to the Magistrate Judge's Order Denying Consolidation under FED. R. CIV. P. 72(a) (Dkt. 388).

Counsel for Defendants and the *Ugarte* Plaintiffs conferred on August 3, 2026; counsel for the Lead Plaintiffs in the Consolidated Action declined to participate in the conferral. Dkt. 401. The parties filed their Joint Status Report on September 14, 2026, a month before the Fifth Circuit issued its class certification opinion. *Ugarte*, Dkt. 109.

## II. Briefing Order

At the scheduling conference, Plaintiffs in the Consolidated Action and Defendants both proposed that Judge Ezra (1) first address Plaintiffs' Unopposed Motion for an Order Preliminarily Approving Settlement and Providing for Notice in the Consolidated Action, then (2) take up Defendants' objection to this Magistrate Judge's order denying consolidation in *Ugarte*. The Court agrees that the motions should be addressed in that order.

Defendants also asked to submit supplemental briefing on both motions in the wake of the Fifth Circuit opinion, but Plaintiffs in both *Ugarte* and the Consolidated Action disagreed that further briefing was necessary.

Finding that short supplemental briefs may be helpful to Judge Ezra, the Court **ORDERS**:

- Each party may submit a supplemental brief **limited to 10 pages** on Plaintiffs' Unopposed Motion for an Order Preliminarily Approving the Settlement (Dkt. 380) and Defendants' Objection to the Magistrate Judge's Order Denying Consolidation under FED. R. CIV. P. 72(a) (Dkt. 388) **by November 20, 2026**.
- Each party may submit a response brief **limited to 6 pages by December 4, 2026**.

No further briefing will be allowed.

The Court also **ORDERS** the *Ugarte* Plaintiffs and Defendants to meet and confer and submit a joint proposed schedule for briefing on any renewed motions to dismiss in *Ugarte* **within 7 days** after Judge Ezra issues an Order on Defendants' Objection to the Magistrate Judge's Order Denying Consolidation under FED. R. CIV. P. 72(a).

The Clerk is **ORDERED** to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

**SIGNED** on November 12, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE