**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CARLOS PÉREZ-COTAPOS UGARTE, MARIA ISABEL URETA BAZÁN, CARLOS PÉREZ-COTAPOS SUBERCASEAUX, INVERSIONES ANE MIREN LIMITADA, SHERYL GROVE, and HOORIEH ALAGHEMAND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, RICHARD JON BARRY, LINDSAY BURNS, JAMES W. KUPIEC, and ERIC SCHOEN,<br><br>Defendants. | Case No. 1:24-cv-01525-DAE |
| IN RE CASSAVA SCIENCES, INC. SECURITIES LITIGATION | Case No. 1:21-cv-00751-DAE |

**DEFENDANTS' SUPPLEMENTAL BRIEF ADDRESSING PLAINTIFFS' MOTION TO APPROVE SETTLEMENT (DKT. 380) AND DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING CONSOLIDATION (DKT. 388)**

The Fifth Circuit's opinion vacating class certification transforms the legal and factual landscape of this case. The settlement agreement in the Consolidated Action was conditioned on allowing the Fifth Circuit appeal to proceed, and the subsequent Motion for Preliminary Approval (Dkt. 380) was premised on the Court's Order certifying the Proposed Class. The appeal has now run its course, and the Class Certification Order has been vacated.

Because the settlement agreement and the Motion for Preliminary Approval depended on the Class Certification Order, the settlement and the Motion now cannot be approved. The Fifth Circuit vacated the Court's Class Certification Order and remanded the case for further proceedings. Those proceedings will determine whether a class can be certified in the Consolidated Action and, if so, how that class will be defined. The Court's Class Certification Order was the only justification in Plaintiffs' Motion for Approval for a finding that the Court could likely certify the Proposed Class in the Consolidated Action. Because the Class Certification Order has since been vacated, Plaintiffs' Motion cannot sustain its burden and the settlement cannot be approved as proposed. Any other conclusion would ignore or nullify the Fifth Circuit's determination that the appeal was not moot, and its vacatur of class certification.

The Fifth Circuit's mandate also further confirms that the *Ugarte* case should be consolidated into the Consolidated Action. The Magistrate Judge's Order Denying Consolidation (Dkt. 384) was based on the premise that there was a certified class and a settlement. The Fifth Circuit's opinion eviscerates both these premises. With nothing left to support the denial of consolidation, the Magistrate's Order must fall.

## PROCEDURAL BACKGROUND

1. On August 12, 2025, this Court granted Plaintiffs' Motion for Class Certification in the Consolidated Action. The Court found, in relevant part, that individual reliance issues would not

predominate over common issues, accepting Plaintiffs' contention that Cassava stock traded in an efficient market throughout the proposed class period of September 14, 2020 to October 12, 2023 (the "Proposed Class Period"). Dkt. 332.

2. Within two weeks, newly-appointed Lead Plaintiffs in the separate *Ugarte* case filed an Amended Complaint. Dkt. 49 in No. 24-cv-01525-DAE. The Amended Complaint expanded the alleged *Ugarte* class period to begin on October 13, 2023—the day after the end of the newly certified class period in the Consolidated Action—and incorporated alleged misstatements and corrective disclosures pulled directly from the Consolidated Action. *See* Dkt. 388 at 5-6 (chart showing new *Ugarte* allegations directly mirroring the Consolidated Action).

3. Pursuant to this Court's Consolidation Order, Dkt. 58, which declared that "[a]ny other actions now pending or hereinafter filed in the District that arise out of the same facts and claims as alleged in the above-listed related action shall be consolidated into the Consolidated Action for all purposes once the Court is informed of them," Defendants promptly filed a Motion to Consolidate the *Ugarte* action into the Consolidated Action. Dkt. 338.

4. Around the same time, on August 26, 2025, Defendants also filed a petition under Rule 23(f) seeking Fifth Circuit review of the Class Certification Order. The Fifth Circuit granted that petition.

5. Many months later, on June 18, 2026, Lead Plaintiffs filed a Motion for Preliminary Approval of Settlement of the Consolidated Action, Dkt. 380 ("Motion for Preliminary Approval"), along with a Stipulation of Settlement executed by Lead Plaintiffs and the Cassava Defendants. Dkt. 381-1. The settling parties expressly agreed that the proposed settlement would not inhibit Defendants' Motion to Consolidate *Ugarte* into the Consolidated Action or Defendants' Fifth Circuit Appeal challenging the Court's decision to certify the Proposed Class. Dkt 381-1 at 43

("Pending approval of the Court of this Stipulation and its Exhibits, all non-settlement related proceedings in this Litigation with respect to the Settling Parties shall be stayed (*except for the Settling Parties' pending Rule 23(f) appeal before the Fifth Circuit Court of Appeals and the Settling Parties' ongoing litigation in the District Court concerning consolidation of the* Ugarte *action*) . . .") (emphasis added).

