# Exhibit B

WARNING!

THIS ROUGH DRAFT OF THE PROCEEDINGS HAS NOT BEEN CERTIFIED. THE ROUGH DRAFT TRANSCRIPT MAY NOT BE CITED OR USED IN ANY WAY OR AT ANY TIME TO REBUT OR CONTRADICT THE CERTIFIED TRANSCRIPTION OF PROCEEDINGS. THERE WILL BE DISCREPANCIES BETWEEN THIS FORM AND THE FINAL FORM BECAUSE THIS ROUGH DRAFT HAS NOT BEEN FINALIZED, BOUND, OR CERTIFIED. THERE WILL ALSO BE A DISCREPANCY IN PAGE NUMBERS APPEARING ON THE EDITED ROUGH DRAFT AND THE PROOFREAD, CORRECTED, AND CERTIFIED FINAL.

P-R-O-C-E-E-D-I-N-G-S

*(Open court.)*

COURT SECURITY OFFICER: All rise.

THE COURT: Thank you. Please be seated.

DEPUTY CLERK: For a scheduling conference, the Court calls case 1:21-CV-751 in re: Cassava Sciences Securities Litigation and 1:24-CV-1525, Carlos Perez-Cotapos Ugarte versus Cassava Sciences, Incorporated, et al.

THE COURT: Good afternoon, everyone. Nice to see some familiar faces over here.

And for counsel for the Plaintiffs, are counsel for the Plaintiffs here from the consolidated action?

MR. LAVELLE: They are, yes.

THE COURT: If you would like to make your appearance first.

MR. LAVELLE: Kevin Lavelle from Robbins, Gellar on behalf of the consolidated action.

THE COURT: Thank you, sir. And do you plan to make arguments today?

MR. LAVELLE: Certainly for the Plaintiffs' position.

THE COURT: Okay. And for the Plaintiffs in the Ugarte matter?

MR. MITCHELL: Good afternoon, Your Honor, Luc Mitchell for the Ugarte plaintiffs.

THE COURT: Thank you.

And Mr. Bronstein would you like to make an appearance as well.

MR. BRONSTEIN: Peretz Bronstein on behalf of the Ugarte Plaintiffs. My colleague will be speaking.

THE COURT: I didn't hear the last part.

MR. BRONSTEIN: I am not going to be speaking, Your Honor.

THE COURT: Okay. Thank you. Very good. Subpoenas we don't have a court reporter in this courtroom.

So when you do get to the point of making arguments, if you can get in front of the make, you the use the tabletop lecterns or come to the center but we need you to come to the reporting system even if I can hear you.

Next.

MS. LOSEMAN: Good morning, Monica Loseman from Gibson, Dunn on behalf of Cassava Sciences, the Defendant, Eric Schoen; and I'm here with my colleague, Scott Campbell.

THE COURT: Good afternoon.

MR. TAYLOR: Good afternoon. Zachary Taylor

from Baker Hostetler on behalf of Defendants Lindsay Burns and Remi Barbier.

THE COURT: Okay. Thank you. And do you plan to make arguments as well?

MR. TAYLOR: I do not.

THE COURT: Okay. Thank you very much.

All right. Well, we have a couple of different pending motions and we're here primarily obviously for a Scheduling Conference to talk about what motions or what amended briefs could be filed, what schedule the parties want given the Fifth Circuit rule order that issued since we've done -- set the Scheduling Conference, for example, and nothing has happened in the case, really.

So I think for the first pending motion is Plaintiffs' motion to approve the settlement, the consolidated action, which I think should be addressed by Mr. Lavelle.

MR. LAVELLE: I think that's fair to say.

Thank you, Your Honor.

So it's our position that the Fifth Circuit opinion doesn't really change the fact that we still have a binding settlement agreement with the company, one of the individual Defendants, that also resolves the case fully as to all Defendants.

From our perspective, the Fifth Circuit opinion certainly cannot be ignored, but we're certainly in a posture where we have a precertification settlement, which is not uncommon in these types of actions.

So, from our view, the Fifth Circuit opinion -- everything raised in it has already been fully briefed and is in front of the Court by the parties in -- in connection with their classification papers. Really, the Fifth Circuit just asked to see a little bit more work, is our reading from it.

So in our view, there are different ways that the Court could resolve this issue and move forward. Principally, it could, you know, issue a revised opinion and we move forward, or it could also conceivably address the issues that the Fifth Circuit rose in a settlement approval order which, of course, needs to address Rule 23.

