**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CARLOS PÉREZ-COTAPOS UGARTE, MARIA ISABEL URETA BAZÁN, CARLOS PÉREZ-COTAPOS SUBERCASEAUX, INVERSIONES ANE MIREN LIMITADA, SHERYL GROVE, and HOORIEH ALAGHEMAND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER, RICHARD JON BARRY, LINDSAY BURNS, JAMES W. KUPIEC, and ERIC SCHOEN,<br><br>Defendants. | Case No. 1:24-cv-01525-DAE |
| *In re Cassava Sciences Inc. Securities Litigation* | Case No. 1:21-cv-00751-DAE |

**_UGARTE_ PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING CONSOLIDATION**

# TABLE OF CONTENTS


PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 3

I. DEFENDANTS ARE PROCEDURALLY BARRED FROM USING THE FIFTH CIRCUIT'S DECISION TO RELITIGATE CONSOLIDATION ........ 3

A. The Fifth Circuit's Opinion Is Irrelevant To The Sole Consolidation-Related Question Before The Court ........ 3

B. Defendants Have Forfeited The Argument That The Fifth Circuit's Opinion Bears On Consolidation ........ 5

II. THE FIFTH CIRCUIT'S VACATUR DOES NOT CHANGE THE MAGISTRATE JUDGE'S CALCULUS IN DENYING CONSOLIDATION ........ 7

A. The Different Procedural Postures Of The Two Cases Still Precludes Consolidation ........ 7

B. Consolidation Would Still Prejudice The Consolidated Plaintiffs' Rights ........ 8

C. Consolidation Would Still Prejudice The *Ugarte* Plaintiffs' Rights ........ 9

III. THE COURT SHOULD DECIDE CONSOLIDATION WITHOUT REGARD TO THE DISPUTE OVER SETTLEMENT ........ 10

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Am. Petroleum Inst. v. U.S. Dep't of Interior*,
2022 WL 1150813 (W.D. La. Apr. 18, 2022)....7

*Arrieta v. Yellow Transp.*,
2009 WL 129731 (N.D. Tex. Jan. 20, 2009) ....5

*Bogard ex rel. JCM v. Falkenberg*,
2021 WL 12300176 (W.D. Tex. July 30, 2021) ....3

*CFPB v. All Am. Check Cashing*,
2017 WL 11687937 (S.D. Miss. June 28, 2017) ....2, 3, 4

*Cupit v. Whitley*,
28 F.3d 532 (5th Cir. 1994) ....5

*Del Rio v. CrowdStrike, Inc.*,
2024 WL 5371988 (W.D. Tex. Nov. 6, 2024)....7, 8

*Freeman v. Cnty. of Bexar*,
142 F.3d 848 (5th Cir. 1998) ....2, 5, 6

*Jones v. Randles*,
2003 WL 22121061 (N.D. Tex. Sept. 12, 2003)....3

*Laitram Mach. v. Carnitech A/S*,
878 F. Supp. 65 (E.D. La. 1995)....3

*Moore v. Ford Motor Co.*,
755 F.3d 802 (5th Cir. 2014) ....3

*Murphy v. Verizon Commc'ns*,
2012 WL 13477914 (N.D. Tex. Aug. 3, 2012)....7

*SEC v. Commonwealth Advisors*,
2016 WL 1364141 (M.D. La. Apr. 6, 2016)....3

*Wellogix v. Accenture*,
2010 WL 11469762 (S.D. Tex. Dec. 20, 2010)....7

*White v. City of Hidalgo*,
2013 WL 4773974 (S.D. Tex. Sept. 4, 2013) ....2, 7

## Rules

Fed. R. Civ. P. 72(a) ....2, 3, 4, 5

Carlos Pérez-Cotapos Ugarte, Maria Isabel Ureta Bazán, Carlos Pérez-Cotapos Subercaseaux, Inversiones Ane Miren Limitada, Sheryl Grove, and Hoorieh Alaghemand (collectively, the "*Ugarte* plaintiffs") respectfully submit this Supplemental Memorandum of Law in Opposition to Defendants' Objection to the Magistrate Judge's Order Denying Consolidation.[1]

**PRELIMINARY STATEMENT**

In August of last year, the Court certified a class in the Consolidated Action, and Defendants promptly appealed to the Fifth Circuit. Separately, two weeks later, Defendants moved to consolidate *Ugarte* into the Consolidated Action. For the year that followed, the two different disputes in the two different cases followed two different paths: Defendants never once mentioned consolidation while appealing certification, and they never once mentioned certification while moving for consolidation.