6. Shortly thereafter, on June 29, 2026, Magistrate Judge Hightower issued her Order denying Defendants' Motion to Consolidate *Ugarte* into the Consolidated Action. Dkt. 384 ("Magistrate Judge's Order"). The Magistrate Judge's decision to deny consolidation rested on two primary factors: (1) the cases were at different procedural stages because "the parties in the Consolidated Action have agreed to a settlement," and (2) consolidation "would prejudice Plaintiffs in the Consolidated Action by jeopardizing the settlement and delaying resolution of the case." Dkt. 388 at 7-8.

7. Defendants promptly objected to the Magistrate Judge's Order. Dkt. 388 ("Defendants' Objection"). The Objection explains that the Magistrate Judge's Order was clearly erroneous and contrary to law because it (1) contradicted both the Private Securities Litigation Reform Act's ("PSLRA") mandate and this Court's Consolidation order, and (2) misapplied the handful of discretionary factors the Magistrate Judge did opt to consider. Dkt. 388.

8. Recognizing that the Motion for Preliminary Approval and Defendants' Objection were "interrelated and dependent on the outcome of one another," and that the Fifth Circuit's decision on class certification could likely have a significant effect on both, on July 24, 2026, this Court entered an Order finding it in the "best interest of judicial economy and, ultimately, the best interests of the parties, to await the Fifth Circuit's order on the class certification" before addressing either pending motion. Dkt. 393 at 2-3. Judge Ezra referred the matter to Magistrate

Judge Hightower for a scheduling conference to determine the order in which he should address the pending motions, and stated that the Court would "readily consider supplemental briefing as to the parties' opinions on the effect of the Fifth Circuit's forthcoming opinion or the effect of any pending motions upon another." Dkt. 393 at 3-4.

9. The Fifth Circuit issued its opinion on October 16, 2026, vacating the Class Certification Order. Dkt. 405-1. The Fifth Circuit expressly rejected Plaintiffs' argument that the settlement stipulation mooted the appeal, explaining both that settlement approval requires a certified class and that the parties' stipulation expressly carved out the appeal. Dkt. 405-1 at 4. The Fifth Circuit held that the Court abused its discretion by failing to consider evidence that the market for Cassava's stock was inefficient during the Class Period, and that the Court's "approach is divorced from the 'rigorous' assessment of all the evidence required when addressing market efficiency." Dkt. 405-1 at 9-10. The Fifth Circuit further noted that "the parties raise other significant questions that we decline to resolve in this appeal. The skids are greased for the district court to address those issues on remand." Dkt. 405-1 at 11.

10. The Fifth Circuit issued its Judgment on November 6, 2026, formally vacating the Court's Class Certification Order and remanding the case. Dkt. 405.

11. Less than a week later, Judge Hightower issued an Order permitting the parties to submit supplemental briefing on the effect of the Fifth Circuit's opinion on both the Motion for Preliminary Approval and the Magistrate Judge's Order. Dkt. 406.

## ARGUMENT

### I. The Fifth Circuit's Decision Vacating the Class Certification Order Dictates that the Motion for Preliminary Approval Must Be Denied.

Plaintiffs' Motion for Preliminary Approval cannot be approved because there is no current justification for certifying the Proposed Class. Plaintiffs' Motion, and the agreement on

which it was based, relied entirely on the viability of the Class Certification Order. Because the Fifth Circuit vacated that order and remanded it for further proceedings, there is now no certified class and thus no basis for approval of a class settlement. Accordingly, until the Court reconsiders whether and what class can be certified, the Motion for Preliminary Approval must be denied.

As Plaintiffs' Motion acknowledges, a court can grant preliminary approval and authorize notice to a class only where it is "justified by the parties' showing that the court will likely be able to . . . certify the class for purposes of judgment." Fed. R. Civ. P. 23(e)(1)(B); *see* Dkt. 380 at 11-12; Dkt. 405-1 at 4. "[T]he Court must conduct a substantial inquiry relating to certification before it can certify a class, even for purposes of settlement." *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 208 F.R.D. 575, 584 (E.D. Tex 2002), *citing Amchem Prods., Inc. v. Windsor*, 521 U.S.591 (1997). And where binding precedent shows potential problems with certification of the proposed class, those problems must be analyzed and addressed before preliminary approval of a settlement can be granted. *See id.* (denying a motion for preliminary approval of a settlement where Fifth Circuit precedent raised the question of whether the class could satisfy the predominance requirement under Rule 23(b)).