So there are various tasks forward from our perspective, and of course we would be interested in whatever guidance the Court might provide us going forward. But we feel like the work has really already been done.

The issues of market efficiency, like I said, have been fully briefed in the class certification

papers and the Fifth Circuit opinion of course took no position on that issue. So that is -- that is currently our thinking.

THE COURT: So is it -- is it your position that there needs to be no more briefing or motion practice at this time?

MR. LAVELLE: Unless the Court requests it, from our perspective, that those issues have been fully briefed, you know, the two in particular that the Fifth Circuit noted in its order had to do with stock price movements and short positions.

Of course, you know, both of those issues were, again, fully briefed in our papers and as a whole, we think that we showed overwhelming evidence of market efficiency, in any event, that were of course -- now outweigh any evidence of Defendants' contrary arguments, which we think we also sufficiently addressed and demonstrated that they, if anything, showed that the market was efficient and did not take away from that showing.

THE COURT: So without any more briefing, is there any -- there is no sort of schedule or anything that you would like to see? You just believe Judge Ezra should move on to what? What should Judge Ezra do next from your perspective?

MR. LAVELLE: Well, address the Fifth Circuit opinion in some form -- one form or another, whether give a revised opinion, given that everything is in front of him in a prior briefing, or in a settlement approval order that does address the concerns that the Fifth Circuit raised in his analysis of Rule 23.

THE COURT: Okay. And I know that your parties didn't take your client -- you didn't take part in the Scheduling conference with the Ugarte Plaintiffs and the Defense, that's correct?

MR. LAVELLE: That's correct.

THE COURT: Okay. So do you have any position on when and how Judge Ezra should probably, you know, probably on the outcome -- but how Judge Ezra should take up the Defendants' objection to my order of consolidation, or you have no position at all because it you would your position is this has no bearing on your case. Is that right?

MR. LAVELLE: No. I think we did oppose consolidation, and our position hasn't changed on that issue. We will continue to oppose it on the same grounds. I think from our perspective, you know, we still have a premotion to dismiss case on the Ugarte matter, versus a settled action in our case.

THE COURT: Okay. All right. Anything

further, Mr. Lavelle that, you'd like to be heard on?

MR. LAVELLE: Not unless you have any questions.

THE COURT: Not at this time.

MR. LAVELLE: Thank you, Your Honor.

THE COURT: So I think we should probably move on to the Defendants' motion, the objection to the order -- to my order denying consolidation. And then we'll hear from the Ugarte Plaintiffs, from Mr. Mitchell.

MS. LOSEMAN: Thank you very much, Your Honor, and if I -- if I might, I might start on our view of the motion of preliminary approval of the settlement, just briefly, if that's all right, Your Honor.

THE COURT: Sure. You can go in any order you'd like.

MS. LOSEMAN: Okay. Thank you very much.

So as Your Honor is aware, last Friday the Fifth Circuit issued its mandate vacating the order certifying the class here.

And as we think Judge Ezra anticipated at the July conference, that decision does have significant implications for, really, all of the pending motions before the Court now.

So with respect to the motion for

preliminary approval -- and it is our view that that decision needs to be addressed by Judge Ezra first -- most significantly, that motion for preliminary approval of the settlement, indeed the proposed order is premised -- it's based entirely on the now vacated class certification order. Specifically, the motion requires, as do the rules defines the defined class can be certified under Rule 23.

There is no support under the motion or the proposed order preliminary approving that settlement for that finding -- for that class certification finding other than the Court's order which has now been vacated.

So, accordingly, it is our view that the motion cannot be granted. Really, for the same reasons the Fifth Circuit found it has jurisdiction to consider the appeal, even over Plaintiffs' mootness objection to the appeal, we did not agree, for example, that class certification was likely or even that it would not be -- we would not contest it.

Quite the opposite. The parties expressly agreed that the appeal would continue, that the contingent -- that the settlement was essentially contingent on the Fifth Circuit's outcome on the class certification review.

And the Fifth Circuit agreed. That's why

they found the appeal was not moot, and it moved on to address the merits.

So from our position -- or from our view, we are essentially back to the drawing board on class certification. There is no basis to approve it on the existing record.

We suspect that, if the motion for preliminary approval is denied, Plaintiffs may change their tune and may want to supplement the record on class certification. Of course, we would want to oppose any new evidence they introduce.