A year later, the Magistrate Judge issued the Order denying consolidation. Defendants responded with a voluminous 20-page Objection, offering numerous arguments that they never raised in their original 8-page motion. One of these—the one at which this brief is addressed—was that the Fifth Circuit appeal, then still pending, mandated overturning the Magistrate Judge's Order. And, now that the Fifth Circuit has vacated the Court's order granting certification, Defendants repeat this eleventh-hour argument.

The Court should reject this argument as not only procedurally improper, but also irrelevant.

First, as to procedure, the Fifth Circuit's ruling has no bearing on the sole issue before the Court regarding consolidation: whether the Magistrate Judge's Order "is clearly erroneous or is

[1] The "Order" and the "Objection." The Order is docketed at ECF No. 92 in *Ugarte*, and ECF No. 384 in the Consolidated Action; the Objection is docketed at ECF No. 94 in *Ugarte*, and ECF No. 388 in the Consolidated Action. The "Consolidated Action" ("CA" in docket citations) refers to *In re Cassava Sciences Inc. Securities Litigation*, No. 1:21-cv-00751-DAE (W. D. Tex.).

contrary to law." Fed. R. Civ. P. 72(a). This determination is made by assessing the order "at the time it was entered," without regard to subsequent procedural developments. *CFPB v. All Am. Check Cashing*, 2017 WL 11687937, at *2 (S.D. Miss. June 28, 2017). It would therefore be improper for the Court to let later events weigh on its review of the Order.

Procedure also dictates that Defendants have forfeited their argument by never raising it during the year that preceded their Objection. It is axiomatic that "a party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998). The reason for this is clear. Objections, like appeals, are intended to narrow the issues in dispute, not provide parties with fora to raise a never-ending litany of new ones. Defendants had their shot; they cannot relitigate consolidation every time the procedural posture of the cases change, or every time a lightbulb above their heads heralds the arrival of a new argument.

Second, even could Defendants convince the Court to ignore the Federal Rules of Civil Procedure and longstanding Fifth Circuit precedent, a *de novo* review of the factors of procedural posture and prejudice in the light of the Fifth Circuit's opinion would compel the same outcome.

Even after the Fifth Circuit's decision, the cases remain at "different stages of preparation for trial." *White v. City of Hidalgo*, 2013 WL 4773974, at *2 (S.D. Tex. Sept. 4, 2013). Defendants argue that the Consolidated Action is now at "an earlier stage." But earlier does not mean early: The Consolidated Action is now litigating the post-vacatur validity of the settlement agreement, and another round of class certification. *Ugarte*, by contrast, awaits resolution of two motions to dismiss. The procedural postures are thus still well apart.

Similarly, consolidation would continue to prejudice the parties. For the consolidated plaintiffs, consolidation would threaten their ability to recertify the class and enforce the

settlement—all of a sudden, they would be handed another year and a half of claims that are expressly excluded from both the settlement, and their prior certification. And for the *Ugarte* plaintiffs, consolidation would threaten to force them into a class action where they fall outside the class period, where the plaintiffs have expressly disclaimed the desire to represent them, where no discovery into their claims has been conducted and none is forthcoming, and where Defendants view consolidation as a proxy for dismissal. That is the epitome of prejudice.