Plaintiffs' Motion and Proposed Order offer only a single potential justification for finding that the Court will be able to certify the proposed class – the Court's now-vacated class certification order:

> "Here, the Court already certified a class on August 12, 2025, finding that the Class satisfied Rule 23(a)'s numerosity, commonality, typicality, and adequacy requirements as well as Rule 23(b)(3)'s requirement that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. ECF 332. Therefore, the Court 'will likely be able to' certify the Class for settlement purposes under Rule 23. See Rule 23(e)(1)(B)."

Dkt. 380 at 19. *See also* Dkt. 381-1, 46-58 (Proposed Order). That single justification no longer exists.

That consequence—of the settlement not being approved with the vacatur of the Certification Order—is unsurprising, because this is the deal the parties struck. The parties have long disagreed over whether a class can lawfully be certified. The parties thus agreed to a Proposed Order approving settlement that rested a finding that a class could "likely" be certified on the Court's Certification Order alone. Dkt. 381-1, 48. And the parties' Stipulation of Settlement agreed that Defendants' appeal of that Order would not be stopped or stayed by the agreement, but would instead proceed. Dkt 381-1 at 43. As Cassava's counsel explained to the Fifth Circuit at oral argument, the Stipulation was not unlike a conditional plea agreement: if the Fifth Circuit refused to take the appeal or denied it, the Motion to Approve could be granted. But if the Fifth Circuit vacated Class Certification and remanded, there is no class until the flaws in the certification decision are addressed and remedied.[1] This is why the Fifth Circuit expressly rejected Plaintiffs' claim that the settlement rendered the appeal moot: any settlement approval requires a properly certified class. Dkt. 405-1 at 4. The Fifth Circuit's rulings on mootness and certification would be nullified if this Court were to approve the settlement despite the vacatur.

After the Fifth Circuit ruling, there is no available justification to support the necessary finding that the Proposed Class can be certified. As the Fifth Circuit determined, the Court and the parties have work to do. In vacating class certification, the Fifth Circuit provided specific guidance on how the Court must consider evidence both for and against Plaintiffs' contention that the market for Cassava's stock was efficient throughout the Proposed Class period, including "record evidence that could suggest market inefficiency – like price volatility in the absence of

[1] Oral Argument in *Bozorgi v. Cassava Sciences*, 7:08-7:55, 25-50855 (5th Cir., Aug. 3, 2026), *available at* https://www.ca5.uscourts.gov/oral-argument-recordings?title=cassava.

news and short selling constraints." Dkt. 405-1, 8-10. Whether the market for Cassava's stock was efficient for any portion of the Proposed Class period and, if so, for what portions, is critical to determining whether any portion of the Proposed Class can be certified. As explained by the Fifth Circuit, the Court has not yet completed this mandatory analysis and therefore cannot determine whether the Proposed Class can be certified.

Nor is this the only problem with class certification that must be addressed. As the Fifth Circuit declared, "the parties raise other significant questions that we decline to resolve in this appeal. The skids are greased for the district court to address those issues on remand." The "other significant questions" Defendants raised on appeal included the fact that (1) Plaintiffs themselves did not rely on the integrity of the market price in trading Cassava's stock (and therefore could not be typical plaintiffs on an efficient market hypothesis), (2) Plaintiffs offered no reliable evidence that they could properly calculate the damages flowing from their liability theory separate from Cassava's meme-stock dynamics, and (3) the Court improperly precluded Defendants from offering evidence of meme-stock dynamics in a surreply expert report and/or through an evidentiary hearing. No. 25-50855 (5th Cir.). The Court must also address these items before it can determine whether it will likely be able to certify any class in this case, let alone Plaintiffs' specific Proposed Class.

In short, there is no basis at this stage to find that it is likely that the Proposed Class, as defined by Plaintiffs, can be certified. Accordingly, the Motion for Preliminary Approval must be denied so that the Court can first reassess class certification in line with the Fifth Circuit's guidance.

## II. The Court Should Consolidate *Ugarte* Into the Consolidated Action

The Fifth Circuit's decision also confirms that this Court should consolidate the *Ugarte* Action into the Consolidated Action.[2] The Magistrate Judge's Order cites two primary reasons why it declined to consolidate *Ugarte* into the Consolidated Action: (1) the cases were in different procedural stages because *Ugarte* was in the pleading stage and the parties to the Consolidated Action had filed a Motion for Preliminary Approval of Settlement; and (2) consolidation would prejudice Plaintiffs in the Consolidated Action by jeopardizing the settlement and delaying its resolution. ECF 384 at 7-8. The Fifth Circuit's decision undoes each.[3]

Given the Fifth Circuit's decision, the Court can and should revisit the Magistrate Judge's decision *de novo*. The law of the case doctrine is a discretionary practice only, and it does not apply when the evidence changes or when there is a change in the law by a controlling authority. *Muecke Co., Inc. v. CVS Caremark Corp.*, 615 Fed. Appx. 837, 840-41 (5th Cir. 2015) ("The rule does not apply when (1) the evidence at a subsequent trial is substantially different, [or] (2) there has been an intervening change in law by a controlling authority . . .") (cleaned up). "So long as a case remains alive, there is power to alter or revoke earlier rulings." *Id*. at 841, *quoting United States v. Matthews*, 312 F.R.D. 652, 657 n.5 (5th Cir. 2002). The Fifth Circuit's decision to vacate class certification changed the legal and factual status of the case that the Magistrate Judge's Order relied on.