But even assuming the evidentiary record stands, we would argue that an evidentiary hearing is warranted on these very unusual circumstances, given the factual -- the facts that the Court needs to balance per the Fifth Circuit's order and guidance there.

THE COURT: Okay. Ms. Loseman, I'm going to take you back just a step. So this is a change in fact confidents' position since you files a joint status report, right, well before the Fifth Circuit opinion but now the Defendants didn't -- previously they thought the objections should be taken up first.

But now if Defendants agree with Mr. Lavelle that the motion for preliminary approval should be taken up first?

MS. LOSEMAN: That's right, Your Honor and, candidly, it was driven entirely upon the Fifth Circuit decision.

Upon reading that, it was a vacated -- it vacated the entire class cert order, and we feel that the parties are back at square one on the class cert dispute.

So given that, we think it's appropriate for the Court to consider that motion first.

THE COURT: Okay. And contrary to Mr. Lavelle's view, that all of the issues that were considered by the Fifth Circuit specifically on the -- I think it's the meme stocks, the predominance, the efficient -- the market efficiency arguments, you believe an evidentiary hearing should be held on certification?

MS. LOSEMAN: We do, Your Honor, at the very least.

Even if there is not any evidence submitted, at the very least, we do think it would be appropriate for the District Court to hear from both sides' experts and to the opportunity to really test the conclusions of each sides' experts on those key issues in terms of what is consistent and what is inconsistent with the finding of market efficiency for the proposed class period.

THE COURT: And forgive me for not knowing this with these extensive documents -- dockets in this case and the two cases. Was an evidentiary hearing held in the first instance?

MS. LOSEMAN: There was no evidentiary hearing, Your Honor.

THE COURT: Thank you.

MS. LOSEMAN: Yes.

So, Your Honor, we would propose -- I think it could be helpful for Judge Ezra to have the parties views --

Because I'm hearing from counsel we may have different views on the impact of the Fifth Circuit order, we would propose very short, focused supplemental briefing for Judge Ezra with respect to the impact the Fifth Circuit's decision has on the pending afore motion for preliminary approval.

We can do that in very short order. I'd submit we could even do a joint submission, if that would be easier for the Court. And I think we could do that by next Friday, I mean, certainly get it all briefed and teed up before the Thanksgiving holiday, with the hope that that might even leave Judge Ezra time to rule before the end of the calendar year on that motion. So that might be an orderly way to handle that.

On the consolidation objection, as Your Honor knows, we filed an objection to that order. We believe the objection should be addressed next by Judge Ezra, so second on our sort of list of to-dos here.

As Your Honor, of Course, will recall the two primary bases for denying consolidation were the different procedural stages of the case. With the consolidated case being at the settlement stage and the Ugarte case being at the pleading stage, and the potential prejudice of the Plaintiffs that may result from the consolidation in those circumstances.

Now, it is our view that because the motion for preliminary approval of the settlement now lacks foundation and cannot be granted, similarly, the consolidation decision needs to be revisited.

We think the bases for not granting the motion to consolidate have essentially evaporated as a result of the Fifth Circuit's ruling and new guidance on class certification and so --

THE COURT: Well, I have that order here in front of me here, and there were additional bases, including that the class periods were different.

MS. LOSEMAN: Yes, and, Your Honor, I don't mean to diminish the other -- the other reasons that

consolidation was denied.

But for that reason, I think it may, again, make sense to allow all of the parties to submit some supplemental briefing, again, very focused on the impact of the Fifth Circuit order on the consolidation decision.

Again, we can do that in very short order, something like -- maybe within 7 to 14 days on Judge Ezra's ruling for motion for preliminary approval.

We'd like to start getting things going on so perhaps deadlines keyed off those decisions might be helpful.

THE COURT: Do you think that they need to Be done Seriatim, or could all the briefing be submitted together, and then Judge Ezra can address them assuming in the order the parties are proposing?

MS. LOSEMAN: Yeah, Your Honor, I don't understand why we couldn't submit believing on both questions simultaneously and we would be open in doing so.

THE COURT: That sounds more efficient to me and that leaves I believe the motion to dismiss in Ugarte?

MS. LOSEMAN: Yes, in the motion to dismiss on Ugarte we think would be next in line in terms of the

procedural process here. As I'm sure Your Honor recalls, Judge Ezra denied our motion to dismiss with leave to refile. Makes sense if consolidation is likely.