## ARGUMENT

### I. DEFENDANTS ARE PROCEDURALLY BARRED FROM USING THE FIFTH CIRCUIT'S DECISION TO RELITIGATE CONSOLIDATION

#### A. The Fifth Circuit's Opinion Is Irrelevant To The Sole Consolidation-Related Question Before The Court

As an initial matter, the Fifth Circuit's opinion is irrelevant to the sole issue that remains before the Court on consolidation: whether the Magistrate Judge's Order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). This determination is made by assessing the Order "***at the time it was entered***." *All Am. Check Cashing*, 2017 WL 11687937, at *2 (emphasis added); *Jones v. Randles*, 2003 WL 22121061, at *1 (N.D. Tex. Sept. 12, 2003) (same); *Bogard ex rel. JCM v. Falkenberg*, 2021 WL 12300176, at *2 (W.D. Tex. July 30, 2021) (same); *Moore v. Ford Motor Co.*, 755 F.3d 802, 808 n.15 (5th Cir. 2014) ("Under Rule 72(a), the district court is not permitted to receive further evidence" (quotation mark omitted)); *SEC v. Commonwealth Advisors*, 2016 WL 1364141, at *5 (M.D. La. Apr. 6, 2016) ("[T]he reviewing court may not consider evidence which was not before the MJ"); *Laitram Mach. v. Carnitech A/S*, 878 F. Supp. 65, 69 n.4 (E.D. La. 1995) ("Skrmetta made no effort to file this affidavit for the Magistrate Judge to review. Thus, on the record before him, the Magistrate Judge's decision was neither clearly erroneous or contrary to law.").

*All American Check Cashing* concerns a nearly identical attempt by the defendants to relitigate a magistrate judge's order after the procedural posture changed. There, the defendants filed a motion to stay based on their intention to file a motion for judgment on the pleadings. 2017 WL 11687937, at *1. The magistrate judge denied the motion to stay; in a decision "guided by the policies of justice and efficiency," he noted that defendants merely represented that they would file their motion for judgment on the pleadings, but had not actually yet done so. *Id.* Shortly afterwards, the defendants filed their motion for judgment on the pleadings and then objected to the order under Rule 72(a), arguing that the magistrate's reasoning had been obviated and "no longer supports denial of a stay." *Id.* at *2. The district judge declined to consider this argument, *expressly because* the posture had changed only *after* the magistrate judge ruled:

> This argument is not relevant to the issue before the Court, i.e. was [the magistrate judge]'s Order denying their Motion for Stay clearly erroneous or contrary to law at the time it was entered. Although the record shows that Defendants did file a dispositive motion after [the magistrate judge] denied their Motion to Stay, there has been no showing that the Court may consider this subsequent filing when considering whether [the magistrate judge]'s findings were clearly erroneous or contrary to law at the time those findings were made. Because there were no dispositive motions pending either at the time Defendants filed their Motion to Stay or at the time that Motion was denied, the Court finds that [the magistrate judge]'s decision to deny the requested stay was not clearly erroneous, contrary to law, or an abuse of discretion.

*Id.*

The issue before the court there was identical to the issue before the Court here. Here, as in there, Defendants are arguing that a later procedural development has obviated the basis for the Magistrate Judge's Order, and that the Order should thus be reversed. But there, as the Court should here, the court rejected even *consideration* of this argument, because the changed procedural posture came only *after* the magistrate judge issued the ruling.

At its core, Defendants' argument rests on the untenable proposition that their Rule 72(a)

Objection is not bound by the Rule 72(a) standard of review. The fact that Defendants feel compelled to invoke matters that were not before the Magistrate Judge—defying the purpose of such objections to narrow the issues in dispute—only highlights the weakness of their Objection.

**B. Defendants Have Forfeited The Argument That The Fifth Circuit's Opinion Bears On Consolidation**

The second procedural reason that Defendants may not relitigate consolidation with the Fifth Circuit's decision is that they have forfeited the argument. "[A] party has a duty to put its best foot forward before the Magistrate Judge—i.e., to spell out its arguments squarely and distinctly." *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994) (quotation marks omitted). Thus, "a party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman*, 142 F.3d at 851. The same holds true even when (unlike here) a party is entitled to *de novo* review, *Cupit*, 28 F.3d at 535 n.5, or moves for reconsideration, *Arrieta v. Yellow Transp.*, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009).