---

[2] Defendants' Objection to the Magistrate Judge's Order (Dkt. 388) explains why the Magistrate Judge's Order was clearly erroneous and contrary to law when made, separate and apart from the Fifth Circuit's decision, and stands on its own. This Supplemental Brief focuses solely on the changes in law and fact resulting from the Fifth Circuit's subsequent decision, which eliminates the bases for the Magistrate Judge's Order that existed at the time.

[3] The Magistrate Judge's Order also observed that the two actions have distinct class periods. But it does not state that the separate class periods, which differ by one day—with *Ugarte* simply picking up where the Consolidated Action leaves off, were a basis for the decision not to consolidate. Nor does it explain why this obvious and intentional machination would support denying consolidation.

First, as explained in Section I above, the Fifth Circuit's decision to vacate class certification means that the Motion for Preliminary Approval of Settlement must be denied, and the Court must reassess the class certification process and analysis to determine whether a class can be certified in the Consolidated Action before it could even consider any proposed settlement. The case is no longer "settled" or "nearing final judgment" as the Magistrate Judge's Order portrays it. *See* Dkt 384 at 7-8. Without a settlement, and with the Fifth Circuit's vacatur, the Consolidated Action reverts to a much earlier procedural stage. The Court must take up certification again, Plaintiffs may seek to further amend their pleadings, and significant additional discovery is likely, as only a modest amount of fact discovery has been completed in the Consolidated Action. Indeed, if the Court consolidates the cases, it is unlikely that any further pleadings unique to *Ugarte* would be necessary, and both cases would then be at identical procedural stages: seeking certification of a class and undertaking fact discovery. It would be highly inefficient to conduct parallel class certification proceedings and fact discovery in overlapping cases. It will inevitably multiply the number of discovery requests, discovery disputes, depositions, experts, and motions—all to the detriment of the parties and the Court.

Second, consolidation can no longer threaten to prejudice the Consolidated Action Plaintiffs by jeopardizing or delaying approval of the settlement. There is no settlement that can be approved at this stage because there is no certified class and no class that Plaintiffs have shown to be certifiable. The Consolidated Action Plaintiffs certainly have no "right" to prompt settlement and resolution that could be prejudiced. Instead, consistent with the Fifth Circuit's mandate, Plaintiffs must demonstrate to this Court that their Proposed Class can meet the requirements of Rule 23 and be properly certified.

In short, even setting aside whether the Magistrate Judge's Order was clearly erroneous and contrary to law when decided, *see* Defendants' Objection, Dkt. 388, the Fifth Circuit's decision has fundamentally changed the relevant facts and law. Neither of the Magistrate's cited bases for denying consolidation is valid. Accordingly, the Magistrate Judge's Order should be reversed, and *Ugarte* should be consolidated into the Consolidated Action.

**CONCLUSION**

For each of these reasons, the Court should deny the Motion for Preliminary Approval, consolidate *Ugarte* into the Consolidated Action, and order Defendants and the Consolidated Action Plaintiffs to confer on appropriate further proceedings on class certification in accordance with the Fifth Circuit's Mandate.

Dated: November 20, 2026

Respectfully submitted,

/s/ *Gregg Costa*
Gregg Costa (Tx. Bar No. 24028160)
Trey Cox (Tx. Bar No. 24003722)
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, TX 77002
Tel: 346.718.6600
gcosta@gibsondunn.com
tcox@gibsondunn.com

Monica K. Loseman (*pro hac vice*)
Scott Campbell (*pro hac vice*)
John Turquet Bravard (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202
Tel: 303.298.5700
mloseman@gibsondunn.com
scampbell@gibsondunn.com
jturquetbravard@gibsondunn.com

*Counsel for Defendants Cassava Sciences, Inc. and Eric J. Schoen*

Douglas W. Greene
Zachary R. Taylor
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Tel: 212.847.7090
dgreene@bakerlaw.com

C. Shawn Cleveland
BAKER & HOSTETLER LLP
2850 N. Harwood Street, Suite 1100
Dallas, TX 75201
Tel: 214.210.1200
scleveland@bakerlaw.com

*Counsel for Defendants Remi Barbier and Lindsay Burns*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 20, 2026, a true and correct copy of the foregoing was served electronically upon each attorney of record.

/s/ *Gregg Costa*
Gregg Costa