It doesn't make sense for Judge Ezra to go through the motion to dismiss process or pending on that pending motion. So we would bring motion to dismiss if the matter is not consolidated.

We could either meet and confer after a ruling on the consolidation issue and submit for the Court approval for briefing on that motion to dismiss and we could maybe agree to do that within 7 days so the Court has a short proposed schedule in an enveloping order just so if that makes sense.

THE COURT: Just to look at your proposal, you would can meet and confer in our proposed Scheduling Order within 7 to 14 days of Judge Ezra's order -- on the objection to denial of consolidation?

MS. LOSEMAN: Yes, that's right, Your Honor.

THE COURT: Thank you. I want to make sure my notes are clear.

All right. Anything else?

MS. LOSEMAN: As for the remaining matters in the consolidated case, I think it's probably too early to discuss the schedule for renewed class certification

briefing, but we would propose -- if the Court is inclined to order some deadline to keep this sort of on pace, that it be keyed off of resolution of the consolidation question. And the parties can meet and confer and discuss a briefing schedule or further evidentiary or expert or fact development deadlines, if necessary.

THE COURT: I will talk to the other parties, but I agree with you that it would be premature to go beyond these two motions and what you proposed in terms of the parties coming up with a schedule for the Motion to Dismiss after the order by Judge Ezra on my objection.

MS. LOSEMAN: Okay. Thank you, Your Honor.

THE COURT: Does that cover everything?

MS. LOSEMAN: That covers everything I have. Thank you.

THE COURT: All right. Thank you.

Okay. It's your turn, Mr. Mitchell.

MR. MITCHELL: Thank you, Your Honor.

Well, up until about four and a half hours ago, we thought that the path forward was very simple, that the Fifth Circuit's ruling clarified the path forward and mooted the scheduling disagreement between the parties.

Up until this morning the Defendants' position had been, as Your Honor recognized, that the Court should decide our motion to view sealed documents. Then the Fifth Circuit should rule and them the Court, Judge Ezra should decide consolidation. And they put this very clearly in the joint letter. This is ECF Number 109 at Paragraph 7.

THE COURT: And the first two things didn't happen, right?

MR. MITCHELL: That's correct, Your Honor, which as Defendants put it in a joint letter: It clears the way for Judge Ezra to decide consolidation.

Yesterday the Defendants called us asking for a phone call. They didn't tell us what the phone call was other than generally it was about this conference, and literally I got that email as I was boarding a flight to Austin.

We set the call for 10:00 o'clock this morning. And so on the call, they told us for the first time that they want to switch the order of operations that they agreed to in the joint letter.

That, as you've just heard from them, they want to hear the motion for preliminary approval -- or motion for preliminary approval of settlement and then go to consolidation. And they also told us for the

first time that they want to have supplemental briefing on consolidation.

Now, they could have -- the basis for this, as they've just explained was the Fifth Circuit's ruling. The Fifth Circuit's ruling came down a month ago, on October 16. So at any point between October 16 and today they could have reached out to us and explained that they had a changed position.

Instead, they waited until four hour before the hearing to tell us this. And this is exactly what Judge Ezra asked the parties to not do.

In the order, ECF number 99 in the Ugarte action, and Number 93 in the consolidated action Number 3, he says, quote: The Court urges the parties to agree to brief schedule for the briefing and disposition of the pending matters that count for both potential outcomes at the Fifth Circuit.

Now, the Defendants knew that desert cation was a possibility. In fact, we just heard Ms. Loseman say, quote, we did not agree that class -- we did not agree that class certification was likely. They believed that desert cation was very likely. That's exactly what they were asking for.

But despite Judge Ezra telling the parties to agree -- to give a schedule that accounted for both

possibilities at the Fifth Circuit, they have now come back today, this morning and said, because of the Fifth Circuit, they want to switch their schedule.

Now, that's improper and they should not be allowed to do this at the very last minute.

With that said, I'm also prepared to discuss with the Court why the court should not wait, why it should decide consolidation now, why it should not wait for the -- to do the motion for preliminary approval of settlement first and why the Fifth Circuit decision has nothing to do with your option to Your Honor's order?

THE COURT: Yes. Thank you. I said I'd like to hear your arguments and I think even though the parties had the positions that they took in the joint advisory.