Here, Defendants had a year in which to impress upon the Court the purported importance of the Fifth Circuit's mandate. On August 12, 2025, the Court certified the class in the Consolidated Action. CA ECF No. 332. Defendants began their appeal 21 days later, with a 28-page brief to the Fifth Circuit. *In re Cassava Scis., Inc. Sec. Litig.*, No. 25-90021 (5th Cir.). Two weeks later, on September 18, 2025, Defendants moved to consolidate *Ugarte*. *Ugarte* ECF No. 58; CA ECF No. 338. In the year that followed, Defendants filed voluminous briefing on consolidation. *See Ugarte* ECF No. 95-3 (listing consolidation-related filings); CA ECF No. 389-3 (same). Yet none of this briefing so much as *mentioned* the Fifth Circuit appeal, let alone suggested that it may bear on consolidation.

Rather, the first time that Defendants offered the Fifth Circuit appeal as a basis for

consolidation came in their July 13, 2026, Objection: 315 days after moving for consolidation.[2] *Ugarte* ECF No. 94 at 2–3, 16–17; CA ECF No. 388 at 2–3, 16–17; *see* Ex. A (timeline of certification and consolidation). Defendants had a year to argue that the Fifth Circuit appeal bore on consolidation. They did not do so. "[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman*, 142 F.3d 848, 851 (5th Cir. 1998). That is precisely what Defendants have done.

At the November 12, 2026, scheduling conference, Defendants sought to justify their failure to make this argument earlier by claiming that they could not "imagine the various potential outcomes from the Fifth Circuit and work that into our briefing" without first reading it. Ex. B at 33:3–11. This is rebutted by Defendants' own words: Minutes earlier, they had told the Court that they always believed that the Fifth Circuit would decertify the class. *Id.* at 11:17–23 (when appeal was pending, "[w]e did not agree . . . that class certification was likely"). And, a month *before* the Fifth Circuit ruled, they expressly spelled out the very argument that they are making now regarding the purported effect of decertification on consolidation. *Ugarte* ECF No. 109 at 6 ("[I]f the Fifth Circuit reverses class certification, it will revert the Consolidated Action to an earlier stage and prevent the Court from approving the proposed settlement – the two primary bases for Judge Hightower's Order."); CA ECF No. 401 at 5 (same). They are thus arguing that they could not have foreseen an argument that they previously made.

---

[2] Even then, the argument that Defendants made is one they have now abandoned. Their argument as raised in their Objection was that if the Fifth Circuit decertified the class for a specific reason, the consolidated plaintiffs may need to expand their class period and thereby subsume *Ugarte*. *See Ugarte* ECF No. 109 at 8–9 (explaining argument); CA ECF No. 401 at 8–9 (same). After the *Ugarte* plaintiffs explained the weaknesses in this argument—not least that Defendants never asked the Fifth Circuit to decertify on this ground—Defendants never again mentioned it. The argument on which they now rely—that decertification places the Consolidated Action at an earlier procedural stage—was first advanced in the parties' request for a scheduling conference, on September 14, 2026. *Ugarte* ECF No. 109 at 5, 9; CA ECF No. 401 at 5, 9 (same).

## II. THE FIFTH CIRCUIT'S VACATUR DOES NOT CHANGE THE MAGISTRATE JUDGE'S CALCULUS IN DENYING CONSOLIDATION

### A. The Different Procedural Postures Of The Two Cases Still Precludes Consolidation

Even were it somehow proper for the Court to reassess the consolidation factor governing procedural posture, this factor would still preclude consolidation. This factor asks "whether the cases are at the same stage of preparation for trial." *Del Rio v. CrowdStrike, Inc.*, 2024 WL 5371988, at *1 (W.D. Tex. Nov. 6, 2024). Although the Defendants now argue that Fifth Circuit's opinion decertifying the class in the Consolidated Action "revert[s] the Consolidated Action to an earlier stage," this misses the point. *Ugarte* ECF No. 109 at 6; CA ECF No. 401 at 6. Even after decertification, the two cases remain at opposite ends of the procedural spectrum.