And I understand your position about the timing, I think ultimately Judge Ezra had made the decision how you should precede -- or which order you should proceed from here and the remaining schedule, so I think it remained an open schedule until today and whenever I issue my order, so.

MR. MITCHELL: Absolutely, Your Honor. The order is in your hands, but procedurally, the Defendants should not have waited until the -- almost literally the last hour before making their change. And it is also a

change that Judge Ezra essentially instructed them not to do.

They were in -- in the join letter that we filed, they were account to require for both outcomes of the Fifth Circuit. They got their wish at the Fifth Circuit, but they now say that somehow changes the schedule that accounts for both outcomes.

THE COURT: Yes sir.

MR. MITCHELL: Would you like me to proceed?

THE COURT: Yes, sir.

MR. MITCHELL: Thank you.

And so the bases -- there's both there's two bases -- two overarching bases why the Fifth Circuit ordered opinion has nothing to do and does not impact Judge Ezra's opinion on consolidation and the four overarching bases are procedure and relevance, and Your Honor probably saw some of these in ECF 109 in the Ugarte action.

But the first reason -- the first procedural reason why the Fifth Circuit opinion is irrelevant is because consolidation -- the Defendants are no longer writing their arguments on a blank slate. They filed their motion. Your Honor denied it. And now they've filed an objection.

The only question for Judge Ezra on that

objection is whether Your Honor's order was clearly erroneous or contrary to law. He is not deciding the procedural factors again. He's deciding clearly erroneous, contrary to law. And this questions is about the order at the time it was issued.

The Federal Rules of Civil Procedure do not invest Judge Ezra with the province to overrule the order merely because he thinks that had Your Honor decided at three and a half months later, Your Honor might have come out with a different conclusion, but that's what the Defendants are asking.

In a portion of their joint letter, the Defendants sought to shoehorn their argument into a legal standard writing that, quote: The Fifth Circuit's decision is binding law.

That's ECF 109 Ugarte, at 6. Technically -- literally speaking, this is a correct statement. But every Fifth Circuit opinion, every Supreme Court decision is a binding -- is a decision of binding law.

So the salient issue is whether there is a nexus between the binding law in the Fifth Circuit's opinion and the Court's decision on consolidation.

There is not -- the Fifth Circuit's decision changed the procedural posture slightly of the consolidated action but that's an issue of fact. That's

a factual issue. It has nothing to do with whether Your Honor's issue was erroneous or contrary to law.

And the second procedural issue -- and I have a demonstrative here, if I may. (indicating).

THE COURT: Sure.

MR. MITCHELL: Thank you.

So you can see this is a timeline of the objection and consolidation action and consolidation action of the Ugarte issue and what I wanted to address here is about the -- the interplay between the timelines.

As the demonstrative shows, the Fifth Circuit battle began more than a year ago, certification was granted on August 5th, 2025, and the Defendants appealed just under a month later, on December 2nd, 2025.

Then, two weeks later, two weeks after they appealed consolidation, they filed their motion to consolidate in Ugarte. The briefing went on. We filed an opposition. They filed their reply.

None of this ever mentioned the pending Fifth Circuit appeal over certification.

So during the entirety of the dispute over consolidation, they could have come to the Court, they could have argued that the procedural posture is

uncertain because the consolidated action might become decertified.

They didn't do that. The very first time they ever mentioned the nature -- the potential impact of the Fifth Circuit opinion on consolidation was after Your Honor denied consolidation, 315 days after they had appealed in their objection to Your Honor's order.

So this means two things. It means the relationship between decertification and consolidation is a forfeited argument.

They had a year to bring this argument. They had a year to say, look, the Fifth Circuit might decertify. That would bring us back to an earlier procedural posture in the consolidated action; and, therefore, we should look at the interplay between the procedural postures in that light. They never did that.

They can't now go rooting around in the basket of arguments they wish they'd made to just come up with another reason to relitigate an issue that they lost.

And the second thing that it means is that decertification has no bearing on whether Your Honor's order was clearly erroneous or contrary to law.

Having not raised what was a very real prospect, what -- again, they told us what they believed

was a very real prospect, the Defendants cannot now claim that Your Honor's failure to consider an argument that they never made makes Your Honor's ruling clearly erroneous and contrary -- or contrary to law.

And so those are the procedural reasons why the Court should not grant another round of supplemental briefing on an issue that the Defendants already lost.

There are issues about relevance. The Defendants have offered a shifting explanation for why the Fifth Circuit's ruling might impact the consolidation.