Indeed, Defendants have proffered no law suggesting that this factor militates against consolidation only when one case is at its earliest possible procedural juncture, and the other at its latest possible. It matters only that they be at "*different* stages." *White*, 2013 WL 4773974, at *2 (emphasis added). Courts routinely refuse to consolidate cases that are at substantially different procedural stages—even when the first-filed case still has unresolved issues. *See, e.g.*, *id.* (denying consolidation where "the instant case is approaching the deadline for dispositive motions, while the case which Plaintiff seeks to consolidate does not even have a scheduling order in effect"); *Wellogix v. Accenture*, 2010 WL 11469762, at *3 (S.D. Tex. Dec. 20, 2010) (consolidation denied when "the close of discovery is imminent in the present case, while Accenture has only just filed its Answer in Judge Lake's case"); *Am. Petroleum Inst. v. U.S. Dep't of Interior*, 2022 WL 1150813, at *4 (W.D. La. Apr. 18, 2022) (consolidation denied where first case resulted in a preliminary injunction and appeal, and second was filed five months later); *Murphy v. Verizon Commc'ns*, 2012 WL 13477914 (N.D. Tex. Aug. 3, 2012) (consolidation denied where "[w]hile [the cases] do arise out of a common nucleus of facts, they are at very different procedural stages.

In [the first], discovery has closed and there are pending motions for summary judgment. In contrast, in [the second], the parties are still in the earliest stages of pleading.").

The November 12 hearing only reinforced the extent to which the postures of the Consolidated Action and *Ugarte* remain apart. The parties to the Consolidated Action are now debating settlement and class certification. That case is unlikely to engage in further discovery, see summary judgment, or go to trial: Its viability hinges on the plaintiffs' ability to certify a class and enforce the settlement agreement. Ex. B at 6:20–7:24, 11:4–12:9. In *Ugarte*, by contrast, the parties are still waiting to litigate motions to dismiss. Assuming that these are denied, *Ugarte* will then move forward to document production and depositions on claims separate from the Consolidated Action; class certification of a separate class period; summary judgment; and trial. This is hardly "the same stage of preparation for trial." *Del Rio*, 2024 WL 5371988, at *1.

Put simply, earlier does not mean early: The considerations facing the parties in the Consolidated Action, and in *Ugarte*, have nothing to do with each other. Forcing two actions together—one briefing certification and settlement, the other briefing motions to dismiss and anticipating years of discovery—would only confuse and delay both.

### B. Consolidation Would Still Prejudice The Consolidated Plaintiffs' Rights

Similarly, even were it somehow proper for the Court to reassess the factor of prejudice, it would still weigh against consolidation. As the Magistrate Judge held, "consolidation would prejudice Plaintiffs in the Consolidated Action by jeopardizing the settlement and delaying resolution of the case." Order at 8. Decertification does nothing to change this.

As discussed above (at § II(A)), following the Fifth Circuit's ruling, the settlement remains at the forefront of the Consolidated Action: The plaintiffs therein are continuing to seek to enforce the settlement, while Defendants are contesting it. The Magistrate Judge's analysis, even if reassessed with the facts four months after it was decided, remains correct—let alone clearly

erroneous or contrary to law. Consolidation would continue to jeopardize the settlement and delay resolution of the Consolidated Action.

In addition, the present dispute over certification in the Consolidated Action concerns the putative class period of September 14, 2020, through October 12, 2023. Consolidation would therefore force the consolidated plaintiffs to either start anew and seek to certify a larger class (thereby prejudicing their ability to seek prompt resolution), or seek recertification of the original class, excluding the *Ugarte* claims (thereby prejudicing the *Ugarte* plaintiffs' ability to seek relief).

### C. Consolidation Would Still Prejudice The *Ugarte* Plaintiffs' Rights

Nor does the Fifth Circuit's opinion change the fundamental reality of Defendants' strenuous, year-long push for consolidation. Consolidation, to Defendants, is a proxy for dismissal; it seeks to fold a year and a half of the *Ugarte* investors' claims into an action that provides no mechanism for them to seek redress.