They offered one reason in their objection. That's the one that we can see on the demonstrative. They've now abandoned that. Now, they have moved on to another one by saying the procedural postures are closer together.

So their current claim is that the consolidated action is now at an earlier procedural stage and that these differing postures is one of the reasons why Your Honor denied consolidation.

THE COURT: I think your argument in the -- in the joint advisory was that early erred mean doesn't mean early, correct?

MR. MITCHELL: Almost a direct quote, Your Honor. In fact, it might be verbatim.

And we just heard that from Mr. Lavelle, that right now -- we're -- the consolidated action isn't an earlier action. It's not going back to drawing board doing discovery, pursuing the claims that are in the Ugarte action.

None of that is happening. It's just moving on to another fight over class certification, potentially the post decertification impact of -- and whether the settlement agreement is still valid after decertification.

So we're still at a very advanced stage in the consolidated action where they're talking about -- where they're still talking about class certification and where they're still talking about settlement.

In Ugarte, the motions to dismiss hasn't been decided. Technically speaking, they're not on the docket right now. So we still have one case that is at a very early procedural stage, Ugarte, and another case at a very advanced procedural stage in the consolidated action.

And so I'm just -- the last thing I would add there is, again, consolidation would come -- it would still give no vehicle for the Ugarte Plaintiffs to advance their claim when you go into an action that's talking about class certification, that's talking about

settlement, and that's had very little discovery into any claims, let alone ours.

So unless you have any questions, Your Honor.

THE COURT: I do have a question. So what the -- I think that the -- well, let's say, Mr. Lavelle, the consolidated action, Plaintiffs' position is that no further briefing is necessary at this time.

Do I understand that correctly, Mr. Lavelle?

MR. LAVELLE: That's correct, Your Honor.

THE COURT: Thank you, sir.

Okay. And the Defendants say in some short supplemental briefing couldn't take that long simultaneously on both of the pending motions -- on the now pending motions, what --

Other than some time -- the time and cost of preparing a short supplemental round of briefing, what would be the harm or prejudice to the Ugarte Plaintiffs from expressing this in a brief, from -- that their position that the argument is waived?

MR. MITCHELL: I think it's partly redundant, Your Honor, because this is already expressed in the letter from which we have been quoting, at ECF Number 109.

The other dangers, I would say, are that

they're seeking to -- they're not using the supplemental briefing to attack the legal standards -- or to show why their argument fits into the legal standard.

They're trying to redo -- they're trying to relitigate consolidation. And they want a second -- a third bite at the apple, despite the fact that the issue has been considerably narrower -- narrowed under the use of Rule 72 standard.

And, in fact, on the call this morning, the Defendants suggested that they don't see themselves bound by that -- by the clearly erroneous or contrary to law standard because they're saying that the facts have shifted.

That's just not true, and they shouldn't have the chance to make that argument again based on an argument that they had a year to make.

They have already done a spectacular job of slowing down the Ugarte action. It has been slowed down by a year because of consolidation. And you can hear them saying that again, We're -- Well, first, you shouldn't even deal with consolidation until there is -- until you deal with the preliminary approval settlement. That involves a hearing, supplemental briefing.

So they're trying to push it, you know, multiple months down the road before we even get to the

this round of supplemental briefing which has absolutely no bearing on the relevant standard and that should just be shot down, and this case move on to the motion to dismiss.

THE COURT: So I assume that you take no position -- in being in the position of the Ugarte Plaintiffs, you would take no position in which order Judge Ezra should proceed with regard to the motion to approve the settlement and then the objection to my order or --

MR. MITCHELL: With the caveat that we do not believe that Judge Ezra should wait to decide the motion for preliminary approval before moving on to consolidation.

If Judge Ezra is deciding because of his timing and efficiency, it makes sense to do one before the other, absolutely. But we don't think he should intentionally wait to decide for preliminary approval before moving on to consolidation.

THE COURT: Okay. Thank you.

And what about Ms. Loseman's proposal on motions to dismiss? Would you -- well, they're dismissed now without prejudice -- or denied without prejudice.

So would you agree with -- that the parties

could meet and confer to determine the schedule for briefing those within a week after Judge Ezra decides the objection to my order denying consolidation?

MR. MITCHELL: Absolutely, Your Honor.

THE COURT: Okay. All right. Well, obviously there are a lot of moving parts to these issues.

What else would the Ugarte Plaintiffs want from the Court at this time?