As the *Ugarte* plaintiffs have previously explained, regardless of the Fifth Circuit's decision, the Consolidated Action provides no mechanism for them to pursue their claims. *Ugarte* ECF No. 102 at 8–9; CA ECF No. 396 at 8–9. Defendants have acknowledged that "[w]hen it settled, the Consolidated Action was still in the early stages of discovery. Disputes over the proper scope of discovery were pending and unresolved, and no current or former Cassava employee, officer, or director, or individual Defendant, had been deposed. Disputes over the proper scope of discovery were pending and unresolved, and no current or former Cassava employee, officer, or director, or individual Defendant, had been deposed." *Ugarte* ECF No. 94 at 8; CA ECF No. 388 at 8. Vacatur does not change this: No party to the Consolidated Action is arguing that the parties should restart discovery, and permit the *Ugarte* plaintiffs to thereby investigate their claims.

So too does the stipulation of settlement remain unchanged: It still expressly excludes *Ugarte* claims. This will remain the case if the consolidated plaintiffs prevail in enforcing the

settlement; it will remain the case if Defendants prevail in undoing the settlement and preventing recertification. In either circumstance, the *Ugarte* plaintiffs would have no avenue for recourse.

There is no outcome in the Consolidated Action that would offer a meaningful path for the *Ugarte* plaintiffs to pursue or recover for their claims. The desire to quash the *Ugarte* claims is precisely why Defendants continue to push for consolidation; and it is precisely why, even with the Fifth Circuit's decision, consolidation would continue to prejudice the *Ugarte* plaintiffs.

## III. THE COURT SHOULD DECIDE CONSOLIDATION WITHOUT REGARD TO THE DISPUTE OVER SETTLEMENT

Prior to the November 12 conference, the Court ordered "the parties to create an agreed schedule for the briefing and disposition of the pending matters that account for both potential outcomes at the Fifth Circuit." *Ugarte* ECF No. 99 at 3; CA ECF No. 393 at 3. In the joint letter that followed both parties agreed that, once the Fifth Circuit ruled, the Court should address Defendants' Objection. *Ugarte* ECF No. 109 at 3–4; CA ECF No. 401 at 3–4.

Four hours before the November 12 hearing, Defendants informed the *Ugarte* plaintiffs that they were reversing their position, and that they now believed the Court should address the settlement in the Consolidated Action before moving on to their Objection. Ex. C; Ex. B at 19:7–21:19. Defendants have offered no reason for this reversal beyond vague references to the Fifth Circuit's decision. Ex. C; Ex. B at 19:7–21:19, 33:3–11. *Ugarte* has already remained effectively stayed for over a year. There is no basis to permit Defendants to further delay the case, potentially for years more; indeed, should the consolidated plaintiffs prevail on this issue, Defendants will undoubtedly seek another review from New Orleans. The Court should decide—and deny—Defendants' Objection now.

## CONCLUSION

The Court should deny the Objection.

Dated: November 20, 2026

Respectfully submitted,

*<u>/s/ Luc W. M. Mitchell</u>*
Luc W. M. Mitchell (*pro hac vice*)
(State of New York Juris No. 5671037)
**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice*)
(State of New York Juris No. 4161352)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: lmitchell@pomlaw.com
jalieberman@pomlaw.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein (*pro hac vice*)
(State of New York Juris No. 2155067)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

Michael J. Boyle (*pro hac vice*)
(State of Ohio Juris No. 0091162)
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 578-5582
Email: mboyle@bgandg.com

*Counsel for Plaintiffs and*
*Co-Lead Counsel for the Class*

**THE BRISCOE LAW FIRM, PLLC**
Willie C. Briscoe (Tx. Bar Number 24001788)
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: (972) 521-6868
Facsimile: (281) 254-7789
Email: wbriscoe@thebriscoelawfirm.com

*Counsel for Plaintiffs and*
*Liaison Counsel for the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (*pro hac vice* application forthcoming)
(State of New York Juris No. 4145397)
275 Madison Avenue, 40th Floor
New York, NY 10116
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com

*Additional Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Luc W. M. Mitchell, hereby certify that on November 20, 2026, the foregoing was served upon each attorney of record through the Court's CM/ECF system.

*/s/ Luc W. M. Mitchell*
Luc W. M. Mitchell (*pro hac vice*)