MR. MITCHELL: That's it from us at this time.

THE COURT: Thank you, sir.

MR. MITCHELL: Thank you.

THE COURT: So I think Ms. Loseman can respond to some of your arguments at this time if she chooses to do so --

MS. LOSEMAN: I would like to. Thank you, Your Honor.

THE COURT: -- some or all of them.

MS. LOSEMAN: Do you prefer the podium?

THE COURT: Whatever you prefer.

MS. LOSEMAN: I'll just go here.

Thank you, Your Honor.

First, just briefly on what I heard my colleague state was our effort to delay the Ugarte proceeding, just for the record, we moved to dismiss.

We are very eager to see a decision on that

motion to dismiss when it is refiled. We are, I think, sharing an interest of an efficient resolution of this matter. I just want that to be clear.

And, two, in terms of the impact of the Fifth Circuit's order, you know, despite our best efforts to imagine the outcome of the Fifth Circuit, imagine the various potential outcomes from the Fifth Circuit and work that into our briefing -- and I don't want to betray perhaps my personal expectations -- suffice it to say, it is one thing to imagine those outcomes. It is quite another to read the Fifth Circuit's opinion.

And so we endeavored to read the Fifth Circuit's opinion and really think through it in a critical way and understand the ways in which it impacts both of these proceedings.

This isn't just a Rule 72 issue on the consolidation. The law of the case has changed, and there is case law on that that we look forward to briefing.

I think, if anything I gathered from Plaintiffs' counsel's presentation, is that the Court very much, I think, would benefit from supplemental briefing on the parties' positions of the impact of the Fifth Circuit order that we all now have in hand, and

the impact on the pending matters before the Court. So --

THE COURT: Well, Ms. Loseman, I think Mr. Mitchell is accurate when he says that that wasn't really raised -- the impact of the pending appeal wasn't raised during the consolidation briefing, if I understood that correctly.

So do you want to respond to his argument, that this is waived, and that there should be no more briefing on it?

MS. LOSEMAN: I don't think it has been waived at all. The Fifth Circuit ruling on the class certification -- sorry, just to clarify, Your Honor, that's --

THE COURT: Right, that the appeal didn't -- wasn't raised during the consolidation briefing, if I understand that correctly?

MS. LOSEMAN: I don't think it was raised because we had a motion for preliminary approval that assumed it could be approved if the class certification order was upheld by the Fifth Circuit.

So that was the linchpin issue. I think it was always the linchpin issue. It wasn't that there was some -- we somehow waived it by not pointing directly to the Fifth Circuit's appeal of the class certification

issue.

Again, we would be happy to brief that and put all of that in broader context, because I think there are developments that occurred throughout the proceeding that explain the timeline and why we moved what we argued when we did.

So we would be happy to address that in supplemental briefing, Your Honor.

In terms of the -- I want to address just briefly the discussions that we had with both Plaintiffs' counsel this week.

The mandate did not issue, Your Honor, until last Friday. We assumed that Robbins, Gellar may seek en-banc review of the decision on behalf of the consolidated class.

When we saw the mandate issue, we reached out to Plaintiffs' counsel this week to have these discussions and talk about what was just an orderly resolution of the pending motions that we would propose to the Court.

We do -- I just want to underscore, I think, if anything has been proven today, is the Court would benefit from supplemental briefing.

I think we could do it in one shot, explain our views of how both -- how the Fifth Circuit's

decision impacts both decision for preliminary approval and the consolidation issue, Your Honor.

THE COURT: And has the time for requesting en-banc review expired?

MS. LOSEMAN: It has, Your Honor.

And thank you.

THE COURT: And so granted -- and I'll -- I can hear from Plaintiffs again -- even though there are certainly strong arguments on the other side, I think if I were in Judge Ezra's position, I agree, that I would like the benefit of at least some short, additional briefing.

With Thanksgiving coming up, it seems like it might be a short of a short deadline to ask people to get that done within a week. But if it's --

I'll hear from Plaintiffs how long that they would prefer, given their position that they don't think any additional briefing should be necessary, but what would be their preference and what page length are you considering?

MS. LOSEMAN: I think if we're to address both issues in one brief, I would think 12 pages should be sufficient, Your Honor, for each party. And, again, I was proposing next Friday just in an effort to do what we can to get these proceedings moving.

If more time is necessary, we certainly wouldn't object to that.

THE COURT: Okay. And I -- I'll hear from the Plaintiffs as well. I don't know that both the Plaintiffs would want to file briefs on both motions, so it might need two separate motions.

But if you're saying 12 pages total for both, and then we just do a brief response and leave it at that; two rounds.

MS. LOSEMAN: I think that would be sufficient, your Honor.

THE COURT: Okay. All right. Thank you.

So Mr. Lavelle, would you like to address any time frame or page request for briefing?

MR. LAVELLE: Sure.

I think -- as I expressed before, the class certification issues have been briefed ad nauseam. There was full briefing, a surreply, a response to a surreply, as you know.

You know, I think we probably need less than six pages on the class certification that Ms. Loseman was alluding to, I think we can get it done faster than that -- or a shorter page limitation than that.

In terms of when that all can be filed, Your Honor, Your Honor, thanks for -- I don't want to

put anyone in a jam, but we're, you know, happy to move the case along, you know, especially if we're talking about a very short targeted briefs, and I think that we would also weigh in on the consolidation issue.

THE COURT: So you'd like to address both motions?

MR. LAVELLE: Yes, then separately or together, however the Court wishes to proceed.

THE COURT: Okay. So you are also committing to a week from Friday?

MR. LAVELLE: If that's what -- a week from Friday, so a week from tomorrow?

THE COURT: The 20th?

MR. LAVELLE: Yes, yes. If that's what the Court would prefer, I think we can do that, or if we can get it done right after Thanksgiving; either way.

THE COURT: Okay. Having been in practice myself for quite a few years before I took the bench, I don't want to ruin anybody's holidays, so that that's why I tend to be a little more generous with timing if it' requested.

MR. LAVELLE: Yes, Your Honor.

And so I think if it is going to be a very short, targeted brief, we can get it done Friday. But if it's going to expand, then perhaps after Thanksgiving

would be more prudent.

THE COURT: And then perhaps two -- two weeks, if the -- the holiday falls right in the middle. Two weeks for a response?

MR. LAVELLE: That would be fair.

THE COURT: Okay. All right. So Mr. --

Thank you, sir.

Mr. Mitchell.

MR. MITCHELL: Yes, Your Honor, I think we can make that work.

THE COURT: The timing of Friday -- a week from tomorrow?

MR. MITCHELL: Yes, we can, Your Honor.

THE COURT: And you'll just be addressing the motion?

MR. MITCHELL: Yes. We will also be responding to the order of the objection versus the motion for preliminary approval, but I don't anticipate that being particularly in depth.

THE COURT: Okay. Great. Thank you.

MR. MITCHELL: Thank you.

THE COURT: Well, tell your associates your colleagues subjected this timeline. It wasn't me. But I think everybody is indicating they can get this done by a week from tomorrow, but how -- I think Ms. Loseman

said they need fewer pages.

Would ten pages be sufficient to address both issues?

MS. LOSEMAN: Ten pages would be sufficient. Thank you.

THE COURT: Thank you.

I think that will be helpful for Judge Ezra when it can generally be more.

So we'll do -- order -- each of you has until November 20th to submit a ten-page brief on the two pending motions and to the extent you want to address those two.

And then each party will have two weeks for a reply. I'd probably limit that to about six pages just so that you have room to saying. I'm not -- sorry, for a response brief. I don't think we need a reply round at this point.

But I'm not aware of anything else that we need to take up in this hearing today, taking up the suggestion that the briefing as may occur on the motions to dismiss can be taken up by the parties after Judge Ezra rules on my order -- the objection to my order denying consolidation.

Do either of the Plaintiffs disagree with that proposal?

Mr. Lavelle, I don't think you've had an opportunity to comment on it.

MR. LAVELLE: I don't disagree.

THE COURT: Thank you.

And you were on board with that, Mr. Mitchell?

MR. MITCHELL: Yes, Your Honor.

THE COURT: Okay. So I will ask the Counsel now.

Is there anything else you want to take up before we adjourn.

Mr. Lavelle?

MR. LAVELLE: No, Your Honor.

THE COURT: Mr. Mitchell?

MR. MITCHELL: No, Your Honor.

THE COURT: And Ms. Loseman?

MS. LOSEMAN: No, Your Honor.

THE COURT: Okay. Great. Thank you once again. I know it's a difficult case. I appreciate your being so well prepared in the hearing today and taking the time to come to Austin.

We're adjourned.